ELECTRONICALLY FILED - 2024 Jun 18 4:31 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

| | | |
|---|---|---|
| **STATE OF SOUTH CAROLINA** | ) | **IN THE COURT OF COMMON PLEAS** |
| | ) | |
| **COUNTY OF SPARTANBURG** | ) | **SEVENTH JUDICIAL CIRCUIT** |
| | ) | |
| | ) | |
| WOODRUFF-ROEBUCK WATER | ) | C.A. No.: 2024-CP-42-_____ |
| DISTRICT, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | **SUMMONS** |
| v. | ) | |
| | ) | |
| GTI CHEMICAL SOLUTIONS, INC. and | ) | (JURY TRIAL DEMANDED) |
| WASTE MANAGEMENT OF SOUTH | ) | |
| CAROLINA, INC., | ) | |
| | ) | |
| *Defendants*. | ) | |

**TO THE DEFENDANTS ABOVE-NAMED:**

YOU ARE HEREBY SUMMONED and required to answer the Complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to this Complaint upon the subscribers at 291 S. Pine Street, Spartanburg, South Carolina 29302, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the Complaint, judgment by default will be rendered against you for the relief demanded in the Complaint.

Respectfully submitted,

*/s/ John B. White. Jr.*_____
John B. White, Jr. (S.C. Bar No. 5996)
Marghretta H. Shisko (S.C. Bar No. 100106)
Christopher R. Jones (S.C. Bar No. 101265)
Griffin L. Lynch (S.C. Bar No. 72518)
John B. White, Jr., P.A.
291 S. Pine Street
P.O. Box 2465 (29304)
Spartanburg, SC 29302
(864) 594-5988
jwhite@johnbwhitelaw.com
mshisko@johnbwhitelaw.com

cjones@johnbwhitelaw.com
glynch@johnbwhitelaw.com

*Attorneys for Plaintiff*

June 18, 2024

ELECTRONICALLY FILED - 2024 Jun 18 4:31 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

ELECTRONICALLY FILED - 2024 Jun 18 4:31 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

| | | |
|---|---|---|
| **STATE OF SOUTH CAROLINA** | ) | **IN THE COURT OF COMMON PLEAS** |
| | ) | |
| **COUNTY OF SPARTANBURG** | ) | **SEVENTH JUDICIAL CIRCUIT** |
| | ) | |
| | ) | |
| WOODRUFF-ROEBUCK WATER | ) | C.A. No.: 2024-CP-42-_____ |
| DISTRICT, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GTI CHEMICAL SOLUTIONS, INC. and | ) | **COMPLAINT** |
| WASTE MANAGEMENT OF SOUTH | ) | (JURY TRIAL DEMANDED) |
| CAROLINA, INC., | ) | |
| | ) | |
| *Defendants.* | ) | |

Plaintiff, WOODRUFF-ROEBUCK WATER DISTRICT, by and through the undersigned counsel, brings this action against the above-named Defendants for compensatory and punitive damages, injunctive relief, and abatement of a nuisance, and alleges as follows:

## STATEMENT OF THE CASE

1.      Plaintiff Woodruff-Roebuck Water District brings this action to address Defendants' ongoing contamination of the North Tyger River, Middle Tyger River, and Plaintiff's property with certain toxic per- and polyfluoroalkyl substances ("PFAS"): perfluorooctanoic acid ("PFOA"); perfluorooctanesulfonic acid ("PFOS"); perfluorononanoic acid ("PFNA"); perfluorobutane sulfonate ("PFBS"); perfluorohexane sulfonate ("PFHxS"); and hexafluoropropylene oxide dimer acid ("HFPO-DA" or "GenX Chemicals").

2.      Defendants have discharged and continue to discharge products that contain or degrade to these PFAS to the North and Middle Tyger Rivers, which travel downstream to Plaintiff's water intakes on the North Tyger River and contaminate both Plaintiff's property and the domestic water supply for nearly 12,000 water customers in Spartanburg County. Plaintiff

ELECTRONICALLY FILED - 2024 Jun 18 4:31 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

seeks a declaratory judgment, injunctive relief, abatement, damages, and an award of costs, including attorneys' fees, for Defendants' repeated and ongoing PFAS contamination.

3.      Plaintiff is a special purpose district that provides potable water to residents of Spartanburg County. It is the owner and occupant of riparian land on, and near the confluence of, the North and South Tyger Rivers. There, Plaintiff owns and operates the Woodruff-Roebuck Water District Water Treatment Plant (a surface water treatment plant, or "SWTP") and related buildings, improvements, and equipment that make up its water distribution system. Plaintiff operates separate water intakes on each river, from which it draws raw water for treatment in the SWTP before distribution of treated water to customers.

4.      Defendants own and/or operate industrial facilities upstream of Plaintiff's water intakes and have in the past and/or currently use products that contain or degrade to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals in their industrial processes. Defendants discharge these products to surface waters via the Lyman wastewater treatment plant ("WWTP") in Lyman, South Carolina.

5.      Industrial wastewater from Defendants' facilities contains high levels of PFAS, which cannot be adequately removed by conventional wastewater treatment processes at WWTPs, are discharged to the North and Middle Tyger Rivers, and flow downstream to Plaintiff's SWTP. As a direct and proximate result of Defendants' actions, Plaintiff has suffered losses to the use and enjoyment of its property rights, and Plaintiff's property has been, and will continuously be, trespassed and damaged by water contaminated with dangerous concentrations of PFAS.

6.      Defendants' PFAS contaminates Plaintiff's water sources at concentrations well exceeding what the U.S. Environmental Protection Agency ("EPA") deems unsafe for consumption. And Plaintiff's existing water treatment processes cannot remove them. Instead,

ELECTRONICALLY FILED - 2024 Jun 18 4:31 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

Plaintiff requires new water filtration technologies to remove, and provide water free from, Defendants' PFAS.

7.     As a result of Defendants' intentional, willful, wanton, reckless, and/or negligent acts and omissions and the nuisance thereby created, maintained, and continued, Plaintiff has suffered injury to its property rights and resulting damages, including compensatory and consequential damages. Plaintiff is also seeking equitable and injunctive relief requiring Defendants to cease discharging PFAS into the North and Middle Tyger Rivers and requiring Defendants to fund the acquisition, installation, and operation of water treatment technologies at Plaintiff's SWTP that will remove Defendants' PFAS from drinking water. In addition, based on Defendants' intentional, willful, wanton, reckless, malicious, and oppressive misconduct, Plaintiff is seeking the recovery of punitive damages.

## JURISDICTION AND VENUE

8.     This Court has subject matter jurisdiction over this action pursuant to Article V of the Constitution of the State of South Carolina; sections 6-11-1610 and 14-1-80 of the South Carolina Code; and Act No. 1101, 1956 S.C. Acts 2481.

9.     This Court has personal jurisdiction over all Defendants, consistent with due process and South Carolina's long-arm statute, section 36-2-803 of the South Carolina Code.

10.     Venue is properly in this Court pursuant to sections 15-7-10 and -30 of the South Carolina Code because the subject of the action is for injuries sustained to Plaintiff's property located in Spartanburg County, the most substantial part of Defendants' alleged acts or omissions occurred in Spartanburg County, and Defendant GTI Chemical Solutions, Inc. maintains its principal place of business in Spartanburg County. *See id.* at § 15-7-30(B) ("If there is more than one defendant, the action may be tried in any county where the action properly may be maintained against one of the defendants pursuant to this section.").

3

ELECTRONICALLY FILED - 2024 Jun 18 4:31 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

## PARTIES

### I.     Plaintiff

11.     Plaintiff Woodruff-Roebuck Water District is a special purpose district originally created for the distribution of potable water and provision of sewer services. *See* Act No. 1101, 1956 S.C. Acts 2481.

12.     Plaintiff owns land located at 1101 Kitchens Road, Roebuck, South Carolina 29376, on which it operates the Woodruff-Roebuck Water District SWTP and related buildings, improvements, and equipment that make up its water distribution system. Plaintiff's property is riparian to both the North and South Tyger Rivers, which are Plaintiff's two raw water sources. Plaintiff uses eight water intake pumps—four on the North Tyger River, and four on the South Tyger River—from which it draws raw water for treatment and provision of water to its customers in Spartanburg County.

13.     The Woodruff-Roebuck Water District SWTP provides potable water for approximately 12,000 customers.

### II.     Defendants

14.     Defendant **GTI Chemical Solutions, Inc. ("GTI")** is a South Carolina corporation with its principal place of business located at 10152 Greenville Highway, Wellford, South Carolina 29385. There, it operates an industrial facility where it uses products that contain or degrade to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals in chemical manufacturing. As part of its processes, GTI discharges industrial wastewater contaminated with products that contain or degrade to these PFAS to the Lyman WWTP in Lyman, South Carolina. The Lyman WWTP cannot remove GTI's PFAS, which it discharges into the Middle Tyger River upstream of its confluence with, and Plaintiff's water intake on, the North Tyger River. GTI's PFAS resist

4

ELECTRONICALLY FILED - 2024 Jun 18 4:31 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

environmental degradation, flow downstream the Middle and North Tyger Rivers, and thereby contaminate Plaintiff's property and its water sources.

15.    Defendant **Waste Management of South Carolina, Inc. ("WM")** is a South Carolina corporation that, at all times relevant herein, has conducted business within Spartanburg County. Beginning in 1979, WM owned and operated the Palmetto Landfill located at 360 New Hope Road, Wellford, South Carolina 29385. The Palmetto Landfill closed in December 2016 but continues to discharge landfill leachate to the Lyman WWTP. WM's leachate contains vast amounts of PFOA, PFOS, PFHxs, PFNA, PFBS, GenX Chemicals, and/or their precursors. Nearby, WM also operates its Spartanburg Hauling facility, which discharges wastewater contaminated with products that contain or degrade to these PFAS to the Lyman WWTP. The Lyman WWTP cannot remove WM's PFAS, which it discharges into the Middle Tyger River upstream of its confluence with, and Plaintiff's water intake on, the North Tyger River. WM's PFAS resist environmental degradation, flow downstream the Middle and North Tyger Rivers, and thereby contaminate Plaintiff's property and its water sources.

**FACTUAL ALLEGATIONS**

**I.    Background and Hazards of PFAS**

16.    PFAS are a large group of man-made chemicals that do not occur naturally in the environment. Due to their strong carbon-fluorine bonds, PFAS are extremely stable, repel both oil and water, and are resistant to heat and chemical reactions. As a result of these properties, PFAS have a wide variety of industrial, commercial, and consumer applications.

17.    The stable carbon-fluorine bonds that make PFAS pervasive in industrial, commercial, and consumer products also result in their persistence in the environment. They are colloquially termed "forever chemicals," as terminal PFAS have no known environmental

ELECTRONICALLY FILED - 2024 Jun 18 4:31 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

breakdown mechanism, are readily absorbed into biota, and tend to bioaccumulate with repeated exposure.

18.     There are both polymer and non-polymer PFAS. Non-polymer PFAS include well-known substances like PFOA, PFOS, PFHxs, PFNA, PFBS, and HFPO-DA aka GenX Chemicals. Polymer PFAS include fluoropolymers and side-chain fluorinated polymers that are often the active chemistry in PFAS products utilized or sold by Defendants.

19.     There are also both terminal PFAS and their precursors. Precursors may undergo environmental degradation that ultimately results in the formation of terminal PFAS—meaning no further degradation occurs under normal environmental conditions. PFOA, PFOS, PFHxS, PFNA, PFBS, and GenX Chemicals are all terminal PFAS.

20.     Both polymer and non-polymer PFAS can degrade to terminal PFAS. Generally, terminal PFAS are present in or otherwise form from PFAS products via three primary routes: (1) as a direct byproduct of the manufacturing process; (2) the degradation of precursor PFAS that are byproducts of the manufacturing process; and/or (3) the degradation of polymer PFAS into terminal PFAS and precursor PFAS.

21.     PFAS leach from soil to groundwater and are highly mobile and water soluble, making groundwater and surface water particularly vulnerable to contamination. Therefore, a major source of human exposure to PFAS is through ingestion of contaminated drinking water. Exposure is dose-additive, meaning that exposure to low levels of multiple PFAS, which individually would pose little or no risk, can result in a combined dose capable of causing adverse health effects.

22.     While there are thousands of different PFAS chemicals, current scientific evidence shows that harmful health effects can result from consuming drinking water with any level of

ELECTRONICALLY FILED - 2024 Jun 18 4:31 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

PFOA or PFOS, and at certain aggregate levels of PFHxS, PFNA, PFBS, and GenX Chemicals. Depending on the type of PFAS, negative health effects include increased risk of certain types of cancer and adverse impacts on fetal growth and development; reproduction; and on liver, thyroid, immune, cardiovascular, and/or nervous system function.

23.     PFOA and PFOS have been the most widely used PFAS, and they are the most studied by regulators and the scientific community. While some industries voluntarily phased out products containing PFOA and PFOS by 2015, their limited use continues even in the United States. Due to their persistent nature, PFOA and PFOS remain in the environment from decades of legacy industrial use.

24.     Products based on PFAS consisting of shorter fluorinated carbon chains were developed to replace PFOA and PFOS, and they are now used in industrial applications to confer similar properties and characteristics. These "short-chain" PFAS are still bioaccumulative and environmentally persistent, and some short-chain PFAS products nevertheless still contain PFOA and PFOS and their precursors.  Terminal short-chain PFAS include PFHxS, PFNA, PFBS, and GenX Chemicals.

25.     Based on the science available in 2009, EPA published provisional drinking water health advisories for short-term exposure to PFOA and PFOS. U.S.E.P.A., Provisional Health Advisories for Perfluorooctanoic Acid (PFOA) and Perfluorooctane Sulfonate (PFOS) (Jan. 8, 2009), *available at* https://www.epa.gov/sites/default/files/2015-09/documents/pfoa-pfos-provisional.pdf. The advisory levels for PFOA were 400 parts per trillion ("ppt") and 200 ppt for PFOS. In the same publication, EPA reported that it conducted sampling of public drinking water in Alabama communities, finding PFOA and PFOS levels lower than 40 ppt. It explained, "Based

7

on its current understanding, EPA believes these levels are not of concern and residents may rely upon public water systems."

26.     On May 16, 2016, due to the evolution of science on the health effects of PFOA and PFOS, EPA published lifetime health advisory levels for each chemical in drinking water. Lifetime Health Advisories and Health Effects Support Documents for Perfluorooctanoic Acid and Perfluorooctane Sulfonate, 81 Fed. Reg. 33250 (May 25, 2016). Superseding 2009 provisional levels, the 2016 levels for PFOA and PFOS were 70 ppt, independently or in the aggregate. EPA explained that its new health advisories "identify the concentration of PFOA and PFOS in drinking water at or below which adverse health effects are not anticipated to occur over a lifetime of exposure."

27.     EPA's 2016 Health Advisories were based on peer-reviewed studies of the effects of PFOA and PFOS on laboratory animals and epidemiological studies of human populations exposed to PFOA and PFOS. These studies indicated that exposure to PFOA and PFOS over certain levels may result in adverse health effects, including developmental defects to fetuses, cancer (testicular, kidney), liver effects, immune effects, thyroid effects, and other adverse effects. But based on its review of the science, EPA stated that its analysis indicated exposure to PFOA and PFOS at or below health advisory levels "will not result in adverse health effects (including cancer and non-cancer) to the general population over a lifetime (or any shorter period) of exposure to these chemicals." *Id.*

28.     On June 15, 2022, EPA again updated health advisory levels for PFOA and PFOS on an interim basis, which replaced 2016 advisory levels. Lifetime Drinking Water Health Advisories for Four Perfluoroalkyl Substances, 87 Fed. Reg. 36848 (June 21, 2022). EPA explained that updated human epidemiological data indicated "that the level at which negative

8

ELECTRONICALLY FILED - 2024 Jun 18 4:31 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

ELECTRONICALLY FILED - 2024 Jun 18 4:31 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

health effects could occur are much lower than previously understood when the agency issued its 2016 health advisories for PFOA and PFOS"—finding "associations between PFOA and/or PFOS exposure and effects on the immune system, the cardiovascular system, development (e.g., decreased birth weight), and cancer." *Id.* Concerned with the public health implications of its data, EPA issued interim levels pending determination of maximum contaminant levels and maximum contaminant level goals. The interim levels were 0.004 ppt for PFOA and 0.02 ppt for PFOS.

29.     Simultaneously, EPA also issued health advisories for the first time covering PFBS and GenX Chemicals. EPA reported that "GenX Chemicals have been linked to health effects on the liver, the kidney, the immune system, and developmental effects, as well as cancer." *Id.* For PFBS, it noted studies indicating health effects on the thyroid, reproductive system, development, and kidney. Based on its 2021 toxicity studies for these chemicals, EPA released final health advisories for each: GenX Chemicals at 10 ppt and PFBS at 2,000 ppt.

30.     In March of 2023, EPA issued proposed maximum contaminant level ("MCL")s and maximum contaminant level goal ("MCLG")s for PFOA, PFOS, PFHxS, PFNA, PFBS, and GenX Chemicals. PFAS Nat'l Primary Drinking Water Regulation Rulemaking, 88 Fed. Reg. 18638 (Mar. 29, 2023) (to be codified at 40 C.F.R. pt. 141, 142). An MCLG is the maximum level of a contaminant in drinking water at which no known or anticipated adverse effect on the health of persons would occur, allowing an adequate margin of safety. An MCL is the maximum allowable level of a contaminant that may be delivered to any user of a public water system and is based on the feasibility of existing technology to detect PFAS at a threshold level.

31.     At that time, EPA announced that, "[f]ollowing a systematic review of available human epidemiological and animal toxicity studies, EPA has determined that PFOA and PFOS are likely to cause cancer (e.g., kidney and liver cancer) and that there is no dose below which either

9

ELECTRONICALLY FILED - 2024 Jun 18 4:31 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

chemical is considered safe." *Id.* Therefore, it proposed MCLG levels for both chemicals at zero ppt. Enforceable MCL levels for each chemical were proposed at 4 ppt. According to EPA, "[a]ny exceedance of this limit requires action to protect public health, regardless of any mixture in which they are found." *Id.*

32.    Due to their toxic effects, dose additivity, and presence in drinking water, EPA proposed a hazard index approach covering mixtures of PFHxS, PFNA, PFBS, and GenX Chemicals. The hazard index is the sum of each PFAS's "hazard quotient." Hazard quotients are first calculated by dividing the applicable PFAS's "exposure metric" (i.e., concentration in drinking water) by its "health reference value" (PFHxS: 9 ppt; GenX Chemicals: 10 ppt; PFNA: 10 ppt; PFBS: 2,000 ppt). If the sum of each's hazard quotient is below 1.0, then it "represents a level at which no known or anticipated adverse effects on the health of persons is expected to occur and which allows for an adequate margin of safety." *Id.* If greater than 1.0, then "potential risk is indicated." *Id.*

33.    EPA stated that, once its proposed MCLs became final, it would "save thousands of lives and prevent tens of thousands of avoidable illnesses." U.S.E.P.A., *EPA Releases Annual Report Showing Steady Progress to Protect Communities from PFAS Pollution* (Dec. 14, 2023), *available at* https://www.epa.gov/newsreleases/epa-releases-annual-report-showing-steady-progress-protect-communities-pfas-pollution.

34.    EPA finalized its proposed MCLs and MCLGs on April 10, 2024. U.S.E.P.A., PFAS Nat'l Primary Drinking Water Regulation Rulemaking (Apr. 10, 2024), *available at* https://www.epa.gov/system/files/documents/2024-04/pfas-npdwr_prepubfederalregisternotice_4.8.24.pdf (pre-publication version). In accompanying publications, EPA declared, "The science is clear: exposure to these six PFAS is linked to significant health risks" that include "certain

10

cancers and heart impacts in adults, and immune and developmental impacts in infants and children." U.S.E.P.A., *Frequently Asked Questions and Answers: Final PFAS Nat'l Drinking Water Regulation* (Apr. 10, 2024); *see also* U.S.E.P.A., Final PFAS Nat'l Drinking Water Regulation Landing Page, http://www.epa.gov/sdwa/and-polyfluoroalkyl-substances-pfas (providing links to EPA PFAS regulation publications).

35. The final regulation solidifies MCLs of 4.0 ppt for PFOA and PFOS and 10.0 ppt for PFNA, PFHxS, and GenX Chemicals, including a Hazard Index that covers mixtures of PFBS with PFNA, PFHxS, and GenX Chemicals. It also enshrines MCLGs of zero ppt for PFOA and PFOS, which EPA states "reflects the latest science showing that there is no level of exposure to these two PFAS without risk of health impacts." U.S.E.P.A., *Presentation: Overview EPA PFAS NPDWR* (Apr. 10, 2024). According to EPA, "[t]he more you reduce your exposure to PFAS, the more you reduce your risk." U.S.E.P.A., *Frequently Asked Questions and Answers: Final PFAS Nat'l Drinking Water Regulation* (Apr. 10, 2024).

36. EPA's final regulations mandate several new obligations regarding PFAS, including the implementation of solutions to reduce regulated PFAS concentrations in the drinking water that Plaintiff distributes, maintenance of ongoing compliance monitoring, and informing the public of PFAS levels in the water and of any violations. By 2027, Plaintiff must begin conducting and reporting regular PFAS monitoring, and by 2029, Plaintiff must comply with all MCLs.

## II.    Contamination of the Tyger River System and Plaintiff's Water Supply with PFAS

37. The Tyger River System begins as three forks—the South, Middle, and North Tyger Rivers—running southeast through Spartanburg County. The Middle Tyger converges with the North Tyger in Moore, South Carolina, and the North and South Tyger Rivers converge in Roebuck, South Carolina.

ELECTRONICALLY FILED - 2024 Jun 18 4:31 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

ELECTRONICALLY FILED - 2024 Jun 18 4:31 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

38.     The Lyman WWTP operates and discharges into the Middle Tyger River upstream of Plaintiff's SWTP, which is located near the confluence of the North and South Tyger Rivers.

39.     Plaintiff's SWTP employs water intakes on both the North and South Tyger Rivers.

40.     PFAS sampling of the North and Middle Tyger Rivers confirms the presence of PFOA, PFOS, PFHxS, PFNA, PFBS, and GenX Chemicals throughout these bodies of water. The concentrations increase further downstream, culminating in high levels at Plaintiff's water intake. Indeed, sampling at Plaintiff's water intake confirms the presence of PFOA and PFOS at concentrations much higher than what EPA deems unsafe for consumption. Defendants are the source.

41.     Defendants are owners and operators of manufacturing plants, related industrial facilities, and/or waste disposal services in or near Spartanburg County. In their industrial processes, Defendants utilize products that contain or degrade to PFOS, PFOA, PFHxS, PFNA, PFBS, and/or GenX Chemicals. Defendants' industrial processes generate industrial wastewater containing these PFAS chemicals and/or their precursors, which they discharge to the Lyman WWTP.

42.     The Lyman WWTP utilizes conventional wastewater treatment methods to treat industrial wastewater, which are unable to remove PFAS. After treatment, the Lyman WWTP discharges water contaminated with Defendants' products that contain or degrade to PFOA, PFOS, PFHxS, PFNA, PFBS, and GenX Chemicals into the Middle Tyger River upstream of its confluence with the North Tyger River. These PFAS and their precursors flow downstream to Plaintiff's water intake on the North Tyger River, damaging its property and contaminating its water source.

12

ELECTRONICALLY FILED - 2024 Jun 18 4:31 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

43.     Defendants knew or should have known that the Lyman WWTP utilizes conventional treatment methods for industrial wastewater that cannot remove Defendants' PFAS. All Defendants also know or should have known that the WWTP discharges treated effluent contaminated with their PFAS chemicals to the rivers, contaminating the water that Plaintiff draws for its customers.

**III.     Defendants have harmed Plaintiff and Plaintiff's community**

44.     Defendants have discharged PFOA, PFOS, PFHxS, PFNA, PFBS, GenX Chemicals, and their precursors into the North and Middle Tyger Rivers, which has caused and continues to cause contamination of these waters with PFAS chemicals exceeding EPA's health advisories, MCLGs, and MCLs. Indeed, absent new treatment technologies, Plaintiff cannot use its property and property rights to provide water that is either free of all PFOA and PFOS or compliant with EPA's MCLs.

45.     Defendants' conduct has proximately caused the contamination of the Middle and North Tyger Rivers and of Plaintiff's land, its SWTP, and its water distribution system with PFOA, PFOS, PFHxS, PFNA, PFBS, and GenX Chemicals, including PFOA and PFOS at concentrations well above EPA's MCLGs and MCLs.

46.     Defendants, individually and acting through their employees and agents, and in concert with each other, have knowingly, intentionally, recklessly, and/or negligently engaged in conduct or omissions that proximately caused unreasonable interference with Plaintiff's right to use and enjoy its property, its right to use the rivers, and has caused Plaintiff additional past, present, and future injury to property.

47.     Despite knowing that there is no safe dose for PFOA or PFOS, and that PFHxS, PFNA, PFBS, and GenX Chemicals are hazardous to human health, Defendants discharged

13

ELECTRONICALLY FILED - 2024 Jun 18 4:31 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

industrial wastewater contaminated with these chemicals into the North and Middle Tyger Rivers, which they knew or should have known contaminated Plaintiff's property.

## FIRST CAUSE OF ACTION

### Private Nuisance

48.     Plaintiff incorporates all prior allegations by reference as if fully set forth herein.

49.     Plaintiff is a special purpose district created for the purpose of constructing, operating, maintaining, improving, and extending a water distribution system for residents of Spartanburg County. It uses its properties to effectuate that purpose, including the withdrawal of raw water from the North and South Tyger Rivers, the treatment of raw water, and the distribution of treated water to customers in Spartanburg County.

50.     Plaintiff is a riparian landowner abutting the North and South Tyger Rivers, and Plaintiff has a property right in the reasonable use of the rivers, including for the provision of water to its customers.

51.     Through the conduct described herein, Defendants created, contributed to, and/or maintained a nuisance; that is, the contamination of the North Tyger River with PFOA, PFOS, PFHxS, PFNA, PFBS, and GenX Chemicals at concentrations far exceeding those EPA deems unsafe for consumption.

52.     Due to Defendants' contamination, Plaintiff cannot provide water to its customers without PFAS, or even at PFAS concentrations that comply with EPA's MCLs, absent new water filtration technology.

53.     Defendants' contamination caused, contributed to, and/or maintains a nuisance that substantially and unreasonably interferes with Plaintiff's use and enjoyment of its property,

14

ELECTRONICALLY FILED - 2024 Jun 18 4:31 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

interferes with Plaintiff's property and its riparian rights, damages Plaintiff's property, and causes Plaintiff additional inconvenience, annoyance, and harm.

54. Defendants, individually and acting through their employees and agents, and in concert with each other, have knowingly, intentionally, recklessly, and/or negligently engaged in conduct that unreasonably interferes with Plaintiff's property rights.

55. As a direct and proximate result of Defendants' acts and omissions, Plaintiff has suffered, now suffers, and will continue to suffer damages related to Defendants' contamination of the North Tyger River and Plaintiff's property, including loss in value, the cost of removing Defendants' PFAS, and other damages to be proved at trial.

56. In addition to its claims for damages, Plaintiff is entitled to injunctive and/or equitable relief to abate the nuisance created, contributed to, and maintained by Defendants.

57. The ongoing contamination of the North Tyger River and Plaintiff's property constitutes a continuing irreparable injury for which there is no adequate remedy at law. Plaintiff requests that this Court issue an order and decree requiring Defendants to take all steps necessary to prevent further discharge of PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals and to fund the measures necessary to prevent these PFAS from continuing to interfere with Plaintiff's use and enjoyment of its land and its riparian use of the North Tyger River to supply potable water to its customers.

58. Defendants' interference with Plaintiff's use of its property can be abated by methods that include, but are not limited to:

(a) ceasing Defendants' discharges of products that contain or degrade to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals to surface waters; and

15

(b)     funding the acquisition, installation, and operation of new water filtration technology at Plaintiff's SWTP to remove legacy PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemical contamination.

59.     Defendants are jointly and severally liable to Plaintiffs for all damages resulting from this nuisance, and the costs of its abatement, in an amount to be determined at trial, as well as punitive damages in an amount to be determined at trial, and costs and attorneys' fees.

**SECOND CAUSE OF ACTION**

**Public Nuisance**

60.     Plaintiff incorporates all prior allegations by reference as if fully set forth herein.

61.     Plaintiff is a special purpose district created for the purpose of constructing, operating, maintaining, improving, and extending a water distribution system for residents of Spartanburg County. It uses its properties to effectuate that purpose, including the withdrawal of raw water from the North and South Tyger Rivers, the treatment of raw water, and the distribution of treated water to customers in Spartanburg County.

62.     Plaintiff's customers use the water Plaintiff provides for many purposes, including drinking, cooking, bathing, cleaning, washing, and watering plants and gardens.

63.     Plaintiff's customers, and indeed all residents in Plaintiff's community, have a right to potable water that is reasonably pure and safe for their use—and thus free from contamination by Defendants' PFOA, PFOS, PFNA, PFHxS, PFBS, and GenX Chemicals. Defendants' contamination unreasonably interferes with, disrupts, and threatens public health, safety, and order. Indeed, EPA makes clear that there is no safe dose for consuming PFOA and PFOS.

64.     Plaintiff has sustained special injuries as a result of Defendants' public nuisance, including but not limited to, the lost use of its property; inability to provide potable water to

16

ELECTRONICALLY FILED - 2024 Jun 18 4:31 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

ELECTRONICALLY FILED - 2024 Jun 18 4:31 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

customers with reasonably safe concentrations of PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals; expenses associated with future acquisition, installation, and operation of required treatment technologies to remove unsafe concentrations of these PFAS from water; expenses incurred in discovering and identifying sources of Defendants' contamination; interference with Plaintiff's riparian right to use the North Tyger River; interference with the use of Plaintiff's SWTP and water distribution system; and lost revenue.

65.    As a direct and proximate result of Defendants' acts and omissions, Plaintiff has suffered, now suffers, and will continue to suffer special injury and damages related to Defendants' contamination of the North Tyger River and Plaintiff's property.

66.    Defendants, individually and acting through their employees and agents, and in concert with each other, have knowingly, intentionally, recklessly, and/or negligently engaged in conduct that unreasonably interferes with Plaintiff's property rights and endangered the health of Plaintiff's customers and Plaintiff's community.

67.    As a result of the nuisance caused by Defendants, Plaintiff has suffered, and will continue to suffer, losses resulting from injury to its properties, including loss in value, the cost of removing Defendants' PFAS, and other damages to be proved at trial.

68.    In addition to its claims for damages, Plaintiff is entitled to injunctive and/or equitable relief to abate the nuisance created, contributed to, and maintained by Defendants.

69.    Defendants' ongoing contamination constitutes a continuing threat to public health, safety, and order, and it constitutes irreparable injury for which there is no adequate remedy at law. Plaintiff requests that this Court issue an order and decree requiring Defendants to take all steps necessary to prevent further discharge of PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals and to fund the measures necessary to prevent these PFAS from continuing to threaten

17

ELECTRONICALLY FILED - 2024 Jun 18 4:31 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

public health and safety and ensure that Plaintiff's customers and residents of Plaintiff's community receive water free from PFAS.

70.    Defendants' contamination of potable water with unsafe concentrations of PFOA, PFOS, PFHxS, PFNA, PFBS, and GenX Chemicals can be abated by methods that include, but are not limited to:

(a)    ceasing Defendants' discharges of products that contain or degrade to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals to surface waters; and

(b)    funding the acquisition, installation, and operation of new water filtration technology at Plaintiff's SWTP to remove legacy PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemical contamination.

71.    Defendants are jointly and severally liable to Plaintiffs for all damages resulting from this nuisance, and the costs of abatement, in an amount to be determined at trial, as well as punitive damages in an amount to be determined at trial, and costs and attorneys' fees.

## THIRD CAUSE OF ACTION

### Trespass

72.    Plaintiff incorporates all prior allegations by reference as if fully set forth herein.

73.    Plaintiff owns, possesses, and actively exercises its right to use its land, SWTP, and related buildings, improvements, and equipment that make up its water distribution system.

74.    Defendants intentionally discharged and continue to discharge PFAS to the Lyman WWTP, notwithstanding that they knew and/or reasonably should have known that:

(a)    the WWTP cannot remove their PFAS from wastewater before discharging to the Middle Tyger River;

(b)    Plaintiff draws water from the North Tyger River for provision of potable water to its customers;

18

ELECTRONICALLY FILED - 2024 Jun 18 4:31 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

(c)     the water Plaintiff draws from the North Tyger River is contaminated with the PFAS Defendants discharge to the WWTP; and, thereby,

(d)     water contaminated with high concentrations of Defendants' PFAS invades Plaintiff's properties.

75.     Plaintiff has not consented to, and does not consent to, the invasion of its properties by water contaminated with PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals at concentrations exceeding EPA's MCLs and MCLGs and well beyond what EPA deems unsafe for consumption.

76.     Defendants' invasions of Plaintiff's properties are continuing and ongoing, and each separate invasion of PFAS-contaminated water constitutes a new trespass each time Plaintiff's water pumps are active.

77.     Defendants intend that, while using PFAS in their industrial processes, PFAS-containing wastewater generated by those processes be discharged to the Lyman WWTP. Defendants' conduct is wanton, willful, and in reckless disregard of Plaintiff's property and riparian rights.

78.     Defendants' conduct is the actual and proximate cause of the invasion of PFAS-contaminated water into Plaintiff's properties, including its land, SWTP, and related buildings, improvements, and equipment that make up its water distribution system. The damage to Plaintiff's properties is the direct and proximate result of Defendants' intentional conduct.

79.     As a direct, proximate, and foreseeable result of Defendants' trespasses, Plaintiff has suffered, now suffers, and will continue to suffer invasion of its property rights and damages, including loss in value, the cost of removing Defendants' PFAS, and other damages to be proved at trial.

19

ELECTRONICALLY FILED - 2024 Jun 18 4:31 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

80.     Defendants' ongoing trespasses can be abated by, among other measures, ceasing all discharges of PFOA, PFOS, PFHxS, PFNA, PFBS, GenX Chemicals, and/or their precursors from Defendants' properties. In addition to compensatory and punitive damages, Plaintiff requests a permanent injunction prohibiting this conduct.

## FOURTH CAUSE OF ACTION

### Negligence, Gross Negligence, and/or Recklessness

81.     Plaintiff incorporates all prior allegations by reference as if fully set forth herein.

82.     Defendants have a duty to use due care in the handling, use, and disposal of products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals to avoid causing an unreasonable risk of harm to others, which includes preventing the discharge of these PFAS into the North and Middle Tyger Rivers, thereby interfering with Plaintiff's property rights and injuring Plaintiff's property.

83.     Defendants knew or should have known that the PFAS they discharged were environmentally persistent, bioaccumulative, and dose-additive; that conventional wastewater treatment technologies utilized by their wastewater treatment facilities could not remove their PFAS; and that surface waters, including the North and Middle Tyger Rivers, were vulnerable to the contamination that has taken and now takes place.

84.     Defendants nonetheless negligently, recklessly, wantonly, and willfully breached their duty in causing products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and or GenX Chemicals to escape their premises and contaminate the North and Middle Tyger Rivers, thereby interfering with Plaintiff's property rights and injuring Plaintiff's property.

85.     As a direct, proximate, and foreseeable result of Defendants' conduct, practices, actions, omissions, and inactions, Plaintiff has suffered, and will continue to suffer, losses resulting from injury to its properties, including but not limited to loss in value, the cost of removing

20

ELECTRONICALLY FILED - 2024 Jun 18 4:31 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

Defendants' PFOA, PFOS, PFHxS, PFNA, PFBS, and GenX Chemicals; future costs of acquiring, installing, and operating adequate water treatment technologies; and other damages to be proved at trial.

86.     Defendants are jointly and severally liable to Plaintiffs for all damages resulting from their conduct, practices, actions, omissions, and inactions, in an amount to be determined at trial, as well as punitive damages in an amount to be determined at trial, and costs and attorneys' fees.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands trial by jury, and respectfully requests that the Court grant the following relief:

(a)     Enter a judgment and decree against all Defendants enjoining them from maintaining the nuisance they have caused, created, and maintained;

(b)     Enter a judgment and decree against all Defendants, jointly and severally, requiring them to abate the nuisance they have caused, created, and maintained;

(c)     Enter a judgment and decree against all Defendants enjoining them from continuing their trespasses onto Plaintiff's property;

(d)     Enter a judgment and decree against all Defendants, jointly and severally, requiring them to cease the discharge or release of products that contain or degrade to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals into rivers, streams, and/or tributaries that contaminate Plaintiff's water supply in the North and South Tyger Rivers;

(e)     Enter a judgment and decree against all Defendants, jointly and severally, requiring them to remove their PFOA, PFOS, PFHxS, PFNA, PFBS, and GenX chemicals from Plaintiff's

21

ELECTRONICALLY FILED - 2024 Jun 18 4:31 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

water system by funding the acquisition, installation, and operation of treatment technology capable of removing them;

(f)     Enter a judgment and decree against all Defendants, jointly and severally, requiring them to prevent the release of PFOA, PFOS, PFHxS, PFNA, PFBS, and GenX Chemicals into rivers, streams, and tributaries that contaminate Plaintiff's water system;

(g)     Enter a judgment against all Defendants, jointly and severally, for past, present, and future compensatory damages in such amounts as the evidence shows Plaintiff to be justly entitled to recover, including interest and reasonable attorneys' fees and litigation expenses, and punitive damages, as applicable, in an amount sufficient to punish and penalize Defendants, and to deter them from repeating their wrongful conduct, and all costs; and

(h)     Award such other and further relief as this Court deems just, proper, and equitable.

Respectfully submitted,

*/s/ John B. White. Jr.*
John B. White, Jr. (S.C. Bar No. 5996)
Marghretta H. Shisko (S.C. Bar No. 100106)
Christopher R. Jones (S.C. Bar No. 101265)
Griffin L. Lynch (S.C. Bar No. 72518)
John B. White, Jr., P.A.
291 S. Pine Street
P.O. Box 2465 (29304)
Spartanburg, SC 29302
(864) 594-5988
jwhite@johnbwhitelaw.com
mshisko@johnbwhitelaw.com
cjones@johnbwhitelaw.com
glynch@johnbwhitelaw.com

*Attorneys for Plaintiff*

June 18, 2024

ELECTRONICALLY FILED - 2024 Jun 20 2:22 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF SPARTANBURG | ) | CASE NO: 2024-CP-42-02480 |
| | ) | |
| Woodruff-Roebuck Water District, | ) | |
| | ) | |
| Plaintiff, | ) | **AFFIDAVIT OF SERVICE** |
| | ) | |
| vs. | ) | |
| | ) | |
| GTI Chemical Solutions, Inc., and | ) | |
| Waste Management of South | ) | |
| Carolina, Inc., | ) | |
| | ) | |
| Defendant(s). | ) | |
| | ) | |

The undersigned, Debbie Brothers being duly sworn, says that she served the foregoing: **COVER LETTER, SUMMONS AND COMPLAINT** in the above captioned action upon the Defendant **WASTE MANAGEMENT OF SOUTH CAROLINA, INC.,** by delivering the same to:

( ) the individual personally, or

(X) **PAMELA "PJ" JOHNSON (Agent for CT Corporation Systems, Registered Agent)** person served as authorized/designated to receive service for the defendant and leaving with him/her one (1) copy of the same at **2 Office Park Court, Suite 103, Columbia, SC 29223** on the **20th day** of **June, 2024,** at **9:15 a.m.**

The Affiant further says, that upon information and belief, she know the person so served to be the defendant mentioned and described in the documents served and that the affiant is not a party to nor interested in the action.

_____
Debbie Brothers

SWORN TO before me this ........ 20 day
of June, 2024
_____
Notary Public for S.C.
My Commission Expires: 3-6-2034



# C & C INVESTIGATIONS

ELECTRONICALLY FILED - 2024 Jul 01 4:56 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

STATE OF SOUTH CAROLINA )  IN THE COURT OF COMMON PLEAS
                        )  SEVENTH JUDICIAL CIRCUIT
COUNTY OF SPARTANBURG   )
                        )
                        )
Woodruff-Roebuck Water District )  **AFFIDAVIT OF SERVICE**
                        )
                 Plaintiff, )
        vs.             )
                        )  Case No. 2024-CP-42-02480
                        )
GTI Chemical Solutions, Inc. and )
Waste Management of South Carolina, Inc. )
                 Defendant, )

I, **Nic Carracino**, being first duly sworn, depose and say: that I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to perform said service:

**SERVED:** Gabe Goldstein (Registered Agent for *GTI Chemical Solutions, Inc.*)

**WITH:** Letter from John B. White Jr., P.A. Law Firm, Summons (Jury Trial Demanded) and Complaint (Jury Trial Demanded)

**AT:** 10152 E. Greenville Hwy., Wellford, SC 29385 (*GTI Chemical Solutions, Inc.*)

**ON:** June 28, 2024 at 12:53pm

**MANNER OF SERVICE:** Personally

SIGNATURE OF PROCESS SERVER

SUBSCRIBED AND SWORN to before me this ___1st___ day of
___July___, 2024.

NOTARY PUBLIC for the state of South Carolina.
My Commission Expires: ___May 31, 2029___



ELECTRONICALLY FILED - 2024 Jul 08 5:04 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

| | | |
|---|---|---|
| **STATE OF SOUTH CAROLINA** | ) | **IN THE COURT OF COMMON PLEAS** |
| | ) | |
| **COUNTY OF SPARTANBURG** | ) | **SEVENTH JUDICIAL CIRCUIT** |
| | ) | |
| | ) | |
| WOODRUFF-ROEBUCK WATER | ) | C.A. No.: 2024-CP-42-02480 |
| DISTRICT, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AFL TELECOMMUNICATIONS, LLC; | ) | **AMENDED SUMMONS** |
| CRYOVAC, INC.; CRYOVAC, LLC; GTI | ) | (JURY TRIAL DEMANDED) |
| CHEMICAL SOLUTIONS, INC.; GTI | ) | |
| CHEMICAL SOLUTIONS, LLC; M. | ) | |
| LOWENSTEIN CORPORATION; MOCOM | ) | |
| COMPOUNDS CORPORATION; PLASTIC | ) | |
| OMNIUM AUTO EXTERIORS, LLC; | ) | |
| ROEBUCK DISPOSAL, LLC; SPRINGS | ) | |
| INDUSTRIES, INC.; STARCHEM, LLC; | ) | |
| SYNTHOMER USA, LLC; TORAY | ) | |
| COMPOSITE MATERIALS AMERICA, | ) | |
| INC.; WASTE MANAGEMENT OF | ) | |
| SOUTH CAROLINA, INC., | ) | |
| | ) | |
| *Defendants*. | ) | |
| | ) | |

**TO THE DEFENDANTS ABOVE-NAMED:**

YOU ARE HEREBY SUMMONED and required to answer the Amended Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your answer to thereto upon the subscribers at 291 S. Pine Street, Spartanburg, South Carolina 29302, within fifteen (15) days after service hereof, exclusive of the day of such service. If you fail to answer the Amended Complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the Amended Complaint.

ELECTRONICALLY FILED - 2024 Jul 08 5:04 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

/s/ John B. White. Jr.
John B. White, Jr. (S.C. Bar No. 5996)
Marghretta H. Shisko (S.C. Bar No. 100106)
Christopher R. Jones (S.C. Bar No. 101265)
Griffin L. Lynch (S.C. Bar No. 72518)
John B. White, Jr., P.A.
291 S. Pine Street
P.O. Box 2465 (29304)
Spartanburg, SC 29302
(864) 594-5988
jwhite@johnbwhitelaw.com
mshisko@johnbwhitelaw.com
cjones@johnbwhitelaw.com
glynch@johnbwhitelaw.com

*Attorneys for Plaintiff*

July 8, 2024

ELECTRONICALLY FILED - 2024 Jul 08 5:04 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

| | |
|---|---|
| **STATE OF SOUTH CAROLINA** | **IN THE COURT OF COMMON PLEAS** |
| **COUNTY OF SPARTANBURG** | **SEVENTH JUDICIAL CIRCUIT** |
| WOODRUFF-ROEBUCK WATER DISTRICT, | C.A. No.: 2024-CP-42-02480 |
| *Plaintiff,* | |
| v. | |
| AFL TELECOMMUNICATIONS, LLC; CRYOVAC, INC.; CRYOVAC, LLC; GTI CHEMICAL SOLUTIONS, INC.; GTI CHEMICAL SOLUTIONS, LLC; M. LOWENSTEIN CORPORATION; MOCOM COMPOUNDS CORPORATION; PLASTIC OMNIUM AUTO EXTERIORS, LLC; ROEBUCK DISPOSAL, LLC; SPRINGS INDUSTRIES, INC.; STARCHEM, LLC; SYNTHOMER USA, LLC; TORAY COMPOSITE MATERIALS AMERICA, INC.; WASTE MANAGEMENT OF SOUTH CAROLINA, INC., | **AMENDED COMPLAINT** (JURY TRIAL DEMANDED) |
| *Defendants.* | |

Plaintiff, WOODRUFF-ROEBUCK WATER DISTRICT, by and through the undersigned counsel, brings this action against the above-named Defendants for compensatory and punitive damages, injunctive relief, and abatement of a nuisance, and alleges as follows:

## STATEMENT OF THE CASE

1.  Plaintiff, Woodruff-Roebuck Water District, brings this action to address Defendants' ongoing contamination of the North Tyger River, Middle Tyger River, South Tyger River, and Plaintiff's property with certain toxic per- and polyfluoroalkyl substances ("PFAS"): perfluorooctanoic acid ("PFOA"); perfluorooctanesulfonic acid ("PFOS"); perfluorononanoic acid

ELECTRONICALLY FILED - 2024 Jul 08 5:04 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

("PFNA"); perfluorobutane sulfonate ("PFBS"); perfluorohexane sulfonate ("PFHxS"); and hexafluoropropylene oxide dimer acid ("HFPO-DA" or "GenX Chemicals").

2.      Defendants have discharged and continue to discharge products that contain or degrade to these PFAS to the North, Middle, and South Tyger Rivers, which travel downstream to Plaintiff's water intakes on the North and South Tyger Rivers and contaminate both Plaintiff's property and the domestic water supply for nearly 12,000 water customers in Spartanburg County. Plaintiff seeks a declaratory judgment, injunctive relief, abatement, damages, and an award of costs, including attorneys' fees, for Defendants' repeated and ongoing PFAS contamination.

3.      Plaintiff is a special purpose district that provides potable water to residents of Spartanburg County. It is the owner and occupant of riparian land on, and near the confluence of, the North and South Tyger Rivers. There, Plaintiff owns and operates the Woodruff-Roebuck Water District Water Treatment Plant (a surface water treatment plant, or "SWTP") and related buildings, improvements, and equipment that make up its water distribution system. Plaintiff operates separate water intakes on each river, from which it draws raw water for treatment in the SWTP before distribution of treated water to customers.

4.      Defendants own and/or operate industrial facilities upstream of Plaintiff's water intakes and have in the past and/or currently use products that contain or degrade to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals in their industrial processes. Defendants discharge these products to surface waters via certain wastewater treatment plants ("WWTPs") located upstream of Plaintiff's water intakes. These WWTPs include the Lower North Tyger River WWTP in Spartanburg, South Carolina; the Lyman WWTP in Lyman, South Carolina; and the Maple Creek WWTP in Greer, South Carolina.

ELECTRONICALLY FILED - 2024 Jul 08 5:04 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

5.      Industrial wastewater from Defendants' facilities contains high levels of PFAS, which cannot be adequately removed by conventional wastewater treatment processes at WWTPs; are discharged to the South, Middle, and North Tyger Rivers; and flow downstream to Plaintiff's SWTP. As a direct and proximate result of Defendants' actions, Plaintiff has suffered losses to the use and enjoyment of its property rights, and Plaintiff's property has been, and will continuously be, trespassed and damaged by water contaminated with dangerous concentrations of PFAS.

6.      Defendants' PFAS contaminates Plaintiff's water sources at concentrations well exceeding what the U.S. Environmental Protection Agency ("EPA") deems unsafe for consumption. And Plaintiff's existing water treatment processes cannot remove them. Instead, Plaintiff requires new water filtration technologies to remove, and provide water free from, Defendants' PFAS.

7.      As a result of Defendants' intentional, willful, wanton, reckless, and/or negligent acts and omissions and the nuisance thereby created, maintained, and continued, Plaintiff has suffered injury to its property rights and resulting damages, including compensatory and consequential damages. Plaintiff is also seeking equitable and injunctive relief requiring the Defendants to cease discharging PFAS into the North, Middle, and South Tyger Rivers; and requiring Defendants to fund the acquisition, installation, and operation of water treatment technologies at Plaintiff's SWTP that will remove Defendants' PFAS from drinking water. In addition, based on the Defendants' intentional, willful, wanton, reckless, malicious, and oppressive misconduct, Plaintiff is seeking the recovery of punitive damages.

## DISCLAIMER

8.      Plaintiff makes no assertion of fact concerning, and brings no cause of action based on, the manufacture, sale, distribution, use, or disposal of PFAS associated with aqueous film

3

ELECTRONICALLY FILED - 2024 Jul 08 5:04 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

forming foam ("AFFF"), whether commercial, MilSpec, or other variety. Plaintiff expressly disclaims any causes of action, injury, or damages resulting from the manufacture, sale, distribution, use, or disposal of any AFFF by any Defendant or third-party.

9.      All Plaintiff's causes of action arise under South Carolina law, and Plaintiff brings no cause of action and seeks no relief under federal law or statute.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this action pursuant to Article V of the Constitution of the State of South Carolina; sections 6-11-1610 and 14-1-80 of the South Carolina Code; and Act No. 1101, 1956 S.C. Acts 2481.

6.      This Court has personal jurisdiction over all Defendants, consistent with due process and South Carolina's long-arm statute, section 36-2-803 of the South Carolina Code.

7.      Venue is properly in this Court pursuant to sections 15-7-10 and -30 of the South Carolina Code because the subject of the action is for injuries sustained to Plaintiff's property located in Spartanburg County, the most substantial part of Defendants' alleged acts or omissions occurred in Spartanburg County, and numerous Defendants maintain their principal places of business in Spartanburg County. *See id.* at § 15-7-30(B) ("If there is more than one defendant, the action may be tried in any county where the action properly may be maintained against one of the defendants pursuant to this section.").

## PARTIES

I.      **Plaintiff**

8.      Plaintiff Woodruff-Roebuck Water District is a special purpose district originally created for the distribution of potable water and provision of sewer services. *See* Act No. 1101, 1956 S.C. Acts 2481.

4

ELECTRONICALLY FILED - 2024 Jul 08 5:04 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

9.     Plaintiff owns land located at 1101 Kitchens Road, Roebuck, South Carolina 29376, on which it operates the Woodruff-Roebuck Water District SWTP and related buildings, improvements, and equipment that make up its water distribution system. Plaintiff's property is riparian to both the North and South Tyger Rivers, which are Plaintiff's two raw water sources. Plaintiff uses eight total water intake pumps—four on the North Tyger River, and four on the South Tyger River—from which it draws raw water for treatment and provision of water to its customers in Spartanburg County.

10.     The Woodruff-Roebuck Water District SWTP provides potable water for approximately 12,000 customers.

## II.     Defendants

11.     Defendant **AFL Telecommunications, LLC ("AFL")** is a Delaware limited liability company authorized to do business in South Carolina. AFL maintains its United States headquarters and principal place of business in Spartanburg County at 170 Ridgeview Center Drive, Duncan, South Carolina, 29334. AFL operates several industrial facilities in Duncan, at 150 Ridgeview Center Drive; 104 Hidden Lake Circle; 110 Hidden Lake Circle; 112 Hidden Lake Circle; and 115 USAC Drive. There, AFL uses products that contain or degrade to PFOA, PFOS, PFNA, PFHxS, PFBS, and/or GenX Chemicals in manufacturing telecommunications products. As part of its processes, the AFL facilities discharge industrial wastewater contaminated with products that contain or degrade to these PFAS to the Lyman WWTP. The Lyman WWTP cannot remove AFL's PFAS, which it discharges into the Middle Tyger River upstream of Plaintiff's water intake. AFL's PFAS resist environmental degradation, flow downstream the Middle Tyger River and the North Tyger River, and thereby contaminate Plaintiff's property and its water source.

ELECTRONICALLY FILED - 2024 Jul 08 5:04 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

12.     Defendant **Cryovac, Inc.** is a Delaware corporation authorized to do business in South Carolina, and Defendant **Cryovac, LLC** is a Delaware limited liability company authorized to do business in South Carolina **(collectively "Cryovac")**. Cryovac maintains an industrial facility in Spartanburg County at 1502 East Main Street, Duncan, South Carolina 29334. There, Cryovac uses products that contain or degrade to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals in food packaging manufacturing. As part of its processes, Cryovac's plant discharges industrial wastewater contaminated with products that contain or degrade to these PFAS to the Lyman WWTP. The Lyman WWTP cannot remove Cryovac's PFAS, which it discharges into the Middle Tyger River upstream of its confluence with, and Plaintiff's water intake on, the North Tyger River. Cryovac's PFAS resist environmental degradation, flow downstream the Middle Tyger and North Tyger Rivers, and thereby contaminate Plaintiff's property and its water source.

13.     Defendant **M. Lowenstein Corporation** ("MLC") was a New York corporation authorized to do business in South Carolina and operated a large complex of textile manufacturing facilities in Lyman. The complex included the Lyman Mill, located at 101 Groce Road, Lyman, South Carolina 29365; and the Lyman Finishing Plant, located at 320 Wamsutta Drive, Lyman, South Carolina 29365. Defendant MLC operated the Lyman Mill and Lyman Finishing Plant from 1955 to 1986. Defendant **Springs Industries, Inc. ("Springs")** acquired the Lyman Mill from MLC and operated it until 2005. Over the course of their operations, Defendants MLC and Springs used products that contain or degrade to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals in the manufacture of textile products. As part of their processes, Defendants MLC and Springs discharged industrial wastewater with products that contain or degrade to these PFAS to the Lyman WWTP. The Lyman WWTP could not remove Defendants' PFAS, which it discharged

ELECTRONICALLY FILED - 2024 Jul 08 5:04 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

into the Middle Tyger River upstream of its confluence with, and Plaintiff's water intake on, the North Tyger River. Defendants' PFAS resist environmental degradation, flow downstream the Middle and North Tyger Rivers, and thereby contaminate Plaintiff's property and its water sources.

14.     Defendant **MOCOM Compounds Corporation ("MOCOM")** is a Texas corporation with its corporate headquarters in Spartanburg County, at 1720 E. Main Street, Duncan, South Carolina 29334. There, MOCOM operates an industrial facility that uses products that contain or degrade to PFOA, PFOS, PFNA, PFHxS, PFBS, and/or GenX Chemicals in plastic compounding and plastic component manufacturing. As part of its processes, the MOCOM facility discharges industrial wastewater contaminated with products that contain or degrade to these PFAS to the Lyman WWTP. The Lyman WWTP cannot remove MOCOM's PFAS, which it discharges into the Middle Tyger River upstream of its confluence with, and Plaintiff's water intake on, the North Tyger River. MOCOM's PFAS resist environmental degradation, flow downstream the Middle and North Tyger Rivers, and thereby contaminate Plaintiff's property and its water sources.

15.     Defendant **Plastic Omnium Auto Exteriors, LLC ("Plastic Omnium")** is a Delaware limited liability company authorized to do business in South Carolina. Plastic Omnium maintains its South Carolina principal place of business in Spartanburg County at 310 Genoble Road, Greer, South Carolina 29651. There, it operates an industrial facility that uses products that contain or degrade to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals in manufacturing products related to the automobile industry. As part of its processes, Plastic Omnium's facility discharges industrial wastewater contaminated with products that contain or degrade to these PFAS to the Maple Creek WWTP. The Maple Creek WWTP cannot remove Plastic Omnium's PFAS, which it discharges into Maple Creek upstream of the South Tyger River

7

ELECTRONICALLY FILED - 2024 Jul 08 5:04 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

and Plaintiff's water intake. Plastic Omnium's PFAS resist environmental degradation, flow downstream Maple Creek and the South Tyger River, and thereby contaminate Plaintiff's property and its water source.

16.     Defendant **Roebuck Disposal, LLC ("Roebuck Disposal")** is a Delaware limited liability company with its principal place of business located in Spartanburg County at 300 Railroad Street, Roebuck, South Carolina 29376, where it also operates a waste disposal facility. As part of its processes, Roebuck Disposal discharges wastewater contaminated with products that contain or degrade to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals to the Lower North Tyger WWTP. The Lower North Tyger WWTP cannot remove Roebuck Disposal's PFAS, which it discharges into the North Tyger River upstream of Plaintiff's water intake. Roebuck Disposal's PFAS resist environmental degradation, flow downstream the North Tyger Rivers, and thereby contaminate Plaintiff's property and its water sources.

17.     Defendant **Starchem, LLC ("Starchem")** is a Georgia limited liability company authorized to do business in South Carolina. Starchem maintains its United States principal place of business in Spartanburg County at 10150 Greenville Highway, Wellford, South Carolina 29385. There, it operates an industrial facility where it uses products that contain or degrade to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals in manufacturing products related to the textile industry. Defendants **GTI Chemical Solutions, Inc. ("GTI Inc.")** and **GTI Chemical Solutions, LLC ("GTI LLC")** (collectively **"GTI Defendants"**) are South Carolina companies that engage in chemical manufacturing activities on the same property. As part of their processes, Starchem and GTI Defendants discharge industrial wastewater contaminated with products that contain or degrade to these PFAS to the Lyman WWTP in Lyman, South Carolina. The Lyman WWTP cannot remove Starchem's and GTI Defendants' PFAS, which it discharges into the

8

ELECTRONICALLY FILED - 2024 Jul 08 5:04 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

Middle Tyger River upstream of its confluence with, and Plaintiff's water intake on, the North Tyger River. Starchem's and GTI Defendants' PFAS resist environmental degradation, flow downstream the Middle and North Tyger Rivers, and thereby contaminate Plaintiff's property and its water sources.

18.     Defendant **Synthomer USA, LLC ("Synthomer")** is a Delaware limited liability company authorized to do business in South Carolina. Synthomer maintains an industrial facility in Spartanburg County at 200 Railroad Street, Roebuck, South Carolina 29376. There, it uses products that contain or degrade to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals in polymer manufacturing. As part of its processes, Synthomer's plant discharges industrial wastewater contaminated with products that contain or degrade to these PFAS to the Lower North Tyger WWTP. The Lower North Tyger WWTP cannot remove Synthomer's PFAS, which it discharges into the North Tyger River upstream of Plaintiff's water intake. Synthomer's PFAS resist environmental degradation, flow downstream the North Tyger River, and thereby contaminate Plaintiff's property and its water sources.

19.     Defendant **Toray Composite Materials America, Inc. ("Toray")** is a Washington corporation authorized to do business in the State of South Carolina that, since approximately 2016, has conducted business in Spartanburg County. Toray maintains its South Carolina principal place of business in Spartanburg County at 2202 Moore Duncan Highway, Moore, South Carolina 29369. There, it operates an industrial facility where it uses products that contain or degrade to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals in carbon-fiber and other composite materials manufacturing. As part of its processes, Toray's plant discharges industrial wastewater contaminated with products that contain or degrade to these PFAS to the Lower North Tyger WWTP. The Lower North Tyger WWTP cannot remove Toray's PFAS, which it discharges into

9

ELECTRONICALLY FILED - 2024 Jul 08 5:04 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

the North Tyger River upstream of Plaintiff's water intake on the river. Toray's PFAS resist environmental degradation, flow downstream the North Tyger River, and thereby contaminate Plaintiff's property and its water sources.

20.     Defendant **Waste Management of South Carolina, Inc. ("WM")** is a South Carolina corporation that, at all times relevant herein, has conducted business within Spartanburg County. Beginning in 1979, WM owned and operated the Palmetto Landfill located at 360 New Hope Road, Wellford, South Carolina 29385. The Palmetto Landfill closed in December 2016 but continues to discharge landfill leachate to the Lyman WWTP. WM's leachate contains vast amounts of PFOA, PFOS, PFHxS, PFNA, PFBS, GenX Chemicals, and/or their precursors. Nearby, WM also operates its Spartanburg Hauling facility, which discharges wastewater contaminated with products that contain or degrade to these PFAS to the Lyman WWTP. The Lyman WWTP cannot remove WM's PFAS, which it discharges into the Middle Tyger River upstream of its confluence with, and Plaintiff's water intake on, the North Tyger River. WM's PFAS resist environmental degradation, flow downstream the Middle and North Tyger Rivers, and thereby contaminate Plaintiff's property and its water sources.

## FACTUAL ALLEGATIONS

### I.     Background and Hazards of PFAS

21.      PFAS are a large group of man-made chemicals that do not occur naturally in the environment. Due to their strong carbon-fluorine bonds, PFAS are extremely stable, repel both oil and water, and are resistant to heat and chemical reactions. As a result of these properties, PFAS have a wide variety of industrial, commercial, and consumer applications.

22.     The stable carbon-fluorine bonds that make PFAS pervasive in industrial, commercial, and consumer products also result in their persistence in the environment. They are colloquially termed "forever chemicals," as terminal PFAS have no known environmental

10

ELECTRONICALLY FILED - 2024 Jul 08 5:04 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

breakdown mechanism, are readily absorbed into biota, and tend to bioaccumulate with repeated exposure.

23.     There are both polymer and non-polymer PFAS. Non-polymer PFAS include well-known substances like PFOA, PFOS, PFHxS, PFNA, PFBS, and HFPO-DA aka GenX Chemicals. Polymer PFAS include fluoropolymers and side-chain fluorinated polymers that are often the active chemistry in PFAS products utilized by Defendants.

24.     There are also both terminal PFAS and their precursors. Precursors may undergo environmental degradation that ultimately results in the formation of terminal PFAS—meaning no further degradation occurs under normal environmental conditions. PFOA, PFOS, PFHxS, PFNA, PFBS, and GenX Chemicals are all terminal PFAS.

25.     Both polymer and non-polymer PFAS can degrade to terminal PFAS. Generally, terminal PFAS are present in or otherwise form from PFAS products via three primary routes: (1) as a direct byproduct of the manufacturing process; (2) the degradation of precursor PFAS that are byproducts of the manufacturing process; and/or (3) the degradation of polymer PFAS into terminal PFAS and precursor PFAS.

26.     PFAS leach from soil to groundwater and are highly mobile and water soluble, making groundwater and surface water particularly vulnerable to contamination. Therefore, a major source of human exposure to PFAS is through ingestion of contaminated drinking water. Exposure is dose-additive, meaning that exposure to low levels of multiple PFAS, which individually would pose little or no risk, can result in a combined dose capable of causing adverse health effects.

27.     While there are thousands of different PFAS chemicals, current scientific evidence shows that harmful health effects can result from consuming drinking water with any level of

11

ELECTRONICALLY FILED - 2024 Jul 08 5:04 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

PFOA or PFOS, and at certain aggregate levels of PFHxS, PFNA, PFBS, and GenX Chemicals. Depending on the type of PFAS, negative health effects include increased risk of certain types of cancer and adverse impacts on fetal growth and development; reproduction; and on liver, thyroid, immune, cardiovascular, and/or nervous system function.

28.     PFOA and PFOS have been the most widely used PFAS, and they are the most studied by regulators and the scientific community. While some industries voluntarily phased out products containing PFOA and PFOS by 2015, their limited use continues even in the United States. Due to their persistent nature, PFOA and PFOS remain in the environment from decades of legacy industrial use.

29.     Products based on PFAS consisting of shorter fluorinated carbon chains were developed to replace PFOA and PFOS, and they are now used in industrial applications to confer similar properties and characteristics. These "short-chain" PFAS are still bioaccumulative and environmentally persistent, and some short-chain PFAS products nevertheless still contain PFOA and PFOS and their precursors.  Terminal short-chain PFAS include PFHxS, PFNA, PFBS, and GenX Chemicals.

30.     Based on the science available in 2009, EPA published provisional drinking water health advisories for short-term exposure to PFOA and PFOS. U.S.E.P.A., Provisional Health Advisories for Perfluorooctanoic Acid (PFOA) and Perfluorooctane Sulfonate (PFOS) (Jan. 8, 2009), *available at* https://www.epa.gov/sites/default/files/2015-09/documents/pfoa-pfos-provisional.pdf. The advisory levels for PFOA were 400 parts per trillion ("ppt") and 200 ppt for PFOS. In the same publication, EPA reported that it conducted sampling of public drinking water in Alabama communities, finding PFOA and PFOS levels lower than 40 ppt. It explained, "Based

12

ELECTRONICALLY FILED - 2024 Jul 08 5:04 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

on its current understanding, EPA believes these levels are not of concern and residents may rely upon public water systems."

31.     On May 16, 2016, due to the evolution of science on the health effects of PFOA and PFOS, EPA published lifetime health advisory levels for each chemical in drinking water. Lifetime Health Advisories and Health Effects Support Documents for Perfluorooctanoic Acid and Perfluorooctane Sulfonate, 81 Fed. Reg. 33250 (May 25, 2016). Superseding 2009 provisional levels, the 2016 levels for PFOA and PFOS were 70 ppt, independently or in the aggregate. EPA explained that its new health advisories "identify the concentration of PFOA and PFOS in drinking water at or below which adverse health effects are not anticipated to occur over a lifetime of exposure."

32.     EPA's 2016 Health Advisories were based on peer-reviewed studies of the effects of PFOA and PFOS on laboratory animals and epidemiological studies of human populations exposed to PFOA and PFOS. These studies indicated that exposure to PFOA and PFOS over certain levels may result in adverse health effects, including developmental defects to fetuses, cancer (testicular, kidney), liver effects, immune effects, thyroid effects, and other adverse effects. But based on its review of the science, EPA stated that its analysis indicated exposure to PFOA and PFOS at or below health advisory levels "will not result in adverse health effects (including cancer and non-cancer) to the general population over a lifetime (or any shorter period) of exposure to these chemicals." *Id.*

33.     On June 15, 2022, EPA again updated health advisory levels for PFOA and PFOS on an interim basis, which replaced 2016 advisory levels. Lifetime Drinking Water Health Advisories for Four Perfluoroalkyl Substances, 87 Fed. Reg. 36848 (June 21, 2022). EPA explained that updated human epidemiological data indicated "that the level at which negative

13

ELECTRONICALLY FILED - 2024 Jul 08 5:04 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

health effects could occur are much lower than previously understood when the agency issued its 2016 health advisories for PFOA and PFOS"—finding "associations between PFOA and/or PFOS exposure and effects on the immune system, the cardiovascular system, development (e.g., decreased birth weight), and cancer." *Id.* Concerned with the public health implications of its data, EPA issued interim levels pending determination of maximum contaminant levels and maximum contaminant level goals. The interim levels were 0.004 ppt for PFOA and 0.02 ppt for PFOS.

34.     Simultaneously, EPA also issued health advisories for the first time covering PFBS and GenX Chemicals. EPA reported that "GenX Chemicals have been linked to health effects on the liver, the kidney, the immune system, and developmental effects, as well as cancer." *Id.* For PFBS, it noted studies indicating health effects on the thyroid, reproductive system, development, and kidney. Based on its 2021 toxicity studies for these chemicals, EPA released final health advisories for each: GenX Chemicals at 10 ppt and PFBS at 2,000 ppt.

35.     In March of 2023, EPA issued proposed maximum contaminant level ("MCL")s and maximum contaminant level goal ("MCLG")s for PFOA, PFOS, PFHxS, PFNA, PFBS, and GenX Chemicals. PFAS Nat'l Primary Drinking Water Regulation Rulemaking, 88 Fed. Reg. 18638 (Mar. 29, 2023) (to be codified at 40 C.F.R. pt. 141, 142). An MCLG is the maximum level of a contaminant in drinking water at which no known or anticipated adverse effect on the health of persons would occur, allowing an adequate margin of safety. An MCL is the maximum allowable level of a contaminant that may be delivered to any user of a public water system and is based on the feasibility of existing technology to detect PFAS at a threshold level.

36.     At that time, EPA announced that, "[f]ollowing a systematic review of available human epidemiological and animal toxicity studies, EPA has determined that PFOA and PFOS are likely to cause cancer (e.g., kidney and liver cancer) and that there is no dose below which either

14

ELECTRONICALLY FILED - 2024 Jul 08 5:04 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

chemical is considered safe." *Id.* Therefore, it proposed MCLG levels for both chemicals at zero ppt. Enforceable MCL levels for each chemical were proposed at 4 ppt. According to EPA, "[a]ny exceedance of this limit requires action to protect public health, regardless of any mixture in which they are found." *Id.*

37.     Due to their toxic effects, dose additivity, and presence in drinking water, EPA proposed a hazard index approach covering mixtures of PFHxS, PFNA, PFBS, and GenX Chemicals. The hazard index is the sum of each PFAS's "hazard quotient." Hazard quotients are first calculated by dividing the applicable PFAS's "exposure metric" (i.e., concentration in drinking water) by its "health reference value" (PFHxS: 9 ppt; GenX Chemicals: 10 ppt; PFNA: 10 ppt; PFBS: 2,000 ppt). If the sum of each's hazard quotient is below 1.0, then it "represents a level at which no known or anticipated adverse effects on the health of persons is expected to occur and which allows for an adequate margin of safety." *Id.* If greater than 1.0, then "potential risk is indicated." *Id.*

38.     EPA stated that, once its proposed MCLs became final, it would "save thousands of lives and prevent tens of thousands of avoidable illnesses." U.S.E.P.A., *EPA Releases Annual Report Showing Steady Progress to Protect Communities from PFAS Pollution* (Dec. 14, 2023), *available at* https://www.epa.gov/newsreleases/epa-releases-annual-report-showing-steady-progress-protect-communities-pfas-pollution.

39.     EPA finalized its proposed MCLs and MCLGs on April 10, 2024. U.S.E.P.A., PFAS Nat'l Primary Drinking Water Regulation Rulemaking (Apr. 10, 2024), *available at* https://www.epa.gov/system/files/documents/2024-04/pfas-npdwr_prepubfederalregisternotice_ 4.8.24.pdf (pre-publication version). In accompanying publications, EPA declared, "The science is clear: exposure to these six PFAS is linked to significant health risks" that include "certain

15

ELECTRONICALLY FILED - 2024 Jul 08 5:04 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

cancers and heart impacts in adults, and immune and developmental impacts in infants and children." U.S.E.P.A., *Frequently Asked Questions and Answers: Final PFAS Nat'l Drinking Water Regulation* (Apr. 10, 2024); *see also* U.S.E.P.A., Final PFAS Nat'l Drinking Water Regulation Landing Page, http://www.epa.gov/sdwa/and-polyfluoroalkyl-substances-pfas (providing links to EPA PFAS regulation publications).

40.    The final regulation solidifies MCLs of 4.0 ppt for PFOA and PFOS and 10.0 ppt for PFNA, PFHxS, and GenX Chemicals, including a Hazard Index that covers mixtures of PFBS with PFNA, PFHxS, and GenX Chemicals. It also enshrines MCLGs of zero ppt for PFOA and PFOS, which EPA states "reflects the latest science showing that there is no level of exposure to these two PFAS without risk of health impacts." U.S.E.P.A., *Presentation: Overview EPA PFAS NPDWR* (Apr. 10, 2024). According to EPA, "[t]he more you reduce your exposure to PFAS, the more you reduce your risk." U.S.E.P.A., *Frequently Asked Questions and Answers: Final PFAS Nat'l Drinking Water Regulation* (Apr. 10, 2024).

41.    EPA's final regulations mandate several new obligations regarding PFAS, including the implementation of solutions to reduce regulated PFAS concentrations in the drinking water that Plaintiff distributes, maintenance of ongoing compliance monitoring, and informing the public of PFAS levels in the water and of any violations. By 2027, Plaintiff must begin conducting and reporting regular PFAS monitoring, and by 2029, Plaintiff must comply with all MCLs.

ELECTRONICALLY FILED - 2024 Jul 08 5:04 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

## II.     Contamination of the Tyger River System and Plaintiff's Water Supply with PFAS

42.     The Tyger River System begins as three forks—the South, Middle, and North Tyger Rivers—running southeast through Spartanburg County. The Middle Tyger converges with the North Tyger in Moore, South Carolina, and the North and South Tyger Rivers converge in Roebuck, South Carolina:



ELECTRONICALLY FILED - 2024 Jul 08 5:04 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

43.     As shown above, the Maple Creek WWTP, Lyman WWTP, and Lower North Tyger WWTP operate upstream of or along each river, and Plaintiff's SWTP rests near the confluence of the North and South Tyger Rivers.

44.     Plaintiff's SWTP employs water intakes on both the North and South Tyger Rivers:



45.     PFAS sampling of the South, Middle, and North Tyger Rivers confirms the presence of PFOA, PFOS, PFHxS, PFNA, PFBS, and GenX Chemicals throughout these bodies of water. The concentrations increase further downstream, culminating in high levels at Plaintiff's water intakes on the South and North Tyger Rivers. Indeed, sampling at Plaintiff's water intakes confirm the presence of PFOA and PFOS at concentrations much higher than what EPA deems unsafe for consumption. Defendants are the source.

ELECTRONICALLY FILED - 2024 Jul 08 5:04 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

46.    Defendants are owners and operators of manufacturing plants, related industrial facilities, and/or waste disposal services in or near Spartanburg County. In their industrial processes, Defendants utilize products that contain or degrade to PFOS, PFOA, PFHxS, PFNA, PFBS, and/or GenX Chemicals. Defendants' industrial processes generate industrial wastewater containing these PFAS chemicals and/or their precursors, which they discharge to either the Maple Creek WWTP, the Lyman WWTP, or the Lower North Tyger WWTP.

47.    The Maple Creek WWTP utilizes conventional wastewater treatment methods to treat industrial wastewater, which are unable to remove PFAS. After treatment, the Maple Creek WWTP discharges water contaminated with Defendants' products that contain or degrade to PFOA, PFOS, PFHxS, PFNA, PFBS, and GenX Chemicals into Maple Creek upstream of the South Tyger River. These PFAS and their precursors flow downstream to Plaintiff's water intake on the South Tyger River, damaging Plaintiff's property and contaminating its water source.

48.    The Lyman WWTP utilizes conventional wastewater treatment methods to treat industrial wastewater, which are unable to remove PFAS. After treatment, the Lyman WWTP discharges water contaminated with Defendants' products that contain or degrade to PFOA, PFOS, PFHxS, PFNA, PFBS, and GenX Chemicals into the Middle Tyger River upstream of its confluence with the North Tyger River. These PFAS and their precursors flow downstream to Plaintiff's water intake on the North Tyger River, damaging Plaintiff's property and contaminating its water source.

49.    The Lower North Tyger WWTP utilizes conventional wastewater treatment methods to treat industrial wastewater, which are unable to remove PFAS. After treatment, the Lower North Tyger WWTP discharges water contaminated with Defendants' products that contain or degrade to PFOA, PFOS, PFHxS, PFNA, PFBS, and GenX Chemicals into the North Tyger

19

ELECTRONICALLY FILED - 2024 Jul 08 5:04 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

River. These PFAS and their precursors flow downstream to Plaintiff's water intake on the North Tyger River, damaging Plaintiff's property and contaminating its water source.

50.     All Defendants knew or should have known that the Maple Creek WWTP, Lyman WWTP, and Lower North Tyger WWTP utilize conventional treatment methods for industrial wastewater that cannot remove Defendants' PFAS. All Defendants also know or should have known that the WWTPs discharge treated effluent contaminated with their PFAS chemicals to the rivers, contaminating the water that Plaintiff draws for its customers.

## III.     Defendants have harmed Plaintiff and Plaintiff's community.

51.     Defendants have for decades discharged PFOA, PFOS, PFHxS, PFNA, PFBS, GenX Chemicals, and their precursors into the North, Middle, and South Tyger Rivers, which has caused, and continues to cause, contamination of these waters with PFAS chemicals exceeding EPA's health advisories, MCLGs, and MCLs. Indeed, absent new treatment technologies, Plaintiff cannot use its property and property rights to provide water that is either free of all PFOA and PFOS, or compliant with EPA's MCLs.

52.     Defendants' conduct has proximately caused the contamination of the South, Middle, and North Tyger Rivers; and of Plaintiff's land, its SWTP, and its water distribution system with PFOA, PFOS, PFHxS, PFNA, PFBS, and GenX Chemicals, including PFOA and PFOS at concentrations well above EPA's MCLGs and MCLs.

53.     Defendants, individually and acting through their employees and agents, and in concert with each other, have knowingly, intentionally, recklessly, and/or negligently engaged in conduct or omissions that proximately caused unreasonable interference with Plaintiff's right to use and enjoy its property, its right to use the rivers, and has caused Plaintiff additional past, present, and future injury to property.

20

ELECTRONICALLY FILED - 2024 Jul 08 5:04 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

54.     Despite knowing that there is no safe dose for PFOA or PFOS, and that PFHxS, PFNA, PFBS, and GenX Chemicals are hazardous to human health, Defendants, directly or indirectly, discharged industrial wastewater contaminated with these chemicals into the South, Middle, and North Tyger Rivers, which they knew or should have known contaminated Plaintiff's property.

**FIRST CAUSE OF ACTION**

**Private Nuisance**

55.     Plaintiff incorporates all prior allegations by reference as if fully set forth herein.

56.     Plaintiff is a special purpose district created for the purpose of constructing, operating, maintaining, improving, and extending a water distribution system for residents of Spartanburg County. It uses its properties to effectuate that purpose, including the withdrawal of raw water from the North and South Tyger Rivers, the treatment of raw water, and the distribution of treated water to customers in Spartanburg County.

57.     Plaintiff is a riparian landowner abutting the North and South Tyger Rivers, and Plaintiff has a property right in the reasonable use of the rivers, including for the provision of water to its customers.

58.     Through the conduct described herein, Defendants created, contributed to, and/or maintained a nuisance; that is, the contamination of the North and South Tyger Rivers with PFOA, PFOS, PFHxS, PFNA, PFBS, and GenX Chemicals at concentrations far exceeding those EPA deems unsafe for consumption.

59.     Due to Defendants' contamination, Plaintiff cannot provide water to its customers without PFAS, or even at PFAS concentrations that comply with EPA's MCLs, absent new water filtration technology.

21

ELECTRONICALLY FILED - 2024 Jul 08 5:04 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

60.     Defendants' contamination caused, contributed to, and/or maintains a nuisance that substantially and unreasonably interferes with Plaintiff's use and enjoyment of its property, interferes with Plaintiff's property and its riparian rights, damages Plaintiff's property, and causes Plaintiff additional inconvenience, annoyance, and harm.

61.     Defendants, individually and acting through their employees and agents, and in concert with each other, have knowingly, intentionally, recklessly, and/or negligently engaged in conduct that unreasonably interferes with Plaintiff's property rights.

62.     As a direct and proximate result of Defendants' acts and omissions, Plaintiff has suffered, now suffers, and will continue to suffer damages related to Defendants' contamination of the North and South Tyger Rivers and Plaintiff's property, including loss in value, the cost of removing Defendants' PFAS, and other damages to be proved at trial.

63.     In addition to its claims for damages, Plaintiff is entitled to injunctive and/or equitable relief to abate the nuisance created, contributed to, and maintained by Defendants.

64.     The ongoing contamination of the North and South Tyger Rivers and Plaintiff's property constitutes a continuing irreparable injury for which there is no adequate remedy at law. Plaintiff requests that this Court issue an order and decree requiring Defendants to take all steps necessary to prevent further discharge of PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals and to fund the measures necessary to prevent these PFAS from continuing to interfere with Plaintiff's use and enjoyment of its land and its riparian use of the North and South Tyger Rivers to supply potable water to its customers.

65.     Defendants' interference with Plaintiff's use of its property can be abated by methods that include, but are not limited to:

22

ELECTRONICALLY FILED - 2024 Jul 08 5:04 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

(a)     ceasing Defendants' discharges of products that contain or degrade to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals to surface waters; and

(b)     funding the acquisition, installation, and operation of new water filtration technology at Plaintiff's SWTP to remove legacy PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemical contamination.

66.     Defendants are jointly and severally liable to Plaintiffs for all damages resulting from this nuisance, and the costs of its abatement, in an amount to be determined at trial, as well as punitive damages in an amount to be determined at trial, and costs and attorneys' fees.

## SECOND CAUSE OF ACTION

### Public Nuisance

67.     Plaintiff incorporates all prior allegations by reference as if fully set forth herein.

68.     Plaintiff is a special purpose district created for the purpose of constructing, operating, maintaining, improving, and extending a water distribution system for residents of Spartanburg County. It uses its properties to effectuate that purpose, including the withdrawal of raw water from the North and South Tyger Rivers, the treatment of raw water, and the distribution of treated water to customers in Spartanburg County.

69.     Plaintiff's customers use the water Plaintiff provides for many purposes, including drinking, cooking, bathing, cleaning, washing, and watering plants and gardens.

70.     Plaintiff's customers, and indeed all residents in Plaintiff's community, have a right to potable water that is reasonably pure and safe for their use—and thus free from contamination by Defendants' PFOA, PFOS, PFNA, PFHxS, PFBS, and GenX Chemicals. Defendants' contamination unreasonably interferes with, disrupts, and threatens public health, safety, and order. Indeed, EPA makes clear that there is no safe dose for consuming PFOA and PFOS.

23

ELECTRONICALLY FILED - 2024 Jul 08 5:04 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

71.     Plaintiff has sustained special injuries as a result of Defendants' public nuisance, including but not limited to, the lost use of its property; inability to provide potable water to customers with reasonably safe concentrations of PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals; expenses associated with future acquisition, installation, and operation of required treatment technologies to remove unsafe concentrations of these PFAS from water; expenses incurred in discovering and identifying sources of Defendants' contamination; interference with Plaintiff's riparian right to use the North and South Tyger Rivers; interference with the use of Plaintiff's SWTP and water distribution system; and lost revenue.

72.     As a direct and proximate result of Defendants' acts and omissions, Plaintiff has suffered, now suffers, and will continue to suffer special injury and damages related to Defendants' contamination of the North Tyger River, the South Tyger River, and Plaintiff's property.

73.     Defendants, individually and acting through their employees and agents, and in concert with each other, have knowingly, intentionally, recklessly, and/or negligently engaged in conduct that unreasonably interferes with Plaintiff's property rights and endangered the health of Plaintiff's customers, consumers of Plaintiff's drinking water, and Plaintiff's community.

74.     As a result of the nuisance caused by Defendants, Plaintiff has suffered, and will continue to suffer, losses resulting from injury to its properties, including loss in value, the cost of removing Defendants' PFAS, and other damages to be proved at trial.

75.     In addition to its claims for damages, Plaintiff is entitled to injunctive and/or equitable relief to abate the nuisance created, contributed to, and maintained by Defendants.

76.     Defendants' ongoing contamination constitutes a continuing threat to public health, safety, and order, and it constitutes irreparable injury for which there is no adequate remedy at law. Plaintiff requests that this Court issue an order and decree requiring Defendants to take all

ELECTRONICALLY FILED - 2024 Jul 08 5:04 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

steps necessary to prevent further discharge of PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals and to fund the measures necessary to prevent these PFAS from continuing to threaten public health and safety and ensure that Plaintiff's customers and residents of Plaintiff's community receive water free from PFAS.

77.     Defendants' contamination of potable water with unsafe concentrations of PFOA, PFOS, PFHxS, PFNA, PFBS, and GenX Chemicals can be abated by methods that include, but are not limited to:

(a)     ceasing Defendants' direct and indirect discharges of products that contain or degrade to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals to surface waters; and

(b)     requiring Defendants to fund the acquisition, installation, and operation of new water filtration technology at Plaintiff's SWTP to remove legacy PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemical contamination.

78.     Defendants are jointly and severally liable to Plaintiffs for all damages resulting from this nuisance, and the costs of abatement, in an amount to be determined at trial, as well as punitive damages in an amount to be determined at trial, and costs and attorneys' fees.

## THIRD CAUSE OF ACTION

### Trespass

79.     Plaintiff incorporates all prior allegations by reference as if fully set forth herein.

80.     Plaintiff owns, possesses, and actively exercises its right to use its land, SWTP, and related buildings, improvements, and equipment that make up its water distribution system.

81.     Defendants intentionally discharged and continue to discharge PFAS to the Maple Creek WWTP, Lyman WWTP, and Lower North Tyger WWTP notwithstanding that they knew and/or reasonably should have known that:

25

ELECTRONICALLY FILED - 2024 Jul 08 5:04 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

(a)    these WWTPs cannot remove their PFAS from wastewater before discharging to the South, Middle, and North Tyger Rivers;

(b)    Plaintiff draws water from the North and South Tyger Rivers for provision of potable water to its customers;

(c)    the water Plaintiff draws from the North and South Tyger Rivers is contaminated with the PFAS the Defendants discharge to these WWTPs; and, thereby,

(d)    water contaminated with high concentrations of Defendants' PFAS invades Plaintiff's properties.

82.    Plaintiff has not consented to, and does not consent to, the invasion of its properties by water contaminated with PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals at concentrations exceeding EPA's MCLs and MCLGs and well beyond what EPA deems unsafe for consumption.

83.    Defendants' invasions of Plaintiff's properties are continuing and ongoing, and each separate invasion of PFAS-contaminated water constitutes a new trespass each time Plaintiff's water pumps are active.

84.    Defendants intend that, while using PFAS in their industrial processes, PFAS-containing wastewater generated by those processes be discharged to the Maple Creek WWTP, Lyman WWTP, or Lower North Tyger WWTP. Defendants' conduct is wanton, willful, and in reckless disregard of Plaintiff's property and riparian rights.

85.    Defendants' conduct is the actual and proximate cause of the invasion of PFAS-contaminated water into Plaintiff's properties, including its land, SWTP, and related buildings, improvements, and equipment that make up its water distribution system. The damage to Plaintiff's properties is the direct and proximate result of Defendants' intentional conduct.

86.    As a direct, proximate, and foreseeable result of Defendants' trespasses, Plaintiff has suffered, now suffers, and will continue to suffer invasion of its property rights and damages, including loss in value, the cost of removing Defendants' PFAS, and other damages to be proved at trial.

87.    Defendants' ongoing trespasses can be abated by, among other measures, ceasing all discharges of PFOA, PFOS, PFHxS, PFNA, PFBS, GenX Chemicals, and/or their precursors to the North, Middle, and South Tyger Rivers. In addition to compensatory and punitive damages, Plaintiff requests a permanent injunction prohibiting this conduct.

**FOURTH CAUSE OF ACTION**

**Negligence, Gross Negligence, and/or Recklessness**

88.    Plaintiff incorporates all prior allegations by reference as if fully set forth herein.

89.    Defendants have a duty to use due care in the handling, use, and disposal of products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals to avoid causing an unreasonable risk of harm to others, which includes preventing the direct and/or indirect discharge of these PFAS into the South, Middle, and North Tyger Rivers, thereby interfering with Plaintiff's property rights and injuring Plaintiff's property.

90.    Defendants knew or should have known that the PFAS they discharged were environmentally persistent, bioaccumulative, and dose-additive, that conventional wastewater treatment technologies utilized by their wastewater treatment facilities could not remove their PFAS, and that surface waters—including the South, Middle, and North Tyger Rivers—were vulnerable to the contamination that has taken and now takes place.

91.    Defendants nonetheless negligently, recklessly, wantonly, and/or willfully breached their duty in causing products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals to escape their premises and contaminate the North, Middle, and

27

ELECTRONICALLY FILED - 2024 Jul 08 5:04 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

ELECTRONICALLY FILED - 2024 Jul 08 5:04 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

South Tyger Rivers, thereby interfering with Plaintiff's property rights and injuring Plaintiff's property.

92.    As a direct, proximate, and foreseeable result of Defendants' conduct, practices, actions, omissions, and inactions, Plaintiff has suffered, and will continue to suffer, losses resulting from injury to its properties, including but not limited to loss in value, the cost of removing Defendants' PFOA, PFOS, PFHxS, PFNA, PFBS, and GenX Chemicals, future costs of acquiring, installing, and operating adequate water treatment technologies, and other damages to be proved at trial.

93.    Defendants are jointly and severally liable to Plaintiffs for all damages resulting from their conduct, practices, actions, omissions, and inactions, in an amount to be determined at trial, as well as punitive damages in an amount to be determined at trial, and costs and attorneys' fees.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands trial by jury, and respectfully requests that the Court grant the following relief:

(a)    Enter a judgment and decree against all Defendants enjoining them from maintaining the nuisance they have caused, created, and maintained;

(b)    Enter a judgment and decree against all Defendants, jointly and severally, requiring them to abate the nuisance they have caused, created, and maintained;

(c)    Enter a judgment and decree against all Defendants enjoining them from continuing their trespasses onto Plaintiff's property;

(d)    Enter a judgment and decree against all Defendants, jointly and severally, requiring them to cease the discharge or release of products that contain or degrade to PFOA, PFOS, PFHxS,

28

ELECTRONICALLY FILED - 2024 Jul 08 5:04 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

PFNA, PFBS, and/or GenX Chemicals into rivers, streams, and/or tributaries where they contaminate Plaintiff's water supply in the North and South Tyger Rivers;

(e)     Enter a judgment and decree against all Defendants, jointly and severally, requiring them to remove their PFOA, PFOS, PFHxS, PFNA, PFBS, and GenX chemicals from Plaintiff's water system by funding the acquisition, installation, and operation of treatment technology capable of removing them;

(f)     Enter a judgment and decree against all Defendants, jointly and severally, requiring them to prevent the release of PFOA, PFOS, PFHxS, PFNA, PFBS, and GenX Chemicals into rivers, streams, and tributaries that contaminate Plaintiff's water system;

(g)     Enter a judgment against all Defendants, jointly and severally, for past, present, and future compensatory damages in such amounts as the evidence shows Plaintiff to be justly entitled to recover, including interest and reasonable attorneys' fees and litigation expenses, and punitive damages, as applicable, in an amount sufficient to punish and penalize Defendants, and to deter them from repeating their wrongful conduct, and all costs; and

(h)     Award such other relief and further relief as this Court deems just, proper, and equitable.

ELECTRONICALLY FILED - 2024 Jul 08 5:04 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

Respectfully submitted,

*/s/ John B. White. Jr.*
John B. White, Jr. (S.C. Bar No. 5996)
Marghretta H. Shisko (S.C. Bar No. 100106)
Christopher R. Jones (S.C. Bar No. 101265)
Griffin L. Lynch (S.C. Bar No. 72518)
John B. White, Jr., P.A.
291 S. Pine Street
P.O. Box 2465 (29304)
Spartanburg, SC 29302
(864) 594-5988
jwhite@johnbwhitelaw.com
mshisko@johnbwhitelaw.com
cjones@johnbwhitelaw.com
glynch@johnbwhitelaw.com

*Attorneys for Plaintiff*

July 8, 2024

30

ELECTRONICALLY FILED - 2024 Jul 09 5:38 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

STATE OF SOUTH CAROLINA

COUNTY OF SPARTANBURG

WOODRUFF-ROEBUCK WATER
DISTRICT,

Plaintiff,

v.

AFL TELECOMMUNICATIONS, LLC *et
al.*,

Defendants.

IN THE COURT OF COMMON PLEAS

FOR THE SEVENTH JUDICIAL CIRCUIT

CASE NO. 2024-CP-42-02480

**MOTION FOR PRO HAC VICE
ADMISSION OF ADAM WADE
PITTMAN**

The undersigned local counsel hereby moves, together with the attached Application and Affidavit, that Adam Wade Pittman of Cory Watson, P.C., 2131 Magnolia Avenue South, Birmingham, Alabama 35205, be admitted *pro hac vice* in the above captioned matter. As local counsel I understand that:

1. I will personally sign each pleading, motion, discovery procedure, or other document that I serve or file in this court.

2. All pleadings and other documents that I file in this case will contain my name, firm name, address, and phone number and those of my associate counsel admitted *pro hac vice*; and service of all pleadings and notices as required shall be sufficient if served upon me, and it is my responsibility to serve my associate counsel admitted *pro hac vice*.

3. Unless excused by the court, I will be present at all pretrial conferences, hearings, and trials and may attend discovery proceedings. I will be prepared to actively participate, if necessary.

4. As of the date of the filing of this motion, no one has entered an appearance as counsel of record for any defendant in this matter.

1

Mr. Pittman is a member in good standing with his local bar association, and the Verified

Application for Admission *Pro Hac Vice* in the State of South Carolina setting forth the necessary

information required by Rule 404(d), SCACR, is attached to and incorporated into this motion.

Dated: July 9, 2024

RESPECTFULLY SUBMITTED,

**JOHN B. WHITE JR., PA**

By: *s /Marghretta H. Shisko*
John B. White, Jr. (SC Bar No. 5996)
Marghretta H. Shisko (SC Bar No. 100106)
Griffin L. Lynch (SC Bar No. 72518)
291 S. Pine Street
Spartanburg, SC 29302
(864) 594-5988
jwhite@johnbwhitelaw.com
mshisko@johnbwhitelaw.com
glynch@johnbwhitelaw.com

*Attorneys for Plaintiff*

ELECTRONICALLY FILED - 2024 Jul 09 5:38 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

2

# EXHIBIT

ELECTRONICALLY FILED - 2024 Jul 09 5:38 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

ELECTRONICALLY FILED - 2024 Jul 09 5:38 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

# VERIFIED APPLICATION FOR ADMISSION *PRO HAC VICE*
# IN THE STATE OF SOUTH CAROLINA

**Please type your answers in the space provided. Provide an answer for every question asked. In your own handwriting, sign in all spaces where a signature is required (no e-signatures). The accompanying certificate of good standing should not be older than 90 days at the time of the filing of this application.**

Woodruff-Roebuck Water District
_____
Plaintiff

vs.

GTI Chemical Solutions, Inc. *et al.*
_____
Defendant

2024-CP-42-02480
_____
Case No.

In The Court of Common Pleas Seventh Judicial Circuit
_____
Tribunal

Mailing Address of Tribunal:   180 Magnolia Street
Spartanburg, SC 29306

Comes now Adam Wade Pittman _____ , applicant herein, and respectfully represents the following:

1. Applicant resides at:

███████████████

Street Address

Birmingham          Jefferson          Alabama          35222
City                County             State            Zip Code

███████
Telephone

2. Applicant is an attorney and a member of the law firm of (or practices law under the name of)

Cory Watson, P.C. _____ , with offices at

2131 Magnolia Avenue South
Street Address

Birmingham          Jefferson          Alabama          35205
City                County             State            Zip Code

205-328-2200        205-907-0828       205-324-7896     apittman@corywatson.com
Primary Telephone   Cell Phone         Fax Number       Email Address

3. Applicant has been retained personally or as a member of the above-named law firm by

Woodruff-Roebuck Water District _____ to provide legal representation in connection with the above case now pending before the above-named tribunal of the State of South Carolina.

4. Since September 30 of 2011 _____ , Applicant has been, and presently is, a member in good standing of the bar of the highest court of the District of Columbia or the State of Alabama _____ where Applicant regularly practices law. Attached is a certificate of good standing dated within the last 90 days from the bar of the highest court of the District of Columbia or the State where applicant regularly practices law. It is not necessary to provide a certificate of good standing from all courts before which you are admitted.

*Page 1 of 4*

ELECTRONICALLY FILED - 2024 Jul 09 5:38 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

5. List all courts before which Applicant has been admitted to practice law, including United States District Courts; United States Circuit Courts of Appeals; the Supreme Court of the United States; and state courts or the District of Columbia.

| Court: | Date Admitted: |
|---|---|
| Alabama Supreme Court | 9/30/2011 |
| United States District Court Northern District of Alabama | 11/29/2011 |
| United States District Court Middle District of Alabama | 12/7/2011 |
| United States District Court Southern District of Alabama | 12/8/2011 |
| United States District Court Western District of Wisconsin | 3/3/2014 |
| US Court of Appeals for the 5th Circuit | 6/30/2015 |
| Please see the attachment below for remaining courts. | |

Is Applicant presently a member in good standing of the bars of those courts listed above? List any court named in the preceding paragraph that applicant is no longer admitted to practice before.

Yes

6. Is Applicant presently subject to any suspension or disbarment proceedings, or has Applicant been formally notified of any complaints pending before a disciplinary agency? If yes, give particulars, e.g., jurisdiction, court date.

No

7. Has Applicant had any application for admission *pro hac vice* in this or any other jurisdiction denied or any *pro hac vice* admission revoked? If yes give particulars, e.g., date, court, docket number, judge, circumstances; attach a copy of any order of denial or revocation.

No

8. Has Applicant had any certificate or privilege to appear and practice before any court or administrative body suspended or revoked? If yes, give particulars, e.g., date, court, administrative body, date of suspension and reinstatement.

No

9. Please be aware that local counsel must be Rule 403 certified. Local counsel of record associated

with Applicant in this case is ___Marghretta H. Shisko___ of the ___John B. White, Jr., P.A.___

law firm, which has offices at:

291 S. Pine Street/ P.O. Box 2465 (29304)
_____
Street Address

| Spartanburg | Spartanburg | South Carolina | 29305 |
|---|---|---|---|
| City | County | State | Zip Code |
| 864-594-5988 | 864-590-3907 | 864-594-5870 | mshisko@johnbwhitelaw.com |
| Primary Telephone | Cell Phone | Fax Number | Email Address |

100106
_____
South Carolina Bar Number
(You must provide Bar Number)

10.     Has Applicant previously filed an application to appear *pro hac vice* in South Carolina cases? If yes, give case name and status of litigation, date of application, local counsel of record in each case, and state whether application is pending or was granted.

| No |
|---|

11. Does Applicant agree to comply with the applicable statutes, laws and rules of the State of South Carolina and familiarize him/herself with and comply with the South Carolina Rules of Professional Conduct? Does Applicant consent to the jurisdiction of the South Carolina courts and Commission on Lawyer Conduct.

| Yes |
|---|

12. Applicant respectfully requests to be admitted to practice in the above-named tribunal for this case only.

DATED this ____3rd____ day of __July__, 20 _24_

_____
APPLICANT

*Page 3 of 4*

ELECTRONICALLY FILED - 2024 Jul 09 5:38 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

ELECTRONICALLY FILED - 2024 Jul 09 5:38 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

# VERIFICATION

STATE OF <u>SOUTH CAROLINA</u>          )

COUNTY OF <u>JEFFERSON</u>          )

I, <u>Adam Wade Pittman</u>, do hereby swear or affirm under penalty of perjury that I am the applicant in the above-styled matter; that I have read the foregoing application and know the contents thereof; and that the contents are true of my own knowledge, except as to those matters stated on information and belief, and that as to those matters I believe them to be true. I understand that I am under a continuing duty to promptly update the information provided in the application until the tribunal has ruled on the motion for admission pro hac vice. Further, if the motion is granted, I understand that I am under a continuing duty to promptly update the information provided in the application as long as I continue to appear pro hac vice in the action or proceeding. Any updated information shall be provided to both the tribunal that granted the motion and to the tribunal in which the action or proceeding may then be pending.

_____
APPLICANT/AFFIANT

Subscribed and sworn to before me this __3rd__ day of __July__, 20 __24__

_____
(Notary Signature)

Notary Public for the State of <u>alabama</u>

My Commission Expires: <u>9/15/24</u>

## LOCAL COUNSEL CONSENT

I hereby consent, as local counsel of record, to the association of applicant in this cause pursuant to Rules Governing Admission *Pro Hac Vice* to the South Carolina Bar.

DATED this __9th__ day of __July__, 20 __24__

_____
LOCAL COUNSEL OF RECORD

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of this application upon the South Carolina Supreme Court by mail addressed to: South Carolina Supreme Court Office of Bar Admissions, PO Box 11330, Columbia, SC 29211, accompanied by payment of the $250 filing fee payable to the South Carolina Supreme Court on this __9th__ day of __July__, 20 __24__

_____

*Page 4 of 4*

**ATTACHMENT TO PRO HAC VICE APPLICATION OF ADAM W. PITTMAN**

| Court | Date Admitted: |
|---|---|
| US Court of Appeals for the 11th Circuit | 2/5/2014 |
| USDC of New Mexico | 2/20/2019 |
| USDC Western District of Tennessee | 8/21/2020 |

ELECTRONICALLY FILED - 2024 Jul 09 5:38 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

ELECTRONICALLY FILED - 2024 Jul 09 5:38 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

# The Supreme Court of Alabama



## Certificate Of Admission

I, Megan B. Rhodebeck, Clerk of the Supreme Court of Alabama, do hereby certify that _____ Adam Wade Pittman _____ was duly and legally admitted to practice law by the Supreme Court of Alabama on _____ September 30, 2011 _____ and is now an attorney in good standing at the Bar of this Court, as shown by the records of said Court on file in this office.

I further certify that the Supreme Court of Alabama is the highest court of record in this State.

Done on _____ July 1, 2024 _____ with the seal of the Supreme Court of Alabama attached.



Megan B. Rhodebeck

Megan B. Rhodebeck
Clerk of the Supreme Court of Alabama



# The Supreme Court of South Carolina

## Office of Bar Admissions

PATRICIA A. HOWARD
CLERK OF COURT

KATHLEEN "TINA" BRYANT
MANAGER, OFFICE OF BAR
ADMISSIONS

POST OFFICE BOX 11330
COLUMBIA, SOUTH CAROLINA 29211
TELEPHONE: (803) 734-1317
FAX: (803) 734-0394

July 12, 2024

The Honorable Amy W. Cox
Clerk of Court
PO Box 3483
Spartanburg, SC 29304-3483

RE:     Woodruff-Roebuck Water District v. GTI Chemical Solutions, Inc. et al.

          Case No.: 2024-CP-42-02480

Dear Ms. Cox:

I certify that the Office of Bar Admissions has received a verified application requesting Adam Wade Pittman be admitted *pro hac vice* in the above action. The $250 filing fee for the applicant has been paid.

Sincerely,

M.J. Thames
Bar Admissions Coordinator

cc:     Adam Wade Pittman
          Marghretta H. Shisko

AMY W. COX
CLERK OF COURT
SPARTANBURG COUNTY

2024 JUL 16 AM 10: 51

FILED

ELECTRONICALLY FILED - 2024 Jul 10 11:59 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF SPARTANBURG | FOR THE SEVENTH JUDICIAL CIRCUIT |

WOODRUFF-ROEBUCK WATER DISTRICT,

                    Plaintiff,

       v.

AFL TELECOMMUNICATIONS, LLC *et al.*,

                  Defendants.

CASE NO. 2024-CP-42-02480

**ORDER GRANTING PRO HAC VICE ADMISSION OF ADAM WADE PITTMAN**

Having considered the Motion of Marghretta H. Shisko, on behalf of Plaintiff Woodruff-Roebuck Water District, to admit Adam Wade Pittman of Cory Watson, P.C., 2131 Magnolia Avenue South, Birmingham, Alabama 35205, *pro hac vice*, to appear on behalf of the Plaintiff in the above captioned matter and the Verified Application for Admission *Pro Hac Vice* in support thereof, it is hereby

ORDERED that said motion is granted.

**(Judicial E-Signature to Follow)**



Spartanburg Common Pleas

**Case Caption:**     Woodruff-Roebuck Water District VS   Gti Chemical Solutions, Inc. , defendant, et al

**Case Number:**     2024CP4202480

**Type:**     Order/Pro Hac Vice

IT IS SO ORDERED.

S/GRACE GILCHRIST KNIE - 2760

Electronically signed on 2024-07-10 10:23:03     page 2 of 2

ELECTRONICALLY FILED - 2024 Jul 10 11:59 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

ELECTRONICALLY FILED - 2024 Jul 09 5:29 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF SPARTANBURG | FOR THE SEVENTH JUDICIAL CIRCUIT |

| | |
|---|---|
| WOODRUFF-ROEBUCK WATER DISTRICT, | CASE NO. 2024-CP-42-02480 |
| Plaintiff, | |
| v. | |
| AFL TELECOMMUNICATIONS, LLC *et al.*, | **MOTION FOR PRO HAC VICE ADMISSION OF FRANK JEROME TAPLEY** |
| Defendants. | |

The undersigned local counsel hereby moves, together with the attached Application and Affidavit, that Frank Jerome Tapley of Cory Watson, P.C., 2131 Magnolia Avenue South, Birmingham, Alabama 35205, be admitted *pro hac vice* in the above captioned matter. As local counsel I understand that:

1.  I will personally sign each pleading, motion, discovery procedure, or other document that I serve or file in this court.

2.  All pleadings and other documents that I file in this case will contain my name, firm name, address, and phone number and those of my associate counsel admitted *pro hac vice*; and service of all pleadings and notices as required shall be sufficient if served upon me, and it is my responsibility to serve my associate counsel admitted *pro hac vice*.

3.  Unless excused by the court, I will be present at all pretrial conferences, hearings, and trials and may attend discovery proceedings. I will be prepared to actively participate, if necessary.

4.  As of the date of the filing of this motion, no one has entered an appearance as counsel of record for any defendant in this matter.

1

Mr. Tapley is a member in good standing with his local bar association, and the Verified Application for Admission *Pro Hac Vice* in the State of South Carolina setting forth the necessary information required by Rule 404(d), SCACR, is attached to and incorporated into this motion.

Dated: July 9, 2024

RESPECTFULLY SUBMITTED,

**JOHN B. WHITE JR., PA**

By: *s /Marghretta H. Shisko*
John B. White, Jr. (SC Bar No. 5996)
Marghretta H. Shisko (SC Bar No. 100106)
Griffin L. Lynch (SC Bar No. 72518)
291 S. Pine Street
Spartanburg, SC 29302
(864) 594-5988
jwhite@johnbwhitelaw.com
mshisko@johnbwhitelaw.com
glynch@johnbwhitelaw.com

*Attorneys for Plaintiff*

ELECTRONICALLY FILED - 2024 Jul 09 5:29 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

2

# EXHIBIT

ELECTRONICALLY FILED - 2024 Jul 09 5:29 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

## VERIFIED APPLICATION FOR ADMISSION *PRO HAC VICE*
## IN THE STATE OF SOUTH CAROLINA

**Please type your answers in the space provided. Provide an answer for every question asked. In your own handwriting, sign in all spaces where a signature is required (no e-signatures). The accompanying certificate of good standing should not be older than 90 days at the time of the filing of this application.**

Woodruff-Roebuck Water District
_____
Plaintiff

vs.

GTI Chemical Solutions, Inc. *et al.*
_____
Defendant

2024-CP-42-02480
_____
Case No.

In The Court of Common Pleas Seventh Judicial Circuit
_____
Tribunal

Mailing Address of Tribunal:

180 Magnolia Street
Spartanburg, SC 29306

Comes now _Frank Jerome Tapley_____, applicant herein, and respectfully represents the following:

1. Applicant resides at:

▮▮▮▮▮▮▮▮_____
Street Address

Homewood_____ | Jefferson_____ | Alabama_____ | 35209_____
City | County | State | Zip Code

▮▮▮▮▮▮▮▮_____
Telephone

2. Applicant is an attorney and a member of the law firm of (or practices law under the name of)

Cory Watson, P.C._____, with offices at

2131 Magnolia Avenue South
Street Address

Birmingham_____ | Jefferson_____ | Alabama_____ | 35205_____
City | County | State | Zip Code

205-328-2200_____ | 205-370-1116_____ | 205-324-7896_____ | jtapley@corywatson.com_____
Primary Telephone | Cell Phone | Fax Number | Email Address

3. Applicant has been retained personally or as a member of the above-named law firm by

Woodruff-Roebuck Water District_____ to provide legal representation in connection with the above case now pending before the above-named tribunal of the State of South Carolina.

4. Since _September 26_ of _2003_____, Applicant has been, and presently is, a member in good standing of the bar of the highest court of the District of Columbia or the State of _Alabama_____ where Applicant regularly practices law. Attached is a certificate of good standing dated within the last 90 days from the bar of the highest court of the District of Columbia or the State where applicant regularly practices law. It is not necessary to provide a certificate of good standing from all courts before which you are admitted.

*Page 1 of 4*

ELECTRONICALLY FILED - 2024 Jul 09 5:29 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

ELECTRONICALLY FILED - 2024 Jul 09 5:29 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

5. List all courts before which Applicant has been admitted to practice law, including United States District Courts; United States Circuit Courts of Appeals; the Supreme Court of the United States; and state courts or the District of Columbia.

| Court: | Date Admitted: |
|---|---|
| Alabama Supreme Court | 9/26/2003 |
| Florida Supreme Court | 4/25/2006 |
| Tennessee Supreme Court | 2/17/2022 |
| United States District Court Northern District of Alabama | 10/22/2003 |
| United States District Court Middle District of Alabama | 10/22/2003 |
| United States District Court Southern District of Alabama | 10/22/2003 |
| Please see the attachment for remaining court admission information. | |

Is Applicant presently a member in good standing of the bars of those courts listed above? List any court named in the preceding paragraph that applicant is no longer admitted to practice before.

Yes

6. Is Applicant presently subject to any suspension or disbarment proceedings, or has Applicant been formally notified of any complaints pending before a disciplinary agency? If yes, give particulars, e.g., jurisdiction, court date.

No

7. Has Applicant had any application for admission *pro hac vice* in this or any other jurisdiction denied or any *pro hac vice* admission revoked? If yes give particulars, e.g., date, court, docket number, judge, circumstances; attach a copy of any order of denial or revocation.

No

8. Has Applicant had any certificate or privilege to appear and practice before any court or administrative body suspended or revoked? If yes, give particulars, e.g., date, court, administrative body, date of suspension and reinstatement.

No

9. Please be aware that local counsel must be Rule 403 certified. Local counsel of record associated with Applicant in this case is __Marghretta H. Shisko__ of the __John B. White, Jr., P.A.__

law firm, which has offices at:

291 S. Pine Street/ P.O. Box 2465 (29304)

Street Address

| Spartanburg | Spartanburg | South Carolina | 29305 |
|---|---|---|---|
| City | County | State | Zip Code |
| 864-594-5988 | 864-590-3907 | 864-594-5870 | mshisko@johnbwhitelaw.com |
| Primary Telephone | Cell Phone | Fax Number | Email Address |

ELECTRONICALLY FILED - 2024 Jul 09 5:29 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

100106
_____
South Carolina Bar Number
(You must provide Bar Number)

    10.    Has Applicant previously filed an application to appear *pro hac vice* in South Carolina cases? If yes, give case name and status of litigation, date of application, local counsel of record in each case, and state whether application is pending or was granted.

| No |
|---|

    11. Does Applicant agree to comply with the applicable statutes, laws and rules of the State of South Carolina and familiarize him/herself with and comply with the South Carolina Rules of Professional Conduct? Does Applicant consent to the jurisdiction of the South Carolina courts and Commission on Lawyer Conduct.

| Yes |
|---|

    12.  Applicant respectfully requests to be admitted to practice in the above-named tribunal for this case only.

DATED this ____3ʀᵈ____ day of ____July____, 20 _24_____

_____
APPLICANT

*Page 3 of 4*

# VERIFICATION

STATE OF <u>SOUTH CAROLINA</u>          )

COUNTY OF <u>JEFFERSON</u>          )

I, <u>Frank Jerome Tapley</u>, do hereby swear or affirm under penalty of perjury that I am the applicant in the above-styled matter; that I have read the foregoing application and know the contents thereof; and that the contents are true of my own knowledge, except as to those matters stated on information and belief, and that as to those matters I believe them to be true. I understand that I am under a continuing duty to promptly update the information provided in the application until the tribunal has ruled on the motion for admission pro hac vice. Further, if the motion is granted, I understand that I am under a continuing duty to promptly update the information provided in the application as long as I continue to appear pro hac vice in the action or proceeding. Any updated information shall be provided to both the tribunal that granted the motion and to the tribunal in which the action or proceeding may then be pending.

_____
APPLICANT/AFFIANT

Subscribed and sworn to before me this <u>3rd</u> day of <u>July</u>, 20 <u>24</u>

_____
(Notary Signature)

Notary Public for the State of <u>alabama</u>
My Commission Expires: <u>9/15/24</u>

*(Notary seal: SKYLER PAIGE DONALDSON — MY COMMISSION EXPIRES SEPTEMBER 15, 2024 — NOTARY PUBLIC — STATE OF ALABAMA)*

# LOCAL COUNSEL CONSENT

I hereby consent, as local counsel of record, to the association of applicant in this cause pursuant to Rules Governing Admission *Pro Hac Vice* to the South Carolina Bar.

DATED this <u>9th</u> day of <u>July</u>, 20 <u>24</u>

_____
LOCAL COUNSEL OF RECORD

# CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of this application upon the South Carolina Supreme Court by mail addressed to: South Carolina Supreme Court Office of Bar Admissions, PO Box 11330, Columbia, SC 29211, accompanied by payment of the $250 filing fee payable to the South Carolina Supreme Court on this <u>9th</u> day of <u>July</u>, 20 <u>24</u>

_____

ELECTRONICALLY FILED - 2024 Jul 09 5:29 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

**ATTACHMENT TO PRO HAC VICE APPLICATION OF FRANK JEROME TAPLEY**

| Court | Date Admitted: |
|---|---|
| USDC Northern District of Florida | 12/16/2005 |
| USDC Middle District of Florida | 6/13/2007 |
| USDC Southern District of Indiana | 12/16/2011 |
| US Court of Appeals for the 9th Circuit | 12/30/2011 |
| USDC Southern District of Florida | 4/18/2012 |
| USDC Western District of Wisconsin | 5/24/2013 |
| US Court of Appeals for the 5th Circuit | 6/30/2015 |
| US Court of Appeals for the 11th Circuit | 8/23/2017 |
| US Eastern District of Arkansas | 11/11/2019 |
| US Western District of Arkansas | 11/11/2019 |
| US Court of Appeals for the 6th Circuit | 5/13/2021 |
| USDC Western District of Tennessee | 2/15/2023 |
| United States Supreme Court | 3/20/2023 |
| USDC Northern District of Ohio | 4/13/2023 |
| USDC Eastern District of Tennessee | 5/25/2023 |

ELECTRONICALLY FILED - 2024 Jul 09 5:29 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

ELECTRONICALLY FILED - 2024 Jul 09 5:29 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

# The Supreme Court of Alabama



## Certificate Of Admission

I, Megan B. Rhodebeck, Clerk of the Supreme Court of Alabama, do hereby certify that _____ Frank Jerome Tapley _____ was duly and legally admitted to practice law by the Supreme Court of Alabama on _____ September 26, 2003 _____ and is now an attorney in good standing at the Bar of this Court, as shown by the records of said Court on file in this office.

I further certify that the Supreme Court of Alabama is the highest court of record in this State.

Done on _____ July 1, 2024 _____ with the seal of the Supreme Court of Alabama attached.



Megan B. Rhodebeck
Megan B. Rhodebeck
Clerk of the Supreme Court of Alabama



# The Supreme Court of South Carolina

## Office of Bar Admissions

PATRICIA A. HOWARD
CLERK OF COURT

KATHLEEN "TINA" BRYANT
MANAGER, OFFICE OF BAR
ADMISSIONS

POST OFFICE BOX 11330
COLUMBIA, SOUTH CAROLINA 29211
TELEPHONE: (803) 734-1317
FAX: (803) 734-0394

July 12, 2024

The Honorable Amy W. Cox
Clerk of Court
PO Box 3483
Spartanburg, SC 29304-3483

RE:    Woodruff-Roebuck Water District v. GTI Chemical Solutions, Inc. et al.

Case No.: 2024-CP-42-02480

Dear Ms. Cox:

I certify that the Office of Bar Admissions has received a verified application requesting Frank Jerome Tapley be admitted *pro hac vice* in the above action. The $250 filing fee for the applicant has been paid.

Sincerely,

M.J. Thames
Bar Admissions Coordinator

cc:    Frank Jerome Tapley
       Marghretta H. Shisko

AMY W. COX
SPARTANBURG COUNTY
CLERK OF COURT

2024 JUL 16 AM 10: 51

FILED

ELECTRONICALLY FILED - 2024 Jul 10 12:55 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF SPARTANBURG | FOR THE SEVENTH JUDICIAL CIRCUIT |

WOODRUFF-ROEBUCK WATER DISTRICT,

　　　　　　　　　　　Plaintiff,

　　　　v.

AFL TELECOMMUNICATIONS, LLC *et al.*,

　　　　　　　　　　　Defendants.

CASE NO. 2024-CP-42-02480

**ORDER GRANTING PRO HAC VICE ADMISSION OF FRANK JEROME TAPLEY**

Having considered the Motion of Marghretta H. Shisko, on behalf of Plaintiff Woodruff-Roebuck Water District, to admit Frank Jerome Tapley of Cory Watson, P.C., 2131 Magnolia Avenue South, Birmingham, Alabama 35205, *pro hac vice*, to appear on behalf of the Plaintiff in the above captioned matter and the Verified Application for Admission *Pro Hac Vice* in support thereof, it is hereby

ORDERED that said motion is granted.

**(Judicial E-Signature to Follow)**

ELECTRONICALLY FILED - 2024 Jul 10 12:55 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480



Spartanburg Common Pleas

**Case Caption:**    Woodruff-Roebuck Water District VS   Gti Chemical Solutions, Inc. , defendant, et al

**Case Number:**    2024CP4202480

**Type:**    Order/Pro Hac Vice

IT IS SO ORDERED.

S/GRACE GILCHRIST KNIE - 2760

Electronically signed on 2024-07-10 10:22:43    page 2 of 2

ELECTRONICALLY FILED - 2024 Jul 09 5:53 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

STATE OF SOUTH CAROLINA

COUNTY OF SPARTANBURG

IN THE COURT OF COMMON PLEAS

FOR THE SEVENTH JUDICIAL CIRCUIT

WOODRUFF-ROEBUCK WATER DISTRICT,

Plaintiff,

v.

AFL TELECOMMUNICATIONS, LLC *et al.*,

Defendants.

CASE NO. 2024-CP-42-02480

**MOTION FOR PRO HAC VICE ADMISSION OF ROBERT AKIRA WATSON**

The undersigned local counsel hereby moves, together with the attached Application and Affidavit, that Robert Akira Watson of Cory Watson, P.C., 2131 Magnolia Avenue South, Birmingham, Alabama 35205, be admitted *pro hac vice* in the above captioned matter. As local counsel I understand that:

1. I will personally sign each pleading, motion, discovery procedure, or other document that I serve or file in this court.

2. All pleadings and other documents that I file in this case will contain my name, firm name, address, and phone number and those of my associate counsel admitted *pro hac vice*; and service of all pleadings and notices as required shall be sufficient if served upon me, and it is my responsibility to serve my associate counsel admitted *pro hac vice*.

3. Unless excused by the court, I will be present at all pretrial conferences, hearings, and trials and may attend discovery proceedings. I will be prepared to actively participate, if necessary.

4. As of the date of the filing of this motion, no one has entered an appearance as counsel of record for any defendant in this matter.

1

Mr. Watson is a member in good standing with his local bar association, and the Verified Application for Admission *Pro Hac Vice* in the State of South Carolina setting forth the necessary information required by Rule 404(d), SCACR, is attached to and incorporated into this motion.

Dated: July 9, 2024

RESPECTFULLY SUBMITTED,

**JOHN B. WHITE JR., PA**

By: *s /Marghretta H. Shisko*
John B. White, Jr. (SC Bar No. 5996)
Marghretta H. Shisko (SC Bar No. 100106)
Griffin L. Lynch (SC Bar No. 72518)
291 S. Pine Street
Spartanburg, SC 29302
(864) 594-5988
jwhite@johnbwhitelaw.com
mshisko@johnbwhitelaw.com
glynch@johnbwhitelaw.com

*Attorneys for Plaintiff*

ELECTRONICALLY FILED - 2024 Jul 09 5:53 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

# EXHIBIT

ELECTRONICALLY FILED - 2024 Jul 09 5:53 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

ELECTRONICALLY FILED - 2024 Jul 09 5:53 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

# VERIFIED APPLICATION FOR ADMISSION *PRO HAC VICE* IN THE STATE OF SOUTH CAROLINA

**Please type your answers in the space provided. Provide an answer for every question asked. In your own handwriting, sign in all spaces where a signature is required (no e-signatures). The accompanying certificate of good standing should not be older than 90 days at the time of the filing of this application.**

| | | |
|---|---|---|
| Woodruff-Roebuck Water District | 2024-CP-42-02480 | In The Court of Common Pleas Seventh Judicial Circuit |
| Plaintiff | Case No. | Tribunal |
| vs. | | |
| | Mailing Address of Tribunal: | 180 Magnolia Street |
| GTI Chemical Solutions, Inc. *et al.* | | Spartanburg, SC 29306 |
| Defendant | | |

Comes now  Robert Akira Watson                                    , applicant herein, and respectfully represents the following:

1. Applicant resides at:

▮▮▮▮▮▮▮▮
Street Address

| Birmingham | Jefferson | Alabama | 35222 |
|---|---|---|---|
| City | County | State | Zip Code |

▮▮▮▮▮▮
Telephone

2. Applicant is an attorney and a member of the law firm of (or practices law under the name of)

Cory Watson, P.C.                                    , with offices at

2131 Magnolia Avenue South
Street Address

| Birmingham | Jefferson | Alabama | 35205 |
|---|---|---|---|
| City | County | State | Zip Code |
| 205-328-2200 | 205-354-3666 | 205-324-7896 | awatson@corywatson.com |
| Primary Telephone | Cell Phone | Fax Number | Email Address |

3. Applicant has been retained personally or as a member of the above-named law firm by

Woodruff-Roebuck Water District                                    to provide legal representation in connection with the above case now pending before the above-named tribunal of the State of South Carolina.

4. Since  September 25  of  2020                        , Applicant has been, and presently is, a member in good standing of the bar of the highest court of the District of Columbia or the State of Alabama                        where Applicant regularly practices law. Attached is a certificate of good standing dated within the last 90 days from the bar of the highest court of the District of Columbia or the State where applicant regularly practices law. It is not necessary to provide a certificate of good standing from all courts before which you are admitted.

*Page 1 of 4*

5. List all courts before which Applicant has been admitted to practice law, including United States District Courts; United States Circuit Courts of Appeals; the Supreme Court of the United States; and state courts or the District of Columbia.

| Court: | Date Admitted: |
|---|---|
| Alabama Supreme Court | 9/25/2020 |
| United States District Court Northern District of Alabama | 11/16/2020 |
| United States District Court Southern District of Alabama | 12/2/2020 |
| | |
| | |
| | |
| | |

Is Applicant presently a member in good standing of the bars of those courts listed above? List any court named in the preceding paragraph that applicant is no longer admitted to practice before.

| Yes |
|---|

6. Is Applicant presently subject to any suspension or disbarment proceedings, or has Applicant been formally notified of any complaints pending before a disciplinary agency? If yes, give particulars, e.g., jurisdiction, court date.

| No |
|---|

7. Has Applicant had any application for admission *pro hac vice* in this or any other jurisdiction denied or any *pro hac vice* admission revoked? If yes give particulars, e.g., date, court, docket number, judge, circumstances; attach a copy of any order of denial or revocation.

| No |
|---|

8. Has Applicant had any certificate or privilege to appear and practice before any court or administrative body suspended or revoked? If yes, give particulars, e.g., date, court, administrative body, date of suspension and reinstatement.

| No |
|---|

9. Please be aware that local counsel must be Rule 403 certified. Local counsel of record associated

with Applicant in this case is <u>Marghretta H. Shisko</u> of the <u>John B. White, Jr., P.A.</u>

law firm, which has offices at:

291 S. Pine Street/ P.O. Box 2465 (29304)
<u>Street Address</u>

| <u>Spartanburg</u> | <u>Spartanburg</u> | <u>South Carolina</u> | 29305 |
|---|---|---|---|
| City | County | State | Zip Code |
| 864-594-5988 | 864-590-3907 | 864-594-5870 | mshisko@johnbwhitelaw.com |
| Primary Telephone | Cell Phone | Fax Number | Email Address |

*Page 2 of 4*

ELECTRONICALLY FILED - 2024 Jul 09 5:53 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

100106

South Carolina Bar Number
(You must provide Bar Number)

10.    Has Applicant previously filed an application to appear *pro hac vice* in South Carolina cases? If yes, give case name and status of litigation, date of application, local counsel of record in each case, and state whether application is pending or was granted.

No

11. Does Applicant agree to comply with the applicable statutes, laws and rules of the State of South Carolina and familiarize him/herself with and comply with the South Carolina Rules of Professional Conduct? Does Applicant consent to the jurisdiction of the South Carolina courts and Commission on Lawyer Conduct.

Yes

12.  Applicant respectfully requests to be admitted to practice in the above-named tribunal for this case only.

DATED this _____ day of _____, 20 24

_____
APPLICANT

ELECTRONICALLY FILED - 2024 Jul 09 5:53 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

ELECTRONICALLY FILED - 2024 Jul 09 5:53 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

# VERIFICATION

STATE OF <u>SOUTH CAROLINA</u>            )

COUNTY OF <u>JEFFERSON</u>            )

I, <u>Robert Akira Watson</u>, do hereby swear or affirm under penalty of perjury that I am the applicant in the above-styled matter; that I have read the foregoing application and know the contents thereof; and that the contents are true of my own knowledge, except as to those matters stated on information and belief, and that as to those matters I believe them to be true.  I understand that I am under a continuing duty to promptly update the information provided in the application until the tribunal has ruled on the motion for admission pro hac vice.  Further, if the motion is granted, I understand that I am under a continuing duty to promptly update the information provided in the application as long as I continue to appear pro hac vice in the action or proceeding.  Any updated information shall be provided to both the tribunal that granted the motion and to the tribunal in which the action or proceeding may then be pending.

<u>APPLICANT/AFFIANT</u>

Subscribed and sworn to before me this <u>3rd</u> day of <u>July</u>, 20 <u>24</u>

<u>(Notary Signature)</u>

Notary Public for the State of <u>alabama</u>

My Commission Expires: <u>9/15/24</u>

# LOCAL COUNSEL CONSENT

I hereby consent, as local counsel of record, to the association of applicant in this cause pursuant to Rules Governing Admission *Pro Hac Vice* to the South Carolina Bar.

DATED this <u>9th</u> day of <u>July</u>, 20 <u>24</u>

<u>LOCAL COUNSEL OF RECORD</u>

# CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of this application upon the South Carolina Supreme Court by mail addressed to: South Carolina Supreme Court Office of Bar Admissions, PO Box 11330, Columbia, SC 29211, accompanied by payment of the $250 filing fee payable to the South Carolina Supreme Court on this <u>9th</u> day of <u>July</u>, 20 <u>24</u>

*Page 4 of 4*

# The Supreme Court of Alabama



## Certificate Of Admission

I, Megan B. Rhodebeck, Clerk of the Supreme Court of Alabama, do hereby certify that _____ Robert Akira Watson _____ was duly and legally admitted to practice law by the Supreme Court of Alabama on _____ September 25, 2020 _____ and is now an attorney in good standing at the Bar of this Court, as shown by the records of said Court on file in this office.

I further certify that the Supreme Court of Alabama is the highest court of record in this State.

Done on _____ July 1, 2024 _____ with the seal of the Supreme Court of Alabama attached.



Megan B. Rhodebeck

Megan B. Rhodebeck
Clerk of the Supreme Court of Alabama

ELECTRONICALLY FILED - 2024 Jul 09 5:53 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480



# The Supreme Court of South Carolina

## Office of Bar Admissions

PATRICIA A. HOWARD
CLERK OF COURT

KATHLEEN "TINA" BRYANT
MANAGER, OFFICE OF BAR
ADMISSIONS

POST OFFICE BOX 11330
COLUMBIA, SOUTH CAROLINA 29211
TELEPHONE: (803) 734-1317
FAX: (803) 734-0394

July 12, 2024

The Honorable Amy W. Cox
Clerk of Court
PO Box 3483
Spartanburg, SC 29304-3483

RE:     Woodruff-Roebuck Water District v. GTI Chemical Solutions, Inc. et al.

        Case No.: 2024-CP-42-02480

Dear Ms. Cox:

I certify that the Office of Bar Admissions has received a verified application requesting Robert Akira Watson be admitted *pro hac vice* in the above action. The $250 filing fee for the applicant has been paid.

Sincerely,

M.J. Thames
Bar Admissions Coordinator

cc:     Robert Akira Watson
        Marghretta H. Shisko

AMY W. COX
SPARTANBURG COUNTY
CLERK OF COURT

2024 JUL 16 AM 10: 51

FILED

ELECTRONICALLY FILED - 2024 Jul 10 12:03 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF SPARTANBURG | FOR THE SEVENTH JUDICIAL CIRCUIT |

WOODRUFF-ROEBUCK WATER DISTRICT,

Plaintiff,

v.

AFL TELECOMMUNICATIONS, LLC *et al.*,

Defendants.

CASE NO. 2024-CP-42-02480

**ORDER GRANTING PRO HAC VICE ADMISSION OF ROBERT AKIRA WATSON**

Having considered the Motion of Marghretta H. Shisko, on behalf of Plaintiff Woodruff-Roebuck Water District, to admit Robert Akira Watson of Cory Watson, P.C., 2131 Magnolia Avenue South, Birmingham, Alabama 35205, *pro hac vice*, to appear on behalf of the Plaintiff in the above captioned matter and the Verified Application for Admission *Pro Hac Vice* in support thereof, it is hereby

ORDERED that said motion is granted.

**(Judicial E-Signature to Follow)**



Spartanburg Common Pleas

**Case Caption:**    Woodruff-Roebuck Water District VS  Gti Chemical Solutions, Inc. , defendant, et al

**Case Number:**    2024CP4202480

**Type:**    Order/Pro Hac Vice

IT IS SO ORDERED.

S/GRACE GILCHRIST KNIE - 2760

Electronically signed on 2024-07-10 10:23:13    page 2 of 2

ELECTRONICALLY FILED - 2024 Jul 10 12:03 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

ELECTRONICALLY FILED - 2024 Jul 10 11:59 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

STATE OF SOUTH CAROLINA

COUNTY OF SPARTANBURG

WOODRUFF-ROEBUCK WATER
DISTRICT,

                              Plaintiff,

        v.

AFL TELECOMMUNICATIONS, LLC *et
al.*,

                              Defendants.

IN THE COURT OF COMMON PLEAS

FOR THE SEVENTH JUDICIAL CIRCUIT

CASE NO. 2024-CP-42-02480

**ORDER GRANTING PRO HAC
VICE ADMISSION OF ADAM WADE
PITTMAN**

Having considered the Motion of Marghretta H. Shisko, on behalf of Plaintiff Woodruff-Roebuck Water District, to admit Adam Wade Pittman of Cory Watson, P.C., 2131 Magnolia Avenue South, Birmingham, Alabama 35205, *pro hac vice*, to appear on behalf of the Plaintiff in the above captioned matter and the Verified Application for Admission *Pro Hac Vice* in support thereof, it is hereby

ORDERED that said motion is granted.

**(Judicial E-Signature to Follow)**



Spartanburg Common Pleas

**Case Caption:**    Woodruff-Roebuck Water District VS   Gti Chemical Solutions, Inc. , defendant, et al

**Case Number:**    2024CP4202480

**Type:**    Order/Pro Hac Vice

IT IS SO ORDERED.

S/GRACE GILCHRIST KNIE - 2760

Electronically signed on 2024-07-10 10:23:03    page 2 of 2

ELECTRONICALLY FILED - 2024 Jul 10 11:59 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

ELECTRONICALLY FILED - 2024 Jul 10 12:55 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

STATE OF SOUTH CAROLINA

COUNTY OF SPARTANBURG

IN THE COURT OF COMMON PLEAS

FOR THE SEVENTH JUDICIAL CIRCUIT

WOODRUFF-ROEBUCK WATER
DISTRICT,

Plaintiff,

v.

AFL TELECOMMUNICATIONS, LLC *et al.*,

Defendants.

CASE NO. 2024-CP-42-02480

**ORDER GRANTING PRO HAC VICE ADMISSION OF FRANK JEROME TAPLEY**

Having considered the Motion of Marghretta H. Shisko, on behalf of Plaintiff Woodruff-Roebuck Water District, to admit Frank Jerome Tapley of Cory Watson, P.C., 2131 Magnolia Avenue South, Birmingham, Alabama 35205, *pro hac vice*, to appear on behalf of the Plaintiff in the above captioned matter and the Verified Application for Admission *Pro Hac Vice* in support thereof, it is hereby

ORDERED that said motion is granted.

**(Judicial E-Signature to Follow)**



Spartanburg Common Pleas

**Case Caption:**    Woodruff-Roebuck Water District VS   Gti Chemical Solutions, Inc. , defendant, et al

**Case Number:**    2024CP4202480

**Type:**    Order/Pro Hac Vice

IT IS SO ORDERED.

S/GRACE GILCHRIST KNIE - 2760

Electronically signed on 2024-07-10 10:22:43    page 2 of 2

ELECTRONICALLY FILED - 2024 Jul 10 12:55 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

ELECTRONICALLY FILED - 2024 Jul 10 12:03 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF SPARTANBURG | FOR THE SEVENTH JUDICIAL CIRCUIT |

WOODRUFF-ROEBUCK WATER DISTRICT,

Plaintiff,

v.

AFL TELECOMMUNICATIONS, LLC *et al.*,

Defendants.

CASE NO. 2024-CP-42-02480

**ORDER GRANTING PRO HAC VICE ADMISSION OF ROBERT AKIRA WATSON**

Having considered the Motion of Marghretta H. Shisko, on behalf of Plaintiff Woodruff-Roebuck Water District, to admit Robert Akira Watson of Cory Watson, P.C., 2131 Magnolia Avenue South, Birmingham, Alabama 35205, *pro hac vice*, to appear on behalf of the Plaintiff in the above captioned matter and the Verified Application for Admission *Pro Hac Vice* in support thereof, it is hereby

ORDERED that said motion is granted.

**(Judicial E-Signature to Follow)**

ELECTRONICALLY FILED - 2024 Jul 10 12:03 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480



Spartanburg Common Pleas

**Case Caption:**     Woodruff-Roebuck Water District VS   Gti Chemical Solutions, Inc. , defendant, et al

**Case Number:**     2024CP4202480

**Type:**     Order/Pro Hac Vice

IT IS SO ORDERED.

S/GRACE GILCHRIST KNIE - 2760

Electronically signed on 2024-07-10 10:23:13     page 2 of 2

ELECTRONICALLY FILED - 2024 Jul 15 3:02 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

STATE OF SOUTH CAROLINA

COUNTY OF SPARTANBURG

WOODRUFF-ROEBUCK WATER DISTRICT,

Plaintiff,

v.

AFL TELECOMMUNICATIONS, LLC *et al.*,

Defendants.

IN THE COURT OF COMMON PLEAS

FOR THE SEVENTH JUDICIAL CIRCUIT

CASE NO. 2024-CP-42-02480

**MOTION FOR PRO HAC VICE ADMISSION OF HIRLYE RAY LUTZ, III**

The undersigned local counsel hereby moves, together with the attached Application and Affidavit, that Hirlye Ray Lutz, III of Cory Watson, P.C., 2131 Magnolia Avenue South, Birmingham, Alabama 35205, be admitted *pro hac vice* in the above captioned matter. As local counsel I understand that:

1. I will personally sign each pleading, motion, discovery procedure, or other document that I serve or file in this court.

2. All pleadings and other documents that I file in this case will contain my name, firm name, address, and phone number and those of my associate counsel admitted *pro hac vice*; and service of all pleadings and notices as required shall be sufficient if served upon me, and it is my responsibility to serve my associate counsel admitted *pro hac vice*.

3. Unless excused by the court, I will be present at all pretrial conferences, hearings, and trials and may attend discovery proceedings. I will be prepared to actively participate, if necessary.

4. As of the date of the filing of this motion, no one has entered an appearance as counsel of record for any defendant in this matter.

1

Mr. Lutz is a member in good standing with his local bar association, and the Verified Application for Admission *Pro Hac Vice* in the State of South Carolina setting forth the necessary information required by Rule 404(d), SCACR, is attached to and incorporated into this motion.

Dated: July 15, 2024

RESPECTFULLY SUBMITTED,

**JOHN B. WHITE JR., PA**

By: *s /John B. White, Jr.*
John B. White, Jr. (SC Bar No. 5996)
Marghretta H. Shisko (SC Bar No. 100106)
Griffin L. Lynch (SC Bar No. 72518)
291 S. Pine Street
Spartanburg, SC 29302
(864) 594-5988
jwhite@johnbwhitelaw.com
mshisko@johnbwhitelaw.com
glynch@johnbwhitelaw.com

*Attorneys for Plaintiff*

ELECTRONICALLY FILED - 2024 Jul 15 3:02 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

# EXHIBIT

ELECTRONICALLY FILED - 2024 Jul 15 3:02 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

ELECTRONICALLY FILED - 2024 Jul 15 3:02 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

# VERIFIED APPLICATION FOR ADMISSION *PRO HAC VICE*
## IN THE STATE OF SOUTH CAROLINA

**Please type your answers in the space provided. Provide an answer for every question asked. In your own handwriting, sign in all spaces where a signature is required (no e-signatures). The accompanying certificate of good standing should not be older than 90 days at the time of the filing of this application.**

Woodruff-Roebuck Water District
Plaintiff

vs.

GTI Chemical Solutions, Inc. *et al.*
Defendant

Case No. 2024-CP-42-02480

In The Court of Common Pleas Seventh Judicial Circuit
Tribunal

Mailing Address of Tribunal:
180 Magnolia Street
Spartanburg, SC 29306

Comes now  Hirlye Ray Lutz, III , applicant herein, and respectfully represents the following:

1.  Applicant resides at:

▓▓▓▓▓
Street Address

| Vestavia Hills | Jefferson | Alabama | 35216 |
|---|---|---|---|
| City | County | State | Zip Code |

▓▓▓▓▓
Telephone

2.  Applicant is an attorney and a member of the law firm of (or practices law under the name of)

Cory Watson, P.C. , with offices at

2131 Magnolia Avenue South
Street Address

| Birmingham | Jefferson | Alabama | 35205 |
|---|---|---|---|
| City | County | State | Zip Code |
| 205-328-2200 | 205-914-1502 | 205-324-7896 | rlutz@corywatson.com |
| Primary Telephone | Cell Phone | Fax Number | Email Address |

3.  Applicant has been retained personally or as a member of the above-named law firm by

Woodruff-Roebuck Water District  to provide legal representation in connection with the above case now pending before the above-named tribunal of the State of South Carolina.

4.  Since  September 26  of  2006 , Applicant has been, and presently is, a member in good standing of the bar of the highest court of the District of Columbia or the State of  Alabama  where Applicant regularly practices law.  Attached is a certificate of good standing dated within the last 90 days from the bar of the highest court of the District of Columbia or the State where applicant regularly practices law. It is not necessary to provide a certificate of good standing from all courts before which you are admitted.

*Page 1 of 4*

5. List all courts before which Applicant has been admitted to practice law, including United States District Courts; United States Circuit Courts of Appeals; the Supreme Court of the United States; and state courts or the District of Columbia.

| Court: | Date Admitted: |
|---|---|
| Alabama Supreme Court | 9/26/2006 |
| United States District Court Northern District of Alabama | 10/19/2006 |
| United States District Court Middle District of Alabama | 10/19/2006 |
| United States District Court Southern District of Alabama | 10/19/2006 |
| United States District Court Western District of Wisconsin | 5/24/2013 |
| United States District Court Southern District of Indiana | 12/16/2011 |
| Please see the attachment below for remaining courts. | |

Is Applicant presently a member in good standing of the bars of those courts listed above? List any court named in the preceding paragraph that applicant is no longer admitted to practice before.

Yes

6. Is Applicant presently subject to any suspension or disbarment proceedings, or has Applicant been formally notified of any complaints pending before a disciplinary agency? If yes, give particulars, e.g., jurisdiction, court date.

No

7. Has Applicant had any application for admission *pro hac vice* in this or any other jurisdiction denied or any *pro hac vice* admission revoked? If yes give particulars, e.g., date, court, docket number, judge, circumstances; attach a copy of any order of denial or revocation.

No

8. Has Applicant had any certificate or privilege to appear and practice before any court or administrative body suspended or revoked? If yes, give particulars, e.g., date, court, administrative body, date of suspension and reinstatement.

No

9. Please be aware that local counsel must be Rule 403 certified. Local counsel of record associated

with Applicant in this case is John B. White                    of the John B. White, Jr., P.A.

law firm, which has offices at:

291 S. Pine Street/ P.O. Box 2465 (29304)

Street Address

| Spartanburg | Spartanburg | South Carolina | 29305 |
|---|---|---|---|
| City | County | State | Zip Code |
| 864-594-5988 | 864-706-8701 | 864-594-5870 | johnwhite@johnbwhitelaw.com |
| Primary Telephone | Cell Phone | Fax Number | Email Address |

ELECTRONICALLY FILED - 2024 Jul 15 3:02 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

*Page 2 of 4*

ELECTRONICALLY FILED - 2024 Jul 15 3:02 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

5996

South Carolina Bar Number
(You must provide Bar Number)

10.     Has Applicant previously filed an application to appear *pro hac vice* in South Carolina cases? If yes, give case name and status of litigation, date of application, local counsel of record in each case, and state whether application is pending or was granted.

| No |
|---|

11. Does Applicant agree to comply with the applicable statutes, laws and rules of the State of South Carolina and familiarize him/herself with and comply with the South Carolina Rules of Professional Conduct? Does Applicant consent to the jurisdiction of the South Carolina courts and Commission on Lawyer Conduct.

| Yes |
|---|

12. Applicant respectfully requests to be admitted to practice in the above-named tribunal for this case only.

DATED this _____3rd_____ day of _____July_____, 20 _24_



APPLICANT

ELECTRONICALLY FILED - 2024 Jul 15 3:02 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

# VERIFICATION

STATE OF SOUTH CAROLINA        )

COUNTY OF JEFFERSON        )

I, HIRLYE RAY LUTZ, III , do hereby swear or affirm under penalty of perjury that I am the applicant in the above-styled matter; that I have read the foregoing application and know the contents thereof; and that the contents are true of my own knowledge, except as to those matters stated on information and belief, and that as to those matters I believe them to be true. I understand that I am under a continuing duty to promptly update the information provided in the application until the tribunal has ruled on the motion for admission pro hac vice. Further, if the motion is granted, I understand that I am under a continuing duty to promptly update the information provided in the application as long as I continue to appear pro hac vice in the action or proceeding. Any updated information shall be provided to both the tribunal that granted the motion and to the tribunal in which the action or proceeding may then be pending.

_____
APPLICANT/AFFIANT

Subscribed and sworn to before me this    3rd    day of    July    , 20 24

_____
(Notary Signature)

Notary Public for the State of    alabama

My Commission Expires: 9/15/24

# LOCAL COUNSEL CONSENT

I hereby consent, as local counsel of record, to the association of applicant in this cause pursuant to Rules Governing Admission *Pro Hac Vice* to the South Carolina Bar.

DATED this    15th    day of    July    , 20 24

_____
LOCAL COUNSEL OF RECORD

# CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of this application upon the South Carolina Supreme Court by mail addressed to: South Carolina Supreme Court Office of Bar Admissions, PO Box 11330, Columbia, SC 29211, accompanied by payment of the $250 filing fee payable to the South Carolina Supreme Court on this ____ 15th    day of    July    , 20 24

_____

## ATTACHMENT TO PRO HAC VICE APPLICATION OF HIRLYE R. LUTZ, III

| Court | Date Admitted: |
| --- | --- |
| US Court of Appeals for the 5th Circuit | 6/30/2015 |
| US Court of Appeals for the 9th Circuit | 12/30/2011 |
| US Court of Appeals for the 11th Circuit | 2/5/2014 |

ELECTRONICALLY FILED - 2024 Jul 15 3:02 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

# The Supreme Court of Alabama



## Certificate Of Admission

I, Megan B. Rhodebeck, Clerk of the Supreme Court of Alabama, do hereby certify that _____ Hirlye Ray Lutz III _____ was duly and legally admitted to practice law by the Supreme Court of Alabama on _____ September 29, 2006 _____ and is now an attorney in good standing at the Bar of this Court, as shown by the records of said Court on file in this office.

I further certify that the Supreme Court of Alabama is the highest court of record in this State.

Done on _____ July 1, 2024 _____

with the seal of the Supreme Court of Alabama attached.



Megan B. Rhodebeck

Megan B. Rhodebeck
Clerk of the Supreme Court of Alabama

ELECTRONICALLY FILED - 2024 Jul 15 3:02 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480



# The Supreme Court of South Carolina

## Office of Bar Admissions

PATRICIA A. HOWARD
CLERK OF COURT

KATHLEEN "TINA" BRYANT
MANAGER, OFFICE OF BAR
ADMISSIONS

POST OFFICE BOX 11330
COLUMBIA, SOUTH CAROLINA 29211
TELEPHONE: (803) 734-1317
FAX: (803) 734-0394

July 26, 2024

The Honorable Amy W. Cox
Clerk of Court
PO Box 3483
Spartanburg, SC 29304-3483

RE:     Woodruff-Roebuck Water District v. GTI Chemical Solutions, Inc. et al.

Case No.: 2024-CP-42-02480

Dear Ms. Cox:

I certify that the Office of Bar Admissions has received a verified application requesting Hirlye Ray Lutz III be admitted *pro hac vice* in the above action. The $250 filing fee for the applicant has been paid.

Sincerely,

M.J. Thames
Bar Admissions Coordinator

cc:     Hirlye Ray Lutz III
John B. White

AMY W. COX
SPARTANBURG COUNTY
CLERK OF COURT

2024 JUL 31 AM 11:11

FILED

ELECTRONICALLY FILED - 2024 Jul 15 4:27 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF SPARTANBURG | FOR THE SEVENTH JUDICIAL CIRCUIT |

WOODRUFF-ROEBUCK WATER DISTRICT,

                    Plaintiff,

        v.

AFL TELECOMMUNICATIONS, LLC *et al.*,

                  Defendants.

CASE NO. 2024-CP-42-02480

**ORDER GRANTING PRO HAC VICE ADMISSION OF HIRLYE RYAN LUTZ, III**

Having considered the Motion of John B. White, Jr. on behalf of Plaintiff Woodruff-Roebuck Water District, to admit Hirlye Ryan Lutz, III of Cory Watson, P.C., 2131 Magnolia Avenue South, Birmingham, Alabama 35205, *pro hac vice*, to appear on behalf of the Plaintiff in the above captioned matter and the Verified Application for Admission *Pro Hac Vice* in support thereof, it is hereby

ORDERED that said motion is granted.

**(Judicial E-Signature to Follow)**

ELECTRONICALLY FILED - 2024 Jul 15 4:27 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480



Spartanburg Common Pleas

**Case Caption:**     Woodruff-Roebuck Water District VS   Gti Chemical Solutions, Inc. , defendant, et al

**Case Number:**     2024CP4202480

**Type:**     Order/Pro Hac Vice

IT IS SO ORDERED.

S/GRACE GILCHRIST KNIE - 2760

Electronically signed on 2024-07-15 16:09:23     page 2 of 2

ELECTRONICALLY FILED - 2024 Jul 15 2:41 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

STATE OF SOUTH CAROLINA

COUNTY OF SPARTANBURG

WOODRUFF-ROEBUCK WATER
DISTRICT,

Plaintiff,

v.

AFL TELECOMMUNICATIONS, LLC *et
al.*,

Defendants.

IN THE COURT OF COMMON PLEAS

FOR THE SEVENTH JUDICIAL CIRCUIT

CASE NO. 2024-CP-42-02480

**MOTION FOR PRO HAC VICE
ADMISSION OF BRETT COOPER
THOMPSON**

The undersigned local counsel hereby moves, together with the attached Application and Affidavit, that Brett Cooper Thompson of Cory Watson, P.C., 2131 Magnolia Avenue South, Birmingham, Alabama 35205, be admitted *pro hac vice* in the above captioned matter. As local counsel I understand that:

1. I will personally sign each pleading, motion, discovery procedure, or other document that I serve or file in this court.

2. All pleadings and other documents that I file in this case will contain my name, firm name, address, and phone number and those of my associate counsel admitted *pro hac vice*; and service of all pleadings and notices as required shall be sufficient if served upon me, and it is my responsibility to serve my associate counsel admitted *pro hac vice*.

3. Unless excused by the court, I will be present at all pretrial conferences, hearings, and trials and may attend discovery proceedings. I will be prepared to actively participate, if necessary.

4. As of the date of the filing of this motion, no one has entered an appearance as counsel of record for any defendant in this matter.

1

Mr. Thompson is a member in good standing with his local bar association, and the Verified

Application for Admission *Pro Hac Vice* in the State of South Carolina setting forth the necessary

information required by Rule 404(d), SCACR, is attached to and incorporated into this motion.

Dated: July 15, 2024

RESPECTFULLY SUBMITTED,

**JOHN B. WHITE JR., PA**

By: *s /John B. White, Jr.*
John B. White, Jr. (SC Bar No. 5996)
Marghretta H. Shisko (SC Bar No. 100106)
Griffin L. Lynch (SC Bar No. 72518)
291 S. Pine Street
Spartanburg, SC 29302
(864) 594-5988
jwhite@johnbwhitelaw.com
mshisko@johnbwhitelaw.com
glynch@johnbwhitelaw.com

*Attorneys for Plaintiff*

ELECTRONICALLY FILED - 2024 Jul 15 2:41 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

# EXHIBIT

ELECTRONICALLY FILED - 2024 Jul 15 2:41 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

# VERIFIED APPLICATION FOR ADMISSION *PRO HAC VICE*
# IN THE STATE OF SOUTH CAROLINA

**Please type your answers in the space provided. Provide an answer for every question asked. In your own handwriting, sign in all spaces where a signature is required (no e-signatures). The accompanying certificate of good standing should not be older than 90 days at the time of the filing of this application.**

Woodruff-Roebuck Water District
_____
Plaintiff

vs.

GTI Chemical Solutions, Inc. *et al.*
_____
Defendant

2024-CP-42-02480
_____
Case No.

In The Court of Common Pleas Seventh Judicial Circuit
_____
Tribunal

Mailing Address of Tribunal:

180 Magnolia Street
Spartanburg, SC 29306
_____

Comes now  Brett Cooper Thompson _____, applicant herein, and respectfully represents the following:

1. Applicant resides at:

███████████
_____
Street Address

Birmingham | Jefferson | Alabama | 35222
City | County | State | Zip Code

████████
_____
Telephone

2. Applicant is an attorney and a member of the law firm of (or practices law under the name of)

Cory Watson, P.C.
_____, with offices at

2131 Magnolia Avenue South
_____
Street Address

Birmingham | Jefferson | Alabama | 35205
City | County | State | Zip Code

205-328-2200 | 615-870-8952 | 205-324-7896 | bthompson@corywatson.com
Primary Telephone | Cell Phone | Fax Number | Email Address

3. Applicant has been retained personally or as a member of the above-named law firm by

Woodruff-Roebuck Water District _____ to provide legal representation in connection with the above case now pending before the above-named tribunal of the State of South Carolina.

4. Since  September 30  of  2011 _____, Applicant has been, and presently is, a member in good standing of the bar of the highest court of the District of Columbia or the State of Alabama _____ where Applicant regularly practices law. Attached is a certificate of good standing dated within the last 90 days from the bar of the highest court of the District of Columbia or the State where applicant regularly practices law. It is not necessary to provide a certificate of good standing from all courts before which you are admitted.

*Page 1 of 4*

ELECTRONICALLY FILED - 2024 Jul 15 2:41 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

ELECTRONICALLY FILED - 2024 Jul 15 2:41 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

5. List all courts before which Applicant has been admitted to practice law, including United States District Courts; United States Circuit Courts of Appeals; the Supreme Court of the United States; and state courts or the District of Columbia.

| Court: | Date Admitted: |
|---|---|
| Alabama Supreme Court | 9/30/2011 |
| United States District Court Northern District of Alabama | 10/19/2011 |
| United States District Court Middle District of Alabama | 10/19/2011 |
| United States District Court Southern District of Alabama | 3/7/2018 |
|  |  |
|  |  |
|  |  |

Is Applicant presently a member in good standing of the bars of those courts listed above? List any court named in the preceding paragraph that applicant is no longer admitted to practice before.

| Yes |
|---|

6. Is Applicant presently subject to any suspension or disbarment proceedings, or has Applicant been formally notified of any complaints pending before a disciplinary agency? If yes, give particulars, e.g., jurisdiction, court date.

| No |
|---|

7. Has Applicant had any application for admission *pro hac vice* in this or any other jurisdiction denied or any *pro hac vice* admission revoked? If yes give particulars, e.g., date, court, docket number, judge, circumstances; attach a copy of any order of denial or revocation.

| No |
|---|

8. Has Applicant had any certificate or privilege to appear and practice before any court or administrative body suspended or revoked? If yes, give particulars, e.g., date, court, administrative body, date of suspension and reinstatement.

| No |
|---|

9. Please be aware that local counsel must be Rule 403 certified. Local counsel of record associated

with Applicant in this case is ___John B. White___ of the ___John B. White, Jr., P.A.___

law firm, which has offices at:

291 S. Pine Street/ P.O. Box 2465 (29304)
_____
Street Address

| Spartanburg | Spartanburg | South Carolina | 29305 |
|---|---|---|---|
| City | County | State | Zip Code |
| 864-594-5988 | 864-706-8701 | 864-594-5870 | johnwhite@johnbwhitelaw.com |
| Primary Telephone | Cell Phone | Fax Number | Email Address |

ELECTRONICALLY FILED - 2024 Jul 15 2:41 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

5996

South Carolina Bar Number
(You must provide Bar Number)

10.    Has Applicant previously filed an application to appear *pro hac vice* in South Carolina cases? If yes, give case name and status of litigation, date of application, local counsel of record in each case, and state whether application is pending or was granted.

No

11. Does Applicant agree to comply with the applicable statutes, laws and rules of the State of South Carolina and familiarize him/herself with and comply with the South Carolina Rules of Professional Conduct? Does Applicant consent to the jurisdiction of the South Carolina courts and Commission on Lawyer Conduct.

Yes

12. Applicant respectfully requests to be admitted to practice in the above-named tribunal for this case only.

DATED this _____3rd_____ day of ___July___, 20 _24_

_____
APPLICANT

# VERIFICATION

STATE OF SOUTH CAROLINA                    )

COUNTY OF JEFFERSON                          )

I, Brett Cooper Thompson , do hereby swear or affirm under penalty of perjury that I am the applicant in the above-styled matter; that I have read the foregoing application and know the contents thereof; and that the contents are true of my own knowledge, except as to those matters stated on information and belief, and that as to those matters I believe them to be true. I understand that I am under a continuing duty to promptly update the information provided in the application until the tribunal has ruled on the motion for admission pro hac vice. Further, if the motion is granted, I understand that I am under a continuing duty to promptly update the information provided in the application as long as I continue to appear pro hac vice in the action or proceeding. Any updated information shall be provided to both the tribunal that granted the motion and to the tribunal in which the action or proceeding may then be pending.

APPLICANT/AFFIANT

Subscribed and sworn to before me this ___3rd___ day of ___July___, 20 24

_____
(Notary Signature)

Notary Public for the State of alabama
My Commission Expires: 9/18/24

# LOCAL COUNSEL CONSENT

I hereby consent, as local counsel of record, to the association of applicant in this cause pursuant to Rules Governing Admission *Pro Hac Vice* to the South Carolina Bar.

DATED this ___15th___ day of ___July___, 20 24

_____
LOCAL COUNSEL OF RECORD

# CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of this application upon the South Carolina Supreme Court by mail addressed to: South Carolina Supreme Court Office of Bar Admissions, PO Box 11330, Columbia, SC 29211, accompanied by payment of the $250 filing fee payable to the South Carolina Supreme Court on this ___15th___ day of ___July___, 20 24

*Page 4 of 4*

ELECTRONICALLY FILED - 2024 Jul 15 2:41 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

ELECTRONICALLY FILED - 2024 Jul 15 2:41 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

# The Supreme Court of Alabama



## Certificate Of Admission

I, Megan B. Rhodebeck, Clerk of the Supreme Court of Alabama, do hereby certify that _____ Brett Cooper Thompson _____ was duly and legally admitted to practice law by the Supreme Court of Alabama on _____ September 30, 2011 _____ and is now an attorney in good standing at the Bar of this Court, as shown by the records of said Court on file in this office.

I further certify that the Supreme Court of Alabama is the highest court of record in this State.

Done on _____ July 1, 2024 _____ with the seal of the Supreme Court of Alabama attached.



*Megan B. Rhodebeck*

Megan B. Rhodebeck
Clerk of the Supreme Court of Alabama



# The Supreme Court of South Carolina

## Office of Bar Admissions

PATRICIA A. HOWARD
CLERK OF COURT

KATHLEEN "TINA" BRYANT
MANAGER, OFFICE OF BAR
ADMISSIONS

POST OFFICE BOX 11330
COLUMBIA, SOUTH CAROLINA 29211
TELEPHONE: (803) 734-1317
FAX: (803) 734-0394

July 26, 2024

The Honorable Amy W. Cox
Clerk of Court
PO Box 3483
Spartanburg, SC 29304-3483

RE:    Woodruff-Roebuck Water District v. GTI Chemical Solutions, Inc. et al.

        Case No.: 2024-CP-42-02480

Dear Ms. Cox:

I certify that the Office of Bar Admissions has received a verified application requesting Brett Cooper Thompson be admitted *pro hac vice* in the above action. The $250 filing fee for the applicant has been paid.

Sincerely,

M.J. Thames
Bar Admissions Coordinator

cc:    Brett Cooper Thompson
       John B. White

AMY W. COX
SPARTANBURG COUNTY
CLERK OF COURT

2024 JUL 31 AM 11: 11

FILED

ELECTRONICALLY FILED - 2024 Jul 15 4:27 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF SPARTANBURG | FOR THE SEVENTH JUDICIAL CIRCUIT |

WOODRUFF-ROEBUCK WATER DISTRICT,

Plaintiff,

v.

AFL TELECOMMUNICATIONS, LLC *et al.*,

Defendants.

CASE NO. 2024-CP-42-02480

**ORDER GRANTING PRO HAC VICE ADMISSION OF BRETT COOPER THOMPSON**

Having considered the Motion of John B. White, Jr., on behalf of Plaintiff Woodruff-Roebuck Water District, to admit Brett Cooper Thompson of Cory Watson, P.C., 2131 Magnolia Avenue South, Birmingham, Alabama 35205, *pro hac vice*, to appear on behalf of the Plaintiff in the above captioned matter and the Verified Application for Admission *Pro Hac Vice* in support thereof, it is hereby

ORDERED that said motion is granted.

**(Judicial E-Signature to Follow)**

ELECTRONICALLY FILED - 2024 Jul 15 4:27 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480



Spartanburg Common Pleas

**Case Caption:**    Woodruff-Roebuck Water District VS   Gti Chemical Solutions, Inc. , defendant, et al

**Case Number:**    2024CP4202480

**Type:**    Order/Pro Hac Vice

IT IS SO ORDERED.

S/GRACE GILCHRIST KNIE - 2760

Electronically signed on 2024-07-15 16:09:43     page 2 of 2

ELECTRONICALLY FILED - 2024 Jul 15 4:57 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF SPARTANBURG | ) | FOR THE SEVENTH JUDICIAL CIRCUIT |
| | ) | |
| Woodruff-Roebuck Water District, | ) | |
| | ) | CA No.:2024-CP-42-02480 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **PROOF OF SERVICE** |
| | ) | |
| AFL Telecommunications, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Please see attached Proof of Service of Amended Summons and Amended Complaint and Plaintiff's First Interrogatories and Requests for Production to AFL Telecommunications, LLC upon AFL Telecommunications, LLC.

**JOHN B. WHITE, JR., PA**

BY:  _s/ John B. White, Jr._
      John B. White, SC Bar No. 05996
      Marghretta H. Shisko, SC Bar No. 100106
      Christopher R. Jones, SC Bar No. 101265
      Griffin L. Lynch, SC Bar No. 72518
      Post Office Box 2465 (29304)
      291 S. Pine Street
      Spartanburg, South Carolina 29302
      PHONE:  (864) 594-5988
      jwhite@johnbwhitelaw.com
      mshisko@johnbwhitelaw.com
      cjones@johnbwhitelaw.com
      glynch@johnbwhitelaw.com

      Attorneys for Plaintiff

Spartanburg, SC
July 15, 2024

ELECTRONICALLY FILED - 2024 Jul 15 4:57 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

**SENDER:** *COMPLETE THIS SECTION*

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

AFL Communications, LLC
C/O Registered Agent:
Cogency Global, Inc.
2 Office Park Court, Suite 103
Columbia, South Carolina 29223

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9402 8338 3094 1939 42

2. Article Number *(Transfer from service label)*

9589 0710 5270 0738 2822 87

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature Johnson
X  *Pam Johnson*
☐ Agent
☐ Addressee

B. Received by *(Printed Name)*          C. Date of Delivery
7/11/24

D. Is delivery address different from item 1?  ☑ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☑ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ...ail
☐ ...ail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☑ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053                    Domestic Return Receipt

ELECTRONICALLY FILED - 2024 Jul 15 4:57 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF SPARTANBURG | ) | FOR THE SEVENTH JUDICIAL CIRCUIT |
| | ) | |
| Woodruff-Roebuck Water District, | ) | |
| | ) | CA No.:2024-CP-42-02480 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **PROOF OF SERVICE** |
| | ) | |
| AFL Telecommunications, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Please see attached Proof of Service of Amended Summons and Amended Complaint and Plaintiff's First Interrogatories and Requests for Production to Cryovac, LLC upon Cryovac, LLC.

**JOHN B. WHITE, JR., PA**

BY:   _s/ John B. White, Jr._
        John B. White, SC Bar No. 05996
        Marghretta H. Shisko, SC Bar No. 100106
        Christopher R. Jones, SC Bar No. 101265
        Griffin L. Lynch, SC Bar No. 72518
        Post Office Box 2465 (29304)
        291 S. Pine Street
        Spartanburg, South Carolina 29302
        PHONE:  (864) 594-5988
        jwhite@johnbwhitelaw.com
        mshisko@johnbwhitelaw.com
        cjones@johnbwhitelaw.com
        glynch@johnbwhitelaw.com

        Attorneys for Plaintiff

Spartanburg, SC
July 15, 2024



ELECTRONICALLY FILED - 2024 Jul 15 4:57 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480



# The Supreme Court of South Carolina

## Office of Bar Admissions

PATRICIA A. HOWARD
CLERK OF COURT

KATHLEEN "TINA" BRYANT
MANAGER, OFFICE OF BAR
ADMISSIONS

POST OFFICE BOX 11330
COLUMBIA, SOUTH CAROLINA 29211
TELEPHONE: (803) 734-1317
FAX: (803) 734-0394

July 12, 2024

The Honorable Amy W. Cox
Clerk of Court
PO Box 3483
Spartanburg, SC 29304-3483

RE:     Woodruff-Roebuck Water District v. GTI Chemical Solutions, Inc. et al.

Case No.: 2024-CP-42-02480

Dear Ms. Cox:

I certify that the Office of Bar Admissions has received a verified application requesting Adam Wade Pittman be admitted *pro hac vice* in the above action. The $250 filing fee for the applicant has been paid.

Sincerely,

MJ Thames
Bar Admissions Coordinator

cc:     Adam Wade Pittman
        Marghretta H. Shisko

AMY W. COX
SPARTANBURG COUNTY
CLERK OF COURT

2024 JUL 16 AM 10: 51

FILED



# The Supreme Court of South Carolina

## Office of Bar Admissions

PATRICIA A. HOWARD
CLERK OF COURT

KATHLEEN "TINA" BRYANT
MANAGER, OFFICE OF BAR
ADMISSIONS

POST OFFICE BOX 11330
COLUMBIA, SOUTH CAROLINA 29211
TELEPHONE: (803) 734-1317
FAX: (803) 734-0394

July 12, 2024

The Honorable Amy W. Cox
Clerk of Court
PO Box 3483
Spartanburg, SC 29304-3483

RE:    Woodruff-Roebuck Water District v. GTI Chemical Solutions, Inc. et al.

       Case No.: 2024-CP-42-02480

Dear Ms. Cox:

I certify that the Office of Bar Admissions has received a verified application requesting Frank Jerome Tapley be admitted *pro hac vice* in the above action. The $250 filing fee for the applicant has been paid.

Sincerely,

M.J. Thames
Bar Admissions Coordinator

cc:    Frank Jerome Tapley
      Marghretta H. Shisko

AMY W. COX
SPARTANBURG COUNTY
CLERK OF COURT

2024 JUL 16 AM 10: 51

FILED



# The Supreme Court of South Carolina

## Office of Bar Admissions

PATRICIA A. HOWARD
CLERK OF COURT

KATHLEEN "TINA" BRYANT
MANAGER, OFFICE OF BAR
ADMISSIONS

POST OFFICE BOX 11330
COLUMBIA, SOUTH CAROLINA 29211
TELEPHONE: (803) 734-1317
FAX: (803) 734-0394

July 12, 2024

The Honorable Amy W. Cox
Clerk of Court
PO Box 3483
Spartanburg, SC 29304-3483

RE:    Woodruff-Roebuck Water District v. GTI Chemical Solutions, Inc. et al.

Case No.: 2024-CP-42-02480

Dear Ms. Cox:

I certify that the Office of Bar Admissions has received a verified application requesting Robert Akira Watson be admitted *pro hac vice* in the above action. The $250 filing fee for the applicant has been paid.

Sincerely,

M.J. Thames
Bar Admissions Coordinator

cc:    Robert Akira Watson
       Marghretta H. Shisko

AMY W. COX
SPARTANBURG COUNTY
CLERK OF COURT

2024 JUL 16 AM 10:51

FILED

ELECTRONICALLY FILED - 2024 Jul 17 2:11 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| | ) | |
| COUNTY OF SPARTANBURG | ) | FOR THE SEVENTH JUDICIAL CIRCUIT |
| | ) | |
| Woodruff-Roebuck Water District, | ) | |
| | ) | CA No.: 2024-CP-42-02480 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **PROOF OF SERVICE** |
| | ) | |
| AFL Telecommunications, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Please see attached Proof of Service of Amended Summons and Amended Complaint and Plaintiff's First Interrogatories and Requests for Production to MOCOM Compound Corporation upon MOCOM Compound Corporation.

**JOHN B. WHITE, JR., PA**

BY:    s/ John B. White, Jr.
John B. White, Jr., SC Bar No. 05996
Marghretta H. Shisko, SC Bar No. 100106
Griffin L. Lynch, SC Bar No. 72518
Christopher R. Jones, SC Bar No. 101265
PO Box 2465 (29304)
291 S. Pine Street
Spartanburg, South Carolina 29302
Office: (864) 594-5988
jwhite@johnbwhitelaw.com
mshisko@johnbwhitelaw.com
glynch@johnbwhitelaw.com
cjones@johnbwhitelaw.com

Attorneys for Plaintiff

Spartanburg, SC
July 17, 2024

ELECTRONICALLY FILED - 2024 Jul 17 2:11 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Macau Compound Corporation
C/O Registered Agent
Stefan Fuhlendorf
1300 East Main Street
Duncan South Carolina 29334

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9402 7614 2122 6553 08

2. Article Number *(Transfer from service label)*

9589 0710 5270 0738 2823 31

PS Form **3811**, July 2020 PSN 7530-02-000-9053

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X _____   ☐ Agent   ☐ Addressee

B. Received by *(Printed Name)*     C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ ...ail Restricted Delivery
☐ ...)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

ALERT: FLOODING AND SEVERE WEATHER IN THE SOUTHERN AND CENTRAL U.S. MAY IMPACT DELIVERY, WITH SPECIFIC IMPACTS IN HOUSTON. **READ MORE › (HT…**

# USPS Tracking®

FAQs ›

Remove ✕

**Tracking Number:**

## 9589071052700738282331

Copy        Add to Informed Delivery (https://informeddelivery.usps.com/)

**Latest Update**

Your item was delivered to an individual at the address at 9:34 am on July 11, 2024 in DUNCAN, SC 29334.

**Get More Out of USPS Tracking:**

USPS Tracking Plus®

**Delivered**
**Delivered, Left with Individual**
DUNCAN, SC 29334
July 11, 2024, 9:34 am

**Arrived at USPS Regional Facility**
GREENVILLE SC DISTRIBUTION CENTER
July 9, 2024, 9:32 pm

**Hide Tracking History**

**What Do USPS Tracking Statuses Mean?** (https://faq.usps.com/s/article/Where-is-my-package)

| Text & Email Updates | ⌄ |
|---|---|

| USPS Tracking Plus® | ⌄ |
|---|---|

| Product Information | ⌄ |
|---|---|

See Less ⌃

Track Another Package

Enter tracking or barcode numbers

## Need More Help?

Contact USPS Tracking support for further assistance.

**FAQs**

ELECTRONICALLY FILED - 2024 Jul 17 2:11 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

Feedback

ELECTRONICALLY FILED - 2024 Jul 17 2:11 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

STATE OF SOUTH CAROLINA    )    IN THE COURT OF COMMON PLEAS
    )
COUNTY OF SPARTANBURG    )    FOR THE SEVENTH JUDICIAL CIRCUIT
    )
Woodruff-Roebuck Water District,    )
    )    CA No.: 2024-CP-42-02480
    Plaintiff,    )
    )
    v.    )    **PROOF OF SERVICE**
    )
AFL Telecommunications, LLC, et al.,    )
    )
    Defendants.    )
    )

       Please see attached Proof of Service of Amended Summons and Amended Complaint and Plaintiff's First Interrogatories and Requests for Production to Toray Composite Materials America, Inc. upon Toray Composite Materials America, Inc.

**JOHN B. WHITE, JR., PA**

BY:   _s/ John B. White, Jr._
       John B. White, Jr., SC Bar No. 05996
       Marghretta H. Shisko, SC Bar No. 100106
       Griffin L. Lynch, SC Bar No. 72518
       Christopher R. Jones, SC Bar No. 101265
       PO Box 2465 (29304)
       291 S. Pine Street
       Spartanburg, South Carolina 29302
       Office: (864) 594-5988
       jwhite@johnbwhitelaw.com
       mshisko@johnbwhitelaw.com
       glynch@johnbwhitelaw.com
       cjones@johnbwhitelaw.com

       Attorneys for Plaintiff

Spartanburg, SC
July 17, 2024

ELECTRONICALLY FILED - 2024 Jul 17 2:11 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Toray Composite Materials America Inc.
c/o Registered Agent:
CT Corporation System
2 Office Park Court, Suite 103

9590 9402 8338 3094 1942 08

2. Article Number *(Transfer from service label)*

9589 0710 5270 0738 2823 93

PS Form **3811**, July 2020 PSN 7530-02-000-9053

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X  Pam Johnson    ☐ Agent    ☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery    7/15

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ...ed Mail
☐ ...ed Mail Restricted Delivery ($500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☒ Signature Confirmation Restricted Delivery

Domestic Return Receipt

ELECTRONICALLY FILED - 2024 Jul 17 2:11 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF SPARTANBURG | ) | FOR THE SEVENTH JUDICIAL CIRCUIT |
| | ) | |
| Woodruff-Roebuck Water District, | ) | |
| | ) | CA No.: 2024-CP-42-02480 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **PROOF OF SERVICE** |
| | ) | |
| AFL Telecommunications, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Please see attached Proof of Service of Amended Summons and Amended Complaint and Plaintiff's First Interrogatories and Requests for Production to Plastic Omnium Auto Exteriors LLC upon Plastic Omnium Auto Exteriors LLC.

**JOHN B. WHITE, JR., PA**

BY:    *s/ John B. White, Jr.*
        John B. White, Jr., SC Bar No. 05996
        Marghretta H. Shisko, SC Bar No. 100106
        Griffin L. Lynch, SC Bar No. 72518
        Christopher R. Jones, SC Bar No. 101265
        PO Box 2465 (29304)
        291 S. Pine Street
        Spartanburg, South Carolina 29302
        Office: (864) 594-5988
        jwhite@johnbwhitelaw.com
        mshisko@johnbwhitelaw.com
        glynch@johnbwhitelaw.com
        cjones@johnbwhitelaw.com

        Attorneys for Plaintiff

Spartanburg, SC
July 17, 2024

ELECTRONICALLY FILED - 2024 Jul 17 2:11 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Plastic Omnium Auto Exteriors LLC
C/o Registered Agent
Cogency Global Inc.
2 Office Park Court, Suite 103
Columbia SC 29223

9590 9402 7614 2122 6553 39

2. Article Number (Transfer from service label)

9589 0710 5270 0738 2823 55

PS Form **3811**, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X  Pam Johnson     ☐ Agent   ☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery  7/15/24

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☒ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- ☐ Insured Mail Restricted Delivery (over $500)
- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Signature Confirmation™
- ☒ Signature Confirmation Restricted Delivery

Domestic Return Receipt

ELECTRONICALLY FILED - 2024 Jul 22 3:23 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF SPARTANBURG | ) | FOR THE SEVENTH JUDICIAL CIRCUIT |
| | ) | |
| Woodruff-Roebuck Water District, | ) | |
| | ) | CA No.: 2024-CP-42-02480 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **PROOF OF SERVICE** |
| | ) | |
| AFL Telecommunications, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Please see attached Proof of Service of Amended Summons and Amended Complaint and

Plaintiff's First Interrogatories and Requests for Production to Cryovac, Inc. upon Cryovac, Inc.

**JOHN B. WHITE, JR., PA**

BY:    _s/ John B. White, Jr._
            John B. White, Jr., SC Bar No. 05996
            Marghretta H. Shisko, SC Bar No. 100106
            Griffin L. Lynch, SC Bar No. 72518
            Christopher R. Jones, SC Bar No. 101265
            PO Box 2465 (29304)
            291 S. Pine Street
            Spartanburg, South Carolina 29302
            Office: (864) 594-5988
            jwhite@johnbwhitelaw.com
            mshisko@johnbwhitelaw.com
            glynch@johnbwhitelaw.com
            cjones@johnbwhitelaw.com

            Attorneys for Plaintiff

Spartanburg, SC
July 22, 2024

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Cyvac, Inc
c/o Registered Agent: The
Prentice-Hall Corporation
System, Inc
251 Little Falls D
Wilmington, Delaware
19808

9590 9402 7614 2122 6552 78

2. Article Number (Transfer from service label)

9589 0710 5270 0738 2822 94

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X  Sean Gilardi
☐ Agent
☐ Addressee

B. Received by (Printed Name)
Sean Gilardi
C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery ($500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

ALERT: FLOODING AND SEVERE WEATHER IN THE SOUTHERN AND CENTRAL U.S. MAY IMPACT DELIVERY, WITH SPECIFIC IMPACTS IN HOUSTON. **READ MORE › (HT...**

# USPS Tracking®

FAQs ›

Remove ✕

**Tracking Number:**

## 9589071052700738282294

Copy          Add to Informed Delivery (https://informeddelivery.usps.com/)

**Latest Update**

Your item was picked up at a postal facility at 11:56 am on July 12, 2024 in WILMINGTON, DE 19808.

**Get More Out of USPS Tracking:**

USPS Tracking Plus®

**Delivered**
**Delivered, Individual Picked Up at Postal Facility**
WILMINGTON, DE 19808
July 12, 2024, 11:56 am

**Out for Delivery**
WILMINGTON, DE 19808
July 12, 2024, 9:02 am

**Arrived at Post Office**
WILMINGTON, DE 19808
July 12, 2024, 8:51 am

**Departed USPS Regional Facility**
WILMINGTON DE DISTRIBUTION CENTER
July 11, 2024, 11:13 am

**Arrived at USPS Regional Facility**
WILMINGTON DE DISTRIBUTION CENTER
July 11, 2024, 10:14 am

**In Transit to Next Facility**
July 10, 2024

**Arrived at USPS Regional Facility**
GREENVILLE SC DISTRIBUTION CENTER
July 9, 2024, 9:32 pm

**Hide Tracking History**

**What Do USPS Tracking Statuses Mean?** (https://faq.usps.com/s/article/Where-is-my-package)

| Text & Email Updates | ⌄ |
|---|---|

| USPS Tracking Plus® | ⌄ |
|---|---|

| Product Information | ⌄ |
|---|---|

See Less ⌃

Track Another Package

Enter tracking or barcode numbers

ELECTRONICALLY FILED - 2024 Jul 22 3:23 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

Feedback

**Need More Help?**

Contact USPS Tracking support for further assistance.

FAQs

ELECTRONICALLY FILED - 2024 Jul 22 3:23 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

ELECTRONICALLY FILED - 2024 Jul 22 12:47 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF SPARTANBURG | ) | FOR THE SEVENTH JUDICIAL CIRCUIT |
| | ) | |
| Woodruff-Roebuck Water District, | ) | |
| | ) | CA No.: 2024-CP-42-02480 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **PROOF OF SERVICE** |
| | ) | |
| AFL Telecommunications, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Please see attached Proof of Service of Amended Summons and Amended Complaint and Plaintiff's First Interrogatories and Requests for Production to GTI Chemical Solutions, LLC. upon GTI Chemical Solutions, LLC.

**JOHN B. WHITE, JR., PA**

BY:    _s/ John B. White, Jr._
           John B. White, Jr., SC Bar No. 05996
           Marghretta H. Shisko, SC Bar No. 100106
           Griffin L. Lynch, SC Bar No. 72518
           Christopher R. Jones, SC Bar No. 101265
           PO Box 2465 (29304)
           291 S. Pine Street
           Spartanburg, South Carolina 29302
           Office: (864) 594-5988
           jwhite@johnbwhitelaw.com
           mshisko@johnbwhitelaw.com
           glynch@johnbwhitelaw.com
           cjones@johnbwhitelaw.com

           Attorneys for Plaintiff

Spartanburg, SC
July 22, 2024

ELECTRONICALLY FILED - 2024 Jul 22 12:47 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

GTI Chemical Solutions, LLC
C/o Registered Agent:
Gabe Goldstein
389 HiddenCreek Circle
Spartanburg Sc 29306

|||||||||||||||||||||||||||||||||||||||||||||

9590 9402 7614 2122 6553 22

2. Article Number *(Transfer from service label)*

9589 0710 5270 0738 2823 00

PS Form **3811**, July 2020 PSN 7530-02-000-9053

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X *[signature]*  ☐ Agent  ☐ Addressee

B. Received by *(Printed Name)*   C. Date of Delivery
Gabe Goldstein   7/17/24

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

ELECTRONICALLY FILED - 2024 Jul 22 12:47 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF SPARTANBURG | ) | FOR THE SEVENTH JUDICIAL CIRCUIT |
| | ) | |
| Woodruff-Roebuck Water District, | ) | |
| | ) | CA No.: 2024-CP-42-02480 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **PROOF OF SERVICE** |
| | ) | |
| AFL Telecommunications, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Please see attached Proof of Service of Amended Summons and Amended Complaint and Plaintiff's First Interrogatories and Requests for Production to GTI Chemical Solutions, Inc. upon GTI Chemical Solutions, Inc.

**JOHN B. WHITE, JR., PA**

BY: _s/ John B. White, Jr._

John B. White, Jr., SC Bar No. 05996
Marghretta H. Shisko, SC Bar No. 100106
Griffin L. Lynch, SC Bar No. 72518
Christopher R. Jones, SC Bar No. 101265
PO Box 2465 (29304)
291 S. Pine Street
Spartanburg, South Carolina 29302
Office: (864) 594-5988
jwhite@johnbwhitelaw.com
mshisko@johnbwhitelaw.com
glynch@johnbwhitelaw.com
cjones@johnbwhitelaw.com

Attorneys for Plaintiff

Spartanburg, SC
July 22, 2024

ELECTRONICALLY FILED - 2024 Jul 22 12:47 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

GTI Chemical Solutions, Inc.
C/O Registered Agent:
Gabe Goldstein
389 Hidden Crek Circle
Spartanburg SC 29306

9590 9402 7614 2122 6553 15

2. Article Number (Transfer from service label)

9589 0710 5270 0738 2823 48

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _[signature]_      ☐ Agent
                     ☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery

Gabe Goldstern     7/17/24

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☑ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☑ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053     Domestic Return Receipt

ELECTRONICALLY FILED - 2024 Jul 23 2:42 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF SPARTANBURG | ) | SEVENTH JUDICIAL CIRCUIT |
| | ) | |
| WOODRUFF-ROEBUCK WATER DISTRICT, | ) | C.A. No., 2024-CP-42-02480 |
| Plaintiff, | ) | |
| | ) | |
| vs.. | ) | |
| | ) | |
| AFL TELECOMMUNICATIONS, LLC. | ) | ANSWER TO AMENDED COMPLAINT |
| CRYOVAC, INC.; CRYOVAC, LLC; GTI | ) | |
| CHEMICAL SOLUTIONS, INC.; GTI | ) | |
| CHEMICAL SOLUTIONS, LLC; | ) | |
| M. LOWENSTEIN CORPORATION; | ) | |
| MOCOM COMPOUNDS | ) | |
| CORPORATION;PASTIC OMNIUM | ) | |
| AUTO EXTERIORS, LLC; ROEBUCK | ) | |
| DISPOSAL, LLC; SPRINGS | ) | |
| INDUSTRIES, INC;STARCHEM, LLC. | ) | |
| SYNTHOMER USA, LLC; TORAY | ) | |
| COMPOSITE MATERIALS AMERICA, | ) | |
| INC.; WASTE MANAGEMENT OF | ) | |
| SOUTH CAROLINA, INC., | ) | |
| | ) | |
| Defendants. | ) | |

DEFENDANTS, GTI CHEMICAL SOLUTIONS, INC. AND GTI CHEMICAL SOLUTIONS, LLC, by and through the undersigned counsel, Answer the Amended Complaint of the above named Plaintiff and states as follows:

ELECTRONICALLY FILED - 2024 Jul 23 2:42 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

## STATEMENT OF THE DEFENSE FOR GTI CHEMICAL SOLUTIONS INC. AND GTI CHEMICAL SOLUTIONS LLC.

1. GTI Chemical Solutions was a limited liability corporation created as a domestic corporation in South Carolina effective 02/29/ 2008, and was converted to GTI Chemical Solutions, Inc.on  02/24/2010. At no time did GTI Chemical Solutions LLC manufacture chemicals of any kind or discharge wastewater in South Carolina.

2. GTI Chemical Solutions, Inc. is a corporation duly incorporated under the laws of South Carolina, with its primary location in Spartanburg County. At no time in the past or present has GTI discharged chemical wastewater of any kind into any tributary of the Upper or Middle Tyger Rivers. (See attached affidavit ).

## SPECIFICALLY ANSWERING THE ALLEGATIONS OF THE AMENDED COMPLAINT

3. GTI Chemical Solutions LLC and GTI Chemical Solutions Inc. (hereafter referred to collectively as "GTI"), Admit the allegations contained in paragraphs 8,9,5,6,7(jurisdiction p.4),(parties paragraph 8,9,), 55,67,79,82 and 88.

4. GTI does not have sufficient information to Admit or Deny the allegations contained in paragraphs:
1,3,9,10,11,12,13,14,15,16,18,19,20,21,22,23,24,25,26,27,28,29,30,31,32,33,34,35,36, 37,38,39,40,41,42,43,44,45,46,47,48,49,50,56,57,68,69,70,and 80 and DEMANDS strict proof of each and every allegation.

5. As to the allegations contained in paragraph 17 of the Amended Complaint, GTI neither admits nor denies that "Defendant Starchem, LLC is a Georgia limited liability company authorized to do business in South Carolina. Starchem maintains its United States Principal place of business in Spartanburg County at 10150 Greenville Highway, Welford, Suth Carolina 29385. There it operates an industrial facility where it uses products that contain or degrade to PFOA, PFOSM PFHxS, PFNA, PFBS, and/or GenX chemicals in manufacturing products related to the textile industry".

ELECTRONICALLY FILED - 2024 Jul 23 2:42 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

GTI admits that GTI Chemical Solution Inc. is a South Carolina company, but denies that GTI Chemical Solutions, LLC exists (remained an active entity beyond 2/24/2010). GTI further denies that it engages in chemical manufacturing activities on the same property. GTI further denies that it discharges industrial wastewater contaminated with products that contain or degrade to these PFAS to the Lyman WWTP in Lyman, South Carolina. GTI denies the balance of the allegations contained in paragraph 17 of the Amended Complaint.

6.     GTI denies the allegations contained in paragraphs 2,4,5,6,7,51,52, 53,54, 58,59,60,61,62,63,64,65,66,71,72,73,74,75,76,77,78,81,83,84,85,86,87,89,90,91,92,93 of the Amended Complaint. GTI further DENIES any allegations of the Amended Complaint that have not been specifically Admitted.

WHEREFORE, HAVING ANSWERED THE ALLEGATIONS CONTAINED IN THE AMENDED COMPLAINT, the defendants GTI Chemical solutions Inc. and GTI Chemical Solutions LLC. (GTI), pray that the Amended Complaint be dismissed against GTI. Since it is easily discoverable that GTI made no contribution to the allegations contained in the Amended Complaint, and GTI has had to employ the service of legal counsel to defend itself, GTI prays for an award of costs and attorney fees to be taxed against the Plaintiff.

Respectfully submitted,

David R. Clarke,Esq.
David R. Clarke (S.C. Bar# 7143)
P.O. Box 1951
Midlothian, VA 23113
(804) 878-6060
dclarke0711@gmail.com

July 19, 2024
Midlothian, VA 23112

-3-

ELECTRONICALLY FILED - 2024 Jul 23 2:42 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

STATE OF SOUTH CAROLINA          )          IN THE COURT OF COMMON PLEAS

                                 )

COUNTY OF SPARTANBURG            )          SEVENTH JUDICIAL CIRCUIT

WOODRUFF-ROEBUCK WATER           )          C.A. No. 2024-CP-42-02480
DISTRICT                         )

          Plaintiff,             )

                                 )

vs.                              )

                                 )

AFL TELECOMMUNICATIONS,LLC.      )          AFFIDAVIT OF
CRYOVAC, INC.,CRYOVAC, LLC; GTI  )          LAWRENCE GABRIEL GOLDSTEIN,
CHEMICAL SOLUTIONS, INC. GTI     )
CHEMICAL SOLUTIONS, LLC.; M.     )
LOWENSTEIN CORPORATION;          )
MOCOM COMPOUNDS                  )
CORPORATION; PLASTIC OMNIUM      )
AUTO EXTERIORS, LLC.; ROEBUCK    )
DISPOSAL, LLC.: SPRINGS          )
INDUSTRIES, INC.; STARCHEM LLC.; )
SYNTHOMER USA, LLC.; TORAY       )
COMPOSITE MATERIALS AMERICA,     )
INC.; WASTE MANAGEMENT OF        )
SOUTH CAROLINA, INC.,            )

                                 )

          Defendants.            )

------------------------------------------------

PERSONALLY APPEARED BEFORE ME, FIRST BEING DULY SWORN,
LAWRENCE GABRIEL GOLDSTEIN, states as follows:

Page 1.

1. That I was the President and CEO of GTI Chemical Solutions, LLC, a limited liability corporation that was filed 02/29/2008 and was converted to GTI Chemical Solutions, Inc. on 02/24/2010. At no time during its existence did GTI Chemical Solutions, LLC, discharge wastewater of any kind in South Carolina.

2. That I am currently the President and CEO of GTI Chemical Solutions, Inc., a corporation located in Spartanburg County, South Carolina. At no time in its existence has GTI Chemical Solutions, Inc. discharged wastewater of any kind in South Carolina.

3. That neither GTI Chemical Solutions, LLC. nor GTI Chemical Solutions Inc. is either directly or indirectly responsible for the discharge of the chemicals complained about in the Amended Complaint or the Complaint as stated in C.A. No. 2024-CP-42-02480 by the Plaintiff.

4. That GTI Chemical Solutions, LLC. and GTI Chemical Solutions, Inc. are not proper defendants to the allegations contained in either the Complaint or Amended Complaint, 2024-CP-42-02480.

Given this __17__ day of July, 2024
at Spartanburg, S.C. before,

_____
Notary Public for South Carolina.
My commission expires __12 . 03 . 2045__

Laura Rawson
NOTARY PUBLIC, STATE OF SOUTH CAROLINA
My Commission Expires 12/08/2025

Lawrence Gabriel Goldstein
President and CEO of
GTI Chemical Solutions, Inc.
and formerly of GTI Chemical
Solutions, LLC.

ELECTRONICALLY FILED - 2024 Jul 23 2:42 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

ELECTRONICALLY FILED - 2024 Jul 23 2:42 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF SPARTANBURG | ) | FOR THE SEVENTH JUDICIAL CIRCUIT |
| | ) | |
| Woodruff-Roebuck Water District, | ) | C.A. No. 2024-CP-42-02480 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | GTI REPLY TO INTERROGATORIES |
| | ) | AND MOTION TO PRODUCE |
| GTi Chemical Solutions, LLC. et al., | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT GTI CHEMICAL SOLUTIONS, LLC AND GTI CHEMICAL SOLUTIONS, INC.(Hereinafter referred to collectively as "GTI"), Respond  and Reply to Plaintiff's First Interrogatories and Requests for Production

### PRELIMINARY STAMENT

1.     GTI's investigation and development of all facts and circumstances relating to this action is ongoing.  These responses and objections are made without prejudice to, and are not a waiver of GTI's right to rely on other facts or documents at trial.

2.     By making the accompanying responses and objections in Plaintiff's requests for documents and interrogatory, GTI does not waive, and hereby expressly reserves, its right to assert any and all objections as to the admissibility of such responses into evidence to this action, or any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality and privilege. Further,

-1-

ELECTRONICALLY FILED - 2024 Jul 23 2:42 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

GTI makes the responses and objections herein without in any way implying that it considers the requests and interrogatory and responses to the requests and interrogatory, to be relevant or material to the subject matter of this action.

3.    GTI will produce responsive documents only to the extent that such documents are in the possession, custody, or control of GTI as set forth in the South Carolina Rules of Civil Procedure. GTI's possession, custody or control does not include any constructive possession that may be conferred by GTI's right or power to compel the production of documents or information from third parties.

4.    A response to a document request or interrogatory stating that objections and/or indicating that documents will be produced shall not be deemed or construed that there are, in fact, responsive documents, that GTI performed any of the acts described in the document request, interrogatory, or definitions and/or instructions applicable to the document request or interrogatory, or definitions and/or instructions applicable to the document request or interrogatory, or that GTI acquiesces in the characterization of the conduct or activities contained in the document request, interrogatory or definitions and/or instructions applicable to the document request or interrogatory.

5.    GTI expressly reserves the right to supplement, clarify, revise or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

6.    GTI will make available for inspection at GTI's offices responsive documents.  Alternatively, GTI will produce copies of the documents.

7.    Publicly available documents including, but not limited to, newspaper clippings, court papers, and documents available on the Internet, will not be produced.


## GENERAL OBJECTIONS


1.    GTI objects to each instruction, definition, document request , and interrogatory to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the South Carolina Rules of Civil

-2-

ELECTRONICALLY FILED - 2024 Jul 23 2:42 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

Procedure and the applicable Rules and Orders of the Court.

2.     GTI objects to each document request and interrogatory that is overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence.

3     .GTI objects to each document request to the extent that it calls for production of a privilege log for internal documents of GTI. A request for such a log is unreasonable and unduly burdensome in light of the work product doctrine, governmental deliberative process privilege, and other privileges protecting such internal documents from discovery.

4.     GTI objects to each instruction, definition, document request, and interrogatory to the extent that it seeks documents protected from disclosure by the attorney-client privilege, deliberative process, process privilege, attorney work doctrine, or any other applicable privilege. Should any such disclosure by GTI occur, it is inadvertent and shall not constitute a waiver of any privilege.

5.     GTI objects to each instruction, definition, document request, and interrogatory as overbroad and unduly burdensome to the extent it seeks documents or information that are readily or more accessible to Plaintiff from Plaintiff's own files, from documents or information in Plaintiff's possession, or from documents or information that Plaintiff produced to GTI. Responding to such requests and interrogatory would be oppressive, unduly burdensome, and unnecessarily expensive, and the burden of responding to such requests and interrogatory is substantially the same or less for Plaintiff as for GTI.

## GTI RESPONSE TO INTERROGATORIES

1.     GTI does not use any material or substance at its facility that contains or which GTI reasonably suspects may have contained PFAS.

-3-

ELECTRONICALLY FILED - 2024 Jul 23 2:42 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

## GTI RESPONSE TO REQUESTS FOR PRODUCTION

1.    None exist and this does not apply to GTI.

2.    None exist since GTI does not use substances that contain PFAS, or substances that GTI suspects contain PFAS.

3.    None exist because GTI does not use substances with PFAS and does not discharge wastewater or effluent or emissions.

4.    None exist because GYI has no reason to test for PFAS.

5.    None exist because this procedure is not done at GTI.

6.    None exist because GTI does not manufacture chemicals at this facility.

7.    None exist because GTI does not test for PFAS.

Respectfully Submitted,

July 21, 2024
Midlothian, VA

/s/ David R. Clarke

David R. Clarke (SC Bar No. 7143)

P.O. Box 1951

Midlothian, VA 23113

(804) 878-6060

dclarke0711@gmail.com

-4-

ELECTRONICALLY FILED - 2024 Jul 29 1:41 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF SPARTANBURG | ) | FOR THE SEVENTH JUDICIAL CIRCUIT |
| | ) | |
| Woodruff-Roebuck Water District, | ) | |
| | ) | CA No.: 2024-CP-42-02480 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **PROOF OF SERVICE** |
| | ) | |
| AFL Telecommunications, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Please see attached Proof of Service of Amended Summons and Amended Complaint and Plaintiff's First Interrogatories and Requests for Production to Roebuck Disposal, LLC. upon Roebuck Disposal, LLC.

**JOHN B. WHITE, JR., PA**

BY:    *s/ John B. White, Jr.*
         John B. White, Jr., SC Bar No. 05996
         Marghretta H. Shisko, SC Bar No. 100106
         Griffin L. Lynch, SC Bar No. 72518
         Christopher R. Jones, SC Bar No. 101265
         PO Box 2465 (29304)
         291 S. Pine Street
         Spartanburg, South Carolina 29302
         Office: (864) 594-5988
         jwhite@johnbwhitelaw.com
         mshisko@johnbwhitelaw.com
         glynch@johnbwhitelaw.com
         cjones@johnbwhitelaw.com

         Attorneys for Plaintiff

Spartanburg, SC
July 29, 2024

ELECTRONICALLY FILED - 2024 Jul 29 1:41 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Roebuck Disposal, LLC
C/O Registered Agent:
CT Corporation System
2 Office Park Court Site 103
Columbia, SC 29223

9590 9402 8338 3094 1939 28

2. Article Number *(Transfer from service label)*

9589 0710 5270 0738 2824 78

PS Form **3811**, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Pam Johnson
☐ Agent
☐ Addressee

B. Received by *(Printed Name)*     C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☑ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ___ il
☐ ___ il Restricted Delivery
(over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☑ Signature Confirmation Restricted Delivery

Domestic Return Receipt

ELECTRONICALLY FILED - 2024 Jul 29 1:41 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF SPARTANBURG | ) | FOR THE SEVENTH JUDICIAL CIRCUIT |
| | ) | |
| Woodruff-Roebuck Water District, | ) | |
| | ) | CA No.: 2024-CP-42-02480 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **PROOF OF SERVICE** |
| | ) | |
| AFL Telecommunications, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Please see attached Proof of Service of Amended Summons and Amended Complaint and Plaintiff's First Interrogatories and Requests for Production to Starchem, LLC. upon Starchem, LLC.

**JOHN B. WHITE, JR., PA**

BY:    _s/ John B. White, Jr._
John B. White, Jr., SC Bar No. 05996
Marghretta H. Shisko, SC Bar No. 100106
Griffin L. Lynch, SC Bar No. 72518
Christopher R. Jones, SC Bar No. 101265
PO Box 2465 (29304)
291 S. Pine Street
Spartanburg, South Carolina 29302
Office: (864) 594-5988
jwhite@johnbwhitelaw.com
mshisko@johnbwhitelaw.com
glynch@johnbwhitelaw.com
cjones@johnbwhitelaw.com

Attorneys for Plaintiff

Spartanburg, SC
July 29, 2024

ELECTRONICALLY FILED - 2024 Jul 29 1:41 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480



**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Starchem, LLC
C/o Registered Agent:
CT Corporation System
2 Office Park Court, Suite 103
Columbia SC 29223

9590 9402 7614 2122 6553 53

2. Article Number (Transfer from service label)

9589 0710 5270 0738 2823 79

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature Johnson
X Pam Johnson
☐ Agent
☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery 4/2/24

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ...ed Mail
☐ ...ed Mail Restricted Delivery
   ...: $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☒ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053     Domestic Return Receipt

ELECTRONICALLY FILED - 2024 Jul 29 1:41 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF SPARTANBURG | ) | FOR THE SEVENTH JUDICIAL CIRCUIT |
| | ) | |
| Woodruff-Roebuck Water District, | ) | |
| | ) | CA No.: 2024-CP-42-02480 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **PROOF OF SERVICE** |
| | ) | |
| AFL Telecommunications, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Please see attached Proof of Service of Amended Summons and Amended Complaint and Plaintiff's First Interrogatories and Requests for Production to Synthomer USA, LLC upon Synthomer USA, LLC.

**JOHN B. WHITE, JR., PA**

BY:    _s/ John B. White, Jr._
       John B. White, Jr., SC Bar No. 05996
       Marghretta H. Shisko, SC Bar No. 100106
       Griffin L. Lynch, SC Bar No. 72518
       Christopher R. Jones, SC Bar No. 101265
       PO Box 2465 (29304)
       291 S. Pine Street
       Spartanburg, South Carolina 29302
       Office: (864) 594-5988
       jwhite@johnbwhitelaw.com
       mshisko@johnbwhitelaw.com
       glynch@johnbwhitelaw.com
       cjones@johnbwhitelaw.com

       Attorneys for Plaintiff

Spartanburg, SC
July 29, 2024

ELECTRONICALLY FILED - 2024 Jul 29 1:41 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Synthomer USA, LLC
c/o Registered Agent
Corporation Service Company
508 Meeting Street
West Columbia SC 29169

9590 9402 8338 3094 1941 78

2. Article Number (Transfer from service label)

9589 0710 5270 0738 2823 86

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☒ Agent  ☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery
7/22/24

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☒ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
    ured Mail Restricted Delivery
    er $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

ELECTRONICALLY FILED - 2024 Jul 30 1:59 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF SPARTANBURG | FOR THE SEVENTH JUDICIAL CIRCUIT |

WOODRUFF-ROEBUCK WATER DISTRICT,

        Plaintiff,

  v.

AFL TELECOMMUNICATIONS, LLC *et al.*,

        Defendants.

CASE NO. 2024-CP-42-02480

**PLAINTIFF'S NOTICE OF FILING OF MOTION TO ASSIGN SINGLE JUDGE IN SOUTH CAROLINA SUPREME COURT**

Plaintiff Woodruff-Roebuck Water District hereby provides notice to the Court that on July 24, 2024, it filed the attached Motion to Assign Single Judge in the South Carolina Supreme Court, wherein Plaintiff seeks the assignment of a single circuit court judge to preside over all pending PFAS-related cases, as well as any future related actions, and vesting that judge with jurisdiction in all circuits to dispose of pretrial matters, motions, and trials.

           Respectfully submitted,

            */s/ John B. White, Jr.* 
           John B. White, Jr. (S.C. Bar No. 5996)
           Marghretta H. Shisko (S.C. Bar No. 100106)
           JOHN B. WHITE, JR. P.A.
           291 S. Pine Street
           P.O. Box 2465 (29304)
           Spartanburg, SC 29302
           (864) 594-5988
           jwhite@johnbwhitelaw.com
           mshisko@johnbwhitelaw.com

           *Counsel for Plaintiff*

July 30, 2024

1

THE STATE OF SOUTH CAROLINA
In the Supreme Court

**RECEIVED**

**Jul 24 2024**

S.C. SUPREME COURT

ELECTRONICALLY FILED - 2024 Jul 30 1:59 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

_____

Spartanburg County
C.A. No. 2024-CP-42-02480

_____

Woodruff-Roebuck Water District ..................................................................................... Plaintiff,

v.

AFL Telecommunications, LLC *et al.*........................................................................... Defendants.


_____

Greenwood County
C.A. No. 2024-CP-24-00735

_____

Greenwood Commissioners of Public Works...................................................................... Plaintiff,

v.

Cone Mills Receiver, LLC *et al.* .................................................................................... Defendants.


_____

Laurens County
C.A. No. 2024-CP-30-00734

_____

Laurens County Water and Sewer Commission ................................................................. Plaintiff,

v.

Cone Mills Receiver, LLC *et al.* .................................................................................... Defendants.

ELECTRONICALLY FILED - 2024 Jul 30 1:59 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

---

## MOTION TO ASSIGN A SINGLE JUDGE

---

Plaintiffs in the above-captioned cases, by and through their undersigned counsel, respectfully request that Chief Justice Beatty, Chief Justice of the South Carolina Supreme Court, pursuant to his authority vested by Article V, section 4 of the South Carolina Constitution, issue an order assigning all pending PFAS-related cases filed by publicly owned drinking water providers in circuit courts,[1] as well as any future related actions,[2] to a single judge for pretrial proceedings, trial, and adjudication and vest that judge with jurisdiction to dispose of such matters in all circuits in the State of South Carolina.[3]

Plaintiffs seek assignment of these cases to a single judge because they involve many common questions of law, and some of the cases will present common questions of fact. Having one judge preside over these cases will conserve judicial and party resources, eliminate duplicative discovery practice, avoid conflicting pretrial rulings, and promote a more just and efficient resolution of this litigation. Relatedly, this will ensure continuity in pretrial rulings regarding

---

[1] *Woodruff-Roebuck Water Dist. v. AFL Telecomms., LLC et al.*, C.A. No. 2024-CP-42-02480 (Spartanburg Cnty. Ct. Comm. Pleas, filed June 18, 2024); *Greenwood Comm'rs of Pub. Works v. Cone Mills Receiver, LLC et al.*, C.A. No. 2024-CP-24-00735 (Greenwood Cnty. Ct. Comm. Pleas, filed July 10, 2024; *Laurens Cnty. Water & Sewer Comm'n v. Cone Mills Receiver, LLC et al.*, C.A. No. 2024-CP-30-00734 (Laurens Cnty. Ct. Comm. Pleas, filed July 16, 2024).

[2] Many additional cases will be filed in the circuit courts in other counties across the State, further warranting the assignment of a single judge.

[3] By bringing this motion for assignment of a single judge to preside over discovery, motions, other pretrial matters, and trial, Plaintiffs do not waive their right to independently litigate their respective cases, nor do they waive their right to a jury trial on each of their cases in their respective counties.

2

similar parties, witnesses, and pretrial matters, and will avoid further unnecessary and duplicative efforts by courts and counsel.

## BACKGROUND

Three PFAS-related cases are currently pending in circuit courts throughout the State, and counsel anticipates additional cases to be forthcoming. Plaintiffs are South Carolina special purpose districts and municipalities that provide drinking water to individuals, businesses, and other entities, and they are suing various Defendants to hold them responsible for contaminating Plaintiffs' property and source water with certain toxic per- and polyfluoroalkyl substances, which are collectively referred to as "PFAS" chemicals.[4] Through these cases, Plaintiffs seek to recoup monies and costs they will be required to spend to remove PFAS from their drinking water supplies that resulted from Defendants' contamination. The complaints all seek compensatory and punitive damages, as well as abatement and injunctive relief, under various South Carolina statutory and common law causes of action, including: (1) private nuisance; (2) public nuisance; (3) trespass; and (4) negligence, gross negligence, and/or recklessness. The various Defendants named in Plaintiffs' complaints own and/or operate industrial facilities upstream of Plaintiffs' water intakes and have in the past and/or currently use products that contain or degrade to certain PFAS chemicals in their industrial processes.

---

[4] PFAS are a large group of manmade chemicals that do not occur naturally in the environment. Due to their strong carbon-fluorine bonds, PFAS are extremely stable, repel both oil and water, and are resistant to heat and chemical reactions. As a result of these properties, PFAS have been used in a wide variety of industrial and chemical applications, but they persist in the environment and have no known environmental breakdown mechanism. PFAS are colloquially termed "forever chemicals."

ELECTRONICALLY FILED - 2024 Jul 30 1:59 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

ELECTRONICALLY FILED - 2024 Jul 30 1:59 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

**ARGUMENT**

**A.    The Nature of the Cases**

The PFAS-related lawsuits brought by public water systems that provide drinking water to the citizens of South Carolina are of significant public interest. Current scientific evidence shows that PFAS can cause harmful health effects, and a major source of human exposure to PFAS is through ingestion of contaminated drinking water. On April 10, 2024, the U.S. Environmental Protection Agency ("EPA") finalized new maximum contaminant levels ("MCLs") and maximum contaminant level goals ("MCLGs") for certain types of PFAS chemicals in publicly supplied drinking water. While an MCLG is the maximum level of a contaminant in drinking water at which no known or anticipated adverse human health effects will occur and is a goal, the MCL is an enforceable limit delineating the maximum allowable level of a contaminant in the drinking water supplied by a public water system.[5] EPA's new PFAS MCLs will require public water systems such as Plaintiffs to conduct ongoing compliance monitoring, inform the public of PFAS levels in their water, and ultimately implement solutions to reduce regulated PFAS concentrations in the drinking water they distribute.[6]

Plaintiffs' water sources have been contaminated by the various Defendants with PFAS at concentrations above EPA's new requirements. Plaintiffs' existing water treatment processes

---

[5] EPA's final regulation solidifies MCLs of 4.0 parts per trillion ("ppt") for PFOA and PFOS, and 10.0 ppt for PFNA, PFHxS, and GenX Chemicals, including a Hazard Index that covers mixtures of PFBS with PFNA, PFHxS, and GenX Chemicals. It also establishes MCLGs of zero ppt for PFOA and PFOS, which EPA states "reflects the latest science showing that there is no level of exposure to these two PFAS without risk of health impacts." U.S.E.P.A., *Presentation: Overview EPA PFAS NPDWR* (Apr. 10, 2024).

[6] Plaintiffs must begin conducting and reporting regular PFAS monitoring by 2027, and Plaintiffs must comply with all MCLs by 2029.

4

cannot remove PFAS from their drinking water.  Plaintiffs must therefore evaluate and implement new technologies to remove PFAS. In doing so, Plaintiffs will be required to incur significant costs—both over the next five years and for decades to come—to comply with the new MCLs and/or MCLGs and to protect the health of those who consume their drinking water. Rather than requiring their ratepayers—the individuals, businesses, and other entities in South Carolina that purchase drinking water—to fund those increased costs, Plaintiffs have brought these lawsuits against Defendants, which contaminated their water sources, to hold them responsible for funding the engineering, acquisition, installation, operation, and maintenance of water treatment technologies that will remove PFAS from drinking water at Plaintiffs' water treatment plants.[7]

## B.     The Benefits of Assigning a Single Judge

The purpose of assigning similar cases such as the PFAS-related cases referenced in this Motion (collectively, the "PFAS Litigation") to a single judge is to eliminate inconsistent pretrial rulings and to promote judicial economy for both the parties and the court system. While judicial assignment is discretionary in nature, such action is warranted here because these cases will share several common questions of law and fact. *See* S.C. Const. art. V, § 4; Rule 42(a), SCRCP. Specifically, these cases all arise from the PFAS contamination of Plaintiffs' drinking water sources by Defendants that have discharged PFAS to South Carolina surface waters. They also allege similar causes of action against multiple Defendants. Given the nature of the cases and the parties involved, Plaintiffs anticipate complex and voluminous discovery, which will invite some overlapping witnesses, depositions, discovery issues, and motions. Assigning one judge to preside

---

[7] Plaintiffs are not making any factual assertions and bring no causes of action based on the manufacture, sale, distribution, use, or disposal of PFAS associated with aqueous film forming foam ("AFFF"), whether commercial, MilSpec, or any other variety. Plaintiffs expressly disclaim any causes of action, injury, or damages resulting from the manufacture, sale, distribution, use, or disposal of any AFFF by any Defendant or third party.

ELECTRONICALLY FILED - 2024 Jul 30 1:59 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

ELECTRONICALLY FILED - 2024 Jul 30 1:59 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

over these matters will avoid conflicting rulings, preserve judicial resources, reduce unnecessary hardship to the parties, and otherwise promote a just and efficient result in these cases.

The Chief Justice has previously ordered assignment to a single judge in similar litigation. For example, when multiple South Carolina political subdivisions filed opioid lawsuits in state court, the Chief Justice entered an order "assigning a single circuit judge to dispose of all matters arising out of the opioid litigation" and ordering consolidation for pretrial purposes, but not for trial, after finding that doing so would "promote the effective and expeditious disposition of th[e] litigation through uniform rulings" and "conserve the resources of the parties, their counsel, and the judiciary." *RE: Opioid Litigation*, Order No. 2018-08-23-01. Additionally, the asbestosis and asbestos litigation filed in South Carolina's circuit courts has for many years been assigned to a single judge with "jurisdiction in all circuits in this state to dispose of all pretrial matters and motions, as well as trials, arising out of asbestosis and asbestos litigation filed within the state court system."[8] Order No. 2017-03-03-01; *see also* Order No. 2009-06-29-01; Order No. 2019-05-28-02. In both the opioid litigation and asbestos litigation, assigning a single judge to oversee the management of such cases has resulted in greater efficiencies and consistency than if numerous different circuit court judges across the State had been presiding over them separately.

C.    **The Relief Sought**

Through this Motion, Plaintiffs respectfully request that the Chief Justice exercise his authority pursuant to Article V, section 4 of the South Carolina Constitution to assign a single judge to preside over the PFAS Litigation. As with the opioid and asbestos litigation, PFAS cases

---

[8] Currently, the Honorable Jean Hoefer Toal, retired Chief Justice of the Supreme Court, serves as the Chief Administrative Judge for Administrative Purposes over all South Carolina asbestosis and asbestos litigation, and Justice Toal has authority to preside over such matters herself or assign certain other circuit court judges to preside over individual cases. Order No. 2019-05-28-02 (May 28, 2019).

ELECTRONICALLY FILED - 2024 Jul 30 1:59 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

should proceed independently, on their own merits, in the appropriate venues, and the Chief Justice has the authority to vest a single judge with jurisdiction in all circuits in South Carolina to dispose of pretrial matters, motions, and trials arising out of the PFAS Litigation.

While Plaintiffs anticipate that some coordination among the PFAS Litigation may occur, Plaintiffs do not seek an order consolidating all discovery and pretrial activities in the litigation, as each Plaintiff must litigate its own case to recover the funds needed to comply with EPA's requirements and protect the health of their constituents by removing PFAS from their water sources. Even though the PFAS Litigation presents similar legal issues across the cases and some overlapping factual issues, each Plaintiffs draws its water from different sources, has different systems, and will require uniquely tailored solutions to address their particular problems. There are also some differences among Defendants who polluted Plaintiffs' water sources. As a result, the resolution of one Plaintiff's case (whether through settlement or trial) will not determine or significantly inform the appropriate resolution of another Plaintiff's case. Thus, although it will be efficient and beneficial for a single judge to be familiar with and preside over all such matters, neither discovery consolidation nor bellwether treatment among the cases would be feasible or beneficial. For these reasons, Plaintiffs request an Order assigning a single judge to preside over all pending PFAS-related cases listed above, as well as any future related actions, and vesting that judge with jurisdiction in all circuits to dispose of pretrial matters, motions, and trials.

## CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that this Court grant their Motion to Assign a Single Judge over the related South Carolina PFAS actions currently pending in South Carolina circuit courts and any future PFAS-related actions that are filed in state court.

7

ELECTRONICALLY FILED - 2024 Jul 30 1:59 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

Respectfully moved,


 /s/ John B. White, Jr.____
 /s/ Marghretta H. Shisko_
John B. White, Jr. (SC Bar No. 5996)
Marghretta H. Shisko (SC Bar No. 100106)
John B. White, Jr. P.A.
291 S. Pine Street
Spartanburg, SC 29302
(864) 594-5988
jwhite@johnbwhitelaw.com
mshisko@johnbwhitelaw.com

*Counsel for Plaintiffs*

July 24, 2024

8



# The Supreme Court of South Carolina

## Office of Bar Admissions

PATRICIA A. HOWARD
CLERK OF COURT

KATHLEEN "TINA" BRYANT
MANAGER, OFFICE OF BAR
ADMISSIONS

POST OFFICE BOX 11330
COLUMBIA, SOUTH CAROLINA 29211
TELEPHONE: (803) 734-1317
FAX: (803) 734-0394

July 26, 2024

The Honorable Amy W. Cox
Clerk of Court
PO Box 3483
Spartanburg, SC 29304-3483

RE:    Woodruff-Roebuck Water District v. GTI Chemical Solutions, Inc. et al.

Case No.: 2024-CP-42-02480

Dear Ms. Cox:

I certify that the Office of Bar Admissions has received a verified application requesting Hirlye Ray Lutz III be admitted *pro hac vice* in the above action. The $250 filing fee for the applicant has been paid.

Sincerely,

M.J. Thames
Bar Admissions Coordinator

cc:    Hirlye Ray Lutz III
       John B. White

AMY W. COX
SPARTANBURG COUNTY
CLERK OF COURT

2024 JUL 31 AM 11:11

FILED



# The Supreme Court of South Carolina

## Office of Bar Admissions

PATRICIA A. HOWARD
CLERK OF COURT

KATHLEEN "TINA" BRYANT
MANAGER, OFFICE OF BAR
ADMISSIONS

POST OFFICE BOX 11330
COLUMBIA, SOUTH CAROLINA 29211
TELEPHONE: (803) 734-1317
FAX: (803) 734-0394

July 26, 2024

The Honorable Amy W. Cox
Clerk of Court
PO Box 3483
Spartanburg, SC 29304-3483

RE:     Woodruff-Roebuck Water District v. GTI Chemical Solutions, Inc. et al.

        Case No.: 2024-CP-42-02480

Dear Ms. Cox:

I certify that the Office of Bar Admissions has received a verified application requesting Brett Cooper Thompson be admitted *pro hac vice* in the above action. The $250 filing fee for the applicant has been paid.

Sincerely,

M.J. Thames
Bar Admissions Coordinator

cc:     Brett Cooper Thompson
        John B. White

AMY W. COX
SPARTANBURG COUNTY
CLERK OF COURT

2024 JUL 31 AM 11:11

FILED

ELECTRONICALLY FILED - 2024 Jul 31 1:25 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

STATE OF SOUTH CAROLINA )   IN THE COURT OF COMMON PLEAS
                        )
COUNTY OF SPARTANBURG   )   FOR THE SEVENTH JUDICIAL CIRCUIT
                        )
Woodruff-Roebuck Water District, )
                        )   CA No.: 2024-CP-42-02480
            Plaintiff,  )
                        )
        v.              )   **PROOF OF SERVICE**
                        )
AFL Telecommunications, LLC, et al., )
                        )
            Defendants. )
                        )

Please see attached Proof of Service of Amended Summons and Amended Complaint and Plaintiff's First Interrogatories and Requests for Production to Springs Industries, Inc. upon Springs Industries, Inc.

**JOHN B. WHITE, JR., PA**

BY:  *s/ John B. White, Jr.*
        John B. White, Jr., SC Bar No. 05996
        Marghretta H. Shisko, SC Bar No. 100106
        Griffin L. Lynch, SC Bar No. 72518
        Christopher R. Jones, SC Bar No. 101265
        PO Box 2465 (29304)
        291 S. Pine Street
        Spartanburg, South Carolina 29302
        Office: (864) 594-5988
        jwhite@johnbwhitelaw.com
        mshisko@johnbwhitelaw.com
        glynch@johnbwhitelaw.com
        cjones@johnbwhitelaw.com

        Attorneys for Plaintiff

Spartanburg, SC
July 31, 2024

ELECTRONICALLY FILED - 2024 Jul 31 1:25 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Springs Industries Inc.
C/O Registered Agent:
National Registered Agents
2 Office Park Court, Suite 103
Columbia SC 29223

9590 9402 7614 2122 6552 61

2. Article Number (Transfer from service label)

7020 0640 0001 2195 5260

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Pam Johnson_

☐ Agent
☐ Addressee

B. Received by (Printed Name)

C. Date of Delivery

7/29/24

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053    Domestic Return Receipt

ELECTRONICALLY FILED - 2024 Aug 13 2:24 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

**STATE OF SOUTH CAROLINA**

**COUNTY OF SPARTANBURG**

WOODRUFF-ROEBUCK WATER
DISTRICT,

      *Plaintiff,*

      v.

AFL TELECOMMUNICATIONS, LLC;
CRYOVAC, INC.; CRYOVAC, LLC; GTI
CHEMICAL SOLUTIONS, INC.; GTI
CHEMICAL SOLUTIONS, LLC; M.
LOWENSTEIN CORPORATION; MOCOM
COMPOUNDS CORPORATION; PLASTIC
OMNIUM AUTO EXTERIORS, LLC;
ROEBUCK DISPOSAL, LLC; SPRINGS
INDUSTRIES, INC.; STARCHEM, LLC;
SYNTHOMER USA, LLC; TORAY
COMPOSITE MATERIALS AMERICA, INC.;
WASTE MANAGEMENT OF SOUTH
CAROLINA, INC.,

      *Defendants.*

**IN THE COURT OF COMMON PLEAS**

**SEVENTH JUDICIAL CIRCUIT**

**C.A. No.: 2024-CP-42-02480**

**NOTICE OF APPEARANCE**

Jennifer H. Thiem of the law firm of K&L Gates, LLP hereby gives notice that she will be appearing as counsel on behalf of Cryovac, Inc. and Cryovac, LLC in the above-entitled action.[1] As such, the undersigned respectfully requests that she be added as attorney of record in this action and that the Clerk of this Court and opposing counsel kindly copy her on all further pleadings, motions, notices, rosters and other papers in the above matter.

---

[1] Cryovac, Inc. and Cryovac, LLC reserve all rights, including but not limited to defenses and objections as to venue, service, and personal jurisdiction. The filing of this appearance is subject to and does not waive any such defenses and objections.

ELECTRONICALLY FILED - 2024 Aug 13 2:24 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

**K&L GATES, LLP**

By:  s/*Jennifer H. Thiem*
    Jennifer H. Thiem
    SC Bar #73739
    E-Mail: jennifer.thiem@klgates.com
    134 Meeting Street, Suite 500
    Charleston, SC 29401
    Telephone: 843.579.5600
    Facsimile: 843.579.5601

**ATTORNEYS FOR DEFENDANTS
CRYOVAC, INC. AND CRYOVAC, LLC**

August 13, 2024
Charleston, South Carolina

2

ELECTRONICALLY FILED - 2024 Aug 14 2:12 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF SPARTANBURG | SEVENTH JUDICIAL CIRCUIT |
| WOODRUFF-ROEBUCK WATER DISTRICT, | CASE NO.: 2024-CP-42-02480 |
| Plaintiff, | **DEFENDANT TORAY COMPOSITE MATERIALS AMERICA, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT** |
| vs. | |
| AFL TELECOMMUNICATIONS, LLC; CRYOVAC, INC.; CRYOVAC, LLC; GTI CHEMICAL SOLUTIONS, INC.; GTI CHEMICAL SOLUTIONS, LLC; M. LOWENSTEIN CORPORATION; MOCOM COMPOUNDS CORPORATION; PLASTIC OMNIUM AUTO EXTERIORS, LLC; ROEBUCK DISPOSAL, LLC; SPRINGS INDUSTRIES, INC.; STARCHEM, LLC; SYNTHOMER USA, LLC; TORAY COMPOSITE MATERIALS AMERICA, INC.; WASTE MANAGEMENT OF SOUTH CAROLINA, INC., | |
| Defendants. | |

COMES NOW, Defendant Toray Composite Materials America, Inc. ("TCMA"), pursuant to South Carolina Rules of Civil Procedure, Rules 7 and 12, hereby files its Answer to Plaintiff Woodruff-Roebuck Water District's ("WRWD") Amended Complaint and asserts its Affirmative Defenses, denying every allegation not specifically admitted.

## STATEMENT OF THE CASE

1. TCMA admits the allegations contained in Paragraph No. 1 of the Amended Complaint in that WRWD has brought an action against TCMA and other defendants. As to the remaining allegations contained in Paragraph 1 of the Amended Complaint, TCMA denies it has

ELECTRONICALLY FILED - 2024 Aug 14 2:12 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

contaminated the North Tyger River, Middle Tyger River, South Tyger River, or WRWD's property with any per- or polyfluoroalkyl substances ("PFAS"), including but not limited to, perfluorooctanoic acid ("PFOA"), perfluorooctanesulfonic acid ("PFOS"), perfluorononanoic acid ("PFNA"), perfluorobutane sulfonate ("PFBS"), perfluorohexane sulfonate ("PFHxS"), and hexafluoropropylene oxide dimer acid ("HFPO-DA" or "GenX Chemicals").

2.      TCMA denies the allegations directed at it in Paragraph No. 2 of the Amended Complaint. TCMA is without sufficient information to admit or deny the allegations as to the other defendants in Paragraph No. 2 of the Amended Complaint and therefore denies the remaining allegations in Paragraph No. 2 of the Amended Complaint.

3.       TCMA is without sufficient information to admit or deny the allegations contained in Paragraph No. 3 of the Amended Complaint and therefore denies the allegations in Paragraph No. 3 of the Amended Complaint.

4.      TCMA admits it owns and operates a facility upstream of WRWD. TCMA denies the remaining allegations in Paragraph No. 4 directed at TCMA. TCMA is without sufficient information to admit or deny the allegations as to the other defendants in Paragraph No. 4 of the Amended Complaint and therefore denies the remaining allegations in Paragraph No. 4 of the Amended Complaint.

5.      TCMA denies the allegations in Paragraph No. 5 directed at TCMA. TCMA is without sufficient information to admit or deny the allegations as to the other defendants in Paragraph No. 5 of the Amended Complaint and therefore denies the remaining allegations in Paragraph No. 5 of the Amended Complaint.

6.      TCMA denies the allegations in Paragraph No. 6 directed at TCMA. TCMA is without sufficient information to admit or deny the allegations as to the other defendants in

2

ELECTRONICALLY FILED - 2024 Aug 14 2:12 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

Paragraph No. 6 of the Amended Complaint and therefore denies the remaining allegations in Paragraph No. 6 of the Amended Complaint.

7.      TCMA denies the allegations in Paragraph No. 7 directed at TCMA. TCMA is without sufficient information to admit or deny the allegations as to the other defendants in Paragraph No. 7 of the Amended Complaint and therefore denies the remaining allegations in Paragraph No. 7 of the Amended Complaint.

## DISCLAIMER

8.      TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 8 of the Amended Complaint and therefore denies the allegations in Paragraph No. 8 of the Amended Complaint.

9.      TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 9 of the Amended Complaint and therefore denies the allegations in Paragraph No. 9 of the Amended Complaint

## JURISDICTION AND VENUE

5.[1] Paragraph No. 5 of the Amended Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, TCMA denies the allegations in Paragraph No. 5 of the Amended Complaint directed at TCMA. TCMA is without sufficient information to admit or deny the remaining allegations in Paragraph No. 5 of the Amended Complaint and therefore denies the remaining allegations in Paragraph No. 5 of the Amended Complaint.

6.      Paragraph No. 6 of the Amended Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, TCMA denies the allegations in

---

[1] Plaintiff's Amended Complaint is not consecutively numbered. For ease of reference, the numbering in this Answer is consistent with Plaintiff's Amended Complaint.

ELECTRONICALLY FILED - 2024 Aug 14 2:12 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

Paragraph No. 6 of the Amended Complaint directed at TCMA. TCMA is without sufficient information to admit or deny the remaining allegations in Paragraph No. 6 of the Amended Complaint and therefore denies the remaining allegations in Paragraph No. 6 of the Amended Complaint.

7.	Paragraph No. 7 of the Amended Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, TCMA denies the allegations in Paragraph No. 7 of the Amended Complaint directed at TCMA. TCMA is without sufficient information to admit or deny the remaining allegations in Paragraph No. 7 of the Amended Complaint and therefore denies the remaining allegations in Paragraph No. 7 of the Amended Complaint.

**PARTIES**

8.	TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 8 of the Amended Complaint and therefore denies the allegations in Paragraph No. 8 of the Amended Complaint.

9.	TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 9 of the Amended Complaint and therefore denies the allegations in Paragraph No. 9 of the Amended Complaint.

10.	TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 10 of the Amended Complaint and therefore denies the allegations in Paragraph No. 10 of the Amended Complaint.

11.	TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 11 of the Amended Complaint and therefore denies the allegations in Paragraph No. 11 of the Amended Complaint.

ELECTRONICALLY FILED - 2024 Aug 14 2:12 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

12.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 12 of the Amended Complaint and therefore denies the allegations in Paragraph No. 12 of the Amended Complaint.

13.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 13 of the Amended Complaint and therefore denies the allegations in Paragraph No. 13 of the Amended Complaint.

14.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 14 of the Amended Complaint and therefore denies the allegations in Paragraph No. 14 of the Amended Complaint.

15.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 15 of the Amended Complaint and therefore denies the allegations in Paragraph No. 15 of the Amended Complaint.

16.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 16 of the Amended Complaint and therefore denies the allegations in Paragraph No. 16 of the Amended Complaint.

17.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 17 of the Amended Complaint and therefore denies the allegations in Paragraph No. 17 of the Amended Complaint.

18.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 18 of the Amended Complaint and therefore denies the allegations in Paragraph No. 18 of the Amended Complaint.

19.     TCMA admits it is a Washington Corporation authorized to do business in the State of South Carolina and has conducted business in Spartanburg County since approximately 2016.

ELECTRONICALLY FILED - 2024 Aug 14 2:12 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

TCMA admits it operates a facility located at 2202 Moore Duncan Highway, Moore, South Carolina 29369. TCMA denies the remaining allegations in Paragraph No. 19 of the Amended Complaint.

20.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 20 of the Amended Complaint and therefore denies the allegations in Paragraph No. 20 of the Amended Complaint.

## FACTUAL ALLEGATIONS

21.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 21 of the Amended Complaint and therefore denies the allegations in Paragraph No. 21 of the Amended Complaint.

22.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 22 of the Amended Complaint and therefore denies the allegations in Paragraph No. 22 of the Amended Complaint.

23.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 23 of the Amended Complaint and therefore denies the allegations in Paragraph No. 23 of the Amended Complaint.

24.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 24 of the Amended Complaint and therefore denies the allegations in Paragraph No. 24 of the Amended Complaint.

25.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 25 of the Amended Complaint and therefore denies the allegations in Paragraph No. 25 of the Amended Complaint.

26.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 26 of the Amended Complaint and therefore denies the allegations in Paragraph No. 26 of the Amended Complaint.

27.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 27 of the Amended Complaint and therefore denies the allegations in Paragraph No. 27 of the Amended Complaint.

28.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 28 of the Amended Complaint and therefore denies the allegations in Paragraph No. 28 of the Amended Complaint.

29.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 29 of the Amended Complaint and therefore denies the allegations in Paragraph No. 29 of the Amended Complaint.

30.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 30 of the Amended Complaint and therefore denies the allegations in Paragraph No. 30 of the Amended Complaint.

31.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 31 of the Amended Complaint and therefore denies the allegations in Paragraph No. 31 of the Amended Complaint.

32.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 32 of the Amended Complaint and therefore denies the allegations in Paragraph No. 32 of the Amended Complaint.

ELECTRONICALLY FILED - 2024 Aug 14 2:12 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

ELECTRONICALLY FILED - 2024 Aug 14 2:12 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

33.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 33 of the Amended Complaint and therefore denies the allegations in Paragraph No. 33 of the Amended Complaint.

34.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 34 of the Amended Complaint and therefore denies the allegations in Paragraph No. 34 of the Amended Complaint.

35.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 35 of the Amended Complaint and therefore denies the allegations in Paragraph No. 35 of the Amended Complaint.

36.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 36 of the Amended Complaint and therefore denies the allegations in Paragraph No. 36 of the Amended Complaint.

37.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 37 of the Amended Complaint and therefore denies the allegations in Paragraph No. 37 of the Amended Complaint.

38.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 38 of the Amended Complaint and therefore denies the allegations in Paragraph No. 38 of the Amended Complaint.

39.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 39 of the Amended Complaint and therefore denies the allegations in Paragraph No. 39 of the Amended Complaint.

ELECTRONICALLY FILED - 2024 Aug 14 2:12 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

40.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 40 of the Amended Complaint and therefore denies the allegations in Paragraph No. 40 of the Amended Complaint.

41.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 41 of the Amended Complaint and therefore denies the allegations in Paragraph No. 41 of the Amended Complaint.

42.     TCMA admits the allegations in Paragraph No. 42 of the Amended Complaint.

43.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 43 of the Amended Complaint and therefore denies the allegations in Paragraph No. 43 of the Amended Complaint.

44.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 44 of the Amended Complaint and therefore denies the allegations in Paragraph No. 44 of the Amended Complaint.

45.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 45 of the Amended Complaint and therefore denies the allegations in Paragraph No. 45 of the Amended Complaint.

46.     TCMA admits it owns and operates a facility in Spartanburg County. TCMA denies the remaining allegations in Paragraph No. 46 directed at TCMA. TCMA is without sufficient information to admit or deny the allegations as to the other defendants in Paragraph No. 46 of the Amended Complaint and therefore denies the remaining allegations in Paragraph No. 46 of the Amended Complaint.

47.     TCMA denies it uses products that contain or degrade to PFOA, PFOS, PFHxS, PFNA, PFBS, or GenX Chemicals. TCMA is without sufficient information to admit or deny the

ELECTRONICALLY FILED - 2024 Aug 14 2:12 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

remaining allegations in Paragraph No. 47 of the Amended Complaint and therefore denies the remaining allegations in Paragraph No. 47 of the Amended Complaint.

48.     TCMA denies it uses products that contain or degrade to PFOA, PFOS, PFHxS, PFNA, PFBS, or GenX Chemicals. TCMA is without sufficient information to admit or deny the remaining allegations in Paragraph No. 48 of the Amended Complaint and therefore denies the remaining allegations in Paragraph No. 48 of the Amended Complaint.

49.     TCMA denies it uses products that contain or degrade to PFOA, PFOS, PFHxS, PFNA, PFBS, or GenX Chemicals. TCMA is without sufficient information to admit or deny the remaining allegations in Paragraph No. 49 of the Amended Complaint and therefore denies the remaining allegations in Paragraph No. 49 of the Amended Complaint.

50.     TCMA denies the allegations in Paragraph No. 50 directed at TCMA. TCMA is without sufficient information to admit or deny the allegations as to the other defendants in Paragraph No. 50 of the Amended Complaint and therefore denies the remaining allegations in Paragraph No. 50 of the Amended Complaint.

51.     TCMA denies the allegations in Paragraph No. 51 directed at TCMA. TCMA is without sufficient information to admit or deny the allegations as to the other defendants in Paragraph No. 51 of the Amended Complaint and therefore denies the remaining allegations in Paragraph No. 51 of the Amended Complaint.

52.     TCMA denies the allegations in Paragraph No. 52 directed at TCMA. TCMA is without sufficient information to admit or deny the allegations as to the other defendants in Paragraph No. 52 of the Amended Complaint and therefore denies the remaining allegations in Paragraph No. 52 of the Amended Complaint.

10

ELECTRONICALLY FILED - 2024 Aug 14 2:12 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

53.     TCMA denies the allegations in Paragraph No. 53 directed at TCMA. TCMA is without sufficient information to admit or deny the allegations as to the other defendants in Paragraph No. 53 of the Amended Complaint and therefore denies the remaining allegations in Paragraph No. 53 of the Amended Complaint.

54.     TCMA denies the allegations in Paragraph No. 54 directed at TCMA. TCMA is without sufficient information to admit or deny the allegations as to the other defendants in Paragraph No. 54 of the Amended Complaint and therefore denies the remaining allegations in Paragraph No. 54 of the Amended Complaint.

## FIRST CAUSE OF ACTION
### Private Nuisance

55.     TCMA adopts and reasserts as though fully set forth herein its responses to Paragraphs Nos. 1 through 54 of the Amended Complaint.

56.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 56 of the Amended Complaint and therefore denies the allegations in Paragraph No. 56 of the Amended Complaint.

57.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 57 of the Amended Complaint and therefore denies the allegations in Paragraph No. 57 of the Amended Complaint.

58.     TCMA denies the allegations in Paragraph No. 58 of the Amended Complaint.

59.     TCMA denies the allegations in Paragraph No. 59 of the Amended Complaint.

60.     TCMA denies the allegations in Paragraph No. 60 of the Amended Complaint.

61.     TCMA denies the allegations in Paragraph No. 61 of the Amended Complaint.

62.     TCMA denies the allegations in Paragraph No. 62 of the Amended Complaint.

63.     TCMA denies the allegations in Paragraph No. 63 of the Amended Complaint.

ELECTRONICALLY FILED - 2024 Aug 14 2:12 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

64. TCMA denies the allegations in Paragraph No. 64 of the Amended Complaint.

65. TCMA denies the allegations in Paragraph No. 65 of the Amended Complaint, and all subparts thereto.

66. TCMA denies the allegations in Paragraph No. 66 of the Amended Complaint.

## SECOND CAUSE OF ACTION
### Public Nuisance

67. TCMA adopts and reasserts as though fully set forth herein its responses to Paragraphs Nos. 1 through 66 of the Amended Complaint.

68. TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 68 of the Amended Complaint and therefore denies the allegations in Paragraph No. 68 of the Amended Complaint.

69. TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 69 of the Amended Complaint and therefore denies the allegations in Paragraph No. 69 of the Amended Complaint.

70. TCMA denies the allegations in Paragraph No. 70 of the Amended Complaint.

71. TCMA denies the allegations in Paragraph No. 71 of the Amended Complaint.

72. TCMA denies the allegations in Paragraph No. 72 of the Amended Complaint.

73. TCMA denies the allegations in Paragraph No. 73 of the Amended Complaint.

74. TCMA denies the allegations in Paragraph No. 74 of the Amended Complaint.

75. TCMA denies the allegations in Paragraph No. 75 of the Amended Complaint.

76. TCMA denies the allegations in Paragraph No. 76 of the Amended Complaint.

77. TCMA denies the allegations in Paragraph No. 77 of the Amended Complaint, and all subparts thereto.

78. TCMA denies the allegations in Paragraph No. 78 of the Amended Complaint.

ELECTRONICALLY FILED - 2024 Aug 14 2:12 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

## THIRD CAUSE OF ACTION
### Trespass

79.    TCMA adopts and reasserts as though fully set forth herein its responses to Paragraphs Nos. 1 through 78 of the Amended Complaint.

80.    TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 80 of the Amended Complaint and therefore denies the allegations in Paragraph No. 80 of the Amended Complaint.

81.    TCMA denies the allegations in Paragraph No. 81 of the Amended Complaint and all subparts thereto.

82.    TCMA denies the allegations in Paragraph No. 82 of the Amended Complaint.

83.    TCMA denies the allegations in Paragraph No. 83 of the Amended Complaint.

84.    TCMA denies the allegations in Paragraph No. 84 of the Amended Complaint.

85.    TCMA denies the allegations in Paragraph No. 85 of the Amended Complaint.

86.    TCMA denies the allegations in Paragraph No. 86 of the Amended Complaint.

87.    TCMA denies the allegations in Paragraph No. 87 of the Amended Complaint.

## FOURTH CAUSE OF ACTION
### Negligence, Gross Negligence, and/or Recklessness

88.    TCMA adopts and reasserts as though fully set forth herein its responses to Paragraphs Nos. 1 through 87 of the Amended Complaint.

89.    TCMA denies the allegations in Paragraph No. 89 of the Amended Complaint.

90.    TCMA denies the allegations in Paragraph No. 90 of the Amended Complaint.

91.    TCMA denies the allegations in Paragraph No. 91 of the Amended Complaint.

92.    TCMA denies the allegations in Paragraph No. 92 of the Amended Complaint.

93.    TCMA denies the allegations in Paragraph No. 93 of the Amended Complaint.

ELECTRONICALLY FILED - 2024 Aug 14 2:12 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

WHEREFORE, TCMA denies WRWD is entitled to any of the relief sought in the unnumbered paragraph following the Fourth Cause of Action of the Amended Complaint and respectfully requests the Court enter judgment in favor of TCMA, dismiss with prejudice all causes of action, and tax all court costs against WRWD.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

TCMA denies all allegations in WRWD's Amended Complaint not explicitly admitted in its Answer and demands strict proof of those allegations.

### SECOND AFFIRMATIVE DEFENSE

WRWD's Amended Complaint, in whole or in part, fails to state a claim upon which relief can be granted against TCMA.

### THIRD AFFIRMATIVE DEFENSE

WRWD has failed to join all proper parties as required by South Carolina Rules of Civil Procedure, Rule 19.

### FOURTH AFFIRMATIVE DEFENSE

WRWD's claims are or may be barred by the applicable statutes of limitations.

### FIFTH AFFIRMATIVE DEFENSE

WRWD's claims are or may be barred, in whole or in part, by reason of Plaintiff's lack of standing to assert these claims.

### SIXTH AFFIRMATIVE DEFENSE

WRWD has not suffered a concrete and particularized injury.

14

ELECTRONICALLY FILED - 2024 Aug 14 2:12 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

## SEVENTH AFFIRMATIVE DEFENSE

TCMA owed no duty to WRWD.

## EIGHTH AFFIRMATIVE DEFENSE

TCMA breached no duty owed to WRWD.

## NINTH AFFIRMATIVE DEFENSE

TCMA complied with all relevant permit conditions for its facility and acted in accordance with the applicable standards of care under all laws, regulations, and industry practice.

## TENTH AFFIRMATIVE DEFENSE

To the extent WRWD proves a TCMA product was involved in the alleged incident, the product at issue was designed, manufactured, and assembled in compliance with all applicable industry standards and governmental regulations, with the result that WRWD cannot recover from TCMA.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent WRWD proves a TCMA product was involved in the alleged incident, the product at issue was state-of-the-art and did not present an unreasonable risk to WRWD or to other users of the product, with the result that WRWD cannot recover from TCMA.

## TWELFTH AFFIRMATIVE DEFENSE

TCMA did not proximately cause any damage to WRWD.

## THIRTEENTH AFFIRMATIVE DEFENSE

Any injuries to WRWD resulted from the acts or omissions of others.

## FOURTEENTH AFFIRMATIVE DEFENSE

WRWD's alleged injuries were not caused by any acts or omissions of TCMA.

15

ELECTRONICALLY FILED - 2024 Aug 14 2:12 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

## FIFTEENTH AFFIRMATIVE DEFENSE

Any injuries incurred by WRWD were proximately caused by other parties over whom TCMA had no control.

## SIXTEENTH AFFIRMATIVE DEFENSE

Any injuries sustained by WRWD were not foreseeable.

## SEVENTEENTH AFFIRMATIVE DEFENSE

WRWD's alleged damages were proximately caused or contributed to by unforeseeable, independent, intervening or superseding events beyond the control of and unrelated to any conduct by TCMA.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The conditions that WRWD alleges caused its injuries constitute an open and obvious risk, such that no recovery may be had against TCMA.

## NINETEENTH AFFIRMATIVE DEFENSE

WRWD's claims are or may be barred as WRWD assumed or incurred the risk of the alleged injuries and damages.

## TWENTIETH AFFIRMATIVE DEFENSE

TCMA denies any of its actions were negligent, but would assert that WRWD's claim of such negligence is or may be barred, or in the alternative, reduced to the extent of comparative negligence of WRWD.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

To the extent WRWD proves a TCMA product was involved in the alleged incident, the product at issue was or may have been modified or altered after it left the possession and/or control

16

ELECTRONICALLY FILED - 2024 Aug 14 2:12 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

of TCMA in a way that could not be expected by TCMA, with the result that WRWD may not recover from TCMA for injuries caused by the modification or alteration to the product.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

To the extent WRWD proves a TCMA product was involved in the alleged incident, WRWD and/or other parties misused the product at issue in an unforeseeable manner, with the result that a recovery against TCMA is barred.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

TCMA denies any of its actions were willful, wanton, malicious, grossly negligent, or reckless.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

TCMA engaged in no act or omission which constitutes a public or private nuisance.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

WRWD cannot maintain an action for public or private nuisance because it has not suffered a specialized, individual injury.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

WRWD's claims for nuisance are barred by S.C. Code Ann. § 31-24-120.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

TCMA has not engaged in any conduct which inconvenienced or damaged WRWD's property.

17

ELECTRONICALLY FILED - 2024 Aug 14 2:12 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

WRWD's claims based on nuisance theories are, or may be, barred or limited under the doctrines of "coming to the nuisance," the prior nuisance doctrine, and the doctrine of consent.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

WRWD does not allege special damages. Accordingly, WRWD cannot state a claim for public nuisance under South Carolina law.

### THIRTIETH AFFIRMATIVE DEFENSE

WRWD cannot allege a private nuisance claim since any injurious effects caused by TCMA's alleged actions would be to the public at large and not limited to a few individuals as required by a private nuisance claim.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

The claims against TCMA fail because TCMA does not exercise sufficient control over the alleged nuisance causing property and does not exercise sufficient control over the instrumentality of the alleged nuisance.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

WRWD fails to state a claim for either direct or indirect trespass under South Carolina law.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

The claims against TCMA fail because there was no intentional act by TCMA that would support a claim for trespass.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

WRWD's claim for trespass against TCMA is barred because TCMA did not interfere with WRWD's property, or any alleged interference was *de minimis*, and because WRWD cannot show damage to the *res* as a result of the acts or omissions of TCMA.

18

ELECTRONICALLY FILED - 2024 Aug 14 2:12 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

WRWD's claim of trespass is barred because WRWD consented to the entry of water onto its property.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

WRWD cannot show an intentional act by TCMA that resulted in an invasion of WRWD's property.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

WRWD's claims against TCMA are barred, in whole or in part, because neither WRWD's person nor property has been damaged, and because the economic loss doctrine bars WRWD's claims.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

WRWD's claims are preempted, in whole or in part, by applicable federal or state law and regulations.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

WRWD's claims are barred, in whole or in part, because WRWD failed to mitigate any injuries or damages it allegedly suffered. Alternatively, if WRWD did mitigate its damages, TCMA is entitled to a set-off.

### FORTIETH AFFIRMATIVE DEFENSE

TCMA is entitled to a set-off or reduction in damages for any amounts recovered by WRWD from other Defendants or a collateral source.

### FORTY-FIRST AFFIRMATIVE DEFENSE

TCMA denies it has engaged in any conduct that warrants an award of punitive damages.

19

ELECTRONICALLY FILED - 2024 Aug 14 2:12 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

**FORTY-SECOND AFFIRMATIVE DEFENSE**

WRWD's claim of punitive damages violates the constitutional safeguards provided to TCMA under the Fourth, Fifth, Sixth and Fourteenth Amendments of the Constitution of the United States, and the Constitution of the State of South Carolina, on the following grounds:

(a) It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United Sates Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon WRWD satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b) The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

(c) The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against defendants, which thereby violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

(d) The procedures pursuant to which punitive damages are awarded fail to provide specific standards, or provide vague or insufficient standards, for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(e) The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

20

(f) The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(g) The procedures pursuant to which punitive damages are awarded fail to require that an award of punitive damages be proportionate, or bear a reasonable relationship, to the actual harm incurred;

(h) The procedures pursuant to which punitive damages are awarded fail to provide mitigating factors for the jury's consideration in awarding punitive damages.

### FORTY-THIRD AFFIRMATIVE DEFENSE

WRWD's attempt to impose punitive or extracontractual damages on TCMA on the basis of vicarious liability for the conduct of others violates the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

The punitive damages sought by WRWD are unconstitutional under the Excessive Fines clause of the Eighth Amendment and the Due Process clause of the Fourteenth Amendment to the United States Constitution. WRWD's claims for punitive damages are barred further because the acts, if any, and omissions, if any, of TCMA, which are specifically denied, fail to rise to the level required to sustain a reward of punitive damages; and are not so wanton or willful as to support an award of punitive damages. Alternatively, this claim must be bifurcated and considered only in a second phase at the trial after TCMA's alleged liability has been determined, which is expressly denied.

ELECTRONICALLY FILED - 2024 Aug 14 2:12 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

21

ELECTRONICALLY FILED - 2024 Aug 14 2:12 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

### FORTY-FIFTH AFFIRMATIVE DEFENSE

While TCMA denies that WRWD is entitled to punitive damages, to the extent applicable, TCMA asserts all protects set forth in S.C. Code Ann. §§ 15-32-520 and 15-32-530, and further asserts any and all additional statutory caps and limitations to punitive damages pursuant to South Carolina statutory law and case law.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

To the extent that the carious claims set forth herein seek both punitive damages and multiple damages on different theories for the same loss, WRWD is not entitled to recover both punitive damages and multiple damages for the same loss, as such constitutes a double recovery.

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

TCMA has not had an opportunity to conduct a sufficient investigation or to engage in adequate discovery regarding the circumstances of the WRWD's allegations.  TCMA intends to act as best it can to inform itself of the pertinent facts and prevailing circumstances surrounding any reported injury or damage to WRWD as alleged in the Amended Complaint, and gives notice of its intent to assert any further affirmative defense that its information-gathering process may indicate is supported by fact and law.  TCMA reserves the right to amend this Answer and assert such defenses.

### RESERVATION OF RIGHTS

TCMA reserves the right to amend its Answer to WRWD's Amended Complaint to assert any additional and further defenses which may constitute grounds for an avoidance of liability or affirmative defense as may become available through discovery and throughout the pendency of this litigation.

## JURY DEMAND

TCMA demands a trial by struck jury with regard to all claims asserted against it.

DATED: August 14, 2024.

Respectfully submitted,

COPELAND, STAIR, VALZ & LOVELL, LLP

40 Calhoun Street, Suite 400
Charleston, SC 29401
jteich@csvl.law
hsmith@csvl.law
843-727-0307

By:   *s/ Jordan N. Teich*
      Jordan N. Teich
      SC Bar No.: 77206

      Hannah E. Smith
      SC Bar No.: 105237

**Counsel for Defendant Toray Composite
Materials America, Inc.**

ELECTRONICALLY FILED - 2024 Aug 14 2:12 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

ELECTRONICALLY FILED - 2024 Aug 14 4:33 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

| | | |
|---|---|---|
| **STATE OF SOUTH CAROLINA** | ) | **IN THE COURT OF COMMON PLEAS** |
| | ) | |
| **COUNTY OF SPARTANBURG** | ) | **SEVENTH JUDICIAL CIRCUIT** |
| | ) | |
| | ) | |
| **WOODRUFF-ROEBUCK WATER DISTRICT,** | ) | **C.A. No.:  2024-CP-42-02480** |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **AFL TELECOMMUNICATIONS, LLC; CRYOVAC, INC.; CRYOVAC, LLC; GTI CHEMICAL SOLUTIONS, INC.; GTI CHEMICAL SOLUTIONS, LLC; M. LOWENSTEIN CORPORATION; MOCOM COMPOUNDS CORPORATION; PLASTIC OMNIUM AUTO EXTERIORS, LLC; ROEBUCK DISPOSAL, LLC; SPRINGS INDUSTRIES, INC.; STARCHEM, LLC; SYNTHOMER USA, LLC; TORAY COMPOSITE MATERIALS AMERICA, INC.; WASTE MANAGEMENT OF SOUTH CAROLINA, INC.,** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **DEFENDANT WASTE MANAGEMENT OF SOUTH CAROLINA, INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT** |
| **Defendants.** | ) ) | |

Defendant Waste Management of South Carolina, Inc. ("WMSC"), by and through its undersigned counsel, and pursuant to Rules 8(a), 12(b)(1), and 12(b)(6) of the South Carolina Rules of Civil Procedure, hereby submits its Memorandum of Law in Support of its Motion to Dismiss all claims asserted against WMSC in the Amended Complaint filed by the Plaintiff, Woodruff-Roebuck Water District ("Woodruff"), respectfully stating as follows:

## I.     INTRODUCTION

Woodruff's Amended Complaint (the "Complaint") is subject to dismissal on multiple grounds.  At the outset, this dispute is not ripe for judicial review.  Woodruff, a drinking water

provider, bases its claims on newly-promulgated drinking water standards for certain per- and polyfluoroalkyl substances ("PFAS") that Woodruff does not have to comply with until 2029. Even assuming the standards go into effect as written at that time (they are currently being challenged in federal court), it is unknowable what measures, if any, Woodruff will have to take to meet them. The rule includes a three-year initial testing period that has only just begun. Woodruff does not allege that it has incurred any costs—or taken any action at all—due to the new rule or on account of PFAS-contaminated water. The costs it is seeking to recover—future expenses it might incur to acquire and operate a new water treatment system—are inherently conjectural and contingent. Accordingly, this lawsuit is premature and should be dismissed.

Even assuming Woodruff's claims are allowed to proceed now, the risk of giving Woodruff an unwarranted windfall is unavoidable. Woodruff asks the Court to speculate that the condition of its source water five years from now will be the same as it is today—that there will be no changes to PFAS contributions to the river (such as would result from the installation of third-party wastewater pretreatment systems), river flow rates, or any other developments that will moot Woodruff's claims before 2029. Furthermore, in the event Woodruff's claims do become ripe, they will lie only against any parties legally responsible for contributing PFAS to Woodruff's source water at that time, not today.

Leaving aside the prematurity of the lawsuit, Woodruff's claims against WMSC are misdirected. The injuries Woodruff ascribes to WMSC arise from the alleged discharge of PFAS from a wastewater treatment plant owned and operated by Lyman, a third-party, not WMSC, into the Tyger River. Woodruff alleges that WMSC is one of Lyman's customers that delivers wastewater to Lyman for treatment, but WMSC does not have any control over Lyman's operations or discharges. For reasons known only to Woodruff, it chose not to sue Lyman. But

2

54965972 v1

ELECTRONICALLY FILED - 2024 Aug 14 4:33 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

South Carolina law does not allow Woodruff to sue WMSC for Lyman's discharges. Each of Woodruff's causes of action against WMSC is deficient for the following reasons:

1. WMSC is not liable for nuisance because it has no control over the property allegedly causing the nuisance;

2. The alleged contamination of a river affects the general public and cannot support a claim for private nuisance;

3. PFAS molecules are "intangible" matter that as a matter of law cannot constitute a trespass;

4. Woodruff has no claim for trespass where PFAS only allegedly entered its property as a result of its own actions;

5. WMSC owes no duty to Woodruff and therefore cannot be liable for negligence; and

6. Woodruff does not allege that it suffered any physical injury or property damage as required for a valid negligence claim.

For all of these reasons, and as explained in more detail below, the Complaint should be dismissed as to WMSC.

## II.     ARGUMENT AND CITATION OF AUTHORITY

### A.     Woodruff's Claims Are Not Ripe.

"A threshold inquiry for any court is a determination of justiciability, i.e., whether the litigation presents an active case or controversy." *Lennon v. S.C. Coastal Council*, 330 S.C. 414, 415, 498 S.E.2d 906, 906 (Ct. App. 1998). This includes an assessment of whether the plaintiff's claims are ripe for adjudication. *See James v. Anne's Inc.*, 390 S.C. 188, 193, 701 S.E.2d 730, 732 (2010). A claim is not ripe and should be dismissed when it presents "a contingent, hypothetical or abstract dispute." *Pee Dee Elec. Co-op., Inc. v. Carolina Power & Light Co.*, 279 S.C. 64, 66, 301 S.E.2d 761, 762 (1983).

Woodruff's allegations demonstrate that it has not yet suffered any legally cognizable injury due to PFAS, and it might never. Although the U.S. Environmental Protection Agency's

3

PFAS drinking water standards ("maximum contaminant levels" or "MCLs") became final in April 2024, (Compl., ¶ 39), it has not yet been determined how, if at all, the rule will impact Woodruff. Woodruff will not have to comply with the MCLs until 2029. (*Id.*, ¶ 41). Before that there is a three year "initial monitoring" period that runs through 2027. (*Id.*); *see also* 89 Fed. Reg. 32532, 32633 (April 26, 2024).

Woodruff does not allege any facts indicating that, at this time, it is doing anything other than waiting to see if and when it will have to take action to comply with the 2029 standards. Woodruff has not alleged it has incurred any costs or expenses due to PFAS in its source water. Rather, it is seeking "expenses associated with the *future* acquisition, installation, and operation of *required* treatment technologies[.]"  (Compl., ¶ 71 (emphasis added)).  Nothing in the Complaint indicates that Woodruff's operations have changed at all from the period before the MCLs were finalized in April or as a result of PFAS in the Tyger River.

This status quo may continue indefinitely. Woodruff's testing during the initial monitoring period may indicate  Woodruff will not be required to make any capital investments to remain in compliance with applicable regulations.  It is also uncertain whether the MCLs will remain valid law by the time they would be applicable to Woodruff.  In June 2024, three sets of plaintiffs filed challenges to EPA's rule in actions currently pending before the Court of Appeals for the D.C. Circuit.  *See Am. Water Works Assoc. v. U.S. EPA*, Case No. 24-1188; *Nat'l Assoc. of Manufacturers, et al. v. U.S. EPA*, Case No. 24-1191; *The Chemours Company FC, LLC v. U.S. EPA*, Case No. 24-1192.  The potential changes that could result from these cases (or for other reasons) preclude Woodruff's claims from being ripe at this time.  *See Jowers v. S.C. Dep't of Health & Env't Control*, 423 S.C. 343, 364, 815 S.E.2d 446, 457 (2018) (finding that action was not ripe because the plaintiff's claim "depends on there being no changes to the law regarding

54965972 v1

ELECTRONICALLY FILED - 2024 Aug 14 4:33 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

surface water withdrawals."). Because of these numerous uncertainties, the facts alleged by Woodruff demonstrate, at most, "the mere threat of potential injury," which is "too contingent or remote to support present adjudication." *Waters v. S.C. Land Res. Conservation Comm'n*, 321 S.C. 219, 228, 467 S.E.2d 913, 918 (1996) (quoting *Thrifty Rent–A–Car Sys., Inc. v. Thrifty Auto Sales of Charleston, Inc*., 849 F. Supp. 1083, 1086 (D.S.C. 1991)). Accordingly, Woodruff's claims are not ripe and should be dismissed.

> **B.     Each of Woodruff's Substantive Causes of Action Against WMSC are Legally Deficient.**

>> **1.     *Woodruff Has No Claim For Nuisance Against WMSC Because WMSC Does Not Control the Source of the Alleged Nuisance.****

As a matter of South Carolina law, WMSC cannot be liable to Woodruff for nuisance for delivering leachate to a wastewater treatment plant. Nuisance law is a mechanism for resolving "conflicting interests of landowners" and balancing their competing rights. *Winget v. Winn-Dixie Stores, Inc*., 242 S.C. 152, 159, 130 S.E.2d 363, 367 (1963); *see also O'Cain v. O'Cain*, 322 S.C. 551, 560, 473 S.E.2d 460, 465 (Ct. App. 1996). It then follows, the South Carolina Supreme Court has held, that "one who has no control over property at the time of the alleged nuisance cannot be held liable therefor." *Clark v. Greenville Cnty*., 313 S.C. 205, 210, 437 S.E.2d 117, 119 (1993). The alleged nuisance for which Woodruff alleges WMSC is responsible arises solely from Lyman's discharges from its wastewater treatment plant, which can be challenged only in a nuisance action against Lyman.

*Greenville County* is indistinguishable from this case. There, the plaintiffs alleged that their properties were contaminated by releases of hazardous substances from a nearby landfill. They sued the landfill as well as a number of corporations that had disposed of hazardous waste in it. The South Carolina Supreme Court affirmed judgment for the corporations on the nuisance claim because plaintiffs "neither alleged nor produced any evidence the corporate respondents had

54965972 v1

ELECTRONICALLY FILED - 2024 Aug 14 4:33 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

ELECTRONICALLY FILED - 2024 Aug 14 4:33 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

control over the landfill or the hazardous waste once it was deposited at the landfill." *Id*. at 210. Likewise, Woodruff concedes that control of Woodruff's wastewater is passed to Lyman before any PFAS is discharged into the river, and Woodruff does not allege that WMSC has any control over Lyman's treatment facility.

Notably, a South Carolina federal court recently found that *Greenville County* compelled it to dismiss analogous PFAS nuisance claims. *See Weatherford v. E.I. Dupont de Neumours & Co*., No. 4:22-CV-1427-RBH, 2023 WL 11015357 (D.S.C. Sept. 27, 2023). In *Weatherford*, the plaintiffs alleged that their wells were contaminated with PFAS which had been discharged from a textile facility's wastewater treatment plant. They brought claims against the companies that manufactured and distributed the PFAS to that facility. The court dismissed the nuisance claims because those defendants were not alleged to have control over the manufacturing facility, *id*. at 6, despite the plaintiffs' allegation that the defendants "knew [the PFAS they supplied] would go into the water and soil surrounding the textile plant." *Id*. at 1. The same result is required here.

WMSC's lack of control over Lyman's plant precludes Woodruff's public and private nuisance claims, as the difference between the two causes of action is based only on the persons affected, not "the nature or character of the thing or activity itself." *Home Sales, Inc. v. City of N. Myrtle Beach*, 299 S.C. 70, 81, 382 S.E.2d 463, 469 (Ct. App. 1989). Accordingly, Counts 1 (private nuisance) and 2 (public nuisance) should be dismissed.

### 2.     *Woodruff's Allegations of Contamination of the Tyger River Do Not State a Claim for Private Nuisance.*

Woodruff's private nuisance claim should be dismissed for the additional reason that the alleged contamination of a public water body cannot be the basis of a private nuisance claim. A private nuisance "produces damage to but one or two persons, and cannot be said to be public." *Charleston Dev. Co., LLC v. Alami*, 433 S.C. 533, 547-48, 860 S.E.2d 687, 695 (Ct. App. 2021)

6

54965972 v1

(quoting *Deason v. S. Ry. Co.*, 142 S.C. 328, 334, 140 S.E. 575, 577 (1927)); *see also Baltzeger v. Carolina Midland Ry. Co.*, 54 S.C. 242, 248, 32 S.E. 358, 360 (1899) ("A private nuisance affects only one person or a determinate number of persons." (quoting 16 Am. & Eng. Enc. Law, 926)). Woodruff is just one of the many riparian landowners in the 15 miles between Lyman and Woodruff's property.[1]

### 3. Woodruff's Allegations Do Not Support a Trespass Claim under South Carolina Law.

#### a. PFAS particles are "intangible" matter that cannot support a trespass claim.

South Carolina follows the traditional rule that there must be "an invasion by a physical, tangible thing for a trespass to exist." *Babb v. Lee Cnty. Landfill SC, LLC*, 405 S.C. 129, 145, 747 S.E.2d 468, 476 (2013). To be sufficiently "tangible," the invasion must "interfere with the right to exclusive possession" and not "merely interfere with the right to use and enjoyment." *Id*. at 151.

The PFAS molecules at issue in this case fall squarely into the latter category. Their alleged concentrations in the Tyger River is incomprehensibly small. They are measured, if at all, in the parts per *trillion*. (Compl., ¶¶ 30-40). Woodruff does not allege (nor could it) that PFAS can be seen, felt, or otherwise perceived in water.

PFAS in water is the equivalent of dust in air, which is "intangible" under the traditional rule that South Carolina follows. As the court explained in *Adams v. Cleveland-Cliffs Iron Co.*, 237 Mich. App. 51, 69 (1999)—the case which persuaded the *Babb* Court to adopt the traditional rule—while "dust particles are tangible objects in a strict sense that they can be touched and are

---

[1] A court may take judicial notice of a fact that is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Rule 201(b), SCRE. "'[G]eographical information is especially appropriate for judicial notice.'" *Prioleau v. Wallace*, No. 5:24-cv-1171, 2024 WL 3416605, at *1 (D.S.C. May 24, 2024), *adopted by* 2024 WL 3412324 (D.S.C. July 15, 2024) (quoting *United States v. Johnson*, 726 F.2d 1018, 1021 (4th Cir. 1984)).

ELECTRONICALLY FILED - 2024 Aug 14 4:33 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

comprised of physical elements" they cannot form the basis of a trespass claim because dust "does not normally present itself as a significant physical intrusion." PFAS molecules likewise "do not normally occupy the land [or water] on which they settle in any meaningful sense" but rather "simply become a part of the ambient circumstances of that space." *Id*. at 70.

Conversely, the *Babb* Court rejected the line of trespass cases that would allow claims based on intangible invasions, beginning with *Martin v. Reynolds Metals Co*., 221 Or. 86 (1959). *See Babb*, 405 S.C. at 146. *Martin* involved pollution from microscopic fluoride particles, which is precisely what is at issue in this case. PFAS—"per- and poly***fluoro***alkyl substances"—are defined by the carbon-fluorine bonds each molecule contains. (Compl., ¶ 21). Thus, because the *Babb* Court rejected the reasoning in *Martin*, the PFAS molecules in this case are "intangible" under South Carolina trespass law.

The nature of Woodruff's claims confirm that this is the correct result. The core of Woodruff's Complaint is that its ability to use its property to provide drinking water to its customers is (or rather, will be) affected. Its allegations do not implicate its "right to the exclusive, peaceable possession of [its] property." *Babb*, 405 S.C. at 139 (quoting *Ravan v. Greenville Cnty*., 315 S.C. 447, 463, 434 S.E.2d 296, 306 (Ct. App. 1993)). It is thus nuisance law that provides the remedy, if there is in fact a wrong (which there is not). In all respects, this case is a quintessential nuisance matter and Woodruff's attempts to dress it in other tort theories should be rejected.

> b.    The alleged contamination of the Tyger River cannot constitute a trespass to Woodruff.

Woodruff's trespass claim also fails because Woodruff does not sufficiently allege that there has been any invasion of Woodruff's property. Trespass protects only the "rights of *exclusive* possession." *Babb*, 405 S.C. at 141 (emphasis added). Woodruff has no such right in the river water, only a riparian right of reasonable use. *See White v. Whitney Mfg. Co*., 60 S.C. 254, 265,

8

54965972 v1

ELECTRONICALLY FILED - 2024 Aug 14 4:33 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

ELECTRONICALLY FILED - 2024 Aug 14 4:33 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

38 S.E. 456, 460 (1901) (holding that although a riparian owner has "an equal right to the use of the water which flows in the stream adjacent to his lands. . . . He has no property in the water itself, but a simple usufruct.") (quotation omitted).

Although Woodruff alleges that PFAS have been present on the property it owns, it concedes that this is only as a result of Woodruff's own actions: it occurs only when Woodruff turns on its water pumps. (Compl., ¶ 83). This does not constitute a trespass under South Carolina law, which requires that the trespass be caused by a defendant's "affirmative act [and that] the invasion of the land must be intentional . . . ." *Snow v. City of Columbia*, 305 S.C. 544, 553, 409 S.E.2d 797, 802 (Ct. App. 1991). An act is only "intentional" if it "is done with knowledge that it will to a substantial certainty result in the entry of the foreign matter" on the plaintiff's land. *Sales v. S.C. Dep't of Transportation*, No. 2014-000582, 2016 WL 3607225, at *2 (S.C. Ct. App. June 30, 2016) (quoting Restatement (Second) of Torts § 158 cmt. i (1965)). There can be no such certainty that any PFAS will enter Woodruff's property when that does not occur absent Woodruff's intervening acts. Likewise, there is no trespass because Woodruff's instrumental role prevents the presence of PFAS there from being "unauthorized." *See Ravan v. Greenville Cnty.*, 315 S.C. 447, 464, 434 S.E.2d 296, 306 (Ct. App. 1993) ("The essence of trespass is the unauthorized entry onto the land of another.").

Multiple courts have recently found that a drinking water utility has no cause of action for trespass where it voluntarily draws PFAS contaminated water from a river. *See Utilities Bd. of Tuskegee v. 3M Co., Inc.*, No. 2:22-cv-420-WKW, 2023 WL 1870912, at *16 (M.D. Ala. Feb. 9, 2023) ("As alleged, the facts here do not sound in trespass because, unlike other indirect trespasses, Defendants' PFAS did not cross onto [plaintiff's] boundary line by a natural process."); *see also*

9

54965972 v1

ELECTRONICALLY FILED - 2024 Aug 14 4:33 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

*W. Morgan-E. Lawrence Water & Sewer Auth. v. 3M Co.*, 208 F. Supp. 3d 1227, 1235 (N.D. Ala. 2016). This result is required here as well.

### 4. *Woodruff Has Failed to State a Claim for Negligence Against WMSC.*

#### a. <u>WMSC Owes No Duty to Woodruff.</u>

It is well-settled under South Carolina law that "[a]n essential element in a cause of action for negligence is the existence of a legal duty of care owed by the defendant to the plaintiff" *Huggins v. Citibank, N.A.*, 355 S.C. 329, 332, 585 S.E.2d 275, 276 (2003). There can be no negligence liability unless the parties "have a relationship recognized by law as providing the foundation for a duty to prevent an injury." *McCullough v. Goodrich & Pennington Mortg. Fund, Inc.*, 373 S.C. 43, 47, 644 S.E.2d 43, 46 (2007). Such a duty "may be created by statute, a contractual relationship, status, property interest, or some other special circumstance." *Madison ex rel. Bryant v. Babcock Ctr., Inc.*, 371 S.C. 123, 136, 638 S.E.2d 650, 656-57 (2006). But foreseeability of the alleged injury alone does not give rise to a duty absent such a relationship. *See Charleston Dry Cleaners & Laundry, Inc. v. Zurich Am. Ins. Co.*, 355 S.C. 614, 618, 586 S.E.2d 586, 588 (2003).

Woodruff does not allege any facts that suggest any relationship between WMSC and Woodruff sufficient to establish a duty. Woodruff does not allege that it and WMSC have any contractual, business, or other relationship of any kind on which a duty could be found.

With respect to duty, the Complaint asserts only that all of the "Defendants have a duty to use care in the handling, use and disposal of products containing or degrading to [PFAS] to avoid causing an unreasonable risk of harm to others." (Compl. ¶ 89). But South Carolina does not impose such a broad and general duty. Specifically, "there is no general duty to control the conduct of another or to warn a third person or potential victim of danger." *Madison ex rel. Bryant v. Babcock Ctr., Inc.*, 371 S.C. 123, 136, 638 S.E.2d 650, 656 (2006). Furthermore, "one who has

no control owes no duty." *Miller v. City of Camden*, 329 S.C. 310, 314, 494 S.E.2d 813, 815 (1997). Accordingly, in delivering its wastewater to Lyman, WMSC had no duty to ensure that Lyman treated the wastewater in a way that did not risk harm to third-parties and thus owed no duty to Woodruff. *See, e.g.*, *Oulla v. Velazques*, 427 S.C. 428, 444, 831 S.E.2d 450, 458 (Ct. App. 2019) (finding that sod manufacturer that placed sod on truck which subsequently fell and injured motorist did not owe a duty to motorist to ensure that the sod was properly secured).

   b.    <u>Woodruff has not alleged a type of damages that are recoverable under a negligence theory</u>.

Woodruff's negligence claim also fails because Woodruff alleges no facts that would establish the damages element of such a claim, which "requires a plaintiff to establish physical injury or property damage." *Babb*, 405 S.C. at 153. As explained above, Woodruff does not own the water in the Tyger River, but merely has a conditional right to use it. *See Whitney Mfg. Co.*, 60 S.C. at 265. The Complaint makes unexplained references to damage or injury to property, but does not allege any facts showing that anything other than river water has or could be damaged by PFAS. Instead, the Complaint reveals that Woodruff's alleged damages are only (contingent) losses in property *value* and (potential) operating cost increases in the future. Such damages are not "physical injury or property damage" recoverable in negligence. *See Gray v. S. Facilities, Inc.*, 256 S.C. 558, 183 S.E.2d 438 (1971) (finding that property owner could not recover for diminution of the value of his property resulting from oil fire in adjacent river that did not cause physical damage to his property). Thus, for this reason as well, Woodruff's negligence claim fails as a matter of law and should be dismissed.

### III.    CONCLUSION

For all of the foregoing reasons, WMSC's Motion to Dismiss should be granted, and all of the claims that Woodruff has asserted against WMSC should be dismissed.

11

54965972 v1

ELECTRONICALLY FILED - 2024 Aug 14 4:33 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

ELECTRONICALLY FILED - 2024 Aug 14 4:33 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

Respectfully submitted,


*/s/ G. Wade Leach, III*
G. Wade Leach, III (S.C. Bar No. 104841)
BURR & FORMAN LLP
1221 Main Street, Suite 1800 (29201)
P.O. Box 11390
Columbia, South Carolina 29211
Telephone:  (803) 799-9800
Facsimile:  (803) 753-3278
E-mail:wleach@burr.com

Rik S. Tozzi (PHV Admission to be filed)
Ryan J. Hebson (PHV Admission to be filed)
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama  35203
Telephone:  (205) 251-3000
Facsimile:  (205) 458-5100
E-mail:     rtozzi@burr.com
E-mail:     rhebson@burr.com

Counsel for Defendant WASTE MANAGEMENT
OF SOUTH CAROLINA, INC.

August 14, 2024
Columbia, South Carolina

12

54965972 v1

ELECTRONICALLY FILED - 2024 Aug 14 4:33 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF SPARTANBURG | ) | SEVENTH JUDICIAL CIRCUIT |
| | ) | |
| | ) | |
| WOODRUFF-ROEBUCK WATER DISTRICT, | ) | C.A. No.: 2024-CP-42-02480 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AFL TELECOMMUNICATIONS, LLC; CRYOVAC, INC.; CRYOVAC, LLC; GTI CHEMICAL SOLUTIONS, INC.; GTI CHEMICAL SOLUTIONS, LLC; M. LOWENSTEIN CORPORATION; MOCOM COMPOUNDS CORPORATION; PLASTIC OMNIUM AUTO EXTERIORS, LLC; ROEBUCK DISPOSAL, LLC; SPRINGS INDUSTRIES, INC.; STARCHEM, LLC; SYNTHOMER USA, LLC; TORAY COMPOSITE MATERIALS AMERICA, INC.; WASTE MANAGEMENT OF SOUTH CAROLINA, INC., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | DEFENDANT WASTE MANAGEMENT OF SOUTH CAROLINA, INC.'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT |
| Defendants. | ) ) | |

Defendant Waste Management of South Carolina, Inc. ("WMSC"), by and through its undersigned counsel, and pursuant to Rules 8(a), 12(b)(1), and 12(b)(6) of the South Carolina Rules of Civil Procedure, hereby moves the Court to dismiss all claims asserted against WMSC in the Amended Complaint filed by the Plaintiff, Woodruff-Roebuck Water District ("Woodruff"). A separate memorandum of law shall follow separately.

Respectfully submitted,

/s/ G. Wade Leach, III
G. Wade Leach, III (S.C. Bar No. 104841)
BURR & FORMAN LLP

54968099 v1

ELECTRONICALLY FILED - 2024 Aug 14 4:33 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

1221 Main Street, Suite 1800 (29201)
P.O. Box 11390
Columbia, South Carolina 29211
Telephone:  (803) 799-9800
Facsimile:  (803) 753-3278
E-mail:wleach@burr.com

Rik S. Tozzi (PHV Admission to be filed)
Ryan J. Hebson (PHV Admission to be filed)
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama  35203
Telephone:  (205) 251-3000
Facsimile:  (205) 458-5100
E-mail:      rtozzi@burr.com
E-mail:      rhebson@burr.com

Counsel for Defendant WASTE MANAGEMENT
OF SOUTH CAROLINA, INC.

August 14, 2024
Columbia, South Carolina

2

54968099 v1

# The Supreme Court of South Carolina

RE:  PFAS Litigation

---

O R D E R

---

Pursuant to the provisions of Article V, Section 4 of the South Carolina Constitution, I find that assigning a single circuit judge to dispose of all matters arising out of the PFAS litigation currently pending and to be filed in the state court system will promote the effective and expeditious disposition of this litigation through uniform rulings and will conserve the judicial resources of the parties, their counsel, and the judiciary.  Therefore,

IT IS ORDERED that the Honorable Grace Gilchrist Knie be vested with exclusive jurisdiction to hear and dispose of all PFAS litigation cases.  Judge Knie shall decide all pretrial motions and other pretrial matters, including appropriate scheduling deadlines and admission of counsel *pro hac vice* pursuant to Rule 404, SCACR, arising out of the PFAS cases filed in the state court system. Judge Knie shall have jurisdiction in all circuits in the state to dispose of all pretrial matters arising out of the PFAS litigation and may schedule such hearings as may be necessary at any time without regard as to whether there is a term of court scheduled.

IT IS FURTHER ORDERED that for administrative purposes and convenience, upon the filing of a new action involving PFAS litigation, the clerk of court shall notify Judge Knie, via email, of such filing within five business days. This notification shall include the case caption, including the docket number, as well as the name of the attorney or party signing the pleadings.  Judge Knie shall then direct the clerk of court as to the preferred method for transmitting the pleadings and additional filings to her office.

IT IS FURTHER ORDERED that Judge Knie shall have jurisdiction to issue case management orders directing the consolidation of certain pretrial matters within the PFAS litigation.

IT IS FURTHER ORDERED that this is not a consolidation for trial purposes.  At the conclusion of all pretrial matters, any party may move to have

ELECTRONICALLY FILED - 2024 Aug 20 10:18 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

trial ready cases transferred to the trial roster of the court of original jurisdiction or the court of appropriate venue for trial.  Judge Knie shall preside over the trials of all PFAS cases.

       This order shall remain in effect until amended or rescinded by the Chief Justice.

                                            _____C.J.
                                      FOR THE COURT
                                      John W. Kittredge
                                      Chief Justice of South Carolina

Columbia, South Carolina
August 14, 2024

ELECTRONICALLY FILED - 2024 Aug 20 10:18 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

ELECTRONICALLY FILED - 2024 Aug 21 2:05 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

| | |
|---|---|
| **STATE OF SOUTH CAROLINA** | ) **IN THE COURT OF COMMON PLEAS** |
| | ) |
| **COUNTY OF SPARTANBURG** | ) **SEVENTH JUDICIAL CIRCUIT** |
| | ) |
| **WOODRUFF-ROEBUCK WATER** | ) **C.A. No. 2024-CP-42-02480** |
| **DISTRICT,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **AFL TELECOMMUNICATIONS, LLC;** | ) **MOTION FOR PRO HAC VICE** |
| **CRYOVAC, INC.; CRYOVAC, LLC;** | ) **ADMISSION OF RIK S. TOZZI** |
| **GTI CHEMICAL SOLUTIONS, INC.;** | ) |
| **GTI CHEMICAL SOLUTIONS, LLC;** | ) |
| **M. LOWENSTEIN CORPORATION;** | ) |
| **MOCOM COMPOUNDS CORPORATION;** | ) |
| **PLASTIC OMNIUM AUTO EXTERIORS,** | ) |
| **LLC; ROEBUCK DISPOSAL, LLC;** | ) |
| **SPRINGS INDUSTRIES, INC.;** | ) |
| **STARCHEM, LLC; SYNTHOMER USA,** | ) |
| **LLC; TORAY COMPOSITE MATERIALS** | ) |
| **AMERICA, INC.; WASTE** | ) |
| **MANAGEMENT OF SOUTH CAROLINA,** | ) |
| **INC.,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

The undersigned local counsel hereby moves, together with the attached Application and Affidavit, that Rik Stanford Tozzi of Burr & Forman LLP, 420 North 20th Street, Suite 3400, Birmingham, Alabama 35203, be admitted *pro hac vice* in the above captioned matter. As local counsel I understand that:

1. I will personally sign each pleading, motion, discovery procedure, or other document that I serve or file in this court.

2. All pleadings and other documents that I file in this case will contain my name, firm name, address, and phone number and those of my associate counsel admitted *pro hac vice*;

54826919 v1

ELECTRONICALLY FILED - 2024 Aug 21 2:05 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

and service of all pleadings and notices as required shall be sufficient if served upon me, and it is my responsibility to serve my associate counsel admitted *pro hac vice*.

3.       Unless excused by the court, I will be present at all pretrial conferences, hearings, and trials and may attend discovery proceedings. I will be prepared to actively participate, if necessary.

Mr. Tozzi is a member in good standing with his local bar association, and the Verified Application for Admission *Pro Hac Vice* in the State of South Carolina setting forth the necessary information required by Rule 404(d), SCACR, is attached to and incorporated into this motion.

Respectfully submitted,

*/s/ G. Wade Leach, III*
G. Wade Leach, III (S.C. Bar No. 104841)
BURR & FORMAN LLP
1221 Main Street, Suite 1800 (29201)
P.O. Box 11390
Columbia, South Carolina 29211
Telephone:  (803) 799-9800
Facsimile:  (803) 753-3278
E-mail:wleach@burr.com

Rik S. Tozzi (PHV Admission to be filed)
Ryan J. Hebson (PHV Admission to be filed)
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone:  (205) 251-3000
Facsimile:  (205) 458-5100
E-mail:rtozzi@burr.com
E-mail:rhebson@burr.com

Counsel for Defendant Waste Management
of South Carolina, Inc.

August 21, 2024
Columbia, South Carolina

2

ELECTRONICALLY FILED - 2024 Aug 21 2:05 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

# VERIFIED APPLICATION FOR ADMISSION *PRO HAC VICE*
# IN THE STATE OF SOUTH CAROLINA

**Please type your answers in the space provided. Provide an answer for every question asked. In your own handwriting, sign in all spaces where a signature is required (no e-signatures). The accompanying certificate of good standing should not be older than 90 days at the time of the filing of this application.**

| | | |
|---|---|---|
| Woodruff-Roebuck Water District | 2024-CP-42-02480 | In the Court of Common Pleas Seventh Judicial Circuit |
| Plaintiff | Case No. | Tribunal |
| vs. | | |
| | Mailing Address of Tribunal: | 180 Magnolia Street Spartanburg, SC 29306 |
| AFL Telecommunications, LLC, et al. | | |
| Defendant | | |

Comes now, <u>Rik Stanford Tozzi</u>, application herein, and respectfully represents the following:

1.   Applicant resides at:

600 19th Street North, Unit 2803
Street Address

| Birmingham | Jefferson | Alabama | 35203 |
|---|---|---|---|
| City | County | State | Zip Code |

205-458-5152
Telephone

2.   Applicant is an attorney and a member of the law firm of (or practices law under the name of) <u>Burr & Forman LLP</u>, with offices at:

420 North 20th Street, Suite 3400
Street Address

| Birmingham | Jefferson | Alabama | 35203 |
|---|---|---|---|
| City | County | State | Zip Code |
| 205-458-5152 | 205-281-6433 | 205-458-5100 | rtozzi@burr.com |
| Primary Telephone | Cell Phone | Fax Number | Email Address |

3.   Applicant has been retained personally or as a member of the above-named law firm by <u>Waste Management of South Carolina, Inc.</u> to provide legal representation in connection with the above case now pending before the above-named tribunal of the State of South Carolina.

4.   Since <u>September 24 of 1983</u>, Applicant has been, and presently is, a member in good standing of the bar of the highest court of the District of Columbia or the <u>State of Alabama</u> where Applicant regularly practices law. Attached is a certificate of good standing dated within the last 90 days from the bar of the highest court of the District of Columbia or the State where applicant regularly practices law. It is not necessary to provide a certificate of good standing from all courts before which you are admitted.

*Page 1 of 4*

ELECTRONICALLY FILED - 2024 Aug 21 2:05 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

5. List all courts before which Applicant has been admitted to practice law, including United States District Courts; United States Circuit Courts of Appeals; the Supreme Court of the United States; and state courts or the District of Columbia.

| Court: | Date Admitted: |
| --- | --- |
| Alabama State Bar | 09/24/1993 |
| Alabama Supreme Court | 09/24/1993 |
| United States District Court, Northern District of Alabama | 07/27/1994 |
| United States District Court, Middle District of Alabama | 11/02/1993 |
| United States Court of Appeals for the Fourth Circuit | 01/12/2017 |
| United States Court of Appeals for the Fifth Circuit | 10/05/2001 |
| United States Court of Appeals for the Sixth Circuit | 08/19/2005 |
| United States Court of Appeals for the Eighth Circuit | 08/25/2009 |
| United States Court of Appeals for the Eleventh Circuit | 03/24/2004 |

Is Applicant presently a member in good standing of the bars of those courts listed above? List any court named in the preceding paragraph that applicant is no longer admitted to practice before.

Yes.

6. Is Applicant presently subject to any suspension or disbarment proceedings, or has Applicant been formally notified of any complaints pending before a disciplinary agency? If yes, give particulars, e.g., jurisdiction, court date.

No.

7. Has Applicant had any application for admission *pro hac vice* in this or any other jurisdiction denied or any *pro hac vice* admission revoked? If yes give particulars, e.g., date, court, docket number, judge, circumstances; attach a copy of any order of denial or revocation.

No.

8. Has Applicant had any certificate or privilege to appear and practice before any court or administrative body suspended or revoked? If yes, give particulars, e.g., date, court, administrative body, date of suspension and reinstatement.

No.

9. Please be aware that local counsel must be Rule 403 certified. Local counsel of record associated with Applicant in this case is <u>G. Wade Leach</u> of the <u>Burr & Forman LLP</u> law firm, which has offices at:

1221 Main Street, Suite 1800
Street Address

| Columbia | Richland | South Carolina | 29211 |
| --- | --- | --- | --- |
| City | County | State | Zip Code |
| 803-799-9800 | 704-491-5159 | 803-753-3278 | wleach@burr.com |
| Primary Telephone | Cell Phone | Fax Number | Email Address |

104841
South Carolina Bar Number
(You must provide Bar Number)

55023101 v1

ELECTRONICALLY FILED - 2024 Aug 21 2:05 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

10.    Has Applicant previously filed an application to appear *pro hac vice* in South Carolina cases? If yes, give case name and status of litigation, date of application, local counsel of record in each case, and state whether application is pending or was granted.

Yes.

Capital One Bank USA NA v. Carefree Debt, et al., In the U.S. District Court of South Carolina, Case no.: 0:08-cv-2274; case dismissed 09/24/2010; application filed 10/08/2008; local counsel: W. Keith Martens, Hamilton, Martens & Carroll, P.O. Box 10940, Rock Hill, SC 29731; application granted 10/10/2008.

A&J Seafare v. National Service Industries, U.S. District Court of South Carolina, Case no.: 4:02-cv-352, case dismissed 02/25/2003; application filed 04/03/2002; local counsel: J. Boone Aiken III, Aikin, Bridges, Nunn, Elliott & Tyler PA, P.O. Drawer 1931, Florence, SC 29503; application granted 04/04/2002.

Capital One, N.A. v. Mark Slauson and Alan Comen; Case No.: 2011-CP-10-8418; In the Court of Common Pleas, County of Charleston, State of South Carolina; case dismissed 04/18/2014; application filed 05/08/2013; local counsel: Erica G. Lybrand, Rogers Townsend & Thomas, PC, Post Office Box 100200, Columbia, SC 29202-3200; application granted 05/08/2013.

Ronald Lewis Mattie v. Beaufort County Sheriff's Department, et al., U.S. District Court of South Carolina, Case No.: 9:18-cv-00222; case dismissed 10/01/2019; application filed 01/08/2019; local counsel: Ryan Rummage, Burr & Forman LLP, 420 North 20th Street, Suite 3400, Birmingham, AL 35203; application granted 01/09/2019.

11. Does Applicant agree to comply with the applicable statutes, laws and rules of the State of South Carolina and familiarize him/herself with and comply with the South Carolina Rules of Professional Conduct? Does Applicant consent to the jurisdiction of the South Carolina courts and Commission on Lawyer Conduct.

Yes.

12. Applicant respectfully requests to be admitted to practice in the above-named tribunal for this case only.

DATED this 20th _____ day of August 2024.

_____
APPLICANT

55023101 v1

ELECTRONICALLY FILED - 2024 Aug 21 2:05 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

# VERIFICATION

STATE OF  Alabama                          )

COUNTY OF  Jefferson                       )

I, Rik Stanford Tozzi, do hereby swear or affirm under penalty of perjury that I am the applicant in the above-styled matter; that I have read the foregoing application and know the contents thereof; and that the contents are true of my own knowledge, except as to those matters stated on information and belief, and that as to those matters I believe them to be true.  I understand that I am under a continuing duty to promptly update the information provided in the application until the tribunal has ruled on the motion for admission pro hac vice.  Further, if the motion is granted, I understand that I am under a continuing duty to promptly update the information provided in the application as long as I continue to appear pro hac vice in the action or proceeding.  Any updated information shall be provided to both the tribunal that granted the motion and to the tribunal in which the action or proceeding may then be pending.

_____
APPLICANT/AFFIANT

Subscribed and sworn to before me this  20th          day of  August                         , 2024

_____
(Notary Signature)

Notary Public for the State of  Alabama

My Commission Expires:  3/9/2025

# LOCAL COUNSEL CONSENT

I hereby consent, as local counsel of record, to the association of applicant in this cause pursuant to Rules Governing Admission *Pro Hac Vice* to the South Carolina Bar.

DATED this  21ST          day of  AUGUST      , 20 24

_____
LOCAL COUNSEL OF RECORD

# CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of this application upon the South Carolina Supreme Court by mail addressed to: South Carolina Supreme Court Office of Bar Admissions, PO Box 11330, Columbia, SC 29211, accompanied by payment of the $250 filing fee payable to the South Carolina Supreme Court on this  21st          day of  AUGUST                        , 20 24

_____

ELECTRONICALLY FILED - 2024 Aug 21 2:05 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

# The Supreme Court of Alabama



## Certificate Of Admission

I, Megan B. Rhodebeck, Clerk of the Supreme Court of Alabama, do hereby certify that _____ Rik Stanford Tozzi _____ was duly and legally admitted to practice law by the Supreme Court of Alabama on _____ September 24, 1993 _____ and is now an attorney in good standing at the Bar of this Court, as shown by the records of said Court on file in this office.

I further certify that the Supreme Court of Alabama is the highest court of record in this State.

Done on _____ July 29, 2024 _____

with the seal of the Supreme Court of Alabama attached.



Megan B. Rhodebeck

Megan B. Rhodebeck
Clerk of the Supreme Court of Alabama



# The Supreme Court of South Carolina

## Office of Bar Admissions

PATRICIA A. HOWARD
CLERK OF COURT

KATHLEEN "TINA" BRYANT
MANAGER, OFFICE OF BAR
ADMISSIONS

POST OFFICE BOX 11330
COLUMBIA, SOUTH CAROLINA 29211
TELEPHONE: (803) 734-1317
FAX: (803) 734-0394

August 26, 2024

The Honorable Amy W. Cox
Clerk of Court
PO Box 3483
Spartanburg, SC 29304-3483

RE:    Woodruff-Roebuck Water District v. AFL Telecommunications, LLC, et al.

Case No.: 2024-CP-42-02480

Dear Ms. Cox:

I certify that the Office of Bar Admissions has received a verified application requesting Rik Stanford Tozzi be admitted *pro hac vice* in the above action. The $250 filing fee for the applicant has been paid.

Sincerely,

M.J. Thames
Bar Admissions Coordinator

cc:    Rik Stanford Tozzi
       G. Wade Leach

FILED
2024 AUG 30  PM 3:02
CLERK OF COURT
SPARTANBURG COUNTY
AMY W. COX

ELECTRONICALLY FILED - 2024 Aug 21 3:06 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF SPARTANBURG | ) | FOR THE SEVENTH JUDICIAL CIRCUIT |
| | ) | |
| Woodruff-Roebuck Water District, | ) | |
| | ) | CA No.: 2024-CP-42-02480 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **PROOF OF SERVICE** |
| | ) | |
| AFL Telecommunications, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Please see attached Proof of Service of Amended Summons and Amended Complaint and Plaintiff's First Interrogatories and Requests for Production to Waste Management of South Carolina, Inc. upon Waste Management of South Carolina, Inc. via US Postal Service delivered on July 15, 2024. See attached letter with Certified Mail Receipt and USPS Tracking Results.

**JOHN B. WHITE, JR., PA**

BY:    s/ John B. White, Jr.
         John B. White, Jr., SC Bar No. 05996
         Marghretta H. Shisko, SC Bar No. 100106
         Griffin L. Lynch, SC Bar No. 72518
         Christopher R. Jones, SC Bar No. 101265
         PO Box 2465 (29304)
         291 S. Pine Street
         Spartanburg, South Carolina 29302
         Office: (864) 594-5988
         jwhite@johnbwhitelaw.com
         mshisko@johnbwhitelaw.com
         glynch@johnbwhitelaw.com
         cjones@johnbwhitelaw.com

Attorneys for Plaintiff

Spartanburg, SC
August 21, 2024



## JOHN B. WHITE JR
### Law Firm

July 10, 2024

**VIA CERTIFIED MAIL, RESTRICTED DELIVERY**
**RETURN RECEIPT REQUESTED**
**9589 0710 5270 0738 2824 09**
Waste Management of South Carolina, Inc.
c/o Registered Agent:
CT Corporation System
2 Office Park Court, Suite 103
Columbia, South Carolina 29223

      RE:    *Woodruff-Roebuck Water District v. AFL Telecommunications, LLC, et al.*
             **Civil Case File No.: 2024-CP-42-02480**

Dear Sir or Madam:

    Enclosed please find a copy of the Amended Summons and Amended Complaint, along with Plaintiff's First Interrogatories and Requests for Production to Waste Management of South Carolina, Inc. in connection with the above-referenced civil action, which is herewith served upon you as registered agent for service of process for Waste Management of South Carolina, Inc. This service is made pursuant to Rule 4(d)(8) of the South Carolina Rules of Civil Procedure. Please forward these papers immediately for proper handling, as a strict time limit is in effect.

    With kind regards, I am,

               Yours very truly,

               John B. White, Jr.

JBW/nmr
Enclosures

JOHN B. WHITE, JR.
jwhite@johnbwhitelaw.com

GRIFFIN LITTLEJOHN LYNCH
glynch@johnbwhitelaw.com

MARGHRETTA SHISKO
mshisko@johnbwhitelaw.com

291 SOUTH PINE STREET
P.O. BOX 2465
SPARTANBURG S.C. 29304
(864) 594-5988

ELECTRONICALLY FILED - 2024 Aug 21 3:06 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

## USPS Tracking®

FAQs >

**Track Packages
Anytime, Anywhere**

Get the free Informed Delivery® feature to receive automated notifications on your packages

**Learn More**

(https://reg.usps.com/xsell?
app=UspsTools&ref=homepageBanner&appURL=https%3A%2F%2Finformeddelivery.usps.com/box/pages/intro/start.action)

Remove ✕

Tracking Number:

**9589071052700738282409**

Copy        Add to Informed Delivery (https://informeddelivery.usps.com/)

**Latest Update**

Your item was delivered to the front desk, reception area, or mail room at 12:05 pm on July 15, 2024 in COLUMBIA, SC 29223.

**Get More Out of USPS Tracking:**

USPS Tracking Plus®

● **Delivered**

**Delivered, Front Desk/Reception/Mail Room**
COLUMBIA, SC 29223
July 15, 2024, 12:05 pm

● **Redelivery Scheduled for Next Business Day**
COLUMBIA, SC 29223
July 13, 2024, 9:45 am

● **Arrived at USPS Regional Facility**
COLUMBIA SC PROCESSING CENTER
July 12, 2024, 9:12 am

● **In Transit to Next Facility**
July 11, 2024

● **Arrived at USPS Regional Facility**
GREENVILLE SC DISTRIBUTION CENTER
July 10, 2024, 10:03 pm

● **Hide Tracking History**

**What Do USPS Tracking Statuses Mean?**
**(https://faq.usps.com/s/article/Where-is-my-package)**

Text & Email Updates                    ⌄

USPS Tracking Plus®                    ⌄

Product Information                    ⌄

See Less ⌃

https://tools.usps.com/go/TrackConfirmAction?tRef=fullpage&tLc=3&text28777=&tLabels=9589071052700738282409%2C%2C&tABt=false#                    1/2

ELECTRONICALLY FILED - 2024 Aug 21 3:06 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

Feedback

Track Another Package

Enter tracking or barcode numbers

## Need More Help?

Contact USPS Tracking support for further assistance.

FAQs

ELECTRONICALLY FILED - 2024 Aug 21 3:06 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

ELECTRONICALLY FILED - 2024 Aug 22 4:36 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

| | | |
|---|---|---|
| **STATE OF SOUTH CAROLINA** | ) | **IN THE COURT OF COMMON PLEAS** |
| | ) | |
| **COUNTY OF SPARTANBURG** | ) | **SEVENTH JUDICIAL CIRCUIT** |
| | ) | |
| WOODRUFF-ROEBUCK WATER DISTRICT, | ) | C.A. No.:  2024-CP-42-02480 |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AFL TELECOMMUNICATIONS, LLC; CRYOVAC, INC.; CRYOVAC, LLC; GTI CHEMICAL SOLUTIONS, INC.; GTI CHEMICAL SOLUTIONS, LLC; M. LOWENSTEIN CORPORATION; MOCOM COMPOUNDS CORPORATION; PLASTIC OMNIUM AUTO EXTERIORS, LLC; ROEBUCK DISPOSAL, LLC; SPRINGS INDUSTRIES, INC.; STARCHEM, LLC; SYNTHOMER USA, LLC; TORAY COMPOSITE MATERIALS AMERICA, INC.; WASTE MANAGEMENT OF SOUTH CAROLINA, INC., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **DEFENDANT STARCHEM, LLC'S MOTION FOR EXTENSION OF TIME TO RESPOND TO AMENDED COMPLAINT** |
| | ) | |
| *Defendants.* | ) | |
| _____ | ) | |

COMES NOW Starchem, LLC ("Starchem"), by and through undersigned counsel, and files this Motion for Extension of Time to Respond to Amended Complaint, showing this Honorable Court as follows:

Plaintiff filed its initial Complaint in this Court on June 18, 2024.  Plaintiff filed its Amended Complaint in this Court on July 8, 2024, adding Starchem and other defendants. According to the Proof of Service filed on July 29, 2024, Starchem's third-party Registered Agent for Service was served via certified mail on July 22, 2024.  Starchem has no record and no knowledge of receiving a copy of the Summons and Amended Complaint from its Registered Agent.  In mid-August 2024, Starchem's local counsel happened more or less by chance to

1

discover that Starchem had allegedly been served with process, after being provided a copy of a letter Starchem had received from this Court and researching the docket of this case. Starchem's Answer is currently due on or before August 26, 2024.

S.C. R. Civ. P. 6(b) states:

When by these rules or by notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the time may be extended by written agreement of counsel for an additional period not exceeding the original time provided in these rules, or the court for cause shown may at any time in its discretion (1) with or without written motion or notice order the period enlarged if request therefor is made before the expiration of the period as originally prescribed or extended or (2) upon motion made after the expiration of the specified period, for good cause shown, permit the act to be done

Under the authority of the Rule cited above, and for good cause shown, Starchem hereby respectfully requests this Court to extend the time in which Starchem may file any responsive pleading and motion to the Amended Complaint, up to and including Friday, September 25, 2024. A proposed order is attached for the Court's consideration.

Counsel for Woodruff-Roebuck Water District consents to this extension of time for Starchem to file any responsive pleading and motion to the Amended Complaint.

[Signature Page on Following Page]

2

ELECTRONICALLY FILED - 2024 Aug 22 4:36 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

ELECTRONICALLY FILED - 2024 Aug 22 4:36 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

This the 22nd day of August, 2024.

/s/ Mary Katherine Stukes
Mary Katherine Stukes (SC Bar No. 77905)
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, NC 28202
(704) 331-1000
marykatherinestukes@mvalaw.com


Stephen Michmerhuizen (pro hac vice
forthcoming)
COPPEDGE & MICHMERHUIZEN
508 South Thornton Avenue
Dalton, GA 30720
(706) 226-0040
steve@coppedgefirm.com


*Counsel for Defendant Starchem, LLC*

**FORM 4**

| | |
|---|---|
| STATE OF SOUTH CAROLINA | **JUDGMENT IN A CIVIL CASE** |
| COUNTY OF  Spartanburg | |
| **IN THE COURT OF COMMON PLEAS** | **CASE NO.**  2024CP4202480 |

| | |
|---|---|
| Woodruff-Roebuck Water District | Gti Chemical Solutions, Inc. et al |
| PLAINTIFF(S) | DEFENDANT(S) |

**DISPOSITION TYPE (CHECK ONE)**

☐ **JURY VERDICT**. This action came before the court for a trial by jury.  The issues have been tried and a verdict rendered.

☐ **DECISION BY THE COURT**.  This action came to trial or hearing before the court. The issues have been tried or heard and a decision rendered.

☑ **ACTION DISMISSED** (*CHECK REASON*):  ☐ Rule 12(b), SCRCP;  ☐ Rule 41(a), SCRCP (Vol. Nonsuit);  ☐ Rule 43(k), SCRCP (Settled);
☑ Other  See Below

☐ **ACTION STRICKEN** (*CHECK REASON*):  ☐ Rule 40(j), SCRCP;  ☐ Bankruptcy;
☐ Binding arbitration, subject to right to restore to confirm, vacate or modify arbitration award;
☐ Other

☐ **STAYED DUE TO BANKRUPTCY**

☐ **DISPOSITION OF APPEAL TO THE CIRCUIT COURT** (*CHECK APPLICABLE BOX*):
☐ Affirmed;  ☐ Reversed;  ☐ Remanded;
☐ Other

NOTE:    ATTORNEYS   ARE   RESPONSIBLE   FOR   NOTIFYING   LOWER   COURT,   TRIBUNAL,   OR ADMINISTRATIVE AGENCY OF THE CIRCUIT COURT RULING IN THIS APPEAL.

**IT IS ORDERED AND ADJUDGED:** ☐ See attached order (formal order to follow) ☑ Statement of Judgment by the Court:

Remove to District Court

**ORDER INFORMATION**

This order ☑ ends ☐ does not end the case.        ☐ See Page 2 for additional information.

**For Clerk of Court Office Use Only**

This judgment was electronically entered by the Clerk of Court as reflected on the Electronic Time Stamp, and a copy mailed first class to any party not proceeding in the Electronic Filing System on  08/26/2024  .

Synthomer Usa, Llc
Springs Industries, Inc.
Mocom Compounds Corporation
M Lowenstein Corporation
Afl Telecommunications, Llc
Brett Cooper Thompson for Woodruff-Roebuck Water District
Hirlye Ryan Lutz, III for Woodruff-Roebuck Water District
Frank Jerome Tapley for Woodruff-Roebuck Water District
Robert Akira Watson for Woodruff-Roebuck Water District
Adam Wade Pittman for Woodruff-Roebuck Water District

**NAMES OF TRADITIONAL FILERS SERVED BY MAIL**

SCRCP Form 4CE (08/31/2017)                                                                Page 1 of 2

ELECTRONICALLY FILED - 2024 Aug 26 4:16 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

**Court Reporter:**

**E-Filing Note:  The date of Entry of Judgment is the same date as reflected on the Electronic File Stamp and the clerk's entering of the date of judgment above is not required in those counties. The clerk will mail a copy of the judgment to parties who are not E-Filers or who are appearing pro se. See Rule 77(d), SCRCP.**

SCRCP Form 4CE (08/31/2017)

ELECTRONICALLY FILED - 2024 Aug 26 4:16 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480



Spartanburg Common Pleas

**Case Caption:**     Woodruff-Roebuck Water District VS   Gti Chemical Solutions, Inc. , defendant, et al

**Case Number:**     2024CP4202480

**Type:**     Order/Electronic Form 4

IT IS SO ORDERED.

S/GRACE GILCHRIST KNIE - 2760

Electronically signed on 2024-08-26 15:58:44     page 3 of 3

ELECTRONICALLY FILED - 2024 Aug 26 4:16 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

ELECTRONICALLY FILED - 2024 Aug 26 10:54 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | |
|---|---|
| Woodruff-Roebuck Water District, <br><br> Plaintiff, <br><br> vs. <br><br> AFL Telecommunications, LLC; Cryovac, Inc.; Cryovac, LLC; GTI Chemical Solutions, Inc.; GTI Chemical Solutions, LLC; M. Lowenstein Corporation; Mocom Compounds Corporation; Plastic Omnium Auto Exteriors, LLC; Roebuck Disposal, LLC; Springs Industries, Inc.; Starchem, LLC; Synthomer USA, LLC; Toray Composite Materials America, Inc.; Waste Management of South Carolina, Inc. <br><br> Defendants. | MDL NO. 2873 <br><br> MASTER DOCKET NO. **2:18-MN-02873-RMG** <br> JUDGE RICHARD M. GERGEL <br> CASE NO. <br><br> JURY TRIAL DEMANDED <br><br> <u>**NOTICE OF REMOVAL**</u> |

Defendant Roebuck Disposal, LLC, by undersigned counsel, hereby gives notice of the removal of this action, pursuant to 28 U.S.C. §§ 1441(c) and 1446, from the Court of Common Pleas for the Seventh Judicial Circuit, Spartanburg County, South Carolina, to the United States District Court for the District of South Carolina, Greenville Division.

Further, as this action involves allegations of damages caused by groundwater contaminated with chemicals generally known as "PFAS", which are present in aqueous film-forming foams products, this matter is being filed in this existing MDL 2873.

Roebuck Disposal is entitled to remove this action based on federal question jurisdiction. As grounds for removal, Roebuck Disposal states as follows.

**<u>PRELIMINARY STATEMENT</u>**

1.     Plaintiff Woodruff-Roebuck Water District seeks to hold Roebuck Disposal and other Defendants liable based on the alleged discharge of per- and polyfluoroalkyl substances

ELECTRONICALLY FILED - 2024 Aug 26 10:54 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

("PFAS"), perfluorooctanoic acid ("PFOA"); perfluorooctanesulfonic acid ("PFOS"); perfluorononanoic acid ("PFNA"); perfluorobutane sulfonate ("PFBS"); perfluorohexane sulfonate ("PFHxS"); and hexafluoropropylene oxide dimer acid ("HFPO-DA" or "GenX Chemicals"), purportedly resulting in alleged contamination of the South, Middle, and North Tyger Rivers, the sources of drinking water that the Plaintiff supplies to its users.. (Am. Compl. ¶¶ 1-7 (attached as Exhibit 1) ("Complaint").

2.      Plaintiff asserts that certain actions by the U.S. Environmental Protection Agency (EPA) will mandate future obligations on the Plaintiff (Compl ¶ 46) which will cause damages and provide the basis for their claims for injunctive relief. Plaintiff's Complaint specifically refers to multiple findings, notices, actions, and proposed actions by the EPA which form the basis of their asserted damages and claims for relief.

3.      Plaintiff asserts that "[a]s part of its processes, Roebuck Disposal discharges wastewater contaminated with products that contain or degrade to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals to the Lower North Tyger WWTP." (Compl ¶ 21)

4.      The entirety of Roebuck Disposal's activities at the facility identified in the Complaint (Compl ¶ 21) since 1998 have been remediation activities pursuant to permits issued by the South Carolina Department of Health and Environmental Control (now the SC Department of Environmental Services) under the Resource Conservation and Recovery Act (RCRA), 42 U.S.C. §6901 *et seq*., and related federal statutes and regulations.

5.      Additionally, although Plaintiff seeks to disclaim any assertions or causes of action related to "PFAS associated with aqueous film-forming foams ("AFFF")" (Compl ¶ 8), the alleged PFAS contamination of the Plaintiff's drinking water supplies plausibly resulted at least in part from the use, storage, and/or disposal of PFAS-containing AFFF that certain manufacturers

developed and sold to the U.S. military in accordance with military specifications ("MilSpec") issued by the Department of Defense ("DoD"). AFFF has also been used in numerous firefighting operations by public fire departments and in countless industrial fire fighting systems and response activities.   Here, the alleged PFAS contamination of South, Middle, and North Tyger Rivers plausibly resulted at least in part from AFFF use at military facilities, public fire departments, and industrial facilities, that are in the vicinity of those water supplies.

6.      Therefore, Plaintiff's requests for relief encompass damages likely attributable to PFAS-containing AFFF. PFAS from AFFF use has plausibly commingled with any PFAS from non-AFFF sources in the drinking water supplies for which Plaintiff seeks to recover. In fact, the SC Department of Environmental Services has classified AFFF use at DoD and other federal facilities as having the highest "Impact Rank" of all potential sources of PFAS in surface waters in South Carolina.[1] Therefore, removal to this Court is proper under Case Management Order No. 1.

7.      Under the federal question removal statute, 28 U.S.C. § 1442(c), Roebuck Disposal is entitled to remove and have it adjudicated in a federal forum.  28 U.S.C.S. § 1331 provides "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

8.      Here, the Plaintiff's claims for damages will require the determination of substantial, disputed federal questions regarding the actual and proposed regulations of EPA under federal law. The proposed EPA regulations cited by Plaintiffs as part of their damages claim are

---

[1] *See* SCDHEC, Strategy to Assess the Impact of Polyfluoroalkyl Substances on Ambient Surface Waters in South Carolina at 7 (Apr. 30, 2021), https://scdhec.gov/sites/default/files/media/document/BOW_PFAS_SurfaceWaterStrategy_0.pdf.

ELECTRONICALLY FILED - 2024 Aug 26 10:54 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

ELECTRONICALLY FILED - 2024 Aug 26 10:54 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

already the subject of federal litigation before the Court of Appeals for the D.C. Circuit. Separate state court litigation runs the risk of creating inconsistent results and obligations on the parties.

9.     Additionally, specific to Roebuck Disposal, Plaintiffs claims for damages, including injunctive relief, will require the interpretation and application of RCRA and other federal law and regulations to the activities of Roebuck Disposal, as such activities of are entirely governed by federal law.

10.    Therefore, the resolution of this case will necessarily require the interpretation and application of federal law under multiple statutes and regulations.

## BACKGROUND & PROCEDURAL REQUIREMENTS

11.    Plaintiff filed the original complaint in this action on June 18, 2024, in the Court of Common Pleas for the Seventh Judicial Circuit, Spartanburg County, South Carolina, bearing Case No. 2024-CP-42-02480. *See* State-Court Record Documents (attached as Exhibit 2). Plaintiff filed the operative Amended Complaint on July 8, 2024. *See* Complaint (Exhibit 1).

12.    Roebuck Disposal was first named in the Amended Complaint. It was served with the Amended Complaint on July 22, 2024. This Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446(b).

13.    Venue for the removal of this action is proper in this Court pursuant to 28 U.S.C. §§ 121(2) and 1441(a) because the Court of Common Pleas for the Seventh Judicial Circuit, Spartanburg County, South Carolina, is located within the District of South Carolina, Greenville Division. This action is related to cases in MDL 2873 that are pending in this Court.

14.    Under 28 USC § 1441(c)(2), other defendants are not required to join in or consent to this removal.

15. Pursuant to 28 U.S.C. § 1446(a), true and accurate copies of the operative Complaint and Summons are attached hereto as Exhibit 1. True and accurate copies of all other documents on file in the state-court proceeding are attached hereto as Exhibit 2.

16. Pursuant to 28 U.S.C. § 1446(d), Roebuck Disposal is serving a copy of this Notice of Removal upon all other parties to this case and is filing a copy with the Clerk of the Court of Common Pleas for the Seventh Judicial Circuit, Spartanburg County, South Carolina.

17. By filing a Notice of Removal in this matter, Roebuck Disposal does not waive its rights, or the rights of any Defendant, to object to service of process, the sufficiency of process, jurisdiction over the person, or venue; and specifically reserves its, and the rights of all Defendants, to assert any defenses and/or objections to which they may be entitled.

18. Roebuck Disposal reserves the right to amend or supplement this Notice of Removal.

19. If any question arises as to the propriety of the removal of this action, Roebuck Disposal requests the opportunity to present a brief and oral argument in support of removal.

**ROGERS TOWNSEND, LLC**

*s/ Roy Shelley*

_____
T. McRoy Shelley, III, USDC 06681
Post Office Box 100200
Columbia, South Carolina 29202-3200
Main: 803.771.7900; Direct 803.744.1818
Roy.Shelley@rogerstownsend.com;

*Attorneys for Roebuck Disposal, LLC*

August 22, 2024

ELECTRONICALLY FILED - 2024 Aug 26 10:54 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

ELECTRONICALLY FILED - 2024 Aug 26 10:54 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

I hereby certify on August 22, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel of record. I further certify I caused a true and correct copy of the foregoing document to be served upon the following parties by E-Mail, as indicated below:

**Notice of Removal**

| | |
|---|---|
| John B. White, Jr., Esquire<br>jwhite@johnbwhitelaw.com<br>Marghretta H. Shisko, Esquire<br>mshisko@johnbwhitelaw.com<br>Christopher R. Jones, Esquire<br>cjones@johnbwhitelaw.com<br>Griffin L. Lynch, Esquire<br>glynch@johnbwhitelaw.com<br>John B. White, PA<br>2901 S. Pine Street<br>Post Office Box 2465<br>Spartanburg, South Carolina 29302<br><br>Adam W. Pittman, Esquire<br>apittman@corywatson.com<br>R. Akira Watson, Esquire<br>awatson@corywatson.com<br>Jerome Tapley, Esquire<br>jtapley@corywatson.com<br>Hirlye R. Lutz, III, Esquire<br>rlutz@corywatson.com<br>Brett C. Thompson, Esquire<br>bthompson@corywatson.com<br>Cory Watson, P.C.<br>2131 Magnolia Avenue South<br>Birmingham, Alabama 35205<br><br>***Counsel for Plaintiff*** | G. Wade Leach, III, Esquire<br>wleach@burr.com;<br>Burr & Forman, LLP<br>Post Office Box 11390<br>Columbia, South Carolina 29211<br><br>Rik S. Tozzi, Esquire<br>rtozzi@burr.com;<br>Ryan J. Hebson, Esquire<br>rhebson@burr.com;<br>Burr & Forman, LLP<br>420 North 20th Street, Suite 3400<br>Birmingham, Alabama 35203<br><br>***Counsel for Waste Management*** |
| Elizabeth B. Partlow, Esquire<br>Law Offices of Elizabeth B. Partlow, LLC<br>beth@partlowlaw.com;<br>Post Office Box 2444<br>Columbia, South Carolina 29202<br><br>***Counsel for Plastic Omnium Auto Exteriors, LLC*** | Jordan N. Teich, Esquire<br>jteich@csvl.law;<br>Hannah E. Smith, Esquire<br>hsmith@csvl.law;<br>Copeland, Stair, Valz & Lovell, LLP<br>40 Calhoun Street, Suite 400<br>Charleston, South Carolina 29401<br><br>***Counsel for Toray Composite*** |
| David R. Clarke, Esquire<br>Dclarke0711@gmail.com | Jennifer H. Thiem, Esquire<br>Jennifer.thiem@klgates.com |

| | |
|---|---|
| Post Office Box 1951<br>Midlothian, Virginia 23113<br><br>***Counsel for GTI Chemical*** | K&L Gates, LLP<br>134 Meeting Street, Suite 500<br>Charleston, South Carolina 29401<br><br>***Counsel for Cryovac, Inc. and Cryovac, LLC*** |

_s/Roy Shelley, III_____

T. McRoy Shelley, III
Rogers Townsend, LLC

ELECTRONICALLY FILED - 2024 Aug 26 10:54 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480



# The Supreme Court of South Carolina

## Office of Bar Admissions

PATRICIA A. HOWARD
CLERK OF COURT

KATHLEEN "TINA" BRYANT
MANAGER, OFFICE OF BAR
ADMISSIONS

POST OFFICE BOX 11330
COLUMBIA, SOUTH CAROLINA 29211
TELEPHONE: (803) 734-1317
FAX: (803) 734-0394

August 26, 2024

The Honorable Amy W. Cox
Clerk of Court
PO Box 3483
Spartanburg, SC 29304-3483

RE:     Woodruff-Roebuck Water District v. AFL Telecommunications, LLC, et al.

Case No.: 2024-CP-42-02480

Dear Ms. Cox:

I certify that the Office of Bar Admissions has received a verified application requesting Rik Stanford Tozzi be admitted *pro hac vice* in the above action. The $250 filing fee for the applicant has been paid.

Sincerely,

M.J. Thames
Bar Admissions Coordinator

cc:     Rik Stanford Tozzi
        G. Wade Leach

FILED
2024 AUG 30  PM 3:02
CLERK OF COURT
SPARTANBURG COUNTY
AMY W. COX

ELECTRONICALLY FILED - 2025 Jan 17 5:33 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

**STATE OF SOUTH CAROLINA**

**COUNTY OF SPARTANBURG**

**IN THE COURT OF COMMON PLEAS**

**SEVENTH JUDICIAL CIRCUIT**

Woodruff-Roebuck Water District,

Plaintiff,

v.

AFL Telecommunications, LLC *et al.*,

Defendants.

C.A. No. 2024-CP-42-02480

---

**STATE OF SOUTH CAROLINA**

**COUNTY OF GREENWOOD**

**IN THE COURT OF COMMON PLEAS**

**EIGHTH JUDICIAL CIRCUIT**

Greenwood Commissioners of Public Works,

Plaintiff,

v.

Cone Mills Receiver, LLC *et al.*,

Defendants.

C.A. No. 2024-CP-24-00735

---

**STATE OF SOUTH CAROLINA**

**COUNTY OF LAURENS**

**IN THE COURT OF COMMON PLEAS**

**EIGHTH JUDICIAL CIRCUIT**

Laurens County Water and Sewer Commission,

Plaintiff,

v.

Cone Mills Receiver LLC *et al.*,

Defendants.

C.A. No. 2024-CP-30-00734

ELECTRONICALLY FILED - 2025 Jan 17 5:33 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

**STATE OF SOUTH CAROLINA**

**COUNTY OF HORRY**

**IN THE COURT OF COMMON PLEAS**

**FIFTEENTH JUDICIAL CIRCUIT**

Grand Strand Water and Sewer Authority,

Plaintiff,

v.

Aladdin Manufacturing Corporation *et al.*,

Defendants.

C.A. No. 2024-CP-26-05523

---

**STATE OF SOUTH CAROLINA**

**COUNTY OF FLORENCE**

**IN THE COURT OF COMMON PLEAS**

**TWELFTH JUDICIAL CIRCUIT**

City of Florence, South Carolina,

Plaintiff,

v.

Aladdin Manufacturing Corporation *et al.*,

Defendants.

C.A. No. 2024-CP-21-02844

---

**STATE OF SOUTH CAROLINA**

**COUNTY OF BERKELEY**

**IN THE COURT OF COMMON PLEAS**

**NINTH JUDICIAL CIRCUIT**

South Carolina Public Service Authority, a/k/a Santee Cooper, an agency of the State of South Carolina,

Plaintiff,

v.

China Jushi USA Corporation *et al.*,

Defendants.

C.A. No. 2024-CP-08-03336

ELECTRONICALLY FILED - 2025 Jan 17 5:33 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

**STATE OF SOUTH CAROLINA**

**COUNTY OF UNION**

**IN THE COURT OF COMMON PLEAS**

**SIXTEENTH JUDICIAL CIRCUIT**

City of Union, South Carolina,

Plaintiff,

v.

Milliken & Company *et al.*,

Defendants.

C.A. No. 2024-CP-44-00558

---

**STATE OF SOUTH CAROLINA**

**COUNTY OF LAURENS**

**IN THE COURT OF COMMON PLEAS**

**EIGHTH JUDICIAL CIRCUIT**

City of Clinton, South Carolina,

Plaintiff,

v.

Fibertex Nonwovens, Inc. *et al.*,

Defendants.

C.A. No. 2025-CP-30-00005

---

**PLAINTIFFS' STATUS CONFERENCE STATEMENT**

Plaintiffs in this consolidated litigation[1] are local and regional public utilities and water authorities who share a common challenge: the contamination of their water sources and properties with certain perfluoroalkyl substances ("PFAS").

---

[1] The undersigned represent Plaintiffs Woodruff-Roebuck Water District; Greenwood Commissioners of Public Works; Laurens County Water and Sewer Commission; Grand Strand Water and Sewer Authority; City of Florence, South Carolina; South Carolina Public Service Authority (Santee Cooper); City of Union, South Carolina; and City of Clinton, South Carolina. Pursuant to the Supreme Court's consolidation order, this litigation also includes additional local public utilities and water authorities.

ELECTRONICALLY FILED - 2025 Jan 17 5:33 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

The Environmental Protection Agency's recent publications mark a significant advancement in the scientific understanding of PFAS toxicity. While the EPA previously advised that PFOA and PFOS—the two most studied PFAS compounds—could be safely consumed at levels of up to 70 parts per trillion ("ppt") over a lifetime, the agency now makes clear that **no safe level exists** for consuming these chemicals. Building on this understanding, the EPA has enacted maximum contaminant levels under the Safe Drinking Water Act for PFOA, PFOS, and four additional PFAS types ("MCL PFAS"). These regulations prohibit water authorities from delivering drinking water containing MCL PFAS concentrations above these newly defined thresholds, with enforcement to begin in 2029.

However, like the vast majority of water providers, Plaintiffs rely on conventional water treatment technologies that are unable to remove PFAS. And MCL PFAS, including PFOA and PFOS, currently contaminate their drinking water, which leaves Plaintiffs' treatment plants at levels above the EPA limits. Not only does the PFAS contamination pose an obstacle to Plaintiffs' legal compliance and injure Plaintiffs' property interests—according to the EPA, it directly threatens public health and the environment. Indeed, even if Plaintiffs were subject to no regulation, the EPA's stance alone compels that Plaintiffs act to protect their own interests and those of their customers and communities.

Plaintiffs serve cities and counties across the state, providing water to over 800,000 residences and businesses. When accounting for spouses, children, employees, tenants, patients, and other individuals in these communities, the PFAS contamination problem in Plaintiffs' water supplies impacts **well over a million South Carolina residents**—approaching or exceeding 25% of the state's population.

The contamination spreads through South Carolina's rivers, lakes, and streams—surface waters that Plaintiffs are authorized to withdraw, treat, and provide to customers. It is largely driven by private industries that utilize MCL PFAS in their manufacturing processes, generating PFAS-laden wastewater. These industries discharge wastewater into local treatment plants, which process and release it into the same surface waters that Plaintiffs rely on for drinking water. Unfortunately, as at Plaintiffs' water facilities, PFAS bypass the conventional treatment systems used by wastewater treatment plants and flow unhindered into the state's surface waters. These contaminated waters then pass through Plaintiffs' water plants just as easily and into homes and businesses across the state.

Plaintiffs commenced this litigation not only to protect their own rights, but also because the PFAS contamination presents a critical public health and infrastructural challenge—a burden that neither Plaintiffs nor their customers can, or should, bear alone. Plaintiffs' surface water treatment plants require upgraded treatment technologies to provide PFAS-free water. And Plaintiffs believe that the financial burden of these upgrades should not fall on their drinking water customers and communities, who bear no responsibility for this contamination. Instead, those who caused and profited from the contamination must be held accountable to ensure this crisis is justly resolved. Plaintiffs are seeking to do so both comprehensively and urgently.

Plaintiffs have named numerous industries as defendants due to their alleged discharge of PFAS-contaminated wastewater, either directly to South Carolina surface waters or indirectly through their applicable wastewater treatment providers. Plaintiffs also anticipate adding as defendants the chemical suppliers of PFAS-discharging defendants upon receiving discovery revealing their identities. Thus, Plaintiffs anticipate that the number of parties and scope of discovery in this litigation will be significant.

ELECTRONICALLY FILED - 2025 Jan 17 5:33 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

Discovery topics will include:

- The identities of the suppliers of products containing or degrading to MCL PFAS used by Defendants;

- The type and volume of PFAS-containing products supplied to and used by Defendants;

- The industrial processes employed by Defendants who use these products and cause their discharge;

- The chemical composition of the products at issue, including the mechanisms by which the MCL PFAS are present in the products;

- The fate and transport of these products—i.e., the means by which they are used, disposed of, and eventually reach surface waters, Plaintiffs' water sources, and Plaintiffs' properties;

- Defendants' historical knowledge of the chemical properties of, and the environmental and health risks posed by, these products; and

- Instructions, if any, from Defendants' chemical suppliers as to the nature of these products and their proper disposal.

Based on the experience of Plaintiffs' counsel in litigating PFAS cases involving complex topics of chemistry, industry history, and fate and transport, Plaintiffs believe that this discovery will require extensive document production, witness testimony from officers and employees of Plaintiffs and all Defendants, and property inspections.

The volume of complex matters in this case presents unique challenges in organizing and managing recurring issues—both in discovery and in substantive litigation.

Plaintiffs, therefore, make the following recommendations:

1. *Appointment of Leadership*. Leadership counsel will provide the Court with the means for efficiently contacting all parties in each case for scheduling matters, and it will aid the parties in informally resolving issues that require consent or agreement among the parties.

2. *Consolidated Case Number*. A consolidated case number provides a centralized docket for all filings concerning consolidated matters.

3. *Initial Disclosures*. Core discovery topics applicable to all cases can be covered at the outset in each case, including the following:

ELECTRONICALLY FILED - 2025 Jan 17 5:33 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

ELECTRONICALLY FILED - 2025 Jan 17 5:33 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

a. Sales records of products containing MCL PFAS;

b. Identification of suppliers of MCL PFAS;

c. Applicable insurance policies;

d. The analytical results of any PFAS testing conducted by the responding party;

e. Previous depositions in other cases by any party concerning PFAS; and

f. Identification of experts.

4. *Discovery Protocols.* Standard discovery protocols inform the parties of this Court's expectations in how to approach matters that can otherwise cause delay, such as disputes and scheduling difficulties. Protocols should cover matters such as:

a. Objections to written discovery, including the prohibition of both boilerplate and general objections, and requiring clarity as to whether the responding party is withholding responsive information based on an objection;

b. Special interrogatories;

c. Property inspection procedures, including scheduling and setting protocols for PFAS-sampling methods and parameters;

d. Standard procedures for resolving discovery disputes, including meet and confer processes and resolution with the Court;

e. Privilege logs;

f. Document requests made to Plaintiffs via the Freedom of Information Act;

g. Subpoenas;

h. Production of documents and electronically stored information;

i. Deposition scheduling and conduct; and

j. Protective orders, including confidentiality designations for documents and testimony produced in discovery.

5. *Periodic Conferences before the Court*. Regular conferences before this Court will aid efficiencies in many ways, including dispute resolution and maintaining discovery scheduling.

6. *Consolidated Briefing*. Except for motions involving facts unique to a particular Defendant, consolidated briefing will prevent frequent repetition and bloat from overburdening the parties and the Court, while maintaining full and fair representation of the parties' views on the facts and their legal arguments.

7. *Setting Trial Dates*. Firm trial dates aid all parties in completing discovery and readying the case for resolution. Plaintiffs recommend January 2027.

Due to the volume of parties and factual complexities in these cases, Plaintiffs believe that a Case Management Order streamlining these matters as outlined above will significantly contribute to resolving this case in the most efficient and timely manner possible.

Respectfully submitted,

 */s/ John B. White. Jr.*
John B. White, Jr. (S.C. Bar No. 5996)
Marghretta H. Shisko (S.C. Bar No. 100106)
Christopher R. Jones (S.C. Bar No. 101265)
Griffin L. Lynch (S.C. Bar No. 72518)
John B. White, Jr., P.A.
291 S. Pine Street
P.O. Box 2465 (29304)
Spartanburg, SC 29302
(864) 594-5988
jwhite@johnbwhitelaw.com
mshisko@johnbwhitelaw.com
cjones@johnbwhitelaw.com
glynch@johnbwhitelaw.com

*Attorneys for Plaintiffs*

January 17, 2025

ELECTRONICALLY FILED - 2025 Jan 17 5:33 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

**Orders on Motions**

2:18-mn-02873-RMG In Re
Aqueous Film-Forming Foams
Products Liability Litigation MDL
2873

APPEAL,JURY,LEAD,MDL



2024CP4202480

A TRUE COPY
ATTEST: ROBIN L. BLUME, CLERK

BY: Sandra S. Shealy

DEPUTY CLERK

2025 JUN -6 AM 10: 22
CLERK OF COURT
SPARTANBURG COUNTY
AMY W. COX

FILED



**U.S. District Court**

**District of South Carolina**

**Notice of Electronic Filing**

The following transaction was entered on 6/5/2025 at 3:26 PM EDT and filed on 6/5/2025
**Case Name:**       In Re Aqueous Film-Forming Foams Products Liability Litigation MDL 2873
**Case Number:**     2:18-mn-02873-RMG
**Filer:**
**Document Number:** 7286(No document attached)

**Docket Text:**
**TEXT ORDER The Parties in 2:24-cv-04618-RMG filed a joint stipulation to remand their action back to the South Carolina Court of Common Pleas for Spartanburg County. (Dkt. No. 19 in 2:24-cv-04618; Dkt. No. [7257] in 2:18-mn-2873). In light of the stipulation, the Court remands 2:24-cv-04618-RMG to state court. Plaintiff's motion to remand (Dkt. No. 8 in 2:24-cv-04618; Dkt. No. [6173] in 2:18-mn-02873-RMG) is denied as moot. AND IT IS SO ORDERED. Entered at the Direction of Honorable Richard M Gergel on 6/5/2025.Associated Cases: 2:18-mn-02873-RMG, 2:24-cv-04618-RMG(sshe, )**

**Case Name:**       Woodruff-Roebuck Water District v. AFL Telecommunications LLC et al
**Case Number:**     2:24-cv-04618-RMG
**Filer:**
**Document Number:** 20(No document attached)

**Docket Text:**
**TEXT ORDER The Parties in 2:24-cv-04618-RMG filed a joint stipulation to remand their action back to the South Carolina Court of Common Pleas for Spartanburg County. (Dkt. No. 19 in 2:24-cv-04618; Dkt. No. [7257] in 2:18-mn-2873). In light of the stipulation, the Court remands 2:24-cv-04618-RMG to state court. Plaintiff's motion to remand (Dkt. No. 8 in 2:24-cv-04618; Dkt. No. [6173] in 2:18-mn-02873-RMG) is denied as moot. AND IT IS SO ORDERED. Entered at the Direction of Honorable Richard M Gergel on 6/5/2025.Associated Cases: 2:18-mn-02873-RMG, 2:24-cv-04618-RMG(sshe, )**

**2:18-mn-02873-RMG Notice has been electronically mailed to:**

David Eidson Dukes    david.dukes@nelsonmullins.com, amanda.kitts@nelsonmullins.com, caroline.middlebrooks@nelsonmullins.com, natalie.butrym@nelsonmullins.com, wes.moran@nelsonmullins.com

Alexander M Bullock    abullock@ktslaw.com, moroberts@kilpatricktownsend.com

Joseph F Rice    jrice@motleyrice.com, gworthington@motleyrice.com

Fred Thompson, III    fthompson@motleyrice.com, dhoyle@motleyrice.com, jcrum@motleyrice.com, mbessis@motleyrice.com

Stanley Eugene Barnett    stan.barnett@yahoo.com, stanleyb@s3blaw.com

Ronald K Wray, II    rwray@gwblawfirm.com, ebehymer@gwblawfirm.com

Kevin Kendrick Bell    kbell@robinsongray.com, dcarmichael@robinsongray.com, mlayton@robinsongray.com, thawkins@robinsongray.com, vcordoni@robinsongray.com

Deborah B Barbier    dbb@deborahbarbier.com

Molly Hood Craig    molly.craig@hoodlaw.com, Info@hoodlaw.com

Robert H Jordan    robertjordan@parkerpoe.com, celestemallett@parkerpoe.com, jeslynharvey@parkerpoe.com, robertosborne@parkerpoe.com

Robert Bruce Wallace    bwallace@maynardnexsen.com, Anne.Johnson@maynardnexsen.com, MTrevino@maynardnexsen.com

George V Hanna, IV    ghanna@hnblaw.com

Alice W Parham Casey    tcasey@wyche.com, cpegler@wyche.com, crawls@wyche.com, sdavis@wyche.com

Elissa J Preheim    elissa.preheim@arnoldporter.com, ecf-89922c8b8691@ecf.pacerpro.com, edocketscalendaring@arnoldporter.com, maouscourts@arnoldporter.com

Steven D Weber    steveweber@parkerpoe.com, clairedancey@parkerpoe.com, fernpaterson@parkerpoe.com, janicestafford@parkerpoe.com

Amanda S Kitts    amanda.kitts@nelsonmullins.com, james.merideth@nelsonmullins.com, kim.lanier@nelsonmullins.com, marylouise.snipes@nelsonmullins.com, natalie.butrym@nelsonmullins.com

James B Hood    james.hood@hoodlaw.com, info@hoodlaw.com

Jason Robert Benton    jasonbenton@parkerpoe.com, vickiburn@parkerpoe.com

Merritt G Abney    merritt.abney@nelsonmullins.com, donna.mills@nelsonmullins.com, lauren.lynch@nelsonmullins.com, margaret.marks@nelsonmullins.com

Brian C Duffy    bduffy@duffyandyoung.com, supportstaff@duffyandyoung.com

FILED
2025 JUN -6 AM 10: 22
CLERK OF COURT
SPARTANBURG COUNTY
A. W. COY

James F Bogan, III    jbogan@kilpatricktownsend.com

Kristin V Gallagher    kgallagher@cmk.com

Geoffrey William Gibbon    Geoff@fayssouxlaw.com, Kristen@fayssouxlaw.com

Mary Katherine Hackney Stukes    marykatherinestukes@mvalaw.com, madisongilbert@mvalaw.com,
marthaefird@mvalaw.com, piercewerner@mvalaw.com, tiffanypayne@mvalaw.com

Robert L Joyce    robert.joyce@littletonjoyce.com

Lindsey Bowen Mann    lindsey.mann@troutman.com, katie.keranen@troutman.com

Matthew D Thurlow    matthew.thurlow@morganlewis.com, april.knight@morganlewis.com

Stephen P Ellenbecker    ellenbeckers@jbltd.com

Stephen D Feldman    sfeldman@robinsonbradshaw.com, docketing@robinsonbradshaw.com

Jason Severin Smith    js@hellmanyates.com, scb@hellmanyates.com, scp@hellmanyates.com

Charles E Raynal, IV    charlesraynal@parkerpoe.com, kathythompson@parkerpoe.com,
maryseawell@parkerpoe.com, rosedarden@parkerpoe.com

Mark Steven Cheffo    mark.cheffo@dechert.com, Brett.Stone@dechert.com, David.Weinraub@dechert.com,
Douglas.Fleming@dechert.com, Michael.Lebair@dechert.com, Rachel.Passaretti-Wu@dechert.com,
antonella.capobianco-ranallo@dechert.com, bert.wolff@dechert.com

Adria Conklin    Adria.conklin@pcwlawllc.com, Nichole.pullen@pcwlawllc.com,
renee.baswell@pcwlawllc.com

Theodore M Grossman    tgrossman@jonesday.com

Michael A London (Terminated)    mlondon@douglasandlondon.com, gdouglas@douglasandlondon.com,
hmurphy@douglasandlondon.com, kmarrera@douglasandlondon.com, lferrante@douglasandlondon.com,
lmaldonado@douglasandlondon.com, lsay@douglasandlondon.com, pratzki@douglasandlondon.com,
rnewman@douglasandlondon.com, tgoddard@douglasandlondon.com, tkunkle@douglasandlondon.com

Rachael Lewis Anna    ranna@wyche.com, rchristopher@wyche.com, rhorton@wyche.com,
sbazzle@wyche.com, sdavis@wyche.com, swascom@wyche.com

Amanda Pickens Nitto    anitto@robinsonbradshaw.com, docketing@robinsonbradshaw.com

Addie K S Ries    aries@smithlaw.com, cbona@smithlaw.com, djsmith@smithlaw.com,
jpfister@smithlaw.com, jragan@smithlaw.com, kwarner@smithlaw.com

Kevin Scott Hannon    khannon@singletonschreiber.com, akarcz@singletonschreiber.com,
environmentalparalegals@singletonschreiber.com, jmiranda@singletonschreiber.com,
ysantana@singletonschreiber.com

Laura A Sexton    lsexton@goldmanismail.com, 5294989420@filings.docketbird.com,

2025 JUN -6 AM 10: 22
CLERK OF COURT
SPARTANBURG COUNTY
PAM W. COX
FILED

dtuttle@goldmanismail.com, lgehrs@goldmanismail.com, rnastase@goldmanismail.com, sdeokule@goldmanismail.com, spope@goldmanismail.com

Gregory Lee Skidmore   gskidmore@robinsonbradshaw.com, ablosser@robinsonbradshaw.com, docketing@robinsonbradshaw.com, phowell@robinsonbradshaw.com, tmixon@robinsonbradshaw.com

Tyler D Alfermann   talfermann@mayerbrown.com, 7130076420@filings.docketbird.com, cnotification@mayerbrown.com

Keith Edward Smith   smithkei@gtlaw.com, cahilla@gtlaw.com, naussnerj@gtlaw.com

Richard F Bulger   rbulger@mayerbrown.com, 3323365420@filings.docketbird.com, PFAS_Pleadings@zestediscovery.com, cnotification@mayerbrown.com

Michael A Olsen   molsen@mayerbrown.com, 1024489420@filings.docketbird.com, cnotification@mayerbrown.com

Joseph G Petrosinelli   jpetrosinelli@wc.com, ksamuelson@wc.com, lmontgomery@wc.com, lrome@wc.com, skramer@wc.com

Daniel Leslie Ring   dring@mayerbrown.com, 4179295420@filings.docketbird.com, cnotification@mayerbrown.com

Jonathan Isaac Handler (Terminated)   jihandler@daypitney.com, dcovino@daypitney.com, kbensten@daypitney.com

Alan Jon Knauf   aknauf@nyenvlaw.com, Docket@nyenvlaw.com, mvalle@nyenvlaw.com

Amy K Kendall   akendall@nyenvlaw.com

Jacqueline Liat Rome   lrome@wc.com

Scott Summy   ssummy@baronbudd.com, 8446743420@filings.docketbird.com, cburkepickrel@baronbudd.com, emcintosh@baronbudd.com, erojo@baronbudd.com, lcollins@baronbudd.com, lphilpott@baronbudd.com, spetersen@baronbudd.com

Erin K Dickinson   ekd@cruegerdickinson.com

Mark A Chertok   mchertok@sprlaw.com

Margaret Holden   mholden@sprlaw.com

Elizabeth Knauer   eknauer@sprlaw.com

Bennett T Richardson   btrichardson@kilpatricktownsend.com

Kyle J McGee   kmcgee@gelaw.com, 6410019420@filings.docketbird.com

Nicholas Rigano   nrigano@riganollc.com

Daniel A Spira   dspira@sidley.com, daniel-spira-5955@ecf.pacerpro.com, efilingnotice@sidley.com



Scott A Clark    sclark@bfwlaw.com, jjohnson@bfwlaw.com, scanner@bfwlaw.com

Gwen Farley    gwen.farley@dol.lps.state.nj.us

Laura B Murphy    laura.murphy@vermont.gov, natasha.sala@vermont.gov

Matthew F Pawa    mp@pawalaw.com, dphelan@seegerweiss.com

Christopher G Aslin    christopher.aslin@doj.nh.gov

William J Jackson    bjackson@kelleydrye.com, docketing@kelleydrye.com

Jonathan B Blakley    jblakley@grsm.com, aflores@grsm.com

Katherine LI Hacker    kat.hacker@bartlitbeck.com

David R Erickson    derickson@shb.com, hgreen@shb.com, sdrum@shb.com

Margaret Raymond-Flood    mrflood@norris-law.com, pdonahue@norris-law.com

Martha N Donovan    mndonovan@norris-law.com

Matthew A Holian    matt.holian@us.dlapiper.com, catherine-orth-1390@ecf.pacerpro.com, matthew-holian-6478@ecf.pacerpro.com

David B Dwerlkotte    dbdwerlkotte@shb.com, NJSMITH@shb.com, amcrouch@shb.com, jhackman@shb.com

George H Buermann    gbuermann@goldbergsegalla.com, aharris@goldbergsegalla.com, bbussey@goldbergsegalla.com

Jennifer A Simon    jsimon@kmcllaw.com

Jeff B Kray    jkray@martenlaw.com, abostrom@martenlaw.com, eherlihy@martenlaw.com, elautanen@martenlaw.com, icarey@martenlaw.com, jferrell@martenlaw.com, jlyman@martenlaw.com, jnielsen@martenlaw.com, mgoodrich@martenlaw.com, mroderick@martenlaw.com, sjohnson@martenlaw.com, vxu@martenlaw.com

Keisha Blaise    keisha_blaise@cnmioag.org

Jessica K Ferrell    jferrell@martenlaw.com, abostrom@martenlaw.com, bbrown@martenlaw.com, eherlihy@martenlaw.com, elautanen@martenlaw.com, jlyman@martenlaw.com, mgoodrich@martenlaw.com, sjohnson@martenlaw.com, vxu@martenlaw.com

William G. Grantham    wgrantham@nmag.gov

Shari Howard    shari.howard@usdoj.gov

Peter C Condron    pcondron@crowell.com, kkaider@crowell.com, peter-condron-8679@ecf.pacerpro.com

Katharine A Roin      kate.roin@bartlitbeck.com

Kurt D Weaver      kweaver@shb.com

Andrew D Knudsen      andrew.knudsen@usdoj.gov

Michele S Greif      michele.greif@usdoj.gov

Ruth Ann Levy      Ruth.Levy@wbd-us.com, David.Joyce@wbd-us.com, jill.horn@wbd-us.com, tonya.walkup@wbd-us.com

Oliver E Twaddell      otwaddell@goldbergsegalla.com, klockhart@goldbergsegalla.com

Haroon Anwar      haroon.anwar@usdoj.gov

Ashley B Campbell      ashley@sheredling.com, alfred@sheredling.com, gianna@sheredling.com, oni@sheredling.com

Rachel B Weil      rweil@tcspllc.com

Gretchen Freeman Cappio      gcappio@kellerrohrback.com, Lnims@kellerrohrback.com, bianca-nealious-3081@ecf.pacerpro.com, elizabeth-burnett-5828@ecf.pacerpro.com, gretchen-freeman-cappio-5238@ecf.pacerpro.com, leslie-nims-6342@ecf.pacerpro.com

Peter James Van Zandt      peter.vanzandt@lewisbrisbois.com, kmoe@aghwlaw.com, palvarez@aghwlaw.com, pvanzandt@aghwlaw.com

Elizabeth J Carpenter      ecarpenter@cozen.com

Scott Michael Watson      scott.watson@btlaw.com

James L Stengel (Terminated)      jstengel@orrick.com, casestream@ecf.courtdrive.com

Jessica L Pahl      jpahl@wc.com, ahrom@wc.com, cmendez@wc.com, dzdelar@wc.com, ksamuelson@wc.com, lrome@wc.com, sdhanji@wc.com

J Alan Truitt      atruitt@kmcllaw.com, jsimon@kmcllaw.com, nsmith@kmcllaw.com

Jason A Proctor      jproctor@tcspllc.com

Kimbrilee M Weber      kmweber@norris-law.com

Jacob J Lantry      jlantry@campbell-trial-lawyers.com

Benjamin M. Kleinman      benjaminkleinman@quinnemanuel.com

Curtis Allen Garrett, Jr      agarrett@kilpatricktownsend.com

Gregory Clayton Ulmer      gulmer@bakerlaw.com, cycollins@bakerlaw.com

Wesley A Bowden      wbowden@levinlaw.com, kobrien@levinlaw.com, lmassey@levinlaw.com



Bruce D Oakley    bruce.oakley@hoganlovells.com

Kaitlyn R Maxwell    maxwellk@gtlaw.com, cahilla@gtlaw.com

Trevor J Keenan    tkeenan@campbell-trial-lawyers.com, coliveira@campbell-trial-lawyers.com, wzannini@campbell-trial-lawyers.com

Caleb J Holmes    holmesc@gtlaw.com

Joshua P Ackerman    josh.ackerman@bartlitbeck.com

Kelsey J Moe    kmoe@aghwlaw.com, sromero@aghwlaw.com

Chad W. Higgins    chad.higgins@dentons.com

Rosemarie Carmella Hebner    Rohebner@gmail.com

Jessica Wilson    jessica.wilson@dlapiper.com

Christine Prugh Payne    cpayne@gunster.com, 9552229420@filings.docketbird.com, pfas_pleadings@gunster.com

Peter A Strotz    pstrotz@kslaw.com, jgranados@kslaw.com, mpanek@kslaw.com, ssarff@kslaw.com

Stefani L Wittenauer    stefani.wittenauer@bclplaw.com, stefani-wittenauer-9386@ecf.pacerpro.com

Ann Elizabeth Sternhell Blackwell    liz.blackwell@bclplaw.com, debra.holt@bclplaw.com, hope.gutierrez@bclplaw.com, liz-blackwell-4001@ecf.pacerpro.com

Christopher Strunk    cstrunk@grsm.com

Heather Kelly    heather.kelly@coag.gov, john.watson@coag.gov

Richard P Cassetta    richard.cassetta@bclplaw.com, jhenneke@bclplaw.com, richard-cassetta-1954@ecf.pacerpro.com

Kevin Kenneally    kkenneally@fmglaw.com

Michael Pierre Giunta    mgiunta@fmglaw.com

Joshua Ferguson    jferguson@fmglaw.com

Brian L Stekloff    bstekloff@wilkinsonstekloff.com, 3M-Associates@wilkinsonstekloff.com, 3M-paras@wilkinsonstekloff.com, CourtNotices@wilkinsonstekloff.com, apastan@wilkinsonstekloff.com, mwarren@wilkinsonstekloff.com

Beth A Wilkinson    bwilkinson@wilkinsonstekloff.com, 3M-associates@wilkinsonstekloff.com, 3M-paras@wilkinsonstekloff.com, CourtNotices@wilkinsonstekloff.com

GRACE LEMPKA    glempka@dvoraklegal.com



Bradley Motl    motlbj@doj.state.wi.us, henrycj@doj.state.wi.us

Lori A Dvorak    ldvorak@dvorakandassociates.com

Keri L Arnold    karnold@wilkinsonstekloff.com, CourtNotices@wilkinsonstekloff.com

Robert J Giuffra, Jr    giuffrar@sullcrom.com

William B Monahan    monahanw@sullcrom.com

Justin DeCamp    decampj@sullcrom.com, charnellp@sullcrom.com

Nicole Friedlander    friedlandern@sullcrom.com

Judson Owen Littleton    littletonj@sullcrom.com

Stephanie D. Biehl    stephanie@sheredling.com, alfred@sheredling.com, gianna@sheredling.com, oni@sheredling.com

Thai Nguyen    thai.nguyen@law.njoag.gov

Christopher Ross Rodriguez    crodriguez@singletonschreiber.com, abluth@singletonschreiber.com, bdejurnett@singletonschreiber.com, mjohnson@singletonschreiber.com, tnelson@singletonschreiber.com

Andrew Rima    arima@goldmanismail.com, 5294989420@filings.docketbird.com, PFAS_Pleadings@zestediscovery.com, almanza@goldmanismail.com, dtuttle@goldmanismail.com, lgehrs@goldmanismail.com, rnastase@goldmanismail.com, sdeokule@goldmanismail.com, spope@goldmanismail.com

Geoffrey M Coan    gcoan@hinshawlaw.com, lgrimard@hinshawlaw.com

Ralia Polechronis    rpolechronis@wilkinsonstekloff.com, CourtNotices@wilkinsonstekloff.com

Paul J Pytlik    pytlik@simpsondeardorff.com, sahafeman@kopkalaw.com

Michael T Chen    michael.chen3@usdoj.gov

Robert Buchholz    rbuchholz@hinshawlaw.com, earmanno@hinshawlaw.com

Adam Brebner    brebnera@sullcrom.com

J. Scott Wood    swood@woodgrlaw.com, service@woodgrlaw.com

Zackary Paal    zpaal@grsm.com, seaabestos@grsm.com

Jimmy Rock    jrock@edelson.com, 3956638420@filings.docketbird.com, docket@edelson.com

Amy Rachel McCalib    amy.gore@bartlitbeck.com

Joseph Carroll Smith, Jr    joseph.smith@bartlit-beck.com

2025 JUN -6 AM 10: 22
CLERK OF COURT
SPARTANBURG COUNTY
J.A.N. W. COX
FILED

William English Whitney, III    wwhitney@gwblawfirm.com, ebehymer@gwblawfirm.com

Dominique Savinelli    dominique.savinelli@huschblackwell.com, Lisa.Schroeder@huschblackwell.com, becky.robertson@huschblackwell.com, dominique-savinelli-3240@ecf.pacerpro.com

Paul S Rosenblatt    paul.rosenblatt@butlersnow.com

Curtis Andrew Cox    Curtis.Cox@azag.gov

Janelle Muriel Smith    janelle.smith@doj.ca.gov

Annadel Angeline Almendras    annadel.almendras@doj.ca.gov

Sarae Snyder    sarae.snyder@doj.ca.gov

Ann R Johnston    ajohnston@attorneygeneral.gov, mrobinson@attorneygeneral.gov

William Jenkins    william.jenkins@doj.ca.gov

Cheryl P Jacobs    cjacobs@attorneygeneral.gov

Mary Catherine Way    marycatherine.way@pcwlawllc.com, nichole.pullen@pcwlawllc.com, renee.baswell@pcwlawllc.com

Clarence Y Lee    clarence.lee@saul.com, jennifer.hibner-spencer@saul.com

Paul J Zidlicky    pzidlicky@sidley.com

Jennifer Caplan Barks    JBarks@KelleyDrye.com, Docketing@KelleyDrye.com

James A King    jking@porterwright.com

Peter A Farrell    peter.farrell@kirkland.com

Sherrie Armstrong Davis    sarmstrongdavis@tcspllc.com, PFAS_Pleadings@gunster.com, dgriffith@tcspllc.com, eford@tcspllc.com, klittrell@tcspllc.com, mtuggle@tcspllc.com, rdavis@tcspllc.com, vwolfe@tcspllc.com

Philip Judson Combs    pcombs@tcspllc.com, bmaxwell@tcspllc.com, klittrell@tcspllc.com, rdavis@tcspllc.com, vwolfe@tcspllc.com

James Conrad Olson, II    james.olson@azag.gov

Rene Harrod    rharrod@broward.org

Frank Sharp Holleman, IV    fholleman@sonosky.com

Howard Kenison    hkenison@joneskeller.com, emorse-lee@joneskeller.com

Justin Newman    jnewman@environlaw.com

FILED 2025 JUN -6 AM 10:22 CLERK OF COURT SPARTANBURG COUNTY

Alexandra Lisowski    olisowski@joneskeller.com, emorse-lee@joneskeller.com

Dan Drachler    ddrachler@zsz.com, dan-drachler-6676@ecf.pacerpro.com

Katherine Amanda Saunders    AmandaS@sonosky.net, courtnotices@sonosky.net

Elizabeth J Cabraser    ecabraser@lchb.com

Dennis David Altman    daltman@environlaw.com

Paige Pavone (Terminated)    ppavone@orrick.com

Gina Nicholls    gnicholls@nossaman.com, mwiman@nossaman.com

Christine Carson    ccarson@awattorneys.com, dcarranza@awattorneys.com, jgonzalez@awattorneys.com,
kalleninfante@awattorneys.com, kchacon@awattorneys.com, lmadrid@awattorneys.com,
nvaca@awattorneys.com

Bethany J Ring    bring@gravesandking.com

Brian Keith Estep    bestep@clsmlaw.com

Jennifer Thompson Buckman    jtb@bkslawfirm.com

Erin K McGowan    mcgowane@stlouis-mo.gov

Michael B Weinberg    mweinberg@fmglaw.com

Lora L LoCoco    lora.lococo@quarles.com, debra.pope@quarles.com, eleina.arce@quarles.com,
julie.gandee@quarles.com

Dije Ndreu    dije.ndreu@doj.ca.gov

Andre Hunter, Jr    aahunter@grsm.com

Laura Smalley    lsmalley@harrisbeachmurtha.com, cmaslanka@harrisbeachmurtha.com

Stephen P Brown    sbrown@plunkettcooney.com, ad'amico@plunkettcooney.com,
ecummings@plunkettcooney.com, kwebster@plunkettcooney.com, lbowen@plunkettcooney.com,
nruggirello@plunkettcooney.com, rrivera@plunkettcooney.com

James Mathew    jmmathew@fmglaw.com

Peder Kristian Batalden    ehenderson@horvitzlevy.com

Jessica Gutierrez    jxgutierrez@grsm.com, lskalka@grsm.com

Kevin D Siegel    ksiegel@bwslaw.com

Joshua Imeri-Garcia    jimerigarcia@awattorneys.com

2025 JUN -6 AM 10:22   CLERK OF COURT   SPARTANBURG COUNTY   AMY W. COX   FILED

Gregory Venker    gregory.venker@lansingmi.gov, cityatty@lansingmi.gov, holly.elie@lansingmi.gov

Danielle Barbara Dobosz    ddobosz@smithlaw.com

Natalie Atkinson    natkinson@amplaw.com

Joseph C Orlet    joseph.orlet@huschblackwell.com, Lisa.Schroeder@huschblackwell.com, Marissa.Siemer@huschblackwell.com, becky.robertson@huschblackwell.com

Paul Angelo Calfo    paul.calfo@huschblackwell.com

Alexandra Caritis    alexandra.caritis@kirkland.com

Sarah E McVay    sarah.mcvay@kirkland.com

Tia Trout Perez    ttrout-perez@kirkland.com

Michael F Williams    mwilliams@kirkland.com

Kelli M Mulder    kelli.mulder@kirkland.com

Bradford S Moyer    brad.moyer@Kennedyslaw.com, melissa.garcia@kennedyslaw.com

Andrew Margulis    andrew.margulis@ropers.com, jena.lombardo@ropers.com, tehila.colman@ropers.com

Y'Noka Bass    ybass@grsm.com

Annemieke Monique Tennis    a.tennis@kanner-law.com

David Ivy-Taylor    d.ivytaylor@kanner-law.com

Alexandra Cole    aecole@grsm.com

Robert F Walsh    walshr@whiteandwilliams.com, ferrantes@whiteandwilliams.com

Lynndon Groff    groffl@whiteandwilliams.com

Vanessa V Pisano    vpisano@hinshawlaw.com, nwodarski@hinshawlaw.com

Bernice Corman    bcorman@bickycormanlaw.com

Brian Coffey    brian.coffey@mclolaw.com, deitra.seaton@mclolaw.com

Morgan Liptak    liptakm@whiteandwilliams.com

Noel Couch    ncouch@fmglaw.com

Terri A Sutton    terri.sutton@kennedyslaw.com

Scott L Davis    sdavis@spencerfane.com, prodriguez@spencerfane.com, rklunkert@spencerfane.com, scott-

2025 JUN -6  AH 10: 22
CLERK OF COURT
SPARTANBURG COUNTY
FILED

davis-5199@ecf.pacerpro.com

Dieter J Juedes    dieter.juedes@huschblackwell.com, Erin.Gallam@huschblackwell.com

Stuart Charles Schmadeke    sschmadeke@spencerfane.com

Kelly Lynn Ferron    klferron@kopkalaw.com, smmelton@kopkalaw.com

Herschel Brodkey    hbbrodkey@kopkalaw.com, sahafeman@kopkalaw.com

Patrick Todd    patrick.todd@huschblackwell.com, valerie.stephens@huschblackwell.com

Thomas M Crawford    crawford@litchfieldcavo.com, mcinerney@litchfieldcavo.com

Claire Homsher    chomsher@sidley.com

Ken Baum    kbaum@goldmanismail.com

Craig Woods    cwoods@goldmanismail.com

Lucas Russell White    lucas.white@usdoj.gov

Michelle T Domingue, II    michelle.t.domingue.ii@usdoj.gov

Evan Allister Ward    eward@kmcllaw.com

Christopher James Williams    cjwilliams@kmcllaw.com

David Michael Cohen    david.cohen@butlersnow.com, amy.ragone@butlersnow.com

Raquel Lucas Herraiz    raquel.lucas@butlersnow.com, amy.ragone@butlersnow.com

Sarah A Meadows    smeadows@tcspllc.com, rdavis@tcspllc.com, vwolfe@tcspllc.com

Priya Desai    pdesai@mayerbrown.com, 4675478420@filings.docketbird.com, courtnotification@mayerbrown.com

Andrew D Kaplan    akaplan@crowell.com

**2:18-mn-02873-RMG Notice will not be electronically mailed to:**

**2:24-cv-04618-RMG Notice has been electronically mailed to:**

Elizabeth Bartlett Partlow    beth@partlowlaw.com, elizabethbpartlow@gmail.com

John Belton White, Jr    jwhite@johnbwhitelaw.com, droberts@johnbwhitelaw.com, glynch@johnbwhitelaw.com, mshisko@johnbwhitelaw.com, nrice@johnbwhitelaw.com

Joseph Calhoun Watson    cwatson@robinsongray.com, cevans@robinsongray.com, cnygord@robinsongray.com, dcarmichael@robinsongray.com, hjacobs@robinsongray.com, pcallari@robinsongray.com

2025 JUN -6  AM 10: 22
CLERK OF COURT
SPARTANBURG COUNTY
AMY W COX
FILED

Thomas McRoy Shelley, III    roy.shelley@rogerstownsend.com, erin.sweatman@rogerstownsend.com

Rik S Tozzi    rik.tozzi@burr.com

Jennifer Hess Thiem    jennifer.thiem@klgates.com, Electronic.Service@klgates.com, gwyn.martin@klgates.com, litigation.docketing@klgates.com, susan.hampton@klgates.com

Marghretta Hagood Shisko    mshisko@johnbwhitelaw.com, nrice@johnbwhitelaw.com

John G. Tamasitis    jtamasitis@williamsmullen.com, jewatson@williamsmullen.com, kmartin-rothrock@williamsmullen.com, styer@williamsmullen.com

David Ross Clarke    dclarke0711@gmail.com

Christopher Rutledge Jones    cjones@johnbwhitelaw.com, crjlegal@gmail.com

Jordan Nichole Teich    jteich@csvl.law, abrantner@csvl.law, esion@csvl.law, kdroyal@csvl.law

Glenn Wade Leach, III    wleach@burr.com, aackbersingh-teed@burr.com

Sarah Cameron Frierson    sfrierson@robinsongray.com, cevans@robinsongray.com, cnygord@robinsongray.com, dcarmichael@robinsongray.com, hjacobs@robinsongray.com, pcallari@robinsongray.com

Hannah Elizabeth Smith    hsmith@csvl.law, tammon@csvl.law

Caleigh Miller Hart    chart@lgwmlaw.com

Allison Bendall Kazan    abendall@lgwmlaw.com

William Edwin Taylor, III    wtaylor@lgwmlaw.com

Elliott B Monroe    bmonroe@lgwmlaw.com

**2:24-cv-04618-RMG Notice will not be electronically mailed to:**

FILED
2025 JUN -6 AM 10: 22
CLERK OF COURT
SPARTANBURG COUNTY

ELECTRONICALLY FILED - 2025 Jun 06 3:27 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

**STATE OF SOUTH CAROLINA**

**COUNTY OF SPARTANBURG**

**WOODRUFF-ROEBUCK WATER DISTRICT,**

      **Plaintiff,**

      **v.**

**AFL TELECOIMMUNICATIONS, LLC,** *et al.,*

      **Defendant.**

**IN THE COURT OF COMMON PLEAS**

**FOR THE SEVENTH JUDICIAL CIRCUIT**

**No. 2024-CP-42-02480**

**MOTION FOR PRO HAC VICE ADMISSION OF STEPHEN MICHMERHUIZEN**

The undersigned local counsel for Defendant Starchem, LLC, hereby moves, together with the attached Application and Affidavit, that Stephen Michmerhuizen of Coppedge & Michmerhuizen, 508 South Thornton Avenue, Dalton, Georgia 30720, be admitted *pro hac vice* in the above captioned matter for Defendant Starchem, LLC.  As local counsel I understand that:

1.     I will personally sign each pleading, motion, discovery procedure, or other document that I serve or file in this court.

2.     All pleadings and other documents that I file in this case will contain my name, firm name, address, and phone number and those of my associate counsel admitted *pro hac vice;* and service of all pleadings and notices as required shall be sufficient if served upon me, and it is my responsibility to serve associate counsel admitted *pro hac vice*.

3.     Unless excused by the court, I will be present at all pretrial conferences, hearings, and trials and may attend discovery proceedings.  I will be prepared to actively participate, if necessary.

4.     As of the date of the filing of this motion, there are still numerous Defendants without representation.

5.     Mr. Michmerhuizen is a member of good standing with his local bar association, and the Verified Application for Admission *Pro Hac Vice* in the State of South Carolina setting forth the necessary information required by Rule 404(d).  Attached and incorporated herein is Mr. Michmerhuizen's certificate of good standing from Georgia.

6.     This action was removed to the United States District Court for the District of South Carolina (*Woodruff-Roebuck Water District v. AFL Telecommunications, LLC et al.*, Case No. 2:24-cv-04618-RMG) on August 26, 2024, and Plaintiff and removing Defendants Roebuck Disposal, LLC and Synthomer USA, LLC filed a Joint Stipulation to Remand the action back to this Court on June 4, 2025.

7.     United States District Court Judge Gergel issued an order granting the Joint Stipulation to Remand on June 5, 2025.

Respectfully submitted this the 6th day of June, 2025.

 */s/ Mary Katherine Stukes*
Mary Katherine Stukes (SC Bar No. 77905)
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, NC 28202
(704) 331-1000
marykatherinestukes@mvalaw.com

Stephen Michmerhuizen (pro hac vice pending)
COPPEDGE & MICHMERHUIZEN
508 South Thornton Avenue
Dalton, GA 30720
(706) 226-0040
steve@coppedgefirm.com

*Counsel for Defendant Starchem, LLC*

ELECTRONICALLY FILED - 2025 Jun 06 3:27 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

# EXHIBIT

ELECTRONICALLY FILED - 2025 Jun 06 3:27 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

ELECTRONICALLY FILED - 2025 Jun 06 3:27 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

# VERIFIED APPLICATION FOR ADMISSION *PRO HAC VICE*
# IN THE STATE OF SOUTH CAROLINA

**Please type your answers in the space provided. Provide an answer for every question asked. In your own handwriting, sign in all spaces where a signature is required (no e-signatures). The accompanying certificate of good standing should not be older than 90 days at the time of the filing of this application.**

| | | |
|---|---|---|
| Woodruff-Roebuck Water District | 2024-CP-42-02480 | Court of Common Pleas, Seventh Judicial Circuit, Spartanburg, County |
| Plaintiff | Case No. | Tribunal |
| vs. | | |
| | Mailing Address of Tribunal: | 180 Magnolia Street |
| GTI Chemical Solutions, Inc., et al. | | Spartanburg, SC 29306 |
| Defendant | | |

Comes now Stephen Michmerhuizen                          , applicant herein, and respectfully represents the following:

1.  Applicant resides at:

███████████

Street Address

| Dalton | Whitfield | GA | 30720 |
|---|---|---|---|
| City | County | State | Zip Code |

███████████

Telephone

2.  Applicant is an attorney and a member of the law firm of (or practices law under the name of) Coppedge & Michmerhuizen| Attorneys at Law                                  , with offices at

508 S. Thornton Avenue

Street Address

| Dalton | Whitfield | GA | 30720 |
|---|---|---|---|
| City | County | State | Zip Code |
| (706) 226-0040 | | (706) 226-0050 | steve@coppedgefirm.com |
| Primary Telephone | Cell Phone | Fax Number | Email Address |

3.  Applicant has been retained personally or as a member of the above-named law firm by StarChem, LLC                                            to provide legal representation in connection with the above case now pending before the above-named tribunal of the State of South Carolina.

4.  Since      November      of  2009                          , Applicant has been, and presently is, a member in good standing of the bar of the highest court of the District of Columbia or the State of Georgia                          where Applicant regularly practices law. Attached is a certificate of good standing dated within the last 90 days from the bar of the highest court of the District of Columbia or the State where applicant regularly practices law. It is not necessary to provide a certificate of good standing from all courts before which you are admitted.

*Page 1 of 4*

ELECTRONICALLY FILED - 2025 Jun 06 3:27 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

77905
_____
South Carolina Bar Number
(You must provide Bar Number)

10.     Has Applicant previously filed an application to appear *pro hac vice* in South Carolina cases? If yes, give case name and status of litigation, date of application, local counsel of record in each case, and state whether application is pending or was granted.

| No. |
|---|

11. Does Applicant agree to comply with the applicable statutes, laws and rules of the State of South Carolina and familiarize him/herself with and comply with the South Carolina Rules of Professional Conduct? Does Applicant consent to the jurisdiction of the South Carolina courts and Commission on Lawyer Conduct.

| Yes. |
|---|

12. Applicant respectfully requests to be admitted to practice in the above-named tribunal for this case only.

DATED this ___20th___ day of __August__ , 20 _24_

_____
APPLICANT

## VERIFICATION

STATE OF Georgia          )

COUNTY OF Whitfield          )

I,          Stephen Michmerhuizen          , do hereby swear or affirm under penalty of perjury that I am the applicant in the above-styled matter; that I have read the foregoing application and know the contents thereof; and that the contents are true of my own knowledge, except as to those matters stated on information and belief, and that as to those matters I believe them to be true. I understand that I am under a continuing duty to promptly update the information provided in the application until the tribunal has ruled on the motion for admission pro hac vice. Further, if the motion is granted, I understand that I am under a continuing duty to promptly update the information provided in the application as long as I continue to appear pro hac vice in the action or proceeding. Any updated information shall be provided to both the tribunal that granted the motion and to the tribunal in which the action or proceeding may then be pending.

_____
APPLICANT/AFFIANT

Subscribed and sworn to before me this 16th day of August , 20 24

_____
(Notary Signature)

Notary Public for the State of Georgia

My Commission Expires: 11/30/2027

## LOCAL COUNSEL CONSENT

I hereby consent, as local counsel of record, to the association of applicant in this cause pursuant to Rules Governing Admission *Pro Hac Vice* to the South Carolina Bar.

DATED this 6th day of June , 20 25

_____
LOCAL COUNSEL OF RECORD

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of this application upon the South Carolina Supreme Court by mail addressed to: South Carolina Supreme Court Office of Bar Admissions, PO Box 11330, Columbia, SC 29211, accompanied by payment of the $250 filing fee payable to the South Carolina Supreme Court on this _____ day of _____, 20 _____

_____

*Page 4 of 4*

ELECTRONICALLY FILED - 2025 Jun 06 3:27 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

## State Bar of Georgia

*Lawyers Serving the Public and the Justice System*

Mr. Stephen Michmerhuizen
Coppedge, Michmerhuizen, Pasqua | Attorneys
at Law
508 S Thornton Avenue
Dalton, GA 30720
UNITED STATES

CURRENT STATUS:       **Active Member-Good Standing**
DATE OF ADMISSION:   **11/6/2009**
BAR NUMBER:          **107109**
TODAY'S DATE:        **06/06/2025**

The prerequisites for practicing law in the State of Georgia are as follows:

- **Certified by the Office of Bar Admissions, either by Exam, or on Motion (Reciprocity).**
- **Sworn in to the Superior Court in Georgia, highest court required to practice law in Georgia.**
- **Enrolled with the State Bar of Georgia, arm of the Supreme Court of Georgia.**

This member is currently in **"good standing"** as termed and defined by **State Bar Rule 1-204**. The member is current in license fees and is not suspended or disbarred as of the date of this letter.

### STATE BAR OF GEORGIA

*Official Representative of the State Bar of Georgia*

**HEADQUARTERS**
104 Marietta St. NW, Suite 100
Atlanta, GA 30303-2743
404-527-8700 · 800-334-6865
Fax 404-527-8717
www.gabar.org

**COASTAL GEORGIA OFFICE**
7402 Hodgson Memorial Drive, Suite 105
Savannah, GA 31406-2562
912-239-9910 · 877-239-9910
Fax 912-239-9970

**SOUTH GEORGIA OFFICE**
244 E. 2nd St. (31794)
P.O. Box 1390
Tifton, GA 31793-1390
229-387-0446 · 800-330-0446
Fax 229-382-7435

ELECTRONICALLY FILED - 2025 Jun 06 3:27 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

ELECTRONICALLY FILED - 2025 Jun 09 2:29 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

**STATE OF SOUTH CAROLINA**

**COUNTY OF SPARTANBURG**

**WOODRUFF-ROEBUCK WATER DISTRICT,**

      **Plaintiff,**

      **v.**

**AFL TELECOIMMUNICATIONS, LLC,** *et al.,*

      **Defendant.**

**IN THE COURT OF COMMON PLEAS**

**FOR THE SEVENTH JUDICIAL CIRCUIT**

**No. 2024-CP-42-02480**

**ORDER GRANTING PRO HAC VICE ADMISSION OF STEPHEN MICHMERHUIZEN**

Having considered the Motion for Pro Hac Vice of Stephen Michmerhuizen, on behalf of Defendant Starchem LLC, to admit Stephen Michmerhuizen of Coppedge & Michmerhuizen, 508 South Thornton Avenue, Dalton, Georgia 30720, *pro hac vice*, to appear on behalf of the Defendant Starchem LLC in the above captioned matter and the Verified Application for Admission *Pro Hac Vice* in support thereof, it is hereby

ORDERED that said motion is granted.

_____
Presiding Judge



Spartanburg Common Pleas

**Case Caption:**     Woodruff-Roebuck Water District VS   Gti Chemical Solutions, Inc. , defendant, et al

**Case Number:**     2024CP4202480

**Type:**     Order/Pro Hac Vice


IT IS SO ORDERED.

S/GRACE GILCHRIST KNIE - 2760


Electronically signed on 2025-06-09 13:46:07     page 2 of 2

ELECTRONICALLY FILED - 2025 Jun 09 2:29 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

ELECTRONICALLY FILED - 2025 Jun 06 3:11 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

| | | |
|---|---|---|
| **STATE OF SOUTH CAROLINA** | ) | **IN THE COURT OF COMMON PLEAS** |
| | ) | |
| **COUNTY OF SPARTANBURG** | ) | **SEVENTH JUDICIAL CIRCUIT** |
| | ) | |
| WOODRUFF-ROEBUCK WATER | ) | C.A. No.:  2024-CP-42-02480 |
| DISTRICT, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AFL TELECOMMUNICATIONS, LLC; | ) | **DEFENDANT STARCHEM, LLC'S** |
| CRYOVAC, INC.; CRYOVAC, LLC; GTI | ) | **REINSTATED MOTION FOR** |
| CHEMICAL SOLUTIONS, INC.; GTI | ) | **EXTENSION OF TIME TO RESPOND** |
| CHEMICAL SOLUTIONS, LLC; M. | ) | **TO AMENDED COMPLAINT** |
| LOWENSTEIN CORPORATION; MOCOM | ) | |
| COMPOUNDS CORPORATION; PLASTIC | ) | |
| OMNIUM AUTO EXTERIORS, LLC; | ) | |
| ROEBUCK DISPOSAL, LLC; SPRINGS | ) | |
| INDUSTRIES, INC.; STARCHEM, LLC; | ) | |
| SYNTHOMER USA, LLC; TORAY | ) | |
| COMPOSITE MATERIALS AMERICA, | ) | |
| INC.; WASTE MANAGEMENT OF | ) | |
| SOUTH CAROLINA, INC., | ) | |
| | ) | |
| *Defendants.* | ) | |
| _____ | ) | |

COMES NOW Starchem, LLC ("Starchem"), by and through undersigned counsel, and files this Reinstated Motion for Extension of Time to Respond to Amended Complaint, showing this Honorable Court as follows:

Plaintiff filed its initial Complaint in this Court on June 18, 2024.  Plaintiff filed its Amended Complaint in this Court on July 8, 2024, adding Starchem and other defendants. According to the Proof of Service filed on July 29, 2024, Starchem's third-party Registered Agent for Service was served via certified mail on July 22, 2024; however Starchem had no record or knowledge of receiving a copy of the Summons and Amended Complaint from its Registered Agent, and after Starchem's local counsel happened more or less by chance to

1

discover that Starchem had allegedly been served with process, Starchem filed a Motion for Extension of Time to Respond to the Amended Answer with Plaintiff's consent on August 22, 2024. Prior to the Court's ruling on Starchem's Motion, Defendant Roebuck Disposal, LLC, filed a Notice of Removal on August 26, 2024, and the Court declined to rule on Starchem's Motion as a result.

Since the date of removal, the removed case (*Woodruff-Roebuck Water District v. AFL Telecommunications, LLC et al.* (Case No. 2:24-cv-04618-RMG)), was within the Aqueous Film-Forming Foams Products Liability Litigation MDL (*In Re Aqueous Film-Forming Foams Products Liability Litigation* MDL 2873 (Case No. 2:18-mn-02873-RMG)) before the United States District Court for the District of South Carolina, with a Motion for Remand by Plaintiffs pending.

On June 4, 2025, Plaintiff and Defendants Roebuck Disposal, LLC, and Synthomer USA, LLC, filed a Joint Stipulation to Remand the action back to this Court. District Court Judge Gergel issued an Order Granting the Joint Stipulation to Remand the case on June 5, 2025, and this case was remanded to this Court's jurisdiction.

Pursuant to Rule 6(b), SCRCP, and for good cause shown, Starchem hereby respectfully requests this Court to extend the time in which Starchem may file any responsive pleading and motion to the Amended Complaint, by fourteen (14) days, up to and including Friday, June 20, 2025. A proposed order is attached for the Court's consideration.

Counsel for Woodruff-Roebuck Water District consents to this extension of time for Starchem to file any responsive pleading and motion to the Amended Complaint.

[Signature Page on Following Page]

2

ELECTRONICALLY FILED - 2025 Jun 06 3:11 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

ELECTRONICALLY FILED - 2025 Jun 06 3:11 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

Respectfully submitted this the 6th day of June, 2025.

*/s/ Mary Katherine Stukes*
Mary Katherine Stukes (SC Bar No. 77905)
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, NC 28202
(704) 331-1000
marykatherinestukes@mvalaw.com


Stephen Michmerhuizen (pro hac vice
forthcoming)
COPPEDGE & MICHMERHUIZEN
508 South Thornton Avenue
Dalton, GA 30720
(706) 226-0040
steve@coppedgefirm.com


*Counsel for Defendant Starchem, LLC*

3

ELECTRONICALLY FILED - 2025 Jun 06 2:04 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

**STATE OF SOUTH CAROLINA**
**COUNTY OF HORRY**

**IN THE COURT OF COMMON PLEAS**
**FIFTEENTH JUDICIAL CIRCUIT**

GRAND STRAND WATER AND
SEWER AUTHORITY

      Plaintiff,

v.

ALADDIN MANUFACTURING
CORPORATION, ET AL.

      Defendants.

)
)
)   C.A. No.: 2024-CP-26-05523
)
)
)
)
)
)
)
)

### DEFENDANTS MOHAWK INDUSTRIES, INC. AND ALADDIN MANUFACTURING CORPORATION'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendants Aladdin Manufacturing Corporation ("Aladdin") and Mohawk Industries, Inc. ("Mohawk," and collectively the "Mohawk Defendants"), by and through its undersigned counsel, hereby file this Answer in response to Plaintiff Grand Strand Water and Sewer Authority's ("Plaintiff") Second Amended Complaint ("Complaint").

Subject to and without waiving the defenses raised in the Mohawk Defendants' Motion to Dismiss and the below Affirmative and Other Defenses, the Mohawk Defendants respond to the Complaint as follows.

The Complaint contains purported references to several documents, third-party publications, and statements that have often been excerpted, paraphrased, characterized, and otherwise taken out of context. These documents, third-party publications, and statements should be considered, if at all, in context and in unmodified form, and the Mohawk Defendants hereby respectfully refer the Court to the respective documents, third-party publications, and statements for their complete contents.

1

ELECTRONICALLY FILED - 2025 Jun 06 2:04 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

Except as is expressly admitted, qualified, or explained herein, Mohawk Defendants specifically deny each and every allegation contained in the Complaint, including without limitation any allegations contained in titles, headings, and subparagraphs of the Complaint, and specifically denies any liability to Plaintiff. To the extent that the titles, headings, and subparagraphs of the Complaint are intended to be allegations directed at Mohawk Defendants, they are denied.

Mohawk Defendants specifically deny that it contaminated South Carolina waterways with excessive concentrations of PFAS. Furthermore, Mohawk Defendants do not concede that PFAS was present at facilities owned or operated by Mohawk Defendants, nor do Mohawk Defendants concede that it discharged PFAS into any bodies of water.

Mohawk Defendants do not concede or adopt any suggestion, implication, or assertion concerning any alleged connection, association, or causal relationship between PFAS and purported harm to humans.

Plaintiff's use of the term "Defendants" is problematic. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to allegations that pertain to other defendants and, therefore, such allegations are denied. The Mohawk Defendants respond to the allegations contained in the individually numbered paragraphs of the Complaint only on behalf of the Mohawk Defendants themselves.

## STATEMENT OF THE CASE

1.    The allegations in Paragraph 1 contain introductory statements to which no response is required. To the extent a response is required, and to the extent the allegations in Paragraph 1 are directed at Mohawk Defendants, Mohawk Defendants deny the allegations.

ELECTRONICALLY FILED - 2025 Jun 06 2:04 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

2.      To the extent the allegations in Paragraph 2 are directed at Mohawk Defendants, Mohawk Defendants deny the allegations.

3.      The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3, and therefore deny them.

4.      Upon information and belief, the Mohawk Defendants admit only that Aladdin owned and/or operated industrial manufacturing facilities upstream of Plaintiff's water intakes. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 4, and, therefore, such allegations are denied.

5.      The Mohawk Defendants deny any allegation that the Mohawk Defendants have contaminated surface waters in the Pee Dee River Watershed. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 5, and, therefore, such allegations are denied.

6.      To the extent the allegations in Paragraph 6 are directed at Mohawk Defendants, the Mohawk Defendants deny the allegations. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 6 and, therefore, such allegations are denied.

7.      The Mohawk Defendants admit that the Complaint purports to seek compensatory, consequential, and punitive damages and equitable and injunctive relief but deny that Plaintiff is entitled to any such relief. The Mohawk Defendants deny the allegations in Paragraph 7 as they relate to Mohawk Defendants.  The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 7, and, therefore, such allegations are denied.

ELECTRONICALLY FILED - 2025 Jun 06 2:04 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

## RESPONSE TO DISCLAIMER

8.      The allegations in Paragraph 8 contain a disclaimer to which no response is required. To the extent a response is required, the Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8, and therefore deny them.

9.      The allegations in Paragraph 9 contain a legal conclusion and disclaimer to which no response is required. To the extent a response is required, the Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9, and therefore deny them.

10.     The allegations in Paragraph 10 contain a legal conclusion to which no response is required. To the extent a response is required, the Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and therefore deny them.

11.     The allegations in Paragraph 11 contain a disclaimer to which no response is required. To the extent a response is required, the Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, and therefore deny them.

## RESPONSE TO JURISDICTION AND VENUE

12.     The allegations in Paragraph 12 contain conclusions of law to which no response is required. To the extent a response is required, the Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12, and therefore deny them.

4

ELECTRONICALLY FILED - 2025 Jun 06 2:04 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

13.    The allegations in Paragraph 13 contain conclusions of law to which no response is required. To the extent a response is required, the Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, and therefore deny them.

14.    The allegations in Paragraph 14 contain conclusions of law to which no response is required. To the extent a response is required, the Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, and therefore deny them.

## RESPONSE TO PARTIES

15.    The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, and therefore deny them.

16.    The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16, and therefore deny them.

17.    The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, and therefore deny them.

18.    The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18, and therefore denies them.

19.    The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, and therefore denies them.

20.    The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20, and therefore denies them.

21.    The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21, and therefore denies them.

ELECTRONICALLY FILED - 2025 Jun 06 2:04 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

22.     The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22, and therefore denies them.

23.     The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23, and therefore denies them.

24.     The Mohawk Defendants admit that they are Delaware corporations authorized to do business in South Carolina and that the Oak River Mill plant, located at 2118 Marlboro Road, Blenheim, South Carolina 29516, operated as a yarn conversion and extrusion facility located on the Great Pee Dee River until its closure in October 2022. The Mohawk Defendants further admit that the Oak River Mill plant is approximately 80 miles upstream from the Bull Creek Surface Water Treatment Plant. The Mohawk Defendants deny the remaining allegations in Paragraph 24.

25.     The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25, and therefore denies them.

26.     The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26, and therefore denies them.

## RESPONSE TO FACTUAL ALLEGATIONS

**"Background and Hazard of PFAS"**

27.     The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27, and therefore deny them.

28.     The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28, and therefore deny them.

29.     The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29, and therefore deny them.

6

ELECTRONICALLY FILED - 2025 Jun 06 2:04 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

30.     The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30, and therefore deny them.

31.     The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31, and therefore deny them.

32.     The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32, and therefore deny them.

33.     The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33, and therefore deny them.

34.     The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34, and therefore deny them.

35.     The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35, and therefore deny them.

36.     The allegations in Paragraph 36 refer to specific publications from the United States Environmental Protection Agency ("EPA"), which speak for themselves. The Mohawk Defendants deny any allegations in Paragraph 36 that are in addition to or inconsistent with the terms of those publications.

37.     The Mohawk Defendants admit that, in 2016, the EPA published a "Lifetime Health Advisories and Health Effects Support Documents for Perfluorooctanoic Acid and Perfluorooctane Sulfonate," which speaks for itself. The Mohawk Defendants deny any allegation inconsistent with the health advisories' terms. The Mohawk Defendants also deny any remaining allegations in Paragraph 37.

38.     The Mohawk Defendants admit that, in 2016, the EPA published a "Drinking Water Health Advisory for Perfluorooctanoic Acid (PFOA)" and a "Drinking Water Health Advisory for

7

ELECTRONICALLY FILED - 2025 Jun 06 2:04 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

Perfluorooctane Sulfonate (PFOS)," which speak for themselves. The Mohawk Defendants deny any allegation inconsistent with the health advisories' terms. The Mohawk Defendants also deny any remaining allegations in Paragraph 38.

39.     The Mohawk Defendants admit that, in 2022, the EPA published an interim "Drinking Water Health Advisory for Perfluorooctanoic Acid (PFOA)" and an interim "Drinking Water Health Advisory for Perfluorooctane Sulfonate (PFOS)," which speak for themselves. The Mohawk Defendants deny any allegation inconsistent with the health advisories' terms. The Mohawk Defendants also deny any remaining allegations in Paragraph 39.

40.     The Mohawk Defendants admit that, in 2022, the EPA published a "Drinking Water Health Advisories for GenX Chemicals and PFBS" which speak for themselves. The Mohawk Defendants deny any allegation inconsistent with the health advisories' terms. The Mohawk Defendants also deny any remaining allegations in Paragraph 40.

41.     The Mohawk Defendants admit that, in 2023, the EPA proposed a National Primary Drinking Water Regulation for six PFAS, including perfluorooctanoic acid (PFOA), perfluorooctane sulfonic acid (PFOS), perfluorononanoic acid (PFNA), hexafluoropropylene oxide dimer acid (HFPO-DA, commonly known as GenX Chemicals), perfluorohexane sulfonic acid (PFHxS), and perfluorobutane sulfonic acid (PFBS), which speaks for itself. The Mohawk Defendants deny any allegation inconsistent with the proposal's terms. The Mohawk Defendants also deny any remaining allegations in Paragraph 41.

42.     The Mohawk Defendants admit that, in 2023, the EPA proposed a National Primary Drinking Water Regulation for six PFAS, including PFOA, PFOS, PFNA, GenX Chemicals, PFHxS, and PFBS, which speaks for itself. The Mohawk Defendants deny any allegation

8

ELECTRONICALLY FILED - 2025 Jun 06 2:04 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

inconsistent with the proposal's terms. The Mohawk Defendants also deny any remaining allegations in Paragraph 42.

43.    The Mohawk Defendants admit that, in 2023, the EPA proposed a National Primary Drinking Water Regulation for six PFAS, including PFOA, PFOS, PFNA, GenX Chemicals, PFHxS, and PFBS, which speaks for itself. The Mohawk Defendants deny any allegation inconsistent with the proposal's terms. The Mohawk Defendants also deny any remaining allegations in Paragraph 43.

44.    The Mohawk Defendants admit that, in 2023, the EPA published a news release titled *EPA Releases Annual Report Showing Steady Progress to Protect Communities from PFAS Pollution*, which speaks for itself. The Mohawk Defendants deny any allegations inconsistent with the news release's terms. The Mohawk Defendants also deny any remaining allegations in Paragraph 44.

45.    The Mohawk Defendants admit that, in 2024, the EPA finalized a National Primary Drinking Water Regulation for six PFAS, including perfluorooctanoic acid (PFOA), perfluorooctane sulfonic acid (PFOS), perfluorononanoic acid (PFNA), hexafluoropropylene oxide dimer acid (HFPO-DA, commonly known as GenX Chemicals), perfluorohexane sulfonic acid (PFHxS), and perfluorobutane sulfonic acid (PFBS), which speaks for itself. The Mohawk Defendants deny any allegation inconsistent with the proposal's terms. The Mohawk Defendants also deny any remaining allegations in Paragraph 45.

46.    The Mohawk Defendants admit that, in 2024, the EPA finalized a National Primary Drinking Water Regulation for six PFAS, including PFOA, PFOS, PFNA, GenX Chemicals, PFHxS, and PFBS, which speaks for itself. The Mohawk Defendants deny any allegation

ELECTRONICALLY FILED - 2025 Jun 06 2:04 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

inconsistent with the proposal's terms. The Mohawk Defendants also deny any remaining allegations in Paragraph 46.

47.     The Mohawk Defendants admit that, in 2024, the EPA finalized a National Primary Drinking Water Regulation for six PFAS, including PFOA, PFOS, PFNA, GenX Chemicals, PFHxS, and PFBS, which speaks for itself. The Mohawk Defendants deny any allegation inconsistent with the proposal's terms. The Mohawk Defendants also deny any remaining allegations in Paragraph 47.

**"Contamination of Bull Creek and Intracoastal Waterway with PFAS"**

48.     Upon information and belief, The Mohawk Defendants admit the allegations in Paragraph 48.

49.     Upon information and belief, Mohawk Defendants admit only that Aladdin Manufacturing Corporation operated the Oak River Mill plant 80 miles upstream of Bull Creek and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 49, and therefore deny them.

50.     The Mohawk Defendants deny the allegations in Paragraph 50 as they relate to the Mohawk Defendants. The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 50, and therefore deny them.

51.     The Mohawk Defendants admit that Aladdin operated the Oak River Mill plant 80 miles upstream of Bull Creek. The Mohawk Defendants further admit that the mill's industrial wastewater complied with permits issued by the South Carolina Department of Health. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 51, and therefore deny them.

10

ELECTRONICALLY FILED - 2025 Jun 06 2:04 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

52.     To the extent the allegations in Paragraph 52 are directed at the Mohawk Defendants, upon information and belief, the Mohawk Defendants admit that Aladdin operated the Oak River Mill plant 80 miles upstream of Bull Creek. The Mohawk Defendants further admit that the mill's industrial wastewater complied with permits issued by the South Carolina Department of Health.  The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 52, and therefore deny them.

53.     The Mohawk Defendants are without knowledge or information sufficient form a belief as to the truth of the allegations in Paragraph 53, and therefore deny them.

54.     The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54, and therefore deny them.

55.     The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55, and therefore deny them.

56.     The Mohawk Defendants are without knowledge or information sufficient form a belief as to the truth of the allegations in Paragraph 56, and therefore deny them.

57.     The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57, and therefore deny them.

58.     The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58, and therefore deny them.

59.     The Mohawk Defendants deny the allegations in Paragraph 59 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient form a belief as to the truth of the remaining allegations in Paragraph 59, and therefore deny them.

ELECTRONICALLY FILED - 2025 Jun 06 2:04 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

60.     The Mohawk Defendants deny the allegations in Paragraph 60 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient form a belief as to the truth of the remaining allegations in Paragraph 60, and therefore deny them.

61.     The Mohawk Defendants deny the allegations in Paragraph 61 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient form a belief as to the truth of the remaining allegations in Paragraph 61, and therefore deny them.

62.     Paragraph 62 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny the allegations in Paragraph 62 as they relate to the Mohawk Defendants.

**"Defendants have harmed Plaintiff and Plaintiff's Community"**

63.     The Mohawk Defendants deny the allegations in Paragraph 63 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 63, and therefore deny them.

64.     Paragraph 64 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny the allegations in Paragraph 64 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 64, and therefore deny them.

65.     Paragraph 65 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny the allegations in Paragraph 65 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in Paragraph 65, and therefore deny them.

66.    Paragraph 66 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny the allegations in Paragraph 66 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 66, and therefore deny them.

**FIRST CAUSE OF ACTION**

**Private Nuisance**

67.    The Mohawk Defendants incorporate by reference their responses to Paragraphs 1 through 66 as if set forth fully herein.

68.    The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68, and therefore deny them.

69.    The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69, and therefore deny them.

70.    Paragraph 70 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny the allegations in Paragraph 70 as they relate to the Mohawk Defendants.  The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 70, and therefore deny them.

71.    To the extent the allegations in Paragraph 71 are directed at Mohawk Defendants, Mohawk Defendants deny the allegations. The Mohawk Defendants are without knowledge or

13

ELECTRONICALLY FILED - 2025 Jun 06 2:04 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

ELECTRONICALLY FILED - 2025 Jun 06 2:04 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 71, and therefore deny them.

72. Paragraph 72 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny the allegations in Paragraph 72 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 72, and therefore deny them.

73. Paragraph 73 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny the allegations in Paragraph 73 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 73, and therefore deny them.

74. Paragraph 74 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny the allegations in Paragraph 74 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 74, and therefore deny them.

75. Paragraph 75 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny the allegations in Paragraph 75 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 75, and therefore deny them.

ELECTRONICALLY FILED - 2025 Jun 06 2:04 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

76.     Paragraph 76 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny the allegations in Paragraph 76 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 76, and therefore deny them.

77.     Paragraph 77 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny the allegations in Paragraph 77 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 77, and therefore deny them.

78.     Paragraph 78 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny the allegations in Paragraph 78 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 78, and therefore deny them.

## SECOND CAUSE OF ACTION

### Public Nuisance

79.     The Mohawk Defendants incorporate by reference their responses to Paragraphs 1 through 78 as if set forth fully herein.

80.     The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80, and therefore deny them.

81.     The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81, and therefore deny them.

ELECTRONICALLY FILED - 2025 Jun 06 2:04 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

82.     Paragraph 82 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny the allegations in Paragraph 82 as they relate to the Mohawk Defendants. The remaining allegation in Paragraph 82 refer to specific publications from EPA, which speak for themselves. The Mohawk Defendants deny any allegations in Paragraph 82 that are in addition to or inconsistent with the terms of those publications.

83.     Paragraph 83 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny the allegations in Paragraph 83 as they relate to the Mohawk Defendants. The allegation in Paragraph 88 refer to specific publications from EPA, which speak for themselves. The Mohawk Defendants deny any allegations in Paragraph 83 that are in addition to or inconsistent with the terms of those publications.  The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 83, and therefore deny them.

84.     Paragraph 84 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny the allegations in Paragraph 84 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 84, and therefore deny them.

85.     Paragraph 85 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny the allegations in Paragraph 85 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 85, and therefore deny them.

ELECTRONICALLY FILED - 2025 Jun 06 2:04 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

86.    Paragraph 86 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny the allegations in Paragraph 86 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 86, and therefore deny them.

87.    Paragraph 87 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny the allegations in Paragraph 87 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 87, and therefore deny them.

88.    Paragraph 88 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny the allegations in Paragraph 88 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 88, and therefore deny them.

89.    To the extent the allegations in Paragraph 89 are directed at Mohawk Defendants, Mohawk Defendants deny the allegations. The Mohawk Defendants further deny that they were the source of any alleged contamination referenced in Paragraph 89. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 89, and therefore deny them.

90.    Paragraph 90 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny the allegations in Paragraph 90 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information

17

ELECTRONICALLY FILED - 2025 Jun 06 2:04 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

sufficient to form a belief as to the truth of the remaining allegations in Paragraph 90, and therefore deny them.

## THIRD CAUSE OF ACTION

### Trespass

91.     The Mohawk Defendants incorporate by reference their responses to Paragraphs 1 through 90 as if set forth fully herein.

92.     The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92, and therefore deny them.

93.     The allegations in Paragraph 93, including all subparagraphs, are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93, including all subparagraphs, and therefore deny them.

94.     The allegations in Paragraph 94, including all subparagraphs, are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94, including all subparagraphs, and therefore deny them.

95.     Paragraph 95, including its subparagraphs, states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny the allegations in Paragraph 95 as they relate to the Mohawk Defendants. The Mohawk Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 95, and therefore deny them.

18

ELECTRONICALLY FILED - 2025 Jun 06 2:04 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

96.     The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96, including all subparagraphs, and therefore deny them.

97.     Paragraph 97 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny the allegations in Paragraph 97 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 97, and therefore deny them.

98.     Paragraph 98 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny the allegations in Paragraph 98 as they relate to the Mohawk Defendants. To the extent the allegations in Paragraph 98 are directed at other defendants, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98, and therefore deny them.

99.     Paragraph 99 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny the allegations in Paragraph 99 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 99, and therefore deny them.

100.     Paragraph 100 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny the allegations in Paragraph 100 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 100, and therefore deny them.

ELECTRONICALLY FILED - 2025 Jun 06 2:04 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

101.    Paragraph 101 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny the allegations in Paragraph 101 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 101, and therefore deny them.

## FOURTH CAUSE OF ACTION

### Negligence, Gross Negligence, and/or Recklessness

102.    The Mohawk Defendants incorporate by reference their responses to Paragraphs 1 through 101 as if set forth fully herein.

103.    Paragraph 103 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny the allegations in Paragraph 103 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 103, and therefore deny them.

104.    Paragraph 104 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny the allegations in Paragraph 104 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 104, and therefore deny them.

105.    Paragraph 105 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny the allegations in Paragraph 105 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or

ELECTRONICALLY FILED - 2025 Jun 06 2:04 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 105, and therefore deny them.

106.     The allegations in Paragraph 106 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106, and therefore deny them.

107.     The allegations in Paragraph 107 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107, and therefore deny them.

108.     The allegations in Paragraph 108 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108, and therefore deny them.

109.     The allegations in Paragraph 109 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109, and therefore deny them.

110.     Paragraph 110 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny the allegations in Paragraph 110 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 110, and therefore deny them.

ELECTRONICALLY FILED - 2025 Jun 06 2:04 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

111.     Paragraph 111 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny the allegations in Paragraph 111 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 111, and therefore deny them.

### FIFTH CAUSE OF ACTION

### Strict Products Liability – Ultrahazardous Activity (Burlington)

112.     The Mohawk Defendants incorporate by reference their responses to Paragraphs 1 through 111 as if set forth fully herein.

113.     The allegations in Paragraph 113 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113, and therefore deny them.

114.     The allegations in Paragraph 114 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114, and therefore deny them.

115.     The allegations in Paragraph 115 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115, and therefore deny them.

116.     The allegations in Paragraph 116 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants

22

ELECTRONICALLY FILED - 2025 Jun 06 2:04 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116, and therefore deny them.

117. The allegations in Paragraph 117 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117, and therefore deny them.

118. The allegations in Paragraph 118 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118, and therefore deny them.

119. The allegations in Paragraph 119 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119, and therefore deny them.

120. The allegations in Paragraph 120 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 120, and therefore deny them.

## SIXTH CAUSE OF ACTION

### Strict Products Liability – Design Defect (Burlington)

121. The Mohawk Defendants incorporate by reference their responses to Paragraphs 1 through 120 as if set forth fully herein.

ELECTRONICALLY FILED - 2025 Jun 06 2:04 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

122.    The allegations in Paragraph 122 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 122, and therefore deny them.

123.    The allegations in Paragraph 123 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 123, and therefore deny them.

124.    The allegations in Paragraph 124 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 124, and therefore deny them.

125.    The allegations in Paragraph 125 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 125, and therefore deny them.

126.    The allegations in Paragraph 126 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 126, and therefore deny them.

127.    The allegations in Paragraph 127, including all subparagraphs, are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required,

ELECTRONICALLY FILED - 2025 Jun 06 2:04 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 127, including all subparagraphs, and therefore deny them.

128.    The allegations in Paragraph 128 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 128, and therefore deny them.

129.    The allegations in Paragraph 129 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 129, and therefore deny them.

130.    The allegations in Paragraph 130 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 130, and therefore deny them.

131.    The allegations in Paragraph 131 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 131, and therefore deny them.

132.    The allegations in Paragraph 132 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132, and therefore deny them.

ELECTRONICALLY FILED - 2025 Jun 06 2:04 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

## SEVENTH CAUSE OF ACTION

### Strict Products Liability – Failure to Warn (Burlington)

133.    The Mohawk Defendants incorporate by reference their responses to Paragraphs 1 through 132 as if set forth fully herein.

134.    The allegations in Paragraph 134 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 134, and therefore deny them.

135.    The allegations in Paragraph 135 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 135, and therefore deny them.

136.    The allegations in Paragraph 136 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 136, and therefore deny them.

137.    The allegations in Paragraph 137 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 137, and therefore deny them.

138.    The allegations in Paragraph 138 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants

ELECTRONICALLY FILED - 2025 Jun 06 2:04 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 138, and therefore deny them.

139.     The allegations in Paragraph 139 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 139, and therefore deny them.

140.     The allegations in Paragraph 140 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 140, and therefore deny them.

141.     The allegations in Paragraph 141 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 141, and therefore deny them.

<u>**EIGHTH CAUSE OF ACTION**</u>

**Breach of Implied Warranties (Burlington)**

142.     The Mohawk Defendants incorporate by reference their responses to Paragraphs 1 through 141 as if set forth fully herein.

143.     The allegations in Paragraph 143 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 143, and therefore deny them.

ELECTRONICALLY FILED - 2025 Jun 06 2:04 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

144.    The allegations in Paragraph 144 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 144, and therefore deny them.

145.    The allegations in Paragraph 145 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 145, and therefore deny them.

146.    The allegations in Paragraph 146 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 146, and therefore deny them.

147.    The allegations in Paragraph 147 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 147, and therefore deny them.

148.    The allegations in Paragraph 148 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 148, and therefore deny them.

ELECTRONICALLY FILED - 2025 Jun 06 2:04 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

## RESPONSE TO PRAYER FOR RELIEF

Responding to the WHEREFORE Paragraph that follows Paragraph 148 of Plaintiff's Complaint, the Mohawk Defendants deny any and all liability and further denies that Plaintiff is entitled to any of the relief sought in this Paragraph, including subparagraphs (a) through (e).

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, the Mohawk Defendants assert the following defenses.

### FIRST DEFENSE

Plaintiff's Complaint fails, in whole or in part, to state a claim for relief and should be dismissed in its entirety pursuant to SCRCP 12(b)(6) and 12(c).

### SECOND DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the applicable statutes of limitations and/or repose.

### THIRD DEFENSE

Plaintiff's Complaint, and each cause of action or count alleged therein, fails to join necessary parties.

### FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### FIFTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, because Plaintiff is not the real party in interest.

ELECTRONICALLY FILED - 2025 Jun 06 2:04 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

## SIXTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, to the extent Plaintiff has failed to exhaust administrative remedies.

## SEVENTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the doctrine of estoppel and/or waiver.

## EIGHTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

## NINTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the doctrine of election of remedies.

## TENTH DEFENSE

Pursuant to the South Carolina Contribution Among Tortfeasors Act, S.C. Code Ann. § 15-38-10, *et seq.*, any damages recoverable from the Mohawk Defendants should be limited to the percentage of the relative degree of fault of the Mohawk Defendants as compared with other parties to this action, if any, as well as other persons or entities not presently before this Court.

## ELEVENTH DEFENSE

Any alleged injuries and/or damages sustained by Plaintiff may have been caused or contributed to by the negligence, omissions or actual conduct of Plaintiff and/or other persons, firms, corporations, or entities over whom the Mohawk Defendants had no control or right of control and for whom the Mohawk Defendants are not responsible.

ELECTRONICALLY FILED - 2025 Jun 06 2:04 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

## TWELFTH DEFENSE

Any alleged injuries and/or damages sustained by Plaintiff may be barred, in whole or in part, by the doctrines of intervening cause and/or superseding cause.

## THIRTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because none of the alleged acts or omissions of Defendants proximately caused the purported injuries and damages allegedly sustained by Plaintiffs.

## FOURTEENTH DEFENSE

Plaintiffs' claim for alleged injuries and damages are barred, in whole or in part, because the claims are speculative and conjectural.

## FIFTEENTH DEFENSE

Plaintiffs' claims are or may be barred, in whole or in part, because any alleged levels of contamination did not exceed any applicable laws or binding regulatory standards at the relevant times.

## SIXTEENTH DEFENSE

Plaintiffs' claims are or may be barred, in whole or in part, because federal, state, and/or local authorities authorized, ratified, or were aware of and acquiesced in actions by Defendants that are the subject of Plaintiffs' claims. Defendants are not responsible or liable for any acts or omissions undertaken by or at the direction of any governmental authority or agency.

## SEVENTEENTH DEFENSE

Plaintiffs' claims are barred to the extent the "permit shield" doctrine and "federally permitted release" defense applies because any leachate was discharged pursuant to lawful permits.

31

ELECTRONICALLY FILED - 2025 Jun 06 2:04 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

## EIGHTEENTH DEFENSE

Plaintiffs' claims are or may be barred, in whole or in part, by the doctrine of primary jurisdiction.

## NINETEENTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, under the doctrines of contributory negligence and/or comparative fault, and/or other applicable common law or statutory doctrines.

## TWENTIETH DEFENSE

Plaintiff's claims may be barred, in whole or in part, because the Mohawk Defendants' actions were in conformity with (i) any federal, state or other regulations, standards, guidelines, specifications, and laws in effect; (ii) available knowledge and research of the scientific and industrial communities; and (iii) generally recognized and prevailing industry standards; and (iv) state of the art in existence at the time the design was prepared and the products were manufactured, handled, sold, distributed, and/or used.

## TWENTY-FIRST DEFENSE

Any product manufactured, handled, designed, sold, distributed, or used by the Mohawk Defendants and alleged to have caused harm to Plaintiff was, at the time, safer than any reasonable or feasible alternative designs, and any alternative designs would have been less safe, more likely to have caused injury or otherwise not feasible for their intended use.

## TWENTY-SECOND DEFENSE

Plaintiff's claims may be barred, in whole or in part, because federal, state, and/or local authorities, departments and/or agencies authorized, ratified, or were aware of and acquiesced to actions taken by the Mohawk Defendants that are the subject of Plaintiff's claims. The Mohawk

32

ELECTRONICALLY FILED - 2025 Jun 06 2:04 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

Defendants are not responsible or liable for any acts or omissions undertaken by or at the direction of any governmental authority, department or agency.

<strong>TWENTY-THIRD DEFENSE</strong>

Plaintiff's claims may be barred, in whole or in part, under the doctrine of Federal Preemption, including, without limitation, express preemption, implied conflict preemption, and field preemption, pursuant to any applicable statutes, regulations, guidance documents, notices, military specification, and policy statements, enacted and/or promulgated and/or issues by Congress, federal agencies, or the executive branch.

<strong>TWENTY-FOURTH DEFENSE</strong>

The Mohawk Defendants assert its rights to allocation, setoff or apportionment of fault pursuant to applicable law, as well as its rights to a proportionate reduction of any damages found against the Mohawk Defendants based on the negligence, omissions or other conduct of any settling tortfeasor and/or responsible third party and/or Plaintiff.

<strong>TWENTY-FIFTH DEFENSE</strong>

An award of judgment rendered in favor of Plaintiff must be reduced by the amount of compensation Plaintiff received, or is entitled to receive, from any source as a result of Plaintiff's alleged injuries.

<strong>TWENTY-SIXTH DEFENSE</strong>

Plaintiff may have failed or refused to exercise reasonable care and diligence to avoid loss and minimize damages and, therefore, may not recover for losses that could have been prevented by reasonable efforts on Plaintiff's part, or by expenditures which might reasonably have been made. Recovery, if any, should therefore be reduced by Plaintiff's failure to mitigate damages, if any.

ELECTRONICALLY FILED - 2025 Jun 06 2:04 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

**TWENTY-SEVENTH DEFENSE**

The Mohawk Defendants and its agents and/or employees acted with due care and otherwise conducted themselves at all relevant times as reasonable people and/or entities under the circumstances.

**TWENTY-EIGHTH DEFENSE**

The Mohawk Defendants have satisfied, fulfilled and performed each and every obligation and duty imposed by law, if any, to the full extent of its responsibility.

**TWENTY-NINTH DEFENSE**

Any alleged injury, damage or loss sustained by Plaintiff in connection with the subject matter of this action was not reasonably foreseeable to the Mohawk Defendants.

**THIRTIETH DEFENSE**

Plaintiff's claims fail as a matter of substantive law and violate the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution and the South Carolina Constitution to the extent that by relying on market share or other aggregate proof of causation or liability, Plaintiff seeks to deprive the Mohawk Defendants of procedural and substantive safeguards including, but not limited to, statutory and common law defenses to liability and causation generally.

**THIRTY-FIRST DEFENSE**

Plaintiff's claims may be barred for lack of proximate causation between any alleged act, omission, or product of the Mohawk Defendants and the claims, damages, and harm alleged in Plaintiff's Complaint.

**THIRTY-SECOND DEFENSE**

Plaintiff's claims against the Mohawk Defendants are barred by the economic loss rule.

34

ELECTRONICALLY FILED - 2025 Jun 06 2:04 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

### THIRTY-THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff cannot prove that its alleged injuries were caused by exposure to PFAS allegedly contained in any product(s) manufactured, handled, distributed, used, or sold by the Mohawk Defendants.

### THIRTY-FOURTH DEFENSE

The Mohawk Defendants affirmatively assert as a defense, credit, or set-off against the damages claimed by Plaintiff, any payment, voluntary payment, or settlement (and any monies paid pursuant thereto) between Plaintiff and any other person or entity. The Mohawk Defendants also assert the affirmative defenses of satisfaction, payment, and release.

### THIRTY-FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff cannot establish that Plaintiff was exposed to a sufficient concentration or amount of PFAS, and/or for a sufficient duration, that has been reliably established, through scientific means, to be capable of causing Plaintiff's alleged injuries.

### THIRTY-SIXTH DEFENSE

To the extent that Plaintiffs have split their claims, Plaintiffs' claims are barred in whole, or in part, by the doctrine prohibiting claim splitting.

### THIRTY-SEVENTH DEFENSE

Plaintiff's purported exposure to products manufactured, handled, distributed, used or sold by the Mohawk Defendants, if any, was too removed, indefinite, de minimis and insufficient to establish a reasonable degree of probability that any such product caused any alleged injury, damage or loss to Plaintiff.

ELECTRONICALLY FILED - 2025 Jun 06 2:04 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

## THIRTY-EIGHTH DEFENSE

The Mohawk Defendants cannot be held jointly and severally liable for the acts or omissions of third parties or other parties because their acts or omissions were separate and distinct and the alleged harm is divisible from and greater than any harm allegedly caused by acts, omissions, or products of the Mohawk Defendants.

## THIRTY-NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff seeks to retroactively impose liability for conduct that was not actionable at the time it occurred, and the Mohawk Defendants may not be held liable under retroactive theories not requiring proof or fault or causation.

## FORTIETH DEFENSE

Plaintiff's claims are barred, in whole or in part, because The Mohawk Defendants neither knew, nor should have known, that any of the chemicals or substances to which Plaintiff was allegedly exposed were hazardous or constituted a reasonable or foreseeable risk of physical harm by virtue of the prevailing state of medical, scientific, technical, and/or industrial knowledge available to the Mohawk Defendants at all times relevant to the claims or causes of action asserted by Plaintiff.

## FORTY-FIRST DEFENSE

Plaintiffs' trespass claims are barred because PFAS molecules constitute "tangible" matter that will not support a trespass claim. *Babb v. Lee Cnty. Landfill SC, LLC*, 405 S.C. 129, 747 S.E.2d 468 480 (2013).

ELECTRONICALLY FILED - 2025 Jun 06 2:04 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

**FORTY-SECOND DEFENSE**

The Mohawk Defendants is entitled to all procedural, substantive, and other protections, caps, and limitations provided by applicable state statutes and other state laws regarding Plaintiff's claims for compensatory and punitive damages. The Mohawk Defendants specifically pleads the application of S.C. Code Ann. § 15-32-530 to this action.

**FORTY-THIRD DEFENSE**

The Complaint fails to state a claim upon which punitive damages may be awarded. Nor did the Mohawk Defendants engage in any conduct that would permit an award of punitive damages. And, any award of punitive damages would violate the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution, the excessive fines clause of the Eighth Amendment to the United States Constitution, and various articles and sections of the South Carolina Constitution.

**FORTY-FOURTH DEFENSE**

Plaintiff's claims may be barred, in whole or in part, by the political question and separation of powers doctrines because their claims implicate issues of statewide importance that are reserved for state regulation.

**FORTY-FIFTH DEFENSE**

Plaintiff's claims against the Mohawk Defendants may not arise out of the same transactions or occurrences as their claims against other defendants, as required for proper joinder of parties.

ELECTRONICALLY FILED - 2025 Jun 06 2:04 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

**FORTY-SIXTH DEFENSE**

To the extent Plaintiff seeks equitable relief, Plaintiff is not entitled to equitable relief because Plaintiff has an adequate remedy at law, if Plaintiff is entitled to any remedy, and the alleged harm is not irreparable.

**FORTY-SEVENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the free public services doctrine and by the municipal cost recovery doctrine.

**FORTY-EIGHTH DEFENSE**

Plaintiff's claims are barred to the extent that Plaintiff's alleged damages are speculative, uncertain, and hypothetical.

**FORTY-NINTH DEFENSE**

Plaintiff's damages, if any, may have been the direct and proximate result of facts and circumstances over which the Mohawk Defendants exercises no control.

**FIFTIETH DEFENSE**

Plaintiff's nuisance claims are barred, in whole or in part, because they lack the legal authority or standing to bring a nuisance claim under South Carolina law.

**FIFTY-FIRST DEFENSE**

Plaintiff's private nuisance claim is barred, in whole or in part, because the Mohawk Defendants did not unreasonably interfere with Plaintiff's ownership or possession of land.

**FIFTY-SECOND DEFENSE**

Plaintiff's nuisance claims against the Mohawk Defendants are barred by the doctrine of "coming to the nuisance," the prior nuisance doctrine, and/or the doctrine of consent.

ELECTRONICALLY FILED - 2025 Jun 06 2:04 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

### FIFTY-THIRD DEFENSE

Plaintiff's public nuisance claim fails because Plaintiff is not a private person bringing an action for damages to real or personal property.

### FIFTY-FOURTH DEFENSE

Plaintiff's public nuisance claim fails because Plaintiff fails to allege facts showing that the Mohawk Defendants controlled the instrumentality of the alleged nuisance.

### FIFTY-FIFTH DEFENSE

Plaintiff's public nuisance claim fails because Plaintiff failed to plead that it suffered a particular damage beyond that which the public has experienced.

### FIFTY-SIXTH DEFENSE

Plaintiff's trespass claim fails because the Mohawk Defendants did not interfere with Plaintiff's right to the exclusive, peaceable possession of its property.

### FIFTY-SEVENTH DEFENSE

Plaintiff's tort-based claims fail because the Mohawk Defendants do not owe Plaintiff a duty under governing law.

### FIFTY-EIGHTH DEFENSE

Plaintiff's tort-based claims fail because The Mohawk Defendants did not breach any duty allegedly owed to Plaintiff.

### FIFTY-NINTH DEFENSE

Plaintiffs' claims are or may be barred, in whole or in part, under applicable common law or statutory doctrines, including but not limited to avoidable consequences, voluntary exposure, assumption of risk, and open and obvious risk.

ELECTRONICALLY FILED - 2025 Jun 06 2:04 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

## SIXTIETH DEFENSE

Plaintiff's claims may be barred, in whole or in part, because the Mohawk Defendants complied at all relevant times with all applicable laws, including all legal and regulatory duties.

## SIXTY-FIRST DEFENSE

Plaintiff's claims may be barred, reduced, or limited pursuant to the applicable South Carolina statutory and common law regarding limitations of awards, caps on recovery, and setoffs.

## SIXTY-SECOND DEFENSE

Plaintiffs' claims against Defendants under the South Carolina Unfair Trade Practices Act are barred in whole or in part to the extent that the Act: (i) does not allow for recovery by any party who is not considered a "person" under S.C. Code Ann § 39-5-10(a) and (ii) does not govern conduct that did not occur in "trade and commerce." S.C. Code Ann. § 39-5-20(a).

## SIXTY-THIRD DEFENSE

To the extent Plaintiff seeks recovery of attorneys' fees and costs, Plaintiff is not entitled to any attorneys' fees or costs associated with this action because no statute or contract exists that would give Plaintiff the right to recover such fees or costs.

## SIXTY-FOURTH DEFENSE

The Mohawk Defendants adopts by reference any additional applicable defense pled by any other defendant not otherwise pled herein.

## RESERVATION OF RIGHTS

The Mohawk Defendants hereby reserve the right to amend this Answer, raise additional defenses as may be discovered during the course of this litigation and its continuing factual investigations, add cross-claims, or assert third-party claims pursuant to the provisions of the South Carolina Rules of Civil Procedure, the substantive law of South Carolina, and the inherent

ELECTRONICALLY FILED - 2025 Jun 06 2:04 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

authority of this Court to manage the procedural aspects of this litigation. Any allegation not expressly admitted in this Answer is denied.

WHEREFORE, having fully answered Plaintiff's Complaint, The Mohawk Defendants deny that Plaintiff is entitled to any of the relief requested in the Complaint, and respectfully prays for the dismissal of Plaintiff's Complaint with prejudice and for such other and further relief as this Court may deem just and proper.

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: s/ MERRITT G. ABNEY
Merritt G. Abney
SC Bar No. 71893
E-Mail: merritt.abney@nelsonmullins.com
Sarah Specter Powell
SC Bar No. 104261
E-Mail: sarah.powell@nelsonmullins.com
151 Meeting Street / Sixth Floor
Post Office Box 1806 (29402-1806)
Charleston, SC  29401-2239
(843) 853-5200

Wesley T. Moran
South Carolina Bar No. 102787
E-Mail: wes.moran@nelsonmullins.com
3751 Robert M. Grissom Parkway / Suite 300
Post Office Box 3939 (29578-3939)
Myrtle Beach, SC 29577-6412
(843) 448-3500

*Attorneys for Defendants Aladdin Manufacturing Corporation and Mohawk Industries, Inc.*

Charleston, South Carolina

June 6, 2025

ELECTRONICALLY FILED - 2025 Jun 09 2:29 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

**STATE OF SOUTH CAROLINA**

**COUNTY OF SPARTANBURG**

**WOODRUFF-ROEBUCK WATER DISTRICT,**

        **Plaintiff,**

        **v.**

**AFL TELECOIMMUNICATIONS, LLC,** *et al.,*

        **Defendant.**

**IN THE COURT OF COMMON PLEAS**

**FOR THE SEVENTH JUDICIAL CIRCUIT**

**No. 2024-CP-42-02480**

**ORDER GRANTING PRO HAC VICE ADMISSION OF STEPHEN MICHMERHUIZEN**

Having considered the Motion for Pro Hac Vice of Stephen Michmerhuizen, on behalf of

Defendant Starchem LLC, to admit Stephen Michmerhuizen of Coppedge & Michmerhuizen,

508 South Thornton Avenue, Dalton, Georgia 30720, *pro hac vice*, to appear on behalf of the

Defendant Starchem LLC in the above captioned matter and the Verified Application for

Admission *Pro Hac Vice* in support thereof, it is hereby

ORDERED that said motion is granted.

_____

Presiding Judge

ELECTRONICALLY FILED - 2025 Jun 09 2:29 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480



Spartanburg Common Pleas

**Case Caption:**    Woodruff-Roebuck Water District VS   Gti Chemical Solutions, Inc. ,
defendant, et al

**Case Number:**    2024CP4202480

**Type:**    Order/Pro Hac Vice

IT IS SO ORDERED.

S/GRACE GILCHRIST KNIE - 2760

Electronically signed on 2025-06-09 13:46:07    page 2 of 2

ELECTRONICALLY FILED - 2025 Jun 09 2:25 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF HORRY | FIFTEENTH JUDICIAL CIRCUIT |

| | |
|---|---|
| Grand Strand Water and Sewer Authority, | C.A. No.: 2024-CP-26-05523 |
| Plaintiff, | |
| v. | |
| Aladdin Manufacturing Corporation; Burlington Industries, Inc.; Delta Mills, Inc., its predecessors, successors, assigns, and/or responsible parties; Domtar Paper Company, LLC, PRET Textiles, Inc.; Fiber Industries, LLC; GFL Environmental USA, Inc.; J.P. Stevens & Company, Inc., its predecessors, successors, assigns, and/or responsible parties; Mohawk Industries, Inc.; Nan Ya Plastics Corporation, America; PRET Advanced Materials, LLC; Red Rock Disposal, LLC; and Waste Industries, LLC, | **DEFENDANT PRET ADVANCED MATERIALS, INC.'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT** |
| Defendants. | |

Defendant PRET Advanced Materials, LLC ("PRET"), denying each and every allegation not specifically admitted herein, hereby submits its Answer to Plaintiff Grand Strand Water and Sewer Authority's ("Plaintiff" or "GSWSA") Second Amended Complaint (the "Complaint").

## STATEMENT OF THE CASE[1]

1.      PRET denies each and every allegation in Paragraph 1.

2.      PRET denies each and every allegation in Paragraph 2.

3.      PRET lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint, and therefore denies them.

---

[1] The headers used in this Answer are for ease of reference and correspond to the headers set forth in Plaintiff's Second Amended Complaint.  They do not constitute an admission by PRET as to any allegation in the Second Amended Complaint.

1

ELECTRONICALLY FILED - 2025 Jun 09 2:25 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

4.	PRET denies each and every allegation in Paragraph 4.

5.	PRET denies each and every allegation in Paragraph 5.

6.	PRET denies each and every allegation in Paragraph 6.

7.	PRET denies each and every allegation in Paragraph 7.

## DISCLAIMER

8.	Paragraph 8 sets forth legal conclusions to which no response is required.  To the extent a response is required, PRET denies each and every allegation in Paragraph 8.

9.	The allegations in Paragraph 9 sets forth legal conclusions to which no response is required.  The allegations in Paragraph 9 are not directed at PRET and therefore do not require a response from PRET.  To the extent a response is required, PRET denies each and every allegation in Paragraph 9.

10.	Paragraph 10 sets forth legal conclusions to which no response is required.  To the extent a response is required, PRET denies each and every allegation in Paragraph 10.

11.	Paragraph 11 sets forth legal conclusions to which no response is required.  To the extent a response is required, PRET denies each and every allegation in Paragraph 11.

## JURISDICTION AND VENUE

12.	Paragraph 12 sets forth legal conclusions to which no response is required.  To the extent a response is required, PRET denies each and every allegation in Paragraph 12.

13.	Paragraph 13 sets forth legal conclusions to which no response is required.  To the extent a response is required, PRET denies each and every allegation in Paragraph 13.

14.	Paragraph 14 sets forth legal conclusions to which no response is required.  To the extent a response is required, PRET denies each and every allegation in Paragraph 14.

ELECTRONICALLY FILED - 2025 Jun 09 2:25 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

## PARTIES

**I.    Plaintiff**

15.    PRET lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint, and therefore denies them.

16.    PRET lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint, and therefore denies them.

17.    PRET lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint, and therefore denies them.

**II.    Defendants**

18.    The allegations in Paragraph 18 are not directed at PRET and therefore do not require a response from PRET.  To the extent a response is required, PRET states it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint, and therefore denies them.

19.    The allegations in Paragraph 19 are not directed at PRET and therefore do not require a response from PRET.  To the extent a response is required, PRET states it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint, and therefore denies them.

20.    The allegations in Paragraph 20 are not directed at PRET and therefore do not require a response from PRET.  To the extent a response is required, PRET states it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint, and therefore denies them.

21.    The allegations in Paragraph 21 are not directed at PRET and therefore do not require a response from PRET.  To the extent a response is required, PRET states it lacks

3

ELECTRONICALLY FILED - 2025 Jun 09 2:25 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint, and therefore denies them.

22.     The allegations in Paragraph 22 are not directed at PRET and therefore do not require a response from PRET.  To the extent a response is required, PRET states it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint, and therefore denies them.

23.     The allegations in Paragraph 23 are not directed at PRET and therefore do not require a response from PRET.  To the extent a response is required, PRET states it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint, and therefore denies them.

24.     The allegations in Paragraph 24 are not directed at PRET and therefore do not require a response from PRET.  To the extent a response is required, PRET states it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint, and therefore denies them.

25.     The allegations in Paragraph 25 are not directed at PRET and therefore do not require a response from PRET.  To the extent a response is required, PRET states it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint, and therefore denies them.

26.     In response to Paragraph 26 of the Complaint, PRET admits that it is a Delaware limited liability company that owns and operates a facility located at 520 Kingsburg Highway, Johnsonville, South Carolina 29555.  PRET denies the each and every remaining allegation in Paragraph 26 that is directed at PRET.  PRET states that the remaining allegations in Paragraph 26 are not directed at PRET and therefore do not require a response from PRET.  To the extent a

ELECTRONICALLY FILED - 2025 Jun 09 2:25 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

response is required, PRET states it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint, and therefore denies them.

## FACTUAL ALLEGATIONS

### I.    Background and Hazards of PFAS

27.    PRET lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 27 of the Complaint, and therefore denies them.

28.    PRET lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 28 of the Complaint, and therefore denies them.

29.    PRET lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 29 of the Complaint, and therefore denies them.

30.    PRET lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 30 of the Complaint, and therefore denies them.

31.    PRET lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 31 of the Complaint, and therefore denies them.

32.    PRET lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 32 of the Complaint, and therefore denies them.

33.    PRET lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 33 of the Complaint, and therefore denies them.

34.    PRET lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 34 of the Complaint, and therefore denies them.

35.    PRET lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 35 of the Complaint, and therefore denies them.

ELECTRONICALLY FILED - 2025 Jun 09 2:25 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

36.    In response to Paragraph 36 of the Complaint, PRET states that the publication referred to in Paragraph 36 speaks for itself and denies any mischaracterization of the same. To the extent any additional response is required, PRET denies the allegations in Paragraph 36.

37.    In response to Paragraph 37 of the Complaint, PRET states that the publication referred to in Paragraph 37 speaks for itself and denies any mischaracterization of the same. To the extent any additional response is required, PRET denies the allegations in Paragraph 37.

38.    In response to Paragraph 38 of the Complaint, PRET states that the publication referred to in Paragraph 38 speaks for itself and denies any mischaracterization of the same. To the extent any additional response is required, PRET denies the allegations in Paragraph 38.

39.    In response to Paragraph 39 of the Complaint, PRET states that the publication referred to in Paragraph 39 speaks for itself and denies any mischaracterization of the same. To the extent any additional response is required, PRET denies the allegations in Paragraph 39.

40.    In response to Paragraph 40 of the Complaint, PRET states that the publication referred to in Paragraph 40 speaks for itself and denies any mischaracterization of the same. To the extent any additional response is required, PRET denies the allegations in Paragraph 40.

41.    In response to Paragraph 41 of the Complaint, PRET states that the publication referred to in Paragraph 41 speaks for itself and denies any mischaracterization of the same. To the extent any additional response is required, PRET denies the allegations in Paragraph 41.

42.    In response to Paragraph 42 of the Complaint, PRET states that the publication referred to in Paragraph 42 speaks for itself and denies any mischaracterization of the same. To the extent any additional response is required, PRET denies the allegations in Paragraph 42.

ELECTRONICALLY FILED - 2025 Jun 09 2:25 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

43.    In response to Paragraph 43 of the Complaint, PRET states that the publication referred to in Paragraph 43 speaks for itself and denies any mischaracterization of the same. To the extent any additional response is required, PRET denies the allegations in Paragraph 43.

44.    In response to Paragraph 44 of the Complaint, PRET states that the publication referred to in Paragraph 44 speaks for itself and denies any mischaracterization of the same. To the extent any additional response is required, PRET denies the allegations in Paragraph 44.

45.    In response to Paragraph 45 of the Complaint, PRET states that the publication referred to in Paragraph 45 speaks for itself and denies any mischaracterization of the same. To the extent any additional response is required, PRET denies the allegations in Paragraph 45.

46.    Paragraph 46 sets forth legal conclusions to which no response is required. PRET also states that the publication referred to in Paragraph 46 speaks for itself and denies any mischaracterization of the same. To the extent any additional response is required, PRET denies the allegations in Paragraph 46.

47.    Paragraph 47 sets forth legal conclusions to which no response is required. PRET lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47, and therefore denies them.

## II.    Contamination of Bull Creek and the Intracoastal Waterway with PFAS

48.    Upon information and belief, Paragraph 48 of the Complaint is admitted.

49.    PRET lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 49 of the Complaint, and therefore denies them.

50.    PRET denies the allegations in Paragraph 50 of the Complaint as they relate to PRET. PRET lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 50, and therefore denies them.

7

ELECTRONICALLY FILED - 2025 Jun 09 2:25 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

51.     In response to Paragraph 51 of the Complaint, PRET admits only that it owns and operates a facility in Johnsonville, South Carolina.  PRET lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 51, and therefore denies them.  Further answering the allegations of Paragraph 51, PRET asserts that, at all times, it complied with government permits issued to it relating to wastewater.

52.     The allegations in Paragraph 52 are not directed at PRET and therefore do not require a response from PRET.  To the extent a response is required, PRET states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 52, and therefore denies them.

53.     In response to Paragraph 53 of the Complaint, PRET admits only that it owns and operates a facility in Johnsonville, South Carolina.  PRET lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 53, and therefore denies them.  Further answering the allegations of Paragraph 53, PRET asserts that, at all times, it complied with government permits issued to it relating to wastewater.

54.     The allegations in Paragraph 54 are not directed at PRET and therefore do not require a response from PRET.  To the extent a response is required, PRET states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 54, and therefore denies them.

55.     PRET denies each and every allegation in Paragraph 55 of the Complaint.

56.     PRET lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 56 of the Complaint, and therefore denies them.

57.     PRET lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 57 of the Complaint, and therefore denies them.

8

ELECTRONICALLY FILED - 2025 Jun 09 2:25 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

58.    PRET lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 58 of the Complaint, and therefore denies them.

59.    PRET denies each and every allegation in Paragraph 59 of the Complaint.

60.    PRET lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 60 of the Complaint, and therefore denies them.

61.    PRET denies the allegations in Paragraph 61 of the Complaint as they relate to PRET.  PRET lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 61, and therefore denies them.

62.    PRET denies each and every allegation in Paragraph 62 of the Complaint.

**III.    Defendants have harmed Plaintiff and Plaintiff's community.**

63.    PRET denies each and every allegation in Paragraph 63 of the Complaint.

64.    PRET denies each and every allegation in Paragraph 64 of the Complaint.

65.    PRET denies each and every allegation in Paragraph 65 of the Complaint.

66.    PRET denies each and every allegation in Paragraph 66 of the Complaint.

### FIRST CAUSE OF ACTION
### Private Nuisance

67.    PRET incorporates its responses to all prior allegations by reference as if fully set forth herein.

68.    PRET lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 68 of the Complaint, and therefore denies them.

69.    PRET lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 69 of the Complaint, and therefore denies them.

70.    PRET denies each and every allegation in Paragraph 70 of the Complaint.

71.    PRET denies each and every allegation in Paragraph 71 of the Complaint.

ELECTRONICALLY FILED - 2025 Jun 09 2:25 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

72.    PRET denies each and every allegation in Paragraph 72 of the Complaint.

73.    PRET denies each and every allegation in Paragraph 73 of the Complaint.

74.    PRET denies each and every allegation in Paragraph 74 of the Complaint.

75.    PRET denies each and every allegation in Paragraph 75 of the Complaint.

76.    PRET denies each and every allegation in Paragraph 76 of the Complaint.

77.    PRET denies each and every allegation in Paragraph 77 of the Complaint.

78.    PRET denies each and every allegation in Paragraph 78 of the Complaint.

### SECOND CAUSE OF ACTION
**Public Nuisance**

79.    PRET incorporates its responses to all prior allegations by reference as if fully set forth herein.

80.    PRET lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 80 of the Complaint, and therefore denies them.

81.    PRET lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 81 of the Complaint, and therefore denies them.

82.    Paragraph 82 sets forth legal conclusions to which no response is required.  To the extent a response is required, PRET denies each and every allegation in Paragraph 82.

83.    PRET denies each and every allegation in Paragraph 83 of the Complaint.

84.    PRET denies each and every allegation in Paragraph 84 of the Complaint.

85.    PRET denies each and every allegation in Paragraph 85 of the Complaint.

86.    PRET denies each and every allegation in Paragraph 86 of the Complaint.

87.    PRET denies each and every allegation in Paragraph 87 of the Complaint.

88.    PRET denies each and every allegation in Paragraph 88 of the Complaint.

89.    PRET denies each and every allegation in Paragraph 89 of the Complaint.

ELECTRONICALLY FILED - 2025 Jun 09 2:25 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

90.    PRET denies each and every allegation in Paragraph 90 of the Complaint.

## THIRD CAUSE OF ACTION
### Trespass

91.    PRET incorporates its responses to all prior allegations by reference as if fully set forth herein.

92.    PRET lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 92 of the Complaint, and therefore denies them.

93.    PRET denies each and every allegation in Paragraph 93 of the Complaint, including all subparts (a)-(d).

94.    The allegations in Paragraph 94 of the Complaint are not directed at PRET and therefore do not require a response from PRET.  To the extent a response is required, PRET lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 94 of the Complaint, including subparts (a), (b), (e), and (c), and therefore denies them.

95.    The allegations in Paragraph 95 of the Complaint are not directed at PRET and therefore do not require a response from PRET.  To the extent a response is required, PRET lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 95 of the Complaint, including subparts (a)-(c), and therefore denies them.

96.    PRET denies each and every allegation in Paragraph 96 of the Complaint.

97.    PRET denies each and every allegation in Paragraph 97 of the Complaint.

98.    PRET denies each and every allegation in Paragraph 98 of the Complaint.

99.    PRET denies each and every allegation in Paragraph 99 of the Complaint.

100.    PRET denies each and every allegation in Paragraph 100 of the Complaint.

101.    PRET denies each and every allegation in Paragraph 101 of the Complaint.

11

ELECTRONICALLY FILED - 2025 Jun 09 2:25 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

**FOURTH CAUSE OF ACTION**
**Negligence, Gross Negligence, and/or Recklessness**

102.    PRET incorporates its responses to all prior allegations by reference as if fully set forth herein.

103.    Paragraph 103 of the Complaint sets forth legal conclusions to which no response is required.  PRET denies each and every allegation in Paragraph 103 of the Complaint.

104.    PRET denies each and every allegation in Paragraph 104 of the Complaint.

105.    PRET denies each and every allegation in Paragraph 105 of the Complaint.

106.    The allegations in Paragraph 106 are not directed at PRET and therefore do not require a response from PRET.  To the extent a response is required, PRET states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 106, and therefore denies them.

107.    The allegations in Paragraph 107 are not directed at PRET and therefore do not require a response from PRET.  To the extent a response is required, PRET states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 107, and therefore denies them.

108.    The allegations in Paragraph 108 are not directed at PRET and therefore do not require a response from PRET.  To the extent a response is required, PRET states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 108, and therefore denies them.

109.    The allegations in Paragraph 109 are not directed at PRET and therefore do not require a response from PRET.  To the extent a response is required, PRET states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 109, and therefore denies them.

12

ELECTRONICALLY FILED - 2025 Jun 09 2:25 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

110.   PRET denies each and every allegation in Paragraph 110 of the Complaint

111.   PRET denies each and every allegation in Paragraph 111 of the Complaint

## FIFTH CAUSE OF ACTION
### Strict Products Liability – Ultrahazardous Activity
### (Burlington)

112.   PRET incorporates its responses to all prior allegations by reference as if fully set forth herein.

113.   The allegations in Paragraph 113 are not directed at PRET and therefore do not require a response from PRET.  To the extent a response is required, PRET states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 113, and therefore denies them.

114.   The allegations in Paragraph 114 are not directed at PRET and therefore do not require a response from PRET.  To the extent a response is required, PRET states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 114, and therefore denies them.

115.   The allegations in Paragraph 115 are not directed at PRET and therefore do not require a response from PRET.  To the extent a response is required, PRET states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 115, and therefore denies them.

116.   The allegations in Paragraph 116 are not directed at PRET and therefore do not require a response from PRET.  To the extent a response is required, PRET states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 116, and therefore denies them.

ELECTRONICALLY FILED - 2025 Jun 09 2:25 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

117.    The allegations in Paragraph 117 are not directed at PRET and therefore do not require a response from PRET.  To the extent a response is required, PRET states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 117, and therefore denies them.

118.    The allegations in Paragraph 118 are not directed at PRET and therefore do not require a response from PRET.  To the extent a response is required, PRET states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 118, and therefore denies them.

119.    The allegations in Paragraph 119 are not directed at PRET and therefore do not require a response from PRET.  To the extent a response is required, PRET states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 119, and therefore denies them.

120.    The allegations in Paragraph 120 are not directed at PRET and therefore do not require a response from PRET.  To the extent a response is required, PRET states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 120, and therefore denies them.

**SIXTH CAUSE OF ACTION**
**Strict Products Liability – Design Defect**
**(Burlington)**

121.    PRET incorporates its responses to all prior allegations by reference as if fully set forth herein.

122.    The allegations in Paragraph 122 are not directed at PRET and therefore do not require a response from PRET.  To the extent a response is required, PRET states that it lacks

14

ELECTRONICALLY FILED - 2025 Jun 09 2:25 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 122, and therefore denies them.

123. The allegations in Paragraph 123 are not directed at PRET and therefore do not require a response from PRET. To the extent a response is required, PRET states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 123, and therefore denies them.

124. The allegations in Paragraph 124 are not directed at PRET and therefore do not require a response from PRET. To the extent a response is required, PRET states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 124, and therefore denies them.

125. The allegations in Paragraph 125 are not directed at PRET and therefore do not require a response from PRET. To the extent a response is required, PRET states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 125, and therefore denies them.

126. The allegations in Paragraph 126 are not directed at PRET and therefore do not require a response from PRET. To the extent a response is required, PRET states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 126, and therefore denies them.

127. The allegations in Paragraph 127, including all subparts, are not directed at PRET and therefore do not require a response from PRET. To the extent a response is required, PRET states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 127, including all subparts (a)-(f), and therefore denies them.

ELECTRONICALLY FILED - 2025 Jun 09 2:25 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

128.   The allegations in Paragraph 128 are not directed at PRET and therefore do not require a response from PRET.  To the extent a response is required, PRET states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 128, and therefore denies them.

129.   The allegations in Paragraph 129 are not directed at PRET and therefore do not require a response from PRET.  To the extent a response is required, PRET states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 129, and therefore denies them.

130.   The allegations in Paragraph 130 are not directed at PRET and therefore do not require a response from PRET.  To the extent a response is required, PRET states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 130, and therefore denies them.

131.   The allegations in Paragraph 131 are not directed at PRET and therefore do not require a response from PRET.  To the extent a response is required, PRET states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 131, and therefore denies them.

132.   The allegations in Paragraph 132 are not directed at PRET and therefore do not require a response from PRET.  To the extent a response is required, PRET states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 132, and therefore denies them.

ELECTRONICALLY FILED - 2025 Jun 09 2:25 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

## SEVENTH CAUSE OF ACTION

### Strict Products Liability – Failure to Warn
### (Burlington)

133.    PRET incorporates its responses to all prior allegations by reference as if fully set forth herein.

134.    The allegations in Paragraph 134 are not directed at PRET and therefore do not require a response from PRET.  To the extent a response is required, PRET states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 134, and therefore denies them.

135.    The allegations in Paragraph 135 are not directed at PRET and therefore do not require a response from PRET.  To the extent a response is required, PRET states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 135, and therefore denies them.

136.    The allegations in Paragraph 136 are not directed at PRET and therefore do not require a response from PRET.  To the extent a response is required, PRET states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 136, and therefore denies them.

137.    The allegations in Paragraph 137 are not directed at PRET and therefore do not require a response from PRET.  To the extent a response is required, PRET states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 137, and therefore denies them.

138.    The allegations in Paragraph 138 are not directed at PRET and therefore do not require a response from PRET.  To the extent a response is required, PRET states that it lacks

17

ELECTRONICALLY FILED - 2025 Jun 09 2:25 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 138, and therefore denies them.

139. The allegations in Paragraph 139 are not directed at PRET and therefore do not require a response from PRET. To the extent a response is required, PRET states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 139, and therefore denies them.

140. The allegations in Paragraph 140 are not directed at PRET and therefore do not require a response from PRET. To the extent a response is required, PRET states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 140, and therefore denies them.

141. The allegations in Paragraph 141 are not directed at PRET and therefore do not require a response from PRET. To the extent a response is required, PRET states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 141, and therefore denies them.

**EIGHTH CAUSE OF ACTION**
**Breach of Implied Warranties**
**(Burlington)**

142. PRET incorporates its responses to all prior allegations by reference as if fully set forth herein.

143. The allegations in Paragraph 143 are not directed at PRET and therefore do not require a response from PRET. To the extent a response is required, PRET states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 143, and therefore denies them.

ELECTRONICALLY FILED - 2025 Jun 09 2:25 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

144.    The allegations in Paragraph 144 are not directed at PRET and therefore do not require a response from PRET.  To the extent a response is required, PRET states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 144, and therefore denies them.

145.    The allegations in Paragraph 145 are not directed at PRET and therefore do not require a response from PRET.  To the extent a response is required, PRET states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 145, and therefore denies them.

146.    The allegations in Paragraph 146 are not directed at PRET and therefore do not require a response from PRET.  To the extent a response is required, PRET states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 146, and therefore denies them.

147.    The allegations in Paragraph 147 are not directed at PRET and therefore do not require a response from PRET.  To the extent a response is required, PRET states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 147, and therefore denies them.

148.    The allegations in Paragraph 148 are not directed at PRET and therefore do not require a response from PRET.  To the extent a response is required, PRET states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 148, and therefore denies them.

**PRAYER FOR RELIEF**

In response to the WHEREFORE Paragraph that follows Paragraph 148 of the Complaint, PRET denies any liability and further denies that Plaintiff is entitled to any of the relief sought in

19

ELECTRONICALLY FILED - 2025 Jun 09 2:25 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

this Paragraph, including subparts (a) through (e).

## ADDITIONAL DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff or another third party, PRET further pleads the following additional defenses to all the individual claims alleged in the Complaint. All of the following defenses are pled in the alternative and none of them constitute an admission that PRET is liable to Plaintiff or any third party, that Plaintiff or any third party has been or will be injured or damaged in any way, or that Plaintiff or any third party is entitled to any relief whatsoever.

## FIRST DEFENSE

The Complaint, and each cause of action or count alleged therein, fails to state facts sufficient to constitute a claim upon which relief may be granted against PRET.

## SECOND DEFENSE

The Complaint, and each alleged claim contained therein, is barred, in whole or in part, by the applicable statutes of limitations and/or repose.

## THIRD DEFENSE

The Complaint, and each alleged claim contained therein, fails to join necessary and indispensable parties.

## FOURTH DEFENSE

The Complaint, and each alleged claim contained therein, is barred, in whole or in part, by the doctrine of laches, waiver, res judicata, estoppel collateral, estoppel, ratification, and unclean hands.

20

ELECTRONICALLY FILED - 2025 Jun 09 2:25 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

## FIFTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, because Plaintiff is not the real party in interest.

## SIXTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, to the extent Plaintiff has failed to exhaust administrative remedies.

## SEVENTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the doctrine of election of remedies.

## EIGHTH DEFENSE

Pursuant to the South Carolina Contribution Among Tortfeasors Act, S.C. Code Ann. § 15-38-10, et seq., any damages recoverable from PRET should be limited to the percentage of the relative degree of fault of PRET as compared with other parties to this action, if any, as well as other persons or entities not presently before this Court.

## NINTH DEFENSE

Any injuries and/or damages alleged by Plaintiff were caused or contributed to by the negligence or actual conduct of other persons, firms, corporations, or entities over whom PRET had no control or right of control and for whom PRET is not responsible.

## TENTH DEFENSE

Any injuries and/or damages alleged by Plaintiff are barred by the doctrines of intervening cause and/or superseding cause.

ELECTRONICALLY FILED - 2025 Jun 09 2:25 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

**ELEVENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because none of the alleged acts or omissions of Defendants proximately caused the purported injuries and damages allegedly sustained by Plaintiff.

**TWELFTH DEFENSE**

Plaintiff's claims are not ripe for adjudication and should be dismissed for presenting a contingent, hypothetical, or abstract dispute. Plaintiff alleges that it will be required to incur costs at some future date if the United States Environmental Protection Agency requires plaintiff to upgrade its systems to treat PFAS. Until these costs are incurred, Plaintiff cannot recover.

Plaintiff's claims are premature to the extent that neither the State nor the United States Environmental Protection Agency has set final water quality standards, maximum contaminant levels, acceptable soil cleanup levels, or other regulatory standards that are necessary to evaluate whether natural resources have been injured.

**THIRTEENTH DEFENSE**

Plaintiff's claims are or may be barred, in whole or in part, because any alleged levels of contamination did not exceed any applicable laws or binding regulatory standards at the relevant times.

**FOURTEENTH DEFENSE**

Plaintiff's claims are or may be barred, in whole or in part, because federal, state, and/or local authorities authorized, ratified, or were aware of and acquiesced in actions by Defendants that are the subject of Plaintiff's claims. Defendants are not responsible or liable for any acts or omissions undertaken by or at the direction of any governmental authority or agency.

22

ELECTRONICALLY FILED - 2025 Jun 09 2:25 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

**FIFTEENTH DEFENSE**

Plaintiff's claims are barred to the extent the "permit shield" doctrine and "federally permitted release" defense applies because any leachate was discharged pursuant to lawful permits.

**SIXTEENTH DEFENSE**

Plaintiff's claims are or may be barred, in whole or in part, by the doctrine of primary jurisdiction.

**SEVENTEENTH DEFENSE**

Plaintiff's claims may be barred, in whole or in part, under the doctrines of contributory negligence and/or comparative fault, and/or other applicable common law or statutory doctrines.

**EIGHTEENTH DEFENSE**

Plaintiff's claims may be barred, in whole or in part, because PRET's actions were in conformity with (i) any federal, state or other regulations, standards, guidelines, specifications, and laws in effect; (ii) available knowledge and research of the scientific and industrial communities; (iii) generally recognized and prevailing industry standards; and (iv) state of the art in existence at the time the design was prepared and the products were manufactured, handled, sold, distributed, and/or used.

**NINETEENTH DEFENSE**

Any product manufactured, handled, designed, sold, distributed, or used by PRET and alleged to have caused harm to Plaintiff was, at the time, safer than any reasonable or feasible alternative designs, and any alternative designs would have been less safe, more likely to have caused injury or otherwise not feasible for their intended use.

23

ELECTRONICALLY FILED - 2025 Jun 09 2:25 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

## TWENTIETH DEFENSE

Plaintiff's claims may be barred, in whole or in part, because federal, state, and/or local authorities, departments and/or agencies authorized, ratified, or were aware of and acquiesced to actions taken by PRET that are the subject of Plaintiff's claims. PRET is not responsible or liable for any acts or omissions undertaken by or at the direction of any governmental authority, department or agency.

## TWENTY-FIRST DEFENSE

Plaintiff's claims may be barred, in whole or in part, under the doctrine of Federal Preemption, including, without limitation, express preemption, implied conflict preemption, and field preemption, pursuant to any applicable statutes, regulations, guidance documents, notices, military specification, and policy statements, enacted and/or promulgated and/or issues by Congress, federal agencies, or the executive branch.

## TWENTY-SECOND DEFENSE

PRET asserts its rights to allocation, setoff or apportionment of fault pursuant to applicable law, as well as its rights to a proportionate reduction of any damages found against PRET based on the negligence, omissions or other conduct of any settling tortfeasor and/or responsible third party and/or Plaintiff.

## TWENTY-THIRD DEFENSE

An award of judgment rendered in favor of Plaintiff must be reduced by the amount of compensation Plaintiff received, or is entitled to receive, from any source as a result of Plaintiff's alleged injuries.

## TWENTY-FOURTH DEFENSE

Plaintiff may have failed or refused to exercise reasonable care and diligence to avoid loss

24

ELECTRONICALLY FILED - 2025 Jun 09 2:25 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

and minimize damages and, therefore, may not recover for losses that could have been prevented by reasonable efforts on Plaintiff's part, or by expenditures which might reasonably have been made. Recovery, if any, should therefore be reduced by Plaintiff's failure to mitigate damages, if any

**TWENTY-FIFTH DEFENSE**

PRET and its agents and/or employees acted with due care and otherwise conducted themselves at all relevant times as reasonable people and/or entities under the circumstances.

**TWENTY-SIXTH DEFENSE**

PRET has satisfied, fulfilled and performed each and every obligation and duty imposed by law, if any, to the full extent of its responsibility.

**TWENTY-SEVENTH DEFENSE**

Any alleged injury, damage or loss sustained by Plaintiff in connection with the subject matter of this action was not reasonably foreseeable to PRET

**TWENTY-EIGHTH DEFENSE**

Plaintiff's claims fail as a matter of substantive law and violate the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution and the South Carolina Constitution to the extent that by relying on market share or other aggregate proof of causation or liability, Plaintiff seeks to deprive PRET of procedural and substantive safeguards including, but not limited to, statutory and common law defenses to liability and causation generally.

**TWENTY-NINTH DEFENSE**

Plaintiff's claims may be barred for lack of proximate causation between any alleged act, omission, or product of PRET and the claims, damages, and harm alleged in Plaintiff's Complaint.

ELECTRONICALLY FILED - 2025 Jun 09 2:25 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

## THIRTIETH DEFENSE

Plaintiff's claims against PRET are barred by the economic loss rule.

## THIRTY-FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff cannot prove that its alleged injuries were caused by exposure to PFAS allegedly contained in any product(s) manufactured, handled, distributed, used, or sold by PRET.

## THIRTY-SECOND DEFENSE

PRET affirmatively asserts as a defense, credit, or set-off against the damages claimed by Plaintiff, any payment, voluntary payment, or settlement (and any monies paid pursuant thereto) between Plaintiff and any other person or entity. PRET also asserts the affirmative defenses of satisfaction, payment, and release.

## THIRTY-THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff cannot establish that Plaintiff was exposed to a sufficient concentration or amount of PFAS, and/or for a sufficient duration, that has been reliably established, through scientific means, to be capable of causing Plaintiff's alleged injuries.

## THIRTY-FOURTH DEFENSE

To the extent that Plaintiff has split its claims, Plaintiff's claims are barred in whole, or in part, by the doctrine prohibiting claim splitting.

## THIRTY-FIFTH DEFENSE

Plaintiff's purported exposure to products manufactured, handled, distributed, used or sold by PRET, if any, was too removed, indefinite, de minimis and insufficient to establish a reasonable degree of probability that any such product caused any alleged injury, damage or loss to Plaintiff.

26

ELECTRONICALLY FILED - 2025 Jun 09 2:25 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

**THIRTY-SIXTH DEFENSE**

PRET cannot be held jointly and severally liable for the acts or omissions of third parties or other parties because their acts or omissions were separate and distinct and the alleged harm is divisible from and greater than any harm allegedly caused by acts, omissions, or products of PRET.

**THIRTY-SEVENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff seeks to retroactively impose liability for conduct that was not actionable at the time it occurred, and PRET may not be held liable under retroactive theories not requiring proof or fault or causation.

**THIRTY-EIGHTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because PRET neither knew, nor should have known, that any of the chemicals or substances to which Plaintiff was allegedly exposed were hazardous or constituted a reasonable or foreseeable risk of physical harm by virtue of the prevailing state of medical, scientific, technical, and/or industrial knowledge available to PRET at all times relevant to the claims or causes of action asserted by Plaintiff.

**THIRTY-NINTH DEFENSE**

Plaintiff's trespass claims are barred because PFAS molecules constitute "tangible" matter that will not support a trespass claim. *Babb v. Lee Cnty. Landfill SC, LLC*, 405 S.C. 129, 747 S.E.2d 468 480 (2013).

**FOURTIETH DEFENSE**

PRET is entitled to all procedural, substantive, and other protections, caps, and limitations provided by applicable state statutes and other state laws regarding Plaintiff's claims for compensatory and punitive damages. PRET specifically pleads the application of S.C. Code Ann. § 15-32-530 to this action.

27

ELECTRONICALLY FILED - 2025 Jun 09 2:25 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

## FORTY-FIRST DEFENSE

The Complaint fails to state a claim upon which punitive damages may be awarded.  Nor did PRET engage in any conduct that would permit an award of punitive damages. And, any award of punitive damages would violate the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution, the excessive fines clause of the Eighth Amendment to the United States Constitution, and various articles and sections of the South Carolina Constitution.

## FORTY-SECOND DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the political question and separation of powers doctrines because their claims implicate issues of statewide importance that are reserved for state regulation.

## FORTY-THIRD DEFENSE

Plaintiff's claims against PRET may not arise out of the same transactions or occurrences as their claims against other defendants, as required for proper joinder of parties.

## FORTY-FOURTH DEFENSE

To the extent Plaintiff seeks equitable relief, Plaintiff is not entitled to equitable relief because Plaintiff has an adequate remedy at law, if Plaintiff is entitled to any remedy, and the alleged harm is not irreparable.

## FORTY-FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the free public services doctrine and by the municipal cost recovery doctrine.

ELECTRONICALLY FILED - 2025 Jun 09 2:25 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

**FORTY-SIXTH DEFENSE**

Plaintiff's claims are barred to the extent that Plaintiff's alleged damages are speculative, uncertain, and hypothetical.

**FORTY-SEVENTH DEFENSE**

Plaintiff's damages, if any, may have been the direct and proximate result of facts and circumstances over which PRET exercises no control.

**FORTY-EIGHTH DEFENSE**

Plaintiff's nuisance claims are barred, in whole or in part, because they lack the legal authority or standing to bring a nuisance claim under South Carolina law.

**FORTY-NINTH DEFENSE**

Plaintiff's private nuisance claim is barred, in whole or in part, because PRET did not unreasonably interfere with Plaintiff's ownership or possession of land.

**FIFTIETH DEFENSE**

Plaintiff's nuisance claims against PRET are barred by the doctrine of "coming to the nuisance," the prior nuisance doctrine, and/or the doctrine of consent.

**FIFTY-FIRST DEFENSE**

Plaintiff's public nuisance claim fails because Plaintiff is not a private person bringing an action for damages to real or personal property.

**FIFTY-SECOND DEFENSE**

Plaintiff's public nuisance claim fails because Plaintiff failed to plead that it suffered a particular damage beyond that which the public has experienced.

ELECTRONICALLY FILED - 2025 Jun 09 2:25 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

**FIFTY-THIRD DEFENSE**

Plaintiff's trespass claim fails because PRET did not interfere with Plaintiff's right to the exclusive, peaceable possession of its property.

**FIFTY-FOURTH DEFENSE**

Plaintiff's tort-based claims fail because PRET does not owe Plaintiff a duty under governing law.

**FIFTY-FIFTH DEFENSE**

Plaintiff's tort-based claims fail because PRET did not breach any duty allegedly owed to Plaintiff.

**FIFTY-SIXTH DEFENSE**

Plaintiff's claims are or may be barred, in whole or in part, under applicable common law or statutory doctrines, including but not limited to avoidable consequences, voluntary exposure, assumption of risk, and open and obvious risk.

**FIFTY-SIXTH DEFENSE**

Plaintiff's claims may be barred, in whole or in part, because PRET complied at all relevant times with all applicable laws, including all legal and regulatory duties.

**FIFTY-SEVENTH DEFENSE**

Plaintiff's claims may be barred, reduced, or limited pursuant to the applicable South Carolina statutory and common law regarding limitations of awards, caps on recovery, and setoffs.

**FIFTY-EIGHTH DEFENSE**

To the extent Plaintiff seeks recovery of attorneys' fees and costs, Plaintiff is not entitled to any attorneys' fees or costs associated with this action because no statute or contract exists that would give Plaintiff the right to recover such fees or costs.

30

ELECTRONICALLY FILED - 2025 Jun 09 2:25 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

**FIFTY-NINTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because PRET did not own, operate, or otherwise control the facilities or activities described in the Complaint at the time that PFAS is alleged to have migrated out of those facilities.

**SIXTIETH DEFENSE**

PRET adopts by reference any additional applicable defense pled by any other defendant not otherwise pled herein.

**RESERVATION OF RIGHTS**

PRET hereby reserves the right to amend this Answer, raise additional defenses as may be discovered during the course of this litigation and its continuing factual investigations, add cross-claims, or assert third-party claims pursuant to the provisions of the South Carolina Rules of Civil Procedure, the substantive law of South Carolina, and the inherent authority of this Court to manage the procedural aspects of this litigation. Any allegation not expressly admitted in this Answer is denied.

WHEREFORE, having fully answered Plaintiff's Complaint, PRET Advanced Materials, LLC denies that Plaintiff is entitled to any of the relief requested in the Second Amended Complaint, and respectfully prays for the dismissal of Plaintiff's Second Amended Complaint with prejudice and for such other and further relief as this Court may deem just and proper.

[*Signature Block on Following Page*]

31

ELECTRONICALLY FILED - 2025 Jun 09 2:25 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

Respectfully submitted,

**HAYNSWORTH SINKLER BOYD, P.A.**

By: s/ Robert Y. Knowlton
Robert Y. Knowlton, S.C. Bar No. 3589
John P. Boyd, S.C. Bar No. 72412
1201 Main Street, 22nd Floor (29201)
Post Office Box 11889
Columbia, SC 29211-1889
(803) 779-3080
bknowlton@hsblawfirm.com
jboyd@hsblawfirm.com

Frank T. Davis, S.C. Bar No. 66291
Jonathan D. Klett, S.C. Bar. 103208
One North Main, 2nd Floor
(864)240-3211
fdavis@hsblawfirm.com
jklett@hsblawfirm.com

*Attorneys for Defendant PRET Advanced Materials, LLC*

June 9, 2025

32

ELECTRONICALLY FILED - 2025 Jun 11 4:39 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF SPARTANBURG | FOR THE SEVENTH JUDICIAL CIRCUIT |

Woodruff-Roebuck Water District,

Plaintiff,

v.

AFL Telecommunications, LLC et al.,

Defendants.

Civil Action No. 2024-CP-42-02480

**STIPULATION OF DISMISSAL
WITHOUT PREJUDICE**

Pursuant to Rule 41(a)(1)(B) of the South Carolina Rules of Civil Procedure, Plaintiff, Woodruff-Roebuck Water District, and Defendant Roebuck Disposal, LLC ("RD"), each through their undersigned counsel, hereby submit this joint stipulation of dismissal, without prejudice, as to Defendant RD, which shall bear its own attorney's fees and costs. Plaintiff's claims against the remaining Defendants are unaffected by this filing.

And it is so stipulated.

Respectfully submitted,

| | |
|---|---|
| */s/ John B. White, Jr.* | */s/ Thomas M. Shelley, III* |
| John B. White, Jr. (S.C. Bar No. 2465) | Thomas M. Shelley, III (S.C. Bar No. 7067) |
| Marghretta H. Shisko (S.C. Bar No. 100106) | Rogers Townsend LLC |
| Christopher R. Jones (S.C. Bar No. 101265) | P.O. Box 100200 |
| John B. White, Jr., P.A. | 1221 Main St., 14th Floor |
| 291 S. Pine Street (29302) | Columbia, SC 29202 |
| P.O. Box 2465 | (803) 771-7900 |
| Spartanburg, SC 29304 | roy.shelley@rogerstownsend.com |
| (864) 594-5988 | |
| jwhite@johnbwhitelaw.com | *Attorney for Defendant Roebuck Disposal,* |
| mshisko@johnbwhitelaw.com | *LLC* |
| cjones@johnbwhitelaw.com | |

*Attorneys for Plaintiff*

June 11, 2025

1

ELECTRONICALLY FILED - 2025 Jun 11 4:39 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF SPARTANBURG | FOR THE SEVENTH JUDICIAL CIRCUIT |

Woodruff-Roebuck Water District,

Plaintiff,

v.

AFL Telecommunications, LLC et al.,

Defendants.

Civil Action No. 2024-CP-42-02480

**STIPULATION OF DISMISSAL WITHOUT PREJUDICE**

Pursuant to Rule 41(a)(1)(B) of the South Carolina Rules of Civil Procedure, Plaintiff, Woodruff-Roebuck Water District, and Defendant Roebuck Disposal, LLC ("RD"), each through their undersigned counsel, hereby submit this joint stipulation of dismissal, without prejudice, as to Defendant RD, which shall bear its own attorney's fees and costs. Plaintiff's claims against the remaining Defendants are unaffected by this filing.

And it is so stipulated.

Respectfully submitted,

 /s/ John B. White, Jr.
John B. White, Jr. (S.C. Bar No. 2465)
Marghretta H. Shisko (S.C. Bar No. 100106)
Christopher R. Jones (S.C. Bar No. 101265)
John B. White, Jr., P.A.
291 S. Pine Street (29302)
P.O. Box 2465
Spartanburg, SC 29304
(864) 594-5988
jwhite@johnbwhitelaw.com
mshisko@johnbwhitelaw.com
cjones@johnbwhitelaw.com

*Attorneys for Plaintiff*

June 11, 2025

 /s/ Thomas M. Shelley, III
Thomas M. Shelley, III (S.C. Bar No. 7067)
Rogers Townsend LLC
P.O. Box 100200
1221 Main St., 14th Floor
Columbia, SC 29202
(803) 771-7900
roy.shelley@rogerstownsend.com

*Attorney for Defendant Roebuck Disposal, LLC*

1

ELECTRONICALLY FILED - 2025 Jun 13 10:25 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF SPARTANBURG | IN THE COURT OF COMMON PLEAS<br>SEVENTH JUDICIAL CIRCUIT |

IN RE:
PFAS LITIGATION COORDINATED DOCKET

_____

Woodruff-Roebuck Water District,

       *Plaintiff*,

   v.

AFL Telecommunications, LLC; Cryovac, Inc.;
Cryovac, LLC; GTI Chemical Solutions, Inc.; GTI
Chemical Solutions, LLC; M. Lowenstein
Corporation; MOCOM Compounds Corporation;
Plastic Omnium Auto Exteriors, LLC; Roebuck
Disposal, LLC; Springs Industries, Inc.; Starchem,
LLC; Synthomer USA, LLC; Toray Composite
Materials America, Inc.; and Waste Management of
South Carolina, Inc.,

       *Defendants*.

C.A. No. 2024-CP-42-02480

## PLAINTIFF'S NOTICE OF MOTION AND
## MOTION FOR LEAVE TO AMEND

Please take notice that Plaintiff, Woodruff-Roebuck Water District ("Plaintiff"), moves for

leave of Court, pursuant to Rule 15(a) of the South Carolina Rules of Civil Procedure, to amend

Plaintiff's pleading in the above-captioned action. Simultaneously with the filing of this Motion,

Plaintiff is filing Plaintiff's proposed Second Amended Summons and Complaint. Plaintiff seeks

leave of Court to amend the summons and complaint in this matter to:

1. Remove Defendants Springs Industries, Inc. ("SII") and M. Lowenstein Corporation

   ("Lowenstein") as parties and substitute Defendant Springs Industries, LLC in their place;

ELECTRONICALLY FILED - 2025 Jun 13 10:25 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

2. Remove Defendants Roebuck Disposal, LLC ("RD") and Synthomer USA, LLC ("Synthomer") as parties and the allegations against them from the summons and complaint because Plaintiff has dismissed those defendants from the lawsuit without prejudice[1];

3. Add certain PFAS manufacturers/suppliers and dischargers as defendants in this action and add allegations related to those defendants; and

4. Make minor edits to the existing factual allegations asserted in the amended complaint, filed July 8, 2024.

Plaintiff filed the summons and complaint on June 18, 2024, but the case was removed to federal court on August 26, 2024, and it was just recently remanded and reinstated in state court on June 6, 2025. *See Limehouse v. Hulsey*, 404 S.C. 93, 105, 744 S.E.2d 566, 573 (2013) (observing that removal proceedings involve "a 'suspension' of the state court's jurisdiction"). Before filing this motion, Plaintiff sought the currently named defendants' written consent to amend pursuant to Rule 15(a), SCRCP, and provided them with a copy of Plaintiff's proposed Second Amended Summons and Complaint and a proposed order granting the motion. As of the date of this motion, none of the currently named defendants have objected or expressed any opposition to the proposed amendment. Defendants Lowenstein, SSI, RD, and Synthomer consent, and the following defendants have responded that they do not object or take a position on Plaintiff's proposed amendment: AFL Telecommunications, LLC ("AFL"); Cryovac, Inc. and Cyrovac, LLC (collectively, "Cryovac"); Plastic Omnium Auto Exteriors, LLC ("Plastic Omnium"); and Starchem, LLC ("Starchem"). While the remaining defendants—GTI Chemical Solutions, Inc. and GTI Chemical Solutions, LLC (collectively, "GTI"); MOCOM Compounds Corporation

---

[1] Plaintiff and Defendant Roebuck Disposal, LLC filed a Joint Stipulation of Dismissal without Prejudice on June 11, 2025, and Plaintiff and Defendant Synthomer USA, LLC likewise filed a Joint Stipulation of Dismissal without Prejudice on June 11, 2025.

2

("MOCOM"); Toray Composite Materials America, Inc. ("Toray"); and Waste Management of South Carolina, Inc. ("WMSC")—have not responded, Plaintiff understands that all currently named defendants do not oppose this motion or object to the proposed amendment or the entry of a proposed order permitting the amendment and extending their time to respond.

Where, as here, a party seeks leave of court to amend a pleading, the South Carolina Rules of Civil Procedure state that "leave shall be freely given when justice so requires and does not prejudice any other party." Rule 15(a), SCRCP. "This rule strongly favors amendments and the court is encouraged to freely grant leave to amend." *Parker v. Spartanburg Sanitary Sewer Dist.*, 362 S.C. 276, 286, 607 S.E.2d 711, 717 (Ct. App. 2005). South Carolina's Rule 15(a) "is substantially the same as the Federal Rule, . . . and the Supreme Court of the United States has referred to the Rule's 'freely given' provision as a 'mandate' that 'is to be heeded.'" *Patton v. Miller*, 420 S.C. 471, 490, 804 S.E.2d 252, 262 (2017) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The party opposing a motion for leave to amend has the burden to establish prejudice—i.e., "a lack of notice that the new issue is to be tried and a lack of opportunity to refute it." *Stanley v. Kirkpatrick*, 357 S.C. 169, 175, 592 S.E.2d 296, 2986 (2004); *see also Health Promotion Specialists, LLC v. S.C. Bd. of Dentistry*, 403 S.C. 623, 632, 743 S.E.2d 808, 812 (2013) ("A motion to amend is within the sound discretion of the trial judge and the opposing party has the burden of establishing prejudice.").

Granting Plaintiff leave to amend to add claims against new parties and to update the complaint's factual allegations is consistent with the goal of having cases be decided on their merits. *See Patton*, 420 S.C. at 492–93, 804 S.E.2d at 263; *cf. Yelsen Land Co. v. State*, 397 S.C. 15, 20, 723 S.E.2d 592, 595 (2012) (noting that the plaintiff was allowed to amend the complaint to add a defendant). Additionally, no party has articulated any objection to Plaintiff's proposed

ELECTRONICALLY FILED - 2025 Jun 13 10:25 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

amendment or any reason for denying Plaintiff's proposed amendment (much less established prejudice), and there is no "bad faith, undue delay, or prejudice" that would warrant denying Plaintiff leave to amend. *Doe v. Oconee Mem. Hosp.*, 437 S.C. 574, 583, 878 S.E.2d 920, 925 (Ct. App. 2022) (noting the denial of leave to amend is an abuse of discretion in "the absence of a proper reason" (quoting *Forrester v. Smith & Steele Builders, Inc.*, 295 S.C. 504, 507, 369 S.E.2d 156, 158 (Ct. App. 1988))). Plaintiff, therefore, respectfully submits that the Court should grant leave to amend pursuant to Rule 15(a), SCRCP, and consistent with South Carolina law. *See, e.g.*, *Maybank 2754, LLC v. Zurlo*, 444 S.C. 47, 83, 906 S.E.2d 94, 114 (Ct. App. 2024) ("In the absence of any apparent or declared reason . . . the leave sought should, as the rules require, be 'freely given.'" (quoting *Patton*, 420 S.C. at 490, 804 S.E.2d at 262)).

Further, Plaintiff respectfully submits that the Court should exercise its discretion to expedite a decision on Plaintiff's Motion to Amend and enter an order granting Plaintiff leave to amend as soon as possible because none of the defendants have expressed any opposition to amendment. *See generally Skydive Myrtle Beach, Inc. v. Horry Cnty.*, 426 S.C. 175, 182, 826 S.E.2d 585, 588 (2019) ("A trial court has discretion to deny a motion to amend if the party opposing the amendment can show a valid reason for denying the motion."); Rule 1, SCRCP ("These rules . . . shall be construed to secure the just, speedy, and inexpensive determination of every action."); *RE: Local PFAS Litig.*, Order (S.C. Sup. Ct. filed Oct. 7, 2024) (encouraging "the effective and expeditious disposition of this litigation"). An expedited order granting leave to amend will ensure that the new defendants are served, receive notice of the claims against them, and have the opportunity to participate in the litigation and defend the merits without delay. *See Doe*, 437 S.C. at 583, 878 S.E.2d at 925. Plaintiff is submitting a proposed order herewith granting Plaintiff's Motion for Leave to Amend and extending the deadline for Defendant Springs

ELECTRONICALLY FILED - 2025 Jun 13 10:25 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

ELECTRONICALLY FILED - 2025 Jun 13 10:25 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

Industries, LLC and the currently named defendants to respond to Plaintiff's complaint to 30 days

after the entry of the Court's order on this motion.

Respectfully moved,

*/s/ John B. White. Jr.*
John B. White, Jr. (S.C. Bar No. 5996)
Marghretta H. Shisko (S.C. Bar No. 100106)
Christopher R. Jones (S.C. Bar No. 101265)
Griffin L. Lynch (S.C. Bar No. 72518)
John B. White, Jr., P.A.
291 S. Pine Street
P.O. Box 2465 (29304)
Spartanburg, SC 29302
(864) 594-5988
jwhite@johnbwhitelaw.com
mshisko@johnbwhitelaw.com
cjones@johnbwhitelaw.com
glynch@johnbwhitelaw.com

*Attorneys for Plaintiff*

June 12, 2025

5

ELECTRONICALLY FILED - 2025 Jun 13 10:25 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

STATE OF SOUTH CAROLINA
COUNTY OF SPARTANBURG

IN THE COURT OF COMMON PLEAS
SEVENTH JUDICIAL CIRCUIT

IN RE:
PFAS LITIGATION COORDINATED DOCKET

_____

Woodruff-Roebuck Water District,

*Plaintiff*,

v.

AFL Telecommunications, LLC; AGC Chemicals Americas, Inc.; Arkema, Inc.; Clariant Corporation; Corteva, Inc.; Cryovac, Inc.; Cryovac, LLC; Daikin America, Inc.; DuPont de Nemours, Inc.; EIDP, Inc.; GTI Chemical Solutions, Inc.; GTI Chemical Solutions, LLC; Huntsman International, LLC; MOCOM Compounds Corporation; Plastic Omnium Auto Exteriors, LLC; Solvay Specialty Polymers USA, LLC; Springs Industries, LLC; Starchem, LLC; The Chemours Company; Toray Composite Materials America, Inc.; and Waste Management of South Carolina, Inc.,

*Defendants*.

C.A. No. 2024-CP-42-02480

**SECOND AMENDED SUMMONS**
(JURY TRIAL DEMANDED)

**TO THE ABOVE-NAMED DEFENDANTS:**

YOU ARE HEREBY SUMMONED and required to answer the Second Amended Complaint in this action, a copy of which is hereby served on you, and to serve a copy of your Answer to the Second Amended Complaint on the subscriber at 291 S. Pine Street, Spartanburg, SC 29302, within 30 days after service hereof, exclusive of the day of such service, and if you fail to answer the Second Amended Complaint, judgment by default will be rendered against you for the relief demanded in the Second Amended Complaint.

ELECTRONICALLY FILED - 2025 Jun 13 10:25 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

Respectfully submitted,

/s/ John B. White. Jr.
John B. White, Jr. (SC Bar No. 5996)
Marghretta H. Shisko (SC Bar No. 100106)
Christopher R. Jones (SC Bar No. 101265)
Griffin L. Lynch (SC Bar No. 72518)
John B. White, Jr., P.A.
291 S. Pine Street
Spartanburg, SC 29302
(864) 594-5988
jwhite@johnbwhitelaw.com
mshisko@johnbwhitelaw.com
cjones@johnbwhitelaw.com
glynch@johnbwhitelaw.com

*Attorneys for Plaintiff*

June 12, 2025

2

ELECTRONICALLY FILED - 2025 Jun 13 10:25 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF SPARTANBURG | IN THE COURT OF COMMON PLEAS<br>SEVENTH JUDICIAL CIRCUIT |

IN RE:
PFAS LITIGATION COORDINATED DOCKET

---

| | |
|---|---|
| Woodruff-Roebuck Water District,<br><br>*Plaintiff*,<br><br>v.<br><br>AFL Telecommunications, LLC; AGC Chemicals Americas, Inc.; Arkema, Inc.; Clariant Corporation; Corteva, Inc.; Cryovac, Inc.; Cryovac, LLC; Daikin America, Inc.; DuPont de Nemours, Inc.; EIDP, Inc.; GTI Chemical Solutions, Inc.; GTI Chemical Solutions, LLC; Huntsman International, LLC; MOCOM Compounds Corporation; Plastic Omnium Auto Exteriors, LLC; Solvay Specialty Polymers USA, LLC; Springs Industries, LLC; Starchem, LLC; The Chemours Company; Toray Composite Materials America, Inc.; and Waste Management of South Carolina, Inc.,<br><br>*Defendants*. | C.A. No. 2024-CP-42-02480<br><br><br>**SECOND AMENDED COMPLAINT**<br>(JURY TRIAL DEMANDED) |

Plaintiff, WOODRUFF-ROEBUCK WATER DISTRICT, by and through the undersigned counsel, brings this action against the above-named Defendants for compensatory and punitive damages, injunctive relief, and abatement of a nuisance, and alleges as follows:

## STATEMENT OF THE CASE

1.     Plaintiff, Woodruff-Roebuck Water District, brings this action to address Defendants' ongoing contamination of the North Tyger River, Middle Tyger River, South Tyger River, and Plaintiff's properties with certain toxic per- and polyfluoroalkyl substances ("PFAS"): perfluorooctanoic acid ("PFOA"); perfluorooctanesulfonic acid ("PFOS"); perfluorononanoic acid

1

ELECTRONICALLY FILED - 2025 Jun 13 10:25 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

("PFNA"); perfluorobutane sulfonate ("PFBS"); perfluorohexane sulfonate ("PFHxS"); and hexafluoropropylene oxide dimer acid ("HFPO-DA" or "GenX Chemicals").

2.     Defendants have discharged and continue to discharge products that contain or degrade to these PFAS to the North, Middle, and South Tyger Rivers, which travel downstream to Plaintiff's water intakes on the North and South Tyger Rivers and contaminate both Plaintiff's property and the domestic water supply for nearly 12,000 water customers in Spartanburg County. Plaintiff seeks a declaratory judgment, injunctive relief, abatement, damages, and an award of costs, including attorneys' fees, for Defendants' repeated and ongoing PFAS contamination.

3.     Plaintiff is a special purpose district that provides potable water to residents of Spartanburg County. It owns and occupies riparian property on, and near the confluence of, the North and South Tyger Rivers. There, Plaintiff owns and operates the Woodruff-Roebuck Water District Water Treatment Plant (a surface water treatment plant, or "SWTP") and related buildings, improvements, property, and equipment that make up its water treatment and distribution system. Plaintiff operates separate water intakes on each river, from which it draws raw water for treatment at the SWTP before distribution of treated water to its customers.

4.     Defendants own and/or operate industrial facilities upstream of Plaintiff's water intakes and have in the past and/or currently use products that contain or degrade to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals in their industrial processes ("Discharger Defendants") or otherwise supply these products to Discharger Defendants' manufacturing facilities ("Supplier Defendants"). Discharger Defendants discharge these products to surface waters via certain wastewater treatment plants ("WWTPs") located upstream of Plaintiff's water intakes. These WWTPs include the Lower North Tyger River WWTP in Spartanburg, South

2

ELECTRONICALLY FILED - 2025 Jun 13 10:25 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

Carolina; the Lyman WWTP in Lyman, South Carolina; and the Maple Creek WWTP in Greer, South Carolina.

5.      Industrial wastewater from Discharger Defendants' facilities contains high levels of PFAS, which cannot be adequately removed by conventional wastewater treatment processes at WWTPs; are discharged to the South, Middle, and North Tyger Rivers; and flow downstream to Plaintiff's water intakes. As a direct and proximate result of Defendants' actions, Plaintiff has suffered losses to the use and enjoyment of its property rights, and Plaintiff's properties have been, and will continuously be, trespassed and damaged by water contaminated with dangerous concentrations of PFAS.

6.      Defendants' PFAS contaminate Plaintiff's water sources at concentrations well exceeding what the U.S. Environmental Protection Agency ("EPA") deems unsafe for consumption, and Plaintiff's existing water treatment processes cannot remove them. Instead, Plaintiff requires new water treatment technologies to remove, and provide water free from, Defendants' PFAS.

7.      As a result of Defendants' intentional, willful, wanton, reckless, and/or negligent acts and omissions and the nuisance thereby created, maintained, and continued, Plaintiff has suffered injury to its property rights and resulting damages, including compensatory and consequential damages. Plaintiff is also seeking equitable and injunctive relief requiring Defendants to fund the evaluation, testing, acquisition, installation, operation, and maintenance of water treatment technologies at Plaintiff's SWTP that will remove Defendants' PFAS from drinking water. In addition, based on Defendants' intentional, willful, wanton, reckless, malicious, and oppressive misconduct, Plaintiff is seeking the recovery of punitive damages.

**DISCLAIMER**

3

ELECTRONICALLY FILED - 2025 Jun 13 10:25 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

8.      Plaintiff makes no assertion of fact concerning, and brings no cause of action based on, the manufacture, sale, distribution, use, or disposal of PFAS associated with aqueous film forming foam ("AFFF"), whether commercial, Mil-Spec, or other variety. Plaintiff expressly disclaims any causes of action, injury, or damages resulting from the manufacture, sale, distribution, use, or disposal of any AFFF by any Defendant or third-party.

9.      All Plaintiff's causes of action arise under South Carolina law, and Plaintiff brings no cause of action and seeks no relief under federal law or statute.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this action pursuant to Article V of the Constitution of the State of South Carolina; sections 6-11-1610 and 14-1-80 of the South Carolina Code; and Act No. 1101, 1956 S.C. Acts 2481.

6.      This Court has personal jurisdiction over all Defendants, consistent with due process and South Carolina's long-arm statute, section 36-2-803 of the South Carolina Code.

7.      Venue is properly in this Court pursuant to sections 15-7-10 and -30 of the South Carolina Code because the subject of the action is for injuries sustained to Plaintiff's property located in Spartanburg County, the most substantial part of Defendants' alleged acts or omissions occurred in Spartanburg County, and numerous Defendants maintain their principal places of business in Spartanburg County. *See id.* at § 15-7-30(B) ("If there is more than one defendant, the action may be tried in any county where the action properly may be maintained against one of the defendants pursuant to this section.").

## PARTIES

I.      **Plaintiff**

4

ELECTRONICALLY FILED - 2025 Jun 13 10:25 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

8.     Plaintiff Woodruff-Roebuck Water District is a special purpose district originally created for the distribution of potable water and provision of sewer services. *See* Act No. 1101, 1956 S.C. Acts 2481.

9.     Plaintiff owns land located at 1101 Kitchens Road, Roebuck, South Carolina 29376, on which it operates the Woodruff-Roebuck Water District SWTP and related buildings, improvements, property, and equipment that make up its water treatment and distribution system. Plaintiff's property is riparian to both the North and South Tyger Rivers, which are Plaintiff's two raw water sources. Plaintiff uses eight total water intake pumps—four on the North Tyger River, and four on the South Tyger River—from which it draws raw water for treatment and provision of water to its customers in Spartanburg County.

10.    The Woodruff-Roebuck Water District SWTP provides potable water for approximately 12,000 customers.

## II.    Discharger Defendants

11.    Defendant **AFL Telecommunications, LLC ("AFL")** is a Delaware limited liability company authorized to do business in South Carolina. AFL maintains its United States headquarters and principal place of business in Spartanburg County at 170 Ridgeview Center Drive, Duncan, South Carolina, 29334. AFL operates several industrial facilities in Duncan, at 150 Ridgeview Center Drive; 104 Hidden Lake Circle; 110 Hidden Lake Circle; 112 Hidden Lake Circle; and 115 USAC Drive. There, AFL uses products that contain or degrade to PFOA, PFOS, PFNA, PFHxS, PFBS, and/or GenX Chemicals in manufacturing telecommunications products. As part of its processes, the AFL facilities discharge industrial wastewater contaminated with products that contain or degrade to these PFAS to the Lyman WWTP. The Lyman WWTP cannot remove AFL's PFAS, which it discharges into the Middle Tyger River upstream of Plaintiff's

5

ELECTRONICALLY FILED - 2025 Jun 13 10:25 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

water intake. AFL's PFAS resist environmental degradation, flow downstream the Middle Tyger River and the North Tyger River, and thereby contaminate Plaintiff's property and its water source.

12.     Defendant **Cryovac, Inc.** is a Delaware corporation authorized to do business in South Carolina, and Defendant **Cryovac, LLC** is a Delaware limited liability company authorized to do business in South Carolina **(collectively "Cryovac")**. Cryovac maintains an industrial facility in Spartanburg County at 1502 East Main Street, Duncan, South Carolina 29334. There, Cryovac uses products that contain or degrade to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals in food packaging manufacturing. As part of its processes, Cryovac's plant discharges industrial wastewater contaminated with products that contain or degrade to these PFAS to the Lyman WWTP. The Lyman WWTP cannot remove Cryovac's PFAS, which it discharges into the Middle Tyger River upstream of its confluence with, and Plaintiff's water intake on, the North Tyger River. Cryovac's PFAS resist environmental degradation, flow downstream the Middle Tyger and North Tyger Rivers, and thereby contaminate Plaintiff's property and its water source.

13.     Defendant **Springs Industries, LLC ("Springs")** is a Delaware corporation that is a successor in interest to and was formerly known as Springs Industries, Inc. ("Springs Industries"); M. Lowenstein Corporation ("MLC"); and/or other entities that owned and operated industrial facilities in South Carolina, including a large complex of textile manufacturing facilities in Lyman. The complex included the Lyman Mill, located at 101 Groce Road, Lyman, South Carolina 29365; and the Lyman Finishing Plant, located at 320 Wamsutta Drive, Lyman, South Carolina 29365. MLC operated the Lyman Mill and Lyman Finishing Plant from 1955 to 1986, and Springs Industries acquired the Lyman Mill from MLC and operated it until 2005. Over the course of their operations, MLC and Springs Industries used products that contain or degrade to

6

ELECTRONICALLY FILED - 2025 Jun 13 10:25 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals in the manufacture of textile products. As part of their processes, MLC and Springs Industries discharged industrial wastewater with products that contain or degrade to these PFAS to the Lyman WWTP (collectively, "Springs' PFAS"). The Lyman WWTP could not remove Springs' PFAS, which it discharged into the Middle Tyger River upstream of its confluence with, and Plaintiff's water intake on, the North Tyger River. Springs' PFAS resist environmental degradation, flow downstream the Middle and North Tyger Rivers, and thereby contaminate Plaintiff's property and its water sources.

14.     Defendant **MOCOM Compounds Corporation ("MOCOM")** is a Texas corporation with its corporate headquarters in Spartanburg County, at 1720 E. Main Street, Duncan, South Carolina 29334. There, MOCOM operates an industrial facility that uses products that contain or degrade to PFOA, PFOS, PFNA, PFHxS, PFBS, and/or GenX Chemicals in plastic compounding and plastic component manufacturing. As part of its processes, the MOCOM facility discharges industrial wastewater contaminated with products that contain or degrade to these PFAS to the Lyman WWTP. The Lyman WWTP cannot remove MOCOM's PFAS, which it discharges into the Middle Tyger River upstream of its confluence with, and Plaintiff's water intake on, the North Tyger River. MOCOM's PFAS resist environmental degradation, flow downstream the Middle and North Tyger Rivers, and thereby contaminate Plaintiff's property and its water sources.

15.     Defendant **Plastic Omnium Auto Exteriors, LLC ("Plastic Omnium")** is a Delaware limited liability company authorized to do business in South Carolina. Plastic Omnium maintains its South Carolina principal place of business in Spartanburg County at 310 Genoble Road, Greer, South Carolina 29651. There, it operates an industrial facility that uses products that contain or degrade to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals in

7

ELECTRONICALLY FILED - 2025 Jun 13 10:25 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

manufacturing products related to the automobile industry. As part of its processes, Plastic Omnium's facility discharges industrial wastewater contaminated with products that contain or degrade to these PFAS to the Maple Creek WWTP. The Maple Creek WWTP cannot remove Plastic Omnium's PFAS, which it discharges into Maple Creek upstream of the South Tyger River and Plaintiff's water intake. Plastic Omnium's PFAS resist environmental degradation, flow downstream Maple Creek and the South Tyger River, and thereby contaminate Plaintiff's property and its water source.

16.     Defendant **Starchem, LLC ("Starchem")** is a Georgia limited liability company authorized to do business in South Carolina. Starchem maintains its United States principal place of business in Spartanburg County at 10150 Greenville Highway, Wellford, South Carolina 29385. There, it operates an industrial facility where it uses products that contain or degrade to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals in manufacturing products related to the textile industry. Defendants **GTI Chemical Solutions, Inc. ("GTI Inc.")** and **GTI Chemical Solutions, LLC ("GTI LLC")** (collectively **"GTI Defendants"**) are South Carolina companies that engage in chemical manufacturing activities on the same property. As part of their processes, Starchem and GTI Defendants discharge industrial wastewater contaminated with products that contain or degrade to these PFAS to the Lyman WWTP in Lyman, South Carolina. The Lyman WWTP cannot remove Starchem's and GTI Defendants' PFAS, which it discharges into the Middle Tyger River upstream of its confluence with, and Plaintiff's water intake on, the North Tyger River. Starchem's and GTI Defendants' PFAS resist environmental degradation, flow downstream the Middle and North Tyger Rivers, and thereby contaminate Plaintiff's property and its water sources.

8

17.    Defendant **Toray Composite Materials America, Inc. ("Toray")** is a Washington corporation authorized to do business in the State of South Carolina that, since approximately 2016, has conducted business in Spartanburg County. Toray maintains its South Carolina principal place of business in Spartanburg County at 2202 Moore Duncan Highway, Moore, South Carolina 29369. There, it operates an industrial facility where it uses products that contain or degrade to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals in carbon-fiber and other composite materials manufacturing. As part of its processes, Toray's plant discharges industrial wastewater contaminated with products that contain or degrade to these PFAS to the Lower North Tyger WWTP. The Lower North Tyger WWTP cannot remove Toray's PFAS, which it discharges into the North Tyger River upstream of Plaintiff's water intake on the river. Toray's PFAS resist environmental degradation, flow downstream the North Tyger River, and thereby contaminate Plaintiff's property and its water sources.

18.    Defendant **Waste Management of South Carolina, Inc. ("WM")** is a South Carolina corporation that, at all times relevant herein, has conducted business within Spartanburg County. Beginning in 1979, WM owned and operated the Palmetto Landfill located at 360 New Hope Road, Wellford, South Carolina 29385. The Palmetto Landfill closed in December 2016 but continues to discharge landfill leachate to the Lyman WWTP. WM's leachate contains vast amounts of PFOA, PFOS, PFHxS, PFNA, PFBS, GenX Chemicals, and/or their precursors. Nearby, WM also operates its Spartanburg Hauling facility, which discharges wastewater contaminated with products that contain or degrade to these PFAS to the Lyman WWTP. The Lyman WWTP cannot remove WM's PFAS, which it discharges into the Middle Tyger River upstream of its confluence with, and Plaintiff's water intake on, the North Tyger River. WM's

ELECTRONICALLY FILED - 2025 Jun 13 10:25 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

ELECTRONICALLY FILED - 2025 Jun 13 10:25 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

PFAS resist environmental degradation, flow downstream the Middle and North Tyger Rivers, and thereby contaminate Plaintiff's property and its water sources.

### III.     Supplier Defendants

19.     Defendant **AGC Chemicals Americas, Inc. ("Asahi")** is a Delaware corporation authorized to do business in South Carolina. Among other acts and omissions, Asahi has for many years manufactured and supplied products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals to one or more of the Discharger Defendants in this action.

20.     Defendant **Arkema, Inc. ("Arkema")** is a Pennsylvania corporation authorized to do business in South Carolina. Among other acts and omissions, Arkema has for many years manufactured and supplied products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals to one or more of the Discharger Defendants in this action.

21.     Defendant **Clariant Corporation ("Clariant")** is a New York corporation authorized to do business in South Carolina. Among other acts and omissions, Clariant has for many years manufactured and supplied products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals to one or more of the Discharger Defendants in this action.

22.     Defendant **Daikin America, Inc. ("Daikin")** is a Delaware corporation authorized to do business in South Carolina. Among other acts and omissions, Daikin has for many years manufactured and supplied products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals to one or more of the Discharger Defendants in this action.

23.     Defendant **EIDP, Inc. ("Old DuPont")**, f/k/a E.I. du Pont de Nemours and Company, is a Delaware corporation authorized to do business in South Carolina. Among other acts and omissions, Old DuPont has for many years manufactured and supplied products

10

ELECTRONICALLY FILED - 2025 Jun 13 10:25 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals to one or more of the Discharger Defendants in this action.

24.     Defendant **The Chemours Company ("Chemours")** is a Delaware limited liability company authorized to do business in South Carolina. Among other acts and omissions, Chemours has for many years manufactured and supplied products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals to one or more of the Discharger Defendants in this action.

25.     Defendant **Corteva, Inc. ("Corteva")** is a Delaware corporation that conducts business in South Carolina. Among other acts and omissions, Corteva has assumed PFAS-related liabilities from Old DuPont.

26.     Defendant **DuPont de Nemours, Inc. ("New DuPont")**, f/k/a DowDuPont, Inc., is a Delaware corporation that conducts business in South Carolina. Among other acts and omissions, New DuPont has assumed PFAS-related liabilities from Old DuPont.

27.     Defendant **Huntsman International, LLC ("Huntsman")** is a Delaware limited liability company authorized to do business in South Carolina. Among other acts and omissions, Huntsman has for many years manufactured and supplied products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals to one or more of the Discharger Defendants in this action.

28.     Defendant **Solvay Specialty Polymers USA, LLC ("Solvay")** is a Delaware limited liability company authorized to do business in South Carolina. Among other acts and omissions, Solvay has for many years manufactured and supplied products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals to one or more of the Discharger Defendants in this action.

11

ELECTRONICALLY FILED - 2025 Jun 13 10:25 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

## FACTUAL ALLEGATIONS

**I.     Background and Hazards of PFAS**

29.      PFAS are a large group of man-made chemicals that do not occur naturally in the environment. Due to their strong carbon-fluorine bonds, PFAS are extremely stable, repel both oil and water, and are resistant to heat and chemical reactions. As a result of these properties, PFAS have a wide variety of industrial, commercial, and consumer applications.

30.     The stable carbon-fluorine bonds that make PFAS pervasive in industrial, commercial, and consumer products also result in their persistence in the environment. They are colloquially termed "forever chemicals," as terminal PFAS have no known environmental breakdown mechanism, are readily absorbed into biota, and tend to bioaccumulate with repeated exposure.

31.     There are both polymer and non-polymer PFAS. Non-polymer PFAS include substances like PFOA, PFOS, PFHxS, PFNA, PFBS, and HFPO-DA (a/k/a GenX Chemicals). Polymer PFAS include fluoropolymers and side-chain fluorinated polymers that are often the active chemistry in the PFAS-containing products sold and utilized by Defendants.

32.     There are also both terminal PFAS and their precursors. Precursors may undergo environmental degradation that ultimately results in the formation of terminal PFAS—meaning no further degradation occurs under normal environmental conditions. PFOA, PFOS, PFHxS, PFNA, PFBS, and GenX Chemicals are all terminal PFAS.

33.     Both polymer and non-polymer PFAS can degrade to terminal PFAS. Generally, terminal PFAS are present in or otherwise form from PFAS products via three primary routes: (1) as a direct byproduct of the manufacturing process; (2) the degradation of precursor PFAS that are byproducts of the manufacturing process; and/or (3) the degradation of polymer PFAS into terminal PFAS and precursor PFAS.

ELECTRONICALLY FILED - 2025 Jun 13 10:25 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

34.     Further, PFAS are manufactured by either electrochemical fluorination ("ECF") or telomerization.

35.     PFAS leach from soil to groundwater and are highly mobile and water soluble, making groundwater and surface water particularly vulnerable to contamination. Therefore, a major source of human exposure to PFAS is through ingestion of contaminated drinking water. Exposure is dose-additive, meaning that exposure to low levels of multiple PFAS, which individually would pose little or no risk, can result in a combined dose capable of causing adverse health effects.

36.     While there are thousands of different PFAS chemicals, current scientific evidence shows that harmful health effects can result from consuming drinking water with any level of PFOA or PFOS, and at certain aggregate levels of PFHxS, PFNA, PFBS, and GenX Chemicals. Depending on the type of PFAS, negative health effects include increased risk of certain types of cancer and adverse impacts on fetal growth and development; reproduction; and on liver, thyroid, immune, cardiovascular, and/or nervous system function.

37.     PFOA and PFOS have been the most widely used PFAS, and they are the most studied by regulators and the scientific community. While some industries voluntarily phased out products containing PFOA and PFOS by 2015, their limited use continues even in the United States. Due to their persistent nature, PFOA and PFOS remain in the environment from decades of legacy industrial use.

38.     Products based on PFAS consisting of shorter fluorinated carbon chains were developed to replace "long-chain" PFAS like PFOA and PFOS, and they are now used in industrial applications to confer similar properties and characteristics. These "short-chain" PFAS are still bioaccumulative and environmentally persistent, and some short-chain PFAS products

13

nevertheless still contain PFOA and PFOS and their precursors. Terminal short-chain PFAS include PFBS and GenX Chemicals.

39.     Based on the science available in 2009, EPA published provisional drinking water health advisories for short-term exposure to PFOA and PFOS.[1] The advisory levels at that time were 400 parts per trillion ("ppt") for PFOA and 200 ppt for PFOS. In the same publication, EPA reported that it conducted sampling of public drinking water in Alabama communities, finding PFOA and PFOS levels lower than 40 ppt. It explained, "Based on its current understanding, EPA believes these levels are not of concern and residents may rely upon public water systems."[2]

40.     On May 16, 2016, due to the evolution of science on the health effects of PFOA and PFOS, EPA published lifetime health advisory levels for each chemical in drinking water.[3] Superseding the 2009 provisional levels, the 2016 levels for PFOA and PFOS were 70 ppt, independently or in the aggregate. EPA explained that its new health advisories "identify the concentration of PFOA and PFOS in drinking water at or below which adverse health effects are not anticipated to occur over a lifetime of exposure."[4]

41.     EPA's 2016 Health Advisories were based on peer-reviewed studies of the effects of PFOA and PFOS on laboratory animals and epidemiological studies of human populations exposed to PFOA and PFOS. These studies indicated that exposure to PFOA and PFOS over

---

[1] U.S.E.P.A., Provisional Health Advisories for Perfluorooctanoic Acid (PFOA) and Perfluorooctane Sulfonate (PFOS) (Jan. 8, 2009), *available at* https://www.epa.gov/sites/default/files/2015-09/documents/pfoa-pfos-provisional.pdf.

[2] *Id.*

[3] Lifetime Health Advisories and Health Effects Support Documents for Perfluorooctanoic Acid and Perfluorooctane Sulfonate, 81 Fed. Reg. 33250 (May 25, 2016).

[4] *Id.*

14

certain levels may result in adverse health effects, including developmental defects to fetuses, cancer (testicular, kidney), liver effects, immune effects, thyroid effects, and other adverse effects. But based on its review of the science, EPA stated that its analysis indicated exposure to PFOA and PFOS at or below health advisory levels "will not result in adverse health effects (including cancer and non-cancer) to the general population over a lifetime (or any shorter period) of exposure to these chemicals."[5]

42.     On June 15, 2022, EPA again updated health advisory levels for PFOA and PFOS on an interim basis, which replaced the 2016 advisory levels.[6] EPA explained that updated human epidemiological data indicated "that the level at which negative health effects could occur are much lower than previously understood when the agency issued its 2016 health advisories for PFOA and PFOS"—finding "associations between PFOA and/or PFOS exposure and effects on the immune system, the cardiovascular system, development (e.g., decreased birth weight), and cancer."[7] Concerned with the public health implications of its data, EPA issued interim levels pending determination of maximum contaminant levels and maximum contaminant level goals. The interim levels were 0.004 ppt for PFOA and 0.02 ppt for PFOS.

43.     Simultaneously, EPA also issued health advisories for the first time covering PFBS and GenX Chemicals. EPA reported that "GenX Chemicals have been linked to health effects on the liver, the kidney, the immune system, and developmental effects, as well as cancer."[8] For

---

[5] *Id.*

[6] Lifetime Drinking Water Health Advisories for Four Perfluoroalkyl Substances, 87 Fed. Reg. 36848 (June 21, 2022).

[7] *Id.*

[8] *Id.*

15

ELECTRONICALLY FILED - 2025 Jun 13 10:25 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

ELECTRONICALLY FILED - 2025 Jun 13 10:25 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

PFBS, it noted studies indicating health effects on the thyroid, reproductive system, development, and kidney. Based on its 2021 toxicity studies for these chemicals, EPA released final health advisories for each: GenX Chemicals at 10 ppt and PFBS at 2,000 ppt.

44.     In March of 2023, EPA issued proposed maximum contaminant levels ("MCLs") and maximum contaminant level goals ("MCLGs") for PFOA, PFOS, PFHxS, PFNA, PFBS, and GenX Chemicals.[9] An MCLG is the maximum level of a contaminant in drinking water at which no known or anticipated adverse effect on the health of persons would occur, allowing an adequate margin of safety. An MCL is the maximum allowable level of a contaminant that may be delivered to any user of a public water system and is based on the feasibility of existing technology to detect PFAS at a threshold level.

45.     At that time, EPA announced that, "[f]ollowing a systematic review of available human epidemiological and animal toxicity studies, EPA has determined that PFOA and PFOS are likely to cause cancer (e.g., kidney and liver cancer) and that there is no dose below which either chemical is considered safe."[10] Therefore, it proposed MCLG levels for both chemicals at zero ppt. Enforceable MCL levels for each chemical were proposed at 4 ppt. According to EPA, "[a]ny exceedance of this limit requires action to protect public health, regardless of any mixture in which they are found."[11]

46.     Due to their toxic effects, dose additivity, and presence in drinking water, EPA proposed a hazard index approach covering mixtures of PFHxS, PFNA, PFBS, and GenX

---

[9] PFAS Nat'l Primary Drinking Water Regulation Rulemaking, 88 Fed. Reg. 18638 (Mar. 29, 2023) (to be codified at 40 C.F.R. pt. 141, 142).

[10] *Id.*

[11] *Id.*

16

Chemicals. The hazard index is the sum of each PFAS's "hazard quotient." Hazard quotients are first calculated by dividing the applicable PFAS's "exposure metric" (i.e., concentration in drinking water) by its "health reference value" (PFHxS: 9 ppt; GenX Chemicals: 10 ppt; PFNA: 10 ppt; PFBS: 2,000 ppt). If the sum of each's hazard quotient is below 1.0, then it "represents a level at which no known or anticipated adverse effects on the health of persons is expected to occur and which allows for an adequate margin of safety."[12] If greater than 1.0, then "potential risk is indicated."[13]

47.    EPA stated that, once its proposed MCLs became final, it would "save thousands of lives and prevent tens of thousands of avoidable illnesses."[14]

48.    EPA finalized its proposed MCLs and MCLGs on April 10, 2024.[15] In accompanying publications, EPA declared, "The science is clear: exposure to these six PFAS is linked to significant health risks" that include "certain cancers and heart impacts in adults, and immune and developmental impacts in infants and children."[16]

---

[12] *Id.*

[13] *Id.*

[14] U.S.E.P.A., *EPA Releases Annual Report Showing Steady Progress to Protect Communities from PFAS Pollution* (Dec. 14, 2023), *available at* https://www.epa.gov/newsreleases/epa-releases-annual-report-showing-steady-progress-protect-communities-pfas-pollution.

[15] U.S.E.P.A., PFAS Nat'l Primary Drinking Water Regulation Rulemaking (Apr. 10, 2024), *available at* https://www.epa.gov/system/files/documents/2024-04/pfas-npdwr_prepubfederalregisternotice_4.8.24.pdf (pre-publication version).

[16] U.S.E.P.A., *Frequently Asked Questions and Answers: Final PFAS Nat'l Drinking Water Regulation* (Apr. 10, 2024); *see also* U.S.E.P.A., Final PFAS Nat'l Drinking Water Regulation Landing Page, http://www.epa.gov/sdwa/and-polyfluoroalkyl-substances-pfas (providing links to EPA PFAS regulation publications).

17

ELECTRONICALLY FILED - 2025 Jun 13 10:25 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

49.     The final regulation solidifies MCLs of 4.0 ppt for PFOA and PFOS and 10.0 ppt for PFNA, PFHxS, and GenX Chemicals, including a Hazard Index that covers mixtures of PFBS with PFNA, PFHxS, and GenX Chemicals. It also enshrines MCLGs of zero ppt for PFOA and PFOS, which EPA states "reflects the latest science showing that there is no level of exposure to these two PFAS without risk of health impacts."[17] According to EPA, "[t]he more you reduce your exposure to PFAS, the more you reduce your risk."[18]

50.     EPA's final regulations mandate several new obligations regarding PFAS, including the implementation of solutions to reduce regulated PFAS concentrations in the drinking water that Plaintiff distributes, maintenance of ongoing compliance monitoring, and informing the public of PFAS levels in the water and of any violations.

51.     EPA's April 10, 2024 regulation imposed a deadline of 2027 for Plaintiff to begin conducting and reporting regular PFAS monitoring and a deadline of 2029 for Plaintiff to comply with all MCLs.

52.     On May 14, 2025, EPA affirmed its intention to maintain the April 10, 2024 regulation MCLs and MCLGs for PFOA and PFOS, but it announced plans to propose extending the MCL compliance deadline by two years, to 2031, "[t]o allow drinking water systems more time to develop plans for addressing PFOA and PFOS where they are found and implement solutions."[19] Although EPA announced its intention to rescind the MCLs concerning PFNA,

---

[17] U.S.E.P.A., *Presentation: Overview EPA PFAS NPDWR* (Apr. 10, 2024).

[18] U.S.E.P.A., *Frequently Asked Questions and Answers: Final PFAS Nat'l Drinking Water Regulation* (Apr. 10, 2024).

[19] U.S.E.P.A., *EPA Announces It Will Keep Maximum Contaminant Levels for PFOA, PFOS* (May 14, 2025), *available at* https://www.epa.gov/newsreleases/epa-announces-it-will-keep-maximum-contaminant-levels-pfoa-pfos [hereinafter *EPA 2025 MCL Announcement*].

18

ELECTRONICALLY FILED - 2025 Jun 13 10:25 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

ELECTRONICALLY FILED - 2025 Jun 13 10:25 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

PFHxS, and GenX Chemicals, as well as the Hazard Index covering mixtures of PFBS, PFNA, PFHxS, and GenX Chemicals, it did so "to ensure that the determinations and any resulting drinking water regulation follow the legal process laid out in the Safe Drinking Water Act.," and EPA did not retract its prior statement that the science shows that exposure to these types of PFAS is linked to significant health risks.[20] At the same time, EPA expressed the importance of protecting public health and "ensur[ing] that polluters are held responsible."[21]

53.     EPA's recent announcement stated that "EPA plans to issue a proposed rule this fall and finalize this rule in the Spring of 2026."[22] Under the April 10, 2024 final National Primary Drinking Water Regulation, Plaintiff must begin conducting and reporting regular PFAS monitoring by 2027, and Plaintiff must comply with all MCLs by 2029. EPA's planned rule would extend Plaintiff's MCL compliance deadline for PFOA and PFOS from 2029 to 2031.

## II.     Contamination of the Tyger River System and Plaintiff's Water Supply with PFAS

54.     The Tyger River System begins as three forks—the South, Middle, and North Tyger Rivers—running southeast through Spartanburg County. The Middle Tyger converges with the North Tyger in Moore, South Carolina, and the North and South Tyger Rivers converge in Roebuck, South Carolina:

---

[20] *Id.*

[21] *Id.*

[22] *Id.*

19

ELECTRONICALLY FILED - 2025 Jun 13 10:25 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480



55.     As shown above, the Maple Creek WWTP, Lyman WWTP, and Lower North Tyger WWTP operate upstream of or along each river, and Plaintiff's SWTP rests near the confluence of the North and South Tyger Rivers.

56.     Plaintiff's SWTP employs water intakes on both the North and South Tyger Rivers to draw water for treatment at Plaintiff's SWTP before distribution to its customers:



57.    PFAS sampling of the South, Middle, and North Tyger Rivers confirms the presence of PFOA, PFOS, PFHxS, PFNA, PFBS, and GenX Chemicals throughout these bodies of water. These PFAS flow downstream and contaminate the water at Plaintiff's water intakes at concentrations exceeding EPA's MCLs and MCLGs. Indeed, sampling at Plaintiff's water intakes confirm the presence of PFOA and PFOS at concentrations higher than what EPA deems unsafe for consumption. Defendants are the source.

58.    Discharger Defendants are owners and operators of manufacturing plants, related industrial facilities, and/or waste disposal services in or near Spartanburg County. In their industrial processes, Discharger Defendants utilize products that contain or degrade to PFOS, PFOA, PFHxS, PFNA, PFBS, and/or GenX Chemicals. Discharger Defendants' industrial

ELECTRONICALLY FILED - 2025 Jun 13 10:25 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

ELECTRONICALLY FILED - 2025 Jun 13 10:25 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

processes generate industrial wastewater containing these PFAS chemicals and/or their precursors, which they discharge to either the Maple Creek WWTP, the Lyman WWTP, or the Lower North Tyger WWTP.

59. The Maple Creek WWTP utilizes conventional wastewater treatment methods to treat industrial wastewater, which are unable to remove PFAS. After treatment, the Maple Creek WWTP discharges water contaminated with Defendants' products that contain or degrade to PFOA, PFOS, PFHxS, PFNA, PFBS, and GenX Chemicals into Maple Creek upstream of Plaintiff's intake on the South Tyger River. These PFAS and their precursors flow downstream to Plaintiff's water intake on the South Tyger River, damaging Plaintiff's property and contaminating its water source.

60. The Lyman WWTP utilizes conventional wastewater treatment methods to treat industrial wastewater, which are unable to remove PFAS. After treatment, the Lyman WWTP discharges water contaminated with Defendants' products that contain or degrade to PFOA, PFOS, PFHxS, PFNA, PFBS, and GenX Chemicals into the Middle Tyger River upstream of its confluence with the North Tyger River and Plaintiff's intake on the North Tyger River. These PFAS and their precursors flow downstream to Plaintiff's water intake on the North Tyger River, damaging Plaintiff's property and contaminating its water source.

61. The Lower North Tyger WWTP utilizes conventional wastewater treatment methods to treat industrial wastewater, which are unable to remove PFAS. After treatment, the Lower North Tyger WWTP discharges water contaminated with Defendants' products that contain or degrade to PFOA, PFOS, PFHxS, PFNA, PFBS, and GenX Chemicals into the North Tyger River upstream of Plaintiff's intake. These PFAS and their precursors flow downstream to

22

ELECTRONICALLY FILED - 2025 Jun 13 10:25 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

Plaintiff's water intake on the North Tyger River, damaging Plaintiff's property and contaminating its water source.

62.     All Defendants knew or should have known that the Maple Creek WWTP, Lyman WWTP, and Lower North Tyger WWTP utilize conventional treatment methods for wastewater that cannot remove Defendants' PFAS. All Defendants also knew or should have known that the WWTPs discharge treated effluent contaminated with their PFAS chemicals to the rivers, contaminating the water that Plaintiff draws for its customers.

63.     Despite knowing of the adverse health and environmental effects of PFAS, particularly the chemicals' capacity to endanger drinking water supplies when released to surface waters, Supplier Defendants did not require, instruct, advise, or otherwise direct the Discharger Defendants to dispose of their PFAS-containing wastewater in a manner that would prevent this effluent from entering surface waters and contaminating Plaintiff's properties.

64.     Plaintiff's SWTP utilizes conventional water treatment technologies to treat raw water, none of which remove PFAS. Instead, Plaintiff's SWTP requires new water treatment technologies to do so.

65.     All Defendants knew or should have known that conventional treatment technologies used by public water systems like Plaintiff's cannot remove Defendants' PFAS from water that is treated and distributed as potable drinking water.

### III.     Supplier Defendants Had Superior Knowledge of PFAS's Hazardous Properties.

66.     All Defendants have long known that PFOA, PFOS, PFHxS, PFNA, PFBS, and GenX Chemicals are environmentally persistent, bioaccumulative, dose-additive, and toxic; that they cannot be removed by conventional water and wastewater treatment methods; and that there is no safe dose for PFOA and PFOS.

23

ELECTRONICALLY FILED - 2025 Jun 13 10:25 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

67.    Old DuPont pioneered the field of PFAS chemistry in the middle of the twentieth century, and it was long a leader in the industry. Old DuPont's knowledge of the properties of PFAS, including knowledge of the compounds' chemistry, toxicology, environmental fate, and effects on human health has been virtually unmatched, typically exceeding that of government regulators, the scientific community, and the public.

68.    Old DuPont has maintained an in-house staff of doctors, environmental engineers, industrial hygienists, and scientists in health-related fields, as well as a corporate industrial medicine program. Old DuPont was thus well equipped to understand the potential dangers of exposing people to PFAS via drinking water.

69.    By the early 1960s, Old DuPont understood PFOA and PFNA to be toxic based on studies that found exposure to the chemicals to increase liver size in rats, and by the mid-1960s, if not earlier, Old DuPont knew that PFOA could leach from waste into water and groundwater.

70.    In 1978, Old DuPont began to review and monitor the health conditions of its workers who were potentially being exposed to PFOA. Old DuPont subsequently found that PFOA is "toxic" and that "continued exposure is not tolerable," but it did not disclose this to the public or to EPA. Three years later, Old DuPont again failed to disclose data demonstrating the transplacental movement of PFOA to fetuses. It also failed to disclose widespread PFOA contamination in public drinking water sources resulting from discharges at its Washington Works facility near Parkersburg, West Virginia, where PFOA concentrations exceeded Old DuPont's own Community Exposure Guideline.

71.    In 1991, Old DuPont researchers recommended following up a study from ten years earlier of employees who might have been exposed to PFOA. The prior study showed elevated liver enzymes in the blood of Old DuPont workers. On information and belief, for the purpose of

ELECTRONICALLY FILED - 2025 Jun 13 10:25 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

avoiding or limiting liability, Old DuPont chose not to conduct the follow-up study, instead postponing it until after it was sued.

72.     By 1999, at the latest, Old DuPont knew that PFOA was present in its products based on telomer PFAS chemistry.

73.     In or around December 2005, Old DuPont agreed to pay a $10.25 million fine to the federal government arising from its failures to disclose information to EPA about PFOA's health risks. Upon information and belief, in statements to the public and government regulators, Old DuPont has repeatedly and falsely claimed that human exposure to PFOA has no adverse health consequences. In a May/June 2008 publication, for example, Old DuPont stated that "the weight of the evidence indicates that PFOA exposure does not pose a health risk to the general public," and "there are no human health effects known to be caused by PFOA, although study of the chemical continues." Old DuPont made those statements against the advice of its own Epidemiology Review Board, which urged it not to make public statements asserting that PFOA does not pose any health risks. In 2005, EPA levied a record-setting $16.5 million civil penalty against Old DuPont for failing to disclose to EPA information about the health risks of PFOA and about the company's environmental releases of PFOA in West Virginia and Ohio.

74.     For decades, Old DuPont purchased the PFOA it used in the manufacture of Teflon and other products from 3M Company ("3M").

75.     In May 2000, 3M announced it would phase out its manufacture and sale of products based on long-chain PFAS, including PFOA and PFOS, by 2002. In its public announcement of the phaseout, 3M cited the chemicals' environmental persistence and its finding that PFOS was present in the blood of the general public.

25

ELECTRONICALLY FILED - 2025 Jun 13 10:25 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

76.     In response to 3M's phaseout announcement, and despite the public concerns 3M cited for its phaseout decision and Old DuPont's own internal knowledge of the risks to human health and the environment posed by PFOA, Old DuPont did not cease using PFOA or eliminate PFOA from its products. Instead, Old DuPont opened its own plant to manufacture PFOA to use in the manufacture of Old DuPont's products.

77.     As demonstrated by its material safety data sheet for PFOA, Old DuPont knew PFOA required disposal by incineration by at least 1991.

78.     Old DuPont participated in the Telomer Research Program ("TRP") that was convened by EPA in the early 2000s to coordinate research and data on PFOA and PFAS manufactured by the telomerization process. The TRP consisted of the leading telomer-based PFAS manufacturers. Through its participation in the TRP, Old DuPont obtained and shared with other PFAS manufacturers information about various aspects of PFOA and telomer PFAS, such as their chemical degradation pathways, the fate and transport of PFAS products from customer facilities to the environment and public water supplies, and human health risks associated with exposure to these chemicals.

79.     In 2015, Old DuPont spun off its Performance Chemicals business (which included the design, manufacture, marketing, and sale of PFAS, as well as the environmental liabilities) to Chemours. Chemours inherited Old DuPont's expertise, resources, and knowledge of PFAS, and PFOA in particular.

80.     Huntsman uses PFAS manufactured by other Supplier Defendants, including Old DuPont and Chemours, to blend with other non-PFAS components in the manufacture of the PFAS products it sells. Upon information and belief, Huntsman has long known that PFAS are persistent,

26

ELECTRONICALLY FILED - 2025 Jun 13 10:25 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

bioaccumulative, and toxic, and that terminal PFAS such as PFOA, and/or their precursors, are present in the products it manufactures and sells.

81.     Daikin is a subsidiary of Daikin Industries, Ltd., which has been in the PFAS business in Japan since the 1940s. It entered the U.S. market in the early 1990s, establishing manufacturing operations in Decatur, Alabama, adjacent to 3M's plant there.

82.     Daikin purchased PFOA from 3M for use as a processing chemical in its manufacture of fluoropolymers. Daikin knew from the early 1990s that PFOA was carcinogenic, bioaccumulative, environmentally persistent, and soluble in water.

83.     Though fully aware of the reasons that 3M decided to withdraw its products based on long-chain PFAS in 2000, Daikin rushed to fill as much of the PFAS market left by 3M as possible, with the specific intent to prevent customers from shifting to non-PFAS products.

84.     Underscoring its position as one of the world's leading PFAS manufacturers, Daikin participated in the TRP during the 2000s, through which it obtained and shared with other PFAS manufacturers information about various aspects of PFOA and telomer PFAS, such as their chemical degradation pathways, the fate and transport of PFAS products from customer facilities to the environment and public water supplies, and human health risks associated with exposure to these chemicals.

85.     Daikin was well aware of the need to incinerate or otherwise treat wastewater to remove PFAS; indeed, Daikin practiced incineration for the PFAS-containing wastewater generated at its Decatur, Alabama facility by or around the mid-2000s.

86.     Asahi is a subsidiary of AGC, Inc., f/k/a Asahi Glass Co., Ltd., a Japanese company that has manufactured and sold PFAS products since at least the 1970s. Upon information and belief, Asahi has long known that PFAS are persistent, bioaccumulative, and toxic, and that

27

ELECTRONICALLY FILED - 2025 Jun 13 10:25 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

terminal PFAS such as PFOA, and/or their precursors, are present in the products it manufactures and sells.

87.    Underscoring its position as one of the world's leading PFAS manufacturers, Asahi participated in the TRP during the 2000s, through which it obtained and shared with other PFAS manufacturers information about various aspects of PFOA and telomer PFAS, such as their chemical degradation pathways, the fate and transport of PFAS products from customer facilities to the environment and public water supplies, and human health risks associated with exposure to these chemicals.

88.    Arkema is a subsidiary of Arkema S.A., a French company formed in 2004 from a reorganization of Total S.A.'s chemicals business. Arkema S.A. and its predecessors have been manufacturing PFAS since at least the 1950s. Upon information and belief, Arkema has long known that PFAS are persistent, bioaccumulative, and toxic, and that terminal PFAS such as PFOA, and/or their precursors, are present in the products it manufactures and sells.

89.    Clariant was formed in 1995 and was previously known as Sandoz Chemical Corporation and as Sodeyco, Inc. Upon information and belief, Clariant has long known that PFAS are persistent, bioaccumulative, and toxic, and that terminal PFAS such as PFOA, and/or their precursors, are present in the products it manufactures and sells.

90.    Underscoring its position as one of the world's leading PFAS manufacturers, Clariant participated in the TRP during the 2000s, through which it obtained and shared with other PFAS manufacturers information about various aspects of PFOA and telomer PFAS, such as their chemical degradation pathways, the fate and transport of PFAS products from customer facilities to the environment and public water supplies, and human health risks associated with exposure to these chemicals.

28

ELECTRONICALLY FILED - 2025 Jun 13 10:25 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

91.     Solvay is the successor of Solvay Solexis, Inc. and Ausimont USA, Inc. Upon information and belief, Solvay has long known that PFAS are persistent, bioaccumulative, and toxic, and that terminal PFAS such as PFOA, and/or their precursors, are present in the products it manufactures and sells. At its Gloucester County, New Jersey facility, Solvay's use of PFOA and PFNA in the manufacture of fluoropolymer products has caused severe contamination of drinking water, surface waters, groundwater, and soils in the surrounding vicinity. In 2023, Solvay settled a lawsuit brought by the State of New Jersey arising from this contamination for $393 million.

92.     Safe or safer nonfluorinated alternatives to PFAS-based products exist, as demonstrated by some of Supplier Defendants' own current product offerings. Such nonfluorinated alternatives could have been commercially viable much earlier (and the harm to Plaintiff mitigated) if Supplier Defendants had not chosen to ignore the clear evidence of health and environmental dangers they possessed many years ago.

93.     Despite Supplier Defendants' knowledge that their products contained or degraded to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals; that these PFAS were environmentally persistent, bioaccumulative, dose-additive, and toxic; that conventional wastewater treatment technologies utilized by wastewater treatment facilities could not remove their PFAS from wastewater; and that Discharger Defendants discharged these PFAS to the North, Middle, and South Tyger Rivers, damaging and interfering with Plaintiff's property rights and public health, Supplier Defendants continued to sell products containing or degrading to these PFAS to Discharger Defendants. Specifically:

(a)     Asahi continued to sell products containing or degrading to these PFAS to Discharger Defendants under brand names including Asahiguard and Surflon.

29

ELECTRONICALLY FILED - 2025 Jun 13 10:25 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

(b)    Arkema continued to sell products containing or degrading to these PFAS to Discharger Defendants under brand names including Kynar.

(c)    Clariant continued to sell products containing or degrading to these PFAS to Discharger Defendants under brand names including Nuva.

(d)    Daikin continued to sell products containing or degrading to these PFAS to Discharger Defendants under brand names including Unidyne.

(e)    Old DuPont continued to sell products containing or degrading to these PFAS to Discharger Defendants under brand names including Teflon, Zonyl, and Capstone.

(f)    Chemours continued to sell products containing or degrading to these PFAS to Discharger Defendants under brand names including Capstone.

(g)    Huntsman continued to sell products containing or degrading to these PFAS to Discharger Defendants under brand names including Phobol and Oleophobol.

(h)    Solvay continued to sell products containing or degrading to these PFAS to Discharger Defendants under brand names including Algoflon and Halar.

## IV.    Supplier Defendants Were Directly Involved in Discharger Defendants' PFAS Use and Disposal.

94.    At all times relevant hereto, Supplier Defendants were directly involved in, and exercised control over, Discharger Defendants' use, handling, application, and disposal of Supplier Defendants' products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals.

95.    Supplier Defendants specified the type and amount of PFAS-containing products to be used or applied, and the manner in which PFAS-containing products were to be used or

ELECTRONICALLY FILED - 2025 Jun 13 10:25 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

applied, at Discharger Defendants' facilities upstream from Plaintiff's intakes on the North and South Tyger Rivers.

96.     Supplier Defendants designed and provided equipment for the use of their PFAS-containing products at Discharger Defendants' facilities upstream from Plaintiff's intakes on the North and South Tyger Rivers.

97.     Supplier Defendants jointly conducted research with Discharger Defendants for new PFAS-containing products as well as methods of using or applying these products.

98.     Supplier Defendants monitored the products manufactured by Discharger Defendants for the amount of PFAS-containing products used in the manufacture of Discharger Defendants' products in order to ensure those products met Supplier Defendants' specifications on the amount of PFAS-containing products to be used or applied.

99.     Some Supplier Defendants, including Arkema, Huntsman, and Solvay, maintained offices and/or laboratories near Discharger Defendants' facilities upstream from Plaintiff's intakes on the North and South Tyger Rivers, and all Supplier Defendants were in constant contact with the Discharger Defendants concerning the use, handling, application, and disposal of their PFAS-containing products.

100.    Employees of the Supplier Defendants were routinely present in Discharger Defendants' facilities to provide direction, support, and technical assistance concerning the use, handling, application, and disposal of Supplier Defendants' PFAS-containing products.

101.    Supplier Defendants provided information to the Discharger Defendants concerning the health and environmental impacts of Supplier Defendants' PFAS-containing products, and the Discharger Defendants, at least in part, relied on this information.

102. Supplier Defendants were familiar with the wastewater disposal practices of the Discharger Defendants' facilities, including that a portion of the Supplier Defendants' PFAS-containing products went into the Discharger Defendants' wastewater streams and that the treatment methods used by the Discharger Defendants' receiving WWTPs could not remove Defendants' PFAS from the effluent. Supplier Defendants nevertheless failed to require, instruct, advise, or otherwise direct the Discharger Defendants to dispose of their PFAS-containing wastewater in a manner that would prevent this effluent from entering surface waters and contaminating Plaintiff's property. Supplier Defendants continued to sell their PFAS-containing products to Discharger Defendants they knew or should have known were disposing of the products in an environmentally irresponsible manner.

103. Supplier Defendants have been aware for many years of the presence of their PFAS chemicals in the South, Middle, and North Tyger Rivers upstream of Plaintiff's intakes.

## V. Supplier Defendants Delayed, Suppressed, and Interfered with the Advance of Scientific Understanding and Regulation of Their PFAS Products.

104. Supplier Defendants actively worked to suppress and delay scientific understanding and government regulation of PFAS by, among other things, suppressing and altering critical internal studies documenting the harms of their PFAS-containing products, distorting public discourse on and downplaying the harmful effects of PFAS, misleading EPA on the safety of their PFAS-containing products and PFAS more generally, and hiring leaders in the scientific community to exert influence and suppress unwanted information contrary to their position.

105. Supplier Defendants, by agreement and/or tacit understanding between them, each knowingly pursued a common plan and design and/or acted in concert to market and promote products they knew to be dangerous to the environment and human health. Supplier Defendants engaged in concerted conduct for the purpose of suppressing, concealing, and minimizing

32

ELECTRONICALLY FILED - 2025 Jun 13 10:25 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

information on the risks to human health and the environment posed by PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals, and for the purpose of delaying, obstructing, and interfering with regulators' investigation and regulation of these chemicals.

106. The delay in PFAS regulation resulted directly from Supplier Defendants' concerted efforts, over decades, to conceal critical studies from the scientific community and simultaneously introduce studies and media downplaying the adverse effects of PFAS.

## VI. Old DuPont Orchestrated a Multi-Step Corporate Restructuring Designed to Shield Its Valuable Assets from Its PFAS Liabilities.

107. By 2013, Old DuPont understood that it faced massive, mounting environmental liabilities arising from its decades-long manufacture, use, marketing, sale, and distribution of PFAS, likely totaling in the billions of dollars.

108. Beginning in or around 2013, Old DuPont sought to isolate these PFAS-related liabilities from its billions of dollars in valuable assets and to evade responsibility for the environmental harms it caused. This scheme unfolded over several years and involved the creation of multiple new corporate entities.

109. The first major step in this scheme was the 2015 spinoff of Chemours, a newly formed entity that received Old DuPont's Performance Chemicals business. Along with this transfer, Old DuPont saddled Chemours with a significant portion of Old DuPont's environmental liabilities.

110. Per the separation agreement between Old DuPont and Chemours, Chemours assumed liabilities related to Old DuPont's manufacture, use, and sale of PFAS and agreed to indemnify Old DuPont against all liabilities associated with the Performance Chemicals business—regardless of when those liabilities arose and against whom those liabilities are asserted or determined.

ELECTRONICALLY FILED - 2025 Jun 13 10:25 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

ELECTRONICALLY FILED - 2025 Jun 13 10:25 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

111.    Internally, Old DuPont knew that Chemours lacked the financial resources to adequately cover the PFAS-related liabilities Old DuPont had transferred to Chemours.

112.    In 2017, Old DuPont completed a merger with The Dow Chemical Company ("Old Dow") to create DowDuPont, Inc. This so-called "merger of equals" was carefully structured to avoid exposing Old Dow's assets to Old DuPont's PFAS liabilities. Rather than a true integration, this transaction served as a temporary restructuring vehicle by which Old DuPont sought to further separate the company's valuable assets from its PFAS liabilities and other environmental obligations.

113.    Following the merger, assets were stripped out of Old DuPont and transferred to DowDuPont, which then mixed and combined the assets of Old DuPont with the assets of Old Dow. DowDuPont then recognized its business into three distinct business segments: Agriculture, Materials Science, and Specialty Products.

114.    This restructuring paved the way for the creation of three independent companies by 2019: (1) Corteva, which holds the Agriculture business and became the parent holding company of Old DuPont; (2) Dow, Inc. ("New Dow"), which holds the Materials Science business and became the parent company of Old Dow; and (3) DuPont de Nemours, Inc. (i.e., New DuPont), which was formerly known as DowDuPont and retained the Specialty Products business as well as some non-core business segments and product lines once belonging to Old DuPont.

115.    Pursuant to the separation agreement between Corteva, New Dow, and DowDuPont/New DuPont, Corteva and New DuPont have each assumed responsibility for certain Old DuPont liabilities, including Old DuPont liabilities related to PFAS.

**VII.    Defendants Have Harmed Plaintiff and Plaintiff's Community.**

34

ELECTRONICALLY FILED - 2025 Jun 13 10:25 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

116. Discharger Defendants have, for decades, discharged PFOA, PFOS, PFHxS, PFNA, PFBS, GenX Chemicals, and their precursors into the North, Middle, and South Tyger Rivers, which have caused, and continue to cause, contamination of these waters with PFAS chemicals exceeding EPA's current health advisories, MCLGs, and MCLs. Indeed, absent new treatment technologies, Plaintiff cannot use its properties and exercise its property rights to provide water that is either free of all PFOA and PFOS, or compliant with EPA's MCLs.

117. Supplier Defendants have supplied products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals to Discharger Defendants, while knowing that Discharger Defendants discharge wastewater laden with these PFAS to wastewater treatment facilities that cannot remove them from the wastewater before it is discharged to the North, Middle, and South Tyger Rivers upstream of Plaintiff's water intakes.

118. Defendants' conduct has proximately caused the contamination of the North, Middle, and South Tyger Rivers; and of Plaintiff's land, its SWTP, and its water treatment and distribution system with PFOA, PFOS, PFHxS, PFNA, PFBS, and GenX Chemicals, including PFOA and PFOS at concentrations well above EPA's MCLGs and MCLs.

119. Defendants, individually and acting through their employees and agents, and in concert with each other, have knowingly, intentionally, recklessly, and/or negligently engaged in acts and omissions that have proximately caused unreasonable interference with Plaintiff's right to use and enjoy its properties and its right to use the waters of the North and South Tyger Rivers, and have caused Plaintiff additional past, present, and future injury to property.

120. Despite knowing that there is no safe dose for PFOA or PFOS, and that PFHxS, PFNA, PFBS, and GenX Chemicals are hazardous to human health,

35

(a)    Discharger Defendants indirectly discharged industrial wastewater contaminated with these chemicals into the South, Middle, and North Tyger Rivers, which they knew or should have known contaminated Plaintiff's property; and

(b)    Supplier Defendants continued to supply these chemicals to Discharger Defendants, knowing that they indirectly discharged these chemicals into the South, Middle, and North Tyger Rivers, which Supplier Defendants knew or should have known contaminated Plaintiff's property.

## FIRST CAUSE OF ACTION

### Private Nuisance

121.    Plaintiff incorporates all prior allegations by reference as if fully set forth herein.

122.    Plaintiff is a special purpose district created for the purpose of constructing, operating, maintaining, improving, and extending a water treatment and distribution system for residents of Spartanburg County. It uses its properties for those purposes, including the withdrawal of raw water from the North and South Tyger Rivers, the treatment of raw water into potable drinking water, and the distribution of treated potable drinking water to customers in Spartanburg County.

123.    Plaintiff owns riparian property abutting the North and South Tyger Rivers, and Plaintiff has a riparian property right in the reasonable use of these waters, including for the provision of water to its customers.

124.    Through the conduct described herein, Defendants created, contributed to, and/or maintained a nuisance; that is, the contamination of the North and South Tyger Rivers with PFOA, PFOS, PFHxS, PFNA, PFBS, and GenX Chemicals at concentrations far exceeding those EPA deems unsafe for consumption.

ELECTRONICALLY FILED - 2025 Jun 13 10:25 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

ELECTRONICALLY FILED - 2025 Jun 13 10:25 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

125.    Due to Defendants' contamination, Plaintiff cannot provide water to its customers without PFAS, or even at PFAS concentrations that comply with EPA's MCLs, absent new water treatment technology.

126.    Defendants' contamination caused, contributed to, and/or maintains a nuisance that substantially and unreasonably interferes with Plaintiff's use and enjoyment of its properties, interferes with Plaintiff's properties and its property rights and riparian rights, damages Plaintiff's properties, and causes Plaintiff additional inconvenience, annoyance, and harm.

127.    Defendants, individually and acting through their employees and agents, and in concert with each other, have knowingly, intentionally, recklessly, and/or negligently engaged in conduct that unreasonably interferes with Plaintiff's property rights.

128.    As a direct and proximate result of Defendants' acts and omissions, Plaintiff has suffered, now suffers, and will continue to suffer damages related to Defendants' contamination of the North and South Tyger Rivers and Plaintiff's property, including loss in value, the cost of removing Defendants' PFAS, and other damages to be proved at trial.

129.    In addition to its claims for damages, Plaintiff is entitled to injunctive and/or equitable relief to abate the nuisance created, contributed to, and maintained by Defendants.

130.    The ongoing contamination of the North and South Tyger Rivers and Plaintiff's properties constitutes a continuing irreparable injury for which there is no adequate remedy at law. Plaintiff requests that this Court issue an order and decree requiring Defendants to fund the measures necessary to prevent these PFAS from continuing to interfere with Plaintiff's use and enjoyment of its land and its use of the North and South Tyger Rivers to supply potable water to its customers.

ELECTRONICALLY FILED - 2025 Jun 13 10:25 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

131. Defendants' interference with Plaintiff's use of its properties can be abated by funding the evaluation, testing, acquisition, installation, operation, and maintenance of new water treatment technology at Plaintiff's SWTP to remove PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemical contamination.

132. Defendants are jointly and severally liable to Plaintiff for all damages resulting from this nuisance, and the costs of its abatement, in an amount to be determined at trial, as well as punitive damages in an amount to be determined at trial, and costs and attorneys' fees.

## SECOND CAUSE OF ACTION

### Public Nuisance

133. Plaintiff incorporates all prior allegations by reference as if fully set forth herein.

134. Plaintiff is a special purpose district created for the purpose of constructing, operating, maintaining, improving, and extending a water treatment and distribution system for residents of Spartanburg County. It uses its properties for those purposes, including the withdrawal of raw water from the North and South Tyger Rivers, the treatment of raw water into potable drinking water, and the distribution of treated potable drinking water to customers in Spartanburg County.

135. Plaintiff's customers use the water Plaintiff provides for many purposes, including drinking, cooking, bathing, cleaning, washing, and watering plants and gardens.

136. Plaintiff's customers, and indeed all residents in Plaintiff's community, have a right to potable water that is reasonably pure and safe for their use—and thus free from contamination by Defendants' PFOA, PFOS, PFNA, PFHxS, PFBS, and GenX Chemicals. Defendants' contamination unreasonably interferes with, disrupts, and threatens public health, safety, and order. Indeed, EPA makes clear that there is no safe dose for consuming PFOA and PFOS.

38

ELECTRONICALLY FILED - 2025 Jun 13 10:25 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

137.    Plaintiff has sustained special injuries as a result of Defendants' public nuisance, including but not limited to, the lost use of its properties; the inability to provide potable water to customers without concentrations of PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals deemed unsafe by EPA; expenses associated with the evaluation, testing, acquisition, installation, operation, and maintenance of required treatment technologies to remove unsafe concentrations of these PFAS from water; expenses incurred in discovering and identifying sources of Defendants' contamination; interference with Plaintiff's right to use the North and South Tyger Rivers; interference with the use of Plaintiff's SWTP and water treatment and distribution systems; and lost revenue.

138.    As a direct and proximate result of Defendants' acts and omissions, Plaintiff has suffered, now suffers, and will continue to suffer special injury and damages related to Defendants' contamination of the North Tyger River, the South Tyger River, and Plaintiff's properties.

139.    Defendants, individually and acting through their employees and agents, and in concert with each other, have knowingly, intentionally, recklessly, and/or negligently engaged in conduct that unreasonably interferes with Plaintiff's property rights and endangers the health of Plaintiff's customers, consumers of Plaintiff's drinking water, and Plaintiff's community.

140.    As a result of the nuisance caused by Defendants, Plaintiff has suffered, and will continue to suffer, losses resulting from injury to its properties, including loss in value, the cost of removing Defendants' PFAS, and other damages to be proved at trial.

141.    In addition to its claims for damages, Plaintiff is entitled to injunctive and/or equitable relief to abate the nuisance created, contributed to, and maintained by Defendants.

142.    Defendants' ongoing contamination constitutes a continuing threat to public health, safety, and order, and it constitutes irreparable injury for which there is no adequate remedy at

ELECTRONICALLY FILED - 2025 Jun 13 10:25 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

law. Plaintiff requests that this Court issue an order and decree requiring Defendants to fund the measures necessary to prevent these PFAS from continuing to threaten public health and safety and ensure that Plaintiff's customers and residents of Plaintiff's community receive water free from PFAS.

143. Defendants' contamination of potable water with unsafe concentrations of PFOA, PFOS, PFHxS, PFNA, PFBS, and GenX Chemicals can be abated by requiring Defendants to fund the evaluation, testing, acquisition, installation, operation, and maintenance of new water treatment technology at Plaintiff's SWTP to remove PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemical contamination.

144. Defendants are jointly and severally liable to Plaintiff for all damages resulting from this nuisance, the costs of abatement in an amount to be determined at trial, as well as punitive damages in an amount to be determined at trial, and costs and attorneys' fees.

## THIRD CAUSE OF ACTION

### Trespass

145. Plaintiff incorporates all prior allegations by reference as if fully set forth herein.

146. Plaintiff owns, possesses, and actively exercises its right to use its land, SWTP, and related buildings, improvements, property, and equipment that make up its water treatment and distribution systems.

147. Discharger Defendants intentionally discharged and continue to discharge PFAS and/or PFAS-containing products to the Maple Creek WWTP, Lyman WWTP, and Lower North Tyger WWTP notwithstanding that they knew and/or reasonably should have known that:

(a) these WWTPs cannot remove their PFAS and/or PFAS-containing products from wastewater before discharging to the South, Middle, and North Tyger Rivers;

40

ELECTRONICALLY FILED - 2025 Jun 13 10:25 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

(b)      Plaintiff draws water from the North and South Tyger Rivers for the provision of safe potable water to its customers;

(c)      the water Plaintiff draws from the North and South Tyger Rivers is contaminated with the PFAS and/or PFAS-containing products the Discharger Defendants discharge to these WWTPs; and, thereby,

(d)      water contaminated with high concentrations of Defendants' PFAS and/or PFAS-containing products invades Plaintiff's properties.

148.    Supplier Defendants intentionally supplied and continued to supply PFAS-containing products to Discharger Defendants notwithstanding that Supplier Defendants knew and/or reasonably should have known that:

(a)      Discharger Defendants discharged and continue to discharge Supplier Defendants' PFAS-containing products and/or PFAS to WWTPs that cannot remove Supplier Defendants' PFAS-containing products and/or PFAS from wastewater before discharge to the South, Middle, and North Tyger Rivers;

(b)      Plaintiff draws water from the North and South Tyger Rivers for the provision of safe potable water to its customers;

(c)      water Plaintiff draws from the North and South Tyger Rivers is contaminated with Supplier Defendants' PFAS-containing products and/or PFAS that Discharger Defendants indirectly discharged to each river; and, thereby

(d)      water contaminated with high concentrations of Defendants' PFAS and/or PFAS-containing products invades Plaintiff's properties.

149.    Plaintiff has not consented to, and does not consent to, the invasion of its properties by water contaminated with PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals at

41

ELECTRONICALLY FILED - 2025 Jun 13 10:25 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

concentrations exceeding EPA's MCLs and MCLGs and well beyond what EPA deems unsafe for consumption.

150.    Defendants' invasions of Plaintiff's properties are continuing and ongoing, and each separate invasion of PFAS-contaminated water constitutes a new trespass each time Plaintiff's water pumps are active.

151.    Discharger Defendants intend that, while using PFAS in their industrial processes, PFAS-containing wastewater generated by those processes be discharged to the Maple Creek WWTP, Lyman WWTP, or Lower North Tyger WWTP. Discharger Defendants' conduct is wanton, willful, and in reckless disregard of Plaintiff's property and its property rights and riparian rights.

152.    Supplier Defendants intend that Discharger Defendants, while using Supplier Defendants' PFAS-containing products in their industrial processes, dispose of the resulting wastewater contaminated with Supplier Defendants' PFAS-containing products by indirectly discharging it to surface waters. Supplier Defendants' conduct is wanton, willful, and in reckless disregard of Plaintiff's property and its property rights and riparian rights.

153.    Defendants' conduct is the actual and proximate cause of the invasion of PFAS-contaminated water into Plaintiff's properties, including its land, SWTP, and related buildings, improvements, property, and equipment that make up its water treatment and distribution systems. The damage to Plaintiff's properties is the direct and proximate result of Defendants' intentional conduct.

154.    As a direct, proximate, and foreseeable result of Defendants' trespasses, Plaintiff has suffered, now suffers, and will continue to suffer invasion of its property rights and damages,

42

ELECTRONICALLY FILED - 2025 Jun 13 10:25 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

including loss in value, the cost of removing Defendants' PFAS, and other damages to be proved at trial.

155. Defendants' ongoing trespasses can be abated by requiring Defendants to fund the evaluation, testing, acquisition, installation, operation, and maintenance of new water treatment technology at Plaintiff's SWTP to remove PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemical contamination.

## FOURTH CAUSE OF ACTION

### Negligence, Gross Negligence, and/or Recklessness

156. Plaintiff incorporates all prior allegations by reference as if fully set forth herein.

157. Discharger Defendants have a duty to use due care in the handling, use, and disposal of products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals to avoid causing an unreasonable risk of harm to others, which includes preventing the direct and/or indirect discharge of these PFAS into the South, Middle, and North Tyger Rivers, thereby interfering with Plaintiff's property rights and injuring Plaintiff's property.

158. Discharger Defendants knew or should have known that the PFAS they discharged were environmentally persistent, bioaccumulative, dose-additive, and toxic; that conventional wastewater treatment technologies utilized by their wastewater treatment facilities could not remove their PFAS; and that surface waters—including the South, Middle, and North Tyger Rivers—were vulnerable to the contamination that has taken and now takes place.

159. Discharger Defendants nonetheless negligently, recklessly, wantonly, and/or willfully breached their duty in causing products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals to escape their premises and contaminate the North, Middle, and South Tyger Rivers, thereby interfering with Plaintiff's property rights and injuring Plaintiff's property.

43

160. Supplier Defendants have a duty to use due care in the manufacturing, formulation, handling, control, disposal, labeling, and creation and dissemination of requirements and instructions for the use and disposal of products containing or that degrade to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals to ensure the proper use and disposal of these products and prevent their improper use and disposal.

161. Supplier Defendants had superior knowledge that their PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals contained in or degrading from their products were environmentally persistent, bioaccumulative, dose-additive, and toxic; that conventional wastewater treatment technologies utilized by wastewater treatment facilities could not remove these PFAS; that conventional water treatment technologies utilized by water systems like Plaintiff's could not remove these PFAS; and that surface waters, including the South, Middle, and North Tyger Rivers, were vulnerable to the contamination that now takes place.

162. By continually supplying their PFAS-containing products without providing their customers with proper instruction and/or direction on appropriate PFAS disposal measures, or otherwise preventing the discharge of their PFAS to surface waters, Supplier Defendants breached their duty of care and negligently, recklessly, wantonly, and willfully created the risk that their PFAS would contaminate the South, Middle, and North Tyger Rivers, thereby interfering with Plaintiff's property rights and injuring Plaintiff's property.

163. As a direct, proximate, and foreseeable result of Defendants' conduct, practices, actions, omissions, and inactions, Plaintiff has suffered, and will continue to suffer, losses resulting from injury to its properties, including but not limited to loss in value; the cost of removing Defendants' PFAS; the costs of evaluating, testing, acquiring, installing, operating, and

44

ELECTRONICALLY FILED - 2025 Jun 13 10:25 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

ELECTRONICALLY FILED - 2025 Jun 13 10:25 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

maintaining water treatment technologies capable of removing Defendants' PFAS; and other damages to be proved at trial.

164. Defendants are jointly and severally liable to Plaintiff for all damages resulting from their conduct, practices, actions, omissions, and inactions, in an amount to be determined at trial, as well as punitive damages in an amount to be determined at trial, and costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

### Strict Products Liability – Failure to Warn
### (Supplier Defendants)

165. Plaintiff incorporates all prior allegations by reference as if fully set forth herein.

166. Supplier Defendants design, manufacture, formulate, promote, market, and/or distribute products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals.

167. Supplier Defendants' products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals are used by Discharger Defendants in a reasonably foreseeable manner and without substantial change in the condition of such products, and Supplier Defendants knew that Discharger Defendants purchase and use their products without inspection for defects.

168. Supplier Defendants knew that the use of their products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals purchased or otherwise acquired from them would result in their products being discharged to surface waters, and thereby enter and contaminate the source of water from which Plaintiff draws water and Plaintiff's SWTP and related buildings, improvements, property, and equipment that make up its water treatment and distribution system.

45

ELECTRONICALLY FILED - 2025 Jun 13 10:25 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

169.    Supplier Defendants knew that their products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals were environmentally persistent and bioaccumulative, that not all of their products are exhausted or adhere in Discharger Defendants' applications, that a portion of their products enter wastewater and are thus discharged via Discharger Defendants' sewer pipes, and that wastewater treatment facilities utilize conventional wastewater treatment methods that cannot remove their products from wastewater before it is discharged to surface waters that Plaintiff relies on to supply potable water to the public, making Supplier Defendants' products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals unreasonably dangerous.

170.    Despite the known and/or foreseeable risk of contaminating potable water sources and Plaintiff's properties, Supplier Defendants fail to provide adequate warnings to Discharger Defendants and other users or to take any other precautionary measure to mitigate these hazards.

171.    Supplier Defendants fail to adequately describe such dangers or provide precautionary statements regarding such hazards, and they fail to provide instruction or direction on the proper disposal of products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals in the labeling of their products.

172.    As a direct and proximate result of Supplier Defendants' failure to warn of the dangers and hazards posed by discharging their products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals, such PFAS have damaged Plaintiff's SWTP and related buildings, improvements, property, and equipment that make up its water treatment and distribution system, and Plaintiff is unable to provide potable water free from contamination with these chemicals.

ELECTRONICALLY FILED - 2025 Jun 13 10:25 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

173.    As a direct, proximate, and foreseeable result of Supplier Defendants' conduct, practices, actions, omissions, and inactions, Plaintiff has suffered, and will continue to suffer, losses resulting from injury to its properties, including loss in value; the cost of removing Supplier Defendants' PFAS; the costs of evaluating, testing, acquiring, installing, operating, and maintaining water treatment technologies capable of removing Supplier Defendants' PFAS; and other damages to be proved at trial.

174.    Supplier Defendants committed each of the above-described acts and omissions knowingly, willfully, and with oppression, fraud, and/or malice. Their conduct was performed to promote sales of their products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals in conscious disregard of the probable dangerous consequences of their conduct and the reasonably foreseeable impacts on public health and property.

## SIXTH CAUSE OF ACTION

### Strict Products Liability – Ultrahazardous Activity
### (Supplier Defendants)

175.    Plaintiff incorporates all prior allegations by reference as if fully set forth herein.

176.    PFOA, PFOS, PFHxS, PFNA, PFBS, and GenX Chemicals are unreasonably dangerous to humans and the environment.

177.    Supplier Defendants manufactured, formulated, handled, sold, and/or distributed products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals to Discharger Defendants, knowing that these PFAS have been, and are presently, discharged to surface waters, and thereby enter and contaminate the source of water from which Plaintiff draws water and Plaintiff's SWTP and related buildings, improvements, property, and equipment that make up its water treatment and distribution system.

47

ELECTRONICALLY FILED - 2025 Jun 13 10:25 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

178.     Rather than require the proper disposal of products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals, Supplier Defendants required or permitted Discharger Defendants to discharge these products, which they knew to be hazardous, to surface waters upstream from Plaintiff's SWTP and related buildings, improvements, property, and equipment that make up its water treatment and distribution system.

179.     Supplier Defendants knew that PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals were environmentally persistent, bioaccumulative, dose-additive, and toxic; and Supplier Defendants knew there was no safe dose of PFOA or PFOS.

180.     Supplier Defendants knew or expected that these hazardous PFAS that they were manufacturing, formulating, handling, selling, and/or distributing would reach Plaintiff's SWTP and related buildings, improvements, property, and equipment that make up its water treatment and distribution system while in essentially the same condition as when they left the hands of Supplier Defendants.

181.     Supplier Defendants manufactured, formulated, handled, sold, and/or distributed their products that were dangerous and unsafe for the uses and purposes for which they were intended despite knowing the consequences of their use and of exposure to their products.

182.     Supplier Defendants or their agents were responsible for the unreasonably dangerous products sold and distributed to Discharger Defendants and received financial benefits from their sale and distribution.

183.     As a direct, proximate, and foreseeable result of Supplier Defendants' ultrahazardous activities, their PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals have damaged Plaintiff's SWTP and related buildings, improvements, property, and equipment that make up its water treatment and distribution system, and Plaintiff is unable to provide potable

48

ELECTRONICALLY FILED - 2025 Jun 13 10:25 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

water free from contamination with these chemicals at concentrations reasonably safe for consumption.

184.    As a direct, proximate, and foreseeable result of Supplier Defendants' ultrahazardous activities, Plaintiff has suffered, and will continue to suffer, losses resulting from injury to its properties, including loss in value; the cost of removing Supplier Defendants' PFAS; the costs of evaluating, testing, acquiring, installing, operating, and maintaining water treatment technologies capable of removing Supplier Defendants' PFAS; and other damages to be proved at trial.

185.    Supplier Defendants committed each of the above-described acts and omissions knowingly, willfully, and with oppression, fraud, and/or malice. Their conduct was performed to promote sales of their products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals in conscious disregard of the probable dangerous consequences of their conduct and the reasonably foreseeable impacts on public health and property.

## SEVENTH CAUSE OF ACTION

### Strict Products Liability – Design Defect
### (Supplier Defendants)

186.    Plaintiff incorporates all prior allegations by reference as if fully set forth herein.

187.    PFOA, PFOS, PFHxS, PFNA, PFBS, and GenX Chemicals are unreasonably dangerous to humans and the environment.

188.    Supplier Defendants knew that Discharger Defendants would purchase and use their products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals without inspection for defects.

189.    Supplier Defendants' products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals have been, and are presently, discharged to surface waters,

49

ELECTRONICALLY FILED - 2025 Jun 13 10:25 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

and thereby enter and contaminate the source of water from which Plaintiff draws water and Plaintiff's SWTP and related buildings, improvements, property, and equipment that make up its water treatment and distribution system.

190. Supplier Defendants' products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals were used in a reasonably foreseeable manner and without substantial change in their condition.

191. Supplier Defendants knew that the use of their products containing or degrading to these PFAS in their intended manner would result in PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals contaminating the source of water from which Plaintiff draws water and Plaintiff's SWTP and related buildings, improvements, property, and equipment that make up its water treatment and distribution system.

192. Supplier Defendants' products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals sold and/or distributed to Discharger Defendants were and are defective in design and unreasonably dangerous for their intended use because:

(a) PFAS resist environmental degradation;

(b) PFAS cause extensive and persistent surface water contamination when used and discharged to surface waters in their foreseeable and intended manner;

(c) PFAS contamination in drinking water poses significant threats to public health and property; indeed, there is no safe dose of PFOA or PFOS in drinking water;

(d) Supplier Defendants failed to conduct and/or failed to disclose reasonable, appropriate, and/or adequate scientific studies to evaluate the environmental fate and transport and potential human health effects of PFAS; and

ELECTRONICALLY FILED - 2025 Jun 13 10:25 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

(e)    There are and were safe or safer alternatives to PFAS that Supplier Defendants could have employed in their products.

193.    Supplier Defendants' products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals were and are dangerous to a degree beyond that which was and is contemplated by the ordinary consumer.

194.    The foreseeable risk of harm to public health and property posed by Supplier Defendants' products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals outweighed and outweigh the utility of such products and the cost to Supplier Defendants of reducing or eliminating those risks.

195.    A reasonable product manufacturer would have known of the significant dangers posed by Supplier Defendants' products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals.

196.    As a direct, proximate, and foreseeable result of the use of Supplier Defendants' defective and unsafe products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals, these PFAS have damaged Plaintiff's SWTP and related buildings, improvements, property, and equipment that make up its water treatment and distribution system, and Plaintiff is unable to provide potable water free from contamination with these chemicals at concentrations reasonably safe for consumption.

197.    As a direct, proximate, and foreseeable result of the use of Supplier Defendants' defective and unsafe products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals, Plaintiff has suffered, and will continue to suffer, losses resulting from injury to its properties, including loss in value; the cost of removing Supplier Defendants' PFAS; the costs of evaluating, testing, acquiring, installing, operating, and maintaining water treatment

51

ELECTRONICALLY FILED - 2025 Jun 13 10:25 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

technologies capable of removing Supplier Defendants' PFAS; and other damages to be proved at trial.

198.    Supplier Defendants committed each of the above-described acts and omissions knowingly, willfully, and with oppression, fraud, and/or malice. Their conduct was performed to promote sales of their products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals in conscious disregard of the probable dangerous consequences of their conduct and the reasonably foreseeable impacts on public health and property.

## EIGHTH CAUSE OF ACTION

### Breach of Implied Warranties
### (Supplier Defendants)

199.    Plaintiff incorporates all prior allegations by reference as if fully set forth herein.

200.    Supplier Defendants manufacture, sell, and distribute products to be used in Discharger Defendants' ordinary industrial applications with knowledge of the purposes for which Discharger Defendants use their products.

201.    Supplier Defendants' products include those that contain or degrade to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals, and Supplier Defendants know or have reason to know that such products are not fit for the known and ordinary uses at Discharger Defendants' facilities.

202.    Supplier Defendants know that Discharger Defendants indirectly discharge Supplier Defendants' products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals to surface waters, including the North, Middle, and South Tyger Rivers.

203.    Supplier Defendants know that PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals are environmentally persistent, bioaccumulative, dose-additive, and toxic, and Supplier Defendants know there is no safe dose of PFOA or PFOS.

204. Supplier Defendants have breached applicable implied warranties, and as a result, Plaintiff's SWTP and related buildings, improvements, property, and equipment that make up its water treatment and distribution system are contaminated with Defendants' PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals, and Plaintiff is unable to provide potable water free from contamination with these chemicals at concentrations reasonably safe for consumption.

205. As a direct, proximate, and foreseeable result of Supplier Defendants' breaches of implied warranties, Plaintiff has suffered, and will continue to suffer, losses resulting from injury to its properties, including loss in value; the cost of removing Supplier Defendants' PFAS; the costs of evaluating, testing, acquiring, installing, operating, and maintaining water treatment technologies capable of removing Supplier Defendants' PFAS; and other damages to be proved at trial. Plaintiff is entitled to damages in an amount that will address its damages caused by Supplier Defendants' breaches of implied warranties.

### **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands trial by jury, and respectfully requests that the Court grant the following relief where available:

(a) Enter a judgment and decree against all Defendants, jointly and severally, requiring them to abate the nuisance they have caused, created, and maintained;

(b) Enter a judgment and decree against all Defendants, jointly and severally, requiring them to abate their trespasses onto Plaintiff's property;

(c) Enter a judgment and decree against all Defendants, jointly and severally, requiring them to remove their PFOA, PFOS, PFHxS, PFNA, PFBS, and GenX chemicals from Plaintiff's water system by funding the evaluation, testing, acquisition, installation, operation, and maintenance of treatment technology capable of removing them;

ELECTRONICALLY FILED - 2025 Jun 13 10:25 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

ELECTRONICALLY FILED - 2025 Jun 13 10:25 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

(d)    Enter a judgment against all Defendants, jointly and severally, for past, present, and future compensatory damages in such amounts as the evidence shows Plaintiff to be justly entitled to recover, including interest and reasonable attorneys' fees and litigation expenses, and punitive damages, as applicable, in an amount sufficient to punish and penalize Defendants, and to deter them from repeating their wrongful conduct, and all costs; and

(e)    Award such other relief and further relief as this Court deems just, proper, and equitable.

Respectfully submitted,

*/s/ John B. White. Jr.*
John B. White, Jr. (S.C. Bar No. 5996)
Marghretta H. Shisko (S.C. Bar No. 100106)
Christopher R. Jones (S.C. Bar No. 101265)
Griffin L. Lynch (S.C. Bar No. 72518)
John B. White, Jr., P.A.
291 S. Pine Street
P.O. Box 2465 (29304)
Spartanburg, SC 29302
(864) 594-5988
jwhite@johnbwhitelaw.com
mshisko@johnbwhitelaw.com
cjones@johnbwhitelaw.com
glynch@johnbwhitelaw.com

*Attorneys for Plaintiff*

June 12, 2025

ELECTRONICALLY FILED - 2025 Jun 16 10:53 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

STATE OF SOUTH CAROLINA
COUNTY OF SPARTANBURG

IN THE COURT OF COMMON PLEAS
SEVENTH JUDICIAL CIRCUIT

IN RE:
PFAS LITIGATION COORDINATED DOCKET

_____

Woodruff-Roebuck Water District,

*Plaintiff*,

v.

AFL Telecommunications, LLC; AGC Chemicals Americas, Inc.; Arkema, Inc.; Clariant Corporation; Corteva, Inc.; Cryovac, Inc.; Cryovac, LLC; Daikin America, Inc.; DuPont de Nemours, Inc.; EIDP, Inc.; GTI Chemical Solutions, Inc.; GTI Chemical Solutions, LLC; Huntsman International, LLC; MOCOM Compounds Corporation; Plastic Omnium Auto Exteriors, LLC; Solvay Specialty Polymers USA, LLC; Springs Industries, LLC; Starchem, LLC; The Chemours Company; Toray Composite Materials America, Inc.; and Waste Management of South Carolina, Inc.,

*Defendants*.

C.A. No. 2024-CP-42-02480

**[PROPOSED] ORDER GRANTING PLAINTIFF'S
MOTION FOR LEAVE TO AMEND**

This matter came before the Court on Plaintiff's Motion for Leave to Amend pursuant to Rule 15(a), SCRCP, which Plaintiff Woodruff-Roebuck Water District ("Plaintiff") filed in this matter on June 12, 2025. Along with filing the Motion for Leave to Amend, Plaintiff filed the proposed Second Amended Summons and Complaint. Having reviewed and considered Plaintiff's Motion and the proposed Second Amended Summons and Complaint, the Court finds that Plaintiff

ELECTRONICALLY FILED - 2025 Jun 16 10:53 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

should be granted leave to amend the summons and complaint in this matter and GRANTS Plaintiff's Motion for Leave to Amend for the following reasons:

Rule 15(a) of the South Carolina Rules of Civil Procedure governs the amendment of pleadings. The Rule permits a party to amend its pleadings more than "30 days after a responsive pleading is served" if the party obtains either written consent from the adverse parties or leave of court, "and leave shall be freely given when justice so requires and does not prejudice any other party." Rule 15(a), SCRCP. "This rule strongly favors amendments and the court is encouraged to freely grant leave to amend." *Parker v. Spartanburg Sanitary Sewer Dist.*, 362 S.C. 276, 286, 607 S.E.2d 711, 717 (Ct. App. 2005). South Carolina's Rule 15(a) "is substantially the same as the Federal Rule, . . . and the Supreme Court of the United States has referred to the Rule's 'freely given' provision as a 'mandate' that 'is to be heeded.'" *Patton v. Miller*, 420 S.C. 471, 490, 804 S.E.2d 252, 262 (2017) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The party opposing a motion for leave to amend has the burden to establish prejudice—i.e., "a lack of notice that the new issue is to be tried and a lack of opportunity to refute it." *Stanley v. Kirkpatrick*, 357 S.C. 169, 175, 592 S.E.2d 296, 2986 (2004); *see also Health Promotion Specialists, LLC v. S.C. Bd. of Dentistry*, 403 S.C. 623, 632, 743 S.E.2d 808, 812 (2013) ("A motion to amend is within the sound discretion of the trial judge and the opposing party has the burden of establishing prejudice.").

Here, Plaintiff filed the summons and complaint on June 18, 2024, and Plaintiff filed an amended summons and complaint on July 8, 2024. However, the case was removed to federal court on August 26, 2024, and it was just recently remanded and reinstated in state court on June 6, 2025. Now that the case has been remanded, Plaintiff seeks leave of this Court to amend the summons and complaint to substitute a new defendant for two existing defendants, remove two defendants that Plaintiff has voluntarily dismissed from the action, add several PFAS

2

ELECTRONICALLY FILED - 2025 Jun 16 10:53 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

manufacturers/suppliers and dischargers as defendants, and update certain factual allegations. Before seeking leave of Court, Plaintiff sought the written consent of the previously named defendants to amend, and none of the defendants expressed any objection or opposition to Plaintiff's proposed Second Amended Summons and Complaint. Further, the previously named defendants consent to the entry of this Order.

Under the circumstances, the Court finds that Plaintiff should be granted leave to amend pursuant to Rule 15(a), SCRCP, and consistent with South Carolina law. The Second Amended Summons and Complaint will not prejudice any party, and no party has expressed opposition to the amendment or demonstrated a valid reason for denying Plaintiff's Motion for Leave to Amend. Therefore, the Court exercises its discretion to expedite its decision on the Motion and decide this matter without a hearing so that Plaintiff may proceed with service of the Second Amended Summons and Complaint without delay. *See* Rule 1, SCRCP.

THEREFORE, IT IS ORDERED that Plaintiff's Motion for Leave to Amend is GRANTED. The Court further ORDERS that: Plaintiff's Second Amended Summons and Complaint, filed June 12, 2025, are the operative pleadings in this matter; Defendants Springs Industries, Inc. and M. Lowenstein Corporation shall be removed from the case caption as a named defendant and substituted with Defendant Springs Industries, LLC; Defendants Roebuck Disposal, LLC and Synthomer USA, LLC shall be removed from the case caption as named defendants; the new defendants named in the Second Amended Summons and Complaint are added as parties to this action and shall be listed as named defendants in the case caption; Plaintiff may serve the Second Amended Summons and Complaint on the defendants named therein in accordance with the South Carolina Rules of Civil Procedure; and Springs Industries, LLC and the previously

3

named defendants shall have 30 days from the date of the entry of this Order to plead or otherwise

respond to Plaintiff's Second Amended Summons and Complaint.


*Judge's Signature Page Follows*

ELECTRONICALLY FILED - 2025 Jun 16 10:53 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

ELECTRONICALLY FILED - 2025 Jun 16 10:53 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480



Spartanburg Common Pleas

**Case Caption:**     Woodruff-Roebuck Water District VS   Gti Chemical Solutions, Inc. , defendant, et al

**Case Number:**     2024CP4202480

**Type:**     Order/Leave to Amend


IT IS SO ORDERED.

S/GRACE GILCHRIST KNIE - 2760


Electronically signed on 2025-06-13 15:17:06     page 5 of 5

20240CP4202480

**Other Events**
2:24-cv-04618-RMG Woodruff-Roebuck Water District v. AFL Telecommunications LLC et al
**CASE CLOSED on 06/05/2025**

CLOSED,JURY,MDL

## U.S. District Court

## District of South Carolina

**Notice of Electronic Filing**

The following transaction was entered on 6/5/2025 at 3:49 PM EDT and filed on 6/5/2025
Case Name:    Woodruff-Roebuck Water District v. AFL Telecommunications LLC et al
Case Number:    2:24-cv-04618-RMG
Filer:
WARNING: CASE CLOSED on 06/05/2025
Document Number: 22

**Docket Text:**
**\*\*\*DOCUMENT E-MAILED and \*\*\*DOCUMENT MAILED [20] certified filed copy of Order to Remand to State Court, to acox@spartanburgcounty.org and placed in U.S. Mail from Charleston Clerks Office to Clerk of Court Spartanburg County PO Box 3483 Spartanburg, SC 29304-3483 (sshe, )**

**2:24-cv-04618-RMG Notice has been electronically mailed to:**

Elizabeth Bartlett Partlow    beth@partlowlaw.com, elizabethbpartlow@gmail.com

John Belton White, Jr    jwhite@johnbwhitelaw.com, droberts@johnbwhitelaw.com, glynch@johnbwhitelaw.com, mshisko@johnbwhitelaw.com, nrice@johnbwhitelaw.com

Joseph Calhoun Watson    cwatson@robinsongray.com, cevans@robinsongray.com, cnygord@robinsongray.com, dcarmichael@robinsongray.com, hjacobs@robinsongray.com, pcallari@robinsongray.com

Thomas McRoy Shelley, III    roy.shelley@rogerstownsend.com, erin.sweatman@rogerstownsend.com

Rik S Tozzi    rik.tozzi@burr.com

Jennifer Hess Thiem    jennifer.thiem@klgates.com, Electronic.Service@klgates.com, gwyn.martin@klgates.com, litigation.docketing@klgates.com, susan.hampton@klgates.com

Marghretta Hagood Shisko    mshisko@johnbwhitelaw.com, nrice@johnbwhitelaw.com

John G. Tamasitis    jtamasitis@williamsmullen.com, jewatson@williamsmullen.com, kmartin rothrock@williamsmullen.com, styer@williamsmullen.com

David Ross Clarke    dclarke0711@gmail.com

Christopher Rutledge Jones    cjones@johnbwhitelaw.com, crjlegal@gmail.com

Jordan Nichole Teich    jteich@csvl.law, abrantner@csvl.law, esion@csvl.law, kdroyal@csvl.law

Glenn Wade Leach, III    wleach@burr.com, aackbersingh-teed@burr.com

Sarah Cameron Frierson    sfrierson@robinsongray.com, cevans@robinsongray.com, cnygord@robinsongray.com, dcarmichael@robinsongray.com, hjacobs@robinsongray.com, pcallari@robinsongray.com

Hannah Elizabeth Smith    hsmith@csvl.law, tammon@csvl.law

Caleigh Miller Hart    chart@lgwmlaw.com

Allison Bendall Kazan    abendall@lgwmlaw.com

William Edwin Taylor, III    wtaylor@lgwmlaw.com

Elliott B Monroe    bmonroe@lgwmlaw.com

**2:24-cv-04618-RMG Notice will not be electronically mailed to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1091130295 [Date=6/5/2025] [FileNumber=12496116-0
] [24235bcfa528268ce9ec2b5fb1fc3366bf436f49f9363c0f79cc0933280ad38f8b5
794a0a4404ba3c9fc30d558f2306450fb573bbb55d9f591d877b19242d964]]

FILED
2025 JUN 24  PH 12: 22
AMY W. COX
CLERK OF COURT
SPARTANBURG COUNTY

CM/ECF - scd                                                    https://scd-ecf.sso.dcn/cgi-bin/Dispatch.pl?954696053345942

## Orders on Motions

2:18-mn-02873-RMG In Re
Aqueous Film-Forming Foams
Products Liability Litigation MDL
2873

APPEAL,JURY,LEAD,MDL



A TRUE COPY
ATTEST: ROBIN L. BLUME, CLERK

BY: *Sandra S. Shealy*

DEPUTY CLERK

### U.S. District Court

### District of South Carolina

## Notice of Electronic Filing

The following transaction was entered on 6/5/2025 at 3:26 PM EDT and filed on 6/5/2025
**Case Name:**       In Re Aqueous Film-Forming Foams Products Liability Litigation MDL 2873
**Case Number:**   2:18-mn-02873-RMG
**Filer:**
**Document Number:** 7286(No document attached)

**Docket Text:**
**TEXT ORDER The Parties in 2:24-cv-04618-RMG filed a joint stipulation to remand
their action back to the South Carolina Court of Common Pleas for Spartanburg
County. (Dkt. No. 19 in 2:24-cv-04618; Dkt. No. [7257] in 2:18-mn-2873). In light of
the stipulation, the Court remands 2:24-cv-04618-RMG to state court. Plaintiff's
motion to remand (Dkt. No. 8 in 2:24-cv-04618; Dkt. No. [6173] in 2:18-mn-02873-
RMG) is denied as moot. AND IT IS SO ORDERED. Entered at the Direction of
Honorable Richard M Gergel on 6/5/2025.Associated Cases: 2:18-mn-02873-RMG,
2:24-cv-04618-RMG(sshe, )**

**Case Name:**       Woodruff-Roebuck Water District v. AFL Telecommunications LLC et al
**Case Number:**   2:24-cv-04618-RMG
**Filer:**
**Document Number:** 20(No document attached)

**Docket Text:**
**TEXT ORDER The Parties in 2:24-cv-04618-RMG filed a joint stipulation to remand
their action back to the South Carolina Court of Common Pleas for Spartanburg
County. (Dkt. No. 19 in 2:24-cv-04618; Dkt. No. [7257] in 2:18-mn-2873). In light of
the stipulation, the Court remands 2:24-cv-04618-RMG to state court. Plaintiff's
motion to remand (Dkt. No. 8 in 2:24-cv-04618; Dkt. No. [6173] in 2:18-mn-02873-
RMG) is denied as moot. AND IT IS SO ORDERED. Entered at the Direction of
Honorable Richard M Gergel on 6/5/2025.Associated Cases: 2:18-mn-02873-RMG,
2:24-cv-04618-RMG(sshe, )**

2:18-mn-02873-RMG Notice has been electronically mailed to:

2025 JUN 24  PH 12: 22

FILED

1 of 13                                                                                  6/5/2025, 3:31 PM

David Eidson Dukes    david.dukes@nelsonmullins.com, amanda.kitts@nelsonmullins.com, caroline.middlebrooks@nelsonmullins.com, natalie.butrym@nelsonmullins.com, wes.moran@nelsonmullins.com

Alexander M Bullock    abullock@ktslaw.com, moroberts@kilpatricktownsend.com

Joseph F Rice    jrice@motleyrice.com, gworthington@motleyrice.com

Fred Thompson, III    fthompson@motleyrice.com, dhoyle@motleyrice.com, jcrum@motleyrice.com, mbessis@motleyrice.com

Stanley Eugene Barnett    stan.barnett@yahoo.com, stanleyb@s3blaw.com

Ronald K Wray, II    rwray@gwblawfirm.com, ebehymer@gwblawfirm.com

Kevin Kendrick Bell    kbell@robinsongray.com, dcarmichael@robinsongray.com, mlayton@robinsongray.com, thawkins@robinsongray.com, vcordoni@robinsongray.com

Deborah B Barbier    dbb@deborahbarbier.com

Molly Hood Craig    molly.craig@hoodlaw.com, Info@hoodlaw.com

Robert H Jordan    robertjordan@parkerpoe.com, celestemallett@parkerpoe.com, jeslynharvey@parkerpoe.com, robertosborne@parkerpoe.com

Robert Bruce Wallace    bwallace@maynardnexsen.com, Anne.Johnson@maynardnexsen.com, MTrevino@maynardnexsen.com

George V Hanna, IV    ghanna@hnblaw.com

Alice W Parham Casey    tcasey@wyche.com, cpegler@wyche.com, crawls@wyche.com, sdavis@wyche.com

Elissa J Preheim    elissa.preheim@arnoldporter.com, ecf-89922c8b8691@ecf.pacerpro.com, edocketscalendaring@arnoldporter.com, maouscourts@arnoldporter.com

Steven D Weber    steveweber@parkerpoe.com, clairedancey@parkerpoe.com, fernpaterson@parkerpoe.com, janicestafford@parkerpoe.com

Amanda S Kitts    amanda.kitts@nelsonmullins.com, james.merideth@nelsonmullins.com, kim.lanier@nelsonmullins.com, marylouise.snipes@nelsonmullins.com, natalie.butrym@nelsonmullins.com

James B Hood    james.hood@hoodlaw.com, info@hoodlaw.com

Jason Robert Benton    jasonbenton@parkerpoe.com, vickiburn@parkerpoe.com

Merritt G Abney    merritt.abney@nelsonmullins.com, donna.mills@nelsonmullins.com, lauren.lynch@nelsonmullins.com, margaret.marks@nelsonmullins.com

Brian C Duffy    bduffy@duffyandyoung.com, supportstaff@duffyandyoung.com

AMY W. COX
SPARTANBURG COUNTY
CLERK OF COURT
2025 JUN 24 PH 12: 22
FILED

6/5/2025, 3:31 PM

James F Bogan, III    jbogan@kilpatricktownsend.com

Kristin V Gallagher    kgallagher@cmk.com

Geoffrey William Gibbon    Geoff@fayssouxlaw.com, Kristen@fayssouxlaw.com

Mary Katherine Hackney Stukes    marykatherinestukes@mvalaw.com, madisongilbert@mvalaw.com, marthaefird@mvalaw.com, piercewerner@mvalaw.com, tiffanypayne@mvalaw.com

Robert L Joyce    robert.joyce@littletonjoyce.com

Lindsey Bowen Mann    lindsey.mann@troutman.com, katie.keranen@troutman.com

Matthew D Thurlow    matthew.thurlow@morganlewis.com, april.knight@morganlewis.com

Stephen P Ellenbecker    ellenbeckers@jbltd.com

Stephen D Feldman    sfeldman@robinsonbradshaw.com, docketing@robinsonbradshaw.com

Jason Severin Smith    js@hellmanyates.com, scb@hellmanyates.com, scp@hellmanyates.com

Charles E Raynal, IV    charlesraynal@parkerpoe.com, kathythompson@parkerpoe.com, maryseawell@parkerpoe.com, rosedarden@parkerpoe.com

Mark Steven Cheffo    mark.cheffo@dechert.com, Brett.Stone@dechert.com, David.Weinraub@dechert.com, Douglas.Fleming@dechert.com, Michael.Lebair@dechert.com, Rachel.Passaretti-Wu@dechert.com, antonella.capobianco-ranallo@dechert.com, bert.wolff@dechert.com

Adria Conklin    Adria.conklin@pcwlawllc.com, Nichole.pullen@pcwlawllc.com, renee.baswell@pcwlawllc.com

Theodore M Grossman    tgrossman@jonesday.com

Michael A London (Terminated)    mlondon@douglasandlondon.com, gdouglas@douglasandlondon.com, hmurphy@douglasandlondon.com, kmarrera@douglasandlondon.com, lferrante@douglasandlondon.com, lmaldonado@douglasandlondon.com, lsay@douglasandlondon.com, pratzki@douglasandlondon.com, rnewman@douglasandlondon.com, tgoddard@douglasandlondon.com, tkunkle@douglasandlondon.com

Rachael Lewis Anna    ranna@wyche.com, rchristopher@wyche.com, rhorton@wyche.com, sbazzle@wyche.com, sdavis@wyche.com, swascom@wyche.com

Amanda Pickens Nitto    anitto@robinsonbradshaw.com, docketing@robinsonbradshaw.com

Addie K S Ries    aries@smithlaw.com, cbona@smithlaw.com, djsmith@smithlaw.com, jpfister@smithlaw.com, jragan@smithlaw.com, kwarner@smithlaw.com

Kevin Scott Hannon    khannon@singletonschreiber.com, akarcz@singletonschreiber.com, environmentalparalegals@singletonschreiber.com, jmiranda@singletonschreiber.com, ysantana@singletonschreiber.com

Laura A Sexton    lsexton@goldmanismail.com, 5294989420@filings.docketbird.com,

AMY W. COX
SPARTANBURG COUNTY
CLERK OF COURT
2025 JUN 24 PH 12: 22
FILED

dtuttle@goldmanismail.com, lgehrs@goldmanismail.com, rnastase@goldmanismail.com, sdeokule@goldmanismail.com, spope@goldmanismail.com

Gregory Lee Skidmore    gskidmore@robinsonbradshaw.com, ablosser@robinsonbradshaw.com, docketing@robinsonbradshaw.com, phowell@robinsonbradshaw.com, tmixon@robinsonbradshaw.com

Tyler D Alfermann    talfermann@mayerbrown.com, 7130076420@filings.docketbird.com, cnotification@mayerbrown.com

Keith Edward Smith    smithkei@gtlaw.com, cahilla@gtlaw.com, naussnerj@gtlaw.com

Richard F Bulger    rbulger@mayerbrown.com, 3323365420@filings.docketbird.com, PFAS_Pleadings@zestediscovery.com, cnotification@mayerbrown.com

Michael A Olsen    molsen@mayerbrown.com, 1024489420@filings.docketbird.com, cnotification@mayerbrown.com

Joseph G Petrosinelli    jpetrosinelli@wc.com, ksamuelson@wc.com, lmontgomery@wc.com, lrome@wc.com, skramer@wc.com

Daniel Leslie Ring    dring@mayerbrown.com, 4179295420@filings.docketbird.com, cnotification@mayerbrown.com

Jonathan Isaac Handler (Terminated)    jihandler@daypitney.com, dcovino@daypitney.com, kbensten@daypitney.com

Alan Jon Knauf    aknauf@nyenvlaw.com, Docket@nyenvlaw.com, mvalle@nyenvlaw.com

Amy K Kendall    akendall@nyenvlaw.com

Jacqueline Liat Rome    lrome@wc.com

Scott Summy    ssummy@baronbudd.com, 8446743420@filings.docketbird.com, cburkepickrel@baronbudd.com, emcintosh@baronbudd.com, erojo@baronbudd.com, lcollins@baronbudd.com, lphilpott@baronbudd.com, spetersen@baronbudd.com

Erin K Dickinson    ekd@cruegerdickinson.com

Mark A Chertok    mchertok@sprlaw.com

Margaret Holden    mholden@sprlaw.com

Elizabeth Knauer    eknauer@sprlaw.com

Bennett T Richardson    btrichardson@kilpatricktownsend.com

Kyle J McGee    kmcgee@gelaw.com, 6410019420@filings.docketbird.com

Nicholas Rigano    nrigano@riganollc.com

Daniel A Spira    dspira@sidley.com, daniel-spira-5955@ecf.pacerpro.com, efilingnotice@sidley.com

AMY W. COX
CLERK OF COURT
SPARTANBURG COUNTY

2025 JUN 24  PM 12: 23

FILED

Scott A Clark   sclark@bfwlaw.com, jjohnson@bfwlaw.com, scanner@bfwlaw.com

Gwen Farley   gwen.farley@dol.lps.state.nj.us

Laura B Murphy   laura.murphy@vermont.gov, natasha.sala@vermont.gov

Matthew F Pawa   mp@pawalaw.com, dphelan@seegerweiss.com

Christopher G Aslin   christopher.aslin@doj.nh.gov

William J Jackson   bjackson@kelleydrye.com, docketing@kelleydrye.com

Jonathan B Blakley   jblakley@grsm.com, aflores@grsm.com

Katherine LI Hacker   kat.hacker@bartlitbeck.com

David R Erickson   derickson@shb.com, hgreen@shb.com, sdrum@shb.com

Margaret Raymond-Flood   mrflood@norris-law.com, pdonahue@norris-law.com

Martha N Donovan   mndonovan@norris-law.com

Matthew A Holian   matt.holian@us.dlapiper.com, catherine-orth-1390@ecf.pacerpro.com, matthew-holian-6478@ecf.pacerpro.com

David B Dwerlkotte   dbdwerlkotte@shb.com, NJSMITH@shb.com, amcrouch@shb.com, jhackman@shb.com

George H Buermann   gbuermann@goldbergsegalla.com, aharris@goldbergsegalla.com, bbussey@goldbergsegalla.com

Jennifer A Simon   jsimon@kmcllaw.com

Jeff B Kray   jkray@martenlaw.com, abostrom@martenlaw.com, eherlihy@martenlaw.com, elautanen@martenlaw.com, icarey@martenlaw.com, jferrell@martenlaw.com, jlyman@martenlaw.com, jnielsen@martenlaw.com, mgoodrich@martenlaw.com, mroderick@martenlaw.com, sjohnson@martenlaw.com, vxu@martenlaw.com

Keisha Blaise   keisha_blaise@cnmioag.org

Jessica K Ferrell   jferrell@martenlaw.com, abostrom@martenlaw.com, bbrown@martenlaw.com, eherlihy@martenlaw.com, elautanen@martenlaw.com, jlyman@martenlaw.com, mgoodrich@martenlaw.com, sjohnson@martenlaw.com, vxu@martenlaw.com

William G. Grantham   wgrantham@nmag.gov

Shari Howard   shari.howard@usdoj.gov

Peter C Condron   pcondron@crowell.com, kkaider@crowell.com, peter-condron-8679@ecf.pacerpro.com

AMY W. COX
SPARTANBURG COUNTY
CLERK OF COURT
2025 JUN 24  PH 12:23
FILED

Katharine A Roin    kate.roin@bartlitbeck.com

Kurt D Weaver    kweaver@shb.com

Andrew D Knudsen    andrew.knudsen@usdoj.gov

Michele S Greif    michele.greif@usdoj.gov

Ruth Ann Levy    Ruth.Levy@wbd-us.com, David.Joyce@wbd-us.com, jill.horn@wbd-us.com, tonya.walkup@wbd-us.com

Oliver E Twaddell    otwaddell@goldbergsegalla.com, klockhart@goldbergsegalla.com

Haroon Anwar    haroon.anwar@usdoj.gov

Ashley B Campbell    ashley@sheredling.com, alfred@sheredling.com, gianna@sheredling.com, oni@sheredling.com

Rachel B Weil    rweil@tcspllc.com

Gretchen Freeman Cappio    gcappio@kellerrohrback.com, Lnims@kellerrohrback.com, bianca-nealious-3081@ecf.pacerpro.com, elizabeth-burnett-5828@ecf.pacerpro.com, gretchen-freeman-cappio-5238@ecf.pacerpro.com, leslie-nims-6342@ecf.pacerpro.com

Peter James Van Zandt    peter.vanzandt@lewisbrisbois.com, kmoe@aghwlaw.com, palvarez@aghwlaw.com, pvanzandt@aghwlaw.com

Elizabeth J Carpenter    ecarpenter@cozen.com

Scott Michael Watson    scott.watson@btlaw.com

James L Stengel (Terminated)    jstengel@orrick.com, casestream@ecf.courtdrive.com

Jessica L Pahl    jpahl@wc.com, ahrom@wc.com, cmendez@wc.com, dzdelar@wc.com, ksamuelson@wc.com, lrome@wc.com, sdhanji@wc.com

J Alan Truitt    atruitt@kmcllaw.com, jsimon@kmcllaw.com, nsmith@kmcllaw.com

Jason A Proctor    jproctor@tcspllc.com

Kimbrilee M Weber    kmweber@norris-law.com

Jacob J Lantry    jlantry@campbell-trial-lawyers.com

Benjamin M. Kleinman    benjaminkleinman@quinnemanuel.com

Curtis Allen Garrett, Jr    agarrett@kilpatricktownsend.com

Gregory Clayton Ulmer    gulmer@bakerlaw.com, cycollins@bakerlaw.com

Wesley A Bowden    wbowden@levinlaw.com, kobrien@levinlaw.com, lmassey@levinlaw.com

AMY W. COX
CLERK OF COURT
SPARTANBURG COUNTY

2025 JUN 24 PH 12: 23

FILED

Bruce D Oakley     bruce.oakley@hoganlovells.com

Kaitlyn R Maxwell     maxwellk@gtlaw.com, cahilla@gtlaw.com

Trevor J Keenan     tkeenan@campbell-trial-lawyers.com, coliveira@campbell-trial-lawyers.com,
wzannini@campbell-trial-lawyers.com

Caleb J Holmes     holmesc@gtlaw.com

Joshua P Ackerman     josh.ackerman@bartlitbeck.com

Kelsey J Moe     kmoe@aghwlaw.com, sromero@aghwlaw.com

Chad W. Higgins     chad.higgins@dentons.com

Rosemarie Carmella Hebner     Rohebner@gmail.com

Jessica Wilson     jessica.wilson@dlapiper.com

Christine Prugh Payne     cpayne@gunster.com, 9552229420@filings.docketbird.com,
pfas_pleadings@gunster.com

Peter A Strotz     pstrotz@kslaw.com, jgranados@kslaw.com, mpanek@kslaw.com, ssarff@kslaw.com

Stefani L Wittenauer     stefani.wittenauer@bclplaw.com, stefani-wittenauer-9386@ecf.pacerpro.com

Ann Elizabeth Sternhell Blackwell     liz.blackwell@bclplaw.com, debra.holt@bclplaw.com,
hope.gutierrez@bclplaw.com, liz-blackwell-4001@ecf.pacerpro.com

Christopher Strunk     cstrunk@grsm.com

Heather Kelly     heather.kelly@coag.gov, john.watson@coag.gov

Richard P Cassetta     richard.cassetta@bclplaw.com, jhenneke@bclplaw.com, richard-
cassetta-1954@ecf.pacerpro.com

Kevin Kenneally     kkenneally@fmglaw.com

Michael Pierre Giunta     mgiunta@fmglaw.com

Joshua Ferguson     jferguson@fmglaw.com

Brian L Stekloff     bstekloff@wilkinsonstekloff.com, 3M-Associates@wilkinsonstekloff.com, 3M-
paras@wilkinsonstekloff.com, CourtNotices@wilkinsonstekloff.com, apastan@wilkinsonstekloff.com,
mwarren@wilkinsonstekloff.com

Beth A Wilkinson     bwilkinson@wilkinsonstekloff.com, 3M-associates@wilkinsonstekloff.com, 3M-
paras@wilkinsonstekloff.com, CourtNotices@wilkinsonstekloff.com

GRACE LEMPKA     glempka@dvoraklegal.com

AMY W. COX
SPARTANBURG COUNTY
CLERK OF COURT

2025 JUN 24 PH 12: 23

FILED

6/5/2025, 3:31 PM

Bradley Motl    motlbj@doj.state.wi.us, henrycj@doj.state.wi.us

Lori A Dvorak    ldvorak@dvorakandassociates.com

Keri L Arnold    karnold@wilkinsonstekloff.com, CourtNotices@wilkinsonstekloff.com

Robert J Giuffra, Jr    giuffrar@sullcrom.com

William B Monahan    monahanw@sullcrom.com

Justin DeCamp    decampj@sullcrom.com, charnellp@sullcrom.com

Nicole Friedlander    friedlandern@sullcrom.com

Judson Owen Littleton    littletonj@sullcrom.com

Stephanie D. Biehl    stephanie@sheredling.com, alfred@sheredling.com, gianna@sheredling.com,
oni@sheredling.com

Thai Nguyen    thai.nguyen@law.njoag.gov

Christopher Ross Rodriguez    crodriguez@singletonschreiber.com, abluth@singletonschreiber.com,
bdejurnett@singletonschreiber.com, mjohnson@singletonschreiber.com, tnelson@singletonschreiber.com

Andrew Rima    arima@goldmanismail.com, 5294989420@filings.docketbird.com,
PFAS_Pleadings@zestediscovery.com, almanza@goldmanismail.com, dtuttle@goldmanismail.com,
lgehrs@goldmanismail.com, rnastase@goldmanismail.com, sdeokule@goldmanismail.com,
spope@goldmanismail.com

Geoffrey M Coan    gcoan@hinshawlaw.com, lgrimard@hinshawlaw.com

Ralia Polechronis    rpolechronis@wilkinsonstekloff.com, CourtNotices@wilkinsonstekloff.com

Paul J Pytlik    pytlik@simpsondeardorff.com, sahafeman@kopkalaw.com

Michael T Chen    michael.chen3@usdoj.gov

Robert Buchholz    rbuchholz@hinshawlaw.com, earmanno@hinshawlaw.com

Adam Brebner    brebnera@sullcrom.com

J. Scott Wood    swood@woodgrlaw.com, service@woodgrlaw.com

Zackary Paal    zpaal@grsm.com, seaabestos@grsm.com

Jimmy Rock    jrock@edelson.com, 3956638420@filings.docketbird.com, docket@edelson.com

Amy Rachel McCalib    amy.gore@bartlitbeck.com

Joseph Carroll Smith, Jr    joseph.smith@bartlit-beck.com

AMY W. COX
CLERK OF COURT
SPARTANBURG COUNTY
2025 JUN 24, PH 12: 23
FILED

William English Whitney, III    wwhitney@gwblawfirm.com, ebehymer@gwblawfirm.com

Dominique Savinelli    dominique.savinelli@huschblackwell.com, Lisa.Schroeder@huschblackwell.com, becky.robertson@huschblackwell.com, dominique-savinelli-3240@ecf.pacerpro.com

Paul S Rosenblatt    paul.rosenblatt@butlersnow.com

Curtis Andrew Cox    Curtis.Cox@azag.gov

Janelle Muriel Smith    janelle.smith@doj.ca.gov

Annadel Angeline Almendras    annadel.almendras@doj.ca.gov

Sarae Snyder    sarae.snyder@doj.ca.gov

Ann R Johnston    ajohnston@attorneygeneral.gov, mrobinson@attorneygeneral.gov

William Jenkins    william.jenkins@doj.ca.gov

Cheryl P Jacobs    cjacobs@attorneygeneral.gov

Mary Catherine Way    marycatherine.way@pcwlawllc.com, nichole.pullen@pcwlawllc.com, renee.baswell@pcwlawllc.com

Clarence Y Lee    clarence.lee@saul.com, jennifer.hibner-spencer@saul.com

Paul J Zidlicky    pzidlicky@sidley.com

Jennifer Caplan Barks    JBarks@KelleyDrye.com, Docketing@KelleyDrye.com

James A King    jking@porterwright.com

Peter A Farrell    peter.farrell@kirkland.com

Sherrie Armstrong Davis    sarmstrongdavis@tcspllc.com, PFAS_Pleadings@gunster.com, dgriffith@tcspllc.com, eford@tcspllc.com, klittrell@tcspllc.com, mtuggle@tcspllc.com, rdavis@tcspllc.com, vwolfe@tcspllc.com

Philip Judson Combs    pcombs@tcspllc.com, bmaxwell@tcspllc.com, klittrell@tcspllc.com, rdavis@tcspllc.com, vwolfe@tcspllc.com

James Conrad Olson, II    james.olson@azag.gov

Rene Harrod    rharrod@broward.org

Frank Sharp Holleman, IV    fholleman@sonosky.com

Howard Kenison    hkenison@joneskeller.com, emorse-lee@joneskeller.com

Justin Newman    jnewman@environlaw.com

AMY W. COX
SPARTANBURG COUNTY
CLERK OF COURT

2025 JUN 24  PH 12: 23

FILED

Alexandra Lisowski    olisowski@joneskeller.com, emorse-lee@joneskeller.com

Dan Drachler    ddrachler@zsz.com, dan-drachler-6676@ecf.pacerpro.com

Katherine Amanda Saunders    AmandaS@sonosky.net, courtnotices@sonosky.net

Elizabeth J Cabraser    ecabraser@lchb.com

Dennis David Altman    daltman@environlaw.com

Paige Pavone (Terminated)    ppavone@orrick.com

Gina Nicholls    gnicholls@nossaman.com, mwiman@nossaman.com

Christine Carson    ccarson@awattorneys.com, dcarranza@awattorneys.com, jgonzalez@awattorneys.com,
kalleninfante@awattorneys.com, kchacon@awattorneys.com, lmadrid@awattorneys.com,
nvaca@awattorneys.com

Bethany J Ring    bring@gravesandking.com

Brian Keith Estep    bestep@clsmlaw.com

Jennifer Thompson Buckman    jtb@bkslawfirm.com

Erin K McGowan    mcgowane@stlouis-mo.gov

Michael B Weinberg    mweinberg@fmglaw.com

Lora L LoCoco    lora.lococo@quarles.com, debra.pope@quarles.com, eleina.arce@quarles.com,
julie.gandee@quarles.com

Dije Ndreu    dije.ndreu@doj.ca.gov

Andre Hunter, Jr    aahunter@grsm.com

Laura Smalley    lsmalley@harrisbeachmurtha.com, cmaslanka@harrisbeachmurtha.com

Stephen P Brown    sbrown@plunkettcooney.com, ad'amico@plunkettcooney.com,
ecummings@plunkettcooney.com, kwebster@plunkettcooney.com, lbowen@plunkettcooney.com,
nruggirello@plunkettcooney.com, rrivera@plunkettcooney.com

James Mathew    jmmathew@fmglaw.com

Peder Kristian Batalden    ehenderson@horvitzlevy.com

Jessica Gutierrez    jxgutierrez@grsm.com, lskalka@grsm.com

Kevin D Siegel    ksiegel@bwslaw.com

Joshua Imeri-Garcia    jimerigarcia@awattorneys.com

AMY W. COX
CLERK OF COURT -
SPARTANBURG COUNTY -

2025 JUN 24  PH 12: 23 -

FILED-

6/5/2025, 3:31 PM

Gregory Venker    gregory.venker@lansingmi.gov, cityatty@lansingmi.gov, holly.elie@lansingmi.gov

Danielle Barbara Dobosz    ddobosz@smithlaw.com

Natalie Atkinson    natkinson@amplaw.com

Joseph C Orlet    joseph.orlet@huschblackwell.com, Lisa.Schroeder@huschblackwell.com, Marissa.Siemer@huschblackwell.com, becky.robertson@huschblackwell.com

Paul Angelo Calfo    paul.calfo@huschblackwell.com

Alexandra Caritis    alexandra.caritis@kirkland.com

Sarah E McVay    sarah.mcvay@kirkland.com

Tia Trout Perez    ttrout-perez@kirkland.com

Michael F Williams    mwilliams@kirkland.com

Kelli M Mulder    kelli.mulder@kirkland.com

Bradford S Moyer    brad.moyer@Kennedyslaw.com, melissa.garcia@kennedyslaw.com

Andrew Margulis    andrew.margulis@ropers.com, jena.lombardo@ropers.com, tehila.colman@ropers.com

Y'Noka Bass    ybass@grsm.com

Annemieke Monique Tennis    a.tennis@kanner-law.com

David Ivy-Taylor    d.ivytaylor@kanner-law.com

Alexandra Cole    aecole@grsm.com

Robert F Walsh    walshr@whiteandwilliams.com, ferrantes@whiteandwilliams.com

Lynndon Groff    groffl@whiteandwilliams.com

Vanessa V Pisano    vpisano@hinshawlaw.com, nwodarski@hinshawlaw.com

Bernice Corman    bcorman@bickycormanlaw.com

Brian Coffey    brian.coffey@mclolaw.com, deitra.seaton@mclolaw.com

Morgan Liptak    liptakm@whiteandwilliams.com

Noel Couch    ncouch@fmglaw.com

Terri A Sutton    terri.sutton@kennedyslaw.com

Scott L Davis    sdavis@spencerfane.com, prodriguez@spencerfane.com, rklunkert@spencerfane.com, scott-

AMY W. COX
SPARTANBURG COUNTY
CLERK OF COURT

2025 JUN 24  PH 12: 23

FILED

davis-5199@ecf.pacerpro.com

Dieter J Juedes    dieter.juedes@huschblackwell.com, Erin.Gallam@huschblackwell.com

Stuart Charles Schmadeke    sschmadeke@spencerfane.com

Kelly Lynn Ferron    klferron@kopkalaw.com, smmelton@kopkalaw.com

Herschel Brodkey    hbbrodkey@kopkalaw.com, sahafeman@kopkalaw.com

Patrick Todd    patrick.todd@huschblackwell.com, valerie.stephens@huschblackwell.com

Thomas M Crawford    crawford@litchfieldcavo.com, mcinerney@litchfieldcavo.com

Claire Homsher    chomsher@sidley.com

Ken Baum    kbaum@goldmanismail.com

Craig Woods    cwoods@goldmanismail.com

Lucas Russell White    lucas.white@usdoj.gov

Michelle T Domingue, II    michelle.t.domingue.ii@usdoj.gov

Evan Allister Ward    eward@kmcllaw.com

Christopher James Williams    cjwilliams@kmcllaw.com

David Michael Cohen    david.cohen@butlersnow.com, amy.ragone@butlersnow.com

Raquel Lucas Herraiz    raquel.lucas@butlersnow.com, amy.ragone@butlersnow.com

Sarah A Meadows    smeadows@tcspllc.com, rdavis@tcspllc.com, vwolfe@tcspllc.com

Priya Desai    pdesai@mayerbrown.com, 4675478420@filings.docketbird.com,
courtnotification@mayerbrown.com

Andrew D Kaplan    akaplan@crowell.com

**2:18-mn-02873-RMG Notice will not be electronically mailed to:**

**2:24-cv-04618-RMG Notice has been electronically mailed to:**

Elizabeth Bartlett Partlow    beth@partlowlaw.com, elizabethbpartlow@gmail.com

John Belton White, Jr    jwhite@johnbwhitelaw.com, droberts@johnbwhitelaw.com,
glynch@johnbwhitelaw.com, mshisko@johnbwhitelaw.com, nrice@johnbwhitelaw.com

Joseph Calhoun Watson    cwatson@robinsongray.com, cevans@robinsongray.com,
cnygord@robinsongray.com, dcarmichael@robinsongray.com, hjacobs@robinsongray.com,
pcallari@robinsongray.com

AMY W. COX
SPARTANBURG COUNTY
CLERK OF COURT
2025 JUN 24  PH 12: 23
FILED

Thomas McRoy Shelley, III     roy.shelley@rogerstownsend.com, erin.sweatman@rogerstownsend.com

Rik S Tozzi     rik.tozzi@burr.com

Jennifer Hess Thiem     jennifer.thiem@klgates.com, Electronic.Service@klgates.com,
gwyn.martin@klgates.com, litigation.docketing@klgates.com, susan.hampton@klgates.com

Marghretta Hagood Shisko     mshisko@johnbwhitelaw.com, nrice@johnbwhitelaw.com

John G. Tamasitis     jtamasitis@williamsmullen.com, jewatson@williamsmullen.com, kmartin-
rothrock@williamsmullen.com, styer@williamsmullen.com

David Ross Clarke     dclarke0711@gmail.com

Christopher Rutledge Jones     cjones@johnbwhitelaw.com, crjlegal@gmail.com

Jordan Nichole Teich     jteich@csvl.law, abrantner@csvl.law, esion@csvl.law, kdroyal@csvl.law

Glenn Wade Leach, III     wleach@burr.com, aackbersingh-teed@burr.com

Sarah Cameron Frierson     sfrierson@robinsongray.com, cevans@robinsongray.com,
cnygord@robinsongray.com, dcarmichael@robinsongray.com, hjacobs@robinsongray.com,
pcallari@robinsongray.com

Hannah Elizabeth Smith     hsmith@csvl.law, tammon@csvl.law

Caleigh Miller Hart     chart@lgwmlaw.com

Allison Bendall Kazan     abendall@lgwmlaw.com

William Edwin Taylor, III     wtaylor@lgwmlaw.com

Elliott B Monroe     bmonroe@lgwmlaw.com

**2:24-cv-04618-RMG Notice will not be electronically mailed to:**

AMY W. COX
SPARTANBURG COUNTY
CLERK OF COURT

2025 JUN 24  PH 12: 23

FILED

ELECTRONICALLY FILED - 2025 Jul 14 1:06 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

STATE OF SOUTH CAROLINA
COUNTY OF SPARTANBURG

IN THE COURT OF COMMON PLEAS
SEVENTH JUDICIAL CIRCUIT

IN RE: PFAS LITIGATION
COORDINATED DOCKET

)
)
)

Woodruff-Roebuck Water District,

)
)

*Plaintiff*,

)
)

v.

) C.A. No. 2024-CP-42-02480
)

AFL Telecommunications, LLC; AGC
Chemicals Americas, Inc.; Arkema, Inc.;
Clariant Corporation; Corteva, Inc.;
Cryovac, Inc.; Cryovac, LLC; Daikin
America, Inc.; DuPont de Nemours, Inc.;
EIDP, Inc.; GTI Chemical Solutions, Inc.;
GTI Chemical Solutions, LLC; Huntsman
International, LLC; MOCOM Compounds
Corporation; Plastic Omnium Auto
Exteriors, LLC; Solvay Specialty Polymers
USA, LLC; Springs Industries, Inc.;
Starchem, LLC; Synthomer USA, LLC; The
Chemours Company; Toray Composite
Materials America, Inc.; and Waste
Management of South Carolina, Inc.,

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

*Defendants*.

)

**MEMORANDUM OF LAW IN SUPPORT OF CRYOVAC, INC. AND CRYOVAC, LLC'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendants Cryovac, Inc. and Cryovac, LLC (together, "Cryovac"), submit the instant memorandum of law in support of their motion to dismiss Plaintiff Woodruff-Roebuck Water District's ("Plaintiff" or "Woodruff-Roebuck") claims against Cryovac in Plaintiff's Second Amended Complaint ("Amended Complaint") in their entirety.

**INTRODUCTION**

This lawsuit is premised on the possibility that, in approximately four to six years, Plaintiff may be required to comply with regulations limiting the amount of per- and polyfluoroalkyl

1

ELECTRONICALLY FILED - 2025 Jul 14 1:06 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

substances ("PFAS") in the drinking water Plaintiff provides to its customers. Because the *current* levels of PFAS in Plaintiff's drinking water allegedly would not comply with the regulation's future requirements, Plaintiff filed suit against Cryovac and other defendants contending they are responsible for the PFAS in Plaintiff's water. No justiciable controversy exists, however, because the claims are not ripe. Plaintiff's claims are based on the potential threat of injury that *might* occur more than four years from now if the regulations remain in place unchanged and the water Plaintiff draws from the North and South Tyger Rivers *at that time* continues to contain levels of PFAS that exceed the regulatory limits. The threat of a potential future injury contingent on future events does not present a justiciable controversy, and the Amended Complaint must be dismissed.

Even if the claims were ripe (which they are not), the Amended Complaint nevertheless should be dismissed because it fails to state a claim. All four claims Plaintiff asserts against Cryovac – private and public nuisance, trespass, and negligence – require Plaintiff to establish that the PFAS that allegedly exists in Cryovac's wastewater is the same PFAS that Plaintiff allegedly found in its drinking water. But Plaintiff's own allegations rebut this essential premise. Plaintiff alleges PFAS is "pervasive" and "persisten[t] in the environment," and that certain PFAS remain in the environment from decades of use. It alleges PFAS leaches from the soil to groundwater and is highly mobile and water soluble, making surface water vulnerable to contamination. Plaintiff provides no factual allegations establishing how or why PFAS allegedly discharged from Cryovac's facilities is the same PFAS Plaintiff allegedly found in the water it drew from North Tyger River, as opposed to the "persistent" and "pervasive" PFAS that has allegedly existed in the environment for "decades" and leaches from soil to groundwater and, ultimately, surface water. Plaintiff's conclusory allegations fail to satisfy South Carolina's pleading requirements, and the Amended Complaint should be dismissed.

ELECTRONICALLY FILED - 2025 Jul 14 1:06 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

The private and public nuisance claims also fail because, based on the facts alleged in the Amended Complaint, Cryovac did not have control over the instrumentality alleged to have caused the nuisance as required to state a claim. Plaintiff alleges Cryovac discharges wastewater containing PFAS to a separate wastewater treatment plant, the Lyman WWTP. After the Lyman WWTP treats the water, it discharges the water to the Middle Tyger River upstream of its confluence with the North Tyger River. After the water reaches the North Tyger River, Plaintiff voluntarily draws the water onto its property through its water intakes. The nuisance claims cannot stand, because Cryovac's wastewater was discharged to the Lyman WWTP, and Cryovac had no control over the wastewater, Lyman WWTP's treatment of the wastewater, or Lyman WWTP's discharge of the wastewater downstream. The public nuisance claim also fails because Plaintiff failed to allege an injury that is separate and distinct from the alleged injury to the public – water allegedly contaminated with PFAS. Without a separate injury, Plaintiff cannot state a claim for public nuisance.

The trespass claim also fails for two reasons. First, trespass requires the unauthorized entry onto Plaintiff's land, but Plaintiff here voluntarily drew the allegedly contaminated water from the North Tyger River onto its property through its water intakes. Second, trespass requires an invasion by a physical, tangible thing, and the South Carolina Supreme Court held in *Babb v. Lee County Landfill SC, LLC*, that molecules and microscopic particles do <u>not</u> constitute tangible items for purposes of a trespass claim. No claim for trespass can stand.

Lastly, Plaintiff's negligence claim fails because Plaintiff does not and cannot plead that Cryovac owes Plaintiff a duty of care. The Lyman WWTP has control over the wastewater when it is discharged to the Middle Tyger River – not Cryovac. Under well-established law, a party does not owe a duty of care to control a third party or warn another of a third-party's conduct. As

3

ELECTRONICALLY FILED - 2025 Jul 14 1:06 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

such, the negligence claim fails.

For these reasons and as more fully set forth below, Cryovac respectfully requests that the Court dismiss the Amended Complaint with prejudice.

## FACTUAL ALLEGATIONS IN AMENDED COMPLAINT

Plaintiff alleges that it owns property in Spartanburg County on the North and South Tyger Rivers where it operates the Woodruff-Roebuck Water District SWTP, a surface water treatment plant ("SWTP"). (Am. Compl. ¶ 3). Plaintiff alleges that it provides potable water to residents of Spartanburg County. (*Id.* ¶ 2). Plaintiff "operates separate water intakes on each river, from which it draws raw water for treatment at the SWTP before distribution of treated water to its customers." (*Id.* ¶ 3). Plaintiff alleges that the water it draws from the North and South Tyger Rivers contains PFAS. (*Id.* ¶ 2).

Plaintiff alleges that PFAS is "pervasive in industrial, commercial, and consumer products" and "persisten[t] in the environment." (*Id.* ¶ 30). It contends that, "[d]ue to their persistent nature, PFOA and PFOS remain in the environment from decades of legacy industrial use." (*Id.* ¶ 37). The Amended Complaint further alleges that PFAS are "colloquially termed 'forever chemicals,' as terminal PFAS have no known environmental breakdown mechanism . . . ." (*Id.* ¶ 30). Plaintiff lays out the alleged reach of PFAS, contending "PFAS leach from soil to groundwater and are highly mobile and water soluble, making groundwater and surface water particularly vulnerable to contamination." (*Id.* ¶ 35).

Plaintiff alleges that the "Discharger Defendants" operate facilities upstream from the South, Middle and North Tyger Rivers and are responsible for PFAS found in the water Plaintiff draws from the North and South Tyger Rivers. (*Id.* ¶ 4). Plaintiff concedes that the "Discharger Defendants" do not discharge wastewater directly onto Plaintiff's property or even into the South,

Middle and North Tyger Rivers. (*Id.*). Rather, Plaintiff alleges that the defendants discharge wastewater to "wastewater treatment plants ('WWTPs') located upstream of Plaintiff's water intakes." (*Id.* ¶ 4). With respect to Cryovac, Plaintiff alleges that Cryovac uses products at its upstream facility that contain or degrade to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals, and that Cryovac discharges industrial wastewater contaminated with PFAS to the Lyman WWTP. (*Id.* ¶ 12). Plaintiff alleges that the wastewater treatment processes at the Lyman WWTP cannot adequately remove the PFAS that is allegedly present in the water entering the WWTP. (*Id.* ¶¶ 5,[1] 12). After the wastewater is treated by the Lyman WWTP (albeit insufficiently, according to Plaintiff), the Lyman WWTP discharges the water into the Middle Tyger River upstream of the North Tyger River. (*Id.*). After the treated wastewater reaches the North Tyger River, Plaintiff draws the water onto its property through its water intakes. (*Id.* ¶¶ 3, 4, 12, 62).

Plaintiff alleges that the water it draws from the North and South Tyger Rivers contains levels of PFAS that exceed the maximum contaminant levels ("MCL") set forth in the EPA's newly enacted regulations for drinking water in the National Primary Drinking Water Regulation ("NPDWR"). (*Id.* ¶ 57). The NPDWR establishes MCLs for six types of PFAS in drinking water: PFOA, PFOS, PFHxS, PFNA, HFPO-DA and PFAS mixtures containing at least two or more of PFHxS, PFNA, HFPO-DA, and PFBS. *See* 40 CFR 141.900, *et seq.* As the regulation currently stands, compliance with the MCLs is not required until April 26, 2029. 40 CFR 141.900(b)(4). (*See also* Am. Compl. ¶¶ 51, 52, 53). On May 14, 2025, the EPA announced that it will maintain the MCLs only for PFOA and PFOS (thus rescinding the MCLs for PFNA, PFHxS, and HFPO-DA), and it will extend the compliance deadline by two years to 2031. (*Id.* ¶ 52).

Based on the foregoing allegations, Plaintiff asserts the following claims against Cryovac:

---

[1] Plaintiff's Amended Complaint contains two paragraphs numbered as 5. All references in this Memorandum are to the first paragraph numbered as 5.

ELECTRONICALLY FILED - 2025 Jul 14 1:06 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

ELECTRONICALLY FILED - 2025 Jul 14 1:06 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

(1) private nuisance, (2) public nuisance, (3) trespass, and (4) negligence, gross negligence, and/or recklessness.

**ARGUMENT**

**I.      Plaintiff's Amended Complaint must be dismissed because Plaintiff's claims are not ripe.**

A court is "obligated to inquire in every action whether a justiciable controversy exists in a matter." *In the Matter of Luckabaugh*, 351 S.C. 122, 146 (2002). A court is empowered to decide only a "real and substantial controversy which is ripe and appropriate for judicial determination, as distinguished from a contingent, hypothetical or abstract dispute." *Colleton Cnty. Taxpayers Ass'n v. Sch. Dist. of Colleton Cnty.*, 371 S.C. 224, 242 (2006) (quoting *Pee Dee Elec. Co–Op, Inc. v. Carolina Power & Light Co.,* 279 S.C. 64, 66 (1983)). The alleged injury must be "actual or imminent." *Sea Pines Ass'n for Prot. of Wildlife, Inc. v. S.C. Dep't of Nat. Res.*, 345 S.C. 594, 602 (2001). "It is not enough that a threat of possible injury currently exists; the mere threat of potential injury is too contingent or remote to support present adjudication." *Waters v. S.C. Land Res. Conservation Comm'n*, 321 S.C. 219, 228 (1996). In other words, "[a]n argument is not ripe if it is contingent on future events." *Encore Tech. Grp., LLC v. Trask*, 436 S.C. 289, 309 (Ct. App. 2021). Additionally, an issue that is "hypothetical, or abstract" is not ripe for review. *Colleton Cnty. Taxpayers Ass'n*, 371 S.C. at 242. *See also Waters*, 321 S.C. at 227 ("A justiciable controversy is a real and substantial controversy which is ripe and appropriate for judicial determination, as distinguished from a contingent, hypothetical or abstract dispute.").

Here, Plaintiff's claims are not ripe. As Plaintiff recognizes, the EPA is not requiring compliance with the PFAS MCLs until *2029* at the earliest, which is likely to be extended to *2031*. (*Id.* ¶¶ 51, 52, 53). Plaintiff does not allege that it will be unable to comply with regulations *in four to six years* or that it has or is incurring any costs or expenses due to the alleged contamination.

6

(*Id.*).  Instead, Plaintiff demands that Cryovac and the other defendants fund the *future* acquisition, installation, and operation of wastewater treatment technology that can remove the PFAS from Plaintiff's water so that Plaintiff can comply with the EPA's regulations *in the future*.  (*See* Am. Compl. at Prayer for Relief).  Plaintiff's inability to comply with the MCLs in four or six years is contingent on multiple factors, none of which are certain to occur.  In fact, the validity of the MCLs themselves being challenged by multiple parties in the Court of Appeals for the D.C. Circuit, and, depending on the outcome of these and any other suits that may be filed (and the impact of the new administration), Plaintiff may never need to comply with the MCLs or the MCLs may be modified (again) such that Plaintiff will be able to comply without any changes to its treatment facility.  *See Am. Water Works Assoc. v. U.S. EPA*, Case No. 24-1188; *Nat'l Assoc. of Manufacturers, et al. v. U.S. EPA*, Case No. 24-1191; *The Chemours Company FC, LLC v. U.S. EPA*, Case No. 24-1192.

At best, Plaintiff has alleged a potential threat of injury four years in the future.  That is not enough.  *See Waters*, 321 S.C. at 228 ("It is not enough that a threat of possible injury currently exists; the mere threat of potential injury is too contingent or remote to support present adjudication.").  Because Plaintiff's claims are not ripe, Cryovac respectfully requests that the Court dismiss Plaintiff's Amended Complaint.

## II.        The Amended Complaint also fails to state a claim for relief.

In addition to failing for lack of ripeness, Plaintiff's claims fail to state a claim and should be dismissed pursuant to Rule 12(b)(6).  A defendant may move to dismiss a complaint for "failure to state facts sufficient to constitute a cause of action."  Rule 12(b)(6), SCRCP.  "That standard requires the Court to construe the complaint in a light most favorable to the nonmovant and determine if the facts alleged and the inferences reasonably deducible from the pleadings would

7

ELECTRONICALLY FILED - 2025 Jul 14 1:06 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

ELECTRONICALLY FILED - 2025 Jul 14 1:06 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

entitle the plaintiff to relief on any theory of the case." *Rydde v. Morris*, 675 S.E.2d 431, 433 (2009) (internal quotation marks omitted). The complaint must identify "the facts showing that the pleader is entitled to relief," Rule 8(a)(2), SCRCP, and mere conclusory allegations are insufficient. *See Jones v. Gilstrap*, 343 S.E.2d 646, 648 (Ct. App. 1986).

As set forth below, Plaintiff's Amended Complaint fails to state a claim for relief and should be dismissed.

### A.    Plaintiff does not allege sufficient facts to establish a fundamental element of its claims: that PFAS allegedly discharged by Cryovac is in the water Plaintiff draws from the North Tyger River.

The fundamental premise of Plaintiff's Amended Complaint is that PFAS allegedly discharged by Cryovac (and the other defendants) appears in the water Plaintiff draws in through its water intake system. (Am. Compl. ¶ 5). Thus, for each and every claim, Plaintiff must allege sufficient facts to establish this basic point: that the PFAS allegedly discharged by Cryovac is the same PFAS that is allegedly present in the water Plaintiff draws from the North Tyger River. Plaintiff, however, has not pled sufficient facts to establish this fundamental point.

Plaintiff alleges that PFAS is ubiquitous and environmentally persistent. It alleges that PFAS is "pervasive in industrial, commercial, and consumer products" and "persisten[t] in the environment." (*Id.* ¶ 30). It contends that, "[d]ue to their persistent nature, PFOA and PFOS remain in the environment from decades of legacy industrial use." (*Id.* ¶ 37). The Amended Complaint further alleges that PFAS are "colloquially termed 'forever chemicals,' as terminal PFAS have no known environmental breakdown mechanism . . . ." (*Id.* ¶ 30). Plaintiff lays out the alleged reach of PFAS, contending "PFAS leach from soil to groundwater and are highly mobile and water soluble, making groundwater and surface water particularly vulnerable to contamination." (*Id.* ¶ 35).

8

ELECTRONICALLY FILED - 2025 Jul 14 1:06 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

At the same time, Plaintiff provides no factual allegations establishing how or why PFAS allegedly discharged from Cryovac's facilities is the same PFAS Plaintiff allegedly found in the water it drew from the North Tyger River, as opposed to the "persistent" and "pervasive" PFAS that has allegedly existed in the environment for "decades" and leaches from soil to groundwater and, ultimately, surface water. (*See generally id.*). Plaintiff's own allegations show that the Amended Complaint contains unsupported legal conclusions that Cryovac is responsible for the PFAS in the water Plaintiff draws from the North Tyger River. Plaintiff simply has not pled enough to state a claim.

Instead, Plaintiff makes the almost identical generic and conclusory allegation against each "Discharger Defendant": that the defendant used or uses "products that contain or degrade to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals" at its facility and then "discharges industrial wastewater contaminated with products that contain or degrade to these PFAS" to an upstream WWTP. (*Id.* ¶¶ 11-18). Plaintiff alleges that Cryovac allegedly discharges wastewater-containing PFAS to the Middle Tyger River in Duncan, South Carolina, which then flows downstream to the confluence with the North Tyger River in Moore, South Carolina, which then flows to Plaintiff's water intakes in Roebuck, South Carolina. (*Id.* ¶ 12, 54). Plaintiff makes no factual allegations to plausibly contend that – even assuming it to be true that Cryovac discharged PFAS in its wastewater – the PFAS Plaintiff found at its site is the PFAS discharged by Cryovac.[2]

---

[2] Plaintiff's Amended Complaint also ignores the multitude of other potential sources for the PFAS in the water drawn from the North Tyger River, including **rainwater**. (*See* "PFAS 'forever chemicals' found in Florida rain, study says," *South Florida Sun Sentinel*, Nov. 11, 2024, *available at* https://www.msn.com/en-us/news/us/pfas-forever-chemicals-found-in-florida-rain-study-says/ar-AA1tUCIC?apiversion=v2&noservercache=1&domshim=1&renderwebcomponents=1&wcseo=1&batchservertelemetry=1&noservertelemetry=1 (reporting on study finding 21 types of PFAS in South Florida's rainwater and noting that "[s]ometimes the specific PFAS compounds matched local sources, but in the dry season (October through May), there was a spike in PFAS that likely came from distant regions of the U.S.").

ELECTRONICALLY FILED - 2025 Jul 14 1:06 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

In fact, the allegations in the Amended Complaint show that there is no basis for the conclusory leap made by Plaintiff.

Without more, Plaintiff fails to meet even the minimal pleading requirements, and the Amended Complaint should be dismissed.

**B.    Plaintiff's claims for private and public nuisance fail as a matter of law.**

**1.  Both nuisance claims fail because Cryovac did not have control over the instrumentality alleged to have caused the nuisance.**

Under South Carolina law, an action for private or public nuisance requires a plaintiff to demonstrate that the defendant had control over the instrumentality alleged to have caused the nuisance "at the time of the alleged nuisance." *See, e.g.*, *Clark v. Greenville Cnty.*, 313 S.C. 205, 210 (1993) (holding that "one who has no control over property at the time of the alleged nuisance cannot be held liable therefor"); *FOC Lawshe Ltd. P'ship v. Int'l Paper Co.*, 574 S.E.2d 228, 231 (Ct. App. 2002) (same).  Conversely, "one who has no control over property at the time of the alleged nuisance cannot be held liable therefor."  *Clark*, 313 S.C. at 210; *see also id.* at 210 (a nuisance is "that class of wrongs that arises from the unreasonable, unwarrantable, or unlawful use by a person *of his own property, personal or real*" (emphasis added)).

Based on the allegations in the Amended Complaint, Cryovac did not have control over the allegedly contaminated water at the time the alleged nuisance occurred.  According to Plaintiff, Cryovac's wastewater is discharged first to the Lyman WWTP.  (Am. Compl. ¶ 12).  Then, after the wastewater is treated by the Lyman WWTP, the Lyman WWTP – *not* Cryovac – discharges the water into the Middle Tyger River.  (*Id.*).  At some point after the treated wastewater reaches the North Tyger River, Plaintiff draws the water onto its property through its water intakes.  (*Id.* ¶¶ 4, 12, 56).  Plaintiff's claims, to the extent it has any, should be directed to the Lyman WWTP and not Cryovac, and the private and public nuisance claims against Cryovac should be dismissed.

10

ELECTRONICALLY FILED - 2025 Jul 14 1:06 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

**2. The public nuisance claim also fails because Plaintiff's alleged injury is no different from that suffered by the public.**

A public nuisance can be asserted typically only by the State to remedy harms suffered by the public generally. *Carnival Corp. v. Historic Ansonborough Neighborhood Ass'n*, 407 S.C. 67, 78 (2014). A private citizen generally cannot bring a suit to abate a public nuisance and must rely on the State to assert the claim. *Id.* The one exception to this rule allows a private entity to bring a suit for a public nuisance only if it suffered a "special injury." *Id.* The special injury must be an "individual or specific damage in addition to that suffered by the public," *id.*, and "is satisfied only by injury to the individual's real or personal property." *Overcash v. S.C. Elec. & Gas Co.*, 364 S.C. 569, 575 (2005).

Plaintiff pleads no facts alleging that it has suffered any unique injury that is not suffered by the public at large, and it does not allege injury to its own real or personal property. Plaintiff alleges that its special injury is "the inability to provide potable water to customers without concentrations of PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals deemed unsafe by EPA . . . ." (Am. Compl. ¶ 137). This alleged injury is no different than the injury allegedly suffered by the public at large – the alleged contamination of water with PFAS. (*See id.* ¶ 48). Also, although Plaintiff alleges that it has "lost use of its property," it does not identify an injury to its own personal or real property. (*Id.* ¶ 137). As such, Plaintiff's claim for public nuisance fails as a matter of law and should be dismissed.

**C. Plaintiff cannot state a claim for trespass as a matter of law.**

**1. The trespass claim fails because Plaintiff voluntarily caused the allegedly contaminated water to enter its property.**

"The essence of trespass is the unauthorized entry onto the land of another." *Ravan v. Greenville County*, 315 S.C. 447, 464 (Ct. App. 1993). Thus, to state a claim for trespass, Plaintiff

11

ELECTRONICALLY FILED - 2025 Jul 14 1:06 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

must plead facts establishing "an invasion (a) which interfered with the right of exclusive possession of the land, and (b) which was a direct result of some act committed by the defendant." *Graham v. Town of Latta*, 417 S.C. 164, 192-93 (Ct. App. 2016) (internal quotation omitted). It requires an "intentional invasion" of the plaintiff's property by the defendant: "[T]here must be an affirmative act, the invasion of the land must be intentional, and the harm caused must be the direct result of that invasion." *Snow v. City of Columbia*, 305 S.C. 544, 553 (Ct. App. 1991).

Here, Plaintiff alleges that it voluntarily draws the allegedly contaminated water onto its property through its water intakes. (Am. Compl. ¶¶ 4, 12, 56). *Plaintiff itself authorized the entry of the water onto its property*. (*Id.*). Plaintiff also does not allege that Cryovac discharges its wastewater directly onto Plaintiff's property. (*Id.* ¶ 12). The Amended Complaint is clear that Cryovac's wastewater is discharged first to the Lyman WWTP. (*Id.*). Then, after the wastewater is treated by the Lyman WWTP, it discharges into the Middle Tyger River upstream of the North Tyger River. (*Id.*). After the treated wastewater reaches the North Tyger River, **Plaintiff** draws the water onto its property through its water intakes. (Id. ¶¶ 4, 12, 56). Without Plaintiff's own actions causing the water to enter its property, the water would not enter Plaintiff's property. There is no "unauthorized entry" onto Plaintiff's land and, thus, there is no trespass, and the claim should be dismissed. *Ravan*, 315 S.C. at 464.

### 2. The trespass claim also fails because there has been no invasion by a physical, tangible thing.

In South Carolina, there must be "an invasion by a physical, tangible thing for a trespass to exist." *Babb v. Lee Cnty. Landfill SC, LLC*, 405 S.C. 129, 145 (2013). To be sufficiently "tangible," the invasion must "interfere with the right to exclusive possession" and not "merely interfere with the right to use and enjoyment." *Id.* at 151. In *Babb*, the South Carolina Supreme Court adopted the "dimensional test" for determining whether a trespass has occurred. *Id.*

12

Pursuant to the dimensional test, "a trespass only exists where the invasion of land occurs through a physical, tangible object." *Id.* at 145. In reaching this conclusion, our Supreme Court rejected the line of cases that refused to apply the dimensional test and instead permitted recovery based on the nature of the interest harmed. *Id.* at 146. The seminal case, rejected by *Babb*, that eschewed the dimensional test was *Martin v. Reynolds Metals Co.*, 342 P.2d 790 (Or. 1959). In *Martin*, the plaintiffs asserted a trespass claim against an aluminum smelter for fluoride gases and microscopic particulates allegedly emitted by the smelter that traveled through the air and settled on the plaintiffs' property. *Babb*, 405 S.C. at 146 (citing *Martin*, 342 P.2d at 791). The court in *Martin* dispensed with the dimensional test and held that "the intrusion of fluoride was a trespass despite its intangible nature," and, "while the fluoride particles were individually minute and invisible, each particle that entered the plaintiffs' property was a physical intrusion, and but for their size, would undoubtedly give rise to a trespass action." *Id.* at 147 (citing *Martin*, 342 P.2d at 791). *Babb* also rejected the decision in *Borland v. Sanders Lead Co., Inc.*, 369 So.2d 523 (Ala.1979), where the Alabama court refused to apply the dimensional test and found a trespass was pled "where the plaintiffs sued a lead smelter for lead and sulfoxide emissions they alleged settled on and damaged their property." *Babb*, 405 S.C. at 478.

Here, the PFAS molecules in the water that Plaintiff draws onto its property are not tangible, physical objects as required to state a claim for trespass under the dimensional test. *See Babb*, 405 S.C. at 478. They are chemical molecules measured in parts per trillion. (Am. Compl. ¶¶ 30-40). Plaintiff does not allege that PFAS can be seen or felt in the water it pulls onto its property; rather, Plaintiff only allegedly detected PFAS in its water after performing tests on samples of water. (*Id.* ¶ 57). PFAS is the equivalent of the fluoride particles in *Martin* and the lead and sulfur emissions in *Borland*, neither of which are tangible, physical objects capable of

13

ELECTRONICALLY FILED - 2025 Jul 14 1:06 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

ELECTRONICALLY FILED - 2025 Jul 14 1:06 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

invading property as necessary to state a claim for trespass under the dimensional rule mandated by *Babb.* As such, Plaintiff's claim for trespass fails as a matter of law and must be dismissed.

### D. Plaintiff's negligence claim fails because Cryovac does not owe a duty to Plaintiff.

"An essential element in a cause of action for negligence is the existence of a legal duty of care owed by the defendant to the plaintiff." *Huggins v. Citibank, N.A.*, 355 S.C. 329, 332 (2003). "If there is no duty, then the defendant in a negligence action is entitled to a judgment as a matter of law." *Madison ex Rel. v. Babcock*, 371 S.C. 123, 135-36 (2006). Under South Carolina law, "there is no general duty to control the conduct of another or to warn a third person or potential victim of danger." *Id.* at 136. Additionally, one who does not have control over the use of property does not have a duty of care not to harm others by its use. *Miller v. City of Camden*, 329 S.C. 310, 314 (1997).

Here, the facts Plaintiff alleges do not establish that Cryovac owes a duty of care to Plaintiff. As set forth above, Plaintiff alleges that Cryovac discharged its wastewater to the Lyman WWTP. (Am. Compl. ¶ 12). Lyman WWTP then has control over the wastewater and treats the water before discharging it further downstream to the Middle Tyger River. (*Id.*). As with Plaintiff's nuisance claim, Plaintiff's negligence claim, to the extent it has one, should be directed to the Lyman WWTP and not Cryovac, and the negligence claim against Cryovac should be dismissed.

## III. Plaintiff's claims are barred by the municipal cost recovery rule.

Plaintiff is a governmental "special purpose district originally created for the distribution of potable water and provision of sewer services." (*Id.* ¶ 8).[3] According to the municipal cost

---

[3] Plaintiff's Amended Complaint contains two paragraphs numbered 8. This reference is to the second paragraph numbered as 8.

recovery rule, also known as the free public services doctrine, a governmental entity cannot pursue funding of its operations through tort litigation. *City of Chicago v. Beretta U.S.A. Corp.*, 424, 821 N.E.2d 1099, 1144 (Ill. 2004) (citing *U.S. v. Standard Oil Co. of California*, 332 U.S. 301, 314-15 (1947)).  In other words, "public expenditures made in the performance of governmental functions are not recoverable." *Koch v. Consol. Edison Co. of New York, Inc.*, 62 N.Y.2d 548, 560 (N.Y. 1984) (collecting cases).  While it appears that this may be a novel theory not yet addressed by South Carolina courts, the principal applies here and should be adopted by this Court.[4]

## CONCLUSION

For the foregoing reasons, Cryovac respectfully requests that the Court grant their motion to dismiss Plaintiff's Amended Complaint with prejudice.[5]

**Signature Block on Following Page.**

---

[4] *See also City of Flagstaff v. Atchison, Topeka & Santa Fe. Ry. Co.*, 719 F.2d 322, 324 (9th Cir. 1983) (chemical spill); *District of Columbia v. Air Fla., Inc.*, 750 F.2d 1077, 1079-80 (D.C. Cir. 1984) (aircraft accident); *County of San Luis Obispo v. Abalone All.*, 223 Cal. Rptr. 846, 850-51 (Cal. Ct. App. 1986) (public protest); *Mayor & Council of City of Morgan City v. Jesse J. Fontenot, Inc.*, 460 So.2d 685, 687-88 (La. Ct. App. 1984) (fire); *N.C. Highway & Pub. Works Comm'n v. Cobb*, 2 S.E.2d 565, 567 (N.C. 1939) (prisoner recapture).

[5] Cryovac joins in and incorporates arguments in support of dismissal by other defendants including, but not limited to, failure to join an indispensable party.

ELECTRONICALLY FILED - 2025 Jul 14 1:06 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

Respectfully submitted,

**K&L GATES, LLP**

*/s/ Jennifer H. Thiem*
Jennifer H. Thiem (SC Bar #73739)
134 Meeting Street, Suite 500
Charleston, SC 29401
Telephone:  843.579.5600
Facsimile:  843.579.5601
jennifer.thiem@klgates.com

Loly G. Tor (admitted *Pro Hac Vice*)
K&L GATES, LLP
One Newark Center, 10th Floor
Newark, NJ  07102
Telephone:  973.848.4026
Fax: 973.848.4001
loly.tor@klgates.com

*Attorneys for Cryovac, Inc.*
*and Cryovac, LLC*

ELECTRONICALLY FILED - 2025 Jul 14 1:06 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

ELECTRONICALLY FILED - 2025 Jul 14 1:06 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

STATE OF SOUTH CAROLINA
COUNTY OF SPARTANBURG

IN THE COURT OF COMMON PLEAS
SEVENTH JUDICIAL CIRCUIT

IN RE:  PFAS LITIGATION
COORDINATED DOCKET

Woodruff-Roebuck Water District,

        *Plaintiff*,

        v.

AFL Telecommunications, LLC; AGC
Chemicals Americas, Inc.; Arkema, Inc.;
Clariant Corporation; Corteva, Inc.;
Cryovac, Inc.; Cryovac, LLC; Daikin
America, Inc.; DuPont de Nemours, Inc.;
EIDP, Inc.; GTI Chemical Solutions, Inc.;
GTI Chemical Solutions, LLC; Huntsman
International, LLC; MOCOM Compounds
Corporation; Plastic Omnium Auto
Exteriors, LLC; Solvay Specialty Polymers
USA, LLC; Springs Industries, Inc.;
Starchem, LLC; Synthomer USA, LLC; The
Chemours Company; Toray Composite
Materials America, Inc.; and Waste
Management of South Carolina, Inc.,

        *Defendants*.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

C.A. No. 2024-CP-42-02480

**CRYOVAC, INC. AND CRYOVAC, LLC'S MOTION TO DISMISS PLAINTIFF'S
SECOND AMENDED COMPLAINT**

Defendants Cryovac, Inc. and Cryovac, LLC (together, "Cryovac" or "Defendants"), by

their undersigned attorneys and pursuant to Rules 12(b)(6) and 12(b)(1) of the South Carolina

Rules of Civil Procedure, respectfully submit this Motion to Dismiss Plaintiff's Second Amended

Complaint. This Court should dismiss Plaintiff's Second Amended Complaint with prejudice for

the reasons set forth in the Memorandum of Law in Support of Defendants' Motion to Dismiss

Plaintiff's Second Amended Complaint, filed together with this Motion.

1

ELECTRONICALLY FILED - 2025 Jul 14 1:06 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

Respectfully submitted,

**K&L GATES, LLP**

*/s/ Jennifer H. Thiem*
Jennifer H. Thiem (SC Bar #73739)
134 Meeting Street, Suite 500
Charleston, SC 29401
Telephone: 843.579.5600
Facsimile: 843.579.5601
jennifer.thiem@klgates.com

Loly G. Tor (admitted *Pro Hac Vice*)
K&L GATES, LLP
One Newark Center, 10th Floor
Newark, NJ 07102
Telephone: 973.848.4026
Fax: 973.848.4001
loly.tor@klgates.com

*Attorneys for Cryovac, Inc.*
*and Cryovac, LLC*

2

ELECTRONICALLY FILED - 2025 Jul 15 1:42 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

STATE OF SOUTH CAROLINA
COUNTY OF SPARTANBURG

IN THE COURT OF COMMON PLEAS
SEVENTH JUDICIAL CIRCUIT

IN RE:

PFAS LITIGATION COORDINATED DOCKET

Woodruff-Roebuck Water District,

Plaintiff,

vs.

AFL Telecommunications, LLC; AGC Chemicals Americas, Inc.; Arkema, Inc.; Clariant Corporation; Corteva, Inc.; Cryovac, Inc.; Cryovac, LLC; Daikin America, Inc.; DuPont de Nemours, Inc.; EIDP, Inc.; GTI Chemical Solutions, Inc.; GTI Chemical Solutions, LLC; Huntsman International, LLC; MOCOM Compounds Corporation; Plastic Omnium Auto Exteriors, LLC; Solvay Specialty Polymers USA, LLC; Springs Industries, LLC; Starchem, LLC; The Chemours Company; Toray Composite Materials America, Inc.; and Waste Management of South Carolina, Inc.,

Defendants.

C.A. No. 2024-CP-42-02480

**AFL Telecommunication, LLC's Answer to Plaintiff's Second Amended Complaint**

Defendant AFL Telecommunications, LLC ("AFL" or "Defendant") hereby submits its Answer to Plaintiff's Second Amended Complaint ("Complaint").

## **GENERAL DENIAL**

AFL expressly denies each and every allegation in the Complaint, except those specifically admitted herein.

1

ELECTRONICALLY FILED - 2025 Jul 15 1:42 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

**FOR A FIRST DEFENSE**

**Statement of the Case[1]**

1.　　Responding to Paragraph 1 of the Complaint, AFL denies all allegations set forth in that paragraph that relate to AFL or purport to allege liability against AFL. As to the remaining allegations set forth in Paragraph 1 of the Complaint with regards to the nature of the action brought by Plaintiff, AFL craves reference to the allegations set forth in the Complaint and denies any allegations inconsistent therewith.

2.　　Responding to Paragraph 2 of the Complaint as it relates to AFL, AFL at this time is without knowledge or information sufficient to form a belief as to the truth of the allegations related to whether AFL has discharged products in the past that contained or degraded to the substances identified by Plaintiff as PFAS, and therefore denies the same. With regards to the allegation that AFL continues to discharge products that contain or degrade to the substances identified by Plaintiff as PFAS, AFL denies those allegations, upon information and belief. As to the remaining allegations set forth in Paragraph 2 of the Complaint which are addressed to other Defendants, AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies same.

3.　　Upon information and belief, AFL admits the allegations set forth in Paragraph 3 of the Complaint.

4.　　Responding to Paragraph 4 of the Complaint as it relates to AFL, Plaintiff's use of the phrase "use products" and term "industrial processes" are not defined and susceptible of multiple interpretations; therefore, at this present time, and without a definition for the phrase "use

---

[1] The headers used in this Answer are for ease of reference and correspond to the headers set forth in Plaintiff's Amended Complaint. They do not constitute an admission by AFL as to the validity of Plaintiff's causes of action.

ELECTRONICALLY FILED - 2025 Jul 15 1:42 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

products" and term "industrial processes," AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations and denies same. Further responding to Paragraph 4 of the Complaint, AFL specifically denies that its industrial facility discharges wastewater directly to surface waters. As to the remaining allegations set forth in Paragraph 4 of the Complaint which are addressed to other Defendants, AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies same.

5.      AFL denies the allegations and legal conclusions set forth in Paragraph 5 of the Complaint.[2]

6.      AFL denies the allegations and legal conclusions set forth in Paragraph 6 of the Complaint.

7.      AFL denies the allegations and legal conclusions set forth in Paragraph 7 of the Complaint and denies Plaintiff is entitled to the relief sought therein.

**Disclaimer**

8.      Responding to Paragraph 8 of the Complaint, AFL craves reference to the allegations set forth in the Complaint and denies any allegations inconsistent therewith.

9.      Responding to Paragraph 9 of the Complaint, AFL craves reference to the allegations set forth in the Complaint and denies any allegations inconsistent therewith.

**Jurisdiction and Venue**

5.      The second Paragraph 5 of the Complaint purports to state legal conclusions to which no response is required. However, to the extent a response is required, AFL does not contest the Court's subject matter jurisdiction over this action.

---

[2] Plaintiff restarted its paragraph numbering system in the Second Amended Complaint and, therefore, repeats Paragraphs 5 through 9.

ELECTRONICALLY FILED - 2025 Jul 15 1:42 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

6.     The second Paragraph 6 of the Complaint purports to state legal conclusions to which no response is required. However, to the extent a response is required, AFL does not contest this Court's personal jurisdiction over AFL.

7.     The second Paragraph 7 of the Complaint purports to state legal conclusions to which no response is required. However, to the extent a response is required, AFL does not contest venue in Spartanburg County.

**Parties**

8.     Upon information and belief, AFL admits the allegations set forth in the second Paragraph 8 of the Complaint.

9.     Upon information and belief, AFL admits the allegations set forth in the second Paragraph 9 of the Complaint.

10.     AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint, and therefore denies same.

11.     Responding to Paragraph 11 of the Complaint, AFL admits that it is a Delaware limited liability company authorized to do business in South Carolina, and it maintains its United States headquarters and principal place of business in Spartanburg County at 170 Ridgeview Center Drive, Duncan, South Carolina 29334. Further responding to Paragraph 11 of the Complaint, AFL admits it operates industrial facilities at 104, 110, and 112 Hidden Lake Circle, as well as 115 USAC Drive and 150 Ridgeview Center Drive in Duncan, South Carolina. Further responding to Paragraph 11 of the Complaint, AFL only admits that it discharges industrial wastewater to the Lyman WWTP from its 150 Ridgeview Center Drive location. Additionally, upon information and belief, AFL denies that its current wastewater discharge from 150 Ridgeview Center Drive location contains or degrades to the substances identified by Plaintiff as PFAS. With

4

ELECTRONICALLY FILED - 2025 Jul 15 1:42 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

respect to the remaining allegations set forth in Paragraph 11 of the Complaint related to the capabilities of the Lyman WWTP to remove PFAS, AFL is without knowledge or information sufficient to form a belief as to the truth of those allegations and denies same.

12.    AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint, and therefore denies the same.

13.    AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint, and therefore denies the same.

14.    AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint, and therefore denies the same.

15.    AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint, and therefore denies the same.

16.    AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint, and therefore denies the same.

17.    AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint, and therefore denies the same.

18.    AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Complaint, and therefore denies the same.

19.    AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Complaint, and therefore denies the same.

20.    AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Complaint, and therefore denies the same.

21.    AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of the Complaint, and therefore denies the same.

ELECTRONICALLY FILED - 2025 Jul 15 1:42 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

22.     AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Complaint, and therefore denies the same.

23.     AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 of the Complaint, and therefore denies the same.

24.     AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of the Complaint, and therefore denies the same.

25.     AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 of the Complaint, and therefore denies the same.

26.     AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 of the Complaint, and therefore denies the same.

27.     AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 of the Complaint, and therefore denies the same.

28.     AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28 of the Complaint, and therefore denies the same.

## Factual Allegations

29.     AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29 of the Complaint, and therefore denies the same.

30.     AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 of the Complaint, and therefore denies the same.

31.     AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 of the Complaint, and therefore denies the same.

32.     AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32 of the Complaint, and therefore denies the same.

ELECTRONICALLY FILED - 2025 Jul 15 1:42 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

33.     AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33 of the Complaint, and therefore denies the same.

34.     AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34 of the Complaint, and therefore denies the same.

35.     AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35 of the Complaint, and therefore denies the same.

36.     AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36 of the Complaint, and therefore denies the same.

37.     AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 37 of the Complaint, and therefore denies the same.

38.     AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 38 of the Complaint, and therefore denies the same.

39.     Responding to Paragraph 39 of the Complaint, AFL craves reference to the EPA provisional drinking water health advisories referenced therein and denies any allegations inconsistent therewith.

40.     Responding to Paragraph 40 of the Complaint, AFL craves reference to the EPA health advisories referenced therein and denies any allegations inconsistent therewith.

41.     Responding to Paragraph 41 of the Complaint, AFL craves reference to the EPA health advisories referenced therein and denies any allegations inconsistent therewith.

42.     Responding to Paragraph 42 of the Complaint, AFL craves reference to the EPA health advisories referenced therein and denies any allegations inconsistent therewith.

43.     Responding to Paragraph 43 of the Complaint, AFL craves reference to the EPA health advisories referenced therein and denies any allegations inconsistent therewith.

ELECTRONICALLY FILED - 2025 Jul 15 1:42 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

44.     Responding to Paragraph 44 of the Complaint, AFL craves reference to the EPA-proposed MCLs and MCLGs referenced therein and denies any allegations inconsistent therewith.

45.     Responding to Paragraph 45 of the Complaint, AFL craves reference to the EPA-proposed MCLs and MCLGs referenced therein and denies any allegations inconsistent therewith.

46.     Responding to Paragraph 46 of the Complaint, AFL craves reference to the EPA proposed MCLs and MCLGs referenced therein and denies any allegations inconsistent therewith.

47.     Responding to Paragraph 47 of the Complaint, AFL craves reference to the EPA news release referenced therein and denies any allegations inconsistent therewith.

48.     Responding to Paragraph 48 of the Complaint, AFL craves reference to the EPA regulation referenced therein and denies any allegations inconsistent therewith.

49.     Responding to Paragraph 49 of the Complaint, AFL craves reference to the EPA regulation referenced therein and denies any allegations inconsistent therewith.

50.     Responding to Paragraph 50 of the Complaint, AFL craves reference to the EPA regulation referenced therein and denies any allegations inconsistent therewith.

51.     Responding to Paragraph 51 of the Complaint, AFL craves reference to the EPA announcements and statements referenced therein and denies any allegations inconsistent therewith.

52.     Responding to Paragraph 52 of the Complaint, AFL craves reference to the EPA announcements and statements referenced therein and denies any allegations inconsistent therewith.

53.     Responding to Paragraph 53 of the Complaint, AFL craves reference to the EPA announcements and statements referenced therein and denies any allegations inconsistent therewith.

ELECTRONICALLY FILED - 2025 Jul 15 1:42 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

54.     Paragraph 54 of the Complaint consists of statements regarding the Tyger River System and a map purporting to show the locations of rivers that comprise the Tyger River System, and no admission or denial from AFL is required.  To the extent a response is required, AFL is without knowledge or information sufficient to admit or deny the accuracy of the information in this paragraph.

55.     Paragraph 55 of the Complaint consists of statements regarding various WWTPs in the Tyger River System and refer to a map purporting to show the locations of these facilities and Plaintiff's SWTP, and no admission or denial from AFL is required.  To the extent a response is required, AFL is without knowledge or information sufficient to admit or deny the accuracy of the information in this paragraph.

56.     Paragraph 56 of the Complaint consists of statements regarding the location of Plaintiff's SWTP's water intakes on the North and South Tyger Rivers and a map purporting to show those locations, and no admission or denial from AFL is required.  To the extent a response is required, AFL is without knowledge or information sufficient to admit or deny the accuracy of the information in this paragraph.

57.     AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 57 of the Complaint, and therefore denies the same.

58.     Responding to Paragraph 58 of the Complaint as it related to AFL, AFL only admits that it is the owner and operator of a manufacturing plant and related industrial facilities near Spartanburg County. Further responding to Paragraph 58 of the Complaint, Plaintiff's use of the terms "utilize products," "industrial processes," and "precursors" are not defined and susceptible of multiple interpretations in this context; therefore, at this present time, and without a definition for the terms discussed above, AFL is without knowledge or information sufficient to form a belief

9

ELECTRONICALLY FILED - 2025 Jul 15 1:42 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

as to the truth of the allegations containing these terms and therefore denies same. As to the remaining allegations set forth in Paragraph 58 of the Complaint which are addressed to other Defendants, AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies same.

59.     AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 59 of the Complaint, and therefore denies same. Further responding to Paragraph 59 of the Complaint, AFL specifically denies that Plaintiff has been damaged in the way it describes.

60.     AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 60 of the Complaint, and therefore denies same. Further responding to Paragraph 60 of the Complaint, AFL specifically denies that Plaintiff has been damaged in the way it describes.

61.     AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 61 of the Complaint, and therefore denies same. Further responding to Paragraph 61 of the Complaint, AFL specifically denies that Plaintiff has been damaged in the way it describes.

62.     AFL denies the allegations set forth in Paragraph 62 of the Complaint.

63.     AFL denies the allegations set forth in Paragraph 63 of the Complaint.

64.     Responding to Paragraph 64 of the Complaint with respect to the capabilities of Plaintiff's SWTPs, AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same. As to the remaining allegations set forth in Paragraph 64 of the Complaint related to the allegation that Plaintiff's SWTPs require new water

ELECTRONICALLY FILED - 2025 Jul 15 1:42 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

treatment technologies as a remedy in this lawsuit, AFL expressly denies same and demands strict proof thereof.

65.     AFL denies the allegations set forth in Paragraph 65 of the Complaint.

66.     The allegations in Paragraph 66 of the Complaint are directed at Defendants other than AFL, and therefore no response is required. To the extent a response is required, AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 66 of the Complaint, and therefore denies same.

67.     The allegations in Paragraph 67 of the Complaint are directed at Defendants other than AFL, and therefore no response is required. To the extent a response is required, AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 67 of the Complaint, and therefore denies same.

68.     The allegations in Paragraph 68 of the Complaint are directed at Defendants other than AFL, and therefore no response is required. To the extent a response is required, AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 68 of the Complaint, and therefore denies same.

69.     The allegations in Paragraph 69 of the Complaint are directed at Defendants other than AFL, and therefore no response is required. To the extent a response is required, AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 69 of the Complaint, and therefore denies same.

70.     The allegations in Paragraph 70 of the Complaint are directed at Defendants other than AFL, and therefore no response is required. To the extent a response is required, AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 70 of the Complaint, and therefore denies same.

ELECTRONICALLY FILED - 2025 Jul 15 1:42 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

71.     The allegations in Paragraph 71 of the Complaint are directed at Defendants other than AFL, and therefore no response is required. To the extent a response is required, AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 71 of the Complaint, and therefore denies same.

72.     The allegations in Paragraph 72 of the Complaint are directed at Defendants other than AFL, and therefore no response is required. To the extent a response is required, AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 72 of the Complaint, and therefore denies same.

73.     The allegations in Paragraph 73 of the Complaint are directed at Defendants other than AFL, and therefore no response is required. To the extent a response is required, AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 73 of the Complaint, and therefore denies same.

74.     The allegations in Paragraph 74 of the Complaint are directed at Defendants other than AFL, and therefore no response is required. To the extent a response is required, AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 74 of the Complaint, and therefore denies same.

75.     The allegations in Paragraph 75 of the Complaint are directed at Defendants other than AFL, and therefore no response is required. To the extent a response is required, AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 75 of the Complaint, and therefore denies same.

76.     The allegations in Paragraph 76 of the Complaint are directed at Defendants other than AFL, and therefore no response is required. To the extent a response is required, AFL is

ELECTRONICALLY FILED - 2025 Jul 15 1:42 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 76 of the Complaint, and therefore denies same.

77.     The allegations in Paragraph 77 of the Complaint are directed at Defendants other than AFL, and therefore no response is required. To the extent a response is required, AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 77 of the Complaint, and therefore denies same.

78.     The allegations in Paragraph 78 of the Complaint are directed at Defendants other than AFL, and therefore no response is required. To the extent a response is required, AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 78 of the Complaint, and therefore denies same.

79.     The allegations in Paragraph 79 of the Complaint are directed at Defendants other than AFL, and therefore no response is required. To the extent a response is required, AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 79 of the Complaint, and therefore denies same.

80.     The allegations in Paragraph 80 of the Complaint are directed at Defendants other than AFL, and therefore no response is required. To the extent a response is required, AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 80 of the Complaint, and therefore denies same.

81.     The allegations in Paragraph 81 of the Complaint are directed at Defendants other than AFL, and therefore no response is required. To the extent a response is required, AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 81 of the Complaint, and therefore denies same.

ELECTRONICALLY FILED - 2025 Jul 15 1:42 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

82.	The allegations in Paragraph 82 of the Complaint are directed at Defendants other than AFL, and therefore no response is required. To the extent a response is required, AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 82 of the Complaint, and therefore denies same.

83.	The allegations in Paragraph 83 of the Complaint are directed at Defendants other than AFL, and therefore no response is required. To the extent a response is required, AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 83 of the Complaint, and therefore denies same.

84.	The allegations in Paragraph 84 of the Complaint are directed at Defendants other than AFL, and therefore no response is required. To the extent a response is required, AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 84 of the Complaint, and therefore denies same.

85.	The allegations in Paragraph 85 of the Complaint are directed at Defendants other than AFL, and therefore no response is required. To the extent a response is required, AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 85 of the Complaint, and therefore denies same.

86.	The allegations in Paragraph 86 of the Complaint are directed at Defendants other than AFL, and therefore no response is required. To the extent a response is required, AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 86 of the Complaint, and therefore denies same.

87.	The allegations in Paragraph 87 of the Complaint are directed at Defendants other than AFL, and therefore no response is required. To the extent a response is required, AFL is

ELECTRONICALLY FILED - 2025 Jul 15 1:42 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 87 of the Complaint, and therefore denies same.

88. The allegations in Paragraph 88 of the Complaint are directed at Defendants other than AFL, and therefore no response is required. To the extent a response is required, AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 88 of the Complaint, and therefore denies same.

89. The allegations in Paragraph 89 of the Complaint are directed at Defendants other than AFL, and therefore no response is required. To the extent a response is required, AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 89 of the Complaint, and therefore denies same.

90. The allegations in Paragraph 90 of the Complaint are directed at Defendants other than AFL, and therefore no response is required. To the extent a response is required, AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 90 of the Complaint, and therefore denies same.

91. The allegations in Paragraph 91 of the Complaint are directed at Defendants other than AFL, and therefore no response is required. To the extent a response is required, AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 91 of the Complaint, and therefore denies same.

92. The allegations in Paragraph 92 of the Complaint are directed at Defendants other than AFL, and therefore no response is required. To the extent a response is required, AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 92 of the Complaint, and therefore denies same.

ELECTRONICALLY FILED - 2025 Jul 15 1:42 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

93.     The allegations in Paragraph 93 of the Complaint, including subparts (a)-(h), are directed at Defendants other than AFL, and therefore no response is required. To the extent a response is required, AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 93 of the Complaint, and therefore denies same.

94.     AFL denies the allegations set forth in Paragraph 94 of the Complaint.

95.     AFL denies the allegations set forth in Paragraph 95 of the Complaint.

96.     AFL denies the allegations set forth in Paragraph 96 of the Complaint.

97.     AFL denies the allegations set forth in Paragraph 97 of the Complaint.

98.     AFL denies the allegations set forth in Paragraph 98 of the Complaint.

99.     AFL denies the allegations set forth in Paragraph 99 of the Complaint.

100.    AFL denies the allegations set forth in Paragraph 100 of the Complaint.

101.    AFL denies the allegations set forth in Paragraph 101 of the Complaint.

102.    The allegations set forth in Paragraph 102 of the Complaint are directed at Defendants other than AFL, and therefore no response is required. To the extent a response is required, AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 102 of the Complaint, and therefore denies same.

103.    The allegations in Paragraph 103 of the Complaint are directed at Defendants other than AFL, and therefore no response is required. To the extent a response is required, AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 103 of the Complaint, and therefore denies same.

104.    The allegations in Paragraph 104 of the Complaint are directed at Defendants other than AFL, and therefore no response is required. To the extent a response is required, AFL is

ELECTRONICALLY FILED - 2025 Jul 15 1:42 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 104 of the Complaint, and therefore denies same.

105.    The allegations in Paragraph 105 of the Complaint are directed at Defendants other than AFL, and therefore no response is required. To the extent a response is required, AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 105 of the Complaint, and therefore denies same.

106.    The allegations in Paragraph 106 of the Complaint are directed at Defendants other than AFL, and therefore no response is required. To the extent a response is required, AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 106 of the Complaint, and therefore denies same.

107.    The allegations in Paragraph 107 of the Complaint are directed at Defendants other than AFL, and therefore no response is required. To the extent a response is required, AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 107 of the Complaint, and therefore denies same.

108.    The allegations in Paragraph 108 of the Complaint are directed at Defendants other than AFL, and therefore no response is required. To the extent a response is required, AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 108 of the Complaint, and therefore denies same.

109.    The allegations in Paragraph 109 of the Complaint are directed at Defendants other than AFL, and therefore no response is required. To the extent a response is required, AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 109 of the Complaint, and therefore denies same.

ELECTRONICALLY FILED - 2025 Jul 15 1:42 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

110. The allegations in Paragraph 110 of the Complaint are directed at Defendants other than AFL, and therefore no response is required. To the extent a response is required, AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 110 of the Complaint, and therefore denies same.

111. The allegations in Paragraph 111 of the Complaint are directed at Defendants other than AFL, and therefore no response is required. To the extent a response is required, AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 111 of the Complaint, and therefore denies same.

112. The allegations in Paragraph 112 of the Complaint are directed at Defendants other than AFL, and therefore no response is required. To the extent a response is required, AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 112 of the Complaint, and therefore denies same.

113. The allegations in Paragraph 113 of the Complaint are directed at Defendants other than AFL, and therefore no response is required. To the extent a response is required, AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 113 of the Complaint, and therefore denies same.

114. The allegations in Paragraph 114 of the Complaint are directed at Defendants other than AFL, and therefore no response is required. To the extent a response is required, AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 114 of the Complaint, and therefore denies same.

115. The allegations in Paragraph 115 of the Complaint are directed at Defendants other than AFL, and therefore no response is required. To the extent a response is required, AFL is

ELECTRONICALLY FILED - 2025 Jul 15 1:42 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 115 of the Complaint, and therefore denies same.

116.    AFL denies the allegations and legal conclusions set forth in Paragraph 116 of the Complaint.

117.    The allegations in Paragraph 117 of the Complaint are directed at Defendants other than AFL, and therefore no response is required. To the extent a response is required, AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 117 of the Complaint, and therefore denies same.

118.    AFL denies the allegations and legal conclusions set forth in Paragraph 118 of the Complaint.

119.    AFL denies the allegations and legal conclusions set forth in Paragraph 119 of the Complaint.

120.    AFL denies the allegations set forth in Paragraph 120 of the Complaint, including subparts (a)-(b).

**Plaintiff's First Cause of Action**
**Private Nuisance**

121.    AFL incorporates all prior responses to the Complaint by reference as if fully set forth herein.

122.    Upon information and belief, AFL admits the allegations set forth in Paragraph 122 of the Complaint.

123.    AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 123 of the Complaint, and therefore denies the same.

124.    AFL denies the allegations and legal conclusions set forth in Paragraph 124 of the Complaint.

19

ELECTRONICALLY FILED - 2025 Jul 15 1:42 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

125.    AFL denies the allegations set forth in Paragraph 125 of the Complaint.

126.    AFL denies the allegations and legal conclusions set forth in Paragraph 126 of the Complaint.

127.    AFL denies the allegations and legal conclusions set forth in Paragraph 127 of the Complaint.

128.    AFL denies the allegations and legal conclusions set forth in Paragraph 128 of the Complaint.

129.    AFL denies the allegations and legal conclusions set forth in Paragraph 129 of the Complaint and denies Plaintiff is entitled to injunctive relief as set forth therein.

130.    AFL denies the allegations and legal conclusions set forth in Paragraph 130 of the Complaint and denies Plaintiff is entitled to injunctive relief as set forth therein.

131.    AFL denies the allegations set forth in Paragraph 131 of the Complaint.

132.    AFL denies the allegations and legal conclusions set forth in Paragraph 132 of the Complaint and denies Plaintiff is entitled to the relief sought therein.

## Plaintiff's Second Cause of Action
### Public Nuisance

133.    AFL incorporates all prior responses to the Complaint by reference as if fully set forth herein.

134.    Upon information and belief, AFL admits the allegations set forth in Paragraph 134 of the Complaint.

135.    AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 135 of the Complaint, and therefore denies the same.

136.    Responding to Paragraph 136 of the Complaint, AFL does not disagree that Plaintiff's customers have an expectation to potable water that is reasonably pure and safe for their

20

ELECTRONICALLY FILED - 2025 Jul 15 1:42 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

use; however, AFL denies the remaining allegations and legal conclusions set forth in Paragraph 136 of the Complaint.

137.     AFL denies the allegations and legal conclusions set forth in Paragraph 137 of the Complaint.

138.     AFL denies the allegations and legal conclusions set forth in Paragraph 138 of the Complaint.

139.     AFL denies the allegations and legal conclusions set forth in Paragraph 139 of the Complaint.

140.     AFL denies the allegations and legal conclusions set forth in Paragraph 140 of the Complaint.

141.     AFL denies the allegations and legal conclusions set forth in Paragraph 141 of the Complaint and denies Plaintiff is entitled to the relief requested therein.

142.     AFL denies the allegations and legal conclusions set forth in Paragraph 142 of the Complaint.

143.     AFL denies the allegations set forth in Paragraph 143 of the Complaint.

144.     AFL denies the allegations and legal conclusions set forth in Paragraph 144 of the Complaint and denies Plaintiff is entitled to the relief sought therein.

**Plaintiff's Third Cause of Action**
**Trespass**

145.     AFL incorporates all prior responses to the Complaint by reference as if fully set forth herein.

146.     Upon information and belief, AFL admits the allegations of Paragraph 146 of the Complaint.

21

ELECTRONICALLY FILED - 2025 Jul 15 1:42 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

147.    AFL denies the allegations set forth in Paragraph 147 of the Complaint, including subparts (a)-(d).

148.    The allegations set forth in Paragraph 148 of the Complaint, including subparts (a)-(d), are directed at Defendants other than AFL, and therefore no response is required. To the extent a response is required, AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 148 of the Complaint, including subparts (a)-(d).

149.    AFL denies the allegations and legal conclusions set forth in Paragraph 149 of the Complaint.

150.    AFL denies the allegations and legal conclusions set forth in Paragraph 150 of the Complaint.

151.    AFL denies the allegations and legal conclusions set forth in Paragraph 151 of the Complaint.

152.    The allegations set forth in Paragraph 152 of the Complaint are directed at Defendants other than AFL, and therefore no response is required. To the extent a response is required, AFL is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 152 of the Complaint, and therefore denies same.

153.    AFL denies the allegations and legal conclusions set forth in Paragraph 153 of the Complaint.

154.    AFL denies the allegations and legal conclusions set forth in Paragraph 154 of the Complaint.

155.    AFL denies the allegations and legal conclusions set forth in Paragraph 155 of the Complaint and denies Plaintiff is entitled to the relief sought therein.

ELECTRONICALLY FILED - 2025 Jul 15 1:42 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

**Plaintiff's Fourth Cause of Action**
**Negligence, Gross Negligence, and/or Recklessness**

156. AFL incorporates all prior responses to the Complaint by reference as if fully set forth herein.

157. AFL denies the allegations and legal conclusions set forth in Paragraph 157 of the Complaint.

158. AFL denies the allegations and legal conclusions set forth in Paragraph 158 of the Complaint.

159. AFL denies the allegations and legal conclusions set forth in Paragraph 159 of the Complaint.

160. The allegations and legal conclusions set forth in Paragraph 160 of the Complaint are directed at Defendants other than AFL, and therefore no response is required. To the extent a response is required, AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 160 of the Complaint, and therefore denies same.

161. The allegations and legal conclusions set forth in Paragraph 161 of the Complaint are directed at Defendants other than AFL, and therefore no response is required. To the extent a response is required, AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 161 of the Complaint, and therefore denies same.

162. The allegations and legal conclusions set forth in Paragraph 162 of the Complaint are directed at Defendants other than AFL, and therefore no response is required. To the extent a response is required, AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 162 of the Complaint, and therefore denies same.

163. AFL denies the allegations and legal conclusions set forth in Paragraph 163 of the Complaint.

23

ELECTRONICALLY FILED - 2025 Jul 15 1:42 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

164. AFL denies the allegations and legal conclusions set forth in Paragraph 164 of the Complaint and denies Plaintiff is entitled to the relief sought therein.

## Plaintiff's Fifth Cause of Action
### Strict Products Liability – Failure to Warn
### (Supplier Defendants)

165. AFL incorporates all prior responses to the Complaint by reference as if fully set forth herein.

166. The allegations of Paragraph 166 are directed at Defendants other than AFL, and therefore no response is required. To the extent a response is required, AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 166 of the Complaint, and therefore denies the same.

167. The allegations of Paragraph 167 are directed at Defendants other than AFL, and therefore no response is required. To the extent a response is required, AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 167 of the Complaint, and therefore denies the same.

168. The allegations of Paragraph 168 are directed at Defendants other than AFL, and therefore no response is required. To the extent a response is required, AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 168 of the Complaint, and therefore denies the same.

169. The allegations of Paragraph 169 are directed at Defendants other than AFL, and therefore no response is required. To the extent a response is required, AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 169 of the Complaint, and therefore denies the same.

24

ELECTRONICALLY FILED - 2025 Jul 15 1:42 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

170.    The allegations of Paragraph 170 are directed at Defendants other than AFL, and therefore no response is required. To the extent a response is required, AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 170 of the Complaint, and therefore denies the same.

171.    The allegations of Paragraph 171 are directed at Defendants other than AFL, and therefore no response is required. To the extent a response is required, AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 171 of the Complaint, and therefore denies the same.

172.    The allegations of Paragraph 172 are directed at Defendants other than AFL, and therefore no response is required. To the extent a response is required, AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 172 of the Complaint, and therefore denies the same.

173.    The allegations of Paragraph 173 are directed at Defendants other than AFL, and therefore no response is required. To the extent a response is required, AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 173 of the Complaint, and therefore denies the same.

174.    The allegations of Paragraph 174 are directed at Defendants other than AFL, and therefore no response is required. To the extent a response is required, AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 174 of the Complaint, and therefore denies the same.

ELECTRONICALLY FILED - 2025 Jul 15 1:42 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

**Plaintiff's Sixth Cause of Action**
**Strict Products Liability – Ultrahazardous Activity**
**(Supplier Defendants)**

175.    AFL incorporates all prior responses to the Complaint by reference as if fully set forth herein.

176.    The allegations of Paragraph 176 are directed at Defendants other than AFL, and therefore no response is required. To the extent a response is required, AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 176 of the Complaint, and therefore denies the same.

177.    The allegations of Paragraph 177 are directed at Defendants other than AFL, and therefore no response is required. To the extent a response is required, AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 177 of the Complaint, and therefore denies the same.

178.    The allegations of Paragraph 178 are directed at Defendants other than AFL, and therefore no response is required. To the extent a response is required, AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 178 of the Complaint, and therefore denies the same.

179.    The allegations of Paragraph 179 are directed at Defendants other than AFL, and therefore no response is required. To the extent a response is required, AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 179 of the Complaint, and therefore denies the same.

180.    The allegations of Paragraph 180 are directed at Defendants other than AFL, and therefore no response is required. To the extent a response is required, AFL is without knowledge

ELECTRONICALLY FILED - 2025 Jul 15 1:42 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 180 of the Complaint, and therefore denies the same.

181.    The allegations of Paragraph 181 are directed at Defendants other than AFL, and therefore no response is required. To the extent a response is required, AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 181 of the Complaint, and therefore denies the same.

182.    The allegations of Paragraph 182 are directed at Defendants other than AFL, and therefore no response is required. To the extent a response is required, AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 182 of the Complaint, and therefore denies the same.

183.    The allegations of Paragraph 183 are directed at Defendants other than AFL, and therefore no response is required. To the extent a response is required, AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 183 of the Complaint, and therefore denies the same.

184.    The allegations of Paragraph 184 are directed at Defendants other than AFL, and therefore no response is required. To the extent a response is required, AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 184 of the Complaint, and therefore denies the same.

185.    The allegations of Paragraph 185 are directed at Defendants other than AFL, and therefore no response is required. To the extent a response is required, AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 185 of the Complaint, and therefore denies the same.

ELECTRONICALLY FILED - 2025 Jul 15 1:42 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

**Plaintiff's Seventh Cause of Action**
**Strict Products Liability – Design Defect**
**(Supplier Defendants)**

186.    AFL incorporates all prior responses to the Complaint by reference as if fully set forth herein.

187.    The allegations of Paragraph 187 are directed at Defendants other than AFL, and therefore no response is required. To the extent a response is required, AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 187 of the Complaint, and therefore denies the same.

188.    The allegations of Paragraph 188 are directed at Defendants other than AFL, and therefore no response is required. To the extent a response is required, AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 188 of the Complaint, and therefore denies the same.

189.    The allegations of Paragraph 189 are directed at Defendants other than AFL, and therefore no response is required. To the extent a response is required, AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 189 of the Complaint, and therefore denies the same.

190.    The allegations of Paragraph 190 are directed at Defendants other than AFL, and therefore no response is required. To the extent a response is required, AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 190 of the Complaint, and therefore denies the same.

191.    The allegations of Paragraph 191 are directed at Defendants other than AFL, and therefore no response is required. To the extent a response is required, AFL is without knowledge

28

ELECTRONICALLY FILED - 2025 Jul 15 1:42 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 191 of the Complaint, and therefore denies the same.

192.    The allegations of Paragraph 192, including subparts (a)-(e), are directed at Defendants other than AFL, and therefore no response is required. To the extent a response is required, AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 192 of the Complaint, including subparts (a)-(e), and therefore denies the same.

193.    The allegations of Paragraph 193 are directed at Defendants other than AFL, and therefore no response is required. To the extent a response is required, AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 193 of the Complaint, and therefore denies the same.

194.    The allegations of Paragraph 194 are directed at Defendants other than AFL, and therefore no response is required. To the extent a response is required, AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 194 of the Complaint, and therefore denies the same.

195.    The allegations of Paragraph 195 are directed at Defendants other than AFL, and therefore no response is required. To the extent a response is required, AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 195 of the Complaint, and therefore denies the same.

196.    The allegations of Paragraph 196 are directed at Defendants other than AFL, and therefore no response is required. To the extent a response is required, AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 196 of the Complaint, and therefore denies the same.

ELECTRONICALLY FILED - 2025 Jul 15 1:42 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

197.    The allegations of Paragraph 197 are directed at Defendants other than AFL, and therefore no response is required. To the extent a response is required, AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 197 of the Complaint, and therefore denies the same.

198.    The allegations of Paragraph 198 are directed at Defendants other than AFL, and therefore no response is required. To the extent a response is required, AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 198 of the Complaint, and therefore denies the same.

**Plaintiff's Eighth Cause of Action**
**Breach of Implied Warranties**
**(Supplier Defendants)**

199.    AFL incorporates all prior responses to the Complaint by reference as if fully set forth herein.

200.    The allegations of Paragraph 200 are directed at Defendants other than AFL, and therefore no response is required. To the extent a response is required, AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 200 of the Complaint, and therefore denies the same.

201.    The allegations of Paragraph 201 are directed at Defendants other than AFL, and therefore no response is required. To the extent a response is required, AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 201 of the Complaint, and therefore denies the same.

202.    The allegations of Paragraph 202 are directed at Defendants other than AFL, and therefore no response is required. To the extent a response is required, AFL is without knowledge

ELECTRONICALLY FILED - 2025 Jul 15 1:42 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 202 of the Complaint, and therefore denies the same.

203.     The allegations of Paragraph 203 are directed at Defendants other than AFL, and therefore no response is required. To the extent a response is required, AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 203 of the Complaint, and therefore denies the same.

204.     The allegations of Paragraph 204 are directed at Defendants other than AFL, and therefore no response is required. To the extent a response is required, AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 204 of the Complaint, and therefore denies the same.

205.     The allegations of Paragraph 205 are directed at Defendants other than AFL, and therefore no response is required. To the extent a response is required, AFL is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 205 of the Complaint, and therefore denies the same.

## Plaintiff's Prayer for Relief

206.     Responding to the unnumbered paragraph beginning with WHEREFORE, AFL denies Plaintiff is entitled to the relief sought therein, including subparts (a)-(e).

## AFFIRMATIVE DEFENSES

AFL asserts the following affirmative defenses in response to the allegations in Plaintiff's Complaint filed or consolidated in the above-captioned actions as follows:

1.     Defendant's actions have at all times been pursuant to express permits and directives of various state and federal regulatory agencies with which Defendant has at all relevant

31

ELECTRONICALLY FILED - 2025 Jul 15 1:42 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

times and parameters been fully compliant.  Accordingly, Defendant pleads license as an affirmative defense to Plaintiff's claims.

2.    Plaintiff has failed to state facts sufficient to constitute a cause of action and the Complaint should be dismissed pursuant to Rule 12(b)(6) of the South Carolina Rules of Civil Procedure.

3.    Plaintiff's claims are not ripe for adjudication and should be dismissed for presenting a contingent, hypothetical, or abstract dispute.  Plaintiff alleges that they will be required to incur costs at some future date when the State or United States Environmental Protection Agency will require them to upgrade their systems to treat PFAS.  Until these costs are incurred, Plaintiff cannot recover.

4.    Further, Plaintiff's claims are premature to the extent that neither the State nor the United States Environmental Protection Agency have set final water quality standards, maximum contaminant levels, acceptable soil cleanup levels, or other regulatory standards that are necessary to evaluate whether natural resources have been injured.

5.    Plaintiff also lacks standing to assert, in whole or in part, under the United States Constitution, the Constitution of South Carolina, state and federal statutes, and common law to bring the claims set forth in the Complaint.

6.    Plaintiff also lacks standing to bring the claims set forth in the Complaint under both the public trust doctrine and *parens patriae* doctrine, because the property claimed to be affected is not held in the public trust and/or is not subject to the *parens patriae* doctrine.

7.    Additionally, Plaintiff lacks standing to bring the claims set forth in the Complaint under both the public trust doctrine and *parens patriae* doctrine, because it does not have exclusive

ELECTRONICALLY FILED - 2025 Jul 15 1:42 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

jurisdiction over the resources at issue, or only have partial jurisdiction over such resources and have failed to join other necessary trustees in this action.

8.    Plaintiff lacks standing to bring an action for trespass because Plaintiff has no ownership over and is not entitled to exclusive possession of various property and water bodies referenced in the Complaint, and because Plaintiff cannot establish unreasonable or substantial damage to the resource.

9.    Plaintiff has not demonstrated or pled a legally cognizable injury in the Complaint that is capable of redress.

10.    Plaintiff's claims for alleged injuries and damages are barred, in whole or in part, because the claims for damages are speculative and conjectural.

11.    Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations or repose.

12.    Plaintiff has failed to name all necessary and indispensable parties in its action.

13.    Plaintiff's claims are barred, in whole or in part, because Defendant does not owe a legal duty to Plaintiff or, if it owed such a duty, did not breach and/or fully discharged that duty.

14.    Plaintiff's claims are barred, in whole or in part, because, at all relevant times, Defendant exercised due care with respect to its activities and took reasonable precautions against foreseeable acts or omissions of others.

15.    Plaintiff's claims are barred, in whole or in part, because none of the alleged acts or omissions of Defendant proximately caused the purported injuries and damages allegedly sustained by Plaintiff.

16.    Upon information and belief, Plaintiff's injuries, damages, or losses, if any, were directly and proximately caused by the intervening acts, superseding acts, and conduct of others,

33

ELECTRONICALLY FILED - 2025 Jul 15 1:42 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

including Plaintiff, over which Defendant had no control, thereby precluding any recovery against Defendant.

17.     Even assuming Defendant was negligent, careless, or reckless in any respect, and that any such conduct on its part operated as a proximate cause of Plaintiff's injuries or damages, all of which are expressly denied, Plaintiff's comparative negligence, carelessness, or recklessness contributed to the cause of Plaintiff's alleged damages.  For that reason, Defendant is not liable to Plaintiff in any sum whatsoever, and/or to the extent that a jury finds Plaintiff at fault for less than fifty percent (50%), Plaintiff's recovery should be reduced by that percentage amount.

18.     Plaintiff's claim for punitive damages is violative of both the United States Constitution and the South Carolina Constitution, and Defendant pleads that sections 15-32-530 *et seq.*, of the South Carolina Code provide a cap to punitive damages potentially available in this matter.

19.     Plaintiff also fails to state any basis upon which punitive damages are recoverable against Defendant and, accordingly, Plaintiff's prayer for such damages should be dismissed and/or stricken from the claims pursuant to Rule 12(b)(6) and/or 12(f) of the Federal Rules of Civil Procedure.

20.     Pursuant to S.C. Code Ann. § 15-32-520, any proceeding to determine punitive damages should be bifurcated from any trial to determine liability and compensatory damages.

21.     Any damages suffered by Plaintiff, which such damages are expressly denied, are the direct and proximate result of Plaintiff's conduct, and its recovery should be barred or, alternatively, reduced in proportion to the same degree as to Plaintiff's comparative fault.

22.     Plaintiff has failed to mitigate its damages as required by law and such failure bars Plaintiff's recovery, in whole or in part, against Defendant.

ELECTRONICALLY FILED - 2025 Jul 15 1:42 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

23.     Defendant is entitled to a set-off and/or credit of any monies or proceeds received by or on behalf of Plaintiff as a result of the claims alleged in the Complaint, regardless of the source of such monies, prior to any dismissal of or judgment in this matter.

24.     Plaintiff's claims are barred, in whole or in part, because Defendant did not own, operate, or otherwise control the facilities described in the Complaint at the time that PFAS is alleged to have migrated out of those facilities.

25.     Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff cannot establish its alleged injuries were caused by exposure to PFAS from any conduct attributable to Defendant.

26.     Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff cannot establish that PFAS has been reliably established through scientific means, to be capable of causing Plaintiff's alleged injuries.

27.     Plaintiff's claims are also barred, in whole or in part, to the extent that Plaintiff cannot establish that its residents and/or customers were exposed to sufficient concentrations or amount of PFAS, and/or for sufficient duration, which has been reliably established, through scientific means, to be capable of causing alleged injuries.

28.     Any damages Plaintiff may have suffered (which are expressly denied) were not reasonably foreseeable by Defendant at the time of the conduct alleged.

29.     Plaintiff's claims against Defendant are barred by the doctrines of unjust enrichment in that Plaintiff seeks to recover costs or damages for construction, operation, and maintenance of public water supply systems after Plaintiff sought and obtained a permit to secure, treat, and distribute public water supplies and for which it received funding from its residents and/or customers, State, Local, and Federal sources, including but not limited to funding to

35

ELECTRONICALLY FILED - 2025 Jul 15 1:42 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

specifically address unexpected contamination in water supplies under the Emergency Response Plans of the Safe Drinking Water Act, 42 U.S.C. §§ 300f to 300j.

30.     Plaintiff's claims are preempted or otherwise precluded by State and Federal law to the extent Plaintiff seeks recovery of costs or damages for contamination of water supplies, the enforcement of which is vested exclusively in State and Federal agencies pursuant to State and Federal statutes, including but not limited to the Safe Drinking Water Act, 42 U.S.C. §§ 300f to 300j, the Clean Water Act, 33 U.S.C. § 1251 *et seq.*, and the South Carolina Hazardous Waste Management Act, S.C. Code Ann. § 44-56-10 *et seq*.

31.     Plaintiff's claims are barred, in whole or in part, because Defendant neither knew, nor should have known, that any of the substances to which Plaintiff or Plaintiff's property was allegedly exposed were hazardous or constituted a reasonably foreseeable risk of physical harm by virtue of the prevailing state of the medical, scientific, technical, and/or industrial knowledge available to Defendant at all times relevant to the claims or causes of action asserted by Plaintiff.

32.     Further, Plaintiff's claims are barred, in whole or in part, because the alleged acts or omissions by Defendant, throughout the relevant and material time period, conformed to the then-existing custom and practice, and Defendant exercised due care and acted in accordance with and/or complied with available technological, medical, scientific, and industrial "state-of-the-art" practice, and/or applicable laws, regulations, standards, and orders.

33.     Plaintiff's claims are barred in whole or in part under the bulk supplier, component part supplier, sophisticated-purchaser, sophisticated-user, sophisticated intermediary, and/or knowledgeable-user doctrines or other similar or related doctrines available under applicable law.

36

ELECTRONICALLY FILED - 2025 Jul 15 1:42 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

34. Some or all of Plaintiff's claims are not amenable to judicial resolution because of the primary jurisdiction doctrine. *Texas v. Pacific Railway Co. v. Abilene Cotton Oil Co.*, 204 U.S. 426 (1907).

35. The relief sought is, in whole or in part, within the particular expertise of and is being addressed by federal and state governments, and their relevant agencies, and thus the Court should decline to exercise jurisdiction over these matters pursuant to the doctrine of primary jurisdiction, abstention, and or the doctrine of separation of powers.

36. The claims and/or damages alleged in the Complaint are barred, in whole or in part, under the doctrine of open and obvious conditions.

37. The claims and/or damages alleged in the Complaint are barred, in whole or in part, under the doctrine of voluntary exposure.

38. The claims and/or damages alleged in the Complaint are barred, in whole or in part, under the doctrine of coming to the nuisance.

39. The claims and/or damages alleged in the Complaint are barred, in whole or in part, under the doctrine of primary implied assumption of risk.

40. Plaintiff's claims are barred, in whole or in part, by the doctrine of election of remedies.

41. Plaintiff's claims are or may be barred, in whole or in part, because of consent, public necessity, private necessity and/or privilege.

42. Defendant is not responsible or liable for any acts or omissions undertaken by or at the direction of any governmental authority or agency, including without limitation, acts or omissions made in accordance with applicable statutes, regulations, permits, and industry standards.

ELECTRONICALLY FILED - 2025 Jul 15 1:42 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

43. Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, res judicata, estoppel, ratification, and unclean hands.

44. Plaintiff's Complaint is also barred, in whole or in part, by the doctrines of acquiescence, consent, justification, accord and satisfaction, ratification, settlement, or release.

45. Plaintiff's claims are preempted or barred by the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601, *et seq*. and the South Carolina Hazardous Waste Management Action, S.C. Code Ann. §§ 44-56-10 *et seq.* to the extent such claims include, encompass or relate to environmental conditions or natural resource damages or losses at any past, present or future facilities, sites, properties, locations or other areas listed on the United States Environmental Protection Agency's National Priority List (Superfund sites), or from which discharges or releases of materials have otherwise come to be located emanating from such facilities, sites, properties, locations or areas.

46. Plaintiff's claims are barred because they failed to exhaust administrative remedies.

47. Plaintiff is not entitled to recover from Defendant more than Defendant's fair, equitable, and proportionate share, if any, of the costs and damages sought by Plaintiff or to otherwise recover from Defendant more than the amount of such relief, if any, for which Defendant is liable.

48. Plaintiff's claims are barred, in whole or in part, to the extent they seek to impose retroactive liability. Defendant may not be held liable under retroactive theories not requiring proof of fault or causation.

49. All claims for injunctive relief in Plaintiff's Complaint is barred because Plaintiff has adequate remedies at law, to the extent its claims are provable.

ELECTRONICALLY FILED - 2025 Jul 15 1:42 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

50.     Plaintiff's claims are barred to the extent that they seek to recover costs, damages, and expenses including, but not limited to, response, assessment, remediation cleanup and/or removal costs that Plaintiff incurred improperly, or that are not related to natural resource restoration or replacement damages.

51.     The damages sought by Plaintiff, if awarded, should be reduced by any amounts they recover from any other sources and Plaintiff is barred from any form of double recovery regardless of the nature or source of such recovery.

52.     Plaintiff's claims are barred, in whole or in part, because Defendant did not know or have reason to know that its wastewater discharge, alone or in conjunction with a discharge or discharges from other sources, would cause pass through or interference, as contemplated by 40 C.F.R. § 403.5(a)(2).

53.     Plaintiff's claims are barred, in whole or in part, by the municipal cost recovery rule. *See United States v. Standard Oil of California*, 332 U.S. 301 (1947).

54.     Plaintiff's claims are barred because Defendant's conduct was not a substantial factor in causing the injures alleged.

55.     Plaintiff's claims are barred by the economic loss rule. *Sapp v. Ford Motor Company*, 386 S.C. 143, 687 S.E.2d 47 (2009).

56.     Plaintiff's recovery for any alleged trespass or nuisance, which is expressly denied, is limited to the lost rental value of Plaintiff's real property interest.

57.     Without admitting liability, Defendant alleges that if it is found to have been engaged in any of the activities alleged in the Complaint, such activities were too removed, indefinite, *de minimus* and insufficient to establish a reasonable degree of probability that any such activity caused any alleged injury, damage or loss to Plaintiff.

ELECTRONICALLY FILED - 2025 Jul 15 1:42 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

58.    Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff cannot establish that its alleged injuries were caused by exposure to PFAS from any product(s) attributable to Defendant.

59.    Defendant asserts and incorporates herein any affirmative defenses asserted or otherwise raised by other defendants in this action to Plaintiff's Complaint.

60.    Defendant has not completed its investigation of Plaintiff's allegations.  Defendant intends to act as best it can to inform itself of the pertinent facts and circumstances surrounding the allegations contained in Plaintiff's Complaint.  Thus, Defendant hereby gives notice of its intent to assert any further affirmative defenses that they may learn to be supported by facts and law, including but not limited to, that this action is barred in whole or in any part by any applicable statute, contract, release, covenant, or by the doctrine of laches.  Defendant reserves the right to amend this Answer to assert any such additional defenses.

**WHEREFORE**, having fully answered the Second Amended Complaint, AFL Telecommunications, LLC prays that the Complaint be dismissed with prejudice, that AFL be awarded its attorneys' fees and costs associated with defending this action, and for such other and further relief as the Court may deem just and proper.


[Signature on following page]

ELECTRONICALLY FILED - 2025 Jul 15 1:42 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

**WILLIAMS MULLEN**

By: s/John G. Tamasitis
Richard H. Willis (SC Bar No. 6159)
John G. Tamasitis (SC Bar No. 101875)
1230 Main Street, Suite 330
Columbia, SC 29201
Tel. 803.567.4615
Fax: 803.567.4601
*rwillis@williamsmullen.com*
*jtamasitis@williamsmullen.com*

*Counsel for Defendant AFL*
*Telecommunications, LLC*

July 15, 2025
Columbia, South Carolina

41

STATE OF SOUTH CAROLINA
COUNTY OF SPARTANBURG

IN THE COURT OF COMMON PLEAS
SEVENTH JUDICIAL CIRCUIT

IN RE:
PFAS LITIGATION COORDINATED DOCKET

_____

Woodruff-Roebuck Water District,

                            *Plaintiff,*

          v.

AFL Telecommunications, LLC *et al.,*

                            *Defendants.*

C.A. No. 2024-CP-42-02480


**ACCEPTANCE OF SERVICE
ON BEHALF OF MOCOM
COMPOUNDS CORPORATION**

Pursuant to Rule 4(j), SCRCP, I hereby accept and acknowledge service and my receipt via email of the Second Amended Summons and Complaint in the above captioned matter on behalf of Defendant MOCOM Compounds Corporation ("MOCOM"), effective June 18, 2025, with no further service on MOCOM being necessary.

Kevin Dunlap
Parker Poe
110 East Court Street, Suite 200
Greenville, SC 29601
864-253-6105
kevindunlap@parkerpoe.com

*Counsel for MOCOM Compounds Corporation*

ELECTRONICALLY FILED - 2025 Jul 15 9:18 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

STATE OF SOUTH CAROLINA

COUNTY OF SPARTANBURG

IN RE:
PFAS LITIGATION COORDINATED DOCKET

WOODRUFF-ROEBUCK
WATER DISTRICT,

Plaintiff,

vs.

AFL Telecommunications, LLC; AGC Chemicals Americas, Inc.; Arkema, Inc.; Clariant Corporation; Corteva, Inc.; Cryovac, Inc.; Cryovac, LLC; Daikin America, Inc.; DuPont de Nemours, Inc.; EIDP, Inc.; GTI Chemical Solutions, Inc.; GTI Chemical Solutions, LLC; Huntsman International, LLC; MOCOM Compounds Corporation; Plastic Omnium Auto Exteriors, LLC; Sovay Specialty Polymers USA, LLC; Springs Industries, LLC; Starchem, LLC; The Chemours Company; Toray Composite Materials America, Inc.; and Waste Management of South Carolina, Inc.,

Defendants.

IN THE COURT OF COMMON PLEAS
SEVENTH JUDICIAL CIRCUIT

Case No. 2024-CP-42-02480

**DEFENDANT SPRINGS INDUSTRIES, LLC'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

The Defendant, Springs Industries, LLC (hereinafter "Springs"), answering the Second Amended Complaint hereto, respectfully responds as follows:

## FOR A FIRST DEFENSE

1.      Springs denies each and every allegation of the Complaint not hereinafter specifically admitted.

## FOR A SECOND DEFENSE
(Specific Responses)

2.      It is admitted that Plaintiff has brought a legal action against the above-mentioned

ELECTRONICALLY FILED - 2025 Jul 15 10:56 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

ELECTRONICALLY FILED - 2025 Jul 15 10:56 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

Defendants. Except as specifically admitted herein, the remainder of the allegations contained in Paragraph 1 are denied.

3.    As to Springs, Springs denies the allegations contained in Paragraph 2 of the Plaintiff's Second Amended Complaint and demands strict proof thereof. Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations made against the other defendants in Paragraph 2 of the Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

4.    Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

5.    The allegations contained in Paragraph 4 are denied.

6.    As to Springs, Springs denies the allegations contained in Paragraph 5 of the Plaintiff's Second Amended Complaint and demands strict proof thereof. Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations made against the other defendants in Paragraph 5 of the Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

7.    As to Springs, Springs denies the allegations contained in Paragraph 6 of the Plaintiff's Second Amended Complaint and demands strict proof thereof. Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations made against the other defendants in Paragraph 6 of the Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

8.    As to Springs, Springs denies the allegations contained in Paragraph 7 of the Plaintiff's Second Amended Complaint and demands strict proof thereof. It is specifically denied that the alleged actions of Springs were intentional, willful, wanton, malicious, oppressive, and/or reckless. Springs

17474892v2

ELECTRONICALLY FILED - 2025 Jul 15 10:56 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

is without knowledge or information sufficient to form a belief as to the truth of the allegations made against the other defendants in Paragraph 7 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

9.     The allegations contained in Paragraph 8 of the Plaintiff's Second Amended Complaint are legal conclusions to which no response is required. To the extent a response is necessary, the allegations are denied.

10.     The allegations contained in Paragraph 9 of the Plaintiff's Second Amended Complaint are legal conclusions to which no response is required. To the extent a response is necessary, the allegations are denied.

11.     The allegations contained in Paragraph 5[1]* of the Plaintiff's Second Amended Complaint are legal conclusions to which no response is required. To the extent a response is necessary, the allegations are denied.

12.     The allegations contained in Paragraph 6* of the Plaintiff's Second Amended Complaint are legal conclusions to which no response is required. To the extent a response is necessary, the allegations are denied.

13.     The allegations contained in Paragraph 7* of the Plaintiff's Second Amended Complaint are legal conclusions to which no response is required. To the extent a response is necessary, the allegations are denied.

14.     Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8* of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

---

[1] The Second amended complaint has inaccurate paragraph numbering, as it numbers the tenth paragraph as five. Thus, all the subsequent numbers are incorrect. In order to avoid confusion, the undersigned will refer to the paragraphs as they have been numbered by plaintiffs but on the second usage of number 5-9, they will be designated with an asterisk.

3

17474892v2

ELECTRONICALLY FILED - 2025 Jul 15 10:56 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

15. Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9* of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

16. Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

17. Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

18. Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

19. It is admitted that M. Lowenstein Corporation operated facilities in Lyman, SC, and that Springs bought M. Lowenstein Corporation in or around 1985. Except as specifically admitted herein, the remainder of the allegations contained in Paragraph 13 are denied.

20. Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

21. Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

22. Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

4

17474892v2

ELECTRONICALLY FILED - 2025 Jul 15 10:56 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

23.     Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

24.     Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

25.     Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

26.     Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

27.     Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

28.     Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

29.     Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

30.     Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

5

17474892v2

ELECTRONICALLY FILED - 2025 Jul 15 10:56 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

31.     Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

32.     Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

33.     Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

34.     Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

35.     Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

36.     Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

37.     Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

38.     Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

17474892v2

ELECTRONICALLY FILED - 2025 Jul 15 10:56 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

39. Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

40. Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

41. Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

42. Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

43. Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

44. Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

45. Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

46. Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

7

17474892v2

ELECTRONICALLY FILED - 2025 Jul 15 10:56 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

47.     Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

48.     Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

49.     Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

50.     Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

51.     Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

52.     Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

53.     Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

54.     Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

8

17474892v2

ELECTRONICALLY FILED - 2025 Jul 15 10:56 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

55.     Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

56.     Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 50 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

57.     Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

58.     Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 52 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

59.     Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

60.     Springs admits the allegations contained in Paragraph 54 of the Plaintiff's Second Amended Complaint.

61.     Springs admits the allegations of Paragraph 55 of the Plaintiff's Second Amended Complaint.

62.     Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

63.     Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of the Plaintiff's Second Amended Complaint, and

9

17474892v2

ELECTRONICALLY FILED - 2025 Jul 15 10:56 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

therefore, the same are denied. The last sentence of Paragraph 57 is denied as to Springs and strict proof thereof is demanded.

64.    As to Springs, Springs denies the allegations contained in Paragraph 58 of the Plaintiff's Second Amended Complaint and demands strict proof thereof. Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations made against the other defendants in Paragraph 58 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

65.    As to Springs, Springs denies the allegations contained in Paragraph 59 of the Plaintiff's Second Amended Complaint and demands strict proof thereof. Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations made against the other defendants in Paragraph 59 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

66.    As to Springs, Springs denies the allegations contained in Paragraph 60 of the Plaintiff's Second Amended Complaint and demands strict proof thereof. Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations made against the other defendants in Paragraph 60 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

67.    As to Springs, Springs denies the allegations contained in Paragraph 61 of the Plaintiff's Second Amended Complaint and demands strict proof thereof. Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations made against the other defendants in Paragraph 61 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

68.    As to Springs, Springs denies the allegations contained in Paragraph 62 of the Plaintiff's Second Amended Complaint and strict proof thereof is demanded.

17474892v2

ELECTRONICALLY FILED - 2025 Jul 15 10:56 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

69.     The allegations contained in Paragraph 63 are denied and strict proof thereof is demanded.

70.     Springs is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 64 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

71.     The allegations contained in Paragraph 65 are denied and strict proof thereof is demanded.

72.     As to Springs, the allegations contained in Paragraph 66 are denied and strict proof thereof demanded. Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 of the Plaintiff's Second Amended Complaint concerning the other Defendants and therefore, the same are denied and strict proof thereof is demanded.

73.     Springs is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 67 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

74.     Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

75.     Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

76.     Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

11

17474892v2

ELECTRONICALLY FILED - 2025 Jul 15 10:56 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

77.     Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 71,72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, and 92  of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

78.     The allegations of Paragraph 93, including subparts (a) – (h) are denied.

79.     Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 94, 95, 96, 97, 98, of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

80.     As to Springs, the allegations of Paragraph 99 are denied. As to the other defendants, Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

81.     As to Springs, the allegations of Paragraph 100 are denied. As to the other defendants, Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded

82.     As to Springs, the allegations of Paragraph 101 are denied to the extent they allege the Supplier Defendants provided information to Springs concerning the health and environmental impacts of the Supplier Defendants' PFAS-containing products. As to the other defendants, Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded

83.     Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113,

12

17474892v2

ELECTRONICALLY FILED - 2025 Jul 15 10:56 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

114, and 115 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

84.    The allegations contained in Paragraph 116, of the Plaintiff's Second Amended Complaint are denied.

85.    The allegations contained in Paragraph 117 of the Plaintiff's Second Amended Complaint are denied.

86.    The allegations contained in Paragraph 118 of the Plaintiff's Second Amended Complaint are denied.

87.    The allegations contained in Paragraph 119 of the Plaintiff's Second Amended Complaint are denied.

88.    The allegations contained in Paragraph 120, including subparts (a) and (b), of the Plaintiff's Second Amended Complaint are denied.

## AS TO THE FIRST CAUSE OF ACTION

89.    Responding to Paragraph 121, Springs repeats and re-alleges the allegations contained in the preceding paragraphs as if fully set forth herein.

90.    As to Springs, Springs admits the allegations contained in Paragraph 122 of the Plaintiff's Second Amended Complaint.

91.    Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 123 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

92.    The allegations contained in Paragraph 124 of the Plaintiff's Second Amended Complaint are denied.

93.    The allegations contained in Paragraph 125 of the Plaintiff's Second Amended Complaint are denied.

13

17474892v2

ELECTRONICALLY FILED - 2025 Jul 15 10:56 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

94.     The allegations contained in Paragraph 126 of the Plaintiff's Second Amended Complaint are denied.

95.     The allegations contained in Paragraph 127 of the Plaintiff's Second Amended Complaint are denied.

96.     The allegations contained in Paragraph 128 of the Plaintiff's Second Amended Complaint are denied.

97.     The allegations contained in Paragraph 129 of the Plaintiff's Second Amended Complaint are denied.

98.     The allegations contained in Paragraph 130 of the Plaintiff's Second Amended Complaint are denied.

99.     The allegations contained in Paragraph 131 of the Plaintiff's Second Amended Complaint are denied.

100.     The allegations contained in Paragraph 132 of the Plaintiff's Second Amended Complaint are denied.

## AS TO THE SECOND CAUSE OF ACTION

101.     Responding to Paragraph 133, Springs repeats and re-alleges the allegations contained in the preceding paragraphs as if fully set forth herein.

102.     As to Springs, Springs admits the allegations contained in Paragraph 134 of the Plaintiff's Second Amended Complaint.

103.     As to Springs, Springs admits the allegations contained in Paragraph 135 of the Plaintiff's Second Amended Complaint.

104.     The allegations contained in Paragraph 136 of the Plaintiff's Second Amended Complaint are denied.

14

17474892v2

ELECTRONICALLY FILED - 2025 Jul 15 10:56 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

105. Springs admits Plaintiff's customers have a right to potable water. The remaining allegations contained in Paragraph 137 of the Plaintiff's Second Amended Complaint are denied.

106. The allegations contained in Paragraph 138 of the Plaintiff's Second Amended Complaint are denied.

107. The allegations contained in Paragraph 139 of the Plaintiff's Second Amended Complaint are denied.

108. The allegations contained in Paragraph 140 of the Plaintiff's Second Amended Complaint are denied.

109. The allegations contained in Paragraph 141 of the Plaintiff's Second Amended Complaint are denied.

110. The allegations contained in Paragraph 142 of the Plaintiff's Second Amended Complaint are denied.

111. The allegations contained in Paragraph 143 of the Plaintiff's Second Amended Complaint are denied.

112. The allegations contained in Paragraph 144 of the Plaintiff's Second Amended Complaint are denied.

## AS TO THE THIRD CAUSE OF ACTION

113. Responding to Paragraph 145, Springs repeats and re-alleges the allegations contained in the preceding paragraphs as if fully set forth herein.

114. Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 146 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

115. The allegations contained in Paragraph 147, including subparts (a) – (d), of the Plaintiff's Second Amended Complaint are denied.

17474892v2

ELECTRONICALLY FILED - 2025 Jul 15 10:56 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

116.    Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 148, including subparts (a) – (d) of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

117.    The allegations contained in Paragraph 149 of the Plaintiff's Second Amended Complaint are denied.

118.    As to Springs, the allegations contained in Paragraph 150 of the Plaintiff's Second Amended Complaint are denied.

119.    The allegations contained in Paragraph 151 of the Plaintiff's Second Amended Complaint are denied.

120.    Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 152 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

121.    The allegations contained in Paragraph 153 of the Plaintiff's Second Amended Complaint are denied.

122.    The allegations contained in Paragraph 154 of the Plaintiff's Second Amended Complaint are denied.

123.    The allegations contained in Paragraph 155 of the Plaintiff's Second Amended Complaint are denied.

### AS TO THE FOURTH CAUSE OF ACTION

124.    Responding to Paragraph 156, Springs repeats and re-alleges the allegations contained in the preceding paragraphs as if fully set forth herein.

125.    The allegations contained in Paragraph 157 of the Plaintiff's Second Amended Complaint are denied.

17474892v2

ELECTRONICALLY FILED - 2025 Jul 15 10:56 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

126.    The allegations contained in Paragraph 158 of the Plaintiff's Second Amended Complaint are denied.

127.    The allegations contained in Paragraph 159 of the Plaintiff's Second Amended Complaint are denied.

128.    The allegations contained in Paragraph 160 of the Plaintiff's Second Amended Complaint are denied.

129.    Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 161 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

130.    The allegations contained in Paragraph 162 of the Plaintiff's Second Amended Complaint are denied.

131.    The allegations contained in Paragraph 163 of the Plaintiff's Second Amended Complaint are denied.

132.    The allegations contained in Paragraph 164 of the Plaintiff's Second Amended Complaint are denied.

## AS TO THE FIFTH CAUSE OF ACTION

133.    Responding to Paragraph 165, Springs repeats and re-alleges the allegations contained in the preceding paragraphs as if fully set forth herein.

134.    The allegations set forth in Paragraphs 166 through 174 of the Plaintiff's Second Amended Complaint are not directed towards Springs and, therefore, no response is required. To the extent a response is required, Springs denies the same.

## AS TO THE SIXTH CAUSE OF ACTION

135.    Responding to Paragraph 175, Springs repeats and re-alleges the allegations contained in the preceding paragraphs as if fully set forth herein.

17

17474892v2

136.     The allegations set forth in Paragraphs 176 through 185 of the Plaintiff's Second Amended Complaint are not directed towards Springs and, therefore, no response is required. To the extent a response is required, Springs denes the same.

### AS TO THE SEVENTH CAUSE OF ACTION

137.     Responding to Paragraph 186, Springs repeats and re-alleges the allegations contained in the preceding paragraphs as if fully set forth herein.

138.     The allegations set forth in Paragraphs 187 through 198 of the Plaintiff's Second Amended Complaint are not directed towards Springs and, therefore, no response is required. To the extent a response is required, Springs denies the same.

### AS TO THE EIGHTH CAUSE OF ACTION

139.     Responding to Paragraph 199, Springs repeats and re-alleges the allegations contained in the preceding paragraphs as if fully set forth herein.

140.     The allegations set forth in Paragraphs 200 through 205 of the Plaintiff's Second Amended Complaint are not directed towards Springs and, therefore, no response is required. To the extent a response is required, Springs denies the same.

141.     To the extent a response is required, Springs denies the allegations contained in the "Prayer for Relief" paragraphs (a) through (e) and demands legal proof thereof.

**ANY ALLEGATION NOT EXPRESSLY ADMITTED IS HEREBY DENIED.**

### FOR A THIRD DEFENSE
(Rule 12b Insufficiency)

142.     Springs asserts and does not waive any defenses available to them under Rule 12, SCRCP, or otherwise, including, without limitation, lack of jurisdiction, improper venue, insufficient process or service of process, failure to state facts sufficient to constitute a cause of action, failure to join an indispensable party or the existence of another action between these parties.

18

17474892v2

ELECTRONICALLY FILED - 2025 Jul 15 10:56 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

143.    In addition, these defenses are not waived and are specifically reserved, despite any further pleadings of Springs, including any counterclaim, crossclaim, or third-party claim or any assertion or other statements within such pleadings.

### FOR A FOURTH DEFENSE
(Compliance with Licenses, Permits, Certifications and Authorizations)

144.    The plants at issue were at all times operated in compliance with licenses, permits, certifications and authorizations from all appropriate authorities including state and federal environmental laws and any local ordinances including but not limited to S.C. Code Ann section 31-24-120.

### FOR A FIFTH DEFENSE
(Failure to State Claim)

145.    Plaintiff fails to state a claim against Springs for which relief may be granted.

### FOR A SIXTH DEFENSE
(Laches)

146.    Plaintiff unreasonably delayed in asserting its claims causing prejudice to Springs.

### FOR A SEVENTH DEFENSE
(Statute of Limitations/Repose)

147.    The claims set forth in the Plaintiff's Second Amended Complaint are barred, in whole or in part, by the applicable statutes of limitation or statutes of repose.

### FOR AN EIGHTH DEFENSE
(Waiver/Estoppel/acquiescence)

148.    The claims set forth in the Plaintiff's Second Amended Complaint are barred by the doctrines of waiver, estoppel or acquiescence.

### FOR A NINTH DEFENSE
(Liability/Remedy Limitations)

149.    Plaintiff's claims and remedies are limited, restricted, or excluded by the substance of any communication between the parties, including documents and/or oral conversations.

17474892v2

ELECTRONICALLY FILED - 2025 Jul 15 10:56 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

ELECTRONICALLY FILED - 2025 Jul 15 10:56 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

Further, Spring's liability, if any, may be limited, restricted, or excluded by the rights, responsibilities, and liability of Plaintiff and/or third parties, either by contract, statute, or equity.

**FOR A TENTH DEFENSE**
(Failure to Mitigate)

150.    Plaintiff has failed to act reasonably to prevent, mitigate, or otherwise lessen the alleged damages.

**FOR AN ELEVENTH DEFENSE**
(Conditions Precedent)

151.    Springs pleads, to the extent Plaintiff claims liability against it in any manner, all conditions precedent to such liability have not been met.

**FOR A TWELTH DEFENSE**
(Reliance)

152.    Springs pleads, to the extent that Plaintiff claims reliance on any action or omission under which it seeks to impose liability on Springs, such reliance did not induce a change in the Plaintiff's position, such reliance was unreasonable and unjustified under the circumstances, Plaintiff has not been prejudiced by such asserted reliance, and/or such asserted reliance was not the proximate cause of any damages sustained by Plaintiff.

**FOR A THIRTEENTH DEFENSE**
(Privity)

153.    Plaintiff lacks sufficient privity or other relationship with this Defendant to maintain a claim against it.

**FOR A FOURTEENTH DEFENSE**
(Accord & Satisfaction)

154.    All or part of the claims herein have previously been asserted and resolved upon mutual agreement and consideration, including inducements and/or agreements to refrain from action, and such claims are subject to the prior agreement resolving them.

20

17474892v2

ELECTRONICALLY FILED - 2025 Jul 15 10:56 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

## FOR A FIFTEENTH DEFENSE
(Economic Loss Rule)

155.    Plaintiff seeks damages for purely economic losses and therefore Plaintiff's remedies are limited by the Economic Loss Rule, to include the prohibition against tort-based causes of action.

## FOR A SIXTEENTH DEFENSE
(Proximate Cause)

156.    As a further response to the allegations contained in the Plaintiff's Second Amended Complaint, and without waiving any of the foregoing defenses, Springs does hereby allege and say that negligence of Springs may not have been a proximate cause of the extensive injuries and damages complained of by the Plaintiff, and lack of proximate cause is hereby pled in bar of the Plaintiff's right to recover from Springs.

## FOR A SEVENTEENTH DEFENSE
(Third Party Fault)

157.    Springs asserts the claims against it are barred or limited by the contributing, concurring, intervening, or superseding fault, negligence, or breach by persons or entities other than Springs, including Plaintiff, and that any fault or negligence by Springs, the existence of which is denied, was passive and secondary in light of the primary and active fault, negligence, or breach by others, including Plaintiff. Springs asserts such fault, negligence, or breach as a basis for the elimination or reduction of any liability by Springs, the existence of which is denied.

## FOR AN EIGHTEENTH DEFENSE
(Agency/Authority)

158.    To the extent the Plaintiff's claims rely upon acts or omissions of others to assert claims against Springs, Springs t specifically denies any liability for any acts or omissions of others acting without Spring's express or other legal authority. Springs objects to the Plaintiff's use of the word "Defendants" (or similar language or use of conjunctives) to allege that it acted in concert

21

17474892v2

ELECTRONICALLY FILED - 2025 Jul 15 10:56 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

with, by, and/or through any other party or entity, or is liable for the acts of others, without sufficient legal proof of such authority or liability.

## FOR A NINETEENTH DEFENSE
(Contributing/Comparative Fault)

159.    Springs alleges any damages sustained by the Plaintiff was caused and occasioned by the Plaintiff's own negligence, recklessness, willfulness and wantonness, or other fault, and

A.  That the fault attributable to the Plaintiff is a complete bar to the Plaintiff's claim;

B.  That the fault attributable to the Plaintiff was greater than any alleged fault of Springs or others and is a complete bar to the Plaintiff's claim;

C.  That the fault attributable to Plaintiff combined with, contributed to, or concurred in any alleged fault of Springs or others and acted as a proximate cause of the damages allegedly sustained and is therefore a complete bar to Plaintiff's claim;

D.  Should the Plaintiff be entitled to a recovery, such recovery should be reduced in proportion to the fault attributable to the Plaintiff; and

E.  Should Plaintiff be entitled to a recovery, Springs specifically requests and moves that such liability should be assessed in accordance with S.C. Code § 15-38-15, if applicable. In addition, and in the alternative, Springs asserts its right under due process of law to have liability, if any, assessed in proportion to the responsibility of each party for such liability and that the amount of recoverable damages, if any, be assessed in accordance with such apportionment. Further, Springs objects to the dismissal of any party until liability has been assessed as to all responsible entities.

## FOR A TWENTIETH DEFENSE
(Failure to Join)

160.    Springs asserts Plaintiff's Second Amended Complaint should be dismissed pursuant to Rule 12(b)(7), Rule 19, and others of the South Carolina Rules of Civil Procedure for failure to join necessary and indispensable parties, and for otherwise failing to join parties for purposes of fault allocation in order to provide Springs with appropriate due process protections against improper liability.

## FOR A TWENTY-FIRST DEFENSE
(Set-off/Credit)

161.    Springs asserts entitlement to a set-off and/or credit for all proceeds received by or

17474892v2

ELECTRONICALLY FILED - 2025 Jul 15 10:56 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

on behalf of Plaintiff as a result of Plaintiff's claims in this matter, regardless of the source or basis of such proceeds, to include any contractual or gratuitous reduction in charges or provision of services or materials.

## FOR A TWENTY-SECOND DEFENSE
### (Non-Waiver)

162.    Springs reserves and does not waive any additional or further defenses as may be revealed by additional information that may be acquired in discovery or otherwise.

## FOR A TWENTY-THIRD DEFENSE
### (Incorporation)

163.    Spring hereby incorporates and asserts all defenses, counterclaims, set-offs, and credits pled by other parties in this action, to include any pleadings filed after this Answer, and specifically, without limitation, all defenses, counterclaims, set-offs, and credits pled to Plaintiff's claims, to the extent not inconsistent with its Answer herein and its denial of liability of any kind.

## FOR A TWENTY-FOURTH DEFENSE
### (Punitive Damages Cap)

164.    Springs pleads all applicable protections under the South Carolina Fairness in Civil Justice Act of 2011, codified at S.C. Code Ann. § 15-32-5210 to 15-32-540, as a defense to Plaintiff's claims for punitive damages.

## FOR A TWENTY-FIFTH DEFENSE
### (Punitive Damages-Procedural)

165.    Springs alleges upon information and belief that punitive damages as currently awarded in the State of South Carolina violate the Constitutions of the United States and of South Carolina.

## FOR A TWENTY-SIXTH DEFENSE
### (Punitive Damages-Substantive)

166.    Springs alleges a verdict for the Plaintiff for punitive damages would deprive Springs of property without due process of law and without equal protection of the laws:

23

17474892v2

ELECTRONICALLY FILED - 2025 Jul 15 10:56 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

a.  If the award is based upon conduct that is not intentional or malicious, or conduct that was lawful at the time and place where the conduct occurred or had no impact upon the State of South Carolina or its residents;

b.  If the amount awarded bears no reasonable relationship to the proven harm claimed by Plaintiff;

c.  If the award is based upon other, dissimilar acts or omissions;

d.  If the award is based upon other parties' hypothetical claims;

e.  If the award is based upon economic rather than physical harm;

f.  If the award is excessive in comparison to penalties imposed or authorized in comparable cases.

WHEREFORE, Springs, having responded to the Plaintiff's Second Amended Complaint, prays the Court:

1.  Dismiss all claims against Springs and tax the costs thereof to the Plaintiff;

2.  For such other and further relief as is just and proper.

**ROGERS TOWNSEND, LLC**

_s/ R. Bryan Barnes_____
Bryan Barnes, SC Bar # 7818
T. McRoy Shelley, III SC Bar # 007067
Post Office Box 100200
Columbia, South Carolina 29202-3200
Office: 803-744-1273
bryan.barnes@rogerstownsend.com
roy.shelley@rogerstownsend.com
***Attorneys for Defendant, Springs Industries, LLC***

Columbia, South Carolina
July 15, 2025

24

17474892v2

ELECTRONICALLY FILED - 2025 Jul 15 4:37 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

STATE OF SOUTH CAROLINA
COUNTY OF SPARTANBURG

IN THE COURT OF COMMON PLEAS
SEVENTH JUDICIAL CIRCUIT

IN RE:
PFAS LITIGATION COORDINATED DOCKET
_____

Woodruff-Roebuck Water District,

*Plaintiff*,

v.

AFL Telecommunications, LLC; AGC Chemicals
Americas, Inc.; Arkema, Inc.; Clariant Corporation;
Corteva, Inc.; Cryovac, Inc.; Cryovac, LLC; Daikin
America, Inc.; DuPont de Nemours, Inc.; EIDP,
Inc.; GTI Chemical Solutions, Inc.; GTI Chemical
Solutions, LLC; Huntsman International, LLC;
MOCOM Compounds Corporation; Plastic Omnium
Auto Exteriors, LLC; Solvay Specialty Polymers
USA, LLC; Springs Industries, LLC; Starchem,
LLC; The Chemours Company; Toray Composite
Materials America, Inc.; and Waste Management of
South Carolina, Inc.,

*Defendants*.

C.A. No. 2024-CP-42-02480

**DEFENDANT STARCHEM, LLC'S
ANSWER TO SECOND AMENDED
COMPLAINT**

COMES NOW Defendant STARCHEM, LLC ("Starchem"), by and through undersigned

counsel, and files its Answer to Plaintiff's Second Amended Complaint, showing this Honorable

Court and responding to the numbered paragraphs of Plaintiff's Second Amended Complaint as

follows:

1. Starchem denies the allegation or allegations of Paragraph 1 to the extent such allegation

or allegations allege that Starchem owed any duty to Plaintiff, Starchem breached any duty it owed

to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any relief

1

ELECTRONICALLY FILED - 2025 Jul 15 4:37 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

whatsoever from Starchem.  Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in Paragraph 1 and therefore denies the same.

2.    Starchem denies the allegation or allegations of Paragraph 2 to the extent such allegation or allegations allege that Starchem owed any duty to Plaintiff, Starchem breached any duty it owed to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any relief whatsoever from Starchem.  Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in Paragraph 2 and therefore denies the same.

3.    Starchem admits that Plaintiff is a special purpose district created in part for the purpose of distributing water to residents of Spartanburg County.  Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in Paragraph 3 and therefore denies the same.

4.    Starchem admits that it owns and operates a facility upstream of the Woodruff-Roebuck Water District.  Starchem admits that it has had custody of one or more of the products identified in Paragraph 4.  Starchem admits that it discharges wastewater under the authority of a valid permit and consistent with the terms thereof.  Starchem denies the remaining allegation or allegations of Paragraph 4 to the extent such allegation or allegations allege that Starchem owed any duty to Plaintiff, Starchem breached any duty it owed to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any relief whatsoever from Starchem.  Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in Paragraph 4.

ELECTRONICALLY FILED - 2025 Jul 15 4:37 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

5.     Starchem denies the allegation or allegations of Paragraph 5 to the extent such allegation or allegations allege that Starchem owed any duty to Plaintiff, Starchem breached any duty it owed to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any relief whatsoever from Starchem.  Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in Paragraph 5 and therefore denies the same.

6.     Starchem denies the allegation or allegations of Paragraph 6 to the extent such allegation or allegations allege that Starchem owed any duty to Plaintiff, Starchem breached any duty it owed to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any relief whatsoever from Starchem.  Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in Paragraph 6 and therefore denies the same.

7.     Starchem denies the allegation or allegations of Paragraph 7 to the extent such allegation or allegations allege that Starchem owed any duty to Plaintiff, Starchem breached any duty it owed to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any relief whatsoever from Starchem.  Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in Paragraph 7 and therefore denies the same.

8.     Starchem is without knowledge or information sufficient to form a belief as to the truth of the allegation or allegations asserted in Paragraph 8 and therefore denies the same.

9.     Starchem is without knowledge or information sufficient to form a belief as to the truth of the allegation or allegations asserted in Paragraph 9 and therefore denies the same.

3

ELECTRONICALLY FILED - 2025 Jul 15 4:37 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

5.     [Note: this paragraph responds to the second paragraph 5, which appears on page 4 of Plaintiff's Second Amended Complaint]  Subject to Starchem's all Starchem's defenses, and in particular Starchem's defense that Plaintiff's Second Amended Complaint fails to state a claim upon which relief can be granted, and without waiving the same, Starchem admits the allegation or allegations asserted in the second Paragraph 5.

6.     [Note: this paragraph responds to the second paragraph 6, which appears on page 4 of Plaintiff's Second Amended Complaint]  Subject to Starchem's all Starchem's defenses, and in particular Starchem's defense that Plaintiff's Second Amended Complaint fails to state a claim upon which relief can be granted, and without waiving the same, Starchem admits that this Court has personal jurisdiction over Starchem.  Starchem is without knowledge or information sufficient to form a belief as to the truth of the remaining allegation or allegations asserted in the second Paragraph 6 and therefore denies the same.

7.     [Note: this paragraph responds to the second paragraph 7, which appears on page 4 of Plaintiff's Second Amended Complaint] Subject to Starchem's all Starchem's defenses, and in particular Starchem's defense that Plaintiff's Second Amended Complaint fails to state a claim upon which relief can be granted, and without waiving the same, Starchem admits that venue is properly in this Court as to Starchem.  Starchem is without knowledge or information sufficient to form a belief as to the truth of the remaining allegation or allegations asserted in the second Paragraph 7 and therefore denies the same.

8.     [Note: this paragraph responds to the second paragraph 8, which appears on page 5 of Plaintiff's Second Amended Complaint] Starchem admits the allegation or allegations asserted in the second Paragraph 8.

ELECTRONICALLY FILED - 2025 Jul 15 4:37 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

9.     [Note: this paragraph responds to the second paragraph 9, which appears on page 5 of Plaintiff's Second Amended Complaint] Starchem is without knowledge or information sufficient to form a belief as to the truth of the allegation or allegations asserted in the second Paragraph 9 and therefore denies the same.

10.     Starchem is without knowledge or information sufficient to form a belief as to the truth of the allegation or allegations asserted in Paragraph 10 and therefore denies the same.

11.     Starchem is without knowledge or information sufficient to form a belief as to the truth of the allegation or allegations asserted in Paragraph 11 and therefore denies the same.

12.     Starchem is without knowledge or information sufficient to form a belief as to the truth of the allegation or allegations asserted in Paragraph 12 and therefore denies the same.

13.     Starchem is without knowledge or information sufficient to form a belief as to the truth of the allegation or allegations asserted in Paragraph 13 and therefore denies the same.

14.     Starchem is without knowledge or information sufficient to form a belief as to the truth of the allegation or allegations asserted in Paragraph 14 and therefore denies the same.

15.     Starchem is without knowledge or information sufficient to form a belief as to the truth of the allegation or allegations asserted in Paragraph 15 and therefore denies the same.

16.     Starchem admits that it is a Georgia limited liability company authorized to do business in South Carolina.  Starchem admits that it maintains a place of business in Spartanburg County at 10150 Greenville Highway, Wellford, South Carolina, 29385.  Starchem admits that at that location, it operates a facility where it has had custody of one or more of the products identified in Paragraph 16.  Starchem admits that it discharges wastewater under the authority of a valid permit and consistent with the terms thereof.  Starchem denies the remaining allegation or allegations of Paragraph 16 to the extent such allegation or allegations allege that Starchem owed

5

ELECTRONICALLY FILED - 2025 Jul 15 4:37 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

any duty to Plaintiff, Starchem breached any duty it owed to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any relief whatsoever from Starchem. Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in Paragraph 16 and therefore denies the same.

17.    Starchem is without knowledge or information sufficient to form a belief as to the truth of the allegation or allegations asserted in Paragraph 17 and therefore denies the same.

18.    Starchem is without knowledge or information sufficient to form a belief as to the truth of the allegation or allegations asserted in Paragraph 18 and therefore denies the same.

19.    Starchem is without knowledge or information sufficient to form a belief as to the truth of the allegation or allegations asserted in Paragraph 19 and therefore denies the same.

20.    Starchem is without knowledge or information sufficient to form a belief as to the truth of the allegation or allegations asserted in Paragraph 20 and therefore denies the same.

21.    Starchem is without knowledge or information sufficient to form a belief as to the truth of the allegation or allegations asserted in Paragraph 21 and therefore denies the same.

22.    Starchem is without knowledge or information sufficient to form a belief as to the truth of the allegation or allegations asserted in Paragraph 22 and therefore denies the same.

23.    Starchem is without knowledge or information sufficient to form a belief as to the truth of the allegation or allegations asserted in Paragraph 23 and therefore denies the same.

24.    Starchem is without knowledge or information sufficient to form a belief as to the truth of the allegation or allegations asserted in Paragraph 24 and therefore denies the same.

25.    Starchem is without knowledge or information sufficient to form a belief as to the truth of the allegation or allegations asserted in Paragraph 25 and therefore denies the same.

ELECTRONICALLY FILED - 2025 Jul 15 4:37 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

26.     Starchem is without knowledge or information sufficient to form a belief as to the truth of the allegation or allegations asserted in Paragraph 26 and therefore denies the same.

27.     Starchem is without knowledge or information sufficient to form a belief as to the truth of the allegation or allegations asserted in Paragraph 27 and therefore denies the same.

28.     Starchem is without knowledge or information sufficient to form a belief as to the truth of the allegation or allegations asserted in Paragraph 28 and therefore denies the same.

29.     Starchem admits that PFAS is a term generally used in the scientific community at the present time in reference to a group of synthetic chemicals that are not known to occur naturally in the environment.  Starchem admits that the general consensus in the scientific community at the current time is that PFAS are relatively stable.  Starchem admits that products containing PFAS may be used to confer water and/or oil resistance.  Starchem admits that PFAS have a variety of industrial, commercial, and consumer applications.  Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations asserted in Paragraph 29 and therefore denies the same.

30.     Starchem admits that the general consensus in the scientific community at the present time is that PFAS are relatively stable and persistent in certain environments.  Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations asserted in Paragraph 30 and therefore denies the same.

31.     Starchem admits that the allegation or allegations in the first sentence of Paragraph 31 are generally accepted in the scientific community at the present time.  Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations asserted in Paragraph 31 and therefore denies the same.

7

ELECTRONICALLY FILED - 2025 Jul 15 4:37 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

32.     Starchem admits that the allegation or allegations in Paragraph 32 are generally accepted in the scientific community at the current time.  Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations asserted in Paragraph 32 and therefore denies the same.

33.     Starchem admits that the allegation or allegations in Paragraph 33 are generally accepted in the scientific community at the current time.  Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations asserted in Paragraph 33 and therefore denies the same.

34.     Starchem is without knowledge or information sufficient to form a belief as to the truth of the allegation or allegations asserted in Paragraph 34 and therefore denies the same.

35.     Starchem admits that the general consensus in the scientific community at the current time is that PFAS are relatively mobile and water soluble.  Starchem admits that humans may be exposed to PFAS through ingestion of drinking water.  Starchem is without knowledge or information sufficient to form a belief as to the truth of the remaining allegation or allegations asserted in Paragraph 35 and therefore denies the same.

36.     Starchem admits that some studies have correlated PFAS chemicals with negative health effects under certain circumstances.  Starchem is without knowledge or information sufficient to form a belief as to the truth of the remaining allegation or allegations asserted in Paragraph 36.

37.     Starchem admits that PFOA and PFOS have been widely used and have been studied.  Starchem admits that some companies voluntarily phased out products containing PFOA and PFOS by 2015.  Starchem admits that the general consensus in the scientific community at the current time is that PFAS are relatively stable and persistent in some environments.  Starchem is

ELECTRONICALLY FILED - 2025 Jul 15 4:37 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

without knowledge or information sufficient to form a belief as to the truth of the remaining allegation or allegations asserted in Paragraph 37 and therefore denies the same.

38.     Starchem admits that products consisting of shorter fluorinated carbon chains were developed to replace PFOA and PFOS, and they have been used to confer similar properties and characteristics. Starchem admits that the last sentence in Paragraph 38 is generally accepted in the scientific community at the current time. Starchem is without knowledge or information sufficient to form a belief as to the truth of the remaining allegation or allegations asserted in Paragraph 38 and therefore denies the same.

39.     Starchem admits that any advisories published by the EPA speak for themselves. Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations asserted in Paragraph 39 and therefore denies the same.

40.     Starchem admits that any advisories published by the EPA speak for themselves. Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations asserted in Paragraph 40 and therefore denies the same.

41.     Starchem admits that any advisories published by the EPA speak for themselves. Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations asserted in Paragraph 41 and therefore denies the same.

42.     Starchem admits that any advisories published by the EPA speak for themselves. Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations asserted in Paragraph 42 and therefore denies the same.

43.     Starchem admits that any advisories published by the EPA speak for themselves. Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations asserted in Paragraph 43 and therefore denies the same.

ELECTRONICALLY FILED - 2025 Jul 15 4:37 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

44.     Starchem admits that any proposals, recommendations, or announcements released by the EPA speak for themselves. Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations asserted in Paragraph 44 and therefore denies the same.

45.     Starchem admits that any proposals, recommendations, or announcements released by the EPA speak for themselves. Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations asserted in Paragraph 45 and therefore denies the same.

46.     Starchem admits that any proposals, recommendations, or announcements released by the EPA speak for themselves. Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations asserted in Paragraph 46 and therefore denies the same.

47.     Starchem admits that any proposals, recommendations, or announcements released by the EPA speak for themselves. Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations asserted in Paragraph 47 and therefore denies the same.

48.     Starchem admits that any proposals, recommendations, or announcements released by the EPA speak for themselves. Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations asserted in Paragraph 48 and therefore denies the same.

49.     Starchem admits that any proposals, recommendations, announcements, or regulations by the EPA speak for themselves. Starchem is without knowledge or information

10

ELECTRONICALLY FILED - 2025 Jul 15 4:37 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

sufficient to form a belief as to the truth of any remaining allegation or allegations asserted in Paragraph 49 and therefore denies the same.

50.     Starchem admits that any proposals, recommendations, announcements, or regulations by the EPA speak for themselves. Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations asserted in Paragraph 50 and therefore denies the same.

51.     Starchem admits that any "deadlines" imposed by the EPA speak for themselves. Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations asserted in Paragraph 51 and therefore denies the same.

52.     Starchem admits that any affirmations, announcements, or expressions by the EPA speak for themselves. Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations asserted in Paragraph 52 and therefore denies the same.

53.     Starchem admits that any affirmations, announcements, or expressions by the EPA speak for themselves. Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations asserted in Paragraph 53 and therefore denies the same.

54.     Starchem admits that the Tyger River System begins as three forks – the South, Middle, and North Tyger Rivers – which run through Spartanburg County.  Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations asserted in Paragraph 54 and therefore denies the same.

55.     Starchem is without knowledge or information sufficient to form a belief as to the truth of the allegation or allegations asserted in Paragraph 55 and therefore denies the same.

11

ELECTRONICALLY FILED - 2025 Jul 15 4:37 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

56.     Starchem is without knowledge or information sufficient to form a belief as to the truth of the allegation or allegations asserted in Paragraph 56 and therefore denies the same.

57.     Starchem denies the allegation or allegations of Paragraph 57 to the extent such allegation or allegations allege that Starchem owed any duty to Plaintiff, Starchem breached any duty it owed to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any relief whatsoever from Starchem.  Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in Paragraph 57 and therefore denies the same.

58.     Starchem admits that it owns and operates a facility in Spartanburg County. Starchem admits that it has had custody of one or more of the products identified in Paragraph 58. Starchem admits that it discharges wastewater under the authority of a valid permit and consistent with the terms thereof.  Starchem denies the allegation or allegations of Paragraph 58 to the extent such allegation or allegations allege that Starchem owed any duty to Plaintiff, Starchem breached any duty it owed to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any relief whatsoever from Starchem.  Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in Paragraph 58 and therefore denies the same.

59.     Starchem denies the allegation or allegations of Paragraph 59 to the extent such allegation or allegations allege that Starchem owed any duty to Plaintiff, Starchem breached any duty it owed to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any relief whatsoever from Starchem.  Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in Paragraph 59 and therefore denies the same.

ELECTRONICALLY FILED - 2025 Jul 15 4:37 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

60. Starchem denies the allegation or allegations of Paragraph 60 to the extent such allegation or allegations allege that Starchem owed any duty to Plaintiff, Starchem breached any duty it owed to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any relief whatsoever from Starchem. Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in Paragraph 60 and therefore denies the same.

61. Starchem denies the allegation or allegations of Paragraph 61 to the extent such allegation or allegations allege that Starchem owed any duty to Plaintiff, Starchem breached any duty it owed to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any relief whatsoever from Starchem. Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in Paragraph 61 and therefore denies the same.

62. Starchem denies the allegation or allegations of Paragraph 62 to the extent such allegation or allegations allege that Starchem owed any duty to Plaintiff, Starchem breached any duty it owed to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any relief whatsoever from Starchem. Starchem denies the allegation or allegations of Paragraph 62 to the extent such allegation or allegations allege what Starchem knew or should have known. Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in Paragraph 62 and therefore denies the same.

63. Starchem denies the allegation or allegations of Paragraph 63 to the extent such allegation or allegations allege that Starchem owed any duty to Plaintiff, Starchem breached any duty it owed to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any relief whatsoever from Starchem. Starchem is without knowledge or information sufficient to

ELECTRONICALLY FILED - 2025 Jul 15 4:37 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

form a belief as to the truth of any remaining allegation or allegations in Paragraph 63 and therefore denies the same.

64.    Starchem is without knowledge or information sufficient to form a belief as to the truth of the allegation or allegations in Paragraph 64 and therefore denies the same.

65.    Starchem denies the allegation or allegations of Paragraph 65 to the extent such allegation or allegations allege that Starchem owed any duty to Plaintiff, Starchem breached any duty it owed to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any relief whatsoever from Starchem.  Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in Paragraph 65 and therefore denies the same.

66.    Starchem denies the allegation or allegations of Paragraph 66 to the extent such allegation or allegations allege that Starchem owed any duty to Plaintiff, Starchem breached any duty it owed to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any relief whatsoever from Starchem.  Starchem denies the allegation or allegations of Paragraph 66 to the extent such allegation or allegations allege what Starchem knew or should have known. Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in Paragraph 66 and therefore denies the same.

67.    Starchem is without knowledge or information sufficient to form a belief as to the truth of the allegation or allegations in Paragraph 67 and therefore denies the same.

68.    Starchem is without knowledge or information sufficient to form a belief as to the truth of the allegation or allegations in Paragraph 68 and therefore denies the same.

69.    Starchem is without knowledge or information sufficient to form a belief as to the truth of the allegation or allegations in Paragraph 69 and therefore denies the same.

ELECTRONICALLY FILED - 2025 Jul 15 4:37 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

70.     Starchem is without knowledge or information sufficient to form a belief as to the truth of the allegation or allegations in Paragraph 70 and therefore denies the same.

71.     Starchem is without knowledge or information sufficient to form a belief as to the truth of the allegation or allegations in Paragraph 71 and therefore denies the same.

72.     Starchem is without knowledge or information sufficient to form a belief as to the truth of the allegation or allegations in Paragraph 72 and therefore denies the same.

73.     Starchem is without knowledge or information sufficient to form a belief as to the truth of the allegation or allegations in Paragraph 73 and therefore denies the same.

74.     Starchem is without knowledge or information sufficient to form a belief as to the truth of the allegation or allegations in Paragraph 74 and therefore denies the same.

75.     Starchem is without knowledge or information sufficient to form a belief as to the truth of the allegation or allegations in Paragraph 75 and therefore denies the same.

76.     Starchem is without knowledge or information sufficient to form a belief as to the truth of the allegation or allegations in Paragraph 76 and therefore denies the same.

77.     Starchem is without knowledge or information sufficient to form a belief as to the truth of the allegation or allegations in Paragraph 77 and therefore denies the same.

78.     Starchem is without knowledge or information sufficient to form a belief as to the truth of the allegation or allegations in Paragraph 78 and therefore denies the same.

79.     Starchem is without knowledge or information sufficient to form a belief as to the truth of the allegation or allegations in Paragraph 79 and therefore denies the same.

80.     Starchem is without knowledge or information sufficient to form a belief as to the truth of the allegation or allegations in Paragraph 80 and therefore denies the same.

ELECTRONICALLY FILED - 2025 Jul 15 4:37 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

81.     Starchem is without knowledge or information sufficient to form a belief as to the truth of the allegation or allegations in Paragraph 81 and therefore denies the same.

82.     Starchem is without knowledge or information sufficient to form a belief as to the truth of the allegation or allegations in Paragraph 82 and therefore denies the same.

83.     Starchem is without knowledge or information sufficient to form a belief as to the truth of the allegation or allegations in Paragraph 83 and therefore denies the same.

84.     Starchem is without knowledge or information sufficient to form a belief as to the truth of the allegation or allegations in Paragraph 84 and therefore denies the same.

85.     Starchem is without knowledge or information sufficient to form a belief as to the truth of the allegation or allegations in Paragraph 85 and therefore denies the same.

86.     Starchem is without knowledge or information sufficient to form a belief as to the truth of the allegation or allegations in Paragraph 86 and therefore denies the same.

87.     Starchem is without knowledge or information sufficient to form a belief as to the truth of the allegation or allegations in Paragraph 87 and therefore denies the same.

88.     Starchem is without knowledge or information sufficient to form a belief as to the truth of the allegation or allegations in Paragraph 88 and therefore denies the same.

89.     Starchem is without knowledge or information sufficient to form a belief as to the truth of the allegation or allegations in Paragraph 89 and therefore denies the same.

90.     Starchem is without knowledge or information sufficient to form a belief as to the truth of the allegation or allegations in Paragraph 90 and therefore denies the same.

91.     Starchem is without knowledge or information sufficient to form a belief as to the truth of the allegation or allegations in Paragraph 91 and therefore denies the same.

ELECTRONICALLY FILED - 2025 Jul 15 4:37 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

92. Starchem is without knowledge or information sufficient to form a belief as to the truth of the allegation or allegations in Paragraph 92 and therefore denies the same.

93. Starchem denies the allegation or allegations of Paragraph 93, including all subparagraphs therein, to the extent such allegation or allegations allege that Starchem owed any duty to Plaintiff, Starchem breached any duty it owed to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any relief whatsoever from Starchem.  Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in Paragraph 93, including all subparagraphs therein, and therefore denies the same.

94. Starchem denies the allegation or allegations of Paragraph 94 to the extent such allegation or allegations allege that Starchem owed any duty to Plaintiff, Starchem breached any duty it owed to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any relief whatsoever from Starchem.  Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in Paragraph 94 and therefore denies the same.

95. Starchem denies the allegation or allegations of Paragraph 95 to the extent such allegation or allegations allege that Starchem owed any duty to Plaintiff, Starchem breached any duty it owed to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any relief whatsoever from Starchem.  Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in Paragraph 95 and therefore denies the same.

96. Starchem denies the allegation or allegations of Paragraph 96 to the extent such allegation or allegations allege that Starchem owed any duty to Plaintiff, Starchem breached any duty it owed to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any

17

ELECTRONICALLY FILED - 2025 Jul 15 4:37 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

relief whatsoever from Starchem. Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in Paragraph 96 and therefore denies the same.

97. Starchem denies the allegation or allegations of Paragraph 97 to the extent such allegation or allegations allege that Starchem owed any duty to Plaintiff, Starchem breached any duty it owed to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any relief whatsoever from Starchem. Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in Paragraph 97 and therefore denies the same.

98. Starchem denies the allegation or allegations of Paragraph 98 to the extent such allegation or allegations allege that Starchem owed any duty to Plaintiff, Starchem breached any duty it owed to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any relief whatsoever from Starchem. Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in Paragraph 98 and therefore denies the same.

99. Starchem denies the allegation or allegations of Paragraph 99 to the extent such allegation or allegations allege that Starchem owed any duty to Plaintiff, Starchem breached any duty it owed to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any relief whatsoever from Starchem. Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in Paragraph 99 and therefore denies the same.

100. Starchem denies the allegation or allegations of Paragraph 100 to the extent such allegation or allegations allege that Starchem owed any duty to Plaintiff, Starchem breached any

ELECTRONICALLY FILED - 2025 Jul 15 4:37 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

duty it owed to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any relief whatsoever from Starchem.  Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in Paragraph 100 and therefore denies the same.

101.    Starchem denies the allegation or allegations of Paragraph 101 to the extent such allegation or allegations allege that Starchem owed any duty to Plaintiff, Starchem breached any duty it owed to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any relief whatsoever from Starchem.  Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in Paragraph 101 and therefore denies the same.

102.    Starchem denies the allegation or allegations of Paragraph 102 to the extent such allegation or allegations allege that Starchem owed any duty to Plaintiff, Starchem breached any duty it owed to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any relief whatsoever from Starchem.  Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in Paragraph 102 and therefore denies the same.

103.    Starchem denies the allegation or allegations of Paragraph 103 to the extent such allegation or allegations allege that Starchem owed any duty to Plaintiff, Starchem breached any duty it owed to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any relief whatsoever from Starchem.  Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in Paragraph 103 and therefore denies the same.

ELECTRONICALLY FILED - 2025 Jul 15 4:37 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

104.     Starchem is without knowledge or information sufficient to form a belief as to the truth of the allegation or allegations in Paragraph 104 and therefore denies the same.

105.     Starchem is without knowledge or information sufficient to form a belief as to the truth of the allegation or allegations in Paragraph 105 and therefore denies the same.

106.     Starchem is without knowledge or information sufficient to form a belief as to the truth of the allegation or allegations in Paragraph 106 and therefore denies the same.

107.     Starchem is without knowledge or information sufficient to form a belief as to the truth of the allegation or allegations in Paragraph 107 and therefore denies the same.

108.     Starchem is without knowledge or information sufficient to form a belief as to the truth of the allegation or allegations in Paragraph 108 and therefore denies the same.

109.     Starchem is without knowledge or information sufficient to form a belief as to the truth of the allegation or allegations in Paragraph 109 and therefore denies the same.

110.     Starchem is without knowledge or information sufficient to form a belief as to the truth of the allegation or allegations in Paragraph 110 and therefore denies the same.

111.     Starchem is without knowledge or information sufficient to form a belief as to the truth of the allegation or allegations in Paragraph 111 and therefore denies the same.

112.     Starchem is without knowledge or information sufficient to form a belief as to the truth of the allegation or allegations in Paragraph 112 and therefore denies the same.

113.     Starchem is without knowledge or information sufficient to form a belief as to the truth of the allegation or allegations in Paragraph 113 and therefore denies the same.

114.     Starchem is without knowledge or information sufficient to form a belief as to the truth of the allegation or allegations in Paragraph 114 and therefore denies the same.

ELECTRONICALLY FILED - 2025 Jul 15 4:37 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

115. Starchem is without knowledge or information sufficient to form a belief as to the truth of the allegation or allegations in Paragraph 115 and therefore denies the same.

116. Starchem denies the allegation or allegations of Paragraph 116 to the extent such allegation or allegations allege that Starchem owed any duty to Plaintiff, Starchem breached any duty it owed to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any relief whatsoever from Starchem. Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in Paragraph 116 and therefore denies the same.

117. Starchem denies the allegation or allegations of Paragraph 117 to the extent such allegation or allegations allege that Starchem owed any duty to Plaintiff, Starchem breached any duty it owed to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any relief whatsoever from Starchem. Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in Paragraph 117 and therefore denies the same.

118. Starchem denies the allegation or allegations of Paragraph 118 to the extent such allegation or allegations allege that Starchem owed any duty to Plaintiff, Starchem breached any duty it owed to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any relief whatsoever from Starchem. Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in Paragraph 118 and therefore denies the same.

119. Starchem denies the allegation or allegations of Paragraph 119 to the extent such allegation or allegations allege that Starchem owed any duty to Plaintiff, Starchem breached any duty it owed to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any

ELECTRONICALLY FILED - 2025 Jul 15 4:37 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

relief whatsoever from Starchem. Starchem denies the allegation or allegations of Paragraph 119 to the extent such allegation or allegations allege that Starchem knowingly, intentionally, recklessly, and/or negligently engaged in conduct or omissions that proximately caused Plaintiff past, present and/or future injury to property. Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in Paragraph 119 and therefore denies the same.

120. Starchem denies the allegation or allegations of Paragraph 120 to the extent such allegation or allegations allege that Starchem owed any duty to Plaintiff, Starchem breached any duty it owed to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any relief whatsoever from Starchem. Starchem denies the allegation or allegations of Paragraph 120 to the extent such allegation or allegations allege that Starchem knowingly, intentionally, recklessly, and/or negligently engaged in conduct or omissions that proximately caused Plaintiff past, present and/or future injury to property. Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in Paragraph 120 and therefore denies the same.

121. Starchem incorporates all prior responses by reference as if fully set forth herein.

122. Starchem admits that Plaintiff is a special purpose district created in part for the purpose of distributing water to residents of Spartanburg County. Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in Paragraph 122 and therefore denies the same.

123. Starchem is without knowledge or information sufficient to form a belief as to the truth of the allegation or allegations in Paragraph 123 and therefore denies the same.

22

ELECTRONICALLY FILED - 2025 Jul 15 4:37 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

124.    Starchem denies the allegation or allegations of Paragraph 124 to the extent such allegation or allegations allege that Starchem owed any duty to Plaintiff, Starchem breached any duty it owed to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any relief whatsoever from Starchem.  Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in Paragraph 124 and therefore denies the same.

125.    Starchem denies the allegation or allegations of Paragraph 125 to the extent such allegation or allegations allege that Starchem owed any duty to Plaintiff, Starchem breached any duty it owed to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any relief whatsoever from Starchem.  Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in Paragraph 125 and therefore denies the same.

126.    Starchem denies the allegation or allegations of Paragraph 126 to the extent such allegation or allegations allege that Starchem owed any duty to Plaintiff, Starchem breached any duty it owed to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any relief whatsoever from Starchem.  Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in Paragraph 126 and therefore denies the same.

127.    Starchem denies the allegation or allegations of Paragraph 127 to the extent such allegation or allegations allege that Starchem owed any duty to Plaintiff, Starchem breached any duty it owed to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any relief whatsoever from Starchem.  Starchem is without knowledge or information sufficient to

ELECTRONICALLY FILED - 2025 Jul 15 4:37 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

form a belief as to the truth of any remaining allegation or allegations in Paragraph 127 and therefore denies the same.

128.    Starchem denies the allegation or allegations of Paragraph 128 to the extent such allegation or allegations allege that Starchem owed any duty to Plaintiff, Starchem breached any duty it owed to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any relief whatsoever from Starchem.  Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in Paragraph 128 and therefore denies the same.

129.    Starchem denies the allegation or allegations of Paragraph 129 to the extent such allegation or allegations allege that Starchem owed any duty to Plaintiff, Starchem breached any duty it owed to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any relief whatsoever from Starchem.  Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in Paragraph 129 and therefore denies the same.

130.    Starchem denies the allegation or allegations of Paragraph 130 to the extent such allegation or allegations allege that Starchem owed any duty to Plaintiff, Starchem breached any duty it owed to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any relief whatsoever from Starchem.  Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in Paragraph 130 and therefore denies the same.

131.    Starchem is without knowledge or information sufficient to form a belief as to the truth of the allegation or allegations in Paragraph 131 and therefore denies the same.

ELECTRONICALLY FILED - 2025 Jul 15 4:37 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

132.　Starchem denies the allegation or allegations of Paragraph 132 to the extent such allegation or allegations allege that Starchem owed any duty to Plaintiff, Starchem breached any duty it owed to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any relief whatsoever from Starchem.　Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in Paragraph 132 and therefore denies the same.

133.　Starchem incorporates all prior responses by reference as if fully set forth herein.

134.　Starchem admits that Plaintiff is a special purpose district created in part for the purpose of distributing water to residents of Spartanburg County.　Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in Paragraph 134 and therefore denies the same.

135.　Starchem admits the allegation or allegations of Paragraph 135.

136.　Starchem admits that Plaintiff's customers, and all residents in Plaintiff's community, should have access to potable water that is reasonably pure and safe for their use. Starchem denies the allegation or allegations of Paragraph 136 to the extent such allegation or allegations allege that Starchem owed any duty to Plaintiff, Starchem breached any duty it owed to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any relief whatsoever from Starchem.　Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in Paragraph 136 and therefore denies the same.

137.　Starchem denies the allegation or allegations of Paragraph 137 to the extent such allegation or allegations allege that Starchem owed any duty to Plaintiff, Starchem breached any duty it owed to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any

ELECTRONICALLY FILED - 2025 Jul 15 4:37 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

relief whatsoever from Starchem. Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in Paragraph 137 and therefore denies the same.

138. Starchem denies the allegation or allegations of Paragraph 138 to the extent such allegation or allegations allege that Starchem owed any duty to Plaintiff, Starchem breached any duty it owed to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any relief whatsoever from Starchem. Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in Paragraph 138 and therefore denies the same.

139. Starchem denies the allegation or allegations of Paragraph 139 to the extent such allegation or allegations allege that Starchem owed any duty to Plaintiff, Starchem breached any duty it owed to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any relief whatsoever from Starchem. Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in Paragraph 139 and therefore denies the same.

140. Starchem denies the allegation or allegations of Paragraph 140 to the extent such allegation or allegations allege that Starchem owed any duty to Plaintiff, Starchem breached any duty it owed to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any relief whatsoever from Starchem. Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in Paragraph 140 and therefore denies the same.

141. Starchem denies the allegation or allegations of Paragraph 141 to the extent such allegation or allegations allege that Starchem owed any duty to Plaintiff, Starchem breached any

ELECTRONICALLY FILED - 2025 Jul 15 4:37 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

duty it owed to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any relief whatsoever from Starchem. Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in Paragraph 141 and therefore denies the same.

142. Starchem denies the allegation or allegations of Paragraph 142 to the extent such allegation or allegations allege that Starchem owed any duty to Plaintiff, Starchem breached any duty it owed to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any relief whatsoever from Starchem. Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in Paragraph 142 and therefore denies the same.

143. Starchem denies the allegation or allegations of Paragraph 143 to the extent such allegation or allegations allege that Starchem owed any duty to Plaintiff, Starchem breached any duty it owed to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any relief whatsoever from Starchem. Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in Paragraph 143 and therefore denies the same.

144. Starchem denies the allegation or allegations of Paragraph 144 to the extent such allegation or allegations allege that Starchem owed any duty to Plaintiff, Starchem breached any duty it owed to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any relief whatsoever from Starchem. Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in Paragraph 144 and therefore denies the same.

145. Starchem incorporates all prior responses by reference as if fully set forth herein.

ELECTRONICALLY FILED - 2025 Jul 15 4:37 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

146.    Starchem is without knowledge or information sufficient to form a belief as to the truth of the allegation or allegations in Paragraph 146 and therefore denies the same.

147.    Starchem denies the allegation or allegations of Paragraph 147, including all subparagraphs therein, to the extent such allegation or allegations allege that Starchem owed any duty to Plaintiff, Starchem breached any duty it owed to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any relief whatsoever from Starchem.  Starchem denies the allegation or allegations of Paragraph 147 to the extent such allegation or allegations allege what Starchem knew or should have known.  Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in Paragraph 147, including all subparagraphs therein, and therefore denies the same.

148.    Starchem denies the allegation or allegations of Paragraph 148, including all subparagraphs therein, to the extent such allegation or allegations allege that Starchem owed any duty to Plaintiff, Starchem breached any duty it owed to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any relief whatsoever from Starchem.  Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in Paragraph 148, including allsubparagraphs therein, and therefore denies the same.

149.    Starchem is without knowledge or information sufficient to form a belief as to the truth of the allegation or allegations in Paragraph 149 and therefore denies the same.

150.    Starchem denies the allegation or allegations of Paragraph 150 to the extent such allegation or allegations allege that Starchem owed any duty to Plaintiff, Starchem breached any duty it owed to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any relief whatsoever from Starchem.  Starchem is without knowledge or information sufficient to

ELECTRONICALLY FILED - 2025 Jul 15 4:37 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

form a belief as to the truth of any remaining allegation or allegations in Paragraph 150 and therefore denies the same.

151.    Starchem denies the allegation or allegations of Paragraph 151 to the extent such allegation or allegations allege that Starchem owed any duty to Plaintiff, Starchem breached any duty it owed to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any relief whatsoever from Starchem.  Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in Paragraph 151 and therefore denies the same.

152.    Starchem denies the allegation or allegations of Paragraph 152 to the extent such allegation or allegations allege that Starchem owed any duty to Plaintiff, Starchem breached any duty it owed to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any relief whatsoever from Starchem.  Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in Paragraph 152 and therefore denies the same.

153.    Starchem denies the allegation or allegations of Paragraph 153 to the extent such allegation or allegations allege that Starchem owed any duty to Plaintiff, Starchem breached any duty it owed to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any relief whatsoever from Starchem.  Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in Paragraph 153 and therefore denies the same.

154.    Starchem denies the allegation or allegations of Paragraph 154 to the extent such allegation or allegations allege that Starchem owed any duty to Plaintiff, Starchem breached any duty it owed to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any

ELECTRONICALLY FILED - 2025 Jul 15 4:37 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

relief whatsoever from Starchem. Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in Paragraph 154 and therefore denies the same.

155.    Starchem denies the allegation or allegations of Paragraph 155 to the extent such allegation or allegations allege that Starchem owed any duty to Plaintiff, Starchem breached any duty it owed to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any relief whatsoever from Starchem. Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in Paragraph 155 and therefore denies the same.

156.    Starchem incorporates all prior responses by reference as if fully set forth herein.

157.    Starchem denies the allegation or allegations of Paragraph 157 to the extent such allegation or allegations allege that Starchem owed any duty to Plaintiff, Starchem breached any duty it owed to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any relief whatsoever from Starchem. Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in Paragraph 157 and therefore denies the same.

158.    Starchem denies the allegation or allegations of Paragraph 158 to the extent such allegation or allegations allege that Starchem owed any duty to Plaintiff, Starchem breached any duty it owed to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any relief whatsoever from Starchem. Starchem denies the allegation or allegations of Paragraph 158 to the extent such allegation or allegations allege what Starchem knew or should have known. Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in Paragraph 158 and therefore denies the same.

ELECTRONICALLY FILED - 2025 Jul 15 4:37 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

159.     Starchem denies the allegation or allegations of Paragraph 159 to the extent such allegation or allegations allege that Starchem owed any duty to Plaintiff, Starchem breached any duty it owed to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any relief whatsoever from Starchem.  Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in Paragraph 159 and therefore denies the same.

160.     Starchem is without knowledge or information sufficient to form a belief as to the truth of the allegation or allegations in Paragraph 160 and therefore denies the same.

161.     Starchem is without knowledge or information sufficient to form a belief as to the truth of the allegation or allegations in Paragraph 161 and therefore denies the same.

162.     Starchem is without knowledge or information sufficient to form a belief as to the truth of the allegation or allegations in Paragraph 162 and therefore denies the same.

163.     Starchem denies the allegation or allegations of Paragraph 163 to the extent such allegation or allegations allege that Starchem owed any duty to Plaintiff, Starchem breached any duty it owed to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any relief whatsoever from Starchem.  Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in Paragraph 163 and therefore denies the same.

164.     Starchem denies the allegation or allegations of Paragraph 164 to the extent such allegation or allegations allege that Starchem owed any duty to Plaintiff, Starchem breached any duty it owed to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any relief whatsoever from Starchem.  Starchem is without knowledge or information sufficient to

ELECTRONICALLY FILED - 2025 Jul 15 4:37 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

form a belief as to the truth of any remaining allegation or allegations in Paragraph 164 and therefore denies the same.

165.    Starchem incorporates all prior responses by reference as if fully set forth herein.

166.    Starchem is without knowledge or information sufficient to form a belief as to the truth of the allegation or allegations in Paragraph 166 and therefore denies the same.

167.    Starchem denies the allegation or allegations of Paragraph 167 to the extent such allegation or allegations allege that Starchem owed any duty to Plaintiff, Starchem breached any duty it owed to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any relief whatsoever from Starchem.  Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in Paragraph 167 and therefore denies the same.

168.    Starchem denies the allegation or allegations of Paragraph 168 to the extent such allegation or allegations allege that Starchem owed any duty to Plaintiff, Starchem breached any duty it owed to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any relief whatsoever from Starchem.  Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in Paragraph 168 and therefore denies the same.

169.    Starchem denies the allegation or allegations of Paragraph 169 to the extent such allegation or allegations allege that Starchem owed any duty to Plaintiff, Starchem breached any duty it owed to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any relief whatsoever from Starchem.  Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in Paragraph 169 and therefore denies the same.

ELECTRONICALLY FILED - 2025 Jul 15 4:37 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

170.    Starchem denies the allegation or allegations of Paragraph 170 to the extent such allegation or allegations allege that Starchem owed any duty to Plaintiff, Starchem breached any duty it owed to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any relief whatsoever from Starchem.  Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in Paragraph 170 and therefore denies the same.

171.    Starchem denies the allegation or allegations of Paragraph 171 to the extent such allegation or allegations allege that Starchem owed any duty to Plaintiff, Starchem breached any duty it owed to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any relief whatsoever from Starchem.  Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in Paragraph 171 and therefore denies the same.

172.    Starchem denies the allegation or allegations of Paragraph 172 to the extent such allegation or allegations allege that Starchem owed any duty to Plaintiff, Starchem breached any duty it owed to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any relief whatsoever from Starchem.  Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in Paragraph 172 and therefore denies the same.

173.    Starchem denies the allegation or allegations of Paragraph 173 to the extent such allegation or allegations allege that Starchem owed any duty to Plaintiff, Starchem breached any duty it owed to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any relief whatsoever from Starchem.  Starchem is without knowledge or information sufficient to

ELECTRONICALLY FILED - 2025 Jul 15 4:37 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

form a belief as to the truth of any remaining allegation or allegations in Paragraph 173 and therefore denies the same.

174.    Starchem denies the allegation or allegations of Paragraph 174 to the extent such allegation or allegations allege that Starchem owed any duty to Plaintiff, Starchem breached any duty it owed to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any relief whatsoever from Starchem.  Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in Paragraph 174 and therefore denies the same.

175.    Starchem incorporates all prior responses by reference as if fully set forth herein.

176.    Starchem admits that some studies have associated the ingestion of certain amounts of PFOA, PFOS, PFHxS, PFNA, PFBS, and GenX Chemicals with certain health risks.  Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in Paragraph 176 and therefore denies the same.

177.    Starchem denies the allegation or allegations of Paragraph 177 to the extent such allegation or allegations allege that Starchem owed any duty to Plaintiff, Starchem breached any duty it owed to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any relief whatsoever from Starchem.  Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in Paragraph 177 and therefore denies the same.

178.    Starchem denies the allegation or allegations of Paragraph 178 to the extent such allegation or allegations allege that Starchem owed any duty to Plaintiff, Starchem breached any duty it owed to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any relief whatsoever from Starchem.  Starchem is without knowledge or information sufficient to

ELECTRONICALLY FILED - 2025 Jul 15 4:37 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

form a belief as to the truth of any remaining allegation or allegations in Paragraph 178 and therefore denies the same.

179.    Starchem denies the allegation or allegations of Paragraph 179 to the extent such allegation or allegations allege that Starchem owed any duty to Plaintiff, Starchem breached any duty it owed to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any relief whatsoever from Starchem.  Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in Paragraph 179 and therefore denies the same.

180.    Starchem denies the allegation or allegations of Paragraph 180 to the extent such allegation or allegations allege that Starchem owed any duty to Plaintiff, Starchem breached any duty it owed to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any relief whatsoever from Starchem.  Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in Paragraph 180 and therefore denies the same.

181.    Starchem denies the allegation or allegations of Paragraph 181 to the extent such allegation or allegations allege that Starchem owed any duty to Plaintiff, Starchem breached any duty it owed to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any relief whatsoever from Starchem.  Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in Paragraph 181 and therefore denies the same.

182.    Starchem denies the allegation or allegations of Paragraph 182 to the extent such allegation or allegations allege that Starchem owed any duty to Plaintiff, Starchem breached any duty it owed to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any

ELECTRONICALLY FILED - 2025 Jul 15 4:37 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

relief whatsoever from Starchem. Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in Paragraph 182 and therefore denies the same.

183. Starchem denies the allegation or allegations of Paragraph 183 to the extent such allegation or allegations allege that Starchem owed any duty to Plaintiff, Starchem breached any duty it owed to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any relief whatsoever from Starchem. Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in Paragraph 183 and therefore denies the same.

184. Starchem denies the allegation or allegations of Paragraph 184 to the extent such allegation or allegations allege that Starchem owed any duty to Plaintiff, Starchem breached any duty it owed to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any relief whatsoever from Starchem. Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in Paragraph 184 and therefore denies the same.

185. Starchem denies the allegation or allegations of Paragraph 185 to the extent such allegation or allegations allege that Starchem owed any duty to Plaintiff, Starchem breached any duty it owed to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any relief whatsoever from Starchem. Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in Paragraph 185 and therefore denies the same.

186. Starchem incorporates all prior responses by reference as if fully set forth herein.

187. Starchem admits that some studies have associated the ingestion of certain amounts of PFOA, PFOS, PFHxS, PFNA, PFBS, and GenX Chemicals with certain health risks. Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in Paragraph 187 and therefore denies the same.

188. Starchem denies the allegation or allegations of Paragraph 188 to the extent such allegation or allegations allege that Starchem owed any duty to Plaintiff, Starchem breached any duty it owed to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any relief whatsoever from Starchem. Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in Paragraph 188 and therefore denies the same.

189. Starchem denies the allegation or allegations of Paragraph 189 to the extent such allegation or allegations allege that Starchem owed any duty to Plaintiff, Starchem breached any duty it owed to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any relief whatsoever from Starchem. Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in Paragraph 189 and therefore denies the same.

190. Starchem denies the allegation or allegations of Paragraph 190 to the extent such allegation or allegations allege that Starchem owed any duty to Plaintiff, Starchem breached any duty it owed to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any relief whatsoever from Starchem. Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in Paragraph 190 and therefore denies the same.

ELECTRONICALLY FILED - 2025 Jul 15 4:37 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

ELECTRONICALLY FILED - 2025 Jul 15 4:37 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

191.    Starchem denies the allegation or allegations of Paragraph 191 to the extent such allegation or allegations allege that Starchem owed any duty to Plaintiff, Starchem breached any duty it owed to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any relief whatsoever from Starchem.  Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in Paragraph 191 and therefore denies the same.

192.    Starchem admits that the general consensus in the sceitnfiic community at the current time is that PFAS are relatively resistant to environmental degradation.  Starchem admits that some studies have associated the existence of certain amouts of PFAS in drinking water with certain health risks.  Starchem denies the allegation or allegations of Paragraph 192 to the extent such allegation or allegations allege that Starchem owed any duty to Plaintiff, Starchem breached any duty it owed to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any relief whatsoever from Starchem.  Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in Paragraph 192 and therefore denies the same.

193.    Starchem denies the allegation or allegations of Paragraph 193 to the extent such allegation or allegations allege that Starchem owed any duty to Plaintiff, Starchem breached any duty it owed to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any relief whatsoever from Starchem.  Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in Paragraph 193 and therefore denies the same.

194.    Starchem denies the allegation or allegations of Paragraph 194 to the extent such allegation or allegations allege that Starchem owed any duty to Plaintiff, Starchem breached any

ELECTRONICALLY FILED - 2025 Jul 15 4:37 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

duty it owed to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any relief whatsoever from Starchem.  Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in Paragraph 194 and therefore denies the same.

195.     Starchem denies the allegation or allegations of Paragraph 195 to the extent such allegation or allegations allege that Starchem owed any duty to Plaintiff, Starchem breached any duty it owed to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any relief whatsoever from Starchem.  Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in Paragraph 195 and therefore denies the same.

196.     Starchem denies the allegation or allegations of Paragraph 196 to the extent such allegation or allegations allege that Starchem owed any duty to Plaintiff, Starchem breached any duty it owed to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any relief whatsoever from Starchem.  Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in Paragraph 196 and therefore denies the same.

197.     Starchem denies the allegation or allegations of Paragraph 197 to the extent such allegation or allegations allege that Starchem owed any duty to Plaintiff, Starchem breached any duty it owed to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any relief whatsoever from Starchem.  Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in Paragraph 197 and therefore denies the same.

ELECTRONICALLY FILED - 2025 Jul 15 4:37 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

198.    Starchem denies the allegation or allegations of Paragraph 198 to the extent such allegation or allegations allege that Starchem owed any duty to Plaintiff, Starchem breached any duty it owed to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any relief whatsoever from Starchem.  Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in Paragraph 198 and therefore denies the same.

199.    Starchem incorporates all prior responses by reference as if fully set forth herein.

200.    Starchem denies the allegation or allegations of Paragraph 200 to the extent such allegation or allegations allege that Starchem owed any duty to Plaintiff, Starchem breached any duty it owed to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any relief whatsoever from Starchem.  Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in Paragraph 200 and therefore denies the same.

201.    Starchem denies the allegation or allegations of Paragraph 201 to the extent such allegation or allegations allege that Starchem owed any duty to Plaintiff, Starchem breached any duty it owed to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any relief whatsoever from Starchem.  Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in Paragraph 201 and therefore denies the same.

202.    Starchem denies the allegation or allegations of Paragraph 202 to the extent such allegation or allegations allege that Starchem owed any duty to Plaintiff, Starchem breached any duty it owed to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any relief whatsoever from Starchem.  Starchem is without knowledge or information sufficient to

ELECTRONICALLY FILED - 2025 Jul 15 4:37 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

form a belief as to the truth of any remaining allegation or allegations in Paragraph 202 and therefore denies the same.

203.    Starchem denies the allegation or allegations of Paragraph 203 to the extent such allegation or allegations allege that Starchem owed any duty to Plaintiff, Starchem breached any duty it owed to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any relief whatsoever from Starchem.  Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in Paragraph 203 and therefore denies the same.

204.    Starchem denies the allegation or allegations of Paragraph 204 to the extent such allegation or allegations allege that Starchem owed any duty to Plaintiff, Starchem breached any duty it owed to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any relief whatsoever from Starchem.  Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in Paragraph 204 and therefore denies the same.

205.    Starchem denies the allegation or allegations of Paragraph 205 to the extent such allegation or allegations allege that Starchem owed any duty to Plaintiff, Starchem breached any duty it owed to Plaintiff, Starchem caused any damages to Plaintiff, or Plaintiff is entitled to any relief whatsoever from Starchem.  Starchem is without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in Paragraph 205 and therefore denies the same.

WHEREFORE,  Starchem denies all allegations in Plaintiff's Second Amended Complaint not expecitily admitted herein and further asserts the following:

## AFFIRMATIVE DEFENSES

41

ELECTRONICALLY FILED - 2025 Jul 15 4:37 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

## First Defense

Plaintiff's Second Amended Complaint, in whole or in part, fails to state a claim upon which relief can be granted as to Starchem.

## Second Defense

Plaintiff's claims against Starchem are barred, in whole or in part, to the extent any claims are based upon conduct occurring outside of the applicable statute of limitations, and Plaintiff's alleged damages are barred to the extent that any damages occurred outside of the applicable statute of limitations.

## Third Defense

Plaintiff's claims against Starchem are barred, in whole or in part, because Starchem owed no duty to Plaintiff.

## Fourth Defense

Plaintiff's claims against Starchem are barred, in whole or in part, because Starchem did not breach any duty it may have owed to Plaintiffs (the existence of any such duty being denied).

## Fifth Defense

Plaintiff's claims against Starchem are barred, in whole or in part, because Starchem is not the actual cause or proximate cause of any alleged damages Plaintiffs may have sustained. Any damage allegedly sustained by Plaintiffs was caused by the acts, omissions, the intentiaional conduct of Plaintiff, of others, or of an intervening cause.

## Sixth Defense

Plaintiff's claims are barred, in whole or in part, due to the fact that Plaintiff has failed to join all necessary parties.

## Seventh Defense

42

ELECTRONICALLY FILED - 2025 Jul 15 4:37 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

Plaintiff's claims are barred, in whole or in part, because Plaintiff assumed the risk of the alleged injuries and damages complained of.

### Eighth Defense

Plaintiff's claims are barred, in whole or in part, by any applicable statutes of limitations.

### Ninth Defense

Plaintiff's claims are barred, in whole or in part, by any applicable statutes of repose.

### Tenth Defense

Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of laches.

### Eleventh Defense

Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of unclean hands.

### Twelfth Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing and the claims are not justiceable.

### Thirteenth Defense

Having denied that Starchem owed any duty to Plaintiff, breached any duty it owed to Plaintiff, caused any damages to Plaintiff, or that Plaintiff is entitled to any relief whatsoever from Starchem, Starchem hereby asserts that Plaintiff's own comparative negligence bars or reduces any recovery to which Plaintiff may be entitled.

### Fourteenth Defense

Plaintiff's claims are barred, in whole or in part, because Starchem has at all relevant times complied with all relevant permit conditions for its facility and acted in accordance with such conditions, including all laws and regulations incorporated therein.

### Fifteenth Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiffs have failed to mitigate any damages allegedly suffered, and to the extent Plaintiffs have, Starchem is entitled to a set-off.

### Sixteenth Defense

Plaintiff is not entitled to any of the relief against Starchem requested in its Prayer for Relief, including but not limited to any punitive damages or attorneys fees.

### Reservation of Rights

Starchem hereby reserves the right to amend this Answer to assert additional and further defenses, including but not limited to the incorporation of any and all applicable affirmative defenses asserted by other Defendants in this matter and the IN RE: PFAS LITIGATION COORDINATED DOCKET.

**WHEREFORE,** having fully answered, Starchem prays that Plaintiff's Second Amended Complaint be dismissed with prejudice as to Starchem, that Starchem be awarded its reasonable attorneys' fees and costs incurred, and for such other relief as the Court deems just and proper.

This 15th day of July, 2025.

**MOORE & VAN ALLEN PLLC**

*/s/ Mary Katherine Stukes*
Mary Katherine Stukes (SC Bar No. 77905)
Pierce Martin Werner (SC Bar No. 104289)
100 North Tryon Street, Suite 4700
Charlotte, NC 28202
(704) 331-1000
marykatherinestukes@mvalaw.com

&

**COPPEDGE, MICHMERHUIZEN, PASQUA |
Attorneys at Law**

By:  /s/ Stephen Michmerhuizen
        Stephen Michmerhuizen

44

ELECTRONICALLY FILED - 2025 Jul 15 4:37 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

Georgia Bar Number: 107109
508 South Thornton Avenue
Dalton, Georgia 30720
P: (706) 226-0040
F: (706) 226-0050
steve@coppedgefirm.com

*Counsel for Defendant Starchem, LLC*

ELECTRONICALLY FILED - 2025 Jul 15 4:37 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

ELECTRONICALLY FILED - 2025 Jul 16 11:14 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

STATE OF SOUTH CAROLINA
COUNTY OF SPARTANBURG

IN THE COURT OF COMMON PLEAS
SEVENTH JUDICIAL CIRCUIT

IN RE:
PFAS LITIGATION COORDINATED DOCKET

---

Woodruff-Roebuck Water District,

        Plaintiff,

v.

AFL Telecommunications, LLC; AGC Chemicals Americas, Inc.; Arkema, Inc.; Clariant Corporation; Corteva, Inc.; Cryovac, Inc.; Cryovac, LLC; Daikin America, Inc.; DuPont de Nemours, Inc.; EIDP, Inc.; GTI Chemical Solutions, Inc.; GTI Chemical Solutions, LLC; Huntsman International, LLC; MOCOM Compounds Corporation; Plastic Omnium Auto Exteriors, LLC; Solvay Specialty Polymers USA, LLC; Springs Industries, LLC; Starchem, LLC; The Chemours Company; Toray Composite Materials America, Inc.; and Waste Management of South Carolina, Inc.,

        Defendants.

C.A. No.: 2024-CP-42-02480

**ANSWER OF PLASTIC OMNIUM AUTO EXTERIORS, LLC, TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendant Plastic Omnium Auto Exteriors, LLC ("Plastic Omnium") responds to Plaintiff's Second Amended Complaint ("Complaint") as follows:

## GENERAL DENIAL

Plastic Omnium expressly denies each and every allegation in the Complaint except those specifically admitted herein.

## FOR A FIRST DEFENSE
### As to Statement of the Case

1. Responding to Paragraph 1 of the Complaint, Plastic Omnium denies all allegations as they relate to Plastic Omnium or purport to allege liability against Plastic Omnium. Plastic

ELECTRONICALLY FILED - 2025 Jul 16 11:14 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

Omnium lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Plastic Omnium denies all remaining allegations in Paragraph 1 of the Complaint.

2. Responding to Paragraph 2 of the Complaint, Plastic Omnium denies all allegations as they relate to Plastic Omnium or purport to allege liability against Plastic Omnium. Plastic Omnium lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Plastic Omnium denies all remaining allegations in Paragraph 2 of the Complaint.

3. Plastic Omnium lacks information sufficient to form a belief as to the allegations of Paragraph 3 and therefore denies them.

4. Plastic Omnium denies the allegations of Paragraph 4 as they relate to Plastic Omnium. Plastic Omnium lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Further answering, Plastic Omnium states that it discharges wastewater as authorized by permit to the Maple Creek WWTP in Greer, South Carolina, but specifically denies that it has used or currently uses products that contain or degrade to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals; that it supplies these products to others; and that it discharges these products to surface waters via a wastewater treatment plant.

5. Plastic Omnium denies the allegations of Paragraph 5 as they relate to Plastic Omnium. Plastic Omnium lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

6. Plastic Omnium denies the allegations of Paragraph 6 as they relate to Plastic Omnium. Plastic Omnium lacks sufficient knowledge to respond to the allegations concerning the

2

ELECTRONICALLY FILED - 2025 Jul 16 11:14 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

other defendants and, to the extent a response is required, those allegations are denied.

7.  Plastic Omnium denies the allegations of Paragraph 7 as they relate to Plastic Omnium. Plastic Omnium lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

## As to Disclaimer

8.  Paragraph 8 of the Complaint does not contain allegations of fact to which a response is required. To the extent a response is required, Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and therefore denies same.

9.  Paragraph 9 of the Complaint contains conclusions of law to which no response is required and, to the extent a response is required, Plastic Omnium denies those allegations.

## As to Jurisdiction and Venue

5.[1]  The allegations in Paragraph 5 of the Complaint are conclusions of law to which no response is required and, to the extent a response is required, Plastic Omnium does not contest that this Court has subject matter jurisdiction over this action.

6.  The allegations in Paragraph 6 of the Complaint are conclusions of law to which no response is required and, to the extent a response is required, Plastic Omnium does not contest that this Court has personal jurisdiction over Plastic Omnium.

7.  The allegations in Paragraph 7 of the Complaint are conclusions of law to which no response is required and, to the extent a response is required, Plastic Omnium does not contest that venue is proper in this Court.

---

[1] Numbering is so in the Complaint.

3

ELECTRONICALLY FILED - 2025 Jul 16 11:14 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

**As to Parties**

8.    Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 and therefore denies them.

9.    Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 and therefore denies them.

10.    Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 and therefore denies them.

11.    Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 and therefore denies them.

12.    Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 and therefore denies them.

13.    Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 and therefore denies them.

14.    Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 and therefore denies them.

15.    Responding to Paragraph 15, Plastic Omnium admits that it is a Delaware limited liability company authorized to do business in South Carolina and that it does business in Spartanburg County at 310 Genoble Road, Greer, South Carolina. Plastic Omnium denies the remaining allegations of Paragraph 15.

16.    Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 and therefore denies them.

17.    Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 and therefore denies them.

18.    Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth

4

ELECTRONICALLY FILED - 2025 Jul 16 11:14 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

of the allegations of Paragraph 18 and therefore denies them.

19. Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 and therefore denies them.

20. Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 and therefore denies them.

21. Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 and therefore denies them.

22. Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 and therefore denies them.

23. Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 and therefore denies them.

24. Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 and therefore denies them.

25. Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 and therefore denies them.

26. Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 and therefore denies them.

27. Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 and therefore denies them.

28. Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 and therefore denies them.

**As to Factual Allegations**

29. Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 and therefore denies them.

5

ELECTRONICALLY FILED - 2025 Jul 16 11:14 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

30. Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 and therefore denies them.

31. Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 and therefore denies them.

32. Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 and therefore denies them.

33. Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33 and therefore denies them.

34. Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34 and therefore denies them.

35. Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35 and therefore denies them.

36. Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36 and therefore denies them.

37. Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37 and therefore denies them.

38. Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38 and therefore denies them.

39. Plastic Omnium craves reference to the Environment Protection Agency ("EPA") provisional drinking water health advisories cited in Paragraph 39 of the Complaint and denies any allegations inconsistent therewith. Plastic Omnium denies all remaining allegations in Paragraph 39.

40. Plastic Omnium craves reference to the EPA's health advisories cited in Paragraph 40 of the Complaint and denies any allegations inconsistent therewith. Plastic Omnium denies

6

ELECTRONICALLY FILED - 2025 Jul 16 11:14 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

all remaining allegations in Paragraph 40.

41. Plastic Omnium craves reference to the EPA's health advisories cited in Paragraph 41 of the Complaint and denies any allegations inconsistent therewith. Plastic Omnium denies all remaining allegations in Paragraph 41.

42. Plastic Omnium craves reference to the EPA's health advisories cited in Paragraph 42 of the Complaint and denies any allegations inconsistent therewith. Plastic Omnium denies all remaining allegations in Paragraph 42.

43. Plastic Omnium craves reference to the EPA's health advisories cited in Paragraph 43 of the Complaint and denies any allegations inconsistent therewith. Plastic Omnium denies all remaining allegations in Paragraph 43.

44. Plastic Omnium craves reference to the EPA's MCLs and MCLGs cited in Paragraph 44 of the Complaint and denies any allegations inconsistent therewith. Plastic Omnium denies all remaining allegations in Paragraph 44.

45. Plastic Omnium craves reference to the EPA's MCLs and MCLGs cited in Paragraph 45 of the Complaint and denies any allegations inconsistent therewith. Plastic Omnium denies all remaining allegations in Paragraph 45.

46. Plastic Omnium craves reference to the EPA's proposed hazard index cited in Paragraph 46 of the Complaint and denies any allegations inconsistent therewith. Plastic Omnium denies all remaining allegations in Paragraph 46.

47. Plastic Omnium craves reference to the EPA's news release cited in Paragraph 47 of the Complaint and denies any allegations inconsistent therewith. Plastic Omnium denies all remaining allegations in Paragraph 47.

48. Plastic Omnium craves reference to the EPA's rulemaking cited in Paragraph 48 of the Complaint and denies any allegations inconsistent therewith. Plastic Omnium denies all

7

ELECTRONICALLY FILED - 2025 Jul 16 11:14 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

remaining allegations in Paragraph 48.

49. Plastic Omnium craves reference to the EPA's presentation cited in Paragraph 49 of the Complaint and denies any allegations inconsistent therewith. Plastic Omnium denies all remaining allegations in Paragraph 49.

50. Plastic Omnium craves reference to the EPA's regulation cited in Paragraph 50 of the Complaint and denies any allegations inconsistent therewith. Plastic Omnium denies all remaining allegations in Paragraph 50.

51. Plastic Omnium craves reference to the EPA's regulation cited in Paragraph 51 of the Complaint and denies any allegations inconsistent therewith. Plastic Omnium denies all remaining allegations in Paragraph 51.

52. Plastic Omnium craves reference to the EPA's announcement cited in Paragraph 52 of the Complaint and denies any allegations inconsistent therewith. Plastic Omnium denies all remaining allegations in Paragraph 52

53. Plastic Omnium craves reference to the EPA's regulation cited in Paragraph 53 of the Complaint and denies any allegations inconsistent therewith. Plastic Omnium denies all remaining allegations in Paragraph 53.

54. Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 54 and therefore denies them.

55. Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 55 and therefore denies them.

56. Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 56 and therefore denies them.

57. Plastic Omnium denies the allegations of Paragraph 57 as they relate to Plastic Omnium. Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth

ELECTRONICALLY FILED - 2025 Jul 16 11:14 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

of the remaining allegations of Paragraph 57 and therefore denies them.

58. Plastic Omnium admits only so much of Paragraph 58 as alleges that Plastic Omnium owns and operates a manufacturing plant in Spartanburg County. Plastic Omnium denies the remaining allegations of Paragraph 58 as they relate to Plastic Omnium. Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other defendants and therefore denies them.

59. Plastic Omnium denies the allegations of Paragraph 59 as they relate to Plastic Omnium. Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other defendants and therefore denies them.

60. Plastic Omnium denies the allegations of Paragraph 60 as they relate to Plastic Omnium. Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other defendants and therefore denies them.

61. Plastic Omnium denies the allegations of Paragraph 61 as they relate to Plastic Omnium. Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other defendants and therefore denies them.

62. Plastic Omnium denies the allegations of Paragraph 62 as they relate to Plastic Omnium. Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other defendants and therefore denies them.

63. Plastic Omnium denies the allegations of Paragraph 63 as they relate to Plastic Omnium. Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other defendants and therefore denies them.

64. Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 64 and therefore denies them.

65. Plastic Omnium denies the allegations of Paragraph 65 as they relate to Plastic Omnium.

9

ELECTRONICALLY FILED - 2025 Jul 16 11:14 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other defendants and therefore denies them.

66. Plastic Omnium denies the allegations of Paragraph 66 as they relate to Plastic Omnium. Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other defendants and therefore denies them.

67. Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 67 and therefore denies them.

68. Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 68 and therefore denies them.

69. Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 69 and therefore denies them.

70. Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 70 and therefore denies them.

71. Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 71 and therefore denies them.

72. Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 72 and therefore denies them.

73. Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 73 and therefore denies them.

74. Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 74 and therefore denies them.

75. Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 75 and therefore denies them.

76. Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth

ELECTRONICALLY FILED - 2025 Jul 16 11:14 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

of the allegations of Paragraph 76 and therefore denies them.

77. Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 77 and therefore denies them.

78. Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 78 and therefore denies them.

79. Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 79 and therefore denies them.

80. Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 80 and therefore denies them.

81. Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 81 and therefore denies them.

82. Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 82 and therefore denies them.

83. Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 83 and therefore denies them.

84. Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 84 and therefore denies them.

85. Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 85 and therefore denies them.

86. Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 86 and therefore denies them.

87. Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 87 and therefore denies them.

88. Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth

11

of the allegations of Paragraph 88 and therefore denies them.

89. Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 89 and therefore denies them.

90. Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 90 and therefore denies them.

91. Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 91 and therefore denies them.

92. Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 92 and therefore denies them.

93. Plastic Omnium denies the allegations of Paragraph 93 as they relate to Plastic Omnium. Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 93 and therefore denies them.

94. Plastic Omnium denies the allegations of Paragraph 94 as they relate to Plastic Omnium. Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 94 and therefore denies them.

95. Plastic Omnium denies the allegations of Paragraph 95 as they relate to Plastic Omnium. Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 95 and therefore denies them.

96. Plastic Omnium denies the allegations of Paragraph 96 as they relate to Plastic Omnium. Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 96 and therefore denies them.

97. Plastic Omnium denies the allegations of Paragraph 97 as they relate to Plastic Omnium. Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 974 and therefore denies them.

12

ELECTRONICALLY FILED - 2025 Jul 16 11:14 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

ELECTRONICALLY FILED - 2025 Jul 16 11:14 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

98.  Plastic Omnium denies the allegations of Paragraph 98 as they relate to Plastic Omnium. Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 98 and therefore denies them.

99.  Plastic Omnium denies the allegations of Paragraph 99 as they relate to Plastic Omnium. Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 99 and therefore denies them.

100. Plastic Omnium denies the allegations of Paragraph 100 as they relate to Plastic Omnium. Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 100 and therefore denies them.

101. Plastic Omnium denies the allegations of Paragraph 101 as they relate to Plastic Omnium. Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 101 and therefore denies them.

102. Plastic Omnium denies the allegations of Paragraph 102 as they relate to Plastic Omnium. Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 102 and therefore denies them.

103. Plastic Omnium denies the allegations of Paragraph 103 as they relate to Plastic Omnium. Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 103 and therefore denies them.

104. Plastic Omnium denies the allegations of Paragraph 104 as they relate to Plastic Omnium. Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 104 and therefore denies them.

105. Plastic Omnium denies the allegations of Paragraph 105 as they relate to Plastic Omnium. Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 105 and therefore denies them.

13

ELECTRONICALLY FILED - 2025 Jul 16 11:14 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

106. Plastic Omnium denies the allegations of Paragraph 106 as they relate to Plastic Omnium. Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 106 and therefore denies them.

107. Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 107 and therefore denies them.

108. Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 108 and therefore denies them.

109. Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 109 and therefore denies them.

110. Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 110 and therefore denies them.

111. Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 111 and therefore denies them.

112. Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 112 and therefore denies them.

113. Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 113 and therefore denies them.

114. Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 114 and therefore denies them.

115. Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 115 and therefore denies them.

116. Plastic Omnium denies the allegations of Paragraph 116 as they relate to Plastic Omnium. Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 116 and therefore denies them.

14

ELECTRONICALLY FILED - 2025 Jul 16 11:14 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

117. Plastic Omnium denies the allegations of Paragraph 117 as they relate to Plastic Omnium. Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 117 and therefore denies them.

118. Plastic Omnium denies the allegations of Paragraph 118 as they relate to Plastic Omnium. Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 118 and therefore denies them.

119. Plastic Omnium denies the allegations of Paragraph 119 as they relate to Plastic Omnium. Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 119 and therefore denies them.

120. Plastic Omnium denies the allegations of Paragraph 120 as they relate to Plastic Omnium. Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 120 and therefore denies them.

## As to Plaintiff's First Cause of Action
### Private Nuisance

121. Plastic Omnium incorporates all prior responses to the Complaint by reference as if fully set forth herein.

122. Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 122 and therefore denies them.

123. Plastic Omnium denies the allegations and legal conclusions in Paragraph 124 of the Complaint as they relate to Plastic Omnium. Plastic Omnium lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

124. Plastic Omnium denies the allegations and legal conclusions in Paragraph 124 of the Complaint as they relate to Plastic Omnium. Plastic Omnium lacks sufficient knowledge

15

ELECTRONICALLY FILED - 2025 Jul 16 11:14 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

125. Plastic Omnium denies the allegations and legal conclusions in Paragraph 125 of the Complaint as they relate to Plastic Omnium. Plastic Omnium lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

126. Plastic Omnium denies the allegations and legal conclusions in Paragraph 126 of the Complaint as they relate to Plastic Omnium. Plastic Omnium lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

127. Plastic Omnium denies the allegations and legal conclusions in Paragraph 127 of the Complaint as they relate to Plastic Omnium. Plastic Omnium lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

128. Plastic Omnium denies the allegations and legal conclusions in Paragraph 128 of the Complaint as they relate to Plastic Omnium. Plastic Omnium lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

129. Plastic Omnium denies the allegations and legal conclusions in Paragraph 129 of the Complaint as they relate to Plastic Omnium. Plastic Omnium lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

130. Plastic Omnium denies the allegations and legal conclusions in Paragraph 130 of the Complaint as they relate to Plastic Omnium. Plastic Omnium lacks sufficient knowledge

ELECTRONICALLY FILED - 2025 Jul 16 11:14 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

131. Plastic Omnium denies the allegations and legal conclusions in Paragraph 131 of the Complaint as they relate to Plastic Omnium.  Plastic Omnium lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

132. Plastic Omnium denies the allegations and legal conclusions in Paragraph 132 of the Complaint as they relate to Plastic Omnium and further denies that Plaintiff is entitled to any relief whatsoever from Plastic Omnium.  Plastic Omnium lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

### As to Plaintiff's Second Cause of Action
### Public Nuisance

133. Plastic Omnium incorporates all prior responses to the Complaint by reference as if fully set forth herein.

134. Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 134 and therefore denies them.

135. Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 135 and therefore denies them.

136. Plastic Omnium denies the allegations and legal conclusions in Paragraph 136 of the Complaint as they relate to Plastic Omnium.  Plastic Omnium lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

137. Plastic Omnium denies the allegations and legal conclusions in Paragraph 137 of the

17

ELECTRONICALLY FILED - 2025 Jul 16 11:14 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

Complaint as they relate to Plastic Omnium. Plastic Omnium lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

138. Plastic Omnium denies the allegations and legal conclusions in Paragraph 138 of the Complaint as they relate to Plastic Omnium. Plastic Omnium lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

139. Plastic Omnium denies the allegations and legal conclusions in Paragraph 139 of the Complaint as they relate to Plastic Omnium. Plastic Omnium lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

140. Plastic Omnium denies the allegations and legal conclusions in Paragraph 140 of the Complaint as they relate to Plastic Omnium. Plastic Omnium lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

141. Plastic Omnium denies the allegations and legal conclusions in Paragraph 141 of the Complaint as they relate to Plastic Omnium. Plastic Omnium denies that Plaintiff is entitled to any relief whatsoever from Plastic Omnium. Plastic Omnium lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

142. Plastic Omnium denies the allegations and legal conclusions in Paragraph 142 of the Complaint as they relate to Plastic Omnium. Plastic Omnium denies that Plaintiff is entitled to any relief whatsoever from Plastic Omnium. Plastic Omnium lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the

ELECTRONICALLY FILED - 2025 Jul 16 11:14 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

extent a response is required, those allegations are denied.

143. Plastic Omnium denies the allegations and legal conclusions in Paragraph 143 of the Complaint as they relate to Plastic Omnium. Plastic Omnium denies that Plaintiff is entitled to any relief whatsoever from Plastic Omnium. Plastic Omnium lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

144. Plastic Omnium denies the allegations and legal conclusions in Paragraph 144 of the Complaint as they relate to Plastic Omnium. Plastic Omnium denies that Plaintiff is entitled to any relief whatsoever from Plastic Omnium. Plastic Omnium lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

### As to Plaintiff's Third Cause of Action
### Trespass

145. Plastic Omnium incorporates all prior responses to the Complaint by reference as if fully set forth herein.

146. Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 146 and therefore denies them.

147. Plastic Omnium denies the allegations and legal conclusions in Paragraph 147 of the Complaint, including subparts (a) through (d), as they relate to Plastic Omnium. Plastic Omnium lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

148. Plastic Omnium denies the allegations and legal conclusions in Paragraph 148 of the Complaint, including subparts (a) through (d), as they relate to Plastic Omnium. Plastic Omnium lacks sufficient knowledge to respond to the allegations concerning the other

19

ELECTRONICALLY FILED - 2025 Jul 16 11:14 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

defendants and, to the extent a response is required, those allegations are denied.

149. Plastic Omnium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 149 and therefore denies them.

150. Plastic Omnium denies the allegations and legal conclusions in Paragraph 150 of the Complaint as they relate to Plastic Omnium. Plastic Omnium lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

151. Plastic Omnium denies the allegations and legal conclusions in Paragraph 151 of the Complaint as they relate to Plastic Omnium. Plastic Omnium lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

152. Plastic Omnium denies the allegations and legal conclusions in Paragraph 152 of the Complaint as they relate to Plastic Omnium. Plastic Omnium lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

153. Plastic Omnium denies the allegations and legal conclusions in Paragraph 153 of the Complaint as they relate to Plastic Omnium. Plastic Omnium lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

154. Plastic Omnium denies the allegations and legal conclusions in Paragraph 154 of the Complaint as they relate to Plastic Omnium. Plastic Omnium lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

155. Plastic Omnium denies the allegations and legal conclusions in Paragraph 151 of the

ELECTRONICALLY FILED - 2025 Jul 16 11:14 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

Complaint as they relate to Plastic Omnium.  Plastic Omnium denies that Plaintiff is entitled to any relief whatsoever from Plastic Omnium. Plastic Omnium lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

### As to Plaintiff's Fourth Cause of Action
### Negligence, Gross Negligence, and/or Recklessness

156. Plastic Omnium incorporates all prior responses to the Complaint by reference as if fully set forth herein.

157. The allegations in Paragraph 157 of the Complaint contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.

158. Plastic Omnium denies the allegations and legal conclusions in Paragraph 158 of the Complaint as they relate to Plastic Omnium.  Plastic Omnium lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

159. Plastic Omnium denies the allegations and legal conclusions in Paragraph 159 of the Complaint as they relate to Plastic Omnium.  Plastic Omnium lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

160. Plastic Omnium denies the allegations and legal conclusions in Paragraph 160 of the Complaint as they relate to Plastic Omnium.  Plastic Omnium lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

161. Plastic Omnium denies the allegations and legal conclusions in Paragraph 161 of the

21

ELECTRONICALLY FILED - 2025 Jul 16 11:14 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

Complaint as they relate to Plastic Omnium. Plastic Omnium lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

162. Plastic Omnium denies the allegations and legal conclusions in Paragraph 162 of the Complaint as they relate to Plastic Omnium. Plastic Omnium lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

163. Plastic Omnium denies the allegations and legal conclusions in Paragraph 163 of the Complaint as they relate to Plastic Omnium. Plastic Omnium denies that Plaintiff is entitled to any relief whatsoever from Plastic Omnium. Plastic Omnium lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

164. Plastic Omnium denies the allegations and legal conclusions in Paragraph 164 of the Complaint as they relate to Plastic Omnium. Plastic Omnium denies that Plaintiff is entitled to any relief whatsoever from Plastic Omnium. Plastic Omnium lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

**As to Plaintiff's Fifth Cause of Action**
**Strict Products Liability—Failure to Warn**
**(Supplier Defendants)**

165. Plastic Omnium incorporates all prior responses to the Complaint by reference as if fully set forth herein.

166. Plastic Omnium denies the allegations and legal conclusions in Paragraph 166 of the Complaint as they may relate to Plastic Omnium. Plastic Omnium lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the

22

ELECTRONICALLY FILED - 2025 Jul 16 11:14 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

extent a response is required, those allegations are denied.

167. Plastic Omnium denies the allegations and legal conclusions in Paragraph 167 of the Complaint as they may relate to Plastic Omnium. Plastic Omnium lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

168. Plastic Omnium denies the allegations and legal conclusions in Paragraph 168 of the Complaint as they may relate to Plastic Omnium. Plastic Omnium lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

169. Plastic Omnium denies the allegations and legal conclusions in Paragraph 169 of the Complaint as they may relate to Plastic Omnium. Plastic Omnium lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

170. Plastic Omnium denies the allegations and legal conclusions in Paragraph 170 of the Complaint as they may relate to Plastic Omnium. Plastic Omnium lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

171. Plastic Omnium denies the allegations and legal conclusions in Paragraph 171 of the Complaint as they may relate to Plastic Omnium. Plastic Omnium lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

172. Plastic Omnium denies the allegations and legal conclusions in Paragraph 172 of the Complaint as they may relate to Plastic Omnium. Plastic Omnium lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the

ELECTRONICALLY FILED - 2025 Jul 16 11:14 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

extent a response is required, those allegations are denied.

174. Plastic Omnium denies the allegations and legal conclusions in Paragraph 174 of the Complaint as they may relate to Plastic Omnium. Plastic Omnium lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

**As to Plaintiff's Sixth Cause of Action**
**Strict Products Liability—Ultrahazardous Activity**
**(Supplier Defendants)**

175. Plastic Omnium incorporates all prior responses to the Complaint by reference as if fully set forth herein.

176. Plastic Omnium denies the allegations and legal conclusions in Paragraph 176 of the Complaint as they may relate to Plastic Omnium. Plastic Omnium lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

177. Plastic Omnium denies the allegations and legal conclusions in Paragraph 177 of the Complaint as they may relate to Plastic Omnium. Plastic Omnium lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

178. Plastic Omnium denies the allegations and legal conclusions in Paragraph 178 of the Complaint as they may relate to Plastic Omnium. Plastic Omnium lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

179. Plastic Omnium denies the allegations and legal conclusions in Paragraph 179 of the Complaint as they may relate to Plastic Omnium. Plastic Omnium lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the

extent a response is required, those allegations are denied.

180. Plastic Omnium denies the allegations and legal conclusions in Paragraph 180 of the Complaint as they may relate to Plastic Omnium. Plastic Omnium lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

181. Plastic Omnium denies the allegations and legal conclusions in Paragraph 181 of the Complaint as they may relate to Plastic Omnium. Plastic Omnium lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

182. Plastic Omnium denies the allegations and legal conclusions in Paragraph 182 of the Complaint as they may relate to Plastic Omnium. Plastic Omnium lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

183. Plastic Omnium denies the allegations and legal conclusions in Paragraph 183 of the Complaint as they may relate to Plastic Omnium. Plastic Omnium lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

184. Plastic Omnium denies the allegations and legal conclusions in Paragraph 184 of the Complaint as they may relate to Plastic Omnium. Plastic Omnium lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

185. Plastic Omnium denies the allegations and legal conclusions in Paragraph 185 of the Complaint as they may relate to Plastic Omnium. Plastic Omnium lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the

ELECTRONICALLY FILED - 2025 Jul 16 11:14 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

ELECTRONICALLY FILED - 2025 Jul 16 11:14 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

extent a response is required, those allegations are denied.

**As to Plaintiff's Seventh Cause of Action**
**Strict Products Liability—Design Defect**
**(Supplier Defendants)**

186. Plastic Omnium incorporates all prior responses to the Complaint by reference as if fully set forth herein.

187. Plastic Omnium lacks knowledge or information sufficient to form as belief as to the truth of the allegations of Paragraph 187 and therefore denies them.

188. Plastic Omnium denies the allegations and legal conclusions in Paragraph 188 of the Complaint as they may relate to Plastic Omnium. Plastic Omnium lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

189. Plastic Omnium denies the allegations and legal conclusions in Paragraph 189 of the Complaint as they may relate to Plastic Omnium. Plastic Omnium lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

190. Plastic Omnium denies the allegations and legal conclusions in Paragraph 190 of the Complaint as they may relate to Plastic Omnium. Plastic Omnium lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

191. Plastic Omnium denies the allegations and legal conclusions in Paragraph 191 of the Complaint as they may relate to Plastic Omnium. Plastic Omnium lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

192. Plastic Omnium denies the allegations and legal conclusions in Paragraph 192 of the

ELECTRONICALLY FILED - 2025 Jul 16 11:14 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

Complaint, including subparts (a) through (e), as they may relate to Plastic Omnium. Plastic Omnium lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

193. Plastic Omnium lacks knowledge or information sufficient to form as belief as to the truth of the allegations of Paragraph 193 and therefore denies them.

194. Plastic Omnium lacks knowledge or information sufficient to form as belief as to the truth of the allegations of Paragraph 194 and therefore denies them.

195. Plastic Omnium lacks knowledge or information sufficient to form as belief as to the truth of the allegations of Paragraph 195 and therefore denies them.

196. Plastic Omnium lacks knowledge or information sufficient to form as belief as to the truth of the allegations of Paragraph 196 and therefore denies them.

197. Plastic Omnium lacks knowledge or information sufficient to form as belief as to the truth of the allegations of Paragraph 197 and therefore denies them.

198. Plastic Omnium lacks knowledge or information sufficient to form as belief as to the truth of the allegations of Paragraph 198 and therefore denies them.

### As to Plaintiff's Eighth Cause of Action
**Breach of Implied Warranties**
**(Supplier Defendants)**

199. Plastic Omnium incorporates all prior responses to the Complaint by reference as if fully set forth herein.

200. Plastic Omnium denies the allegations and legal conclusions in Paragraph 200 of the Complaint as they may relate to Plastic Omnium. Plastic Omnium lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

201. Plastic Omnium denies the allegations and legal conclusions in Paragraph 201 of the

27

ELECTRONICALLY FILED - 2025 Jul 16 11:14 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

Complaint as they may relate to Plastic Omnium. Plastic Omnium lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

202. Plastic Omnium denies the allegations and legal conclusions in Paragraph 202 of the Complaint as they may relate to Plastic Omnium. Plastic Omnium lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

203. Plastic Omnium lacks knowledge or information sufficient to form as belief as to the truth of the allegations of Paragraph 203 and therefore denies them.

204. Plastic Omnium lacks knowledge or information sufficient to form as belief as to the truth of the allegations of Paragraph 204 and therefore denies them.

205. Plastic Omnium lacks knowledge or information sufficient to form as belief as to the truth of the allegations of Paragraph 205 and therefore denies them.

### As to Plaintiff's Prayer for Relief

206. Responding to the unnumbered paragraph beginning with WHEREFORE, Plastic Omnium denies Plaintiff is entitled to the relief sought therein, including subparts (a) through (e), or to any relief whatsoever from Plastic Omnium.

### AFFIRMATIVE DEFENSES

### For a Second Defense

207. The Complaint fails to state, in whole or in part, a claim upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6) of the South Carolina Rules of Civil Procedure.

ELECTRONICALLY FILED - 2025 Jul 16 11:14 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

## For a Third Defense

208. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations and/or statute of repose.

## For a Fourth Defense

209. Plastic Omnium's actions have at all times been pursuant to express permits and directives of various federal, state and local regulatory agencies with which Plastic Omnium has been compliant. Accordingly, Plastic Omnium pleads license as an affirmative defense to Plaintiff's claims.

## For a Fifth Defense

210. Plaintiff lacks standing to bring its claims under both the public trust doctrine and *parens patriae* doctrine, because the property claimed to be affected is not held in the public trust and/or is not subject to the *parens patriae* doctrine, and Plaintiff does not have exclusive jurisdiction over the resources at issue.  Plaintiff lacks standing to bring an action for trespass because Plaintiff has no ownership over and is not entitled to exclusive possession of waters referenced in the Complaint.

## For a Sixth Defense

211. Plaintiff's claims are not ripe for adjudication and should be dismissed for presenting a contingent, hypothetical, or abstract dispute.

## For a Seventh Defense

212. Plaintiff's claims are premature to the extent that neither the State nor the EPA has set final water quality standards, maximum contaminant levels, acceptable cleanup levels, or other regulatory standards that are necessary to evaluate whether natural resources have been injured.

## For an Eighth Defense

213. Plaintiff has not demonstrated or pled a legally cognizable injury that is capable of redress.

29

ELECTRONICALLY FILED - 2025 May 09 11:04 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP2400274330

### For a Ninth Defense

214. Plaintiff's claims for alleged injuries and damages are barred, in whole or in part, because the claims for damages are speculative and conjectural.

### For a Tenth Defense

215. Plaintiff's claims are barred because Plaintiff has failed to name all necessary and indispensable parties in its Complaint.

### For an Eleventh Defense

216. Plaintiff's claims are barred because Plastic Omnium does not owe a legal duty to Plaintiff or, if it owes such a duty, Plastic Omnium did not breach that duty.

### For a Twelfth Defense

217. Plaintiff's claims are barred because Plastic Omnium exercised due care in the performance of its actions and took reasonable precautions against the foreseeable actions of others.

### For a Thirteenth Defense

218. Plaintiff's claims for damages are barred because none of the alleged acts or omissions of Plastic Omnium proximately caused the injuries allegedly sustained by Plaintiff.

### For a Fourteenth Defense

219. Plaintiff's claims are barred because the injuries allegedly suffered by Plaintiff are the result of independent, unforeseeable, superseding, and/or intervening causes unrelated to any conduct by Plastic Omnium.

### For a Fifteenth Defense

220. Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiff cannot establish through scientific means that the substances at issue in the Complaint have been reliably established to be capable of causing Plaintiff's alleged injuries.

### For a Sixteenth Defense

221. Plaintiff's claims are barred, in whole or in part, under the doctrine of open and obvious conditions.

### For a Seventeenth Defense

222. Even assuming Plastic Omnium were negligent, careless, or reckless in any respect, and that any such conduct on its part proximately caused Plaintiff's injuries, all of which are expressly denied, Plaintiff's comparative negligence, carelessness, or recklessness contributed to Plaintiff's injuries. Accordingly, Plastic Omnium is not liable to Plaintiff for any sum whatsoever, and/or to the extent that a jury finds Plaintiff at fault for less than fifty percent (50%), Plaintiff's recovery should be reduced by that percentage.

### For an Eighteenth Defense

223. Plaintiff's claim for punitive damages violates both the United States Constitution and the South Carolina Constitution, and Plastic Omnium pleads that sections 15-32-530 *et seq.*, of the South Carolina Code provide a cap to punitive damages potentially available in this matter. Plaintiff also fails to state any basis upon which punitive damages are recoverable against Plastic Omnium and, accordingly, Plaintiff's prayer for such damages should be dismissed and/or stricken from the claims pursuant to Rule 12(b)(6) and/or Rule 12(f) of the South Carolina Rules of Civil Procedure. Pursuant to S.C. Code Ann. §15-32-520, any proceeding to determine punitive damages should be bifurcated from any trial to determine liability and compensatory damages.

### For a Nineteenth Defense

224. The claims and/or damages alleged in the Complaint are barred, in whole or in part, under the doctrine of voluntary exposure/assumption of the risk.

31

ELECTRONICALLY FILED - 2025 Jul 16 11:14:14 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

### For a Twentieth Defense

225. Plaintiff has failed to mitigate its damages as required by law and such failure bars Plaintiff's recovery, in whole or in part, against Plastic Omnium.

### For a Twenty-First Defense

226. Plaintiff's claims against Plastic Omnium are barred by the doctrines of unjust enrichment in that Plaintiff seeks to recover costs or damages for construction, operation, and maintenance of public water supply systems after Plaintiff sought and obtained a permit to secure, treat, and distribute public water supplies and received funding from its customers as well as state, local, and federal sources, including but not limited to funding specifically to address unexpected contamination in water supplies under the Emergency Response Plans of the Safe Drinking Water Act, 42 U.S.C. 300f to 300j.

### For a Twenty-Second Defense

227. Plaintiff's claims are preempted or otherwise precluded by state and federal law to the extent Plaintiff seeks recovery of costs or damages for contamination of water supplies, the enforcement of which is vested exclusively in state and federal agencies pursuant to state and federal statutes, including but not limited to the Safe Drinking Water Act, 42 U.S.C. 300f to 300j, the South Carolina Pollution Control Act, S.C. Code Ann. § 48-1-10 et seq., and the South Carolina Hazardous Waste Management Act, S.C. Code Ann. § 44-56-10 et seq.

### For a Twenty-Third Defense

228. Plaintiff's claims are barred, in whole or in part, because Plastic Omnium neither knew nor should have known that any of the substances to which Plaintiff or Plaintiff's property was allegedly exposed were hazardous or constituted a reasonably foreseeable risk of physical harm by virtue of the prevailing state of the medical, scientific, technical, and/or industrial knowledge available to Plastic Omnium at all times relevant to the claims or causes of action

32

ELECTRONICALLY FILED - 2025 Jul 16 11:14 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

asserted by Plaintiff. The alleged acts or omissions by Plastic Omnium conformed to the then-existing custom and practice, and Plastic Omnium exercised due care and acted in accordance with and/or complied with available technological, medical, scientific, and industrial "state-of-the-art" practice, and/or applicable laws, regulations, standards, and orders.

### For a Twenty-Fourth Defense

229. Some or all of Plaintiff's claims are not amenable to judicial resolution because of the primary jurisdiction doctrine. The relief sought is, in whole or in part, within the particular expertise of and is being addressed by federal and state governments and thus the Court should decline to exercise jurisdiction over these matters pursuant to the doctrine of primary jurisdiction, abstention, and/or the doctrine of separation of powers.

### For a Twenty-Fifth Defense

230. The claims and/or damages alleged in the Complaint are barred, in whole or in part, under the doctrine of coming to the nuisance.

### For a Twenty-Sixth Defense

231. The claims and/or damages alleged in the Complaint are barred, in whole or in part, under the doctrine of assumption of risk.

### For a Twenty-Seventh Defense

232. Plaintiff's claims are barred, in whole or in part, by the doctrine of election of remedies.

### For a Twenty-Eighth Defense

233. Plaintiff's claims are barred, in whole or in part, because of consent, public necessity, private necessity and/or privilege.

### For a Twenty-Ninth Defense

234. Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, res judicata, estoppel, ratification, and unclean hands. Plaintiff's Complaint is barred, in whole or

33

ELECTRONICALLY FILED - 2025 Jul 16 11:14 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

in part, by the doctrines of acquiescence, consent, justification, accord and satisfaction, ratification, settlement, or release.

## For a Thirtieth Defense

235. Plaintiff's alleged claims are preempted or barred by the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601, et seq. and the South Carolina Hazardous Waste Management Act, S.C. Code Ann. 44-56-10 et seq. to the extent such claims include, encompass or relate to environmental conditions or natural resource damages or losses at any site or location from which hazardous substances have been discharged or released or at which discharges or releases of hazardous substances have come to be located.

## For a Thirty-First Defense

236. Plaintiff's claims are barred because it failed to exhaust administrative remedies.

## For a Thirty-Second Defense

237. Plaintiff is not entitled to recover from Plastic Omnium more than Plastic Omnium's fair, equitable, and proportionate share, if any, of the costs and damages sought by Plaintiff or to otherwise recover from Plastic Omnium more than the amount of such relief, if any, for which Plastic Omnium is liable.

## For a Thirty-Third Defense

238. Plaintiff's claims are barred, in whole or in part, to the extent they seek to impose retroactive liability under theories not requiring proof of fault or causation or for conduct that was not actionable at the time it occurred.

## For a Thirty-Fourth Defense

239. All claims for equitable relief in Plaintiff's Complaint are barred because Plaintiff has adequate remedies at law, to the extent its claims are provable.

34

ELECTRONICALLY FILED - 2025 Jul 16 11:14 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

### For a Thirty-Fifth Defense

240. The damages sought by Plaintiff, if awarded, should be reduced by any amounts it recovers from any other sources and Plaintiff is barred from any form of double recovery regardless of the nature or source of such recovery.

### For a Thirty-Sixth Defense

241. Plaintiff's claims are barred, in whole or in part, because Plastic Omnium did not know or have reason to know that its wastewater discharge, alone or in conjunction with a discharge or discharges from other sources, would cause pass through or interference, as contemplated by 40 C.F.R. § 403.5(a)(2).

### For a Thirty-Seventh Defense

242. Plaintiff's claims are barred, in whole or in part, by the municipal cost recovery rule or the free public services doctrine. *United States v. Standard Oil of California*, 332 U.S. 301 (1947).

### For a Thirty-Eighth Defense

243. Plastic Omnium is not responsible or liable for any acts or omissions undertaken by or at the direction of any governmental authority or agency, including without limitation, acts or omissions made in accordance with applicable statutes, regulations, permits, and industry standards.

### For a Thirty-Ninth Defense

244. Although Plastic Omnium denies any liability, should Plastic Omnium be found liable for the damages alleged in the Amended Complaint, then the liability and damage should be apportioned among all responsible parties and non-parties pursuant to S.C. Code Ann. § 15-38-10 et seq.

35

ELECTRONICALLY FILED - 2025 Jul 16 11:14 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

### For a Fortieth Defense

245. Plastic Omnium is entitled to a set-off and/or credit of any monies or proceeds received by or on behalf of Plaintiff as a result of the claims alleged in the Complaint, regardless of the source of such proceeds.

### For a Forty-First Defense

246. Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff cannot establish its alleged injuries were caused by exposure to PFAS from any conduct attributable to Plastic Omnium.

### For a Forty-Second Defense

247. There is no statutory or common law basis for Plaintiff's request for attorneys' fees or litigation expenses.

### For a Forty-Third Defense

248. Plaintiff's claims are barred in whole or in part under the bulk supplier, component part supplier, sophisticated-purchaser, sophisticated-user, sophisticated intermediary, and/or knowledgeable-user doctrines or other similar or related doctrines available under applicable law.

### For a Forty-Fourth Defense

249. Plastic Omnium asserts and incorporates herein any affirmative defenses asserted or otherwise raised by other defendants in this action to Plaintiff's Complaint.

### RESERVATION AND NON-WAIVER

Plastic Omnium reserves the right to assert, and does not waive, any additional or further defenses as may be revealed by information acquired during discovery or otherwise. Plastic Omnium thus reserves the right to amend this answer to assert any such defense.

36

ELECTRONICALLY FILED - 2025 Jul 16 11:14 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

**WHEREFORE**, having fully answered the Complaint, Plastic Omnium requests judgment in its favor and respectfully requests the Court to:

(1)    Dismiss Plaintiff's Complaint in its entirety, with prejudice;

(2)    Award Plastic Omnium all of its legally recoverable costs, fees and expenses incurred in defending this case; and

(3)    Grant Plastic Omnium such further other and further relief that the Court deems appropriate.

July 16, 2025                            LAW OFFICES OF ELIZABETH B. PARTLOW, LLC


                                        /s/ Elizabeth B. Partlow
                                        Elizabeth B. Partlow
                                        S.C. Bar No. 4348
                                        Post Office Box 2444
                                        Columbia, South Carolina 29202
                                        Phone: (803) 814-0868
                                        Email: beth@partlowlaw.com

                                        *Attorney for Plastic Omnium Auto Exteriors, LLC*

ELECTRONICALLY FILED - 2025 Jul 17 2:47 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

| | | |
|---|---|---|
| **STATE OF SOUTH CAROLINA** | ) | **IN THE COURT OF COMMON PLEAS** |
| | ) | |
| **COUNTY OF SPARTANBURG** | ) | **SEVENTH JUDICIAL CIRCUIT** |
| | ) | |
| | ) | |
| **WOODRUFF-ROEBUCK WATER DISTRICT,** | ) | **C.A. No.: 2024-CP-42-02480** |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **AFL TELECOMMUNICATIONS, LLC;** | ) | |
| **AGC CHEMICALS AMERICAS, INC.;** | ) | |
| **ARKEMA, INC.; CLARIANT** | ) | |
| **CORPORATION; CORTEVA, INC.;** | ) | **DEFENDANT WASTE** |
| **CRYOVAC, INC.; CRYOVAC, LLC;** | ) | **MANAGEMENT OF SOUTH** |
| **DAIKIN AMERICA, INC.; DUPONT DE** | ) | **CAROLINA, INC.'S MEMORANDUM** |
| **NEMOURS, INC.; EIDP, INC.; GTI** | ) | **OF LAW IN SUPPORT OF MOTION** |
| **CHEMICAL SOLUTIONS, INC.; GTI** | ) | **TO DISMISS PLAINTIFF'S SECOND** |
| **CHEMICAL SOLUTIONS, LLC;** | ) | **AMENDED COMPLAINT** |
| **HUNTSMAN INTERNATIONAL, LLC;** | ) | |
| **MOCOM COMPOUNDS** | ) | |
| **CORPORATION; PLASTIC OMNIUM** | ) | |
| **AUTO EXTERIORS, LLC; SOLVAY** | ) | |
| **SPECIALTY POLYMERS USA, LLC;** | ) | |
| **SPRINGS INDUSTRIES, LLC;** | ) | |
| **STARCHEM, LLC; THE CHEMOURS** | ) | |
| **COMPANY; TORAY COMPOSITE** | ) | |
| **MATERIALS AMERICA, INC.; AND** | ) | |
| **WASTE MANAGEMENT OF SOUTH** | ) | |
| **CAROLINA, INC.,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Defendant Waste Management of South Carolina, Inc. ("WMSC"), by and through its undersigned counsel, and pursuant to Rules 8(a), 12(b)(1), and 12(b)(6) of the South Carolina Rules of Civil Procedure, hereby submits its Memorandum of Law in Support of its Motion to Dismiss all claims asserted against WMSC in the Second Amended Complaint filed by the Plaintiff, Woodruff-Roebuck Water District ("Woodruff"), respectfully stating as follows:

ELECTRONICALLY FILED - 2025 Jul 17 2:47 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

## I.    **INTRODUCTION**

Woodruff's Second Amended Complaint (the "Complaint") is subject to dismissal on multiple grounds.  At the outset, this dispute is not ripe for judicial review. Woodruff, a drinking water provider, bases its claims on newly promulgated drinking water standards for certain per- and polyfluoroalkyl substances ("PFAS") that Woodruff does not have to comply with until 2029 or, more likely, 2031.  Even assuming the standards do eventually go into effect (they are currently being challenged in federal court), it is unknowable what measures, if any, Woodruff will have to take to meet them.  The rule includes a three-year initial testing period which began only one year ago.  Woodruff does not allege that it has incurred any specific costs—or taken any action at all— due to the new rule or on account of PFAS-contaminated water.  The costs it is seeking to recover—future expenses it might incur to acquire and operate a new water treatment system—are inherently conjectural and contingent.  Accordingly, this lawsuit is premature and should be dismissed.

Even assuming Woodruff's claims are allowed to proceed now, the risk of giving Woodruff an unwarranted windfall is unavoidable.  Woodruff asks the Court to speculate that the condition of its source water four or six years from now will be the same as it is today—that there will be no changes to PFAS contributions to the river (such as would result from the installation of third-party wastewater pretreatment systems), river flow rates, or any other developments that will moot Woodruff's claims before then.  Furthermore, in the event Woodruff's claims do become ripe, they will lie only against any parties legally responsible for contributing PFAS to Woodruff's source water at that time, not today.

No damages other than potential future compliance costs are at issue in this case.  Although the Complaint is sprinkled with conclusory references to injury and damage to Woodruff's property, Woodruff has not plausibly alleged that PFAS have or will cause any physical damage

2

ELECTRONICALLY FILED - 2025 Jul 17 2:47 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

to any of Woodruff's property, as would be required to support its claims. Woodruff is entitled only to the "reasonable inferences" that can be drawn from its factual allegations. Small quantities of PFAS molecules in its source water, even if present, do not pose a risk of physical damage to Woodruff's water treatment system. The Court should not permit Woodruff to accelerate the resolution of its premature and contingent claims by alleging separate damages that are distinct from Woodruff's actual claims, which are based on its ability to meet the MCLs in the future.

Leaving aside these flaws in Woodruff's allegations, its claims against WMSC are misdirected. The injuries Woodruff ascribes to WMSC arise from the alleged discharge of PFAS into the Tyger River from a wastewater treatment plant owned and operated by Lyman, a third-party, not WMSC. Woodruff alleges that WMSC is one of Lyman's customers that delivers wastewater to Lyman for treatment, but WMSC does not have any control over Lyman's operations or discharges. For reasons known only to Woodruff, it chose not to sue Lyman. But South Carolina law does not allow Woodruff to sue WMSC for Lyman's discharges. The South Carolina Supreme Court held in *Clark v. Greenville Cnty.*, 313 S.C. 205, 437 S.E.2d 117 (1993), that a nuisance claim based on alleged discharges of contaminants lies only against those who control the *site* from which the contaminants enter the environment. *Id*. at 209–210; 119. Delivery of allegedly harmful materials that allegedly pass through a waste disposal facility is not a basis for nuisance liability absent evidence that the party exercised control over the waste disposal site *after* the waste was deposited there. *Id*. Because control of the release *site* is an essential element of a nuisance claim, the allegation that WMSC "knew or should have known" that Lyman would not adequately treat its wastewater and would discharge PFAS into the Tyger River is, as a matter of law, an inadequate basis for a nuisance claim. *See Weatherford v. E.I. Dupont de Neumours & Co*., No. 4:22-CV-1427-RBH, 2023 WL 11015357 (D.S.C. Sept. 27, 2023) (dismissing nuisance

3

ELECTRONICALLY FILED - 2025 Jul 17 2:47 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

claim against PFAS suppliers that did not control the facility or its wastewater treatment plant, despite allegation that defendants knew the PFAS would pass through the plant into the environment). WMSC cannot be liable for discharges from the plant that only Lyman controls.

Each of Woodruff's other causes of action against WMSC is deficient for the following reasons:

1.      The alleged contamination of a river affects the general public and cannot support a claim for private nuisance;

2.      PFAS molecules are "intangible" matter that as a matter of law cannot constitute a trespass;

3.      Woodruff has no claim for trespass where PFAS only allegedly entered its property as a result of its own actions;

4.      WMSC owes no duty to Woodruff and therefore cannot be liable for negligence; and

5.      Woodruff does not allege that it suffered any physical injury or property damage as required for a valid negligence claim.

For these reasons, and as explained in more detail below, the Complaint should be dismissed as to WMSC.

## II.      ARGUMENT AND CITATION OF AUTHORITY

### A.      Woodruff's Claims Are Not Ripe.

"A threshold inquiry for any court is a determination of justiciability, i.e., whether the litigation presents an active case or controversy." *Lennon v. S.C. Coastal Council*, 330 S.C. 414, 415, 498 S.E.2d 906, 906 (Ct. App. 1998). This includes an assessment of whether the plaintiff's claims are ripe for adjudication. *See James v. Anne's Inc.*, 390 S.C. 188, 193, 701 S.E.2d 730, 732 (2010). A claim is not ripe and should be dismissed when it presents "a contingent, hypothetical or abstract dispute." *Pee Dee Elec. Co-op., Inc. v. Carolina Power & Light Co.*, 279 S.C. 64, 66, 301 S.E.2d 761, 762 (1983).

4

Woodruff's allegations demonstrate that it has not yet suffered any legally cognizable injury due to PFAS, and it might never. Although the U.S. Environmental Protection Agency's PFAS drinking water standards ("maximum contaminant levels" or "MCLs") became final in April 2024, (Compl., ¶ 48), it has not yet been determined how, if at all, the rule will impact Woodruff. Woodruff will not have to comply with the MCLs until 2029 at the earliest, and likely not until 2031, as U.S. EPA has announced its intention to extend the compliance deadline an additional two years. (*Id.*, ¶¶ 52–53.).

Woodruff does not allege any facts demonstrating that, at this time, it is doing anything other than waiting to see if and when it will have to take action to comply with the future standards. Woodruff has not identified any specific costs or expenses it has incurred due to PFAS in its source water. Nothing in the Complaint indicates that Woodruff's operations have changed at all from the period before the MCLs were finalized in 2024 or as a result of PFAS in the Tyger River.

This status quo may continue indefinitely. Woodruff's testing during the rule's initial monitoring period may indicate Woodruff will not be required to make any capital investments to remain in compliance with applicable regulations. It is also uncertain whether the MCLs will be valid law by the time they would be applicable to Woodruff. In June 2024, three sets of plaintiffs filed challenges to EPA's rule in actions currently pending before the Court of Appeals for the D.C. Circuit. *See Am. Water Works Assoc., et al. v. U.S. EPA*, Case No. 24-1188; *Nat'l Assoc. of Manufacturers, et al. v. U.S. EPA*, Case No. 24-1191; *The Chemours Company FC, LLC v. U.S. EPA*, Case No. 24-1192. The potential changes that could result from these cases (or for other reasons) preclude Woodruff's claims from being ripe at this time. *See Jowers v. S.C. Dep't of Health & Env't Control*, 423 S.C. 343, 364, 815 S.E.2d 446, 457 (2018) (finding that action was not ripe because the plaintiff's claim "depends on there being no changes to the law regarding

5

ELECTRONICALLY FILED - 2025 Jul 17 2:47 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

surface water withdrawals."). Because of these numerous uncertainties, the facts alleged by Woodruff demonstrate, at most, "the mere threat of potential injury," which is "too contingent or remote to support present adjudication." *Waters v. S.C. Land Res. Conservation Comm'n*, 321 S.C. 219, 228, 467 S.E.2d 913, 918 (1996) (quoting *Thrifty Rent–A–Car Sys., Inc. v. Thrifty Auto Sales of Charleston, Inc.*, 849 F. Supp. 1083, 1086 (D.S.C. 1991)).

Woodruff cannot circumvent the prematurity of its actual claim by including in the Complaint conclusory references to injury and damage to Woodruff's property, which the Court should disregard. (*See* Compl., ¶¶ 5, 126, 138, 153.). Woodruff does not indicate how any of its property could be damaged by water containing small quantities of PFAS. South Carolina pleadings standards require Woodruff to include the "ultimate facts" necessary to establish each cause of action. *See Watts v. Metro Sec. Agency*, 346 S.C. 235, 240, 550 S.E.2d 869, 871 (Ct. App. 2001). This requires more than mere legal conclusions, such as that it has incurred unspecified property damage. *See Johnson v. Greenville Cnty.*, No. 2020-001144, 2022 WL 16631305, at *1 (S.C. Ct. App. Nov. 2, 2022) (dismissing claim because "allegations to support this claim were conclusory and did not include ultimate facts."). Woodruff is entitled only to "reasonable inferences" that can be drawn from its allegations. *See Benedict Coll. v. Nat'l Credit Sys., Inc.,* 400 S.C. 538, 544, 735 S.E.2d 518, 521 (Ct. App. 2012). It is not reasonable to assume that, even if the Tyger River contains PFAS as alleged, that Woodruff's property could be physically damaged by it, or that Woodruff faces any potential injury separate from the alleged costs it might incur in the future if and when investments are required to meet the MCLs. Accordingly, Woodruff's claims are not ripe and should be dismissed.

ELECTRONICALLY FILED - 2025 Jul 17 2:47 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

6

ELECTRONICALLY FILED - 2025 Jul 17 2:47 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

**B.**    **Each of Woodruff's Substantive Causes of Action Against WMSC are Legally Deficient.**

    *1.*    *Woodruff Has No Claim For Nuisance Against WMSC Because WMSC Does Not Control the Source of the Alleged Nuisance.*

As a matter of South Carolina law, WMSC cannot be liable to Woodruff for nuisance for delivering leachate to a wastewater treatment plant. Nuisance law is a mechanism for resolving "conflicting interests of landowners" and balancing their competing rights. *Winget v. Winn-Dixie Stores, Inc.*, 242 S.C. 152, 159, 130 S.E.2d 363, 367 (1963); *see also O'Cain v. O'Cain*, 322 S.C. 551, 560, 473 S.E.2d 460, 465 (Ct. App. 1996). It then follows, the South Carolina Supreme Court has held, that "one who has no control over property at the time of the alleged nuisance cannot be held liable therefor." *Greenville Cnty.*, 313 S.C. at 210, 437 S.E.2d at 119. The alleged nuisance for which Woodruff alleges WMSC is responsible arises solely from Lyman's discharges from its wastewater treatment plant, which can be challenged only in a nuisance action against Lyman.

*Greenville County* is indistinguishable from this case. There, the plaintiffs alleged that their properties were contaminated by releases of hazardous substances from a nearby landfill. They sued the landfill as well as a number of corporations that had disposed of hazardous waste in it. The South Carolina Supreme Court affirmed judgment for the corporations on the nuisance claim because plaintiffs "neither alleged nor produced any evidence the corporate respondents had control over the landfill or the hazardous waste *once it was deposited at the landfill*." *Id.* at 210 (emphasis added). The corporate defendants' control over the waste *before* it was transferred to the landfill for disposal was, as matter of law, insufficient. The court also did not consider the degree of knowledge the corporate defendants had about how the landfill would manage the waste after accepting it. Likewise, Woodruff concedes that control of WMSC's wastewater is passed to Lyman before any PFAS is discharged into the river, and Woodruff does not allege that WMSC

7

has any control over Lyman's treatment facility. On the alleged facts, Woodruff's nuisance claim fails.

Notably, a South Carolina federal court recently found that *Greenville County* compelled it to dismiss analogous PFAS nuisance claims. *See Weatherford*, No. 4:22-CV-1427-RBH, 2023 WL 11015357. In *Weatherford*, the plaintiffs alleged that their wells were contaminated with PFAS which had been discharged from a textile facility's wastewater treatment plant. They brought claims against the companies that manufactured and distributed the PFAS to that facility. The court dismissed the nuisance claims because those defendants were not alleged to have control over the manufacturing facility (*id*. at 6), despite the plaintiffs' allegation that the defendants "knew [the PFAS they supplied] would go into the water and soil surrounding the textile plant." *Id*. at 1. The same result is required here. Woodruff's allegation that WMSC "knew or should have known" that Lyman would not remove all PFAS from its incoming waste streams before discharging into the Tyger River does not salvage Woodruff's nuisance claim.

WMSC's lack of control over Lyman's plant precludes Woodruff's public and private nuisance claims, as the difference between the two causes of action is based only on the persons affected, not "the nature or character of the thing or activity itself." *Home Sales, Inc. v. City of N. Myrtle Beach*, 299 S.C. 70, 81, 382 S.E.2d 463, 469 (Ct. App. 1989). Accordingly, Counts 1 (private nuisance) and 2 (public nuisance) should be dismissed.

### 2. *Woodruff's Allegations of Contamination of the Tyger River Do Not State a Claim for Private Nuisance.*

Woodruff's private nuisance claim should be dismissed for the additional reason that the alleged contamination of a public water body cannot be the basis of a private nuisance claim. A private nuisance "produces damage to but one or two persons, and cannot be said to be public." *Charleston Dev. Co., LLC v. Alami*, 433 S.C. 533, 547-48, 860 S.E.2d 687, 695 (Ct. App. 2021)

8

ELECTRONICALLY FILED - 2025 Jul 17 2:47 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

ELECTRONICALLY FILED - 2025 Jul 17 2:47 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

(quoting *Deason v. S. Ry. Co.*, 142 S.C. 328, 334, 140 S.E. 575, 577 (1927)); *see also Baltzeger v. Carolina Midland Ry. Co.*, 54 S.C. 242, 248, 32 S.E. 358, 360 (1899) ("A private nuisance affects only one person or a determinate number of persons." (quoting 16 Am. & Eng. Enc. Law, 926)). Woodruff is just one of the many riparian landowners in the 15 miles between Lyman and Woodruff's property.[1]

### 3. Woodruff's Allegations Do Not Support a Trespass Claim under South Carolina Law.

#### a. PFAS particles are "intangible" matter that cannot support a trespass claim.

South Carolina follows the traditional rule that there must be "an invasion by a physical, tangible thing for a trespass to exist." *Babb v. Lee Cnty. Landfill SC, LLC*, 405 S.C. 129, 145, 747 S.E.2d 468, 476 (2013). To be sufficiently "tangible," the invasion must "interfere with the right to exclusive possession" and not "merely interfere with the right to use and enjoyment." *Id*. at 151.

The PFAS molecules at issue in this case fall squarely into the latter category. Their alleged concentrations in the Tyger River is incomprehensibly small. They are measured, if at all, in the parts per *trillion*. (Compl., ¶¶ 39–49.). Woodruff does not allege (nor could it) that PFAS can be seen, felt, or otherwise perceived in water.

PFAS in water is the equivalent of dust in air, which is "intangible" under the traditional rule that South Carolina follows. As the court explained in *Adams v. Cleveland-Cliffs Iron Co.*, 237 Mich. App. 51, 69 (1999)— the case which persuaded the *Babb* Court to adopt the traditional rule—while "dust particles are tangible objects in a strict sense that they can be touched and are

---

[1] A court may take judicial notice of a fact that is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Rule 201(b), SCRE. "'[G]eographical information is especially appropriate for judicial notice.'" *Prioleau v. Wallace*, No. CV 5:24-1171-MGL-SVH, 2024 WL 3416605, at *1 (D.S.C. May 24, 2024), report and recommendation adopted, No. 5:24-CV-01171-JDA, 2024 WL 3412324 (D.S.C. July 15, 2024) (quoting *United States v. Johnson*, 726 F.2d 1018, 1021 (4th Cir. 1984)).

comprised of physical elements" they cannot form the basis of a trespass claim because dust "does not normally present itself as a significant physical intrusion." PFAS molecules likewise "do not normally occupy the land [or water] on which they settle in any meaningful sense" but rather "simply become a part of the ambient circumstances of that space." *Id*. at 70.

Conversely, the *Babb* Court rejected the line of trespass cases that would allow claims based on intangible invasions, beginning with *Martin v. Reynolds Metals Co*., 221 Or. 86 (1959). *See Babb*, 405 S.C. at 146. *Martin* involved pollution from microscopic fluoride particles, which is precisely what is at issue in this case. PFAS—"per- and poly*fluoro*alkyl substances"—are defined by the carbon-fluorine bonds each molecule contains. (Compl., ¶ 29.). Thus, because the *Babb* Court rejected the reasoning in *Martin*, the PFAS molecules in this case are "intangible" under South Carolina trespass law.

The nature of Woodruff's claims confirm that this is the correct result. The core of Woodruff's complaint is that its ability to use its property to provide drinking water to its customers is (or rather, will be) affected. Its allegations do not implicate its "right to the exclusive, peaceable possession of [its] property." *Babb*, 405 S.C. at 139 (quoting *Ravan v. Greenville Cnty*., 315 S.C. 447, 463, 434 S.E.2d 296, 306 (Ct. App. 1993)). It is thus nuisance law that provides the remedy, if there is in fact a wrong (which there is not). In all respects, this case is a quintessential nuisance matter and Woodruff's attempts to dress it in other tort theories should be rejected.

b.     The alleged contamination of the Tyger River cannot constitute a trespass to Woodruff.

Woodruff's trespass claim also fails because Woodruff does not sufficiently allege that there has been any invasion of Woodruff's property. Trespass protects only the "rights of *exclusive* possession." *Babb*, 405 S.C. at 141 (emphasis added). Woodruff has no such right in the river water, only a riparian right of reasonable use. *See White v. Whitney Mfg. Co*., 60 S.C. 254, 265,

10

ELECTRONICALLY FILED - 2025 Jul 17 2:47 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

ELECTRONICALLY FILED - 2025 Jul 17 2:47 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

38 S.E. 456, 460 (1901) (holding that although a riparian owner has "an equal right to the use of the water which flows in the stream adjacent to his lands… He has no property in the water itself, but a simple usufruct." (quotation omitted)).

Although Woodruff alleges that PFAS have been present on the property it owns, it concedes that this is only as a result of Woodruff's own actions: it occurs only when Woodruff turns on its water pumps. (Compl., ¶ 150.). This does not constitute a trespass under South Carolina law, which requires that the trespass be caused by a defendant's "affirmative act [and that] the invasion of the land must be intentional…" *Snow v. City of Columbia*, 305 S.C. 544, 553, 409 S.E.2d 797, 802 (Ct. App. 1991). An act is only "intentional" if it "is done with knowledge that it will to a substantial certainty result in the entry of the foreign matter" on the plaintiff's land. *Sales v. S.C. Dep't of Transportation*, No. 2014-000582, 2016 WL 3607225, at \*2 (S.C. Ct. App. June 30, 2016) (quoting Restatement (Second) of Torts § 158 cmt. i (1965)). There can be no such certainty that any PFAS will enter Woodruff's property when that does not occur absent Woodruff's intervening acts. Likewise, there is no trespass because Woodruff's instrumental role prevents the presence of PFAS there from being "unauthorized." *See Ravan v. Greenville Cnty.*, 315 S.C. 447, 464, 434 S.E.2d 296, 306 (Ct. App. 1993) ("The essence of trespass is the unauthorized entry onto the land of another.").

Multiple courts have recently found that a drinking water utility has no cause of action for trespass where it voluntarily draws PFAS contaminated water from a river. *See Utilities Bd. of Tuskegee v. 3M Co., Inc.*, No. 2:22-cv-420-WKW, 2023 WL 1870912, at \*16 (M.D. Ala. Feb. 9, 2023) ("As alleged, the facts here do not sound in trespass because, unlike other indirect trespasses, Defendants' PFAS did not cross onto [plaintiff's] boundary line by a natural process."); *see also*

ELECTRONICALLY FILED - 2025 Jul 17 2:47 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

*W. Morgan-E. Lawrence Water & Sewer Auth. v. 3M Co.*, 208 F. Supp. 3d 1227, 1235 (N.D. Ala. 2016). This result is required here as well.

### 4. *Woodruff Has Failed to State a Claim for Negligence Against WMSC.*

#### a. <u>WMSC Owes No Duty to Woodruff.</u>

It is well-settled under South Carolina law that "[a]n essential element in a cause of action for negligence is the existence of a legal duty of care owed by the defendant to the plaintiff." *Huggins v. Citibank, N.A.*, 355 S.C. 329, 332, 585 S.E.2d 275, 276 (2003). There can be no negligence liability unless the parties "have a relationship recognized by law as providing the foundation for a duty to prevent an injury." *McCullough v. Goodrich & Pennington Mortg. Fund, Inc.*, 373 S.C. 43, 47, 644 S.E.2d 43, 46 (2007). Such a duty "may be created by statute, a contractual relationship, status, property interest, or some other special circumstance." *Madison ex rel. Bryant v. Babcock Ctr., Inc.*, 371 S.C. 123, 136, 638 S.E.2d 650, 656-57 (2006). But foreseeability of the alleged injury alone does not give rise to a duty absent such a relationship. *See Charleston Dry Cleaners & Laundry, Inc. v. Zurich Am. Ins. Co.*, 355 S.C. 614, 618, 586 S.E.2d 586, 588 (2003).

Woodruff does not allege any facts that suggest any relationship between WMSC and Woodruff sufficient to establish a duty. Woodruff does not allege that it and WMSC have any contractual, business, or other relationship of any kind on which a duty could be found.

With respect to duty, the Complaint asserts only that all of the "Discharger Defendants have a duty to use care in the handling, use and disposal of products containing or degrading to [PFAS] to avoid causing an unreasonable risk of harm to others." (Compl. ¶ 157.). But South Carolina does not impose such a broad and general duty. Specifically, "there is no general duty to control the conduct of another or to warn a third person or potential victim of danger." *Madison ex rel. Bryant v. Babcock Ctr., Inc.*, 371 S.C. 123, 136, 638 S.E.2d 650, 656 (2006). Furthermore,

12

ELECTRONICALLY FILED - 2025 Jul 17 2:47 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

"one who has no control owes no duty." *Miller v. City of Camden*, 329 S.C. 310, 314, 494 S.E.2d 813, 815 (1997). Accordingly, in delivering its wastewater to Lyman, WMSC had no duty to ensure that Lyman treated the wastewater in a way that did not risk harm to third-parties and thus owed no duty to Woodruff. *See, e.g., Oulla v. Velazques*, 427 S.C. 428, 444, 831 S.E.2d 450, 458 (Ct. App. 2019) (finding that sod manufacturer that placed sod on truck which subsequently fell and injured motorist did not owe a duty to motorist to ensure that the sod was properly secured).

      b.      <u>Woodruff has not alleged a type of damages that are recoverable under a negligence theory.</u>

Woodruff's negligence claim also fails because Woodruff alleges no facts that would establish the damages element of such a claim, which "requires a plaintiff to establish physical injury or property damage." *Babb*, 405 S.C. at 153. As explained above, Woodruff does not own the water in the Tyger River, but merely has a conditional right to use it. *See Whitney Mfg. Co.*, 60 S.C. at 265. The Complaint reveals that Woodruff's alleged damages are only (contingent) losses in property *value* and (potential) operating cost increases in the future. Such damages are not "physical injury or property damage" recoverable in negligence. *See Gray v. S. Facilities, Inc.*, 256 S.C. 558, 183 S.E.2d 438 (1971) (finding that property owner could not recover for diminution of the value of his property resulting from oil fire in adjacent river that did not cause physical damage to his property). As explained above, Woodruff makes no specific allegation of physical damage to any particular property, and property damage is not a reasonable inference from the water contamination allegations on which Woodruff's claims are based. Thus, Woodruff's negligence claim fails as a matter of law and should be dismissed.

### III.    <u>CONCLUSION</u>

For all of the foregoing reasons, WMSC's Motion to Dismiss should be granted, and all of the claims that Woodruff has asserted against WMSC should be dismissed.

13

Respectfully submitted,

*/s/ G. Wade Leach, III*
G. Wade Leach, III (S.C. Bar No. 104841)
BURR & FORMAN LLP
1221 Main Street, Suite 1800 (29201)
P.O. Box 11390
Columbia, South Carolina 29211
Telephone: (803) 799-9800
Facsimile: (803) 753-3278
E-mail: wleach@burr.com

Rik S. Tozzi (PHV Admission to be filed)
Ryan J. Hebson (PHV Admission to be filed)
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
E-mail: rtozzi@burr.com
E-mail: rhebson@burr.com

Counsel for Defendant WASTE MANAGEMENT
OF SOUTH CAROLINA, INC.

July 17, 2025
Columbia, South Carolina

ELECTRONICALLY FILED - 2025 Jul 17 2:47 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

ELECTRONICALLY FILED - 2025 Jul 17 2:47 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

| | |
|---|---|
| STATE OF SOUTH CAROLINA | ) IN THE COURT OF COMMON PLEAS |
| | ) |
| COUNTY OF SPARTANBURG | ) SEVENTH JUDICIAL CIRCUIT |
| | ) |
| | ) |
| WOODRUFF-ROEBUCK WATER DISTRICT, | ) C.A. No.:  2024-CP-42-02480 |
| | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| AFL TELECOMMUNICATIONS, LLC; AGC CHEMICALS AMERICAS, INC.; ARKEMA, INC.; CLARIANT CORPORATION; CORTEVA, INC.; CRYOVAC, INC.; CRYOVAC, LLC; DAIKIN AMERICA, INC.; DUPONT DE NEMOURS, INC.; EIDP, INC.; GTI CHEMICAL SOLUTIONS, INC.; GTI CHEMICAL SOLUTIONS, LLC; HUNTSMAN INTERNATIONAL, LLC; MOCOM COMPOUNDS CORPORATION; PLASTIC OMNIUM AUTO EXTERIORS, LLC; SOLVAY SPECIALTY POLYMERS USA, LLC; SPRINGS INDUSTRIES, LLC; STARCHEM, LLC; THE CHEMOURS COMPANY; TORAY COMPOSITE MATERIALS AMERICA, INC.; AND WASTE MANAGEMENT OF SOUTH CAROLINA, INC., | ) DEFENDANT WASTE MANAGEMENT OF SOUTH CAROLINA, INC.'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |
| | ) |

Defendant Waste Management of South Carolina, Inc. ("WMSC"), by and through its undersigned counsel, and pursuant to Rules 8(a), 12(b)(1), and 12(b)(6) of the South Carolina Rules of Civil Procedure, hereby moves the Court to dismiss all claims asserted against WMSC in the Second Amended Complaint filed by the Plaintiff, Woodruff-Roebuck Water District ("Woodruff"). A separate memorandum of law shall follow separately.

ELECTRONICALLY FILED - 2025 Jul 17 2:47 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

Respectfully submitted,


*/s/ G. Wade Leach, III*
G. Wade Leach, III (S.C. Bar No. 104841)
BURR & FORMAN LLP
1221 Main Street, Suite 1800 (29201)
P.O. Box 11390
Columbia, South Carolina 29211
Telephone: (803) 799-9800
Facsimile: (803) 753-3278
E-mail: wleach@burr.com

Rik S. Tozzi (PHV Admission to be filed)
Ryan J. Hebson (PHV Admission to be filed)
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
E-mail: rtozzi@burr.com
E-mail: rhebson@burr.com


Counsel for Defendant WASTE MANAGEMENT OF SOUTH CAROLINA, INC.

July 17, 2025
Columbia, South Carolina

2

ELECTRONICALLY FILED - 2025 Jul 18 10:43 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

| | | |
|---|---|---|
| **STATE OF SOUTH CAROLINA** | ) | **IN THE COURT OF COMMON PLEAS** |
| | ) | |
| **COUNTY OF SPARTANBURG** | ) | **SEVENTH JUDICIAL CIRCUIT** |
| | ) | |
| IN RE: | ) | |
| PFAS LITIGATION COORDINATED | ) | |
| DOCKET | ) | |
| | ) | |
| WOODRUFF-ROEBUCK WATER | ) | C.A. No.: 2024-CP-42-02480 |
| DISTRICT, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AFL TELECOMMUNICATIONS, LLC; AGC | ) | **DEFENDANT MOCOM COMPOUNDS** |
| CHEMICALS AMERICAS, INC.; ARKEMA, | ) | **CORPORATION'S ANSWER TO** |
| INC.; CLARIANT CORPORATION; | ) | **SECOND COMPLAINT** |
| CORTEVA, INC.; CRYOVAC, INC.; | ) | |
| CRYOVAC, LLC; DAIKIN AMERICA, | ) | |
| INC.; DUPONT SE NEMOURS, INC.; EIDP, | ) | |
| INC.; GTI CHEMICAL SOLUTIONS, INC.; | ) | |
| GTI CHEMICAL SOLUTIONS, LLC; | ) | |
| HUNTSMAN INTERNATIONAL, LLC; | ) | |
| MOCOM COMPOUNDS CORPORATION; | ) | |
| PLASTIC OMNIUM AUTO EXTERIORS, | ) | |
| LLC; SOLVAY SPECIALTY POLYMERS | ) | |
| USA, LLC; SPRINGS INDUSTRIES, LLC.; | ) | |
| STARCHEM, LLC; THE CHEMOURS | ) | |
| COMPANY; TORAY COMPOSITE | ) | |
| MATERIALS AMERICA, INC.; and WASTE | ) | |
| MANAGEMENT OF SOUTH CAROLINA, | ) | |
| INC., | ) | |
| | ) | |
| *Defendants*. | ) | |
| | ) | |

Defendant MOCOM Compounds Corporation ("MOCOM") hereby submits its Answer to Plaintiff's Second Complaint ("Complaint").

## FIRST DEFENSE

Plaintiff's complaint fails to state a claim upon which relief can be granted, entitling defendant to dismissal of the complaint pursuant to S.C. R. Civ. P. 12(b)(6).

PPAB 12596507v1

ELECTRONICALLY FILED - 2025 Jul 18 10:43 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

## SECOND DEFENSE

Each and every allegation of plaintiff's complaint that is not hereinafter expressly admitted, modified, qualified, or explained, including without limitation in the introductory paragraph of the complaint and the prayer for relief, is denied and strict proof thereof is demanded.

## STATEMENT OF THE CASE

1.      MOCOM denies all allegations in Paragraph 1 of the Complaint that relate to MOCOM or purport to allege liability against MOCOM.  MOCOM denies the remaining allegations in Paragraph 1 of the Complaint.

2.      MOCOM denies all allegations in Paragraph 2 of the Complaint that relate to MOCOM or purport to allege liability against MOCOM.  MOCOM denies the remaining allegations in Paragraph 2 of the Complaint.

3.      MOCOM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint, and therefore the allegations are denied.

4.      MOCOM admits it owns and operates a manufacturing plant in Duncan, South Carolina, that discharges wastewater to the Town of Lyman wastewater treatment plant ("WWTP") pursuant to a valid discharge permit.  MOCOM admits that at times it uses or used a product with ingredients containing CAS No. 9002-84-0.   MOCOM denies on information and belief that the chemicals set forth in Paragraph 4 of the Complaint are discharged from MOCOM's plant.  MOCOM notes that the allegations set forth in Paragraph 4 of the Complaint are vague and undefined and MOCOM is without sufficient information to answer the remaining allegations in this paragraph and therefore denies the same as to it.  The remaining allegations of Paragraph 4 of the Complaint are denied.  Except as expressly admitted, the allegations of Paragraph 5 of the Complaint are denied.

2

ELECTRONICALLY FILED - 2025 Jul 18 10:43 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

5.      MOCOM denies the allegations in the first Paragraph 5 of the Complaint as they relate to its discharge of wastewater and wastewater treatment.  The remaining allegations of Paragraph 5 of the Complaint are conclusions of law to which no response is required.  Except as expressly admitted, the allegations of Paragraph 5 of the Complaint are denied.

6.      MOCOM denies the allegations in first Paragraph 6 of the Complaint as they relate to PFAS.  MOCOM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6 of the Complaint, and therefore the allegations are denied.

7.      The allegations of the first Paragraph 7 of the Complaint are conclusions of law to which no response is required.  Except as expressly admitted, the allegations of Paragraph 7 are denied.

## DISCLAIMER

8.      The allegations of the first Paragraph 8 do not pertain to MOCOM, therefore no response from MOCOM is required.  To the extent a response is deemed to be required, MOCOM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 8 of the Complaint, and therefore the allegations are denied.

9.      The allegations of the first Paragraph 9 of the Complaint are conclusions of law to which no response is required.  Except as expressly admitted, the allegations of Paragraph 9 of the Complaint are denied.

## JURISDICTION AND VENUE[1]

10.     The allegations of the second Paragraph 5 of the Complaint are conclusions of law to which no response is required.  Except as expressly admitted, the allegations of the second Paragraph 5 of the Complaint are denied.

---

[1] Beginning in this section of the Complaint, the paragraph numbers restart at 5.  MOCOM's Answer will follow the paragraph numbers as they should be identified numerically.

3

PPAB 12596507v1

ELECTRONICALLY FILED - 2025 Jul 18 10:43 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

11. The allegations of the second Paragraph 6 of the Complaint are conclusions of law to which no response is required. Except as expressly admitted, the allegations of the second Paragraph 6 of the Complaint are denied.

12. The allegations of the second Paragraph 7 of the Complaint are conclusions of law to which no response is required. Except as expressly admitted, the allegations of the second Paragraph 7 of the Complaint are denied.

**PARTIES**

13. MOCOM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second Paragraph 8 of the Complaint, and therefore the allegations are denied.

14. MOCOM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second Paragraph 9 of the Complaint, and therefore the allegations are denied.

15. MOCOM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint, and therefore the allegations are denied.

16. MOCOM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint, and therefore the allegations are denied.

17. MOCOM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint, and therefore the allegations are denied.

PPAB 12596507v1

18.    MOCOM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint, and therefore the allegations are denied.

19.    MOCOM admits it is a Texas corporation authorized to do business in South Carolina.  MOCOM further admits it maintains an industrial facility located at 1720 E. Main Street, Duncan, South Carolina 29334.  Except as expressly admitted, the remaining allegations of Paragraph 14 of the Complaint are denied.

20.    MOCOM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint, and therefore the allegations are denied.

21.    MOCOM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint, and therefore the allegations are denied.

22.    MOCOM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint, and therefore the allegations are denied.

23.    MOCOM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint, and therefore the allegations are denied.

24.    MOCOM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint, and therefore the allegations are denied.

PPAB 12596507v1

ELECTRONICALLY FILED - 2025 Jul 18 10:43 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

ELECTRONICALLY FILED - 2025 Jul 18 10:43 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

25.     MOCOM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint, and therefore the allegations are denied.

26.     MOCOM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint, and therefore the allegations are denied.

27.     MOCOM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint, and therefore the allegations are denied.

28.     MOCOM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint, and therefore the allegations are denied.

29.     MOCOM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint, and therefore the allegations are denied.

30.     MOCOM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint, and therefore the allegations are denied.

31.     MOCOM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint, and therefore the allegations are denied.

PPAB 12596507v1

ELECTRONICALLY FILED - 2025 Jul 18 10:43 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

32.     MOCOM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint, and therefore the allegations are denied.

## FACTUAL ALLEGATIONS

33.     MOCOM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint, and therefore the allegations are denied.

34.     MOCOM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint, and therefore the allegations are denied.

35.     MOCOM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint, and therefore the allegations are denied.

36.     MOCOM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint, and therefore the allegations are denied.

37.     MOCOM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint, and therefore the allegations are denied.

38.     MOCOM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint, and therefore the allegations are denied.

PPAB 12596507v1

ELECTRONICALLY FILED - 2025 Jul 18 10:43 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

39.     MOCOM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint, and therefore the allegations are denied.

40.     MOCOM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint, and therefore the allegations are denied.

41.     MOCOM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint, and therefore the allegations are denied.

42.     MOCOM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint, and therefore the allegations are denied.

43.     MOCOM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint, and therefore the allegations are denied.

44.     MOCOM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint, and therefore the allegations are denied.

45.     MOCOM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint, and therefore the allegations are denied.

ELECTRONICALLY FILED - 2025 Jul 18 10:43 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

46.    MOCOM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint, and therefore the allegations are denied.

47.    MOCOM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint, and therefore the allegations are denied.

48.    MOCOM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint, and therefore the allegations are denied.

49.    MOCOM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint, and therefore the allegations are denied.

50.    MOCOM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the Complaint, and therefore the allegations are denied.

51.    MOCOM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Complaint, and therefore the allegations are denied.

52.    MOCOM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the Complaint, and therefore the allegations are denied.

PPAB 12596507v1

ELECTRONICALLY FILED - 2025 Jul 18 10:43 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

53.     MOCOM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Complaint, and therefore the allegations are denied.

54.     MOCOM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Complaint, and therefore the allegations are denied.

55.     MOCOM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the Complaint, and therefore the allegations are denied.

56.     MOCOM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of the Complaint, and therefore the allegations are denied.

57.     MOCOM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of the Complaint, and therefore the allegations are denied.

58.     MOCOM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of the Complaint, and therefore the allegations are denied.

59.     MOCOM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of the Complaint, and therefore the allegations are denied.

PPAB 12596507v1

ELECTRONICALLY FILED - 2025 Jul 18 10:43 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

60.    MOCOM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of the Complaint, and therefore the allegations are denied.

61.    MOCOM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of the Complaint, and therefore the allegations are denied.

62.    MOCOM admits it owns and operates a manufacturing plant in Spartanburg County.  MOCOM further admits its plant generates industrial wastewater that it discharges to the Town of Lyman WWTP.  MOCOM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 58 of the Complaint, and therefore the allegations are denied.

63.    MOCOM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of the Complaint, and therefore the allegations are denied.

64.    MOCOM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the Complaint, and therefore the allegations are denied.

65.    MOCOM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of the Complaint, and therefore the allegations are denied.

66.    MOCOM denies the allegations in Paragraph 62 of the Complaint as they related to MOCOM.  MOCOM lacks knowledge or information sufficient to form a belief as to the truth

11

ELECTRONICALLY FILED - 2025 Jul 18 10:43 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

of the remaining allegations contained in Paragraph 62 of the Complaint, and therefore the allegations are denied.

67.    MOCOM denies the allegations in Paragraph 63 of the Complaint as they related to MOCOM.  MOCOM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 63 of the Complaint, and therefore the allegations are denied.

68.    MOCOM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of the Complaint, and therefore the allegations are denied.

69.    MOCOM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 of the Complaint, and therefore the allegations are denied.

70.    Mocom lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 of the Complaint, and therefore the allegations are denied.  The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Mocom lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

71.    Mocom lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 of the Complaint, and therefore the allegations are denied.  The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Mocom lacks sufficient knowledge

12

ELECTRONICALLY FILED - 2025 Jul 18 10:43 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

72.     Mocom lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 of the Complaint, and therefore the allegations are denied. The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Mocom lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

73.     Mocom lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of the Complaint, and therefore the allegations are denied. The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Mocom lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

74.     Mocom denies the allegations in Paragraph 70 of the Complaint as they relate to Mocom. Mocom lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 70 of the Complaint, and therefore the allegations are denied. The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Mocom lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

75.     Mocom denies the allegations in Paragraph 71 of the Complaint as they relate to Mocom. Mocom lacks knowledge or information sufficient to form a belief as to the truth of the

13

PPAB 12596507v1

remaining allegations contained in Paragraph 71 of the Complaint, and therefore the allegations are denied. The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Mocom lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

76.     Mocom denies the allegations in Paragraph 72 of the Complaint as they relate to Mocom. The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Mocom lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

77.     Mocom lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 of the Complaint, and therefore the allegations are denied.

78.     Mocom denies the allegations in Paragraph 74 of the Complaint as they relate to Mocom. The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Mocom lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

79.     Mocom lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 of the Complaint, and therefore the allegations are denied.

PPAB 12596507v1

ELECTRONICALLY FILED - 2025 Jul 18 10:43 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

ELECTRONICALLY FILED - 2025 Jul 18 10:43 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

80.     Mocom lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 of the Complaint, and therefore the allegations are denied.

81.     Mocom lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 of the Complaint, and therefore the allegations are denied.

82.     Mocom lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 of the Complaint, and therefore the allegations are denied.

83.     Mocom lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 of the Complaint, and therefore the allegations are denied.

84.     Mocom lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 of the Complaint, and therefore the allegations are denied.

85.     Mocom lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 of the Complaint, and therefore the allegations are denied.

86.     Mocom lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 of the Complaint, and therefore the allegations are denied.

PPAB 12596507v1

ELECTRONICALLY FILED - 2025 Jul 18 10:43 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

87.     Mocom lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 of the Complaint, and therefore the allegations are denied.

88.     Mocom lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84 of the Complaint, and therefore the allegations are denied.

89.     Mocom lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 of the Complaint, and therefore the allegations are denied.

90.     Mocom lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 of the Complaint, and therefore the allegations are denied.

91.     Mocom lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 of the Complaint, and therefore the allegations are denied.

92.     Mocom lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 of the Complaint, and therefore the allegations are denied.

93.     Mocom lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 of the Complaint, and therefore the allegations are denied.

PPAB 12596507v1

ELECTRONICALLY FILED - 2025 Jul 18 10:43 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

94.    Mocom lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 of the Complaint, and therefore the allegations are denied.

95.    Mocom lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 of the Complaint, and therefore the allegations are denied.

96.    Mocom lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 of the Complaint, and therefore the allegations are denied.

97.    Mocom lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93, including subparts 93(a)-(h), of the Complaint, and therefore the allegations are denied.

98.    Mocom lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94 of the Complaint, and therefore the allegations are denied.

99.    Mocom lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 of the Complaint, and therefore the allegations are denied.

100.    Mocom lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96 of the Complaint, and therefore the allegations are denied.

PPAB 12596507v1

ELECTRONICALLY FILED - 2025 Jul 18 10:43 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

101.     Mocom lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97 of the Complaint, and therefore the allegations are denied.

102.     Mocom lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 of the Complaint, and therefore the allegations are denied.

103.     Mocom lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99 of the Complaint, and therefore the allegations are denied.

104.     Mocom lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 of the Complaint, and therefore the allegations are denied.

105.     Mocom lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101 of the Complaint, and therefore the allegations are denied.

106.     Mocom lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102 of the Complaint, and therefore the allegations are denied.

107.     Mocom lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103 of the Complaint, and therefore the allegations are denied.

108.     Mocom denies the allegations of Paragraph 104 of the Complaint as they relate to Mocom.  Mocom lacks knowledge or information sufficient to form a belief as to the truth of the

PPAB 12596507v1

ELECTRONICALLY FILED - 2025 Jul 18 10:43 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

remaining allegations contained in Paragraph 104 of the Complaint, and therefore the allegations are denied.

109.     Mocom denies the allegations of Paragraph 105 of the Complaint as they relate to Mocom.  Mocom lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 105 of the Complaint, and therefore the allegations are denied.

110.     Mocom denies the allegations of Paragraph 106 of the Complaint as they relate to Mocom.  Mocom lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 106 of the Complaint, and therefore the allegations are denied.

111.     Mocom lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 107 of the Complaint, and therefore the allegations are denied.

112.     Mocom lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 108 of the Complaint, and therefore the allegations are denied.

113.     Mocom lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 109 of the Complaint, and therefore the allegations are denied.

114.     Mocom lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 110 of the Complaint, and therefore the allegations are denied.

PPAB 12596507v1

ELECTRONICALLY FILED - 2025 Jul 18 10:43 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

115.    Mocom lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 111 of the Complaint, and therefore the allegations are denied.

116.    Mocom lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 112 of the Complaint, and therefore the allegations are denied.

117.    Mocom lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 113 of the Complaint, and therefore the allegations are denied.

118.    Mocom lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 114 of the Complaint, and therefore the allegations are denied.

119.    Mocom lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 115 of the Complaint, and therefore the allegations are denied.

120.    Mocom denies the allegations of Paragraph 116 of the Complaint as they relate to Mocom. Mocom lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 116 of the Complaint, and therefore the allegations are denied.

121.    Mocom denies the allegations of Paragraph 117 of the Complaint as they relate to Mocom. Mocom lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 117 of the Complaint, and therefore the allegations are denied.

PPAB 12596507v1

122.    The allegations of Paragraph 118 of the Complaint are conclusions of law to which no response is required.  Except as expressly admitted, the allegations of Paragraph 118 are denied.

123.    The allegations of Paragraph 119 of the Complaint are conclusions of law to which no response is required.  Except as expressly admitted, the allegations of Paragraph 119 are denied.

124.    Mocom denies the allegations in Paragraph 120 of the Complaint, including subparagraphs 120(a) and (b) as they relate to Mocom.  The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Mocom lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

**FIRST CAUSE OF ACTION**
**Private Nuisance**

125.    MOCOM incorporates its responses to Paragraphs 1- 124 of the Complaint by reference as if fully set forth herein.

126.    MOCOM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 122 of the Complaint, and therefore the allegations are denied.

127.    MOCOM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 123 of the Complaint, and therefore the allegations are denied.

128.    MOCOM denies the allegations in Paragraph 124 of the Complaint as they related to MOCOM.  MOCOM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 124 of the Complaint, and therefore the allegations are denied.

21

PPAB 12596507v1

ELECTRONICALLY FILED - 2025 Jul 18 10:43 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

ELECTRONICALLY FILED - 2025 Jul 18 10:43 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

129.     MOCOM denies the allegations in Paragraph 125 of the Complaint as they related to MOCOM.  MOCOM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 125 of the Complaint, and therefore the allegations are denied.

130.     The allegations of Paragraph 126 of the Complaint are conclusions of law to which no response is required.  Except as expressly admitted, the allegations of Paragraph 126 are denied.

131.     The allegations of Paragraph 127 of the Complaint are conclusions of law to which no response is required.  Except as expressly admitted, the allegations of Paragraph 127 are denied.

132.     The allegations of Paragraph 128 of the Complaint are conclusions of law to which no response is required.  Except as expressly admitted, the allegations of Paragraph 128 are denied.

133.     The allegations of Paragraph 129 of the Complaint are conclusions of law to which no response is required.  Except as expressly admitted, the allegations of Paragraph 129 are denied.

134.     The allegations of Paragraph 130 of the Complaint are conclusions of law to which no response is required.  Except as expressly admitted, the allegations of Paragraph 130 are denied.

135.     MOCOM denies the allegations in Paragraph 131 of the Complaint as they related to MOCOM.  MOCOM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 131 of the Complaint, and therefore the allegations are denied.

136.     The allegations of Paragraph 132 of the Complaint are conclusions of law to which no response is required.  Except as expressly admitted, the allegations of Paragraph 132 are denied.

## SECOND CAUSE OF ACTION
### Public Nuisance

137.     MOCOM incorporates its responses to Paragraphs 1- 136 of the Complaint by reference as if fully set forth herein.

22

ELECTRONICALLY FILED - 2025 Jul 18 10:43 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

138.    MOCOM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 134 of the Complaint, and therefore the allegations are denied.

139.    MOCOM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 135 of the Complaint, and therefore the allegations are denied.

140.    MOCOM denies the allegations in Paragraph 136 of the Complaint as they related to MOCOM.  MOCOM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 136 of the Complaint, and therefore the allegations are denied.

141.    MOCOM denies the allegations in Paragraph 137 of the Complaint as they related to MOCOM.  MOCOM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 137 of the Complaint, and therefore the allegations are denied.

142.    The allegations of Paragraph 138 of the Complaint are conclusions of law to which no response is required.  Except as expressly admitted, the allegations of Paragraph 138 are denied.

143.    The allegations of Paragraph 139 of the Complaint are conclusions of law to which no response is required.  Except as expressly admitted, the allegations of Paragraph 139 are denied.

144.    The allegations of Paragraph 140 of the Complaint are conclusions of law to which no response is required.  Except as expressly admitted, the allegations of Paragraph 140 are denied.

145.    The allegations of Paragraph 141 of the Complaint are conclusions of law to which no response is required.  Except as expressly admitted, the allegations of Paragraph 141 are denied.

PPAB 12596507v1

ELECTRONICALLY FILED - 2025 Jul 18 10:43 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

146.     MOCOM denies the allegations in Paragraph 142 of the Complaint as they related to MOCOM.  MOCOM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 142 of the Complaint, and therefore the allegations are denied.

147.     MOCOM denies the allegations in Paragraph 143 of the Complaint as they related to MOCOM.  MOCOM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 143 of the Complaint, and therefore the allegations are denied.

148.     The allegations of Paragraph 144 of the Complaint are conclusions of law to which no response is required.  Except as expressly admitted, the allegations of Paragraph 144 are denied.

## THIRD CAUSE OF ACTION
### Trespass

149.     MOCOM incorporates its responses to Paragraphs 1- 148 of the Complaint by reference as if fully set forth herein.

150.     MOCOM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 146 of the Complaint, and therefore the allegations are denied.

151.     MOCOM denies the allegations in Paragraph 147, including subparagraphs (a)-(d), of the Complaint as they related to MOCOM.  MOCOM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 147, including subparagraphs (a)-(d), of the Complaint, and therefore the allegations are denied.

152.     MOCOM denies the allegations in Paragraph 148, including subparagraphs (a)-(d), of the Complaint as they related to MOCOM.  MOCOM lacks knowledge or information sufficient

24

ELECTRONICALLY FILED - 2025 Jul 18 10:43 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

to form a belief as to the truth of the remaining allegations contained in Paragraph 148, including subparagraphs (a)-(d), of the Complaint, and therefore the allegations are denied.

153. MOCOM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 149 of the Complaint, and therefore the allegations are denied.

154. MOCOM denies the allegations in Paragraph 150 of the Complaint as they related to MOCOM. MOCOM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 150 of the Complaint, and therefore the allegations are denied.

155. MOCOM denies the allegations in Paragraph 151 of the Complaint as they related to MOCOM. The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied. MOCOM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 151 of the Complaint, and therefore the allegations are denied.

156. MOCOM denies the allegations in Paragraph 152 of the Complaint as they related to MOCOM. The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied. MOCOM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 152 of the Complaint, and therefore the allegations are denied.

157. The allegations of Paragraph 153 of the Complaint are conclusions of law to which no response is required. Except as expressly admitted, the allegations of Paragraph 153 are denied.

158.    The allegations of Paragraph 154 of the Complaint are conclusions of law to which no response is required.  Except as expressly admitted, the allegations of Paragraph 154 are denied.

159.    The allegations of Paragraph 155 of the Complaint are conclusions of law to which no response is required.  Except as expressly admitted, the allegations of Paragraph 155 are denied.

**FOURTH CAUSE OF ACTION**
**Negligence, Gross Negligence and/or Recklessness**

160.    MOCOM incorporates its responses to Paragraphs 1- 159 of the Complaint by reference as if fully set forth herein.

161.    MOCOM denies the allegations in Paragraph 157 of the Complaint as they related to MOCOM.  The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.  MOCOM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 157 of the Complaint, and therefore the allegations are denied.

162.    MOCOM denies the allegations in Paragraph 158 of the Complaint as they related to MOCOM.  MOCOM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 158 of the Complaint, and therefore the allegations are denied.

163.    The allegations of Paragraph 159 of the Complaint are conclusions of law to which no response is required.  Except as expressly admitted, the allegations of Paragraph 159 are denied.

164.    The allegations of Paragraph 160 of the Complaint are conclusions of law to which no response is required.  Except as expressly admitted, the allegations of Paragraph 160 are denied.

26

ELECTRONICALLY FILED - 2025 Jul 18 10:43 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

ELECTRONICALLY FILED - 2025 Jul 18 10:43 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

165.     MOCOM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 161 of the Complaint, and therefore the allegations are denied.

166.     MOCOM denies the allegations in Paragraph 162 of the Complaint as they related to MOCOM.  The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.  MOCOM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 162 of the Complaint, and therefore the allegations are denied.

167.     The allegations of Paragraph 163 of the Complaint are conclusions of law to which no response is required.  Except as expressly admitted, the allegations of Paragraph 163 are denied.

168.     The allegations of Paragraph 164 of the Complaint are conclusions of law to which no response is required.  Except as expressly admitted, the allegations of Paragraph 164 are denied.

**FIFTH CAUSE OF ACTION**
**Strict Products Liability- Failure to Warm**
**(Supplier Defendants)**

169.     Mocom incorporates its responses to Paragraphs 1-168 of the Complaint by reference as if fully set forth herein.

170.     Mocom lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 166 of the Complaint, and therefore the allegations are denied.  Mocom lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

PPAB 12596507v1

171. Mocom lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 167 of the Complaint, and therefore the allegations are denied. The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Mocom lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

172. Mocom lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 168 of the Complaint, and therefore the allegations are denied. Mocom lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

173. Mocom lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 169 of the Complaint, and therefore the allegations are denied. Mocom lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

174. Mocom lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 170 of the Complaint, and therefore the allegations are denied. The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Mocom lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

ELECTRONICALLY FILED - 2025 Jul 18 10:43 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

PPAB 12596507v1

ELECTRONICALLY FILED - 2025 Jul 18 10:43 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

175.     Mocom lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 171 of the Complaint, and therefore the allegations are denied.  The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Mocom lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

176.     The allegations in Paragraph 172 contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Mocom lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

177.     The allegations in Paragraph 173 contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Mocom lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

178.     The allegations in Paragraph 174 contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Mocom lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

**SIXTH CAUSE OF ACTION**
**Strict Products Liability- Failure to Ultrahazardous Activity**
**(Supplier Defendants)**

179.     Mocom incorporates its responses to Paragraphs 1-178 of the Complaint by reference as if fully set forth herein.

PPAB 12596507v1

ELECTRONICALLY FILED - 2025 Jul 18 10:43 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

180.     Mocom lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 176 of the Complaint, and therefore the allegations are denied.

181.     Mocom lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 177 of the Complaint, and therefore the allegations are denied.  Mocom lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

182.     Mocom lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 178 of the Complaint, and therefore the allegations are denied.  Mocom lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

183.     Mocom lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 179 of the Complaint, and therefore the allegations are denied.  Mocom lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

184.     Mocom lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 180 of the Complaint, and therefore the allegations are denied.  Mocom lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

30

ELECTRONICALLY FILED - 2025 Jul 18 10:43 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

185.     Mocom lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 181 of the Complaint, and therefore the allegations are denied.  Mocom lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

186.     Mocom lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 182 of the Complaint, and therefore the allegations are denied.  Mocom lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

187.     The allegations in Paragraph 183 contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Mocom lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

188.     The allegations in Paragraph 184 contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Mocom lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

189.     The allegations in Paragraph 185 contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Mocom lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

31

ELECTRONICALLY FILED - 2025 Jul 18 10:43 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

## SEVENTH CAUSE OF ACTION
### Strict Products Liability- Design Defect
### (Supplier Defendants)

190.    Mocom incorporates its responses to Paragraphs 1-189 of the Complaint by reference as if fully set forth herein.

191.    Mocom lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 187 of the Complaint, and therefore the allegations are denied.

192.    Mocom lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 188 of the Complaint, and therefore the allegations are denied.  Mocom lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

193.    Mocom lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 189 of the Complaint, and therefore the allegations are denied.  Mocom lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

194.    Mocom lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 190 of the Complaint, and therefore the allegations are denied.  The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Mocom lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

32

195.    Mocom lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 191 of the Complaint, and therefore the allegations are denied.  Mocom lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

196.    Mocom lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 192 of the Complaint, including subparts 192(a)-(e), and therefore the allegations are denied.  The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Mocom lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

197.    The allegations in Paragraph 193 contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Mocom lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

198.    The allegations in Paragraph 194 contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Mocom lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

199.    The allegations in Paragraph 195 contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Mocom lacks

33

ELECTRONICALLY FILED - 2025 Jul 18 10:43 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

ELECTRONICALLY FILED - 2025 Jul 18 10:43 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

200. The allegations in Paragraph 196 contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Mocom lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

201. The allegations in Paragraph 197 contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Mocom lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

202. The allegations in Paragraph 198 contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Mocom lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

**EIGHTH CAUSE OF ACTION**
**Breach of Implied Warranties**
**(Supplier Defendants)**

203. Mocom incorporates its responses to Paragraphs 1-202 of the Complaint by reference as if fully set forth herein.

204. Mocom lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 200 of the Complaint, and therefore the allegations are denied. Mocom lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

34

ELECTRONICALLY FILED - 2025 Jul 18 10:43 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

205.    Mocom lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 201 of the Complaint, and therefore the allegations are denied.  Mocom lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

206.    Mocom lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 202 of the Complaint, and therefore the allegations are denied.  Mocom lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

207.    Mocom lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 203 of the Complaint, and therefore the allegations are denied.  Mocom lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

208.    The allegations in Paragraph 204 contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Mocom lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

209.    The allegations in Paragraph 205 contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Mocom lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

PPAB 12596507v1

ELECTRONICALLY FILED - 2025 Jul 18 10:43 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

**PRAYER FOR RELIEF**

Responding to the unnumbered paragraph beginning with WHEREFORE, MOCOM denied Plaintiff is entitled to the relief sought therein, including subparts (a)-(e).

**AFFIRMATIVE DEFENSES**
**For a Third Defense**
**(License)**

MOCOM's actions have at all times been pursuant to express permits and directives of various state and federal regulatory agencies with which MOCOM has been compliant. Accordingly, MOCOM pleads license as an affirmative defense to Plaintiff's claims.

**For a Fourth Defense**
**(Failure to State a Cause of Action)**

Plaintiff has failed to state facts sufficient to constitute a cause of action and the Complaint should be dismissed pursuant to Rule 12(b)(6) of the South Carolina Rules of Civil Procedure.

**For a Fifth Defense**
**(Ripeness)**

Plaintiff's claims are not ripe for adjudication and should be dismissed for presenting a contingent, hypothetical, or abstract dispute. Plaintiff alleges that it will be required to incur costs at some future date if the United States Environmental Protection Agency requires plaintiff to upgrade its systems to treat PFAS. Until these costs are incurred, Plaintiff cannot recover. Plaintiff's claims are premature to the extent that neither the State nor the Environmental Protection Agency has set final water quality standards, maximum contaminant levels, acceptable soil cleanup levels, or other regulatory standards that are necessary to evaluate whether natural resources have been injured.

PPAB 12596507v1

ELECTRONICALLY FILED - 2025 Jul 18 10:43 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

**For a Sixth Defense**
**(Lack of Standing)**

Plaintiff also lacks standing to assert, in whole or in part, under the United States Constitution, the Constitution of South Carolina, state and federal statutes and common law to bring the claims set forth in the Complaint.

Plaintiff lacks standing to bring the claims set forth in the Complaint under both the public trust doctrine and *parens patriae* doctrine, because:  (1) the property claimed to be affected is not held in the public trust and/or is not subject to the *parens patriae* doctrine; and (2) Plaintiff does not have exclusive jurisdiction over the resources at issue, or only has partial jurisdiction over such resources and has failed to join other necessary trustees in this action.

Plaintiff lacks standing to bring an action for trespass because Plaintiff has no ownership over and is not entitled to exclusive possession of various property and water bodies referenced in the Complaint, and because Plaintiff cannot establish unreasonable or substantial damage to the resource.

**For a Seventh Defense**
**(No Cognizable Injury)**

Plaintiff has not demonstrated or pled a legally cognizable injury in the Complaint that is capable of redress.

**For an Eighth Defense**
**(Speculative Damages)**

Plaintiff's claims for alleged injuries and damages are barred, in whole or in part, because the claims for damages are speculative and conjectural.

37

ELECTRONICALLY FILED - 2025 Jul 18 10:43 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

**For a Ninth Defense**
**(Statute of Limitations/Repose)**

Plaintiff's claims are barred, in whole or in part, by the applicable statues of limitations or repose.

**For a Tenth Defense**
**(Failure to Name an Indispensable Party)**

Plaintiff has failed to name all necessary and indispensable parties in its action.

**For an Eleventh Defense**
**(No Duty)**

Plaintiff's claims are barred, in whole or in part, because MOCOM does not owe a legal duty to Plaintiff or, if it owed such a duty, did not breach and/or fully discharged that duty.

**For a Twelfth Defense**
**(Exercise of Due Care)**

Plaintiff's claims are barred, in whole or in part, because, at all relevant times, MOCOM exercised due care with respect to its activities and took reasonable precautions against foreseeable acts or omissions of others.

**For a Thirteenth Defense**
**(No Proximate Cause)**

Plaintiff's claims are barred, in whole or in part, because none of the alleged acts or omissions of MOCOM proximately caused the purported injuries and damages allegedly sustained by Plaintiff.

**For a Fourteenth Defense**
**(Intervening Acts)**

Upon information and belief, Plaintiff's injuries, damages, or losses, if any, were directly and proximately caused by the intervening acts, superseding acts, and conduct of others, including Plaintiff, over which MOCOM had no control, thereby precluding any recovery against MOCOM.

38

ELECTRONICALLY FILED - 2025 Jul 18 10:43 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

**For a Fifteenth Defense**
**(Comparative Fault)**

Even assuming MOCOM was negligent, careless, or reckless in any respect, and that any such conduct on its part operated as a proximate cause of Plaintiff's injuries or damages, all of which are expressly denied, Plaintiff's comparative negligence, carelessness, or recklessness contributed to the cause of Plaintiff's alleged damages. For that reason, MOCOM is not liable to Plaintiff in any sum whatsoever, and/or to the extent that a jury finds Plaintiff at fault for less than fifty percent (50%), Plaintiff's recovery should be reduced by that percentage amount.

**For a Sixteenth Defense**
**(Punitive Damages)**

Plaintiff's claims for punitive damages are violative of both the United States Constitution and the South Carolina Constitution, and Defendants plead that sections 15-32-530 et seq., of the South Carolina Code provide a cap to punitive damages potentially available in this matter.

Plaintiff also fails to state any basis upon which punitive damages are recoverable against Defendants and, accordingly, Plaintiff's prayer for such damages should be dismissed and/or stricken from the claims pursuant to Rule 12(b)(6) and/or Rule 12(f) of the South Carolina Rules of Civil Procedure.

Pursuant to S.C. Code Ann. §15-32-520, any proceeding to determine punitive damages should be bifurcated from any trial to determine liability and compensatory damages.

**For a Seventeenth Defense**
**(Plaintiff's Own Conduct)**

Any damages suffered by Plaintiff, which such damages are expressly denied, are the direct and proximate result of Plaintiff's own conduct, and recovery should be barred or, alternatively, reduced in proportion to the same degree as to Plaintiff's comparative fault.

39

ELECTRONICALLY FILED - 2025 Jul 18 10:43 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

**For an Eighteenth Defense**
**(Failure to Mitigate)**

Plaintiff has failed to mitigate its damages as required by law and such failure bars Plaintiff's recovery, in whole or in part, against MOCOM.

**For a Nineteenth Defense**
**(Set-Off)**

MOCOM is entitled to a set-off and/or credit of any monies or proceeds received by or on behalf of Plaintiff as a result of the claims alleged in the Complaint, regardless of the source of such monies, prior to any dismissal of or judgment in this matter.

**For a Twentieth Defense**
**(Lack of Control)**

Plaintiff's claims are barred, in whole or in part, because MOCOM did not own, operate, or otherwise control the facilities or activities described in the Complaint at the time that PFAS is alleged to have migrated out of those facilities.

**For a Twenty-First Defense**
**(Lack of Traceability)**

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff cannot establish its alleged injuries were caused by exposure to PFAS from any conduct attributable to MOCOM.

**For a Twenty-Second Defense**
**(Lack of Scientific Evidence)**

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff cannot establish that PFAS has been reliably established through scientific means, to be capable of causing Plaintiff's alleged injuries.

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff cannot establish exposure to sufficient concentrations or amount of PFAS, and/or for sufficient duration, which has been reliably established, through scientific means, to be capable of causing alleged injuries.

40

ELECTRONICALLY FILED - 2025 Jul 18 10:43 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

**For a Twenty-Third Defense**
**(Lack of Foreseeability)**

Any damages Plaintiff may have suffered (which are expressly denied) were not reasonably foreseeable by MOCOM at the time of the conduct alleged.

**For a Twenty-Fourth Defense**
**(Unjust Enrichment)**

Plaintiff's claims against MOCOM are barred by the doctrines of unjust enrichment in that Plaintiff seeks to recover costs or damages for construction, operation, and maintenance of public water supply systems after Plaintiff sought and obtained a permit to secure, treat, and distribute public water supplies and for which it received funding from its customers, State, Local and Federal sources, including but not limited to funding to specifically address unexpected contamination in water supplies under the Emergency Response Plans of the Safe Drinking Water Act, 42 U.S.C. 300f to 300j.

**For a Twenty-Fifth Defense**
**(Preemption or Preclusion by State or Federal Law)**

Plaintiff's claims are preempted or otherwise precluded by State and Federal law to the extent Plaintiffs seek recovery of costs or damages for contamination of water supplies, the enforcement of which is vested exclusively in State and Federal agencies pursuant to State and Federal statutes, including but not limited to the Safe Drinking Water Act, 42 U.S.C. 300f to 300j and the South Carolina Hazardous Waste Management Act, S.C. Code Ann. § 44-56-10 et seq.

**For a Twenty-Sixth Defense**
**(State of the Art)**

Plaintiff's claims are barred, in whole or in part, because MOCOM neither knew, nor should have known, that any of the substances to which Plaintiff or Plaintiff's property was allegedly exposed were hazardous or constituted a reasonably foreseeable risk of physical harm

41

PPAB 12596507v1

ELECTRONICALLY FILED - 2025 Jul 18 10:43 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

by virtue of the prevailing state of the medical, scientific, technical, and/or industrial knowledge available to MOCOM at all times relevant to the claims or causes of action asserted by Plaintiff.

Plaintiff's claims are barred, in whole or in part, because the alleged acts or omissions by MOCOM, throughout the relevant and material time period, conformed to the then-existing custom and practice and MOCOM exercised due care and acted in accordance with and/or complied with available technological, medical, scientific and industrial "state-of-the-art" practice and/or applicable laws, regulations, standards and orders.

### For a Twenty-Seventh Defense
### (Separation of Power)

Some or all of Plaintiff's claims are not amenable to judicial resolution because of the primary jurisdiction doctrine. *Texas v. Pacific Railway Co. v. Abilene Cotton Oil Co.*, 204 U.S. 426 (1907). The relief sought is, in whole or in part, within the particular expertise of and is being addressed by federal and state governments, and their relevant agencies, and thus the Court should decline to exercise jurisdiction over these matters pursuant to the doctrine of primary jurisdiction, abstention, and or the doctrine of separation of powers.

### For a Twenty-Eighth Defense
### (Open and Obvious Conditions)

The claims and/or damages alleged in the Complaint are barred, in whole or in part, under the doctrine of open and obvious conditions.

### For a Twenty-Ninth Defense
### (Voluntary Exposure)

The claims and/or damages alleged in the Complaint are barred, in whole or in part, under the doctrine of voluntary exposure.

42

ELECTRONICALLY FILED - 2025 Jul 18 10:43 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

**For a Thirtieth Defense**
**(Coming to the Alleged Nuisance)**

The claims and/or damages alleged in the Complaint are barred, in whole or in part, under the doctrine of coming to the alleged nuisance.

**For a Thirty-First Defense**
**(Assumption of the Risk)**

The claims and/or damages alleged in the Complaint are barred, in whole or in part, under the doctrine of assumption of risk.

**For a Thirty-Second Defense**
**(Election of Remedies)**

Plaintiff's claims are barred, in whole or in part, by the doctrine of election of remedies.

**For a Thirty-Third Defense**
**(Public Necessity)**

Plaintiff's claims are or may be barred, in whole or in part, because of consent, public necessity, private necessity and/or privilege.

**For a Thirty-Fourth Defense**
**(Compliance with Law)**

MOCOM is not responsible or liable for any acts or omissions undertaken by or at the direction of any governmental authority or agency, including without limitation, acts or omissions made in accordance with applicable statutes, regulations, permits and industry standards.

**For a Thirty-Fifth Defense**
**(Equitable Defenses)**

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, res judicata, estoppel, ratification, and unclean hands. Plaintiff's Complaint is barred, in whole or in part, by the doctrines of acquiescence, consent, justification, accord and satisfaction, ratification, settlement or release.

43

PPAB 12596507v1

ELECTRONICALLY FILED - 2025 Jul 18 10:43 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

**For a Thirty-Sixth Defense**
**(CERCLA)**

Plaintiff's alleged claims are preempted or barred by the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601, et seq. and the South Carolina Hazardous Waste Management Action, S.C. Code Ann. 44-56-10 et seq. to the extent such claims include, encompass or relate to environmental conditions or natural resource damages or losses at any past, present or future facilities, sites, properties, locations or other areas listed on the United States Environmental Protection Agency's National Priority List (Superfund sites), or from which discharges or releases of materials have otherwise come to be located emanating from such facilities, sites, properties, locations or areas.

**For a Thirty-Seventh Defense**
**(Failure to Exhaust Administrative Remedies)**

Plaintiff's claims are barred because it failed to exhaust administrative remedies.

**For a Thirty-Eighth Defense**
**(Proportionate Share)**

Plaintiff is not entitled to recover from MOCOM more than MOCOM's fair, equitable and proportionate share, if any, of the costs and damages sought by Plaintiff or to otherwise recover from MOCOM more than the amount of such relief, if any, for which MOCOM is liable.

**For a Thirty-Ninth Defense**
**(Retroactive Application of Law/Ex Post Facto Doctrine)**

Plaintiff's claims are barred, in whole or in part, to the extent they seek to impose retroactive liability.  MOCOM may not be held liable under retroactive theories not requiring proof of fault or causation.

44

PPAB 12596507v1

ELECTRONICALLY FILED - 2025 Jul 18 10:43 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

**For a Fortieth Defense**
**(Adequate Remedy at Law)**

All claims for injunctive relief in Plaintiff's Complaint are barred because Plaintiff has adequate remedies at law, to the extent its claims are provable.

**For a Forty-First Defense**
**(Necessary Expenses)**

Plaintiff's claims are barred to the extent that they seek to recover costs, damages and expenses including, but not limited to, response, assessment, remediation cleanup and/or removal costs that Plaintiff incurred improperly, or that are not related to natural resource restoration or replacement damages.

**For a Forty-Second Defense**
**(Double Recovery)**

The damages sought by Plaintiff, if awarded, should be reduced by any amounts it recovers from any other sources and Plaintiff is barred from any form of double recovery regardless of the nature or source of such recovery.

**For a Forty-Third Defense**
**(40 C.F.R. § 403.5(a)(2))**

Plaintiff's claims are barred, in whole or in part, because MOCOM did not know or have reason to know that its wastewater discharge, alone or in conjunction with a discharge or discharges from other sources, would cause pass through or interference, as contemplated by 40 C.F.R. § 403.5(a)(2).

**For a Forty-Fourth Defense**
**(Municipal Cost Recovery Rule)**

Plaintiff's claims are barred, in whole or in part, by the municipal cost recovery rule or the free public services doctrine. *See United States v. Standard Oil of California*, 332 U.S. 301 (1947).

PPAB 12596507v1

ELECTRONICALLY FILED - 2025 Jul 18 10:43 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

**For a Forty-Fifth Defense**
**(Sophisticated User)**

Plaintiff's claims are barred in whole or in part under the bulk supplier, component part supplier, sophisticated-purchaser, sophisticated-user, sophisticated intermediary and/or knowledgeable-user doctrines or other similar or related doctrines available under applicable law.

**For a Forty-Sixth Defense**
**(Contribution)**

Although MOCOM denies any liability, should MOCOM, or any other party, be found liable for the damages alleged in the Complaint, then the liability and damage should be apportioned among all responsible parties and non-parties pursuant to S.C. Code Ann. § 15-38-10 *et seq*.

**For a Forty-Seventh Defense**
**(Mitigation and/or Avoidance of Damages)**

Plaintiff's claims against MOCOM are barred, in whole or in part, because Plaintiff failed to exercise reasonable diligence in mitigating and/or avoiding any alleged damages.

**For a Forty-Eighth Defense**
**(No Interference)**

Plaintiff's nuisance claims are barred, in whole or in part, because MOCOM did not cause an unreasonable and substantial interference with Plaintiff's enjoyment of its property or with a right common to the general public.

**For a Forty-Ninth Defense**
**(Incorporation)**

MOCOM asserts and incorporates herein any affirmative defenses asserted or otherwise raised by other defendants in this action to Plaintiff's Complaint.

46

**For a Fiftieth Defense**
**(Reservation)**

MOCOM has not completed its investigation of Plaintiff's allegations. MOCOM intends to act as best it can to inform itself of the pertinent facts and circumstances surrounding the allegations contained in Plaintiff's Complaint. Thus, MOCOM hereby gives notice of its intent to assert any further affirmative defenses that MOCOM may learn to be supported by facts and law, including but not limited to, that this action is barred in whole or in any part by any applicable statute, contract, release, covenant, or by the doctrine of laches. MOCOM reserve the right to amend this Answer to assert any such defenses.

**WHEREFORE**, having fully answered the Complaint, MOCOM prays that the Court award it the following relief:

1.      Complaint be dismissed with prejudice;

2.      That MOCOM be awarded its attorneys' fees and costs associated with defending this action;

3.      For a trial by jury on all issues so triable; and

4.      For such other and further relief as the Court may deem just and proper.

PPAB 12596507v1

ELECTRONICALLY FILED - 2025 Jul 18 10:43 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

This 18th day of July, 2025.

/s/ *Kevin A. Dunlap*
Kevin A. Dunlap
SC State Bar No. 13081
Parker Poe Adams & Bernstein LLP
110 East Court Street, Suite 200
Greenville, SC 29601
Telephone: (864) 577-6370
Email: kevindunlap@parkerpoe.com

Steven D. Weber
S.C. State Bar No. 16917
PARKER POE ADAMS & BERNSTEIN LLP
620 South Tryon St., Ste. 800
Charlotte, North Carolina 28202
Tel.: (704) 372-9000
Email: steveweber@parkerpoe.com

*Attorneys for Defendant MOCOM Compounds Corporation*

ELECTRONICALLY FILED - 2025 Jul 18 10:43 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

48

ELECTRONICALLY FILED - 2025 Jul 29 1:21 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

STATE OF SOUTH CAROLINA

COUNTY OF SPARTANBURG

IN RE:
PFAS LITIGATION COORDINATED DOCKET

WOODRUFF-ROEBUCK
WATER DISTRICT,

                    Plaintiff,

vs.

AFL Telecommunications, LLC; AGC Chemicals Americas, Inc.; Arkema, Inc.; Clariant Corporation; Corteva, Inc.; Cryovac, Inc.; Cryovac, LLC; Daikin America, Inc.; DuPont de Nemours, Inc.; EIDP, Inc.; GTI Chemical Solutions, Inc.; GTI Chemical Solutions, LLC; Huntsman International, LLC; MOCOM Compounds Corporation; Plastic Omnium Auto Exteriors, LLC; Sovay Specialty Polymers USA, LLC; Springs Industries, LLC; Starchem, LLC; The Chemours Company; Toray Composite Materials America, Inc.; and Waste Management of South Carolina, Inc.,

                    Defendants.

IN THE COURT OF COMMON PLEAS
SEVENTH JUDICIAL CIRCUIT

Case No. 2024-CP-42-02480

**DEFENDANT SPRINGS INDUSTRIES, LLC'S AMENDED ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

The Defendant, Springs Industries, LLC (hereinafter "Springs"), answering the Second Amended Complaint hereto, respectfully responds as follows:

**FOR A FIRST DEFENSE**

1.     Springs denies each and every allegation of the Complaint not hereinafter specifically admitted.

**FOR A SECOND DEFENSE**
(Specific Responses)

2.     It is admitted that Plaintiff has brought a legal action against the above-mentioned

ELECTRONICALLY FILED - 2025 Jul 29 1:21 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

Defendants. Except as specifically admitted herein, the remainder of the allegations contained in Paragraph 1 are denied.

3. As to Springs, Springs denies the allegations contained in Paragraph 2 of the Plaintiff's Second Amended Complaint and demands strict proof thereof. Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations made against the other defendants in Paragraph 2 of the Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

4. Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

5. The allegations contained in Paragraph 4 are denied.

6. As to Springs, Springs denies the allegations contained in Paragraph 5 of the Plaintiff's Second Amended Complaint and demands strict proof thereof. Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations made against the other defendants in Paragraph 5 of the Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

7. As to Springs, Springs denies the allegations contained in Paragraph 6 of the Plaintiff's Second Amended Complaint and demands strict proof thereof. Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations made against the other defendants in Paragraph 6 of the Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

8. As to Springs, Springs denies the allegations contained in Paragraph 7 of the Plaintiff's Second Amended Complaint and demands strict proof thereof. It is specifically denied that the alleged actions of Springs were intentional, willful, wanton, malicious, oppressive, and/or reckless. Springs

2

17482589

ELECTRONICALLY FILED - 2025 Jul 29 1:21 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

is without knowledge or information sufficient to form a belief as to the truth of the allegations made against the other defendants in Paragraph 7 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

9.     The allegations contained in Paragraph 8 of the Plaintiff's Second Amended Complaint are legal conclusions to which no response is required. To the extent a response is necessary, the allegations are denied.

10.     The allegations contained in Paragraph 9 of the Plaintiff's Second Amended Complaint are legal conclusions to which no response is required. To the extent a response is necessary, the allegations are denied.

11.     The allegations contained in Paragraph 5[1]* of the Plaintiff's Second Amended Complaint are legal conclusions to which no response is required. To the extent a response is necessary, the allegations are denied.

12.     The allegations contained in Paragraph 6* of the Plaintiff's Second Amended Complaint are legal conclusions to which no response is required. To the extent a response is necessary, the allegations are denied.

13.     The allegations contained in Paragraph 7* of the Plaintiff's Second Amended Complaint are legal conclusions to which no response is required. To the extent a response is necessary, the allegations are denied.

14.     Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8* of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

---

[1] The Second amended complaint has inaccurate paragraph numbering, as it numbers the tenth paragraph as five. Thus, all the subsequent numbers are incorrect. In order to avoid confusion, the undersigned will refer to the paragraphs as they have been numbered by plaintiffs but on the second usage of number 5-9, they will be designated with an asterisk.

3

17482589

ELECTRONICALLY FILED - 2025 Jul 29 1:21 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

15.     Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9* of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

16.     Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

17.     Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

18.     Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

19.     It is admitted that M. Lowenstein Corporation operated facilities in Lyman, SC, and that Springs bought M. Lowenstein Corporation in or around 1985. Except as specifically admitted herein, the remainder of the allegations contained in Paragraph 13 are denied.

20.     Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

21.     Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

22.     Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

4

17482589

ELECTRONICALLY FILED - 2025 Jul 29 1:21 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

23.     Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

24.     Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

25.     Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

26.     Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

27.     Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

28.     Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

29.     Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

30.     Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

17482589

ELECTRONICALLY FILED - 2025 Jul 29 1:21 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

31.     Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

32.     Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

33.     Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

34.     Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

35.     Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

36.     Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

37.     Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

38.     Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

17482589

ELECTRONICALLY FILED - 2025 Jul 29 1:21 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

39.     Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

40.     Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

41.     Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

42.     Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

43.     Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

44.     Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

45.     Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

46.     Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

17482589

ELECTRONICALLY FILED - 2025 Jul 29 1:21 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

47.     Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

48.     Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

49.     Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

50.     Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

51.     Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

52.     Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

53.     Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

54.     Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

17482589

ELECTRONICALLY FILED - 2025 Jul 29 1:21 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

55.     Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

56.     Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 50 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

57.     Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

58.     Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 52 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

59.     Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

60.     Springs admits the allegations contained in Paragraph 54 of the Plaintiff's Second Amended Complaint.

61.     Springs admits the allegations of Paragraph 55 of the Plaintiff's Second Amended Complaint.

62.     Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

63.     Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of the Plaintiff's Second Amended Complaint, and

17482589

ELECTRONICALLY FILED - 2025 Jul 29 1:21 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

therefore, the same are denied. The last sentence of Paragraph 57 is denied as to Springs and strict proof thereof is demanded.

64.     As to Springs, Springs denies the allegations contained in Paragraph 58 of the Plaintiff's Second Amended Complaint and demands strict proof thereof. Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations made against the other defendants in Paragraph 58 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

65.     As to Springs, Springs denies the allegations contained in Paragraph 59 of the Plaintiff's Second Amended Complaint and demands strict proof thereof. Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations made against the other defendants in Paragraph 59 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

66.     As to Springs, Springs denies the allegations contained in Paragraph 60 of the Plaintiff's Second Amended Complaint and demands strict proof thereof. Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations made against the other defendants in Paragraph 60 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

67.     As to Springs, Springs denies the allegations contained in Paragraph 61 of the Plaintiff's Second Amended Complaint and demands strict proof thereof. Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations made against the other defendants in Paragraph 61 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

68.     As to Springs, Springs denies the allegations contained in Paragraph 62 of the Plaintiff's Second Amended Complaint and strict proof thereof is demanded.

17482589

ELECTRONICALLY FILED - 2025 Jul 29 1:21 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

69.     The allegations contained in Paragraph 63 are denied and strict proof thereof is demanded.

70.     Springs is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 64 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

71.     The allegations contained in Paragraph 65 are denied and strict proof thereof is demanded.

72.     As to Springs, the allegations contained in Paragraph 66 are denied and strict proof thereof demanded. Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 of the Plaintiff's Second Amended Complaint concerning the other Defendants and therefore, the same are denied and strict proof thereof is demanded.

73.     Springs is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 67 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

74.     Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

75.     Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

76.     Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

11

17482589

ELECTRONICALLY FILED - 2025 Jul 29 1:21 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

77.    Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 71,72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, and 92 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

78.    The allegations of Paragraph 93, including subparts (a) – (h) are denied.

79.    Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 94, 95, 96, 97, 98, of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

80.    As to Springs, the allegations of Paragraph 99 are denied. As to the other defendants, Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

81.    As to Springs, the allegations of Paragraph 100 are denied. As to the other defendants, Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded

82.    As to Springs, the allegations of Paragraph 101 are denied to the extent they allege the Supplier Defendants provided information to Springs concerning the health and environmental impacts of the Supplier Defendants' PFAS-containing products. As to the other defendants, Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded

83.    Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113,

12

17482589

ELECTRONICALLY FILED - 2025 Jul 29 1:21 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

114, and 115 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

84.     The allegations contained in Paragraph 116, of the Plaintiff's Second Amended Complaint are denied.

85.     The allegations contained in Paragraph 117 of the Plaintiff's Second Amended Complaint are denied.

86.     The allegations contained in Paragraph 118 of the Plaintiff's Second Amended Complaint are denied.

87.     The allegations contained in Paragraph 119 of the Plaintiff's Second Amended Complaint are denied.

88.     The allegations contained in Paragraph 120, including subparts (a) and (b), of the Plaintiff's Second Amended Complaint are denied.

### AS TO THE FIRST CAUSE OF ACTION

89.     Responding to Paragraph 121, Springs repeats and re-alleges the allegations contained in the preceding paragraphs as if fully set forth herein.

90.     As to Springs, Springs admits the allegations contained in Paragraph 122 of the Plaintiff's Second Amended Complaint.

91.     Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 123 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

92.     The allegations contained in Paragraph 124 of the Plaintiff's Second Amended Complaint are denied.

93.     The allegations contained in Paragraph 125 of the Plaintiff's Second Amended Complaint are denied.

13

17482589

ELECTRONICALLY FILED - 2025 Jul 29 1:21 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

94.     The allegations contained in Paragraph 126 of the Plaintiff's Second Amended Complaint are denied.

95.     The allegations contained in Paragraph 127 of the Plaintiff's Second Amended Complaint are denied.

96.     The allegations contained in Paragraph 128 of the Plaintiff's Second Amended Complaint are denied.

97.     The allegations contained in Paragraph 129 of the Plaintiff's Second Amended Complaint are denied.

98.     The allegations contained in Paragraph 130 of the Plaintiff's Second Amended Complaint are denied.

99.     The allegations contained in Paragraph 131 of the Plaintiff's Second Amended Complaint are denied.

100.     The allegations contained in Paragraph 132 of the Plaintiff's Second Amended Complaint are denied.

## AS TO THE SECOND CAUSE OF ACTION

101.     Responding to Paragraph 133, Springs repeats and re-alleges the allegations contained in the preceding paragraphs as if fully set forth herein.

102.     As to Springs, Springs admits the allegations contained in Paragraph 134 of the Plaintiff's Second Amended Complaint.

103.     As to Springs, Springs admits the allegations contained in Paragraph 135 of the Plaintiff's Second Amended Complaint.

104.     The allegations contained in Paragraph 136 of the Plaintiff's Second Amended Complaint are denied.

14

17482589

ELECTRONICALLY FILED - 2025 Jul 29 1:21 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

105.    Springs admits Plaintiff's customers have a right to potable water. The remaining allegations contained in Paragraph 137 of the Plaintiff's Second Amended Complaint are denied.

106.    The allegations contained in Paragraph 138 of the Plaintiff's Second Amended Complaint are denied.

107.    The allegations contained in Paragraph 139 of the Plaintiff's Second Amended Complaint are denied.

108.    The allegations contained in Paragraph 140 of the Plaintiff's Second Amended Complaint are denied.

109.    The allegations contained in Paragraph 141 of the Plaintiff's Second Amended Complaint are denied.

110.    The allegations contained in Paragraph 142 of the Plaintiff's Second Amended Complaint are denied.

111.    The allegations contained in Paragraph 143 of the Plaintiff's Second Amended Complaint are denied.

112.    The allegations contained in Paragraph 144 of the Plaintiff's Second Amended Complaint are denied.

<u>**AS TO THE THIRD CAUSE OF ACTION**</u>

113.    Responding to Paragraph 145, Springs repeats and re-alleges the allegations contained in the preceding paragraphs as if fully set forth herein.

114.    Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 146 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

115.    The allegations contained in Paragraph 147, including subparts (a) – (d), of the Plaintiff's Second Amended Complaint are denied.

17482589

ELECTRONICALLY FILED - 2025 Jul 29 1:21 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

116.     Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 148, including subparts (a) – (d) of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

117.     The allegations contained in Paragraph 149 of the Plaintiff's Second Amended Complaint are denied.

118.     As to Springs, the allegations contained in Paragraph 150 of the Plaintiff's Second Amended Complaint are denied.

119.     The allegations contained in Paragraph 151 of the Plaintiff's Second Amended Complaint are denied.

120.     Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 152 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

121.     The allegations contained in Paragraph 153 of the Plaintiff's Second Amended Complaint are denied.

122.     The allegations contained in Paragraph 154 of the Plaintiff's Second Amended Complaint are denied.

123.     The allegations contained in Paragraph 155 of the Plaintiff's Second Amended Complaint are denied.

## AS TO THE FOURTH CAUSE OF ACTION

124.     Responding to Paragraph 156, Springs repeats and re-alleges the allegations contained in the preceding paragraphs as if fully set forth herein.

125.     The allegations contained in Paragraph 157 of the Plaintiff's Second Amended Complaint are denied.

16

17482589

126.     The allegations contained in Paragraph 158 of the Plaintiff's Second Amended Complaint are denied.

127.     The allegations contained in Paragraph 159 of the Plaintiff's Second Amended Complaint are denied.

128.     The allegations contained in Paragraph 160 of the Plaintiff's Second Amended Complaint are denied.

129.     Springs is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 161 of the Plaintiff's Second Amended Complaint, and therefore, the same are denied and strict proof thereof is demanded.

130.     The allegations contained in Paragraph 162 of the Plaintiff's Second Amended Complaint are denied.

131.     The allegations contained in Paragraph 163 of the Plaintiff's Second Amended Complaint are denied.

132.     The allegations contained in Paragraph 164 of the Plaintiff's Second Amended Complaint are denied.

## AS TO THE FIFTH CAUSE OF ACTION

133.     Responding to Paragraph 165, Springs repeats and re-alleges the allegations contained in the preceding paragraphs as if fully set forth herein.

134.     The allegations set forth in Paragraphs 166 through 174 of the Plaintiff's Second Amended Complaint are not directed towards Springs and, therefore, no response is required. To the extent a response is required, Springs denies the same.

## AS TO THE SIXTH CAUSE OF ACTION

135.     Responding to Paragraph 175, Springs repeats and re-alleges the allegations contained in the preceding paragraphs as if fully set forth herein.

17

17482589

ELECTRONICALLY FILED - 2025 Jul 29 1:21 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

ELECTRONICALLY FILED - 2025 Jul 29 1:21 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

136.    The allegations set forth in Paragraphs 176 through 185 of the Plaintiff's Second Amended Complaint are not directed towards Springs and, therefore, no response is required. To the extent a response is required, Springs denes the same.

## AS TO THE SEVENTH CAUSE OF ACTION

137.    Responding to Paragraph 186, Springs repeats and re-alleges the allegations contained in the preceding paragraphs as if fully set forth herein.

138.    The allegations set forth in Paragraphs 187 through 198 of the Plaintiff's Second Amended Complaint are not directed towards Springs and, therefore, no response is required. To the extent a response is required, Springs denies the same.

## AS TO THE EIGHTH CAUSE OF ACTION

139.    Responding to Paragraph 199, Springs repeats and re-alleges the allegations contained in the preceding paragraphs as if fully set forth herein.

140.    The allegations set forth in Paragraphs 200 through 205 of the Plaintiff's Second Amended Complaint are not directed towards Springs and, therefore, no response is required. To the extent a response is required, Springs denies the same.

141.    To the extent a response is required, Springs denies the allegations contained in the "Prayer for Relief" paragraphs (a) through (e) and demands legal proof thereof.

## ANY ALLEGATION NOT EXPRESSLY ADMITTED IS HEREBY DENIED.

## FOR A THIRD DEFENSE
(Rule 12b Insufficiency)

142.    Springs asserts and does not waive any defenses available to them under Rule 12, SCRCP, or otherwise, including, without limitation, lack of jurisdiction, improper venue, insufficient process or service of process, failure to state facts sufficient to constitute a cause of action, failure to join an indispensable party or the existence of another action between these parties.

18

17482589

143. In addition, these defenses are not waived and are specifically reserved, despite any further pleadings of Springs, including any counterclaim, crossclaim, or third-party claim or any assertion or other statements within such pleadings.

## FOR A FOURTH DEFENSE
(Compliance with Licenses, Permits, Certifications and Authorizations)

144. The plants at issue were at all times operated in compliance with licenses, permits, certifications and authorizations from all appropriate authorities including state and federal environmental laws and any local ordinances including but not limited to S.C. Code Ann section 31-24-120.

## FOR A FIFTH DEFENSE
(Failure to State Claim)

145. Plaintiff fails to state a claim against Springs for which relief may be granted.

## FOR A SIXTH DEFENSE
(Laches)

146. Plaintiff unreasonably delayed in asserting its claims causing prejudice to Springs.

## FOR A SEVENTH DEFENSE
(Statute of Limitations/Repose)

147. The claims set forth in the Plaintiff's Second Amended Complaint are barred, in whole or in part, by the applicable statutes of limitation or statutes of repose.

## FOR AN EIGHTH DEFENSE
(Waiver/Estoppel/acquiescence)

148. The claims set forth in the Plaintiff's Second Amended Complaint are barred by the doctrines of waiver, estoppel or acquiescence.

## FOR A NINTH DEFENSE
(Liability/Remedy Limitations)

149. Plaintiff's claims and remedies are limited, restricted, or excluded by the substance of any communication between the parties, including documents and/or oral conversations.

17482589

ELECTRONICALLY FILED - 2025 Jul 29 1:21 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

ELECTRONICALLY FILED - 2025 Jul 29 1:21 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

Further, Spring's liability, if any, may be limited, restricted, or excluded by the rights, responsibilities, and liability of Plaintiff and/or third parties, either by contract, statute, or equity.

## FOR A TENTH DEFENSE
(Failure to Mitigate)

150.     Plaintiff has failed to act reasonably to prevent, mitigate, or otherwise lessen the alleged damages.

## FOR AN ELEVENTH DEFENSE
(Conditions Precedent)

151.     Springs pleads, to the extent Plaintiff claims liability against it in any manner, all conditions precedent to such liability have not been met.

## FOR A TWELFTH DEFENSE
(Reliance)

152.     Springs pleads, to the extent that Plaintiff claims reliance on any action or omission under which it seeks to impose liability on Springs, such reliance did not induce a change in the Plaintiff's position, such reliance was unreasonable and unjustified under the circumstances, Plaintiff has not been prejudiced by such asserted reliance, and/or such asserted reliance was not the proximate cause of any damages sustained by Plaintiff.

## FOR A THIRTEENTH DEFENSE
(Privity)

153.     Plaintiff lacks sufficient privity or other relationship with this Defendant to maintain a claim against it.

## FOR A FOURTEENTH DEFENSE
(Accord & Satisfaction)

154.     All or part of the claims herein have previously been asserted and resolved upon mutual agreement and consideration, including inducements and/or agreements to refrain from action, and such claims are subject to the prior agreement resolving them.

17482589

ELECTRONICALLY FILED - 2025 Jul 29 1:21 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

**FOR A FIFTEENTH DEFENSE**
(Economic Loss Rule)

155.    Plaintiff seeks damages for purely economic losses and therefore Plaintiff's remedies are limited by the Economic Loss Rule, to include the prohibition against tort-based causes of action.

**FOR A SIXTEENTH DEFENSE**
(Proximate Cause)

156.    As a further response to the allegations contained in the Plaintiff's Second Amended Complaint, and without waiving any of the foregoing defenses, Springs does hereby allege and say that negligence of Springs may not have been a proximate cause of the extensive injuries and damages complained of by the Plaintiff, and lack of proximate cause is hereby pled in bar of the Plaintiff's right to recover from Springs.  Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff cannot establish that its alleged injuries were caused by exposure to PFAS from any product(s) attributable to Springs.

**FOR A SEVENTEENTH DEFENSE**
(Third Party Fault)

157.    Springs asserts the claims against it are barred or limited by the contributing, concurring, intervening, or superseding fault, negligence, or breach by persons or entities other than Springs, including Plaintiff, and that any fault or negligence by Springs, the existence of which is denied, was passive and secondary in light of the primary and active fault, negligence, or breach by others, including Plaintiff. Springs asserts such fault, negligence, or breach as a basis for the elimination or reduction of any liability by Springs, the existence of which is denied.

**FOR AN EIGHTEENTH DEFENSE**
(Agency/Authority)

158.    To the extent the Plaintiff's claims rely upon acts or omissions of others to assert claims against Springs, Springs t specifically denies any liability for any acts or omissions of others

21

17482589

ELECTRONICALLY FILED - 2025 Jul 29 1:21 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

acting without Spring's express or other legal authority. Springs objects to the Plaintiff's use of the word "Defendants" (or similar language or use of conjunctives) to allege that it acted in concert with, by, and/or through any other party or entity, or is liable for the acts of others, without sufficient legal proof of such authority or liability.

## FOR A NINETEENTH DEFENSE
(Contributing/Comparative Fault)

159.    Springs alleges any damages sustained by the Plaintiff was caused and occasioned by the Plaintiff's own negligence, recklessness, willfulness and wantonness, or other fault, and

A. That the fault attributable to the Plaintiff is a complete bar to the Plaintiff's claim;

B. That the fault attributable to the Plaintiff was greater than any alleged fault of Springs or others and is a complete bar to the Plaintiff's claim;

C. That the fault attributable to Plaintiff combined with, contributed to, or concurred in any alleged fault of Springs or others and acted as a proximate cause of the damages allegedly sustained and is therefore a complete bar to Plaintiff's claim;

D. Should the Plaintiff be entitled to a recovery, such recovery should be reduced in proportion to the fault attributable to the Plaintiff; and

E. Should Plaintiff be entitled to a recovery, Springs specifically requests and moves that such liability should be assessed in accordance with S.C. Code § 15-38-15, if applicable. In addition, and in the alternative, Springs asserts its right under due process of law to have liability, if any, assessed in proportion to the responsibility of each party for such liability and that the amount of recoverable damages, if any, be assessed in accordance with such apportionment. Further, Springs objects to the dismissal of any party until liability has been assessed as to all responsible entities.

## FOR A TWENTIETH DEFENSE
(Failure to Join)

160.    Springs asserts Plaintiff's Second Amended Complaint should be dismissed pursuant to Rule 12(b)(7), Rule 19, and others of the South Carolina Rules of Civil Procedure for failure to join necessary and indispensable parties, and for otherwise failing to join parties for purposes of fault allocation in order to provide Springs with appropriate due process protections against improper liability.

22

17482589

ELECTRONICALLY FILED - 2025 Jul 29 1:21 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

## FOR A TWENTY-FIRST DEFENSE
### (Set-off/Credit)

161.     Springs asserts entitlement to a set-off and/or credit for all proceeds received by or on behalf of Plaintiff as a result of Plaintiff's claims in this matter, regardless of the source or basis of such proceeds, to include any contractual or gratuitous reduction in charges or provision of services or materials.

## FOR A TWENTY-SECOND DEFENSE
### (Punitive Damages Cap)

162.     Springs pleads all applicable protections under the South Carolina Fairness in Civil Justice Act of 2011, codified at S.C. Code Ann. § 15-32-5210 to 15-32-540, as a defense to Plaintiff's claims for punitive damages.

## FOR A TWENTY-THIRD DEFENSE
### (Punitive Damages-Procedural)

163.     Springs alleges upon information and belief that punitive damages as currently awarded in the State of South Carolina violate the Constitutions of the United States and of South Carolina.

## FOR A TWENTY-FOURTH DEFENSE
### (Punitive Damages-Substantive)

164.     Springs alleges a verdict for the Plaintiff for punitive damages would deprive Springs of property without due process of law and without equal protection of the laws:

   a. If the award is based upon conduct that is not intentional or malicious, or conduct that was lawful at the time and place where the conduct occurred or had no impact upon the State of South Carolina or its residents;

   b. If the amount awarded bears no reasonable relationship to the proven harm claimed by Plaintiff;

   c. If the award is based upon other, dissimilar acts or omissions;

   d. If the award is based upon other parties' hypothetical claims;

   e. If the award is based upon economic rather than physical harm;

23

17482589

ELECTRONICALLY FILED - 2025 Jul 29 1:21 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

f.   If the award is excessive in comparison to penalties imposed or authorized in comparable cases.

### FOR A TWENTY-FIFTH DEFENSE
(Ripeness)

167.   Plaintiff's claims are not ripe for adjudication and should be dismissed for presenting a contingent, hypothetical, or abstract dispute. Plaintiff alleges that they will be required to incur costs at some future date when the State or United States Environmental Protection Agency will require them to upgrade their systems to treat PFAS. Until these costs are incurred, Plaintiff cannot recover.

### FOR A TWENTY-SIXTH DEFENSE
(Ripeness)

168.   Further, Plaintiff's claims are premature to the extent that neither the State nor the United States Environmental Protection Agency have set final water quality standards, maximum contaminant levels, acceptable soil cleanup levels, or other regulatory standards that are necessary to evaluate whether natural resources have been injured.

### FOR A TWENTY-SEVENTH DEFENSE
(Standing)

169.   Plaintiff also lacks standing to assert, in whole or in part, under the United States Constitution, the Constitution of South Carolina, state and federal statutes, and common law to bring the claims set forth in the Complaint.

### FOR A TWENTY-EIGHTH DEFENSE
(Standing)

170.   Plaintiff also lacks standing to bring the claims set forth in the Complaint under both the public trust doctrine and *parens patriae* doctrine, because the property claimed to be affected is not held in the public trust and/or is not subject to the *parens patriae* doctrine.

17482589

ELECTRONICALLY FILED - 2025 Jul 29 1:21 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

## FOR A TWENTY-NINTH DEFENSE
(Standing)

171.     Additionally, Plaintiff lacks standing to bring the claims set forth in the Complaint under both the public trust doctrine and *parens patriae* doctrine, because it does not have exclusive jurisdiction over the resources at issue, or only have partial jurisdiction over such resources and have failed to join other necessary trustees in this action.

## FOR A THIRTIETH DEFENSE
(Standing)

172.     Plaintiff lacks standing to bring an action for trespass because Plaintiff has no ownership over and is not entitled to exclusive possession of various property and water bodies referenced in the Complaint, and because Plaintiff cannot establish unreasonable or substantial damage to the resource.

## FOR A THIRTY-FIRST DEFENSE
(No Cognizable Claim)

173.     Plaintiff has not demonstrated or pled a legally cognizable injury in the Complaint that is capable of redress.

## FOR A THIRTY-SECOND DEFENSE
(Speculative Damages)

174.     Plaintiff's claims for alleged injuries and damages are barred, in whole or in part, because the claims for damages are speculative and conjectural.

## FOR A THIRTY-THIRD DEFENSE
(No Duty)

175.     Plaintiff's claims are barred, in whole or in part, because Springs does not owe a legal duty to Plaintiff or, if it owed such a duty, did not breach and/or fully discharged that duty.

25

17482589

ELECTRONICALLY FILED - 2025 Jul 29 1:21 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

## FOR A THIRTY-FOURTH DEFENSE
(Bifurcation)

176.     Pursuant to S.C. Code Ann. § 15-32-520, any proceeding to determine punitive damages should be bifurcated from any trial to determine liability and compensatory damages.

## FOR A THIRTY-FIFTH DEFENSE
(Non-ownership)

177.     Plaintiff's claims are barred, in whole or in part, because Springs did not own, operate, or otherwise control the facilities described in the Complaint at the time that PFAS is alleged to have migrated out of those facilities.

## FOR A THIRTY-SIXTH DEFENSE
(Impossibility of Proof)

178.     Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff cannot establish its alleged injuries were caused by exposure to PFAS from any conduct attributable to Springs.

## FOR A THIRTY-SEVENTH DEFENSE
(Impossibility of Proof)

179.     Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff cannot establish that PFAS has been reliably established through scientific means, to be capable of causing Plaintiff's alleged injuries.

## FOR A THIRTY-EIGHTH DEFENSE
(Impossibility of Proof)

180.     Plaintiff's claims are also barred, in whole or in part, to the extent that Plaintiff cannot establish that its residents and/or customers were exposed to sufficient concentrations or amount of PFAS, and/or for sufficient duration, which has been reliably established, through scientific means, to be capable of causing alleged injuries.

17482589

ELECTRONICALLY FILED - 2025 Jul 29 1:21 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

**FOR A THIRTY-NINTH DEFENSE**
(Lack of Foreseeability)

181.    Any damages Plaintiff may have suffered (which are expressly denied) were not reasonably foreseeable by Springs at the time of the conduct alleged.

**FOR A FORTIETH DEFENSE**
(Unjust Enrichment)

182.    Plaintiff's claims against Springs are barred by the doctrines of unjust enrichment in that Plaintiff seeks to recover costs or damages for construction, operation, and maintenance of public water supply systems after Plaintiff sought and obtained a permit to secure, treat, and distribute public water supplies and for which it received funding from its residents and/or customers, State, Local, and Federal sources, including but not limited to funding to specifically address unexpected contamination in water supplies under the Emergency Response Plans of the Safe Drinking Water Act, 42 U.S.C. §§ 300f to 300j.

**FOR A FORTY-FIRST DEFENSE**
(Preemption)

183.    Plaintiff's claims are preempted or otherwise precluded by State and Federal law to the extent Plaintiff seeks recovery of costs or damages for contamination of water supplies, the enforcement of which is vested exclusively in State and Federal agencies pursuant to State and Federal statutes, including but not limited to the Safe Drinking Water Act, 42 U.S.C. §§ 300f to 300j, the Clean Water Act, 33 U.S.C. § 1251 *et seq.*, and the South Carolina Hazardous Waste Management Act, S.C. Code Ann. § 44-56-10 *et seq*.

**FOR A FORTY-SECOND DEFENSE**
(Lack of Knowledge)

184.    Plaintiff's claims are barred, in whole or in part, because Springs neither knew, nor should have known, that any of the substances to which Plaintiff or Plaintiff's property was allegedly exposed were hazardous or constituted a reasonably foreseeable risk of physical harm

27

17482589

by virtue of the prevailing state of the medical, scientific, technical, and/or industrial knowledge available to Springs at all times relevant to the claims or causes of action asserted by Plaintiff.

## FOR A FORTY-THIRD DEFENSE
(Conformity to then-existing Custom and Practice)

185.    Further, Plaintiff's claims are barred, in whole or in part, because the alleged acts or omissions by Springs, throughout the relevant and material time period conformed to the then-existing custom and practice, and Springs exercised due care and acted in accordance with and/or complied with available technological, medical, scientific, and industrial "state-of-the-art" practice, and/or applicable laws, regulations, standards, and orders.

## FOR A FORTY-FOURTH DEFENSE

186.    Plaintiff's claims are barred in whole or in part under the bulk supplier, component part supplier, sophisticated-purchaser, sophisticated-user, sophisticated intermediary, and/or knowledgeable-user doctrines or other similar or related doctrines available under applicable law.

## FOR A FORTY-FIFTH DEFENSE
(Primary Jurisdiction Doctrine)

187.    Some or all of Plaintiff's claims are not amenable to judicial resolution because of the primary jurisdiction doctrine. *Texas v. Pacific Railway Co. v. Abilene Cotton Oil Co.*, 204 U.S. 426 (1907).

## FOR A FORTY-SIXTH DEFENSE
(Declaration of Jurisdiction)

188.    The relief sought is, in whole or in part, within the particular expertise of and is being addressed by federal and state governments, and their relevant agencies, and thus the Court should decline to exercise jurisdiction over these matters pursuant to the doctrine of primary jurisdiction, abstention, and or the doctrine of separation of powers.

17482589

ELECTRONICALLY FILED - 2025 Jul 29 1:21 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

ELECTRONICALLY FILED - 2025 Jul 29 1:21 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

**FOR A FORTY-SEVENTH DEFENSE**
(Open and Obvious Conditions)

189.    The claims and/or damages alleged in the Complaint are barred, in whole or in part, under the doctrine of open and obvious conditions.

**FOR A FORTY-EIGHTH DEFENSE**
(Voluntary Exposure)

190.    The claims and/or damages alleged in the Complaint are barred, in whole or in part, under the doctrine of voluntary exposure.

**FOR A FORTY-NINTH DEFENSE**
(Coming to the Nuisance)

191.    The claims and/or damages alleged in the Complaint are barred, in whole or in part, under the doctrine of coming to the nuisance.

**FOR A FIFTIETH DEFENSE**
(Primary Implied Assumption of Risk)

192.    The claims and/or damages alleged in the Complaint are barred, in whole or in part, under the doctrine of primary implied assumption of risk.

**FOR A FIFTY-FIRST DEFENSE**
(Doctrine of Election of Remedies)

193.    Plaintiff's claims are barred, in whole or in part, by the doctrine of election of remedies.

**FOR A FIFTY-SECOND DEFENSE**
(Consent)

194.    Plaintiff's claims are or may be barred, in whole or in part, because of consent, public necessity, private necessity and/or privilege.

29

17482589

**FOR A FIFTY-THIRD DEFENSE**
(CERCLA)

195.    Plaintiff's claims are preempted or barred by the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601, *et seq.* and the South Carolina Hazardous Waste Management Action, S.C. Code Ann. §§ 44-56-10 *et seq.* to the extent such claims include, encompass or relate to environmental conditions or natural resource damages or losses at any past, present or future facilities, sites, properties, locations or other areas listed on the United States Environmental Protection Agency's National Priority List (Superfund sites), or from which discharges or releases of materials have otherwise come to be located emanating from such facilities, sites, properties, locations or areas.

**FOR A FIFTY-FOURTH DEFENSE**
(Failure to Exhaust Administrative Remedies)

196.    Plaintiff's claims are barred because they failed to exhaust administrative remedies.

**FOR A FIFTY-FIFTH DEFENSE**
(No Retroactive Liability)

197.    Plaintiff's claims are barred, in whole or in part, to the extent they seek to impose retroactive liability. Springs may not be held liable under retroactive theories not requiring proof of fault or causation.

**FOR A FIFTY-SIXTH DEFENSE**
(Adequate Remedies at Law)

198.    All claims for injunctive relief in Plaintiff's Complaint is barred because Plaintiff has adequate remedies at law, to the extent its claims are provable.

**FOR A FIFTY-SEVENTH DEFENSE**
(Limit on Nature of Damages)

199.    Plaintiff's claims are barred to the extent that they seek to recover costs, damages, and expenses, including, but not limited to response, assessment, remediation cleanup and/or

30

17482589

ELECTRONICALLY FILED - 2025 Jul 29 1:21 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

ELECTRONICALLY FILED - 2025 Jul 29 1:21 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

removal costs that Plaintiff incurred improperly, or that are not related to natural resource restoration or replacement damages.

## FOR A FIFTY-EIGHTH DEFENSE
(Springs Lack of Knowledge)

200.    Plaintiff's claims are barred, in whole or in part, because Springs did not know or have reason to know that its wastewater discharge, alone or in conjunction with a discharge or discharges from other sources, would cause pass through or interference, as contemplated by 40 C.F.R. § 403.5(a)(2).

## FOR A FIFTY-NINTH DEFENSE
(Municipal Cost Recovery)

201.    Plaintiff's claims are barred, in whole or in part, by the municipal cost recovery rule. *See United States v. Standard Oil of California*, 332 U.S. 301 (1947).

## FOR A SIXTIETH DEFENSE
(Insubstantial factor in causing damages)

202.    Plaintiff's claims are barred because Springs' conduct was not a substantial factor in causing the injures alleged.

## FOR A SIXTY-FIRST DEFENSE
(Limitations on Damages)

203.    Plaintiff's recovery for any alleged trespass or nuisance, which is expressly denied, is limited to the lost rental value of Plaintiff's real property interest.

## FOR A SIXTY-SECOND DEFENSE
(Spring's Role, if any, *de minimus*)

204.    Without admitting liability, Springs alleges that if it is found to have been engaged in any of the activities alleged in the Complaint, such activities were too removed, indefinite, *de minimus* and insufficient to establish a reasonable degree of probability that any such activity caused any alleged injury, damage, or loss to Plaintiff.

31

17482589

ELECTRONICALLY FILED - 2025 Jul 29 1:21 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

**FOR A SIXTY-THIRD DEFENSE**
(Non-Waiver)

205.     Springs has not finished its investigation of Plaintiff's allegations.  Springs reserves and does not waive any additional or further defenses as may be revealed by additional information that may be acquired in discovery or otherwise. Springs gives notice of its intent to assert any further affirmative defenses as may be supported by the facts or the law.

**FOR A SIXTY-FOURTH DEFENSE**
(Incorporation)

206.     Springs hereby incorporates and asserts all defenses, counterclaims, set-offs, and credits pled by other parties in this action, to include any pleadings filed after this Answer, and specifically, without limitation, all defenses, counterclaims, set-offs, and credits pled to Plaintiff's claims, to the extent not inconsistent with its Answer herein and its denial of liability of any kind.

WHEREFORE, Springs, having responded to the Plaintiff's Second Amended Complaint, prays the Court:

1.     Dismiss all claims against Springs and tax the costs thereof to the Plaintiff;

2.     For such other and further relief as is just and proper.

**ROGERS TOWNSEND, LLC**

*s/ R. Bryan Barnes*
Bryan Barnes, SC Bar # 7818
T. McRoy Shelley, III SC Bar # 007067
Post Office Box 100200
Columbia, South Carolina 29202-3200
Office: 803-744-1273
bryan.barnes@rogerstownsend.com
roy.shelley@rogerstownsend.com
***Attorneys for Defendant, Springs Industries, LLC***

Columbia, South Carolina
July 29, 2025

32

17482589

ELECTRONICALLY FILED - 2025 Aug 01 3:05 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

STATE OF SOUTH CAROLINA
COUNTY OF FLORENCE

IN RE:
PFAS LITIGATION COORDINATED DOCKET

City of Florence, South Carolina,

*Plaintiff,*

v.

AGC Chemicals Americas, Inc.et al.,

*Defendants.*

IN THE COURT OF COMMON PLEAS
TWELVTH JUDICIAL CIRCUIT

C.A. No. 2024-CP-21-02844

**DEFENDANT J.P. STEVENS &
COMPANY, INC.'S ANSWER TO
PLAINTIFF'S SECOND
AMENDED COMPLAINT**

Defendant J.P. Stevens & Company, Inc., (hereinafter referred to as "JPS" or "Defendant"), by and through undersigned counsel, hereby files this Answer in response to Plaintiff City of Florence's ("Plaintiff") Second Amended Complaint ("Complaint") any and all Cross-Claims asserted previously or in the future by any Co-Defendants or Third-Party Defendants, whether having appeared in the case at this time or not, and denies all allegations not hereinafter specifically admitted and, as to the correspondingly numbered paragraphs of the Complaint, states as follows:

**STATEMENT OF THE CASE[1]**

1.      Defendant denies the allegations contained in Paragraph 1.

2.      Defendant denies the allegations contained in Paragraph 2.

---

[1] The headings and subheadings set forth in Plaintiff's Complaint are used herein for reference only, but such references do not constitute admissions by Defendant of any statements or assertions set forth therein. To the extent necessary, Defendant denies all allegations set forth in any heading or subheading in the Complaint.

ELECTRONICALLY FILED - 2025 Aug 01 3:05 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

3.　　　Defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 3. To the extent a response is required, these allegations are denied.

4.　　　Defendant denies the allegations contained in Paragraph 4.

5.　　　Defendant denies the allegations contained in Paragraph 5.

6.　　　Defendant denies the allegations contained in Paragraph 6.

7.　　　Defendant denies the allegations contained in Paragraph 7.

### DISCLAIMER

8.　　　The allegations contained in Paragraphs 8, 9, 10, and 11 state legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

### JURISDICTION AND VENUE

9.　　　The allegations contained in Paragraphs 12, 13, and 14 state legal conclusions to which no response is required. To the extent a response is required, these allegations are denied

### PARTIES

**I.　　Plaintiff**

10.　　Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 15, 16, and 17. To the extent a response is required, these allegations are denied.

**II.　　Defendants**

11.　　Paragraphs 18 through 22 do not appear to relate to Defendant and therefore no response is required. To the extent that the allegations in these paragraphs attempt to assert liability on Defendant, Defendant denies the allegations contained in these paragraphs.

12.　　Defendant denies the allegations contained in Paragraph 23.

13. Paragraphs 24 through 26 do not appear to relate to Defendant and therefore no response is required. To the extent that the allegations in these paragraphs attempt to assert liability on Defendant, Defendant denies the allegations contained in these paragraphs.

**FACTUAL ALLEGATIONS**

### I. Background and Hazards of PFAS

14. Defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraphs 27. To the extent a response is required, these allegations are denied.

15. Defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraphs 28. To the extent a response is required, these allegations are denied.

16. Defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraphs 29. To the extent a response is required, these allegations are denied.

17. Defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraphs 30. To the extent a response is required, these allegations are denied.

18. Defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraphs 31. To the extent a response is required, these allegations are denied.

19. Defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraphs 32. To the extent a response is required, these allegations are denied.

ELECTRONICALLY FILED - 2025 Aug 01 3:05 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

20.     Defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraphs 33. To the extent a response is required, these allegations are denied.

21.     Defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraphs 34. To the extent a response is required, these allegations are denied.

22.     Defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraphs 35. To the extent a response is required, these allegations are denied.

23.     Defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraphs 36. To the extent a response is required, these allegations are denied.

24.     Defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraphs 37. To the extent a response is required, these allegations are denied.

25.     Defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraphs 38. To the extent a response is required, these allegations are denied.

26.     Defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraphs 39. To the extent a response is required, these allegations are denied.

ELECTRONICALLY FILED - 2025 Aug 01 3:05 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

ELECTRONICALLY FILED - 2025 Aug 01 3:05 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

27.     Defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraphs 40. To the extent a response is required, these allegations are denied.

28.     Defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraphs 41. To the extent a response is required, these allegations are denied.

29.     Defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraphs 42. To the extent a response is required, these allegations are denied.

30.     Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 43. To the extent a response is required, these allegations are denied.

31.     Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 44. To the extent a response is required, these allegations are denied.

32.     Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 45. To the extent a response is required, these allegations are denied.

33.     Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 46. To the extent a response is required, these allegations are denied.

ELECTRONICALLY FILED - 2025 Aug 01 3:05 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

34.    Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 47. To the extent a response is required, these allegations are denied.

## II.    Contamination of Bull Creek and Intracoastal Waterway with PFAS

35.    Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 48. To the extent a response is required, these allegations are denied.

36.    Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 49. To the extent a response is required, these allegations are denied.

37.    Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 50. To the extent a response is required, these allegations are denied.

38.    Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 51. To the extent a response is required, these allegations are denied.

39.    Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 52. To the extent a response is required, these allegations are denied.

40.    Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 53. To the extent a response is required, these allegations are denied.

ELECTRONICALLY FILED - 2025 Aug 01 3:05 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

41.      Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 54. To the extent a response is required, these allegations are denied.

42.      Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 55. To the extent a response is required, these allegations are denied.

43.      Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 56. To the extent a response is required, these allegations are denied.

44.      Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 57. To the extent a response is required, these allegations are denied.

45.      Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 58. To the extent a response is required, these allegations are denied.

46.      Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 59. To the extent a response is required, these allegations are denied.

47.      Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 60. To the extent a response is required, these allegations are denied.

ELECTRONICALLY FILED - 2025 Aug 01 3:05 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

48.     Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 61. To the extent a response is required, these allegations are denied.

49.     Defendant denies allegations contained in Paragraphs 62.

**III.     Defendants Have Harmed Plaintiff and Plaintiff's Community.**

82.     Defendant denies the allegations contained in Paragraph 63 of the Complaint.

83.     Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraphs 64. To the extent that the allegations in these paragraphs attempt to assert liability on Defendant, Defendant denies the allegations contained in these paragraphs.

84.     Defendant denies the allegations contained in Paragraph 65 of the Complaint.

85.     Defendant denies the allegations contained in Paragraph 66 of the Complaint.

<u>**FIRST CAUSE OF ACTION**</u>
**Private Nuisance**

86.     Responding to Paragraph 67 of the Complaint, Defendant incorporates by reference all prior responses set forth in Paragraphs 1-66 above, as if they are fully set forth herein.

87.     Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraph 68 of the Complaint. To the extent a response is required, Defendant denies these allegations.

88.     Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraph 69 of the Complaint. To the extent a response is required, Defendant denies these allegations.

ELECTRONICALLY FILED - 2025 Aug 01 3:05 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

89.    Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraph 70 of the Complaint. To the extent a response is required, Defendant denies these allegations.

90.    Defendant denies the allegations contained in Paragraph 71.

91.    Defendant denies the allegations contained in Paragraph 72.

92.    Defendant denies the allegations contained in Paragraph 73.

93.    Defendant denies the allegations contained in Paragraph 74.

94.    Defendant denies the allegations contained in Paragraph 75.

95.    Defendant denies the allegations contained in Paragraph 76.

96.    Defendant denies the allegations contained in Paragraph 77.

97.    Defendant denies the allegations contained in Paragraph 78.

### SECOND CAUSE OF ACTION
**Public Nuisance**

98.    Responding to Paragraph 79 of the Complaint, Defendant incorporates by reference all prior responses set forth in Paragraphs 1-78 above, as if they are fully set forth herein.

99.    Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraph 80 of the Complaint. To the extent a response is required, Defendant denies these allegations.

100.    Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraph 81 of the Complaint. To the extent a response is required, Defendant denies these allegations.

101.    Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraph 82 of the Complaint. To the extent a response is required, Defendant denies these allegations.

ELECTRONICALLY FILED - 2025 Aug 01 3:05 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

102.    Defendant denies the allegations contained in Paragraph 83.

103.    Defendant denies the allegations contained in Paragraph 84.

104.    Defendant denies the allegations contained in Paragraph 85.

105.    Defendant denies the allegations contained in Paragraph 86.

106.    Defendant denies the allegations contained in Paragraph 87.

107.    Defendant denies the allegations contained in Paragraph 88.

108.    Defendant denies the allegations contained in Paragraph 89.

109.    Defendant denies the allegations contained in Paragraph 90.

### THID CAUSE OF ACTION
**Trespass**

110.    Responding to Paragraph 91 of the Complaint, Defendant incorporates by reference all prior responses set forth in Paragraphs 1-90 above, as if they are fully set forth herein.

111.    Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraph 92 of the Complaint. To the extent a response is required, Defendant denies these allegations.

112.    Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraph 93, including subparts (a) through (d) of the Complaint. To the extent a response is required, Defendant denies these allegations.

113.    Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraph 94, including subparts (a) through (d) of the Complaint. To the extent a response is required, Defendant denies these allegations.

114.    Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraph 95, including subparts (a) through (d) of the Complaint. To the extent a response is required, Defendant denies these allegations.

ELECTRONICALLY FILED - 2025 Aug 01 3:05 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

115.     Defendant is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraph 96 of the Complaint. To the extent a response is required, Defendant denies these allegations.

116.     Defendant denies the allegations contained in Paragraph 97.

117.     Defendant denies the allegations contained in Paragraph 98.

118.     Defendant denies the allegations contained in Paragraph 99.

119.     Defendant denies the allegations contained in Paragraph 100.

120.     Defendant denies the allegations contained in Paragraph 101.

## FOURTH CAUSE OF ACTION
### Negligence, Gross Negligence, and/or Recklessness

121.     Responding to Paragraph 102 of the Complaint, Defendant incorporates by reference all prior responses set forth in Paragraphs 1-101 above, as if they are fully set forth herein.

122.     Defendant denies the allegations contained in Paragraph 103.

123.     Defendant denies the allegations contained in Paragraph 104.

124.      Defendant denies the allegations contained in Paragraph 105.

125.     Paragraphs 106 through 109 do not appear to relate to Defendant and therefore no response is required. To the extent that the allegations in these paragraphs attempt to assert liability on Defendant, Defendant denies the allegations contained in these paragraphs.

126.     Defendant denies the allegations contained in Paragraph 110.

127.     Defendant denies the allegations contained in Paragraph 111.

## FIFTH CAUSE OF ACTION
### Strict Liability – Ultrahazardous Activity
### (Burlington)

128.     Responding to Paragraph 112 of the Complaint, Defendant incorporates by reference all prior responses set forth in Paragraphs 1-111 above, as if they are fully set forth herein.

129. Paragraphs 113 through 120 do not appear to relate to Defendant and therefore no response is required. To the extent that the allegations in these paragraphs attempt to assert liability on Defendant, Defendant lacks sufficient knowledge and/or information to form a belief as to the truth of these allegations and therefore denies the allegations contained in these paragraphs.

## SIXTH CAUSE OF ACTION
### Strict Product Liability – Design Defect
### (Burlington)

130. Responding to Paragraph 121 of the Complaint, Defendant incorporates by reference all prior responses set forth in Paragraphs 1-120 above, as if they are fully set forth herein.

131. Paragraphs 122 through 132 do not appear to relate to Defendant and therefore no response is required. To the extent that the allegations in these paragraphs attempt to assert liability on Defendant, Defendant denies the allegations contained in these paragraphs.

## SEVENTH CAUSE OF ACTION
### Strict Products Liability – Failure to Warn
### (Burlington)

132. Responding to Paragraph 133 of the Complaint, Defendant incorporates by reference all prior responses set forth in Paragraphs 1-132 above, as if they are fully set forth herein.

133. Paragraphs 134 through 141 do not appear to relate to Defendant and therefore no response is required. To the extent that the allegations in these paragraphs attempt to assert liability on Defendant, Defendant denies the allegations contained in these paragraphs.

## EIGTH CAUSE OF ACTION
### Breach of Implied Warranties
### (Burlington)

134. Responding to Paragraph 142 of the Complaint, Defendant incorporates by reference all prior responses set forth in Paragraphs 1- 133 above, as if they are fully set forth herein.

ELECTRONICALLY FILED - 2025 Aug 01 3:05 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

ELECTRONICALLY FILED - 2025 Aug 01 3:05 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

135.     Paragraphs 135 through 148 do not appear to relate to Defendant and therefore no response is required. To the extent that the allegations in these paragraphs attempt to assert liability on Defendant, Defendant lacks sufficient knowledge and/or information to form a belief as to the truth of these allegations and therefore denies the allegations contained in these paragraphs.

## PRAYER FOR RELIEF

Defendant denies the allegations and requests for relief contained in the unnumbered paragraph beginning with WHEREFORE on page 36 of the Complaint, including all subparts (a through e), and demands strict proof thereof.  Defendant denies any liability whatsoever to Plaintiffs in this matter.

## AFFIRMATIVE DEFENSES

1.     By asserting the statements and defenses below, Defendant is not implying, alleging, contending, or admitting that it has the burden of proof with respect to any of those statements or defenses. Defendant asserts as follows:

2.     **PERSONAL JURISDICTION** - Plaintiffs' claims against Defendant are barred because this Court lacks personal jurisdiction over Defendant.

3.     **IMPROPER VENUE** - Venue may be improper in this action. Defendant reserves its rights to move for dismissal and/or transfer of the action based on improper and/or inconvenient venue and/or forum *non convenience* and further reserves its rights to seek application of the law of the appropriate venue on all issues, including but not limited to statute of limitations, statute of repose, and punitive damages.

4.     **LACK OF STANDING** – Plaintiff's nuisance claims are barred, in whole or in part, because they lack the legal authority or standing to bring a nuisance claim under South Carolina law.

5.　　**SUBJECT MATTER JURISDICTION** - Plaintiffs' claims are barred to the extent this Court lacks subject matter jurisdiction over this action.

6.　　**FAILURE TO STATE A CLAIM -** The Complaint fails to state fails to state facts sufficient to constitute a cause of action against this Defendant; therefore, Plaintiffs' action against this Defendant should be dismissed pursuant to Rule 12(b)(6).

7.　　**RULE 9(b) -** Plaintiffs' claims based on fraud and misrepresentation, or any forms of same, fail to set forth allegations against Defendant with specific particularity as required and, therefore, are barred.

8.　　**STATUTE OF LIMITATIONS -** The Complaint, in whole or in part, is barred by the applicable statute of limitations and/or repose.

9.　　**UNCLEAN HANDS** - The Complaint is barred by laches, waiver, unclean hands, and/or ratification. Further, Plaintiffs have failed to provide Defendant with timely notice of their claims and alleged injuries and damages, resulting in Defendant being substantially prejudiced in it ability to defend itself in this action, for which Plaintiffs' claims are barred.

10.　　**RETROACTIVE LIABILITY** - Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs seek to impose liability retroactively for conduct that was not actionable at the time it occurred.

11.　　**CONFLICTS OF LAW** - Defendant hereby notifies the Court and all parties that, upon discovery and investigation of Plaintiffs' claims, the law of another state may be applicable under the governing conflicts of law.

12.　　**CONTRIBUTORY/COMPARATIVE NEGLIGENCE -** Plaintiffs' claims are barred, in whole or in part, by the contributory or comparative negligence of Plaintiff(s); in the alternative, any award to Plaintiffs should be reduced by the percentage of comparative negligence of

ELECTRONICALLY FILED - 2025 Aug 01 3:05 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

ELECTRONICALLY FILED - 2025 Aug 01 3:05 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

Plaintiff(s).

13.     **DOCTRINE OF MISUSE** - Plaintiffs' claims are barred, in whole or in part, by the doctrines of misuse and/or assumption of the risk and/or misuse.

14.     **NO MANUFACURING** - Defendant specifically denies that it designed, manufactured, fabricated, or assembled any PFAS-containing material or product(s) alleged to be at issue in this case that caused or contributed to Plaintiff's alleged disease.

15.     **DE MINIMIS EXPOSURE** - To the extent Plaintiff was exposed to any PFAS through any act or omission of Defendant or from or by any product allegedly manufactured, distributed, supplied, or sold by Defendant, which is denied, it was de minimis or of such insufficient quantities, at such infrequent intervals, for such short periods of time, or under such conditions, as to amount to no proximate or contributing cause of Plaintiff's alleged injury.

16.     **ACTS OF ANOTHER** - If Plaintiffs suffered damages as alleged in the Complaint, which damages this Defendant specifically denies, such claimed damages did not result, directly or indirectly, from any act or omission of this Defendant, but such damages, if any, resulted from the acts or omissions of persons other than this Defendant, for which acts or omissions this Defendant is in no way liable, and Plaintiffs, therefore, are not entitled to recover from this Defendant.

17.     **SUPERSEDING/INTERVENING CAUSE -** Plaintiffs' claims are barred, in whole or in part, to the extent the alleged injuries and damages were caused by superseding or intervening causes or the conduct of third parties over whom or over which Defendant had no control or authority, or to the extent they were caused by Plaintiffs (or either of them) or any other party or parties in this action. Further, none of the alleged injuries or damages were the proximate result of any negligence/wantonness or other alleged wrongful conduct on the part of Defendant, which alleged negligence/wantonness or other alleged wrongful conduct is denied by Defendant.

ELECTRONICALLY FILED - 2025 Aug 01 3:05 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

18.     **MODIFICATION/ALTERATION** - To the extent that any of the products allegedly used by Plaintiff or to which Plaintiff was allegedly exposed are found to be attributable to Defendant, which Defendant denies, and such products were modified, altered, or in any way varied from when they are alleged to have left Defendant's hands, Plaintiffs' claims against Defendant are barred.

19.     **STATE OF THE ART -** To the extent it may be found that Defendant manufactured, supplied, distributed, or sold any products alleged to be at issue in this action, which is denied, those products, when manufactured and distributed, conformed to the state of the art and were in conformity with the prevailing industry standards at the time, and the then-current medical, scientific, and industrial knowledge, art, and practice was such that Defendant did not know and could not know that any of those products about which Plaintiffs complain presented a foreseeable risk of harm to Plaintiff in the normal and expected use of those products during the relevant time period.

20.     **BENEFICIAL PRODUCT** - If the trier of fact determines that a risk of damages or harm is inherent in any product for which Defendant is found to be liable, which is denied, any risks or danger created by the alleged risk (which is denied) is outweighed by the benefits of the product(s).

21.     **RES JUDICATA** - Plaintiffs' claims are barred, in whole or in part, by the doctrine(s) of collateral estoppel, *res judicata*, release, discharge, and/or accord and satisfaction.

22.     **IMPROPER PARTY** - Defendant is not the proper party and/or the real party in interest in connection with the claims asserted by Plaintiffs.

23.     **IMPROPER JOINDER -** There is a lack of joinder of one or more parties who should or must be joined and, without the joinder of these proper parties, complete relief cannot be accorded among those already attempted to be made parties to this civil action. Further, there is a misjoinder of parties. Therefore, Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to join one or more necessary and indispensable parties.

ELECTRONICALLY FILED - 2025 Aug 01 3:05 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

24.     **REGULATORY COMPLIANCE -** If Plaintiff was exposed to any products found to be associated with this Defendant, which is denied, said products at the time they were manufactured were in conformity with all applicable federal and state regulations, standards, specifications, and laws; therefore, Plaintiffs' claims against this Defendant are barred.

25.     **KNOWLEDGE OF RISK** - This Defendant asserts that the state of medical and scientific knowledge and all materials relating thereto at all times material herein were such that this Defendant would not have known, nor could have reasonably known, that products of the type it is alleged to have manufactured, supplied, distributed, or sold—which is denied—presented any risk of harm, which risk of harm is denied, to the Plaintiff if properly used.

26.     **PRIOR NUISANCE DOCTRINE** - Plaintiff's nuisance claims against the Defendants are barred by the doctrine of "coming to the nuisance," the prior nuisance doctrine, and/or the doctrine of consent.

27.     **COMMON LAW** - Plaintiffs' claims are or may be barred, in whole or in part, under applicable common law or statutory doctrines, including but not limited to avoidable consequences, voluntary exposure, assumption of risk, and open and obvious risk.

28.     **LACK OF BREACH** - Plaintiffs' claims are barred, in whole or in part, because Defendant did not breach any duty owed to Plaintiffs or either of them.

29.     **INTERMITTENT/PERIODICAL** - Plaintiff's nuisance claim is barred, in whole or in part, because the alleged contamination of a public body of water was not so intermittent or periodical as described to be considered continuing.

30.     **UNIFORM COMMERCIAL CODE -** Defendant denies that there existed any warranties, express or implied, between it and Plaintiff. Even if such warranties existed, which is denied, Plaintiff's claims for breach of warranty are barred by Plaintiff's failure to comply with the

ELECTRONICALLY FILED - 2025 Aug 01 3:05 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

notice provisions required by South Carolina law and Article 2 of the Uniform Commercial Code, because there is no privity of contract between Plaintiff(s) and Defendant, and because Defendant effectively disclaimed any warranties.

31. **STRICT LIABILITY -** Defendant cannot be liable to Plaintiff under the doctrine of strict liability to the extent Plaintiff was not exposed to or injured by a product sold as new property after the effective date of the statute.

32. **PRE-EXISTING -** Plaintiffs' claims are barred, in whole or in part, to the extent the alleged injuries and damages are the sole, direct, and proximate result of pre-existing conditions or idiosyncratic reactions of Plaintiff, for which Defendant is not liable.

33. **FEDERAL PREEMPTION -** Plaintiff's claims may be barred, in whole or in part, under the doctrine of Federal Preemption, including, without limitation, express preemption, implied conflict preemption, and field preemption, pursuant to any applicable statutes, regulations, guidance documents, notices, military specification, and policy statements, enacted and/or promulgated and/or issues by Congress, federal agencies, or the executive branch.

34. **CONCERT OF ACTION -** There has been no concert of action between Defendant and any of the other named Defendants. The Defendants are not joint tortfeasors and, therefore, Defendant may not be held jointly and severally liable with the other named Defendants.

35. **FAILURE TO MITIGATE -** Plaintiffs' alleged injuries and damages, if proven, are barred, in whole or in part, to the extent Plaintiff(s) failed to use reasonable diligence to mitigate them.

36. **DEGREEES OF FAULT -** If the factfinder determines that Plaintiffs are entitled to recover damages, the amount of damages must be apportioned according to the respective degrees of fault and legal responsibility of all parties and non-parties in this action according to proof presented at trial. Further, Defendant requests a judgment and declaration of indemnification and contribution

ELECTRONICALLY FILED - 2025 Aug 01 3:05 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

against all other parties or persons in accordance with the apportionment of fault between the parties and non-parties.

37.    **JUDGEMENT REDUCTION -** In the event Plaintiffs recover a verdict or judgment against Defendant, said verdict or judgment must be reduced by those amounts that have been, or will, with reasonable certainty, replace or indemnify Plaintiffs, in whole or in part, for any past or future claimed economic source such as insurance, social security, workers' compensation, or employee benefits programs.

38.    **ATTORNEY'S FEES -** Any request by Plaintiffs for legal fees and/or expenses is barred, in whole or in part, to the extent not expressly authorized by the law of South Carolina or other applicable law.

39.    **SPECULATIVE DAMAGES -** Plaintiffs' claims are barred, in whole or in part, to the extent the damages sought have not accrued and are contingent or are merely speculative and/or uncertain.

40.    **INSUFFICIENT FACTS -** Plaintiffs' Complaint fails to state facts sufficient to warrant an award of punitive damages.

41.    **ACCORD & SATISFACTION -** To the extent that Plaintiffs have, or either of them has, has received payment from any alleged joint tortfeasor in full satisfaction of any of the alleged injuries and/or claims against this Defendant and/or other alleged joint tortfeasors, Plaintiffs' Complaint in each and every count and cause of action alleged therein is barred by the defenses of payment and accord and satisfaction.

42.    **SET-OFF -** If the Plaintiffs have, or either of them has, settled or should hereafter settle with any party or non-party with respect to any of the allegations in the Complaint or for any of the injuries or damages alleged in this action, Ascend is entitled to a credit, reduction, or set-off in the

ELECTRONICALLY FILED - 2025 Aug 01 3:05 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

amount of said settlement(s).

43. **STANDARDS OF LIMITATIONS -** To the extent Plaintiffs' Complaint asserts a demand for punitive damages, this Defendant specifically incorporates by reference any and all standards of limitations regarding the determination and/or enforceability of punitive damage awards that arose in the decisions of *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.,* 532 U.S. 424 (2001); and *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003).

44. **PUNITITVE DAMAGES -** To the extent Plaintiffs' Complaint seeks punitive damages, this Defendant affirmatively pleads the following in regard to punitive damages:

(a) An award of punitive damages in this civil action would amount to a deprivation of property without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the South Carolina Constitution;

(b) An award of punitive damages in this civil action would violate the due process provisions of the Fifth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the South Carolina Constitution;

(c) The criteria used for determining whether and in what amount punitive damages may be awarded are impermissible, vague, imprecise, and inconsistent and, therefore, violate the due process provisions of the Fifth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the South Carolina Constitution;

(d) An award of punitive damages in this civil action would amount to an excessive fine in violation of the Eighth Amendment to the United States Constitution and the corresponding provisions of the South Carolina Constitution; and

(e) Plaintiffs' claim for punitive damages is barred by the "double jeopardy" clause of the Fifth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment.

45.     **BIFURACATION** - Pursuant to S.C. Code Ann. § 15-32-520, Defendant hereby requests trial bifurcation on the issues of actual damages and punitive damages. To the extent the Court submits the question of punitive damages to the jury, the award of punitive damages, if any, is subject to the caps and limitations set forth in S.C. Code Ann. § 15-32-530, and Defendant pleads and incorporates all defenses, limitations on damages, and other privileges contained in S.C. Code Ann. §§ 15-32-520 and 15-32-530 as if fully stated herein verbatim.

46.     **BANKRUPT DEFENDANTS** - Some or all of Plaintiffs' claims or causes of action may not be maintained to the extent that discharge in bankruptcy requires Defendant to defend this action without joining indispensable parties who have declared bankruptcy as co-defendants and prevents the triers of fact from being able to hear and judge all relevant evidence. Defendant further reserves the right to seek contribution and/or indemnity from those parties not joined in this action as a result of bankruptcy.

47.     **POST SALE DUTY** - This Defendant denies that it has any post-sale duty to warn and asserts that South Carolina has affirmatively established that it does not recognize a post-sale duty to warn.

48.     **SECTION 15-73-10 et seq.** - The alleged injuries and damages to Plaintiffs are barred by Section 15-73-10 et seq. of the South Carolina Code of Laws; therefore, Plaintiffs are prohibited by law from asserting or recovering under a cause of action based on strict liability for actual or punitive damages.

49.     **FREE PUBLIC SERVICES DOCTRINE -** Plaintiff's claims are barred, in whole

ELECTRONICALLY FILED - 2025 Aug 01 3:05 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

ELECTRONICALLY FILED - 2025 Aug 01 3:05 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

or in part, by the free public services doctrine and by the municipal cost recovery doctrine.

50.     **EQUAL PROTECTION -** Plaintiff's claims fail as a matter of substantive law and violate the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution and the South Carolina Constitution to the extent that by relying on market share or other aggregate proof of causation or liability, Plaintiff seeks to deprive Burlington of procedural and substantive safeguards including, but not limited to, statutory and common law defenses to liability and causation generally.

51.     **OTHER AFFIRMATIVE DEFENSES** - This Defendant adopts and incorporates by reference herein, as if fully set forth, all defenses, both affirmative and otherwise, raised, pleaded, or asserted by other Defendants but only to the extent applicable to Defendant sued by Plaintiffs as a premises defendant and only to the extent not inconsistent with the other responses and affirmative defenses asserted herein by this Defendant.

52.     **RESERVATION OF RIGHTS** - Defendant's first notice of the claims set forth in Plaintiffs' Complaint against it was service of said Complaint upon it, and accordingly, Defendant reserves the right to amend its Answer, if same becomes appropriate, after full investigation and discovery. Defendant further gives notice herein that it will rely on all defenses lawfully available to it at the time of trial and intends to rely upon any other defenses that may become available to apparent during the discovery proceedings in this action, and hereby reserves its right to supplement or amend its standard set of affirmative defenses and to assert any such defenses, and/or supplement, alter, or change the affirmative defenses asserted herein upon ascertaining additional or different facts during and upon completion of discovery and investigation.

ELECTRONICALLY FILED - 2025 Aug 01 3:05 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

## RESERVATION OF CROSS-CLAIMS

All Cross-Claims for contribution and for indemnity by this Defendant against all Co-Defendants and Third-Party Defendants are hereby reserved and implied.

## JURY DEMAND

This Defendant requests trial by jury on all issues so triable.

**WHEREFORE**, this Defendant prays the Court for the following relief:

1.     That the Complaint be dismissed with prejudice as to this Defendant;

2.     That all Cross-Claims against this Defendant be dismissed with prejudice;

3.     That the Plaintiffs and other Defendants and/or Third-Party Defendants have and recover nothing from this Defendant;

4.     That the costs of this action be taxed against the Plaintiffs and/or other Defendants and/or Third-Party Defendants;

5.     That any judgment against this Defendant be reduced by any amount that any employer of Plaintiff, their successors or assigns, would be entitled to receive therefrom by way of subrogation;

6.     That there be a trial by jury on all issues of fact; and

7.     For such other and further relief as the Court deems just and proper.


Respectfully submitted,


 /s/ Yancey A. McLeod III
Yancey A. McLeod, III (S.C. Bar No. 80911)
Joshua M. W. Salley (S.C. Bar No. 104243)
Maron Marvel Bradley Anderson & Tardy LLC
259 Seven Farms Drive Suite 300

Charleston, SC 29402
ymcleod@maronmarvel.com
Jsalley@maronmarvel.com

*Attorneys for J.P. Stevens & Company, Inc.*

July 24, 2025
Charleston, SC

ELECTRONICALLY FILED - 2025 Aug 01 3:05 PM - HORRY - COMMON PLEAS - CASE#2024CP2605523

ELECTRONICALLY FILED - 2025 Aug 05 3:33 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

STATE OF SOUTH CAROLINA

COUNTY OF SPARTANBURG

IN THE COURT OF COMMON PLEAS

FOR THE SEVENTH JUDICIAL CIRCUIT

In Re:
PFAS Litigation Coordinated Docket

Woodruff-Roebuck Water District,

Plaintiff,

v.

AFL Telecommunications, LLC, et al.

Defendants.

C.A. No. 2024-CP-42-02480

**ACCEPTANCE OF SERVICE
ON BEHALF OF
GTI CHEMICAL SOLUTIONS, INC.
& GTI CHEMICAL SOLUTIONS,
LLC**

Pursuant to Rule 4(j), SCRCP, I hereby accept and acknowledge service and my receipt via email of the Second Amended Summons and Second Amended Complaint in the above captioned matter on behalf of Defendants GTI Chemical Solutions, Inc. and GTI Chemical Solutions, LLC ("GTI"), effective this ___5th___ day of July, August DRC 2025, with no further service on GTI being necessary.

David Ross Clarke
3609 Stoney Ridge Trail
Midlothian, VA 23112
Dclarke0711@gmail.com

*Counsel for GTI Chemical Solutions, Inc. and GTI Chemical Solutions, LLC*

ELECTRONICALLY FILED - 2025 Aug 11 10:18 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

STATE OF SOUTH CAROLINA

COUNTY OF SPARTANBURG

IN RE:

PFAS LITIGATION COORDINATED DOCKET

IN THE COURT OF COMMON PLEAS

SEVENTH JUDICIAL CIRCUIT

Woodruff-Roebuck Water District,

*Plaintiff*,

v.

AFL Telecommunications, LLC, *et al.*,

*Defendants*.

C.A. No. 2024-CP-42-02480

**PROOF OF SERVICE**

Plaintiff Woodruff-Roebuck Water District ("Plaintiff") served Plaintiff's Second Amended Summons and Second Amended Complaint on Defendant AGC Chemicals Americas, Inc. ("AGC Chemicals") via certified mail, restricted delivery, mailed on July 29, 2025, from Spartanburg, SC to AGC Chemicals' registered agent, CT Corporation System, 2 Office Park Court, Ste. 103, Columbia, SC 29223. The date of delivery was August 1, 2025, as shown on the attached signed USPS Return Receipt Card.

*/s/ John B. White, Jr.*
John B. White, Jr. (SC Bar No. 05996)
Marghretta H. Shisko (SC Bar No. 100106)
Christopher R. Jones (SC Bar No. 101265)
Griffin L. Lynch (SC Bar No. 72518)
JOHN B. WHITE, JR., PA
PO Box 2465 (29304)
291 S. Pine Street

Spartanburg, SC 29302
(864) 594-5988
jwhite@johnbwhitelaw.com
mshisko@johnbwhitelaw.com
cjones@johnbwhitelaw.com
glynch@johnbwhitelaw.com

*Attorneys for Plaintiff*

Spartanburg, SC
August 11, 2025

ELECTRONICALLY FILED - 2025 Aug 11 10:18 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

ELECTRONICALLY FILED - 2025 Aug 11 10:18 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480



**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2 and 3.
- ■ Print your name ~~~~ ~~dress on the reverse so that ~~~~ ~~~~ ~~e card to you.
- ~~~~ the back of the mailpiece, ~ front if space permits.

Article Addressed to:

AGC Chemicals Americas, Inc.
c/o Registered Agent,
CT Corporation System
2 Office Park Court, Ste. 103
Columbia. SC 29223

RESTRICTED DELIVERY

9590 9402 9285 4295 4910 86

2. Article Number *(Transfer from service label)*

9589 0710 5270 2352 5722 56

PS Form **3811**, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X   Pam Johnson
☑ Agent
☐ Addressee

B. Received by *(Printed Name)*
Pam Johnson

C. Date of Delivery
8/1

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☑ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

ELECTRONICALLY FILED - 2025 Aug 11 10:18 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

STATE OF SOUTH CAROLINA

COUNTY OF SPARTANBURG

IN RE:

PFAS LITIGATION COORDINATED DOCKET

IN THE COURT OF COMMON PLEAS

SEVENTH JUDICIAL CIRCUIT

Woodruff-Roebuck Water District,

*Plaintiff*,

v.

AFL Telecommunications, LLC, *et al.*,

*Defendants*.

C.A. No. 2024-CP-42-02480

**PROOF OF SERVICE**

Plaintiff Woodruff-Roebuck Water District ("Plaintiff") served Plaintiff's Second Amended Summons and Second Amended Complaint on Defendant Arkema, Inc. ("Arkema") via certified mail, restricted delivery, mailed on July 29, 2025, from Spartanburg, SC to Arkema's registered agent, Corporation Service Company, 508 Meeting Street, West Columbia, SC 29169. The date of delivery was August 1, 2025, as shown on the attached signed USPS Return Receipt Card and USPS Tracking Results.

*/s/ John B. White, Jr.*
John B. White, Jr. (SC Bar No. 05996)
Marghretta H. Shisko (SC Bar No. 100106)
Christopher R. Jones (SC Bar No. 101265)
Griffin L. Lynch (SC Bar No. 72518)
JOHN B. WHITE, JR., PA
PO Box 2465 (29304)
291 S. Pine Street

Spartanburg, SC 29302
(864) 594-5988
jwhite@johnbwhitelaw.com
mshisko@johnbwhitelaw.com
cjones@johnbwhitelaw.com
glynch@johnbwhitelaw.com

*Attorneys for Plaintiff*

Spartanburg, SC
August 11, 2025

ELECTRONICALLY FILED - 2025 Aug 11 10:18 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

ELECTRONICALLY FILED - 2025 Aug 11 10:18 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Arkema, Inc.
c/o Registered Agent,
Corporation Service Company
508 Meeting Street
West Columbia, SC 29169

9590 9402 9285 4295 4910 55

2. Article Number *(Transfer from service label)*

9589 0710 5270 2830 3165 25

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X *Daniele Kriz*    ☐ Agent
                    ☐ Addressee

B. Received by *(Printed Name)*      C. Date of Delivery
10 AUG 2025

Daniele Kriz

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☒ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ ....il Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☒ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053          Domestic Return Receipt

# USPS Tracking®

Remove ✕

Tracking Number:

9589071052702830316525

Copy		Add to Informed Delivery (https://informeddelivery.usps.com/)

Latest Update

Your item was delivered to an individual at the address at 9:26 am on August 1, 2025 in WEST COLUMBIA, SC 29169.

**Get More Out of USPS Tracking:**

**USPS Tracking Plus®**

Delivered

Delivered, Left with Individual
WEST COLUMBIA, SC 29169
August 1, 2025, 9:26 am

**See All Tracking History**

**What Do USPS Tracking Statuses Mean? (https://faq.usps.com/s/article/Where-is-my-package)**

| | |
|---|---|
| **Text & Email Updates** | ⌄ |
| **USPS Tracking Plus®** | ⌄ |
| **Product Information** | ⌄ |

See Less ⌃

Track Another Package

Enter tracking or barcode numbers

## Need More Help?

Contact USPS Tracking support for further assistance.

**FAQs**

ELECTRONICALLY FILED - 2025 Aug 11 10:18 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

Feedback

ELECTRONICALLY FILED - 2025 Aug 11 10:18 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

STATE OF SOUTH CAROLINA

COUNTY OF SPARTANBURG

IN RE:

PFAS LITIGATION COORDINATED DOCKET

---

IN THE COURT OF COMMON PLEAS

SEVENTH JUDICIAL CIRCUIT

Woodruff-Roebuck Water District,

*Plaintiff*,

v.

AFL Telecommunications, LLC, *et al.*,

*Defendants*.

C.A. No. 2024-CP-42-02480

**PROOF OF SERVICE**

Plaintiff Woodruff-Roebuck Water District ("Plaintiff") served Plaintiff's Second Amended Summons and Second Amended Complaint on Defendant The Chemours Company ("Chemours") via certified mail, restricted delivery, mailed on July 29, 2025, from Spartanburg, SC to Chemours' registered agent, CT Corporation System, 2 Office Park Court, Ste. 103, Columbia, SC 29223. The date of delivery was August 4, 2025, as shown on the attached signed USPS Return Receipt Card.

*/s/ John B. White, Jr.*
John B. White, Jr. (SC Bar No. 05996)
Marghretta H. Shisko (SC Bar No. 100106)
Christopher R. Jones (SC Bar No. 101265)
Griffin L. Lynch (SC Bar No. 72518)
JOHN B. WHITE, JR., PA
PO Box 2465 (29304)
291 S. Pine Street

Spartanburg, SC 29302
(864) 594-5988
jwhite@johnbwhitelaw.com
mshisko@johnbwhitelaw.com
cjones@johnbwhitelaw.com
glynch@johnbwhitelaw.com

*Attorneys for Plaintiff*

Spartanburg, SC
August 11, 2025

ELECTRONICALLY FILED - 2025 Aug 11 10:18 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480



ELECTRONICALLY FILED - 2025 Aug 11 10:18 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

ELECTRONICALLY FILED - 2025 Aug 11 10:18 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

STATE OF SOUTH CAROLINA

COUNTY OF SPARTANBURG

IN THE COURT OF COMMON PLEAS

SEVENTH JUDICIAL CIRCUIT

IN RE:

PFAS LITIGATION COORDINATED DOCKET

Woodruff-Roebuck Water District,

*Plaintiff*,

v.

AFL Telecommunications, LLC, *et al.*,

*Defendants*.

C.A. No. 2024-CP-42-02480

**PROOF OF SERVICE**

Plaintiff Woodruff-Roebuck Water District ("Plaintiff") served Plaintiff's Second Amended Summons and Second Amended Complaint on Defendant Clariant Corporation ("Clariant") via certified mail, restricted delivery, mailed on July 29, 2025, from Spartanburg, SC to Clariant's registered agent, Corporation Service Company, 508 Meeting Street, West Columbia, SC 29169. The date of delivery was August 1, 2025, as shown on the attached signed USPS Return Receipt Card and USPS Tracking Results.

*/s/ John B. White, Jr.*
John B. White, Jr. (SC Bar No. 05996)
Marghretta H. Shisko (SC Bar No. 100106)
Christopher R. Jones (SC Bar No. 101265)
Griffin L. Lynch (SC Bar No. 72518)
JOHN B. WHITE, JR., PA
PO Box 2465 (29304)
291 S. Pine Street

Spartanburg, SC 29302
(864) 594-5988
jwhite@johnbwhitelaw.com
mshisko@johnbwhitelaw.com
cjones@johnbwhitelaw.com
glynch@johnbwhitelaw.com

*Attorneys for Plaintiff*

Spartanburg, SC
August 11, 2025

ELECTRONICALLY FILED - 2025 Aug 11 10:18 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

ELECTRONICALLY FILED - 2025 Aug 11 10:18 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Clariant Corporation
c/o Registered Agent,
Corporation Service Company
508 Meeting Street
West Columbia, SC 29169

9590 9402 9285 4295 4910 48

2. Article Number (Transfer from service label)

9589 0710 5270 2830 3165 32

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X Daniele Kriz

☐ Agent
☐ Addressee

B. Received by (Printed Name)          C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:          ☐ No

Daniele Kriz

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☒ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☒ Signature Confirmation Restricted Delivery

Domestic Return Receipt

# USPS Tracking®

FAQs ›

Remove ✕

Tracking Number:

9589071052702830316532

Copy      Add to Informed Delivery (https://informeddelivery.usps.com/)

### Latest Update

Your item was delivered to an individual at the address at 9:26 am on August 1, 2025 in WEST COLUMBIA, SC 29169.

**Get More Out of USPS Tracking:**

**USPS Tracking Plus®**

### Delivered

Delivered, Left with Individual
WEST COLUMBIA, SC 29169
August 1, 2025, 9:26 am

**See All Tracking History**

**What Do USPS Tracking Statuses Mean? (https://faq.usps.com/s/article/Where-is-my-package)**

| | |
|---|---|
| **Text & Email Updates** | ⌄ |
| **USPS Tracking Plus®** | ⌄ |
| **Product Information** | ⌄ |

See Less ⌃

Track Another Package

Enter tracking or barcode numbers

## Need More Help?

Contact USPS Tracking support for further assistance.

**FAQs**

ELECTRONICALLY FILED - 2025 Aug 11 10:18 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

Feedback

ELECTRONICALLY FILED - 2025 Aug 11 10:18 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

STATE OF SOUTH CAROLINA

COUNTY OF SPARTANBURG

IN THE COURT OF COMMON PLEAS

SEVENTH JUDICIAL CIRCUIT

IN RE:

PFAS LITIGATION COORDINATED DOCKET

---

Woodruff-Roebuck Water District,

*Plaintiff*,

v.

AFL Telecommunications, LLC, *et al.*,

*Defendants*.

C.A. No. 2024-CP-42-02480

**PROOF OF SERVICE**

Plaintiff Woodruff-Roebuck Water District ("Plaintiff") served Plaintiff's Second Amended Summons and Second Amended Complaint on Defendant EIDP, Inc. ("EIDP") via certified mail, restricted delivery, mailed on July 29, 2025, from Spartanburg, SC to EIDP's registered agent, CT Corporation System, 2 Office Park Court, Ste. 103, Columbia, SC 29223. The date of delivery was August 1, 2025, as shown on the attached signed USPS Return Receipt Card.

*/s/ John B. White, Jr.*
John B. White, Jr. (SC Bar No. 05996)
Marghretta H. Shisko (SC Bar No. 100106)
Christopher R. Jones (SC Bar No. 101265)
Griffin L. Lynch (SC Bar No. 72518)
JOHN B. WHITE, JR., PA
PO Box 2465 (29304)
291 S. Pine Street
Spartanburg, SC 29302
(864) 594-5988

jwhite@johnbwhitelaw.com
mshisko@johnbwhitelaw.com
cjones@johnbwhitelaw.com
glynch@johnbwhitelaw.com

*Attorneys for Plaintiff*

Spartanburg, SC
August 11, 2025

ELECTRONICALLY FILED - 2025 Aug 11 10:18 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480



ELECTRONICALLY FILED - 2025 Aug 11 10:18 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

STATE OF SOUTH CAROLINA

COUNTY OF SPARTANBURG

IN THE COURT OF COMMON PLEAS

SEVENTH JUDICIAL CIRCUIT

IN RE:

PFAS LITIGATION COORDINATED DOCKET

---

Woodruff-Roebuck Water District,

*Plaintiff*,

v.

AFL Telecommunications, LLC, *et al.*,

*Defendants*.

C.A. No. 2024-CP-42-02480

**PROOF OF SERVICE**

Plaintiff Woodruff-Roebuck Water District ("Plaintiff") served Plaintiff's Second Amended Summons and Second Amended Complaint on Defendant Solvay Specialty Polymers USA, LLC ("Solvay Specialty") via certified mail, restricted delivery, mailed on July 29, 2025, from Spartanburg, SC to Solvay Specialty's registered agent, Corporation Service Company, 508 Meeting Street, West Columbia, SC 29169. The date of delivery was August 1, 2025, as shown on the attached signed USPS Return Receipt Card and USPS Tracking Results.

*/s/ John B. White, Jr.*
John B. White, Jr. (SC Bar No. 05996)
Marghretta H. Shisko (SC Bar No. 100106)
Christopher R. Jones (SC Bar No. 101265)
Griffin L. Lynch (SC Bar No. 72518)
JOHN B. WHITE, JR., PA
PO Box 2465 (29304)
291 S. Pine Street

ELECTRONICALLY FILED - 2025 Aug 11 10:18 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

Spartanburg, SC 29302
(864) 594-5988
jwhite@johnbwhitelaw.com
mshisko@johnbwhitelaw.com
cjones@johnbwhitelaw.com
glynch@johnbwhitelaw.com

*Attorneys for Plaintiff*

Spartanburg, SC
August 11, 2025

ELECTRONICALLY FILED - 2025 Aug 11 10:18 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480



ELECTRONICALLY FILED - 2025 Aug 11 10:18 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

# USPS Tracking®

FAQs >

Remove ✕

Tracking Number:

9589071052702830316549

Copy        Add to Informed Delivery (https://informeddelivery.usps.com/)

## Latest Update

Your item was delivered to an individual at the address at 9:26 am on August 1, 2025 in WEST COLUMBIA, SC 29169.

**Get More Out of USPS Tracking:**

**USPS Tracking Plus®**

### Delivered

Delivered, Left with Individual
WEST COLUMBIA, SC 29169
August 1, 2025, 9:26 am

**See All Tracking History**

**What Do USPS Tracking Statuses Mean? (https://faq.usps.com/s/article/Where-is-my-package)**

| | |
|---|---|
| **Text & Email Updates** | ⌄ |
| **USPS Tracking Plus®** | ⌄ |
| **Product Information** | ⌄ |

See Less ⌃

Track Another Package

Enter tracking or barcode numbers

## Need More Help?

Contact USPS Tracking support for further assistance.

**FAQs**

ELECTRONICALLY FILED - 2025 Aug 11 10:18 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

Feedback

ELECTRONICALLY FILED - 2025 Aug 12 3:48 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

STATE OF SOUTH CAROLINA

COUNTY OF SPARTANBURG

IN THE COURT OF COMMON PLEAS

FOR THE SEVENTH JUDICIAL CIRCUIT

In Re:
PFAS Litigation Coordinated Docket

Woodruff-Roebuck Water District,

                              *Plaintiff,*

        v.

AFL Telecommunications, LLC, et al.

                              *Defendants.*

C.A. No. 2024-CP-42-02480

**ACCEPTANCE OF SERVICE
ON BEHALF OF
TORAY COMPOSITE MATERIALS
AMERICA, INC.**

Pursuant to Rule 4(j), SCRCP, I hereby accept and acknowledge service and my receipt via email of the Second Amended Summons and Second Amended Complaint in the above captioned matter on behalf of Defendant Toray Composite Materials America, Inc. ("Toray"), effective this __12th__ day of August, 2025, with no further service on Toray being necessary.

Jordan N. Teich
Hannah E. Smith
Copeland, Stair, Valz & Lovell, LLP
40 Calhoun Street, Ste. 400
Charleston, SC 29401
(843) 727-0307
jteich@csvl.law
hsmith@csvl.law

*Counsel for Toray Composite Materials America, Inc.*

STATE OF SOUTH CAROLINA

COUNTY OF SPARTANBURG

IN RE:

PFAS LITIGATION COORDINATED DOCKET

Woodruff-Roebuck Water District,

*Plaintiff*,

v.

AFL Telecommunications, LLC, *et al.*,

*Defendants*.

IN THE COURT OF COMMON PLEAS

SEVENTH JUDICIAL CIRCUIT

C.A. No. 2024-CP-42-02480

**PROOF OF SERVICE**

Plaintiff Woodruff-Roebuck Water District ("Plaintiff") served Plaintiff's Second Amended Summons and Second Amended Complaint on Defendant Huntsman International, LLC ("Huntsman") via certified mail, restricted delivery, mailed on July 29, 2025, from Spartanburg, SC to Huntsman's registered agent, Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808. The date of delivery was August 4, 2025, as shown on the attached signed USPS Return Receipt Card.

*/s/ John B. White, Jr.*
John B. White, Jr. (SC Bar No. 05996)
Marghretta H. Shisko (SC Bar No. 100106)
Christopher R. Jones (SC Bar No. 101265)
Griffin L. Lynch (SC Bar No. 72518)
JOHN B. WHITE, JR., PA
PO Box 2465 (29304)
291 S. Pine Street

ELECTRONICALLY FILED - 2025 Aug 12 10:02 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

Spartanburg, SC 29302
(864) 594-5988
jwhite@johnbwhitelaw.com
mshisko@johnbwhitelaw.com
cjones@johnbwhitelaw.com
glynch@johnbwhitelaw.com

*Attorneys for Plaintiff*

Spartanburg, SC
August 12, 2025

ELECTRONICALLY FILED - 2025 Aug 12 10:02 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

ELECTRONICALLY FILED - 2025 Aug 12 10:02 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480



**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Huntsman International, LLC
c/o Registered Agent,
Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

9590 9402 9285 4295 4910 24

2. Article Number (Transfer from service label)

9589 0710 5270 2830 3165 56

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X  Ryan MacArthur     ☐ Agent
                      ☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

AUG 04 2025
RESTRICTED DELIVERY

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Mail
☐ Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053     Domestic Return Receipt

ELECTRONICALLY FILED - 2025 Aug 12 4:58 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF SPARTANBURG<br><br>IN RE: PFAS LITIGAITON<br>COORDINATED DOCKET<br><br>WOODRUFF-ROEBUCK WATER<br>DISTRICT,<br><br>        Plaintiff,<br><br>vs.<br><br>AFL TELECOMMUNICATIONS, LLC;<br>AGC CHEMICALS AMERICAS, INC.;<br>ARKEMA, INC.; CLARIANT<br>CORPORATION; CORTEVA, INC.;<br>CRYOVAC, INC.; CRYOVAC, LLC;<br>DAIKIN AMERICAN, INC.; DUPONT DE<br>NEMOURS, INC.; EIDP, INC.; GTI<br>CHEMICAL SOLUTIONS, INC.; GTI<br>CHEMICAL SOLUTIONS, LLC; M.<br>LOWENSTEIN CORPORATION;<br>MOCOM COMPOUNDS<br>CORPORATION; PLASTIC OMNIUM<br>AUTO EXTERIORS, LLC; ROEBUCK<br>DISPOSAL, LLC; SOLVAY SPECIALITY<br>POLYMERS USA, LLC; SPRINGS<br>INDUSTRIES, INC.; STARCHEM, LLC;<br>SYNTHOMER USA, LLC; THE<br>CHEMOURS COMPANY; TORAY<br>COMPOSITE MATERIALS AMERICA,<br>INC.; WASTE MANAGEMENT OF<br>SOUTH CAROLINA, INC.,<br><br>        Defendants. | IN THE COURT OF COMMON PLEAS<br>SEVENTH JUDICIAL CIRCUIT<br><br><br><br><br>CASE NO.: 2024-CP-42-02480<br><br><br>**DEFENDANT TORAY COMPOSITE<br>MATERIALS AMERICA, INC.'S<br>ANSWER AND AFFIRMATIVE<br>DEFENSES TO PLAINTIFF'S<br>SECOND AMENDED COMPLAINT** |

Defendant Toray Composite Materials America, Inc. ("TCMA"), pursuant to *South Carolina Rules of Civil Procedure*, Rules 7 and 12, hereby files its Answer to Plaintiff Woodruff-Roebuck Water District's ("WRWD") Second Amended Complaint and asserts its Affirmative Defenses, denying every allegation not specifically admitted.

7794198v.1

ELECTRONICALLY FILED - 2025 Aug 12 4:58 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

## STATEMENT OF THE CASE

1.     TCMA admits WRWD has brought an action against TCMA and other defendants. TCMA denies it has contaminated the North Tyger River, Middle Tyger River, South Tyger River, or WRWD's property with any per- or polyfluoroalkyl substances ("PFAS"), including but not limited to, perfluorooctanoic acid ("PFOA"), perfluorooctanesulfonic acid ("PFOS"), perfluorononanoic acid ("PFNA"), perfluorobutane sulfonate ("PFBS"), perfluorohexane sulfonate ("PFHxS"), and hexafluoropropylene oxide dimer acid ("HFPO-DA" or "GenX Chemicals").

2.     TCMA denies the allegations directed at it in Paragraph No. 2 of the Second Amended Complaint. TCMA is without sufficient information to admit or deny the allegations as to the other defendants in Paragraph No. 2 of the Second Amended Complaint and therefore denies the remaining allegations in Paragraph No. 2 of the Second Amended Complaint.

3.     TCMA is without sufficient information to admit or deny the allegations contained in Paragraph No. 3 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 3 of the Second Amended Complaint.

4.     TCMA admits it owns and operates a facility upstream of WRWD. TCMA denies the remaining allegations in Paragraph No. 4 directed at TCMA. TCMA is without sufficient information to admit or deny the allegations as to the other defendants in Paragraph No. 4 of the Second Amended Complaint and therefore denies the remaining allegations in Paragraph No. 4 of the Second Amended Complaint.

5.     TCMA denies the allegations in Paragraph No. 5 directed at TCMA. TCMA is without sufficient information to admit or deny the allegations as to the other defendants in

7794198v.1

ELECTRONICALLY FILED - 2025 Aug 12 4:58 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

Paragraph No. 5 of the Second Amended Complaint and therefore denies the remaining allegations in Paragraph No. 5 of the Second Amended Complaint.

6.    TCMA denies the allegations in Paragraph No. 6 directed at TCMA. TCMA is without sufficient information to admit or deny the allegations as to the other defendants in Paragraph No. 6 of the Second Amended Complaint and therefore denies the remaining allegations in Paragraph No. 6 of the Second Amended Complaint.

7.    TCMA denies the allegations in Paragraph No. 7 directed at TCMA. TCMA is without sufficient information to admit or deny the allegations as to the other defendants in Paragraph No. 7 of the Second Amended Complaint and therefore denies the remaining allegations in Paragraph No. 7 of the Second Amended Complaint.

## **DISCLAIMER**

8.    Paragraph No. 8 of the Second Amended Complaint does not set forth allegations against TCMA that require a response. To the extent a response is required, TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 8 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 8 of the Second Amended Complaint.

9.    Paragraph No. 9 of the Second Amended Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 9 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 9 of the Second Amended Complaint

7794198v.1

ELECTRONICALLY FILED - 2025 Aug 12 4:58 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

**JURISDICTION AND VENUE**

5.[1] Paragraph No. 5 of the Second Amended Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, TCMA denies the allegations in Paragraph No. 5 of the Second Amended Complaint directed at TCMA. TCMA is without sufficient information to admit or deny the remaining allegations in Paragraph No. 5 of the Second Amended Complaint and therefore denies the remaining allegations in Paragraph No. 5 of the Second Amended Complaint.

6.      Paragraph No. 6 of the Second Amended Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, TCMA denies the allegations in Paragraph No. 6 of the Second Amended Complaint directed at TCMA. TCMA is without sufficient information to admit or deny the remaining allegations in Paragraph No. 6 of the Second Amended Complaint and therefore denies the remaining allegations in Paragraph No. 6 of the Second Amended Complaint.

7.      Paragraph No. 7 of the Second Amended Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, TCMA denies the allegations in Paragraph No. 7 of the Second Amended Complaint directed at TCMA. TCMA is without sufficient information to admit or deny the remaining allegations in Paragraph No. 7 of the Second Amended Complaint and therefore denies the remaining allegations in Paragraph No. 7 of the Second Amended Complaint.

---

[1] Plaintiff's Second Amended Complaint is not consecutively numbered. For ease of reference, the numbering in this Answer is consistent with Plaintiff's Second Amended Complaint.

7794198v.1

ELECTRONICALLY FILED - 2025 Aug 12 4:58 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

**PARTIES**

8.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 8 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 8 of the Second Amended Complaint.

9.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 9 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 9 of the Second Amended Complaint.

10.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 10 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 10 of the Second Amended Complaint.

11.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 11 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 11 of the Second Amended Complaint.

12.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 12 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 12 of the Second Amended Complaint.

13.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 13 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 13 of the Second Amended Complaint.

14.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 14 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 14 of the Second Amended Complaint.

7794198v.1

ELECTRONICALLY FILED - 2025 Aug 12 4:58 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

15.    TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 15 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 15 of the Second Amended Complaint.

16.    TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 16 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 16 of the Second Amended Complaint.

17.    TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 17 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 17 of the Second Amended Complaint.

18.    TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 18 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 18 of the Second Amended Complaint.

19.    TCMA admits it is a Washington Corporation authorized to do business in the State of South Carolina and has conducted business in Spartanburg County since approximately 2016. TCMA admits it operates a facility located at 2202 Moore Duncan highway, Moore, South Carolina 29369. TCMA denies the remaining allegations in Paragraph No. 19 of the Second Amended Complaint.

20.    TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 20 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 20 of the Second Amended Complaint.

21.    TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 21 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 21 of the Second Amended Complaint.

7794198v.1

ELECTRONICALLY FILED - 2025 Aug 12 4:58 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

22.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 22 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 22 of the Second Amended Complaint.

23.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 23 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 23 of the Second Amended Complaint.

24.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 24 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 24 of the Second Amended Complaint.

25.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 25 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 25 of the Second Amended Complaint.

26.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 26 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 26 of the Second Amended Complaint.

27.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 27 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 27 of the Second Amended Complaint.

28.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 28 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 28 of the Second Amended Complaint.

7794198v.1

ELECTRONICALLY FILED - 2025 Aug 12 4:58 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

29.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 29 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 29 of the Second Amended Complaint.

30.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 30 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 30 of the Second Amended Complaint.

## FACTUAL ALLEGATIONS

31.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 31 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 31 of the Second Amended Complaint.

32.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 32 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 32 of the Second Amended Complaint.

33.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 33 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 33 of the Second Amended Complaint.

34.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 34 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 34 of the Second Amended Complaint.

35.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 35 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 35 of the Second Amended Complaint.

7794198v.1

ELECTRONICALLY FILED - 2025 Aug 12 4:58 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

36.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 36 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 36 of the Second Amended Complaint.

37.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 37 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 37 of the Second Amended Complaint.

38.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 38 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 38 of the Second Amended Complaint.

39.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 39 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 39 of the Second Amended Complaint.

40.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 40 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 40 of the Second Amended Complaint.

41.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 41 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 41 of the Second Amended Complaint.

42.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 42 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 42 of the Second Amended Complaint.

7794198v.1

43.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 43 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 43 of the Second Amended Complaint.

44.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 44 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 44 of the Second Amended Complaint.

45.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 45 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 45 of the Second Amended Complaint.

46.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 46 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 46 of the Second Amended Complaint.

47.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 47 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 47 of the Second Amended Complaint.

48.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 48 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 48 of the Second Amended Complaint.

49.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 49 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 49 of the Second Amended Complaint.

ELECTRONICALLY FILED - 2025 Aug 12 4:58 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

7794198v.1

ELECTRONICALLY FILED - 2025 Aug 12 4:58 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

50.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 50 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 50 of the Second Amended Complaint.

51.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 51 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 51 of the Second Amended Complaint.

52.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 52 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 52 of the Second Amended Complaint.

53.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 53 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 53 of the Second Amended Complaint.

54.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 54 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 54 of the Second Amended Complaint.

55.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 55 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 55 of the Second Amended Complaint.

56.     TCMA admits the allegations in Paragraph No. 56 of the Second Amended Complaint.

57.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 57 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 57 of the Second Amended Complaint.

7794198v.1

58.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 58 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 58 of the Second Amended Complaint.

59.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 59 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 59 of the Second Amended Complaint.

60.     TCMA admits it owns and operates a facility in Spartanburg County. TCMA denies the remaining allegations in Paragraph No. 60 directed at TCMA. TCMA is without sufficient information to admit or deny the allegations as to the other defendants in Paragraph No. 60 of the Second Amended Complaint and therefore denies the remaining allegations in Paragraph No. 60 of the Second Amended Complaint.

61.     TCMA denies it uses products that contain or degrade to PFOA, PFOS, PFHxS, PFNA, PFBS, or GenX Chemicals. TCMA is without sufficient information to admit or deny the remaining allegations in Paragraph No. 61 of the Second Amended Complaint and therefore denies the remaining allegations in Paragraph No. 61 of the Second Amended Complaint.

62.     TCMA denies it uses products that contain or degrade to PFOA, PFOS, PFHxS, PFNA, PFBS, or GenX Chemicals. TCMA is without sufficient information to admit or deny the remaining allegations in Paragraph No. 62 of the Second Amended Complaint and therefore denies the remaining allegations in Paragraph No. 62 of the Second Amended Complaint.

63.     TCMA denies it uses products that contain or degrade to PFOA, PFOS, PFHxS, PFNA, PFBS, or GenX Chemicals. TCMA is without sufficient information to admit or deny the remaining allegations in Paragraph No. 63 of the Second Amended Complaint and therefore denies the remaining allegations in Paragraph No. 63 of the Second Amended Complaint.

7794198v.1

ELECTRONICALLY FILED - 2025 Aug 12 4:58 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

ELECTRONICALLY FILED - 2025 Aug 12 4:58 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

64.     TCMA denies the allegations in Paragraph No. 64 directed at TCMA. TCMA is without sufficient information to admit or deny the allegations as to the other defendants in Paragraph No. 64 of the Second Amended Complaint and therefore denies the remaining allegations in Paragraph No. 64 of the Second Amended Complaint.

65.     TCMA denies the allegations in Paragraph No. 65 directed at TCMA. TCMA is without sufficient information to admit or deny the allegations as to the other defendants in Paragraph No. 65 of the Second Amended Complaint and therefore denies the remaining allegations in Paragraph No. 65 of the Second Amended Complaint.

66.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 66 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 66 of the Second Amended Complaint.

67.     TCMA denies the allegations in Paragraph No. 67 directed at TCMA. TCMA is without sufficient information to admit or deny the allegations as to the other defendants in Paragraph No. 67 of the Second Amended Complaint and therefore denies the remaining allegations in Paragraph No. 67 of the Second Amended Complaint.

68.     TCMA denies the allegations in Paragraph No. 68 directed at TCMA. TCMA is without sufficient information to admit or deny the allegations as to the other defendants in Paragraph No. 68 of the Second Amended Complaint and therefore denies the remaining allegations in Paragraph No. 68 of the Second Amended Complaint.

69.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 69 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 69 of the Second Amended Complaint.

7794198v.1

ELECTRONICALLY FILED - 2025 Aug 12 4:58 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

70.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 70 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 70 of the Second Amended Complaint.

71.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 71 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 71 of the Second Amended Complaint.

72.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 72 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 72 of the Second Amended Complaint.

73.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 73 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 73 of the Second Amended Complaint.

74.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 74 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 74 of the Second Amended Complaint.

75.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 75 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 75 of the Second Amended Complaint.

76.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 76 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 76 of the Second Amended Complaint.

7794198v.1

77.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 77 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 77 of the Second Amended Complaint.

78.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 78 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 78 of the Second Amended Complaint.

79.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 79 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 79 of the Second Amended Complaint.

80.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 80 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 80 of the Second Amended Complaint.

81.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 81 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 81of the Second Amended Complaint.

82.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 82 of the Second Amended Complaint and therefore denies the allegations in Paragraph No.82 of the Second Amended Complaint.

83.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 83 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 83 of the Second Amended Complaint.

ELECTRONICALLY FILED - 2025 Aug 12 4:58 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

7794198v.1

ELECTRONICALLY FILED - 2025 Aug 12 4:58 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

84.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 84 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 84 of the Second Amended Complaint.

85.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 85 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 85 of the Second Amended Complaint.

86.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 86 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 86 of the Second Amended Complaint.

87.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 87 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 87 of the Second Amended Complaint.

88.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 88 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 88 of the Second Amended Complaint.

89.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 89 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 89 of the Second Amended Complaint.

90.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 90 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 90 of the Second Amended Complaint.

7794198v.1

ELECTRONICALLY FILED - 2025 Aug 12 4:58 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

91.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 91 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 91 of the Second Amended Complaint.

92.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 92 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 92 of the Second Amended Complaint.

93.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 93 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 93 of the Second Amended Complaint.

94.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 94 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 94 of the Second Amended Complaint.

95.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 95 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 95 of the Second Amended Complaint, including all subparts thereof.

96.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 96 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 96 of the Second Amended Complaint.

97.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 97 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 97 of the Second Amended Complaint.

7794198v.1

ELECTRONICALLY FILED - 2025 Aug 12 4:58 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

98.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 98 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 98 of the Second Amended Complaint.

99.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 99 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 99 of the Second Amended Complaint.

100.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 100 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 100 of the Second Amended Complaint.

101.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 101 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 101 of the Second Amended Complaint.

102.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 102 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 102 of the Second Amended Complaint.

103.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 103 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 103 of the Second Amended Complaint.

104.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 104 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 104 of the Second Amended Complaint.

7794198v.1

ELECTRONICALLY FILED - 2025 Aug 12 4:58 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

105.    TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 105 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 105 of the Second Amended Complaint.

106.    TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 106 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 106 of the Second Amended Complaint.

107.    TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 107 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 107 of the Second Amended Complaint.

108.    TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 108 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 108 of the Second Amended Complaint.

109.    TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 109 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 109 of the Second Amended Complaint.

110.    TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 110 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 110 of the Second Amended Complaint.

111.    TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 111 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 111 of the Second Amended Complaint.

7794198v.1

ELECTRONICALLY FILED - 2025 Aug 12 4:58 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

112.    TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 112 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 112 of the Second Amended Complaint.

113.    TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 113 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 113 of the Second Amended Complaint.

114.    TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 114 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 114 of the Second Amended Complaint.

115.    TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 115 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 115 of the Second Amended Complaint.

116.    TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 116 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 116 of the Second Amended Complaint.

117.    TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 117 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 117 of the Second Amended Complaint.

118.    TCMA denies the allegations in Paragraph No. 118 directed at TCMA. TCMA is without sufficient information to admit or deny the allegations as to the other defendants in Paragraph No. 118 of the Second Amended Complaint and therefore denies the remaining allegations in Paragraph No. 118 of the Second Amended Complaint.

7794198v.1

ELECTRONICALLY FILED - 2025 Aug 12 4:58 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

119.     TCMA denies the allegations in Paragraph No. 119 directed at TCMA. TCMA is without sufficient information to admit or deny the allegations as to the other defendants in Paragraph No. 119 of the Second Amended Complaint and therefore denies the remaining allegations in Paragraph No. 119 of the Second Amended Complaint.

120.     TCMA denies the allegations in Paragraph No. 120 directed at TCMA. TCMA is without sufficient information to admit or deny the allegations as to the other defendants in Paragraph No. 120 of the Second Amended Complaint and therefore denies the remaining allegations in Paragraph No. 120 of the Second Amended Complaint.

121.     TCMA denies the allegations in Paragraph No. 121 directed at TCMA. TCMA is without sufficient information to admit or deny the allegations as to the other defendants in Paragraph No. 121 of the Second Amended Complaint and therefore denies the remaining allegations in Paragraph No. 121 of the Second Amended Complaint.

122.     TCMA denies the allegations in Paragraph No. 122, and all subparts thereof, directed at TCMA. TCMA is without sufficient information to admit or deny the allegations as to the other defendants in Paragraph No. 122 of the Second Amended Complaint and therefore denies the remaining allegations in Paragraph No. 122 of the Second Amended Complaint, and all subparts thereof.

## FIRST CAUSE OF ACTION
### Private Nuisance

123.     TCMA adopts and reasserts as though fully set forth herein its responses to Paragraphs Nos. 1 through 122 of the Second Amended Complaint.

124.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 124 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 124 of the Second Amended Complaint.

-21-

7794198v.1

ELECTRONICALLY FILED - 2025 Aug 12 4:58 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

125. TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 125 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 125 of the Second Amended Complaint.

126. TCMA denies the allegations in Paragraph No. 126 of the Second Amended Complaint.

127. TCMA denies the allegations in Paragraph No. 127 of the Second Amended Complaint.

128. TCMA denies the allegations in Paragraph No. 128 of the Second Amended Complaint.

129. TCMA denies the allegations in Paragraph No. 129 of the Second Amended Complaint.

130. TCMA denies the allegations in Paragraph No. 130 of the Second Amended Complaint.

131. TCMA denies the allegations in Paragraph No. 131 of the Second Amended Complaint.

132. TCMA denies the allegations in Paragraph No. 132 of the Second Amended Complaint.

133. TCMA denies the allegations in Paragraph No. 133 of the Second Amended Complaint.

134. TCMA denies the allegations in Paragraph No. 134 of the Second Amended Complaint.

7794198v.1

## SECOND CAUSE OF ACTION
### Public Nuisance

135.   TCMA adopts and reasserts as though fully set forth herein its responses to Paragraphs Nos. 1 through 134 of the Second Amended Complaint.

136.   TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 136 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 136 of the Second Amended Complaint.

137.   TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 137 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 137 of the Second Amended Complaint.

138.   TCMA denies the allegations in Paragraph No. 138 of the Second Amended Complaint.

139.   TCMA denies the allegations in Paragraph No. 139 of the Second Amended Complaint.

140.   TCMA denies the allegations in Paragraph No. 140 of the Second Amended Complaint.

141.   TCMA denies the allegations in Paragraph No. 141 of the Second Amended Complaint.

142.   TCMA denies the allegations in Paragraph No. 142 of the Second Amended Complaint.

143.   TCMA denies the allegations in Paragraph No. 143 of the Second Amended Complaint.

144.   TCMA denies the allegations in Paragraph No. 144 of the Second Amended Complaint.

7794198v.1

ELECTRONICALLY FILED - 2025 Aug 12 4:58 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

ELECTRONICALLY FILED - 2025 Aug 12 4:58 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

145.     TCMA denies the allegations in Paragraph No. 145 of the Second Amended Complaint.

146.     TCMA denies the allegations in Paragraph No. 146 of the Second Amended Complaint.

### THIRD CAUSE OF ACTION
**Trespass**

147.     TCMA adopts and reasserts as though fully set forth herein its responses to Paragraphs Nos. 1 through 146 of the Second Amended Complaint.

148.     TCMA is without sufficient information to admit or deny the allegations in Paragraph No. 148 of the Second Amended Complaint and therefore denies the allegations in Paragraph No. 148 of the Second Amended Complaint.

149.     TCMA denies the allegations in Paragraph No. 149 of the Second Amended Complaint, and all subparts thereto.

150.     TCMA denies the allegations in Paragraph No. 150 of the Second Amended Complaint, and all subparts thereto.

151.     TCMA denies the allegations in Paragraph No. 151 of the Second Amended Complaint.

152.     TCMA denies the allegations in Paragraph No. 152 of the Second Amended Complaint.

153.     TCMA denies the allegations in Paragraph No. 153 of the Second Amended Complaint.

154.     TCMA denies the allegations in Paragraph No. 154 of the Second Amended Complaint.

-24-

7794198v.1

ELECTRONICALLY FILED - 2025 Aug 12 4:58 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

155.     TCMA denies the allegations in Paragraph No. 155 of the Second Amended Complaint.

156.     TCMA denies the allegations in Paragraph No. 156 of the Second Amended Complaint.

157.     TCMA denies the allegations in Paragraph No. 157 of the Second Amended Complaint.

## FOURTH CAUSE OF ACTION
### Negligence, Gross Negligence, and/or Recklessness

158.     TCMA adopts and reasserts as though fully set forth herein its responses to Paragraphs Nos. 1 through 157 of the Second Amended Complaint.

159.     TCMA denies the allegations in Paragraph No. 159 of the Second Amended Complaint.

160.     TCMA denies the allegations in Paragraph No. 160 of the Second Amended Complaint.

161.     TCMA denies the allegations in Paragraph No. 161 of the Second Amended Complaint.

162.     TCMA denies the allegations in Paragraph No. 162 of the Second Amended Complaint.

163.     TCMA denies the allegations in Paragraph No. 163 of the Second Amended Complaint.

164.     TCMA denies the allegations in Paragraph No. 164 of the Second Amended Complaint.

165.     TCMA denies the allegations in Paragraph No. 165 of the Second Amended Complaint.

7794198v.1

166.    TCMA denies the allegations in Paragraph No. 166 of the Second Amended Complaint.

**FIFTH CAUSE OF ACTION**
**Strict Products Liability – Failure to Warn (Supplier Defendants)**

167.    TCMA adopts and reasserts as though fully set forth herein its responses to Paragraphs Nos. 1 through 167 of the Second Amended Complaint.

168.    TCMA denies the allegations in Paragraph No. 168 directed at TCMA. TCMA is without sufficient information to admit or deny the allegations as to the other defendants in Paragraph No. 168 of the Second Amended Complaint and therefore denies the remaining allegations in Paragraph No. 168 of the Second Amended Complaint.

169.    TCMA denies the allegations in Paragraph No. 169 directed at TCMA. TCMA is without sufficient information to admit or deny the allegations as to the other defendants in Paragraph No. 169 of the Second Amended Complaint and therefore denies the remaining allegations in Paragraph No. 169 of the Second Amended Complaint.

170.    TCMA denies the allegations in Paragraph No. 170 directed at TCMA. TCMA is without sufficient information to admit or deny the allegations as to the other defendants in Paragraph No. 170 of the Second Amended Complaint and therefore denies the remaining allegations in Paragraph No. 170 of the Second Amended Complaint.

171.    TCMA denies the allegations in Paragraph No. 171 directed at TCMA. TCMA is without sufficient information to admit or deny the allegations as to the other defendants in Paragraph No. 171 of the Second Amended Complaint and therefore denies the remaining allegations in Paragraph No. 171 of the Second Amended Complaint.

172.    TCMA denies the allegations in Paragraph No. 172 directed at TCMA. TCMA is without sufficient information to admit or deny the allegations as to the other defendants in

ELECTRONICALLY FILED - 2025 Aug 12 4:58 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

7794198v.1

ELECTRONICALLY FILED - 2025 Aug 12 4:58 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

Paragraph No. 172 of the Second Amended Complaint and therefore denies the remaining allegations in Paragraph No. 172 of the Second Amended Complaint.

173.    TCMA denies the allegations in Paragraph No. 173 directed at TCMA. TCMA is without sufficient information to admit or deny the allegations as to the other defendants in Paragraph No. 173 of the Second Amended Complaint and therefore denies the remaining allegations in Paragraph No. 173 of the Second Amended Complaint.

174.    TCMA denies the allegations in Paragraph No. 174 directed at TCMA. TCMA is without sufficient information to admit or deny the allegations as to the other defendants in Paragraph No. 174 of the Second Amended Complaint and therefore denies the remaining allegations in Paragraph No. 174 of the Second Amended Complaint.

175.    TCMA denies the allegations in Paragraph No. 175 directed at TCMA. TCMA is without sufficient information to admit or deny the allegations as to the other defendants in Paragraph No. 175 of the Second Amended Complaint and therefore denies the remaining allegations in Paragraph No. 175 of the Second Amended Complaint.

176.    TCMA denies the allegations in Paragraph No. 176 directed at TCMA. TCMA is without sufficient information to admit or deny the allegations as to the other defendants in Paragraph No. 176 of the Second Amended Complaint and therefore denies the remaining allegations in Paragraph No. 176 of the Second Amended Complaint.

**SIXTH CAUSE OF ACTION**
**Strict Products Liability – Ultrahazardous (Supplier Defendants)**

177.    TCMA adopts and reasserts as though fully set forth herein its responses to Paragraphs Nos. 1 through 176 of the Second Amended Complaint.

178.    TCMA denies the allegations in Paragraph No. 178 directed at TCMA. TCMA is without sufficient information to admit or deny the allegations as to the other defendants in

7794198v.1

ELECTRONICALLY FILED - 2025 Aug 12 4:58 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

Paragraph No. 178 of the Second Amended Complaint and therefore denies the remaining allegations in Paragraph No. 178 of the Second Amended Complaint.

179.    TCMA denies the allegations in Paragraph No. 179 directed at TCMA. TCMA is without sufficient information to admit or deny the allegations as to the other defendants in Paragraph No. 179 of the Second Amended Complaint and therefore denies the remaining allegations in Paragraph No. 179 of the Second Amended Complaint.

180.    TCMA denies the allegations in Paragraph No. 180 directed at TCMA. TCMA is without sufficient information to admit or deny the allegations as to the other defendants in Paragraph No. 180 of the Second Amended Complaint and therefore denies the remaining allegations in Paragraph No. 180 of the Second Amended Complaint.

181.    TCMA denies the allegations in Paragraph No. 181 directed at TCMA. TCMA is without sufficient information to admit or deny the allegations as to the other defendants in Paragraph No. 181 of the Second Amended Complaint and therefore denies the remaining allegations in Paragraph No. 181 of the Second Amended Complaint.

182.    TCMA denies the allegations in Paragraph No. 182 directed at TCMA. TCMA is without sufficient information to admit or deny the allegations as to the other defendants in Paragraph No. 182 of the Second Amended Complaint and therefore denies the remaining allegations in Paragraph No. 182 of the Second Amended Complaint.

183.    TCMA denies the allegations in Paragraph No. 183 directed at TCMA. TCMA is without sufficient information to admit or deny the allegations as to the other defendants in Paragraph No. 183 of the Second Amended Complaint and therefore denies the remaining allegations in Paragraph No. 183 of the Second Amended Complaint.

7794198v.1

ELECTRONICALLY FILED - 2025 Aug 12 4:58 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

184.    TCMA denies the allegations in Paragraph No. 184 directed at TCMA. TCMA is without sufficient information to admit or deny the allegations as to the other defendants in Paragraph No. 184 of the Second Amended Complaint and therefore denies the remaining allegations in Paragraph No. 184 of the Second Amended Complaint.

185.    TCMA denies the allegations in Paragraph No. 185 directed at TCMA. TCMA is without sufficient information to admit or deny the allegations as to the other defendants in Paragraph No. 185 of the Second Amended Complaint and therefore denies the remaining allegations in Paragraph No. 185 of the Second Amended Complaint.

186.    TCMA denies the allegations in Paragraph No. 186 directed at TCMA. TCMA is without sufficient information to admit or deny the allegations as to the other defendants in Paragraph No. 186 of the Second Amended Complaint and therefore denies the remaining allegations in Paragraph No. 186 of the Second Amended Complaint.

187.    TCMA denies the allegations in Paragraph No. 187 directed at TCMA. TCMA is without sufficient information to admit or deny the allegations as to the other defendants in Paragraph No. 187 of the Second Amended Complaint and therefore denies the remaining allegations in Paragraph No. 187 of the Second Amended Complaint.

**SEVENTH CAUSE OF ACTION**
**Strict Products Liability – Design Defect (Supplier Defendants)**

188.    TCMA adopts and reasserts as though fully set forth herein its responses to Paragraphs Nos. 1 through 187 of the Second Amended Complaint.

189.    TCMA denies the allegations in Paragraph No. 189 directed at TCMA. TCMA is without sufficient information to admit or deny the allegations as to the other defendants in Paragraph No. 189 of the Second Amended Complaint and therefore denies the remaining allegations in Paragraph No. 189 of the Second Amended Complaint.

7794198v.1

ELECTRONICALLY FILED - 2025 Aug 12 4:58 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

190.     TCMA denies the allegations in Paragraph No. 190 directed at TCMA. TCMA is without sufficient information to admit or deny the allegations as to the other defendants in Paragraph No. 190 of the Second Amended Complaint and therefore denies the remaining allegations in Paragraph No. 190 of the Second Amended Complaint.

191.     TCMA denies the allegations in Paragraph No. 191 directed at TCMA. TCMA is without sufficient information to admit or deny the allegations as to the other defendants in Paragraph No. 191 of the Second Amended Complaint and therefore denies the remaining allegations in Paragraph No. 191 of the Second Amended Complaint.

192.     TCMA denies the allegations in Paragraph No. 192 directed at TCMA. TCMA is without sufficient information to admit or deny the allegations as to the other defendants in Paragraph No. 192 of the Second Amended Complaint and therefore denies the remaining allegations in Paragraph No. 192 of the Second Amended Complaint.

193.     TCMA denies the allegations in Paragraph No. 193 directed at TCMA. TCMA is without sufficient information to admit or deny the allegations as to the other defendants in Paragraph No. 193 of the Second Amended Complaint and therefore denies the remaining allegations in Paragraph No. 193 of the Second Amended Complaint.

194.     TCMA denies the allegations in Paragraph No. 194 directed at TCMA. TCMA is without sufficient information to admit or deny the allegations as to the other defendants in Paragraph No. 194 of the Second Amended Complaint and therefore denies the remaining allegations in Paragraph No. 194 of the Second Amended Complaint.

195.     TCMA denies the allegations in Paragraph No. 195 directed at TCMA. TCMA is without sufficient information to admit or deny the allegations as to the other defendants in

7794198v.1

ELECTRONICALLY FILED - 2025 Aug 12 4:58 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

Paragraph No. 195 of the Second Amended Complaint and therefore denies the remaining allegations in Paragraph No. 195 of the Second Amended Complaint.

196. TCMA denies the allegations in Paragraph No. 196 directed at TCMA. TCMA is without sufficient information to admit or deny the allegations as to the other defendants in Paragraph No. 196 of the Second Amended Complaint and therefore denies the remaining allegations in Paragraph No. 196 of the Second Amended Complaint.

197. TCMA denies the allegations in Paragraph No. 197 directed at TCMA. TCMA is without sufficient information to admit or deny the allegations as to the other defendants in Paragraph No. 197 of the Second Amended Complaint and therefore denies the remaining allegations in Paragraph No. 197 of the Second Amended Complaint.

198. TCMA denies the allegations in Paragraph No. 198 directed at TCMA. TCMA is without sufficient information to admit or deny the allegations as to the other defendants in Paragraph No. 198 of the Second Amended Complaint and therefore denies the remaining allegations in Paragraph No. 198 of the Second Amended Complaint.

199. TCMA denies the allegations in Paragraph No. 199 directed at TCMA. TCMA is without sufficient information to admit or deny the allegations as to the other defendants in Paragraph No. 199 of the Second Amended Complaint and therefore denies the remaining allegations in Paragraph No. 199 of the Second Amended Complaint.

200. TCMA denies the allegations in Paragraph No. 200 directed at TCMA. TCMA is without sufficient information to admit or deny the allegations as to the other defendants in Paragraph No. 200 of the Second Amended Complaint and therefore denies the remaining allegations in Paragraph No. 200 of the Second Amended Complaint.

7794198v.1

ELECTRONICALLY FILED - 2025 Aug 12 4:58 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

# EIGHTH CAUSE OF ACTION
## Breach of Implied Warranties (Supplier Defendants)

201.　TCMA adopts and reasserts as though fully set forth herein its responses to Paragraphs Nos. 1 through 200 of the Second Amended Complaint.

202.　TCMA denies the allegations in Paragraph No. 202 directed at TCMA. TCMA is without sufficient information to admit or deny the allegations as to the other defendants in Paragraph No. 202 of the Second Amended Complaint and therefore denies the remaining allegations in Paragraph No. 202 of the Second Amended Complaint.

203.　TCMA denies the allegations in Paragraph No. 203 directed at TCMA. TCMA is without sufficient information to admit or deny the allegations as to the other defendants in Paragraph No. 203 of the Second Amended Complaint and therefore denies the remaining allegations in Paragraph No. 203 of the Second Amended Complaint.

204.　TCMA denies the allegations in Paragraph No. 204 directed at TCMA. TCMA is without sufficient information to admit or deny the allegations as to the other defendants in Paragraph No. 204 of the Second Amended Complaint and therefore denies the remaining allegations in Paragraph No. 204 of the Second Amended Complaint.

205.　TCMA denies the allegations in Paragraph No. 205 directed at TCMA. TCMA is without sufficient information to admit or deny the allegations as to the other defendants in Paragraph No. 205 of the Second Amended Complaint and therefore denies the remaining allegations in Paragraph No. 205 of the Second Amended Complaint.

206.　TCMA denies the allegations in Paragraph No. 206 directed at TCMA. TCMA is without sufficient information to admit or deny the allegations as to the other defendants in Paragraph No. 206 of the Second Amended Complaint and therefore denies the remaining allegations in Paragraph No. 206 of the Second Amended Complaint.

7794198v.1

207.     TCMA denies the allegations in Paragraph No. 207 directed at TCMA. TCMA is without sufficient information to admit or deny the allegations as to the other defendants in Paragraph No. 207 of the Second Amended Complaint and therefore denies the remaining allegations in Paragraph No. 207 of the Second Amended Complaint.

WHEREFORE, TCMA denies WRWD is entitled to any of the relief sought in the unnumbered paragraph following the Eighth Cause of Action of the Second Amended Complaint and respectfully requests the Court enter judgment in favor of TCMA, dismiss with prejudice all causes of action, and tax all court costs against WRWD.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

TCMA denies all allegations in WRWD's Second Amended Complaint not explicitly admitted in its Answer and demands strict proof of those allegations.

## SECOND AFFIRMATIVE DEFENSE

WRWD's Second Amended Complaint, in whole or in part, fails to state a claim upon which relief can be granted against TCMA.

## THIRD AFFIRMATIVE DEFENSE

WRWD has failed to join all proper parties as required by South Carolina Rules of Civil Procedure, Rule 19.

## FOURTH AFFIRMATIVE DEFENSE

WRWD's claims are or may be barred by the applicable statutes of limitations.

7794198v.1

ELECTRONICALLY FILED - 2025 Aug 12 4:58 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

ELECTRONICALLY FILED - 2025 Aug 12 4:58 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

## FIFTH AFFIRMATIVE DEFENSE

WRWD's claims are or may be barred, in whole or in part, by reason of Plaintiff's lack of standing to assert these claims.

## SIXTH AFFIRMATIVE DEFENSE

WRWD has not suffered a concrete and particularized injury.

## SEVENTH AFFIRMATIVE DEFENSE

TCMA owed no duty to WRWD.

## EIGHTH AFFIRMATIVE DEFENSE

TCMA breached no duty owed to WRWD.

## NINTH AFFIRMATIVE DEFENSE

TCMA complied with all relevant permit conditions for its facility and acted in accordance with the applicable standards of care under all laws, regulations, and industry practice.

## TENTH AFFIRMATIVE DEFENSE

To the extent WRWD proves a TCMA product was involved in the alleged incident, the product at issue was designed, manufactured, and assembled in compliance with all applicable industry standards and governmental regulations, with the result that WRWD cannot recover from TCMA.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent WRWD proves a TCMA product was involved in the alleged incident, the product at issue was state-of-the-art and did not present an unreasonable risk to WRWD or to other users of the product, with the result that WRWD cannot recover from TCMA.

7794198v.1

ELECTRONICALLY FILED - 2025 Aug 12 4:58 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

### TWELFTH AFFIRMATIVE DEFENSE

TCMA did not proximately cause any damage to WRWD.

### THIRTEENTH AFFIRMATIVE DEFENSE

Any injuries to WRWD resulted from the acts or omissions of others.

### FOURTEENTH AFFIRMATIVE DEFENSE

WRWD's alleged injuries were not caused by any acts or omissions of TCMA.

### FIFTEENTH AFFIRMATIVE DEFENSE

Any injuries incurred by WRWD were proximately caused by other parties over whom TCMA had no control.

### SIXTEENTH AFFIRMATIVE DEFENSE

Any injuries sustained by WRWD were not foreseeable.

### SEVENTEENTH AFFIRMATIVE DEFENSE

WRWD's alleged damages were proximately caused or contributed to by unforeseeable, independent, intervening or superseding events beyond the control of and unrelated to any conduct by TCMA.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The conditions that WRWD alleges caused its injuries constitute an open and obvious risk, such that no recovery may be had against TCMA.

### NINETEENTH AFFIRMATIVE DEFENSE

WRWD's claims are or may be barred as WRWD assumed or incurred the risk of the alleged injuries and damages.

7794198v.1

ELECTRONICALLY FILED - 2025 Aug 12 4:58 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

### TWENTIETH AFFIRMATIVE DEFENSE

TCMA denies any of its actions were negligent but would assert that WRWD's claim of such negligence is or may be barred, or in the alternative, reduced to the extent of comparative negligence of WRWD.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

To the extent WRWD proves a TCMA product was involved in the alleged incident, the product at issue was or may have been modified or altered after it left the possession and/or control of TCMA in a way that could not be expected by TCMA, with the result that WRWD may not recover from TCMA for injuries caused by the modification or alteration to the product.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

To the extent WRWD proves a TCMA product was involved in the alleged incident, WRWD and/or other parties misused the product at issue in an unforeseeable manner, with the result that a recovery against TCMA is barred.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

TCMA denies any of its actions were willful, wanton, malicious, grossly negligent, or reckless.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

TCMA engaged in no act or omission which constitutes a public or private nuisance.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

WRWD cannot maintain an action for public or private nuisance because it has not suffered a specialized, individual injury.

7794198v.1

ELECTRONICALLY FILED - 2025 Aug 12 4:58 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

WRWD's claims for nuisance are barred by S.C. Code Ann. § 31-24-120.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

TCMA has not engaged in any conduct which inconvenienced or damaged WRWD's property.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

WRWD's claims based on nuisance theories are, or may be, barred or limited under the doctrines of "coming to the nuisance," the prior nuisance doctrine, and the doctrine of consent.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

WRWD does not allege special damages. Accordingly, WRWD cannot state a claim for public nuisance under South Carolina law.

## THIRTIETH AFFIRMATIVE DEFENSE

WRWD cannot allege a private nuisance claim since any injurious effects caused by TCMA's alleged actions would be to the public at large and not limited to a few individuals as required by a private nuisance claim.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

The claims against TCMA fail because TCMA does not exercise sufficient control over the alleged nuisance causing property and does not exercise sufficient control over the instrumentality of the alleged nuisance.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

WRWD fails to state a claim for either direct or indirect trespass under South Carolina law.

-37-

7794198v.1

ELECTRONICALLY FILED - 2025 Aug 12 4:58 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

### THIRTY-THIRD AFFIRMATIVE DEFENSE

The claims against TCMA fail because there was no intentional act by TCMA that would support a claim for trespass.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

WRWD's claim for trespass against TCMA is barred because TCMA did not interfere with WRWD's property, or any alleged interference was *de minimis*, and because WRWD cannot show damage to the *res* as a result of the acts or omissions of TCMA.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

WRWD's claim of trespass is barred because WRWD consented to the entry of water onto its property.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

WRWD cannot show an intentional act by TCMA that resulted in an invasion of WRWD's property.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

WRWD's claims against TCMA are barred, in whole or in part, because neither WRWD's person nor property has been damaged, and because the economic loss doctrine bars WRWD's claims.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

WRWD's claims are preempted, in whole or in part, by applicable federal or state law and regulations.

7794198v.1

ELECTRONICALLY FILED - 2025 Aug 12 4:58 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

## THIRTY-NINTH AFFIRMATIVE DEFENSE

WRWD's claims are barred, in whole or in part, because WRWD failed to mitigate any injuries or damages it allegedly suffered. Alternatively, if WRWD did mitigate its damages, TCMA is entitled to a set-off.

## FORTIETH AFFIRMATIVE DEFENSE

TCMA is entitled to a set-off or reduction in damages for any amounts recovered by WRWD from other Defendants or a collateral source.

## FORTY-FIRST AFFIRMATIVE DEFENSE

TCMA denies it has engaged in any conduct that warrants an award of punitive damages.

## FORTY-SECOND AFFIRMATIVE DEFENSE

WRWD's claim of punitive damages violates the constitutional safeguards provided to TCMA under the Fourth, Fifth, Sixth and Fourteenth Amendments of the Constitution of the United States, and the Constitution of the State of South Carolina, on the following grounds:

(a) It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United Sates Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon WRWD satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b) The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

(c) The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against defendants, which thereby violates the Due

-39-

7794198v.1

ELECTRONICALLY FILED - 2025 Aug 12 4:58 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

(d) The procedures pursuant to which punitive damages are awarded fail to provide specific standards, or provide vague or insufficient standards, for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(e) The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f) The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(g) The procedures pursuant to which punitive damages are awarded fail to require that an award of punitive damages be proportionate, or bear a reasonable relationship, to the actual harm incurred;

(h) The procedures pursuant to which punitive damages are awarded fail to provide mitigating factors for the jury's consideration in awarding punitive damages.

## FORTY-THIRD AFFIRMATIVE DEFENSE

WRWD's attempt to impose punitive or extracontractual damages on TCMA on the basis of vicarious liability for the conduct of others violates the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.

7794198v.1

ELECTRONICALLY FILED - 2025 Aug 12 4:58 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480

### FORTY-FOURTH AFFIRMATIVE DEFENSE

The punitive damages sought by WRWD are unconstitutional under the Excessive Fines clause of the Eighth Amendment and the Due Process clause of the Fourteenth Amendment to the United States Constitution.  WRWD's claims for punitive damages are barred further because the acts, if any, and omissions, if any, of TCMA, which are specifically denied, fail to rise to the level required to sustain a reward of punitive damages; and are not so wanton or willful as to support an award of punitive damages. Alternatively, this claim must be bifurcated and considered only in a second phase at the trial after TCMA's alleged liability has been determined, which is expressly denied.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

While TCMA denies that WRWD is entitled to punitive damages, to the extent applicable, TCMA asserts all protects set forth in S.C. Code Ann. §§ 15-32-520 and 15-32-530 and further asserts any and all additional statutory caps and limitations to punitive damages pursuant to South Carolina statutory law and case law.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

To the extent that the carious claims set forth herein seek both punitive damages and multiple damages on different theories for the same loss, WRWD is not entitled to recover both punitive damages and multiple damages for the same loss, as such constitutes a double recovery.

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

TCMA has not had an opportunity to conduct a sufficient investigation or to engage in adequate discovery regarding the circumstances of the WRWD's allegations.  TCMA intends to act as best it can to inform itself of the pertinent facts and prevailing circumstances surrounding any reported injury or damage to WRWD as alleged in the Second Amended Complaint and gives

-41-

7794198v.1

notice of its intent to assert any further affirmative defense that its information-gathering process may indicate is supported by fact and law.  TCMA reserves the right to amend this Answer and assert such defenses.

## RESERVATION OF RIGHTS

TCMA reserves the right to amend its Answer to WRWD's Second Amended Complaint to assert any additional and further defenses which may constitute grounds for an avoidance of liability or affirmative defense as may become available through discovery and throughout the pendency of this litigation.

## JURY DEMAND

TCMA demands a trial by struck jury with regard to all claims asserted against it.

DATED: August 12, 2025.

Respectfully submitted,


**By**: *s/Hannah E. Smith*
Jordan Teich (SC Bar # 77206)
Hannah Smith (SC Bar # 105237)

**OF COUNSEL:**
COPELAND, STAIR, VALZ & LOVELL, LLP
40 Calhoun Street, Suite 400
Charleston, SC 29401
(843) 727-0307
jteich@csvl.law
hsmith@csvl.law

-42-

7794198v.1

ELECTRONICALLY FILED - 2025 Aug 12 4:58 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4202480