# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No.: 2:18-mn-2873-RMG<br><br>This Document Relates to:<br><br>*Woodruff-Roebuck Water District v. AFL Telecommunications, LLC, et al.*, No.: 2:25-cv-11043 RMG<br><br>*And any other case filed hereafter* |

## DEFENDANT AFL TELECOMMUNICATIONS, LLC'S GENERAL DENIAL AND PRELIMINARY STATEMENT OF AFFIRMATIVE DEFENSES

By request of the Court and as set forth in Case Management Order No. 20 in the above-captioned MDL, Defendant AFL Telecommunications, LLC ("Defendant") hereby submits its General Denial and Preliminary Statement of Affirmative Defenses to the Amended Complaint filed in the above-referenced case and further responds to the Complaints which have been or may have been filed by any Plaintiff or Third-Party Plaintiff ("Plaintiffs") in the above-captioned MDL, and in which Defendant has been named. This General Denial and Preliminary Statement of Affirmative Defenses does not waive Defendant's right to separately and fully answer, file a motion, or otherwise respond to any Complaints, including Amended Complaints, which may be filed by Plaintiffs. In making this Statement, Defendant reserves all rights to file a motion under Federal Rule of Civil Procedure 12 and to assert any crossclaims, counterclaims, or other third-party actions.

## GENERAL DENIAL

Pursuant to Rule 8(b)(3), Fed. R. Civ. P., Defendant denies generally and specifically each and every allegation and alleged cause of action set forth in Plaintiffs' Complaints and demands

1

strict proof thereof. Any allegations not specifically admitted are hereby denied. Defendant further denies that Plaintiffs have sufficiently alleged grounds upon which any relief could or should be granted. Defendant further denies that Plaintiffs have sustained any cognizable injury, or suffered any recoverable damages in any sums alleged, or any sums at all, or are entitled to any relief of any type, by reason of any alleged act, breach, conduct or omissions on the part of Defendant or anyone acting on their behalf. Defendant reserves its right to assert crossclaims and/or third-party claims, in accordance with the Federal Rules of Civil Procedure, at the time of the filing of any answers in the individual cases.

## **PRELIMINARY STATEMENT OF AFFIRMATIVE DEFENSES**

Defendant does not admit or acknowledge that it bears the burden of proof and/or burden of persuasion with respect to any of the below defenses. Notwithstanding its enumeration of the specific defenses below, Defendant preserves all defenses available to it under Rules 8 and 12 of the Federal Rules of Civil Procedure. All of the enumerated defenses are pled in the alternative, and none constitutes an admission that Defendant is liable to Plaintiffs, that Plaintiffs have been or will be injured or damaged in any way, or that Plaintiffs are entitled to any relief whatsoever. Defendant reserves its rights to (i) rely on any and all defenses and presumptions set forth in or arising from any rule of law or statute of any state for which substantive law might control the relevant action, (ii) rely upon any other defenses set forth in any Answer or disclosure of affirmative defenses of any Defendant in the above-captioned action (including, without limitation, any case transferred to the above-captioned action), (iii) rely upon any other defenses that may become apparent during fact or expert discovery in this matter, and (iv) to amend this document to assert any such defenses.

Defendant asserts the following affirmative defenses in response to the allegations in each of Plaintiffs' Complaints filed or consolidated in the above-captioned actions as follows:

1. Defendant's actions have at all times been pursuant to express permits and directives of various state and federal regulatory agencies with which Defendant has at all relevant times and parameters been fully compliant. Accordingly, Defendant pleads license as an affirmative defense to Plaintiffs' claims.

2. Plaintiffs have failed to state facts sufficient to constitute a cause of action and the Complaints should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

3. To the extent Plaintiffs' claims sound in fraud, Plaintiffs fail to state those claims with the requisite particularity under Rule 9(b) of the Federal Rules of Civil Procedure.

4. Plaintiffs' claims are not ripe for adjudication and should be dismissed for presenting a contingent, hypothetical, or abstract dispute. Plaintiffs allege that they will be required to incur costs at some future date when the State or United States Environmental Protection Agency will require them to upgrade their systems to treat PFAS. Until these costs are incurred, Plaintiffs cannot recover.

5. Further, Plaintiffs' claims are premature to the extent that neither the State nor the United States Environmental Protection Agency have set final water quality standards, maximum

contaminant levels, acceptable soil cleanup levels, or other regulatory standards that are necessary to evaluate whether natural resources have been injured.

6. Plaintiffs also lack standing to assert, in whole or in part, under the United States Constitution, the Constitution of South Carolina, state and federal statutes, and common law to bring the claims set forth in the Complaint.

7. Plaintiffs also lack standing to bring the claims set forth in the Complaint under both the public trust doctrine and *parens patriae* doctrine, because the property claimed to be affected is not held in the public trust and/or is not subject to the *parens patriae* doctrine.

8. Additionally, Plaintiffs lack standing to bring the claims set forth in the Complaint under both the public trust doctrine and *parens patriae* doctrine, because they do not have exclusive jurisdiction over the resources at issue, or only have partial jurisdiction over such resources and have failed to join other necessary trustees in this action.

9. Plaintiffs lack standing to bring an action for trespass because Plaintiffs have no ownership over and are not entitled to exclusive possession of various property and water bodies referenced in the Complaint, and because Plaintiffs cannot establish unreasonable or substantial damage to the resource.

10. Plaintiffs have not demonstrated or pled a legally cognizable injury in the Complaint that is capable of redress.

11. Plaintiffs' claims for alleged injuries and damages are barred, in whole or in part, because the claims for damages are speculative and conjectural.

12. Plaintiffs' claims should be dismissed because they are brought in an improper venue.

13. Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations or repose.

14. Plaintiffs have failed to name all necessary and indispensable parties in their actions.

15. Plaintiffs' claims are barred, in whole or in part, because Defendant does not owe a legal duty to Plaintiffs or, if it owed such a duty, did not breach and/or fully discharged that duty.

16. Plaintiffs' claims are barred, in whole or in part, because, at all relevant times, Defendant exercised due care with respect to its activities and took reasonable precautions against foreseeable acts or omissions of others.

17. Plaintiffs' claims are barred, in whole or in part, because none of the alleged acts or omissions of Defendant proximately caused the purported injuries and damages allegedly sustained by Plaintiffs.

18. Plaintiffs' nuisance claim is or may be barred in whole or in part because Defendant had no actual or constructive knowledge of the nuisance and exercised no control over the nuisance.

19. Upon information and belief, Plaintiffs' injuries, damages, or losses, if any, were directly and proximately caused by the intervening acts, superseding acts, and conduct of others, including Plaintiffs, over which Defendant had no control, thereby precluding any recovery against Defendant.

20. Even assuming Defendant was negligent, careless, or reckless in any respect, and that any such conduct on its part operated as a proximate cause of Plaintiffs' injuries or damages, all of which are expressly denied, Plaintiffs' comparative negligence, carelessness, or recklessness contributed to the cause of Plaintiffs' alleged damages. For that reason, Defendant is not liable to

Plaintiffs in any sum whatsoever, and/or to the extent that a jury finds Plaintiffs at fault for less than fifty percent (50%), Plaintiffs' recovery should be reduced by that percentage amount.

21. Plaintiffs' claims for punitive damages are violative of both the United States Constitution and the South Carolina Constitution, and Defendant pleads that sections 15-32-530 *et seq.*, of the South Carolina Code provide a cap to punitive damages potentially available in this matter.

22. Plaintiffs also fail to state any basis upon which punitive damages are recoverable against Defendant and, accordingly, Plaintiffs' prayer for such damages should be dismissed and/or stricken from the claims pursuant to Rule 12(b)(6) and/or 12(f) of the Federal Rules of Civil Procedure.

23. Pursuant to S.C. Code Ann. § 15-32-520, any proceeding to determine punitive damages should be bifurcated from any trial to determine liability and compensatory damages.

24. Any damages suffered by Plaintiffs, which such damages are expressly denied, are the direct and proximate result of Plaintiffs' conduct, and their recovery should be barred or, alternatively, reduced in proportion to the same degree as to Plaintiffs' comparative fault.

25. Plaintiffs have failed to mitigate their damages as required by law and such failure bars Plaintiffs' recovery, in whole or in part, against Defendant.

26. Defendant is entitled to a set-off and/or credit of any monies or proceeds received by or on behalf of Plaintiffs as a result of the claims alleged in the Complaints, regardless of the source of such monies, prior to any dismissal of or judgment in this matter.

27. Plaintiffs' claims are barred, in whole or in part, because Defendant did not own, operate, or otherwise control the facilities described in the Complaints at the time that PFAS is alleged to have migrated out of those facilities.

28. Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs cannot establish their alleged injuries were caused by exposure to PFAS from any conduct attributable to Defendant.

29. Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs cannot establish that PFAS has been reliably established through scientific means, to be capable of causing Plaintiffs' alleged injuries.

30. Plaintiffs' claims are also barred, in whole or in part, to the extent that Plaintiffs cannot establish that its residents and/or customers were exposed to sufficient concentrations or amount of PFAS, and/or for sufficient duration, which has been reliably established, through scientific means, to be capable of causing alleged injuries.

31. Any damages Plaintiffs may have suffered (which are expressly denied) were not reasonably foreseeable by Defendant at the time of the conduct alleged.

32. Plaintiffs' claims against Defendant are barred by the doctrines of unjust enrichment in that Plaintiffs seek to recover costs or damages for construction, operation, and maintenance of public water supply systems after Plaintiffs sought and obtained a permit to secure, treat, and distribute public water supplies and for which it received funding from its residents and/or customers, State, Local, and Federal sources, including but not limited to funding to specifically address unexpected contamination in water supplies under the Emergency Response Plans of the Safe Drinking Water Act, 42 U.S.C. 300f to 300j.

33. Plaintiffs' claims are preempted or otherwise precluded by State and Federal law to the extent Plaintiffs seek recovery of costs or damages for contamination of water supplies, the enforcement of which is vested exclusively in State and Federal agencies pursuant to State and Federal statutes, including but not limited to the Safe Drinking Water Act, 42 U.S.C. 300f to 300j,

the Clean Water Act, 33 U.S.C. § 1251 *et seq.*, and the South Carolina Hazardous Waste Management Act, S.C. Code Ann. § 44-56-10 *et seq*.

34. Plaintiffs' claims are barred, in whole or in part, because Defendant neither knew, nor should have known, that any of the substances to which Plaintiffs or Plaintiffs' property was allegedly exposed were hazardous or constituted a reasonably foreseeable risk of physical harm by virtue of the prevailing state of the medical, scientific, technical, and/or industrial knowledge available to Defendant at all times relevant to the claims or causes of action asserted by Plaintiffs.

35. Further, Plaintiffs' claims are barred, in whole or in part, because the alleged acts or omissions by Defendant, throughout the relevant and material time period, conformed to the then-existing custom and practice, and Defendant exercised due care and acted in accordance with and/or complied with available technological, medical, scientific, and industrial "state-of-the-art" practice, and/or applicable laws, regulations, standards, and orders.

36. Plaintiffs' claims are barred in whole or in part under the bulk supplier, component part supplier, sophisticated-purchaser, sophisticated-user, sophisticated intermediary, and/or knowledgeable-user doctrines or other similar or related doctrines available under applicable law.

37. Some or all of Plaintiffs' claims are not amenable to judicial resolution because of the primary jurisdiction doctrine. *Texas v. Pacific Railway Co. v. Abilene Cotton Oil Co.*, 204 U.S. 426 (1907).

38. The relief sought is, in whole or in part, within the particular expertise of and is being addressed by federal and state governments, and their relevant agencies, and thus the Court should decline to exercise jurisdiction over these matters pursuant to the doctrine of primary jurisdiction, abstention, and or the doctrine of separation of powers.

39. The claims and/or damages alleged in the Complaints are barred, in whole or in part, under the doctrine of open and obvious conditions.

40. The claims and/or damages alleged in the Complaints are barred, in whole or in part, under the doctrine of voluntary exposure.

41. The claims and/or damages alleged in the Complaints are barred, in whole or in part, under the doctrine of coming to the nuisance.

42. The claims and/or damages alleged in the Complaints are barred, in whole or in part, under the doctrine of primary implied assumption of risk.

43. Plaintiffs' claims are barred, in whole or in part, by the doctrine of election of remedies.

44. Plaintiffs' claims are or may be barred, in whole or in part, because of consent, public necessity, private necessity and/or privilege.

45. Defendant is not responsible or liable for any acts or omissions undertaken by or at the direction of any governmental authority or agency, including without limitation, acts or omissions made in accordance with applicable statutes, regulations, permits, and industry standards.

46. Plaintiffs' claims are barred, in whole or in part, because Defendant is entitled to immunity from suit to the extent Plaintiffs' claims arise from acts Defendant performed pursuant to government contracts. *See, e.g., Boyle v. United Techs. Corp.,* 487 U.S. 500 (1988); *Yearsley v. W.A. Ross Construction Co.*, 309 U.S. 18 (1940).

47. Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, waiver, res judicata, estoppel, ratification, and unclean hands.

48. Plaintiffs' Complaints are also barred, in whole or in part, by the doctrines of acquiescence, consent, justification, accord and satisfaction, ratification, settlement, or release.

49. Plaintiffs' claims are preempted or barred by the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601, *et seq*. and the South Carolina Hazardous Waste Management Action, S.C. Code Ann. 44-56-10 *et seq.* to the extent such claims include, encompass or relate to environmental conditions or natural resource damages or losses at any past, present or future facilities, sites, properties, locations or other areas listed on the United States Environmental Protection Agency's National Priority List (Superfund sites), or from which discharges or releases of materials have otherwise come to be located emanating from such facilities, sites, properties, locations or areas.

50. Plaintiffs' claims are barred because they failed to exhaust administrative remedies.

51. Plaintiffs are not entitled to recover from Defendant more than Defendant's fair, equitable, and proportionate share, if any, of the costs and damages sought by Plaintiffs or to otherwise recover from Defendant more than the amount of such relief, if any, for which Defendant is liable.

52. Plaintiffs' claims are barred, in whole or in part, to the extent they seek to impose retroactive liability. Defendant may not be held liable under retroactive theories not requiring proof of fault or causation.

53. All claims for injunctive relief in Plaintiffs' Complaints are barred because Plaintiffs have adequate remedies at law, to the extent its claims are provable.

54. Plaintiffs' claims are barred to the extent that they seek to recover costs, damages, and expenses including, but not limited to, response, assessment, remediation cleanup and/or

removal costs that Plaintiffs incurred improperly, or that are not related to natural resource restoration or replacement damages.

55. The damages sought by Plaintiffs, if awarded, should be reduced by any amounts they recover from any other sources and Plaintiffs are barred from any form of double recovery regardless of the nature or source of such recovery.

56. Plaintiffs' claims are barred, in whole or in part, because Defendant did not know or have reason to know that its wastewater discharge, alone or in conjunction with a discharge or discharges from other sources, would cause pass through or interference, as contemplated by 40 C.F.R. § 403.5(a)(2).

57. Plaintiffs' claims are barred, in whole or in part, by the municipal cost recovery rule. *See United States v. Standard Oil of California*, 332 U.S. 301 (1947).

58. Plaintiffs' claims are barred because Defendant's conduct was not a substantial factor in causing the injures alleged.

59. Plaintiffs' claims are barred by the economic loss rule. *Sapp v. Ford Motor Company*, 386 S.C. 143, 687 S.E.2d 47 (2009).

60. Plaintiffs' recovery for any alleged trespass or nuisance, which is expressly denied, is limited to the lost rental value of Plaintiffs' real property interest.

61. Without admitting liability, Defendant alleges that if it is found to have been engaged in any of the activities alleged in the Complaints, such activities were too removed, indefinite, *de minimus* and insufficient to establish a reasonable degree of probability that any such activity caused any alleged injury, damage or loss to Plaintiffs.

62. Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs cannot establish that their alleged injuries were caused by exposure to PFAS from any product(s) attributable to Defendant.

63. Defendant asserts and incorporates herein any affirmative defenses asserted or otherwise raised by other defendants in this action to Plaintiffs' Complaints.

64. Defendant has not completed its investigation of Plaintiffs' allegations. Defendant intends to act as best it can to inform itself of the pertinent facts and circumstances surrounding the allegations contained in Plaintiffs' Complaints. Thus, Defendant hereby gives notice of its intent to assert any further affirmative defenses that it may learn to be supported by facts and law, including but not limited to, that this action is barred in whole or in any part by any applicable statute, contract, release, covenant, or by the doctrine of laches. Defendant reserves the right to amend this General Denial and Statement of Affirmative Defenses to assert any such additional defenses.

65. To the extent a response is required to any Prayer for Relief in the Complaints, Defendant denies that Plaintiffs are entitled to any relief against Defendant. Defendant further denies any allegations not expressly admitted, subject to the caveats provided above.

WHEREFORE, Defendant AFL Telecommunications, LLC Industries, Inc. denies that Plaintiffs are entitled to any relief, in any form, against Defendant, and hereby requests that judgment be entered in its favor against Plaintiffs; the Complaints and all claims against Defendant be dismissed with prejudice; for attorneys' fees and court costs; and for such further relief to which it may be entitled for that this Court may deem appropriate.

**WILLIAMS MULLEN**

s/ John G. Tamasitis
Richard H. Willis
Federal Bar No.: 4700
rwillis@williamsmullen.com
John G. Tamasitis
Federal Bar No.: 11995
jtamasitis@williamsmullen.com
1230 Main Street, Suite 330
Columbia, S.C. 29201
Telephone:  803-567-4600
Facsimile:   803-567-4601

*Counsel for Defendant AFL Telecommunications, LLC*

October 13, 2025
Columbia, South Carolina